UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DANIEL DAVID DYDZAK,

Plaintiff - Appellant,

v.

MIDFIRST BANK; WILLIAM S. DATO; ERIC M. GEORGE; RONALD M. GEORGE; DONALD MILES; ALAN I. ROTHENBERG; CHARLES SCHWAB; TANI GORRE CANTIL-SAKAUYE; WILLIAM C. CANBY; MAXINE M. CHESNEY; MOLLY DWYER; FERDINAND FRANCIS FERNANDEZ; WILLIAM FLETCHER; RONALD M. GOULD; GEORGE KING; KIM MCCLANE WARDLAW; JORGE NAVARRETE; JOHNNIE B. RAWLINSON; EDWARD E. SCHIFFER; PETER LIND SHAW; BARRY G. SILVERMAN; RICHARD TALLMAN; WALLACE TASHIMA; SIDNEY R. THOMAS

Defendants - Appellees.

No. 23-15784, 23-16193

D.C. No. 2:22-cv-01008-APG-VCF
U.S. District Court for Nevada, Las Vegas

**APPELLEE'S SUPPLEMENTAL EXCERPTS OF RECORD**
**VOLUME 2 OF 4**

Ari Hoffman
ahoffman@lewisroca.com
Edwin Barkel
ebarkel@lewisroca.com
Lewis Roca Rothgerber Christie LLP
201 East Washington Street, Suite 1200
(602) 262-5311
Phoenix, Arizona 85004

Attorneys for Defendant – Appellee Charles Schwab



Office of the Clerk
**United States Court of Appeals for the Ninth Circuit**
Post Office Box 193939
San Francisco, California 94119-3939
415-355-8000

Molly C. Dwyer
Clerk of Court

September 19, 2023

---

| | |
|---|---|
| No.: | 23-16193 |
| D.C. No.: | 2:22-cv-01008-APG-VCF |
| Short Title: | Daniel Dydzak v. Midfirst Bank, et al |

---

Dear Appellant/Counsel

A copy of your notice of appeal/petition has been received in the Clerk's office of the United States Court of Appeals for the Ninth Circuit. The U.S. Court of Appeals docket number shown above has been assigned to this case. You must indicate this Court of Appeals docket number whenever you communicate with this court regarding this case.

Motions filed along with the notice of appeal in the district court are not automatically transferred to this court for filing. Any motions seeking relief from this court must be separately filed in this court's docket.

Please furnish this docket number immediately to the court reporter if you place an order, or have placed an order, for portions of the trial transcripts. The court reporter will need this docket number when communicating with this court.

**The due dates for filing the parties' briefs and otherwise perfecting the appeal have been set by the enclosed "Time Schedule Order," pursuant to applicable FRAP rules. These dates can be extended only by court order. Failure of the appellant to comply with the time schedule order will result in automatic dismissal of the appeal. 9th Cir. R. 42-1.**

**Payment of the $505 docketing and filing fees is past due.** Failure to correct this deficiency may result in the dismissal of this case for failure to prosecute. See 9th Cir. R. 42-1. The fee is payable to the District Court.

**Appellants who are filing pro se should refer to the accompanying information sheet regarding the filing of informal briefs.**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL DAVID DYDZAK,

Plaintiff - Appellant,

v.

MIDFIRST BANK; TANI CANTIL-SAKAUYE,

Defendants - Appellees,

WILLIAM S. DATO,

Defendant - Appellee,

ERIC M. GEORGE; RONALD M. GEORGE,

Defendants - Appellees,

DONALD MILES; ALAN I. ROTHENBERG,

Defendants - Appellees,

CHARLES SCHWAB,

Defendant - Appellee,

THOMAS LAYTON,

Defendant - Appellee,

No. 23-16193

D.C. No. 2:22-cv-01008-APG-VCF
U.S. District Court for Nevada, Las Vegas

**TIME SCHEDULE ORDER**

and

WILLIAM C. CANBY,

Defendant,

MAXINE M. CHESNEY; MOLLY DWYER; FERDINAND FRANCIS FERNANDEZ; WILLIAM FLETCHER,

Defendants,

RONALD M. GOULD; GEORGE KING; KIM MCCLANE WARDLAW,

Defendants,

EDWARD E. SCHIFFER,

Defendant,

PETER LIND SHAW; BARRY G. SILVERMAN; RICHARD TALLMAN; WALLACE TASHIMA; JORGE NAVARRETE; JOHNNIE B. RAWLINSON; SIDNEY R. THOMAS,

Defendants.

The parties shall meet the following time schedule.

| | |
|---|---|
| **Mon., November 20, 2023** | Appellant's opening brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. |
| **Wed., December 20, 2023** | Appellees' answering brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. |

**The optional appellant's reply brief shall be filed and served within 21 days of service of the appellees' brief, pursuant to FRAP 31 and 9th Cir. R. 31-2.1.**

**Failure of the appellant to comply with the Time Schedule Order will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL DAVID DYDZAK,

Plaintiff - Appellant,

v.

TANI CANTIL-SAKAUYE; MIDFIRST BANK; WILLIAM C. CANBY; MAXINE M. CHESNEY; WILLIAM S. DATO; MOLLY DWYER; ERIC M. GEORGE; RONALD M. GEORGE; RONALD M. GOULD; GEORGE KING; THOMAS LAYTON; KIM MCCLANE WARDLAW; DONALD MILES; JORGE NAVARRETE; JOHNNIE B. RAWLINSON; ALAN I. ROTHENBERG; EDWARD E. SCHIFFER; CHARLES SCHWAB; PETER LIND SHAW; BARRY G. SILVERMAN; RICHARD TALLMAN; WALLACE TASHIMA; SIDNEY R. THOMAS; FERDINAND FRANCIS FERNANDEZ; WILLIAM FLETCHER,

Defendants - Appellees.

No. 23-15784

D.C. No. 2:22-cv-01008-APG-VCF
U.S. District Court for Nevada, Las Vegas

**TIME SCHEDULE ORDER**

The parties shall meet the following time schedule.

| | |
|---|---|
| **Fri., July 14, 2023** | Appellant's opening brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. |
| **Mon., August 14, 2023** | Appellees' answering brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. |

**The optional appellant's reply brief shall be filed and served within 21 days of service of the appellees' brief, pursuant to FRAP 31 and 9th Cir. R. 31-2.1.**

**Failure of the appellant to comply with the Time Schedule Order will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL DAVID DYDZAK,

Plaintiff-Appellant,

v.

MIDFIRST BANK; et al.,

Defendants-Appellees,

and

TANI GORRE CANTIL-SAKAUYE; et al.,

Defendants.

No. 22-16717

D.C. No.
2:22-cv-01008-APG-VCF
District of Nevada,
Las Vegas

ORDER

Before: CLIFTON, IKUTA, and SANCHEZ, Circuit Judges.

Appellees' motions to dismiss this appeal for lack of jurisdiction (Docket Entry Nos. 4, 6) are granted. *See* Fed. R. Civ. P. 54(b); *Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981) (order disposing of fewer than all claims against all parties not immediately appealable unless district court directs entry of judgment pursuant to Fed. R. Civ. P. 54(b)).

**DISMISSED.**

MF/Pro Se

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 03 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL DAVID DYDZAK,

Plaintiff - Appellant,

v.

MIDFIRST BANK; WILLIAM S. DATO; ERIC M. GEORGE; RONALD M. GEORGE; DONALD MILES; ALAN I. ROTHENBERG; CHARLES SCHWAB,

Defendants - Appellees,

and

TANI GORRE CANTIL-SAKAUYE; WILLIAM C. CANBY; MAXINE M. CHESNEY; MOLLY DWYER; FERDINAND FRANCIS FERNANDEZ; WILLIAM FLETCHER; RONALD M. GOULD; GEORGE KING; KIM MCCLANE WARDLAW; JORGE NAVARRETE; JOHNNIE B. RAWLINSON; EDWARD E. SCHIFFER; PETER LIND SHAW; BARRY G. SILVERMAN; RICHARD TALLMAN; WALLACE TASHIMA; SIDNEY R. THOMAS,

Defendants.

No. 22-16717

D.C. No. 2:22-cv-01008-APG-VCF
U.S. District Court for Nevada, Las Vegas

**TIME SCHEDULE ORDER**

The parties shall meet the following time schedule.

| | |
|---|---|
| **Tue., January 3, 2023** | Appellant's opening brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. |
| **Thu., February 2, 2023** | Appellees' answering brief and excerpts of record shall be served and filed pursuant to FRAP 31 and 9th Cir. R. 31-2.1. |

**The optional appellant's reply brief shall be filed and served within 21 days of service of the appellees' brief, pursuant to FRAP 31 and 9th Cir. R. 31-2.1.**

**Failure of the appellant to comply with the Time Schedule Order will result in automatic dismissal of the appeal. See 9th Cir. R. 42-1.**

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: John Brendan Sigel
Deputy Clerk
Ninth Circuit Rule 27-7

DANIEL DAVID DYDZAK
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br>Plaintiff,<br>v.<br>TANI CANTIL-SAKAUYE, et al.,<br>Defendants. | **Case No. 2:22-cv-01008-APG-VCF**<br><br>**NOTICE OF APPEAL** |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that Plaintiff, DANIEL DAVID DYDZAK, HEREBY appeals Order of the Honorable Andrew P. Gordon, U.S. District Court Judge, filed and dated October 7, 2022, granting Motions to Dismiss by Defendants ERIC GEORGE, RONALD GEORGE, ALAN ROTHENBERG, WILLIAM DATO, DONALD MILES, MIDFIRST BANK and CHARLES SCHWAB, to the Ninth Circuit Court of Appeals Said Order is found at PACER docket no. 80 of said United States District Court.

Respectfully Submitted,

Dated: October 28, 2022

DANIEL DAVID DYDZAK
Plaintiff

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On October 28, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

NOTICE OF APPEAL

[X] [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on October 28, 2022, at Los Angeles, California.

Jim Lane

JIM LANE
Declarant

DANIEL DAVID DYDZAK
4265 MARINA CITY DRIVE, SUITE 407W
MARINA DEL REY, CA 90292
Telephone: (310) 867-1289

Clerk's Office (Civil Filing)
Lloyd D. George Courthouse
333 S. Las Vegas Blvd.
Las Vegas, Nevada 89101

October 28, 2022

RE: DANIEL DAVID DYDZAK V. TANI CANTIL-SAKAUYE ET AL.;
CASE NO. 2:22-cv-01008-APG-VCF

Dear Clerk:

Please file FORTHWITH the enclosed Notice of Appeal. I will pay the filing fee for same or obtain the fee waiver later. Thank you.

Very truly yours,

DANIEL DAVID DYDZAK

Encl.

Daniel D. Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292

LOS ANGELES CA 900
29 OCT 2022 PM

ENERGY ACTION

FOREVER / USA FOREVER / USA

Clerk's Office
(Civil Filing), Lloyd D. George Courthouse
United States District Court
333 S. Las Vegas Blvd.
Las Vegas, Nevada 89101

X-RAYED US MARSHALS SERVICE

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
NOV 01 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

89101-707323

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants

Case No.: 2:22-cv-01008-APG-VCF

**Order**

On September 15, 2022, plaintiff Daniel Dydzak was advised by the court that his claim against Thomas Layton[1] would be dismissed without prejudice unless by October 15, 2022 Dydzak either filed proper proof of service or showed good cause why such service was not timely made. ECF No. 63. Dydzak has failed to do so.

I THEREFORE ORDER that plaintiff Daniel Dydzak's claim against defendant Thomas Layton is DISMISSED without prejudice for failure to timely and properly serve.

DATED this 18th day of October, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

[1] The notice also advised Dydzak that he failed to provide proof of service as to defendant Wallace Tashima. ECF No. 63. However, Tashima has appeared in this action. ECF No. 81.

JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar Number 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Patrick.Rose@usdoj.gov
*Attorneys for the Ninth Circuit Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>Plaintiff,<br><br>vs.<br><br>TANI CANTIL-SAKAUYE, et al.,<br><br>Defendants. | Case No. 2:22-cv-01008-APG-VCF<br><br>**Defendant A. Wallace Tashima's Joinder to Motion to Dismiss (ECF No. 46)** |

United States Circuit Judge A. Wallace Tashima joins in the Ninth Circuit Defendants' Motion to Dismiss (ECF No. 46).

Respectfully submitted this 7th day of October 2022.

JASON M. FRIERSON
United States Attorney

*/s/ Patrick A. Rose*
PATRICK A. ROSE
Assistant United States Attorney

**Certificate of Service**

I hereby certify that on October 7, 2022, I electronically filed and served the foregoing Defendant A. Wallace Tashima's Joinder to Motion to Dismiss (ECF No. 46) with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system, and also served via US Mail to the parties and addresses below.

US Mail

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Eric M. George, Ronald M. George, and Alan I. Rothenberg*

*/s/ Vera Minkova*
Paralegal Specialist

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants

Case No.: 2:22-cv-01008-APG-VCF

**Order Granting Motions to Dismiss**

[ECF Nos. 5, 14, 16, 22, 25]

Daniel Dydzak sues numerous defendants for various claims arising out of or related to his disbarment as a California attorney and the subsequent lawsuits he has pursued in California state and federal courts. The California state and federal courts have entered vexatious litigant orders barring him from bringing such lawsuits in California or federal courts without pre-filing authorization. Dydzak filed this action in Nevada state court. ECF No. 1-2. Defendants Molly Dwyer, Peter Shaw, Edward Schiffer, Sidney Thomas, and George King removed the action under 28 U.S.C. §§ 1442(a)(1) and (3) because they are federal officers and judges. ECF No. 1.

Defendants Eric George, Ronald George, Alan Rothenberg, William Dato, Donald Miles, MidFirst Bank, and Charles Schwab (collectively, the moving defendants) filed motions to dismiss raising various arguments, including that this lawsuit is barred by the vexatious litigant orders, that this court lacks subject matter and personal jurisdiction, that the complaint fails to state a claim, that Schwab was not properly served, and that absolute judicial immunity bars the claims against Dato. ECF Nos. 5, 14, 16, 22, 25.

Dydzak responds that as the plaintiff, he can choose where to sue and Nevada is a proper venue because defendant Johnnie Rawlinson resides here. He asserts that Rawlinson was one member of an illegally constituted appellate panel presiding over an appeal in a case out of the

Northern District of California in which the moving defendants were parties, so the defendants have contacts with Nevada. He contends that subject matter jurisdiction exists because the complaint asserts violations of his federal civil rights. He also contends that the vexatious litigant orders are on appeal or were the product of fraud and therefore should not be enforced. According to Dydzak, Dato acted fraudulently and in the absence of jurisdiction, so he is not entitled to absolute judicial immunity. Finally, he asserts that he properly served Schwab.

I grant the motions to dismiss because this court lacks personal jurisdiction over the moving defendants. Additionally, Dydzak's claims against the moving defendants are barred by vexatious litigant orders and Dydzak has not sought pre-filing authorization.

**I. PERSONAL JURISDICTION**

"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). If the motion to dismiss is based on written materials rather than an evidentiary hearing, I must determine whether the plaintiff's "pleadings and affidavits make a prima facie showing of personal jurisdiction." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (quotation omitted). In deciding whether the plaintiff has met his burden, I must accept as true the complaint's uncontroverted allegations. *Id.*

"The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co.*, 453 F.3d at 1154. Nevada's long-arm statute permits the exercise of jurisdiction on any basis consistent with federal due process. Nev. Rev. Stat. § 14.065(1).

Personal jurisdiction over defendants may be based on general or specific jurisdiction. "A court may assert general jurisdiction over defendants when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (simplified). By contrast, specific jurisdiction may be exercised when the defendants have sufficient minimum contacts with the forum state and the claims against them arise from those contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985).

The moving defendants are alleged to be California residents or entities, and there are no allegations or evidence that they have continuous and systematic contacts with Nevada. ECF No. 1-2 at 3-5. Consequently, there is no basis to exercise general jurisdiction over them, and Dydzak does not assert that general personal jurisdiction applies.

The Ninth Circuit has established a three-prong test for analyzing a claim of specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802 (quotation omitted). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* at 802. If he succeeds, the defendant then must "present a compelling case that the exercise of jurisdiction would not be reasonable." *Id.*

In analyzing specific jurisdiction, the court "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)

(simplified). That "relationship must arise out of contacts that the defendant himself creates with the forum State." *Id.* at 284 (simplified). It cannot be based on the "random, fortuitous, or attenuated contacts" the defendant "makes by interacting with other persons affiliated with the State." *Id.* at 286 (simplified). The "defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284. Thus, the "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 285.

Dydzak contends that the defendants were parties to a case arising out of the Northern District of California in which Rawlinson was one of the Ninth Circuit judges on the appellate panel. Judge Rawlinson is alleged to live in Nevada. ECF No. 1-2 at 3. But the fact that Rawlinson was randomly selected to sit as an appellate judge for that case and that she happens to live in Nevada are not contacts the moving defendants created with Nevada. And with no allegations or evidence that the moving defendants engaged in acts directed at Nevada or purposefully availed themselves of the privilege of conducting activities in Nevada, Dydzak's claims against them do not arise out of or relate to the moving defendants' forum-related activities because there are none. Dydzak therefore has not made a prima facie showing of personal jurisdiction over any of the moving defendants.

In his various responses, Dydzak did not request amendment or jurisdictional discovery, and he offers no basis for suspecting that amendment or jurisdictional discovery would change the outcome. *See Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (stating that a plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence). And as discussed below, Dydzak's claims are barred by vexatious

litigant orders. I therefore grant the moving defendants' motions to dismiss without leave to amend or to conduct jurisdictional discovery.

**II. VEXATIOUS LITIGANT ORDERS**

Dydzak is subject to multiple vexatious litigant orders. As relevant here, Judge Coughenour entered an order against Dydzak in the Central District of California declaring Dydzak a vexatious litigant and prohibiting him "from initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California." *Dydzak v. Cantil-Sakauye*, 2:11-cv-5560-JCC, ECF No. 35 (C.D. Cal. Sept. 25, 2012). Dydzak also must "provide security in the amount of $5,000 for each defendant against whom he seeks to proceed with Court authorization in the future." *Id.* That order was affirmed on appeal. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 25. The Ninth Circuit denied reconsideration and stated it would not entertain further motions in that appeal. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 38. The mandate issued on August 21, 2015. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. No. 40. Despite that appeal being closed, Dydzak continued to file numerous motions in the case for nearly a year. *Dydzak v. Cantil-Sakauye*, 9th Cir. No. 12-56960, Dkt. Nos. 39, 42-91.

Judge Chesney issued a separate vexatious litigant order in *Dydzak v. United States of America* in the Northern District of California. Judge Chesney also declared Dydzak a vexatious litigant and prohibited Dydzak "from initiating any further litigation in this or any other federal court raising any claim based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate, without prior authorization from the federal court in which he

seeks to initiate such litigation." *Dydzak v. United States of Am.*, 3:17-cv-04360-MMC, ECF No. 61 (N.D. Cal. March 19, 2018). Judge Chesney also required $5,000 in security for each defendant that Dydzak seeks to sue. *Id.* Dydzak appealed this order as well. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673. Judge Rawlinson was a member of the appellate panel for that appeal. The appeal was dismissed for failure to prosecute. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. No. 24. The Ninth Circuit stated that no further filings would be accepted, and the mandate issued. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. Nos. 24, 26. Dydzak nevertheless again filed numerous motions in the closed appeal. *Dydzak v. U.S.A.*, 9th Cir. No. 18-15673, Dkt. Nos. 25, 27-33.

Although Dydzak filed this lawsuit in Nevada state court, he has not sought pre-filing authorization after some of the federal defendants removed the case to this court. Dydzak should not be able to evade the vexatious litigant orders by filing suit in state court and awaiting the inevitable removal of the action to federal court. *See, e.g.*, *Whitehead v. Twentieth Century Fox Film Corp.*, No. CIV.A. 05-1462 GK, 2005 WL 3275905, at *3 (D.D.C. Aug. 29, 2005) (declining to allow a vexatious litigant to "circumvent" a pre-filing authorization order by filing in state court, which the defendants then removed to federal court); *Sassower v. Abrams*, 833 F. Supp. 253, 266 (S.D.N.Y. 1993) (same).

Dydzak contends that his claims do not fall within the parameters of the orders but instead they allege the defendants engaged in *ex parte* communications "to affect the outcome of the California Supreme Court Case No. S179850." ECF No. 1-2 at 9. That case is Dydzak's disbarment proceeding. *See* ECF No. 5-1 at 114-18. Dydzak also alleges that another defendant had improper *ex parte* communications with Dato to cause Dato to place Dydzak on the vexatious litigant list in California state court. ECF No. 1-2 at 9; *see also Dydzak v. United*

*States*, No. 17-CV-04360-EMC, 2017 WL 4922450, at *1 n.2 (N.D. Cal. Oct. 31, 2017) (describing the case that resulted in Dato's order as "involv[ing] similar allegations" to Dydzak's other cases). Dydzak thus is alleging that an order entered in one of his previously filed lawsuits related to his disbarment was rigged, fixed, or otherwise unlawful or illegitimate.

Finally, Dydzak asserts that I should not enforce the vexatious litigant orders because they are not final. Dydzak is wrong, both factually and legally. As set forth above, the appeals have been resolved. The fact that Dydzak filed numerous motions after the mandates issued does not mean the appeals remain pending. And Dydzak is incorrect that a party is free to ignore a court's ruling until it is finalized on appeal. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) (stating that "an order issued by a court with jurisdiction over the subject matter and person must be obeyed by the parties until it is reversed by orderly and proper proceedings"). As the Supreme Court has explained:

> [It is a] basic proposition that all orders and judgments of courts must be complied with promptly. If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal. Persons who make private determinations of the law and refuse to obey an order generally risk criminal contempt even if the order is ultimately ruled incorrect.

*Maness v. Meyers*, 419 U.S. 449, 458 (1975). Consequently, even if Dydzak were correct that the appeals were not final, the vexatious litigant orders have not been overturned and Dydzak therefore must comply with them. Because he has not done so, I grant the moving defendants' motions to dismiss.

## III. CONCLUSION

I THEREFORE ORDER that defendants Eric George, Ronald George, and Alan Rothenberg's motion to dismiss **(ECF No. 5) is GRANTED**.

I FURTHER ORDER that defendant William Dato's motion to dismiss **(ECF No. 14) is GRANTED**.

I FURTHER ORDER that defendant Donald Miles' motion to dismiss **(ECF No. 16) is GRANTED**.

I FURTHER ORDER that defendant MidFirst Bank's motion to dismiss **(ECF No. 22) is GRANTED**.

I FURTHER ORDER that defendant Charles Schwab's motion to dismiss **(ECF No. 25) is GRANTED**.

DATED this 7th day of October, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 26 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S REPLY TO DEFENDANT MIDFIRST'S OPPOSITION TO MOTIONS FOR STAY AND APPOINTMENT OF SPECIAL MASTER; REPLY TO DEFENDANT MILES' OPPOSITION TO MOTION FOR STAY; MEMORANDUM OF POINTS AND AUTHORITIES**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to the two respective Oppositions to his Motion to Stay and his Motion for Appointment of Special Master by Defendant MIDFIRST. DYDZAK also replies to Defendant MILES' opposition to his moved for stay.

It is to be noted that Defendant A. WALLACE TASHIMA is in default, has been duly served with process, and his default and default judgment will be moved for. Apparently, Defendant is willfully refusing to participate even though an officer of the Court and a senior federal judge. Plaintiff has put Assistant U.S. Attorney ROSE on notice that Defendant TASHIMA is in default.

Dated: September 21, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO STAY THE ACTION AND APPOINT A SPECIAL MASTER

Clearly, as stated in other opposition papers filed with the Court, this case is not a simplistic matter, whereby DYDZAK has no rights and whereby the case should simply be tossed because certain of DYDZAK's Defendant-adversaries are well-connected, influential, wealthy, part of the establishment, and have powerful positions. Indeed, DYDZAK is entitled to have remedies available to him as any other litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

In addition, there should be no "rush to judgment." There needs to be uniformity of decision as to various Defendants, not an ad hoc approach. In its opposition papers, Defendant MIDFIRST articulates no discernible prejudice to it that would be brought about by a reasonable stay until or or about December 15, 2022. Likwise, Defendant MILES does not demonstrate any discernible prejudice why the moved for stay should not be granted, as requested by DYDZAK.

The failure by Defendant TASHIMA to respond or answer the lawsuit to date should in fairness to DYDZAK and other litigants also delay the adjudicatory process and warrants the moved for stay. DYDZAK is now compelled to file a Motion for Default against Defendant TASHIMA. The latter will then likely want to respond in some fashion to the Motion, the Complaint or both, either through independent counsel or the U.S. Attorney's Office in Nevada. Then DYDZAK has a right of reply to same.

Another legal wrench in the equation is the ongoing, recently discovered illegal blocking of DYDZAK's phone even in the Las Vegas, Nevada branch of the federal court. This is patently being done with the knowing acquiescence and, arguably, criminal conduct and condoning of the U.S Attorney's Office in Nevada. This is against the public

policy of the United States, whereby U.S. Attorneys in the Department of Justice take an oath to uphold the Rule of Law and Federal Constitution.

The Attorney General's Office is also condoning other illegal, criminal conduct. E.g., Defendant SHAW, while only an inactive attorney, falsely acting as a judge previously. Certain Defendants apparently, upon information and belief, being compromised by SCHWAB bribes and/or financial conflicts of interest, such as Defendants MILES and SCHIFFER. This is clearly criminal conduct that individuals such as Attorney ROSE should not be tolerating.

Defendant MIDFIRST, successor-in-interest to Defendants 1st CENTURY BANK and 1st CENTURY BANCSHARES, INC. is justifiably in this case, because it is alleged in the lawsuit that its bank entities conspired to unlawfully interfere with the processes of a state court. This is no small matter. Defendant MIDFIRST in its Motion to Dismiss does not adequately demonstrate that its Motion should be granted, as a cause of action is stated and there are minimum contacts with the State of Nevada.

DYDZAK's Complaint on file herein is adequately pled to withstand the various Motions to Dismiss. Furthermore, at a bare minimum, if necessary, DYDZAK should be given leave to amend if the Court wants more elaboration in a potential First Amended Complaint, such as the basis for Nevada minimum contacts. Leave to amend is liberally granted in the federal courts. See Fed.R.Civ.P. 15; Foman v. Davis. 371 U.S. 178 (1962).

There are exceptional circumstances here warranting the appointment of a special master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have ever been litigated on the merits. There is no collateral estoppel or res judicata effect.

As to Defendant MIDFIRST, a Special Master should be appointed to delve into issues and evidence pertaining to it, without limitation: i.e., the relationship between it and Defendants ROTHENBERG, RONALD M. GEORGE and ERIC M. GEORGE to harm DYDZAK; the financial conflicts of interest harming DYDZAK as it relates to the ownership or equity ownership interests of Defendants GEORGES and ROTHENBERG in Defendant MIDFIRST; the money-laundering, tax fraud and mail fraud of Defendant MIDFIRST as it relates to their officers and agents, Defendants GEORGES and

ROTHENBERG.

This case raises new issues and evidence as to the above-referenced Defendants. It asserts new causes of action against these Defendants. It is not in bad faith nor frivolous. There is minimum contacts, because Defendant RAWLINSON, a Nevada resident, is involved in the alleged torts and misconduct. There is tortious conduct in Nevada. The allegations of the Complaint are taken as true for pleading purposes.

## II **CONCLUSION**

For the reasons set forth herein, the Motion for Stay until on or about December 15, 2022, should be granted. The Motion for Special Master should be granted.

Dated: September 21, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 21, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S REPLY TO DEFENDANT MIDFIRST'S OPPOSITION TO MOTIONS FOR STAY AND APPOINTMENT OF SPECIAL MASTER; REPLY TO DEFENDANT MILES' OPPOSITION TO MOTION FOR STAY; MEMORANDUM OF POINTS AND AUTHORITIES

[ x ] [BY U.S. MAIL] On this same day, I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 21, 2022, at Marina del Rey, California.

Jim Lane

JIM LANE
Declarant

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071



Daniel D. Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292
LOS
22 SEP
PM
UNITED STATES POSTAL SERVICE
1000
89101
U.S. POSTAGE PAID
FCM LETTER
MARINA DEL REY, CA
90292
SEP 22, 22
AMOUNT
$0.84
R2305K138776-25
FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 26 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:
DEPUTY
Clerk's Office (Civil Filing)
United State District Court
Lloyd D. George Federal Court house
333 S. Las Vegas Blvd.
Las Vegas, NV 89101
89101-706599

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 26 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK, Plaintiff, v. TANI CANTIL-SAKAUYE, et al., Defendants. | **Case No. 2:22-cv-01008-APG-VCF**<br><br>**PLAINTIFF'S REPLY TO OPPOSITION TO MOTIONS FOR STAY AND APPOINTMENT OF SPECIAL MASTERS BY DEFENDANTS CANTIL-SAKAUYE, NAVARRETE AND DATO; REPLY TO SO-CALLED NINTH CIRCUIT DEFENDANTS' OPPOSITION TO MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Before Hon. Andrew P. Gordon, U.S. District Judge |

TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to the two respective Oppositions to his Motion to Stay and his Motion for Appointment of Special Master by Defendants TANI CANTIL-SAKAUYE, NAVARRETE AND DATO.

DYDZAK also replies to the so-called Ninth Circuit Defendants' opposition to his moved for stay.

It is to be noted that Defendant A. WALLACE TASHIMA is in default, has been duly served with process, and his default and default judgment will be moved for. Apparently, Defendant is willfully refusing to participate even though an officer of the Court and a senior federal judge. Plaintiff has put Assistant U.S. Attorney ROSE on notice that Defendant TASHIMA is in default.

Dated: September 21, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO STAY THE ACTION AND APPOINT A SPECIAL MASTER

Clearly, as stated in other opposition papers filed with the Court, this case is not a simplistic matter, whereby DYDZAK has no rights and whereby the case should simply be tossed because certain of DYDZAK's Defendant-adversaries are well-connected, influential, wealthy, part of the establishment, and have powerful positions. Indeed, DYDZAK is entitled to have remedies available to him as any other litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

In addition, there should be no "rush to judgment." There needs to be uniformity of decision as to various Defendants, not an ad hoc approach. In its opposition papers, Defendants CANTIL-SAKAUYE, NAVARRETE and DATO articulate no discernible prejudice to them that would be brought about by a reasonable stay until or or about December 15, 2022. Likwise, the so-called Ninth Circuit Defendants represented by the U.S. Attorney's Office do not demonstrate any discernible prejudice why the moved for stay should not be granted, as requested by DYDZAK.

The failure by Defendant TASHIMA to respond to or answer the lawsuit to date should in fairness to DYDZAK and other litigants also delay the adjudicatory process and warrants the moved for stay. DYDZAK is now compelled to file a Motion for Default against Defendant TASHIMA. The latter will then likely want to respond in some fashion to the Motion, the Complaint or both, either through independent counsel or the U.S. Attorney's Office in Nevada. Then DYDZAK has a right of reply to same.

Another legal wrench in the equation is the ongoing, recently discovered illegal blocking of DYDZAK's phone even in the Las Vegas, Nevada branch of the federal court, This is patently being done with the knowing acquiescence and, arguably, criminal conduct and condoning of the U.S Attorney's Office in Nevada. This is against the public

policy of the United States, whereby U.S. Attorneys in the Department of Justice take an oath to uphold the Rule of Law and Federal Constitution.

The Attorney General's Office is also condoning other illegal, criminal conduct. E.g., Defendant SHAW, while only an inactive attorney, falsely acting as a judge previously. Certain Defendants apparently, upon information and belief, being compromised by SCHWAB bribes and/or financial conflicts of interest, such as Defendant MILES and SCHIFFER. This is clearly criminal conduct that individuals such as Assistant U.S. Attorney ROSE should not be tolerating.

DYDZAK's Complaint on file herein is adequately pled to withstand the various Motions to Dismiss. Furthermore, at a bare minimum, if necessary, DYDZAK should be given leave to amend if the Court wants more elaboration in a potential First Amended Complaint, such as the basis for Nevada minimum contacts. Leave to amend is liberally granted in the federal courts. See Fed.R.Civ.P. 15; Foman v. Davis, 371 U.S. 178 (1962).

There are exceptional circumstances here warranting the appointment of a special master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have ever been litigated on the merits. There is no collateral estoppel or res judicata effect.

As to Defendants CANTIL-SAKAUYE, NAVARRETE and DATO, a Special Master should be appointed to delve into issues and evidence pertaining to them, without limitation: i.e., the relationship between them and Defendants ROTHENBERG, RONALD M. GEORGE and ERIC M. GEORGE to harm DYDZAK; the financial conflicts of interest harming DYDZAK as it relates to the ownership or equity ownership interests of Defendants GEORGES and ROTHENBERG in Defendant MIDFIRST; the money-laundering, tax fraud and mail fraud of Defendant MIDFIRST as it relates to their officers and agents, Defendants GEORGES and ROTHENBERG; the obstruction of justice acts of Defendants CANTIL-SAKAUYE, NAVARRETE and DATO; Defendant CANTIL-SAKAUYE's preexisting relationship and ex parte communications and contacts with Defendant CHESNEY to harm DYDZAK; Defendant CANTIL-SAKAUYE conspiring with Defendant NAVARRETE to interfere with the processes of a state court by acting unilaterally without a proper quorum vote, against DYDZAK's civil rights; the

lengthy prior criminal investigation by U.S. Attorney General BARR and his office into the violation of DYDZAK 's civil rights and obstruction of justice acts of Defendants CANTIL-SAKAUYE and NAVARRETE; any and all financial bribes and conflicts of interest by Defendant SCHWAB vis-à-vis Defendants DATO, NAVARRETE and CANTIL-SAKAUYE.

This case raises new issues and evidence as to the above-referenced Defendants. It asserts new causes of action against these Defendants. It is not in bad faith nor frivolous. There is minimum contacts, because Defendant RAWLINSON, a Nevada resident, is involved in the alleged torts and misconduct. There is tortious conduct in Nevada. The allegations of the Complaint are taken as true for pleading purposes.

## II **CONCLUSION**

For the reasons set forth herein, the Motion for Stay until on or about December 15, 2022, should be granted. The Motion for Special Master should be granted.

Dated: September 21, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

## PROOF OF SERVICE

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 21, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S REPLY TO OPPOSITION TO MOTION FOR STAY AND APPOINTMENT OF SPECIAL MASTER BY DEFENDANTS CANTIL-SAKAUYE, NAVARRETE AND DATO; REPLY TO SO-CALLED NINTH CIRCUIT DEFENDANTS' OPPOSITION TO MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES

[ x ] [BY U.S. MAIL] On this same day, I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 21, 2022, at Marina del Rey, California.

Jim Lane

JIM LANE

Declarant

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

Daniel D. Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292

LOS ANGELES CA
22 SEP
1000
89101

U.S. POSTAGE PAID
FCM LETTER
MARINA DEL REY, CA
90292
SEP 22, 22
AMOUNT
$0.84
R2305K138776-25

Clerk's Office (Civil Filing)
United States District Court
Lloyd D. George Federal Courthouse
333 S. Las Vegas Blvd.
Las Vegas, NV
89101

___ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 26 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

SCREENED US MARSHALS SERVICE

89101-706599

DYDZAK also replies to the so-called Ninth Circuit Defendants' opposition to his moved for stay.

It is to be noted that Defendant A. WALLACE TASHIMA is in default, has been duly served with process, and his default and default judgment will be moved for. Apparently, Defendant is willfully refusing to participate even though an officer of the Court and a senior federal judge. Plaintiff has put Assistant U.S. Attorney ROSE on notice that Defendant TASHIMA is in default.

Dated: September 21, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 26 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S OPPOSITION AND RESPONSE TO VARIOUS MOTIONS TO STAY DISCOVERY; REQUEST FOR SETTING OF PRETRIAL OR STATUS CONFERENCE IN MID-JANUARY, 2023; NOTICE OF INTENT TO MOVE FOR DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT A. WALLACE TASHIMA**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), opposes a complete stay of all discovery. However, in the spirit of cooperation and in view of pending motions, DYDZAK is amenable and respectfully submits that discovery be stayed until January 15,

2023, for the following reasons, without limitation:

(1) DYDZAK has moved for an extension to oppose and respond to so-called Ninth Circuit Defendants' Motion to Dismiss. The U.S. Attorney's Office will likely want to file a Reply to same. There will likely not be a ruling on this Motion in the near term in light of same.

(2) DYDZAK has moved for a stay of the case until on or about December 15, 2022, based upon good cause and in the interests of justice and equity.

(3) The Court has to consider and rule upon the Motion for Special Master.

(4) Defendant A. Wallace Tashima is "playing games" and not responding to the lawsuit although duly served. Thus, a motion for his default will be submitted shortly to the Court. The Court will need sufficient time to rule upon same. Defendant TASHIMA may wish to oppose same or finally file a responsive pleading. In that event, DYDZAK will need to file applicable opposition papers, if warranted.

(5) There are pending motions that the Court will have to rule upon in the future. This will dictate discovery considerations given the number of parties and issues and disputed evidence. Either the Court or a Special Master will likely issue a Briefing Schedule and Discovery Schedule.

(6) Certain causes of action may become moot in the future depending upon developing circumstances, which may lead to resolution, partial resolution and/ or narrow the issues and causes of action.

The Court should consider setting a Status Conference or Pretrial Conference for mid-January, 2023, or some other convenient date in that time frame, so that the parties and the Court can reasonably meet and confer as to outstanding issues and matters.

On an administrative note, DYDZAK's phone continues to be illegally blocked to the various Nevada federal courts. This alarming and ongoing violation of Plaintiff's civil rights should be looked into by the Chief Judge of this Court, the Chief Judge of the Ninth Circuit Court of Appeals, the Chief Justice of the U.S. Supreme Court, the Judicial Council of the United States, and the Administrative Office of the federal courts.

Dated: September 22, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE 3 OPPOSITION TO DISCOVERY STAY

SER 57

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 22, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S OPPOSITION AND RESPONSE TO VARIOUS MOTIONS TO STAY DISCOVERY; REQUEST FOR SETTING OF PRETRIAL OR STATUS CONFERENCE IN MID-JANUARY, 2023; NOTICE OF INTENT TO MOVE FOR DEFAULT AND DEFAULT JUDGMENT AGAINST DEFENDANT A. WALLACE TASHIMA

[ x ] [BY U.S. MAIL] On this same day, I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 22, 2022, at Marina del Rey, California.

Jim Lane

JIM LANE

Declarant

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

Daniel D. Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292

U.S. POSTAGE PAID
FCM LETTER
MARINA DEL REY, CA
90292
SEP 22, 22
AMOUNT
$0.84
R2305K138776-25

1000 89101

Clerks' Office (Court Filing)
United States District Court
Lloyd D. George Federal
Courthouse
333 S. Las Vegas Blvd.
Las Vegas, Nevada
89101

XRAYED US MARSHAL

89101-707323

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 26 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

____ FILED ____ RECEIVED
____ ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 22 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S REPLY TO OPPOSITION BY DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE AND ALAN I. ROTHERNBERG TO PLAINTIFF'S MOTION TO STAY AND PLAINTIFF'S MOTION FOR SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to the above-referenced Opposition by Defendants ERIC M. GEORGE, RONALD M. GEORGE and ALAN I. ROTHENBERG.

Dated: September 19, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE 2 REPLY

SER 62

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THE STAY MOVED FOR IS REASONABLE TO ENSURE UNIFORMITY OF DECISION AND THAT THIS HONORABLE COURT REVIEW AND CONSIDER MATTERS THOROUGHLY, WITH AN END TO EFFECTUATE JUSTICE

Since many of the Defendants have related issues, and there is good cause to grant an extension for DYDZAK to file his opposition papers to the so-called Ninth Circuit's Motion to Dismiss, there should be no "rush to judgment" for this Court to make rulings in ad hoc fashion, on an individual basis. Reply briefing would then be due from certain Defendants. Personal considerations dictate that DYDZAK go out of town to care for his mother. The issue of the Special Master remains to be resolved and fully briefed.

As indicated in prior opposition papers, there are "minimum contacts" tying in Defendants GEORGES and ROTHENBERG. There is a long-arm statute in Nevada as well.

A stay is even more warranted in light of recent developments that Defendant A. WALLACE TASHIMA is refusing to date to answer the lawsuit or otherwise responsively plead. A Default Motion is being prepared with proof of service information. Defendant TASHIIMA's actions give good cause to stay the case.

II

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO APPOINT A SPECIAL MASTER

Alan Rothenberg, Eric M. George and Ronald M. George have a personal animus towards DYDZAK. DYDZAK's former clients previously sued Mr. Rothenberg and his bank entities (whereby the Georges were major investors and Eric George was a director) and obtained a favorable result for said clients. Defendant ROTHENBERG once stated to

DYDZAK after a deposition (whereby the latter's then office manager had to restrain him from literally hitting DYDZAK), "I'm going to get you." His secret business partner/investor, Ronald M. George, stated to DYDZAK a number of years ago telephonically: "No one cares what you have to say." Eric is an investor with Mr. Rothenberg and his father, Ronald M. George. So it is not a stretch that these Defendants would tortiously conspire to harm DYDZAK, as alleged in the lawsuit.

DYDZAK also has information and evidence and sources that these Defendants have all engaged in money-laundering, mail fraud and tax fraud, from various sources. DYDZAK has exposed this corruption which has led to public discourse. This also explains their personal animus towards DYDZAK. So it is not a stretch they would use their pre-existing and ongoing relationships and improper ex parte communications and contacts, upon information and belief, to harm DYDZAK and conspire as alleged in the lawsuit.

As indicated in other opposition papers, there is a reasonable and good faith basis for the appointment of a special master. Among various matters involving the GEORGES and ROTHENBERG towards DYDZAK, without limitation:

(1) Their alleged interference with the processes of the court, upon information and belief, matters before the Supreme Court of California affecting DYDZAK.

(2) Ronald M. George's conflicts of interest towards DYDZAK because of his involvement with MIDLAND bank entities.

(3) These Defendants' knowledge and involvement in the unlawful and fraudulent Order of Defendant DATO putting in a bogus vexatious litigant Order against DYDZAK in the California Courts, in conspiracy with Defendant CANTIL-SAKAUYE.

(4) Ronald M. George's involvement in Plaintiff's phone being illegally blocked (and STILL being unlawfully blocked) against due process and equal protection of laws and Federal Communications Act. He gave the Ronald M. George award at a law school ceremony to a certain senior federal jurist who was involved in this phone blockage activity.

(5) These Defendants' involvement with DYDZAK's illegal federal court disbarments in the Central District of California and Ninth Circuit Court of Appeals.

(6) These Defendants' investments and relationships with Defendant SCHWAB.

(7) These Defendants' relationships with various Defendants in this case affecting DYDZAK.

(8) Various grounds for bias and conflicts of interest on the part of Defendant RONALD M. GEORGE to harm DYDZAK, in retaliation for DYDZAK's former clients successfully suing his bank entities, to GEORGE's financial detriment.

(9) RONALD M. GEORGE's relationship with Defendant CHESNEY and any improper contacts and communications between them to harm DYDZAK.

(10) RONALD M. GEORGE's relationship with Defendants CANTIL-SAKAUYE and NAVARRETE and any improper contacts and communications between them to harm DYDZAK.

This case is not a simplistic matter, whereby DYDZAK has no rights and whereby the case should simply be tossed because certain of DYDZAK's Defendant-adversaries are well-connected, influential, wealthy, part of the establishment, and have powerful positions. Indeed, DYDZAK is entitled to have remedies available to him as any other litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

There are exceptional circumstances here warranting the appointment of a special master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have ever been litigated on the merits. It is not in bad faith nor frivolous. There is minimum contacts, because Defendant RAWLINSON, a Nevada resident, is involved in the alleged torts and misconduct. There is tortious conduct in Nevada. The allegations of the Complaint are taken as true for pleading purposes.

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 20, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S REPLY TO OPPOSITION BY DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE AND ALAN I. ROTHENBERG TO PLAINTIFF'S MOTION TO STAY AND PLAINTIFF'S MOTION FOR SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES

[ x ] [BY U.S. MAIL] On this same day, I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed on September 20, 2022, at Marina del Rey, California.

Jim Lane

JIM LANE

Declarant

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

Daniel D. Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292

U.S. District Court
Clerk's Office (Civil Filing)
Lloyd D. George Courthouse
333 Las Vegas Blvd.
Las Vegas, Nevada 89101

FOREVER USA 03772092016342 7

FOREVER USA 03772092016342 7

U.S. MARSHALS SE

_____ FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 22 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

8910137073 C075

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

✓ FILED ___ ENTERED ___ RECEIVED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 21 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br>Plaintiff,<br>v.<br>TANI CANTIL-SAKAUYE, et al.,<br>Defendants. | **Case No. 2:22-cv-01008-APG-VCF**<br><br>**PLAINTIFF'S REPLY TO DEFENDANT MILES' JOINDER IN DEFENDANT SCHWAB'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Before Hon. Andrew P. Gordon, U.S. District Judge |

TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to the above-referenced Joinder by Defendant MILES.

Dated: September 17, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO APPOINT A SPECIAL MASTER

This case is not about DYDZAK's illegal state disbarment. The lawsuit does not attempt in any manner to set same aside. This is an unsupportable, "canard" argument that various Defendants advance in certain pleadings. There is also a showing of "minimum contacts" to warrant the case being filed in Nevada.

Among various causes of action, without limitation: It has to do with Defendants CANTIL-SAKAUYE and NAVARRETE conspiring to not file pleadings in the Supreme Court of California—i.e., obstruction of justice and violation of Plaintiff's civil rights—of which there is overwhelming and patent evidence. It has to do with various Defendants, such as Defendants MILES, SCHWAB, GEORGES and ROTHENBERG, committing major corruption which is actionable: i.e., intentionally conspiring to interfere with the processes of the court, upon information and belief, as to matters before the Supreme Court of California. It has to do with an unlawful and fraudulent Order of Defendant DATO putting in a bogus vexatious litigant Order against DYDZAK in the California Courts, in conspiracy with Defendant CANTIL-SAKAUYE. It has to do with various causes of action, such as Plaintiff's phone being illegally blocked (and STILL being unlawfully blocked) against due process and equal protection of laws and Federal Communications Act due to illegal actions by certain Ninth Circuit individuals and/or agents or former Ninth Circuit employees. It has to do with DYDZAK's illegal federal court disbarments in the Central District of California and Ninth Circuit Court of Appeals. These matters have never been ruled upon the merits. Whereby, for example, a "fake" Judge, former so-called Appellate Commissioner, Defendant SHAW, conducted an evidentiary hearing against Plaintiff's civil rights, and thereafter an illegally constituted 9th Circuit Panel affirmed his tainted findings and recommendations. And then have not ruled

on pending motions for years. This is a violation of DYDZAK's civil rights and obstruction of justice. The case has to do with Defendant KING, while a federal judge, not allowing DYDZAK a required evidentiary hearing concerning his status as a federally licensed attorney in the Central District of California, against due process and DYDZAK's civil rights. See In re Rufallo, 390 U.S. 544 (1968) [due process required to be followed in federal attorney disciplinary cases]. And then certain Ninth Circuit Defendants subsequently backing up that corrupt and unlawful process with an improperly and unlawfully constituted Panel. The case has to do with the egregious, unlawful and fraudulent failure by various Defendants to deliberately not rule on valid, pending motions by DYDZAK in the 9th Circuit Court of Appeals in different cases. It has to do with Defendant SCHWAB, using his agents/employees/attorneys, with improper financial incentives, bribes and ex parte contacts and communications, upon information and belief, to damage DYDZAK. It has to do with certain 9TH Circuit Defendants acting unconstitutionally through irregularly constituted adjudicatory Panels, against DYDZAK's civil and constitutional rights. This has apparently resulted in part in Defendant SHAW's and SCHIFFER's recent ouster from employment with the 9th Circuit since they ratified and condoned same. It has to do with Defendant CHESNEY illegally and unethically acting as a "senior status" judge without due authorization, in the absence of jurisdiction, to put in place an absurdly illegal, overbroad Order that DYDZAK cannot sue any judge on any matter alleging corrupt acts in the whole United States. Defendant CHESNEY has not disclosed her "fraud upon the court" and preexisting relationship and ex parte contacts and communications and conflicts of interest, upon information and belief, with Defendant CANTIL-SAKAUYE.

This case is not a simplistic matter, whereby DYDZAK has no rights and whereby the case should simply be tossed because certain of DYDZAK's Defendant-adversaries are well-connected, influential, wealthy, part of the establishment, and have powerful positions. Indeed, DYDZAK is entitled to have remedies available to him as any other litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

There are exceptional circumstances here warranting the appointment of a special

master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have ever been litigated on the merits. There is no collateral estoppel or res judicata effect.

As well, certain Defendant judges do no enjoy absolute immunity when they act with "fraud upon the court", against judicial canons and ethics and "in the absence of jurisdiction" because of their biases and conflicts of interest or the appearance of same. Judicial acts done in the absence of jurisdiction are void ab initio. Mireles v. Waco, 502 U.S. 9 (1991). Due process is required to be followed by judges in order to avoid ethical violations. Caperton v. A.T. Massey Coal Co.. 556 U.S. 868 (2009).

As to Defendant MILES, a Special Master should be appointed to delve into issues and evidence pertaining to him, without limitation: i.e., the relationship between him and Defendant SCHWAB, as his former counsel; financial incentives and financial conflicts between Defendant SCHWAB and various Defendants such as Defendant MILES, SCHIFFER, SHAW and WARDLAW; improper and illegal communications between SCHWAB and certain Defendants to harm DYDZAK such as Defendant MILES; Defendant SCHWAB's relationship with certain of Defendants, such as Defendant MILES, and his financial interactions with them, individually and through his business entities; any financial investments and financial payments Defendant MILES had with Defendant SCHWAB and SCHWAB's attorneys in San Francisco adverse to DYDZAK's interests and affecting Defendant MILES' impartiality towards DYDZAK or lack thereof; Defendant MILES' pre-existing relationships with certain individuals that demonstrated bias, or the appearance of same, towards DYDZAK and harmed Plaintiff.

This case raises new issues and evidence as to Defendant MILES. It asserts a new cause of action against Defendant MILES. It is not in bad faith nor frivolous. The relationship between Defendant SCHWAB and Defendant MILES creates minimum contacts, because Defendant RAWLINSON, a Nevada resident, was called upon to delve into that related subject matter. There was tortious conduct in Nevada. Prior litigation against Defendant MILES was never heard on the merits, is irrelevant, and was improperly dismissed. The allegations of the Complaint are taken as true for pleading purposes.

## II CONCLUSION

For the reasons set forth herein, the Motion for Special Master should be granted.

Dated: September 17, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 19, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S REPLY TO DEFENDANT MILES' JOINDER IN DEFENDANT SCHWAB'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES

[X] [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on September 19, 2022, at Los Angeles, California.

Jim Lane

JIM LANE
Declarant

4265 Marina City Dr.
#407W
Marina del Rey, CA 90292
FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 21 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
DEPUTY
SERVICE
Clerk's Office (Civil Filing)
United States District Court
Lloyd D. George Courthouse
333 Las Vegas Blvd.
Las Vegas, Nevada
89101
89101-706599
FOREVER
USA

✓ FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 21 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ____ DEPUTY

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S REPLY TO SO-CALLED NINTH CIRCUIT DEFENDANTS' OPPOSITION TO MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to the Opposition to Appointment of Special Master by Defendants CANBY, CHESNEY, DWYER, FERNANDEZ, FLETCHER, GOULD, KING, RAWLINSON, SCHIFFER, SHAW, SILVERMAN, THOMAS, TALLMAN and WARDLAW (so-called "Ninth Circuit Defendants" even though certain of the Defendants were never Judges on the 9th

Circuit).

It is to be noted that Defendant A. WALLACE TASHIMA is in default, has been duly served with process, and his default and default judgment will be moved for. Apparently, said too Defendant is willfully refusing to participate even though an officer of the Court and a senior federal judge. Plaintiff has put Assistant U.S. Attorney ROSE on notice that Defendant TASHIMA is in default.

Dated: September 17, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO APPOINT A SPECIAL MASTER

This case is not about DYDZAK's illegal state disbarment. The lawsuit does not attempt in any manner to set same aside. This is an unsupportable, "canard" argument that various Defendants advance in certain pleadings. There is also a showing of "minimum contacts" to warrant the case being filed in Nevada.

Among various causes of action, without limitation: It has to do with Defendants CANTIL-SAKAUYE and NAVARRETE conspiring to not file pleadings in the Supreme Court of California—i.e., obstruction of justice and violation of Plaintiff's civil rights—of which there is overwhelming and patent evidence. It has to do with various Defendants, such as Defendants MILES, SCHWAB, GEORGES and ROTHENBERG, committing major corruption which is actionable: i.e., intentionally conspiring to interfere with the processes of the court, upon information and belief, as to matters before the Supreme Court of California. It has to do with an unlawful and fraudulent Order of Defendant DATO putting in a bogus vexatious litigant Order against DYDZAK in the California Courts, in conspiracy with Defendant CANTIL-SAKAUYE. It has to do with various causes of action, such as Plaintiff's phone being illegally blocked (and STILL being unlawfully blocked) against due process and equal protection of laws and <u>Federal Communications Act</u> due to illegal actions by certain Ninth Circuit individuals and/or agents or former Ninth Circuit employees. It has to do with DYDZAK's illegal federal court disbarments in the Central District of California and Ninth Circuit Court of Appeals. These matters have never been ruled upon the merits. Whereby, for example, a "fake" Judge, former so-called Appellate Commissioner, Defendant SHAW, conducted an evidentiary hearing against Plaintiff's civil rights, and thereafter an illegally constituted 9th Circuit Panel affirmed his tainted findings and recommendations. And then have not ruled

on pending motions for years. This is a violation of DYDZAK's civil rights and obstruction of justice. The case has to do with Defendant KING, while a federal judge, not allowing DYDZAK a required evidentiary hearing concerning his status as a federally licensed attorney in the Central District of California, against due process and DYDZAK's civil rights. See In re Rufallo, 390 U.S. 544 (1968) [due process required to be followed in federal attorney disciplinary cases]. And then certain Ninth Circuit Defendants subsequently backing up that corrupt and unlawful process with an improperly and unlawfully constituted Panel. The case has to do with the egregious, unlawful and fraudulent failure by various Defendants to deliberately not rule on valid, pending motions by DYDZAK in the 9th Circuit Court of Appeals in different cases. It has to do with Defendant SCHWAB, using his agents/employees/attorneys, with improper financial incentives, bribes and ex parte contacts and communications, upon information and belief, to damage DYDZAK. It has to do with certain 9TH Circuit Defendants acting unconstitutionally through irregularly constituted adjudicatory Panels, against DYDZAK's civil and constitutional rights. This has apparently resulted in part in Defendant SHAW's and SCHIFFER's recent ouster from employment with the 9th Circuit since they ratified and condoned same. It has to do with Defendant CHESNEY illegally and unethically acting as a "senior status" judge without due authorization, in the absence of jurisdiction, to put in place an absurdly illegal, overbroad Order that DYDZAK cannot sue any judge on any matter alleging corrupt acts in the whole United States. Defendant CHESNEY has not disclosed her "fraud upon the court" and preexisting relationship and ex parte contacts and communications and conflicts of interest, upon information and belief, with Defendant CANTIL-SAKAUYE.

This case is not a simplistic matter, whereby DYDZAK has no rights and whereby the case should simply be tossed because certain of DYDZAK's Defendant-adversaries are well-connected, influential, wealthy, part of the establishment, and have powerful positions. Indeed, DYDZAK is entitled to have remedies available to him as any other litigant to be fairly treated in the federal courts. Marbury v. Madison, 5 U.S. 137 (1803).

There are exceptional circumstances here warranting the appointment of a special

master pursuant to F.R.C.P. Section 53. And none of the causes of action in this case have ever been litigated on the merits. There is no collateral estoppel or res judicata effect.

As well, certain Defendant judges do no enjoy absolute immunity when they act with "fraud upon the court", against judicial canons and ethics and "in the absence of jurisdiction" because of their biases and conflicts of interest or the appearance of same. Judicial acts done in the absence of jurisdiction are void ab initio. Mireles v. Waco, 502 U.S. 9 (1991). Due process is required to be followed by judges in order to avoid ethical violations. Caperton v. A.T. Massey Coal Co.. 556 U.S. 868 (2009).

As to the opposing Defendants herein, a Special Master should be appointed to delve into issues and evidence pertaining to them, without limitation: i.e., the relationship between them and Defendant SCHWAB; financial incentives and financial conflicts between Defendant SCHWAB and various Defendants such as Defendants MILES, SCHIFFER, SHAW and WARDLAW; improper and illegal communications between SCHWAB and certain Defendants to harm DYDZAK such as Defendant MILES; Defendant SCHWAB's relationship with certain of Defendants, such as Defendant MILES, and his financial interactions with them, individually and through his business entities; any financial investments and financial payments Defendant MILES had with Defendant SCHWAB and SCHWAB's attorneys in San Francisco adverse to DYDZAK's interests and affecting Defendant MILES' impartiality towards DYDZAK or lack thereof; Defendant MILES' pre-existing relationships with certain individuals that demonstrated bias, or the appearance of same, towards DYDZAK and harmed Plaintiff; an unilateral act by one Circuit Judge (without a proper three-Judge Circuit Panel) to unilaterally block DYDZAK's phone without advance notice and an OSC, against DYDZAK's civil rights; the ongoing lack of rulings on motions before the Ninth Circuit involving DYDZAK; the lack of proper hearings involving DYDZAK's disciplinary cases as a federally licensed attorney in the Central District of California and 9th Circuit; the lack of properly designating and appointing "senior status" judges in the Northern District of California and the 9th Circuit; financial holdings of Defendants SCHIFFER and SHAW involving Defendant SCHWAB; the failure by Defendants THOMAS and DWYER to stop the

blocking of DYDZAK's phone and the ongoing illegal blockage thereof.

This case raises new issues and evidence as to the above-referenced Defendants. It asserts new causes of action against these Defendants. It is not in bad faith nor frivolous. There is minimum contacts, because Defendant RAWLINSON, a Nevada resident, is involved in the alleged torts and misconduct. There is tortious conduct in Nevada. The allegations of the Complaint are taken as true for pleading purposes.

## II **CONCLUSION**

For the reasons set forth herein, the Motion for Special Master should be granted.

Dated: September 17, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 19, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S REPLY TO SO-CALLED NINTH CIRCUIT DEFENDANTS' OPPOSITION TO MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES

[ x ] [BY U.S. MAIL] On this same day, I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed on September 19, 2022, at Marina del Rey, California.

Jim Lane

JIM LANE

Declarant

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

Daniel D. Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292

LOS ANGELES
19 SEP 2022 PM

FOREVER USA 037720919142215

FOREVER USA 037720919142215

Clerk's Office (Civil Filing)
United States District Court
Lloyd D. George Courthouse
333 Las Vegas Blvd.
Las Vegas, Nevada

_____ FILED
_____ ENTERED
_____ RECEIVED
_____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 21 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

89101-706599

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 19 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S REPLY TO DEFENDANT CHARLES SCHWAB'S RESPONSE TO MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to the above-referenced Response by Defendant SCHWAB.

Dated: September 17, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE 2 REPLY

SER 88

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO APPOINT A SPECIAL MASTER

Defendant SCHWAB created, upon reasonable information and belief, a perilous legal situation to him, where the evidence will show he and/or his financial entities promoted and engaged in improper ex parte communications and gave systematic improper financial incentives to certain parties identified and sued in this case to harm DYDZAK. DYDZAK has evidence of same and also needs to conduct additional discovery. There are exceptional circumstances here warranting the appointment of a special master pursuant to F.R.C.P. Section 53.

As to Defendant SCHWAB, a Special Master should be appointed to delve into issues and evidence pertaining to him, without limitation: i.e., the relationship between him and his prior counsel, Defendant MILES; financial incentives and financial conflicts between Defendant SCHWAB and various Defendants such as Defendant MILES, SCHIFFER, SHAW and WARDLAW; improper and illegal communications between SCHWAB and certain Defendants to harm DYDZAK; Defendant SCHWAB's relationship with certain of Defendants and his financial interactions with them, individually and through his business entities.

This case raises new issues and evidence as to Defendant SCHWAB. It asserts a new cause of action against Defendant SCHWAB. It is not in bad faith nor frivolous. Prior litigation against Defendant SCHWAB was never heard on the merits and was improperly dismissed.

The Supreme Court of Nevada indicated recently that DYDZAK's appeal as to Defendants CANTIL-SAKAUYE and NAVARRETE was dismissed without prejudice, purely on jurisdictional grounds, as there was no final judgment yet to appeal as to all issues and parties.DYDZAK reserves the right to appeal same in the future, if warranted.

## II CONCLUSION

For the reasons set forth herein, the Motion for Special Master should be granted.

Dated: September 12, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 17, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S REPLY TO DEFENDANT CHARLES SCWHAB'S RESPONSE TO MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES

[ x ] [BY U.S. MAIL] On this same day, I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed on September 17, 2022, at Marina del Rey, California.

Jim Lane

JIM LANE

Declarant

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071



FOREVER
USA
LOS AN
17 SEP 20
Clerk's Office (Civil Filing)
United States District Court
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd.
Las Vegas, Nevada
89101-707049
FILED
ENTERED
SEP 19 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 19 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S REPLY TO DEFENDANT CHARLES SCHWAB'S RESPONSE TO MOTION FOR STAY OF PROCEEDINGS, TO AND INCL.UDING DECEMBER 14, 2022, AND DEFENDANT MILES' JOINDER IN SAID RESPONSE; MEMORANDUM OF POINTS AND AUTHORITIES**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE FEDERAL COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), hereby respectfully replies to the above-referenced Response by Defendant SCHWAB and Defendant MILES' joinder to same.

Dated: September 17, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

DYDZAK V. CANTIL-SAKAUYE 2 REPLY TO SCHWAB RESPONSE RE STAY

SER 95

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO STAY THIS CASE IN THE INTERESTS OF JUSTICE AND EQUITY

This Court has inherent and statutory authority to regulate its own affairs as a federal court. Wayman v, Southhard, 29 U.S. 1 (1825). A federal court has broad discretion to stay an action. Landis v. North American Co., 229 U.S. 248, 255 (1936).

As incident to the judicial power, United States Courts possess inherent power and authority to supervise the conduct of their officers, parties, witnesses, counsel, and jurors by self-preserving rules for the protection of the rights of litigants and the ordinary administration of justice. McDonald v. Pless, 238 U.S. 264, 266 (1915); Griffin v. Thompson, 43 U.S. (2 How.) 244, 257 (1844).

Defendant SCHWAB cannot complain of delay with credibility. He intentionally did not respond to the lawsuit for months. He only responsively pled when faced with default and a default motion. Then his motion to dismiss was never duly served on DYDZAK. Had DYDZAK not checked the PACER docket, he would not have known about Defendant SCHWAB's late entry into the case at that point.

DYDZAK is moving for a reasonable stay of the case. There are complex facts and issues/questions of law and fact in this case. The Court has to take its time to weigh and consider the appointment of a special master. The Court needs uniformity of decision among all parties, clearly not a piecemeal approach as to only one Defendant. The 9th Circuit Defendants' arguments advanced need to be addressed by DYDZAK with thought and with detail. DYDZAK needs additional time to research same and meet and confer with experienced counsel re: same in formulating his opposition. Defendant SCHWAB created, upon reasonable information and belief, a perilous legal situation to him, where the evidence will show he and/or his financial entities promoted and engaged in improper ex parte communications and gave systematic improper financial incentives to certain

parties identified and sued in this case to harm DYDZAK. DYDZAK has evidence of same and also needs to conduct additional discovery. Defendant SCHWAB never convincingly demonstrates why DYDZAK does not assert a valid cause of action as to him at the pleading stage. Unpersuasively, Defendant SCHWAB now wants the process rushed, even though he deliberately took his time in initially responding to the case, creating a default situation.

As a long-time licensed stockbroker, required by the applicable securities law, not to engage in criminal conduct, it is unfortunate that Defendant SCHWAB had no reluctance to injure and damage DYDZAK that way.

Aside from DYDZAK's needing to spend considerable time to attend to personal concerns, such as his disabled mother, the case is now being delayed by the ongoing failure of Defendant A. WALLACE TASHIMA to responsively plead (even though duly served with process). DYDZAK has not recently heard back from Assistant U.S. Attorney Rose as to this failure. He has notified Mr. Rose he will have to default and file a default motion against Defendant TASHIMA shortly if no Answer or responsive pleading is filed by said Defendant. DYDZAK will submit shortly the proof of service information and documentation as to Defendant TASHIMA. In this case, Defendant TASHIMA was part of an illegally constituted 9th Circuit Panel, and his actions violated DYDZAK's civil and constitutional rights. At all times relevant hereto, Defendant TASHIMA also had towards DYDZAK, upon reasonable information and belief, preexisting relationships with certain of the other Defendants, and biases and conflicts of interest, making his actions towards DYDZAK unlawful and extrinsic fraud. This will be brought out at the discovery stage.

Discovery in this case will likely be extensive so a stay is warranted. Also pending developments in the make up of the Supreme Court of California may allow for resolution of certain causes of action in the future, making the case less complex.

Again, the Court wants uniformity of decision as to all parties. There should not be a "rush to judgment," to use that old but apt aphorism. Defendant SCHWAB has shown no discernible prejudice to him by the case being thoughtfully adjudicated by the Court and a slight stay. He will not be harmed by the modest, called for stay.

Nor in that regard will Defendant MILES who has joined in SCHWAB's opposition. In the past, Defendant MILES had, upon information and belief, impermissible biases, bribes and conflicts of interest, and improper ex parte communications with Defendant SCHWAB and/or his agents and attorneys, to harm DYDZAK. DYDZAK will elaborate upon Defendant MILES' misconduct in other pleadings when warranted. Defendant MILES got compromised by SCHWAB and certain of his former San Francisco based attorneys in the past. So it is not surprising that he would oppose the moved for stay and be joined at the legal hip with Defendant SCHWAB.

## II **CONCLUSION**

For the reasons set forth herein, the moved for stay should be granted. There is no discernible prejudice to any of the parties by a short delay. This is especially so in order that this Court effectuate proper justice in this case, given the importance of the subject matter of this litigation.

Dated: September 12, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 17, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S REPLY TO DEFENDANT CHARLES SCWHAB'S RESPONSE TO MOTION FOR STAY OF PROCEEDINGS, TO AND INCLUDING DECEMBER 14, 2022, AND DEFENDANT MILES' JOINDER IN SAID RESPONSE; MEMORANDUM OF POINTS AND AUTHORITIES

[ x ] [BY U.S. MAIL] On this same day, I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed on September 17, 2022, at Marina del Rey, California.

Jim Lane

JIM LANE

Declarant

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071



FOREVER USA
FOREVER USA
17 SEP
89101-707323
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
ENTERED
SEP 19 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
DEPUTY

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Michael Ayers, Esq. (NV Bar No. 10851)
michael.ayers@qpwblaw.com
Clark Vellis, Esq. (NV Bar No. 5533)
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
Telephone: 775-322-4697
Facsimile: 775-322-4698

Michael A.S. Newman (admitted *pro hac vice*)
mnewman@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

*Attorneys for Defendant MIDFIRST BANK*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL SAKAIJYE; JORGE NAVARRETE; THOMAS LAYTON, aka TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINGSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN I. ROTHENBERG; MIDFIRST BANK; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS, WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:22-cv-01008-APG-VCG

**DEFENDANT MIDFIRST BANK'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Daniel Dydzak's ("Plaintiff") motion to stay (ECF No. 52) is not justified, and will merely lead to unnecessary and unwarranted delay.

The district court has "the power to stay proceedings . . . to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co*., 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff satisfies none of these standards, and indeed Plaintiff does not even try to satisfy them. Certainly, Plaintiff makes no case for why it would be an undue hardship or inequity for him to be required to go forward. Nor does he explain how the orderly course of justice would benefit by a stay. Meanwhile, the damage from granting the stay is clear, as to MidFirst Bank. For one thing, none of Plaintiff's purported bases for a stay have anything to do with MidFirst Bank. Plaintiff claims that he needs more time to oppose the Ninth Circuit Defendants' motion to dismiss (it is unclear why), because of "pending developments in the Nevada Supreme Court" (it is unclear what these are), "pending developments in the makeup of the Supreme Court of California" (again, it is unclear what Plaintiff means here), so that he can have a special master appointed, and to care for his mother. Plaintiff does not adequately explain why any of these issues should allow him to delay this entire action for three months, and not at all why MidFirst Bank should be subject to a stay.

MidFirst Bank's motion to dismiss is fully briefed, MidFirst Bank strongly believes it should be dismissed from this action and that the Court will dismiss it once the Court has reviewed it. MidFirst Bank will be unduly prejudiced if a ruling on that motion is delayed, and

if it is forced to expend fees associated with remaining in this meritless lawsuit. For this reason, Plaintiff's motion should be denied.

Dated this 16th day September 2022.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: */s/ Michael Ayers*

Michael Ayers, Esq.
(NV Bar No. 10851)
michael.ayers@qpwblaw.com
Clark Vellis, Esq.
(NV Bar No. 5533)
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
Telephone: 775-322-4697
Facsimile: 775-322-4698
*Attorneys for Defendant MIDFIRST BANK*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System and through that service, a copy was sent with e-notice to all parties, and mailed via U.S. Mail, postage prepaid, to the party with no e-notice listed below.

Daniel David Dydzak
4265 Marina City Drive Suite 407W
Marina del Rey, CA 90292

Dated: September 16, 2022

*/s/ Christine L. Miller*
An Employee of QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Michael Ayers, Esq. (NV Bar No. 10851)
michael.ayers@qpwblaw.com
Clark Vellis, Esq. (NV Bar No. 5533)
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
Telephone: 775-322-4697
Facsimile: 775-322-4698

Michael A.S. Newman (admitted *pro hac vice*)
mnewman@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

*Attorneys for Defendant MIDFIRST BANK*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>Plaintiff,<br><br>v.<br><br>TANI CANTIL SAKAIJYE; JORGE NAVARRETE; THOMAS LAYTON, aka TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINGSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN I. ROTHENBERG; MIDFIRST BANK; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS, WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-01008-APG-VCG<br><br>**DEFENDANT MIDFIRST BANK'S OPPOSITION TO PLAINTIFF'S MOTION TO APPOINT A SPECIAL MASTER** |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Daniel Dydzak's ("Plaintiff") motion for special master (ECF No. 53) is not justified.

Courts may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). "In appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Fed. R. Civ. P. 53(a)(3).

Plaintiff asks for a special master to "make recommendations to the District Court" as to seven vaguely articulated issues and allegations for which absolutely no factual support is provided. Even if these did have any support or basis, Plaintiff does not explain how or why the District Court needs any assistance in addressing these issues (if they are issues). In particular, it is not clear why they "cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Moreover, as with the motion for stay, none of these issues relate to MidFirst Bank. As Plaintiff is using this request for a special master, among other things, to delay this action – and thus to delay a ruling on MidFirst Bank's fully briefed motion to dismiss, MidFirst Bank would be unduly prejudiced by the granting of this request. Furthermore, MidFirst Bank may be forced to endure additional, unwarranted expenses. As the Court must consider the "fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay," and as granting this request will cause the parties to undergo unreasonable expense and delay, the request is not justified. Therefore, MidFirst Bank respectfully requests that Plaintiff's motion be denied.

Dated this 16th day September 2022.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: */s/ Michael Ayers*
Michael Ayers, Esq.
(NV Bar No. 10851)
michael.ayers@qpwblaw.com
Clark Vellis, Esq.
(NV Bar No. 5533)
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
Telephone: 775-322-4697
Facsimile: 775-322-4698
*Attorneys for Defendant MIDFIRST BANK*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System and through that service, a copy was sent with e-notice to all parties, and mailed via U.S. Mail, postage prepaid, to the party with no e-notice listed below.

Daniel David Dydzak
4265 Marina City Drive Suite 407W
Marina del Rey, CA 90292

Dated: September 16, 2022

*/s/ Christine L. Miller*
An Employee of QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

THOMAS D. DILLARD, ESQ.
Nevada Bar No. 006270
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Tel: (702) 384-4012 / Fax: (702) 383-0701
TDillard@ocgas.com
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and William Dato,*
*Associate Justice of the California Court of Appeal,*
*Fourth Appellate District, Division One*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK

Plaintiff,

vs.

TANI CANTIL-SAKAUYE, JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G. SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M. GEORGE ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R. THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY C. DWYER, GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M. GOULD, RICHARD C. TALLMAN, and Does 1 through 50, inclusive,

Defendants.

CASE NO.: 2:22-cv-01008-APG-VCF

**JOINDER IN PART AND OPPOSITION IN PART TO PLAINTIFF'S MOTION FOR A STAY OF PROCEEDINGS**

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

COME NOW Defendants, TANI G. CANTIL-SAKAUYE, Chief Justice of California, JORGE NAVARRETE, Clerk/Executive Officer of the Supreme Court of California ("California Supreme Court Defendants") and WILLIAM DATO, Associate Justice of the California Court of Appeal (Fourth Appellate District, Division One) ("Associate Justice Dato"), by and through their counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm OLSON, CANNON, GORMLEY, & STOBERSKI, and hereby partially joins Plaintiff's Motion to stay [#52] to the extent that the motion seeks a stay of discovery until the resolution of all pending motions to dismiss and opposes to the extent Plaintiff seeks any stay of the Court deciding the pending motions to dismiss.

This Partial Joinder and Opposition is made and based upon all the pleadings and papers on file herein, the attached points and authorities, together with any argument that may be introduced at the time of hearing this matter before this Honorable Court.

Dated this 16th day of September, 2022

OLSON CANNON GORMLEY & STOBERSKI

By: */s/Thomas D. Dillard, Jr.*
______________________________
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California; and William Dato, Associate Justice of the California Court of Appeal, Fourth Appellate District, Division One*

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial District Court of Nevada on February 3, 2022 simply because "one of the parties resides in Clark County." (Complaint ¶ 5). Plaintiff (himself a California resident) has sued twenty-four Defendants in the case, many of which are current or former California state judicial officers or judges of federal district and appellate courts located in California. The Eighth Judicial District Court of Nevada has already dismissed claims against Chief Justice Tani Cantil-Sakauye of the California Supreme Court and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California ("California Supreme Court Defendants"). [Doc. #14 at (Ex. "A") pp. 21-37, attached hereto as Exhibit "A"]. The dismissal was based upon lack of subject matter jurisdiction, the absence of personal jurisdiction, and, alternatively, failure to state a claim for relief based upon the defense of absolute immunity.

Following the removal of this action, Defendant Associate Justice Dato renewed his motion to dismiss (originally filed in state court) the third and eighth causes of action against him. [Doc. # 14]. Associate Justice Dato seeks dismissal at the pleading stage of this case as all defenses raised by Chief Justice Cantil-Sakauye apply equally to him to warrant his dismissal with prejudice from this Complaint as well, including no personal jurisdiction and judicial immunity. Associate Justice Dato's motion is now fully briefed and is pending with this Honorable Court. [Docs. #31 & #37]. The remaining Defendants have also now filed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) (no subject matter jurisdiction), 12(b)(2) (lack of personal jurisdiction) and Federal Rule of Civil Procedure 12(b)(6) (failure to state a claim for relief). [Docs. #5, #16, #22, #25 #46].

Plaintiff has now, on September 2, 2022, filed two separate motions to stay discovery in this case [Doc. #52] and to appoint a special master [Doc. #53]. The California Supreme Court Defendants and Associate Justice Dato have filed a separate opposition to the appointment of a special master because there are not exceptional circumstances present to justify this extraordinary request as required by Federal Rule of Civil Procedure 53. These Defendants do join in Plaintiff's motion for a temporary stay--albeit for entirely different reasons than identified by Plaintiff. The scope of the stay should be to preclude discovery until after the Court has entered an order on the pending motions to dismiss and made a finding that Plaintiff has alleged facts that establish jurisdiction (subject matter and personal) and that he has alleged facts that could plausibly pierce Associate Justice Dato's judicial immunity.

There should not be any stay, however, on the Court's consideration and determination of the pending motions to dismiss. Plaintiff has identified no colorable reason why there should be any delay on the issuance of orders for these motions beyond the Court's own calendaring schedule. Plaintiff stated that a stay is proper, for no specified or particular reason, simply because he has an appeal pending in the Nevada Supreme Court pertaining to the dismissal of the California Supreme Court Defendants. But the Nevada Supreme Court has dismissed that appeal for lack of jurisdiction. (Order Dismissing Appeal in Case No. 84868, attached as Exhibit "B"). Further, none of Plaintiff's other stated reasons for a stay make any sense or are supported by any evidence. The pending dismissal motions should therefore proceed while the discovery phase of this litigation is stayed until there has been a finding that this Court has subject matter jurisdiction. Defendants are not subject to personal jurisdiction in the U.S. District Court of Nevada, and Plaintiff's claims are precluded by the Defendants' absolute immunity from suit.

*Law Offices of*
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

*Law Offices of*
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

## II. LEGAL ARGUMENT

### A. Legal Standard for a Stay of Discovery

In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action. See Kidneigh v. Tournament One Corp., No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev., May 1, 2013). The party or parties seeking a stay has the burden to show "good cause" by demonstrating some harm or prejudice that will result from the discovery. Fed.R.Civ.P. 26(c)(1).

Preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay of discovery. See Twin City Fire Insurance v. Employers of Wausau, 124 F.R.D. 652, 653 (D. Nev. 1989). Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) after the court has taken a "preliminary peek" at the merits of the potentially dispositive motion, whether the court is "convinced" that the plaintiff will be unable to state a claim for relief. See Kor Media Group, LLC v. Green, 294 F.R.D. 579, 581 (D. Nev. 2013).[1] "[D]iscovery should be stayed while dispositive motions are pending 'only when there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive.'" Solida v. United States Dep't of

---

[1] Federal district courts in the Ninth Circuit have enumerated other factors prudently considered in weighing the competing equities. See Skellerup Indus. v. City of Los Angeles, 163 F.R.D. 598, 601 (C.D. Cal. 1995) (*quoting* Hatchett Distribution, Inc. v. Hudson County News Company, 136 F.R.D. 356, 358 (E.D.N.Y. 1991)). These additional factors include: (1) the type of motion and whether it is a challenge as a "matter of law" or the "sufficiency" of the allegations; (2) the nature and complexity of the action; (3) whether counterclaims and/or cross-claims have been interposed; (4) whether some or all of the defendants join in the request for a stay; (5) the posture or stage of the litigation; (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and (7) any other relevant circumstances. Id.

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

Fish & Wildlife, 288 F.R.D. 500, 506 (D. Nev. 2013) (*citing* Hachette Distribution, Inc. v. Hudson Cty. News Co., 136 F.R.D. 356, 357 (E.D.N.Y. 1991)).

**B. The Jurisdictional Infirmities in this Case Warrant a Stay of Discovery Until after this Court Has Found Both Subject Matter Jurisdiction and Personal Jurisdiction to Hear this Case.**

The California Supreme Court Defendants have already obtained an order dismissing all of Plaintiff's claims due to want of jurisdiction and legal invalidity. (Notice of Entry of Order in Case No. A-22-847734-C, attached as Exhibit "A"). The Eighth Judicial District Court held that Plaintiff did not establish subject matter jurisdiction for claims that are essentially nothing more than collateral attack on discipline rendered by the California State Bar. The state court further determined that there was a lack of any minimum contacts with the State of Nevada to establish personal jurisdiction over the California Supreme Court Defendants. Finally and alternatively, the court ruled that Plaintiff alleged claims arise out of a judicial or quasi-judicial function; therefore, absolute immunity from suit attached to all claims. Associate Justice Dato has made these same arguments in his motion to dismiss pending before this Court. Dismissal is thus sought based on valid arguments that there is not subject matter jurisdiction to hear this case and, even if there is subject matter jurisdiction, this Court lacks jurisdiction over Associate Justice Dato (and all other California resident Defendants) as none of the conduct alleged occurred in Nevada or had any minimum contact with Nevada.

The jurisdictional challenge on two fronts to this case proceeding, that is now fully briefed with the Court, justifies a stay of all discovery until there is a finding of proper jurisdiction. A pending motion challenging jurisdiction strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved. See Liberty Media Holdings, LLC v. Letyagin, 2012 WL 3135671 *5 (D. Nev., Aug. 1, 2012) ("A defendant should not be required to

engage in expensive and burdensome discovery in a court that has no jurisdiction over him."); Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction). The conditions here strongly favor a temporary stay of discovery at least until jurisdiction has been established over the case and the defendants.

**C. Associate Justice Dato Possesses Absolute Immunity from Suit, Thus, it is Appropriate to Stay Discovery Until the Court Has Denied His Motion to Dismiss.**

Associate Justice Dato, and all other judicial officer Defendants, possess absolute immunity from suit for claims against them while exercising a judicial function. This is immunity from suit, including discovery, and not simply immunity from damages. They have filed motions to dismiss on the basis of judicial immunity. These motions raise no factual issue and simply address whether Plaintiff has alleged facts in his Complaint that are beyond the broad ambit of their well-established immunity.

Good cause for a discovery stay is also established when there are any immunities or privileges at stake. Indeed, the U.S. Supreme Court has made it abundantly clear that a district court should often stay discovery until the threshold immunity from suit question is settled. See Crawford-El v. Britton, 523 U.S. 574, 598, 118 S.Ct. 1584 (1998) (holding "[i]f the defendant does plead qualified immunity, the court should resolve that threshold question before permitting discovery"); see also Anderson v. Creighton, 483 U.S. 635, 646 n.6, 107 S.Ct. 3034 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). The Court in fact succinctly held that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." 457 U.S. at 818.

Indeed, the very purpose of the doctrine of qualified immunity (and more so with absolute immunity) is predicated upon the recognition that holding officials liable for reasonable mistakes

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

might unnecessarily paralyze their ability to make difficult decisions in challenging situations, thus disrupting the effective performance of their public duties. See Mueller v. Auker, 576 F.3d 979, 993 (9th Cir. 2009). Permitting a § 1983 plaintiff to conduct discovery prior to the resolution of the legal matters attendant to immunity effectively strips the state actor or judicial officer defendant of immunity altogether. See Lollar v. Baker, 196 F.3d 603, 606 n. 3 (5th Cir. 1999) (concluding, where the district court declined to rule on a motion to dismiss based on qualified immunity and instead ordered discovery limited to issues relating to that defense, that "the grant of plaintiff's discovery requests in such circumstances constitutes a denial of the defendant's claim of qualified immunity from which the defendant is entitled to an immediate appeal."). Even if there were established jurisdiction over the claims and Associate Justice Dato, there is still good cause to impose a discovery stay until the Court rules on the judicial immunity defense, at least at the pleading stage of this case.

**D. Plaintiff Has Failed to Make a Strong Showing that a Stay on Ruling on the Pending Motions for Any Period of Time is Substantially Justified.**

Plaintiff has not made a strong showing to stay consideration of the pending motions to dismiss the case pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6). Tradebay, LLC v. eBay, Inc., 278 F.R.D. 597, 601 (D. Nev. 2011). First, Plaintiff did not make even an attenuated connection between a complete stay of the case and his appeal to the Nevada Supreme Court. Regardless, there remains nothing pending with the Nevada Supreme Court as Plaintiff's appeal has been dismissed. (Exhibit "B"). Second, Plaintiff's motion to appoint a special master is feeble–if not frivolous. The record is barren of any condition raising the prospect of the appointment of a special master, and the points and authorities set forth in the opposition to that motion are incorporated here. Third, the motions are largely already fully briefed beyond the motion filed recently by the Ninth Circuit Defendants. There is nothing left for Plaintiff to do with respect to the fully briefed motions and so any time constraints he has with respect to care of family members should not be adversely impacted. Plaintiff, to be sure, failed to make a strong showing that he or his family members will experience undue adversity

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

should the Court maintain its current calendar and decide the pending motions in the ordinary course. The remainder of the motion to stay should be denied in order for the legal issues of subject matter jurisdiction, personal jurisdiction and immunity from suit be decided with all deliberate speed.

## III. CONCLUSION

IN ACCORDANCE WITH THE FOREGOING, the Court should enter a stay of discovery pending resolution of the motions to dismiss this case based upon lack of jurisdiction and immunity from suit. The Court should further move forward in the ordinary course of the Court's docket management in ruling on the pending motions and deny Plaintiff's request to stay the entire case.

Respectfully Submitted this 16th day of September, 2022.

OLSON CANNON GORMLEY & STOBERSKI

By: */s/Thomas D. Dillard, Jr.*
______________________________
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and*
*William Dato, Associate Justice of the California*
*Court of Appeal, Fourth Appellate District,*
*Division One*

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY & STOBERSKI, and that on the 16th day of September, 2022, I served a copy of the foregoing, **JOINDER IN PART AND OPPOSITION IN PART TO PLAINTIFF'S MOTION FOR A STAY OF PROCEEDINGS.** in the following manner:

Through the CM/ECF system of the United States District Court for the District of Nevada, upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
ddydzak@yahoo.com
*Plaintiff Pro Se*

Craig R. Anderson, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
smong@maclaw.com
canderson@maclaw.com
*Attorneys for Defendant Judge Donald F. Miles*

Michael Ayers, Esq.
Clark Vellis, Esq.
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. Virginia St., 8th Fl.
Reno, NV 89501
michael.ayers@qpwblaw.com
clark.vellis@qpwblaw.com
*Attorneys for MIDFIRST BANK incorrectly named herein as 1ST CENTURY BANK and/or 1ST CENTURY BANCSHARES, INC.*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
*Defendants in propria persona*

David J. Carroll, Esq.
Eric M. George, Esq.
ELLIS GEORGE CIPOLLONE
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
cubence@egcfirm.com
www.egcfirm.com
*Defendants in propria persona Eric M. George, Ronald M. George, and Alan I. Rothenberg*

Patrick Rose, Esq.
Patrick.Rose@usdoj.gov
Vera Minknova
Vera.Minkova@usdoj.gov
*Assistant United States Attorney for Peter Lind Shaw*

___________/s/Jane Hollingsworth_______________________
An employee of OLSON CANNON GORMLEY & STOBERSKI

# EXHIBIT   A

Electronically Filed
6/8/2022 10:19 AM
Steven D. Grierson
CLERK OF THE COURT

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
**OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and Justice William Dato*

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * * * *

| | |
|---|---|
| DANIEL DAVID DYDZAK<br><br>Plaintiff,<br><br>vs.<br><br>TANI CANTIL-SAKAUYE, JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G. SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M. GEORGE ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R. THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY C. DWYER, GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M. GOULD, RICHARD C. TALLMAN, and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO.: A-22-847734-C<br><br>DEPT. NO.: 27 |

**<u>NOTICE OF ENTRY OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS</u>**

PLEASE TAKE NOTICE that an ORDER GRANTING DEFENDANTS'

/ / /

MOTION TO DISMISS was entered in the above-entitled matter on the 3rd day of June, 2022; a copy of which is attached hereto.

Dated this 8 day of June, 2022.

OLSON CANNON GORMLEY & STOBERSKI

By: [signature]
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California; and Justice William Dato*

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY & STOBERSKI, and that on the 8th day of June, 2022, I served a copy of the foregoing **NOTICE OF ENTRY OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Administrative Order 14-2, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities to those parties listed on the Court's Master Service List, (or, if necessary, by U.S. Mail, first class, postage pre-paid, or via email), upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
*Plaintiff Pro Se*

/s/ Kaufman
An employee of OLSON CANNON GORMLEY & STOBERSKI

ELECTRONICALLY SERVED
6/3/2022 11:38 AM

Electronically Filed
06/03/2022 11:38 AM
CLERK OF THE COURT

**ORDR**
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
**OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California*

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * * * *

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE, JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G. SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M. GEORGE ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R. THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY C. DWYER, GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M. GOULD, RICHARD C. TALLMAN, and Does 1 through 50, inclusive,

Defendants.

CASE NO.: A-22-847734-C

DEPT. NO.: 27

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

The Court, having considered all papers and pleadings with a hearing scheduled for May 11, 2022 and continued and heard on May 18, 2022, hereby grants Defendants Chief Justice Tani G. Cantil-Sakauye's and Clerk Jorge Navarrete's, Clerk/Executive Officer of the Supreme Court of California, (hereinafter "California Supreme Court Defendants") motion to dismiss Plaintiff's

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and for failure to state a claim for relief.

**PROCEDURAL HISTORY**

1. The California Supreme Court Defendants filed their Motion to Dismiss the Complaint on April 6, 2022 pursuant to Nevada Rules of Civil Procedure 12(b)(1) and 12(b)(2) and, alternatively, pursuant to Nevada Rule of Civil Procedure 12(b)(5).

2. Plaintiff Daniel David Dydzak ("Plaintiff") filed his Opposition to the California Supreme Court Defendants' Motion to Dismiss on April 18, 2022.

3. The California Supreme Court Defendants filed their Reply to Plaintiff's Opposition to Dismiss on May 3, 2022.

4. The Court issued a Notice of Hearing on April 7, 2022 for the motion to be heard on May 11, 2022.

5. During the hearing on May 11, 2022, this matter was trailed to the end of the calendar, however, electronic interference prevented the hearing from going forward. The Court Recorder asked the parties if they had two sources of audio connected on-line due to the audio issues. The Court could not hear the parties without a severe echo. Accordingly, the Court ordered the matter continued for one-week and the continuance was noted in the Minutes.

6. The May 11, 2022 minutes further reflected that on May 18, 2022 at 9:00 a.m. the Court will hear the California Supreme Court Defendants' Motion to Dismiss the Complaint.

7. During the subsequent Hearing on May 18, 2022, counsel for the California Supreme Court Defendants personally appeared and the Court called for and obtained no response from Plaintiff.

8. The Court then heard oral argument on the motion to dismiss pursuant to Nevada Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(5).

**FINDINGS OF FACT**

1. Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial District Court of Nevada on February 3, 2022 because "one of the parties resides in Clark

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

County." (Complaint ¶ 5). Plaintiff identifies this party as Judge Johnnie B. Rawlinson of the U.S. Court of Appeals for the Ninth Circuit.

2. Plaintiff is a California resident and has included twenty-four Defendants in the case caption, many of which are current or former California state judicial officers or judges of federal district and appellate courts located in California.

3. Defendant Tani G. Cantil-Sakauye was at all relevant times serving as the Chief Justice of the Supreme Court of California.

4. Defendant Jorge Navarrete was at all relevant times serving as the Clerk/Executive Officer of the Supreme Court of California.

5. Plaintiff sued Defendant Tani Cantil-Sakauye and Jorge Navarrete as individuals residing in San Francisco, California. (Complaint ¶¶ 2-3). Plaintiff also named former California Chief Justice Ronald George and Associate Justice William Dato of the Fourth Appellate Division of California based upon their involvement in California litigation. (Complaint at ¶¶ 11, 18). Plaintiff also brings suit against several other State of California state bar judges and investigators or State Bar attorney panel members, who all allegedly have some connection with his disciplinary matter ultimately resolved in California Supreme Court Case No. S17980. (Complaint ¶¶ 4-6, 10, 12-13, 16). In addition, Plaintiff named as Defendants a total of ten (10) Article III judges from the U.S. Court of Appeals for the Ninth Circuit and the U.S. Northern District of California. He also sued the Ninth Circuit court clerk for his alleged involvement in California federal litigation pertaining to Plaintiff. (Complaint ¶¶ 7-9, 17, 19-25).

6. Plaintiff's claims arise out of his subsequent court challenges to orders issued in California Supreme Court Case No. S179850 denying his requests to overturn his disbarment of 2010.

7. Per the registry of action attached as an exhibit to the motion to dismiss, the Court takes judicial notice of certain facts pertaining to the protracted procedural history of Plaintiff's

various attempt to challenge and reverse his disbarment.[1] The registry of action establishes the following:

a. The California Supreme Court proceeding commenced on January 27, 2010;

b. Plaintiff filed a petition for writ of review on April 1, 2010;

c. On May 12, 2010, the California Supreme Court denied Plaintiff's petition for writ of review and ordered him disbarred from the practice of law in California;

d. On May 24, 2010, Plaintiff filed a petition for writ of certiorari with the U. S. Supreme Court;

e. On October 4, 2010, the U. S. Supreme Court denied Plaintiff's petition for writ of certiorari;

f. On January 11, 2012, Plaintiff filed a motion in the California Supreme Court to reopen his disciplinary case due to fraud upon the court and reverse and set aside the disbarment order;

g. On February 15, 2012, the California Supreme Court denied Plaintiff's motion to reopen his disciplinary case and set aside the disbarment order;

h. Six years later, on March 1, 2018, Plaintiff filed a second motion in the California Supreme Court to reopen his disciplinary case and set aside the disbarment order;

i. On May 9, 2018, the California Supreme Court denied Plaintiff's second motion to reopen his disciplinary case and set aside the disbarment order;

j. From May 14, 2018, and over the next year, Plaintiff filed several more motions to reopen his disciplinary case or for other relief, including a motion for an order to show cause, filed on April 22, 2019; and

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

---

[1] The district court may consider publicly recorded documents without converting a motion to dismiss to one for summary judgment. *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (stating that a court may consider matters of public record in ruling on a motion to dismiss). This includes taking judicial notice of pleadings, memoranda, and other court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006).

k. On September 11, 2019, the California Supreme Court denied Plaintiff's motion for an order to show cause and stated "[t]his matter is now final. The court will no longer consider challenges to petitioner's disbarment."

8. Plaintiff alleges in his first case of action, pursuant to 42 U.S.C. § 1983, that Defendant Chief Justice Tani Cantil-Sakauye issued an illegal order on September 11, 2021 in Case No. S179850 as part of an alleged conspiracy with Defendant Jorge Navarrete who allegedly did not accept further filings by Plaintiff in the case after that order was entered.

9. Plaintiff's third cause of action names various Defendants who had not made an appearance in the case (including former California Supreme Court Justice Ronald M. George and Associate Justice William Dato of the California Court of Appeal, Fourth Appellate District, Division One). Plaintiff claims that they had "improper, unethical and illegal ex parte, extra-judicial communications and contacts" with the California Supreme Court Defendants on or about September 11, 2019. (Complaint ¶39).

10. In his eighth claim for relief, Plaintiff names Chief Justice Cantil-Sakauye and Associate Justice Dato and again alleges unspecified civil rights violations. Plaintiff alleges that these two jurists had improper *ex parte* communications "to cause Plaintiff to be improperly put on the Vexatious Litigant List" for the State of California. (Complaint ¶ 66). Plaintiff alleges this communication took place approximately nine years ago on April 5, 2013. (Complaint ¶ 67). Plaintiff asserts they formed a conspiracy regarding a pending in the San Diego Superior Court, and it was "illegally transferred" to the Orange County Superior Court." Id. Plaintiff further suggests that Chief Justice Cantil-Sakauye rewarded Associate Justice Data for the alleged fraudulent act by promoting him to the San Diego Court of Appeal. (Complaint ¶ 68).

11. The Court further takes notice based upon exhibits attached to the motion to dismiss that Plaintiff has been judicially declared a vexatious litigant on two occasions. The Court takes judicial notice of the public documents attached as Exhibit "B" to the motion indicating Plaintiff is a vexatious litigant pursuant to an order entered on April 5, 2013, in *Dydzak v. Dunn* (Superior Court of California, County of San Diego, No. 30-2012-00558031). The Court further takes judicial notice of the public documents attached as Exhibit "C" which is

Law Offices of OLSON CANNON GORMLEY & STOBERSKI A Professional Corporation 9950 West Cheyenne Avenue Las Vegas, Nevada 89129 (702) 384-4012 Telecopier (702) 383-0701

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

a vexatious litigant order entered on September 25, 2012, in *Dydzak v. Cantil-Sakauye* (USDC, CD Cal., No. C11-5560-JCC). This order prohibits Plaintiff from "initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California."

12. Plaintiff's claims for relief all seek to impair, invalidate or reverse his disbarment from the practice of law in California.

13. Plaintiff's claims are based entirely on the Supreme Court of California Defendants' involvement in California litigation arising out of State Bar of California disciplinary action. A plain reading of Plaintiff's Complaint fails to establish any contacts with the Nevada forum by any of Defendants whatsoever. The entirety of the allegations pertain to attorney discipline taken against Plaintiff in the State of California, including his disbarment, and denial of Plaintiff's various complaints and petitions to overturn that discipline.

14. Plaintiff's Complaint includes no allegation against Chief Justice Cantil-Sakauye that she acted in clear excess of her jurisdiction.

15. Plaintiff's Complaint includes no allegations that Jorge Navarrete took any action that was not closely related to his clerk duties as part of the judicial process.

## CONCLUSIONS OF LAW

### I. The Court Lacks Subject Matter Jurisdiction

1. The plaintiff has the burden of proving subject matter jurisdiction. *See Morrison v. Beach City LLC*, 116 Nev. 34, 36, 991 P.2d 982, 983 (2000). If the movant challenges the existence of subject matter jurisdiction, the pleadings are treated as evidence on the issue. Indeed, in this type of 12(b)(1) motion, the requirement is not unlike that for summary judgment, where the non-moving party cannot rest on the allegations in the complaint but must present evidence to defeat the motion. *Trentacosta v. Frontier Pacific Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 at 653-54 (1969)); *Nevada v. United States*, 221 F.Supp.2d 1241, 1248 (D. Nev. 2002). The question of subject matter jurisdiction "'can be raised by the parties at any time ... and cannot be

conferred by the parties.'" *Landreth v. Malik*, 127 Nev. 175, 251 P. 3d 163, 166 (2011) (quoting *Swan v. Swan*, 106 Nev. 464, 469, 796 P.2d 221, 224 (1990)).

2. State supreme courts are the ultimate arbiters of attorney behavior for members of the state bar that applies only to attorney discipline occurring in the forum state. Nevada courts lack subject matter jurisdiction seeking to impair or reverse attorney discipline imposed by another State. In Nevada, Supreme Court Rule 105(3)(b) provides subject matter jurisdiction for the Nevada Supreme Court to automatically review public discipline imposed by a Nevada State Bar hearing panel. To be sure, it provides no subject matter jurisdiction to review public discipline imposed by the State of California.

3. By filing what amounts to nothing more than a collateral challenge to his disbarment and the numerous denials of his attempts to overturn, Plaintiff simply tries to make an end around of the results of federal and state courts located in California for which this Court lacks subject matter jurisdiction. The complaint therefore is properly dismissed pursuant to Nevada Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

## II. <u>There is No Personal Jurisdiction over the California Supreme Court Defendants</u>

1. To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must "make a prima facie showing of personal jurisdiction" by "producing] some evidence in support of all facts necessary for a finding of personal jurisdiction." *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692, 857 P.2d 740, 743-44 (1993). When considering a motion to dismiss for lack of personal jurisdiction, the plaintiff is required to go beyond the pleadings and proffer some competent evidence supporting a finding of personal jurisdiction. *Id.* at 693, 857 P.2d at 744 (explaining that the plaintiff "may not simply rely on the allegations of the complaint to establish personal jurisdiction").

2. Plaintiff has pled no facts in his complaint that would establish this court's personal jurisdiction-general or specific-over the California Supreme Court Defendants, all of whom are California residents. Plaintiff does not allege that the injuries he sustained occurred in Nevada, that Defendants were served with process in Nevada, or that this case or Defendants have anything at all to do with Nevada. *See Nguyen v. Margines*, 2021 WL 5761766 *2 (D. Nev., Dec. 3,

2021) (dismissing the plaintiffs' suit against California state-court judges seeking damages against them for judgments entered against the plaintiffs in other cases in California due to lack of personal jurisdiction).

3. General jurisdiction exists only where the defendant's activities in the forum state are so substantial or continuous and systematic that it may be deemed present in the forum and hence subject to suit over claims unrelated to its activities here. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S. Ct. 1868 (1984); *Trump*, 109 Nev. at 699, 857 P.2d at 748.

4. Plaintiff impermissible seeks to avail himself of access to this court in Nevada because one of the many jurists that exercised jurisdiction over his case originating in California still has a home office in Nevada (i.e., the Honorable Judge Johnnie Rawlinson). This allegation clearly does not establish personal jurisdiction for the California Supreme Court Defendants.

5. To show specific jurisdiction, Plaintiff must demonstrate facts showing that the defendants purposefully availed themselves of the privilege of acting in Nevada or caused important consequences here, that the cause of action arises from the defendant's activities in Nevada, and that those activities, or the consequences thereof, have such a substantial connection with Nevada as to make the exercise of jurisdiction over the defendant reasonable. *Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 458-59, 282 P.3d 751, 755 (2012).

6. Nowhere does Plaintiff allege, or even remotely indicate, that Chief Justice Cantil-Sakauye or Jorge Navarrete "purposefully directed" any activity toward Nevada. The Complaint itself makes clear that this action involves Plaintiff's attempts to obtain judicial review and reversal of being disbarred as a California lawyer and being declared a vexatious litigant in state and federal courts in California. Indeed, neither the Supreme Court of California Defendants nor any of the other California jurists and California State Bar agents had any jurisdiction or ability to perform any legal act in the State of Nevada.

7. There is nothing to suggest Plaintiff's claims arise out of the activities of any Defendant in Nevada. To the contrary, the activities which give rise to Plaintiff's claims exclusively occurred in California. Other than identifying Judge Rawlinson's alleged personal

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

residence or home State, Nevada is never mentioned in the Complaint whatsoever. Even if Judge Rawlinson's involvement in federal cases pending in the Ninth Circuit somehow implicate Nevada, which they do not, there is still absolutely no Nevada connection to the California Supreme Court Defendants. Plaintiff, to be sure, does not attribute any conduct by the Superior Court Defendants directed toward Nevada.

8. Plaintiff argues that because one of the many Defendants he named is a one-time Nevada resident that venue is proper in Clark County, Nevada. The clear failing in this singular argument to resist the motion to dismiss is that the California Supreme Court Defendants did not seek dismissal based upon improper venue at all. To be sure, venue and personal jurisdiction are separate requirements. *See State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 821 (Mo. banc 1994) (stating "venue and personal jurisdiction address entirely different concerns and venue is not a prerequisite to personal jurisdiction").

9. Plaintiff cannot obtain personal jurisdiction over everyone he names in a lawsuit even assuming that there is a personal jurisdiction over one of the other defendants. Moreover, there is no basis to suggest Judge Rawlinson did anything in connection with her involvement in a case pending in the Ninth Circuit Court of Appeals that subjects her to be sued in Nevada.

10. Plaintiff has failed to show that the California Supreme Court Defendants are subject to general jurisdiction in Nevada or have certain minimum contacts for specific jurisdiction. Therefore, the case is also dismissed for want of personal jurisdiction pursuant to Rule 12(b)(2).

## III. The Complaint States No Valid Claim for Relief

1. When presented with a Nevada Rule of Civil Procedure 12(b)(5) motion to dismiss for failure to state a claim, the district court must view all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *Kourafas v. Basic Food Flavors, Inc.*, 120 Nev. 195, 197, 88 P.3d 822, 823 (2004).

2. Claims of immunity present issues that are generally appropriately decided as early as possible, in order to "avoid excessive disruption of government." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because the essence of immunity is its possessor's entitlement not to have

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

to answer for his conduct in a civil damages action, that protection is effectively lost if a case is erroneously permitted to go to trial. *See Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit."); *see also State of Nevada v. Second Judicial District Court*, 118 Nev. 609, 615, 55 P.3d 420, 423 (2002) ("Absolute immunity is a broad grant of immunity not just from the imposition of civil damages, but also from the burdens of litigation, generally.").

3. Judges possess a "sweeping form of immunity" for all acts performed that relate to the "judicial process." *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20, 96 S.Ct. 984 (1976). Irrespective of the judge's subjective intent, immunity insulates the judge's actions except where done in the clear absence of jurisdiction. *See Stump v. Stackman*, 435 U.S. 349, 359, 98 S.Ct. 1099 (1978). Put differently, this absolute immunity insulates judges from charges or erroneous acts or irregular action, even when it is alleged that such action was driven by malice, bad faith or corruption. *Forrester*, 484 U.S. at 227-28; *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286 (1991). Furthermore, the absolute immunity is not pierced by allegations of judicial authority "flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

4. In addition, allegations of conduct in excess of jurisdiction are thus insufficient, a judge will only forfeit his immunity when he acts in "clear absence of all jurisdiction." *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1389 (9th Cir. 1987). The fact that a judge acts informally, outside the courtroom and without observance of procedural requirements, or engages in ex parte communications, does not strip a judge of absolute immunity. *Stump*, 435 at 361-63, 98 S.Ct. at 1107-08; *see also Forrester*, 108 S.Ct. at 544. Nor is judicial immunity lost as a result of improper favor or disfavor to a party. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir.1996).

5. Absolute judicial immunity thus covers "virtually all acts, regardless of motivation," therefore, "when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." *Pinaud v. County of Suffolk*, 52 F.3d

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

1139, 1148 (2d Cir. 1995). Plaintiff's allegations and argument regarding improper motive, bad faith, or even acts taken in an unquestionably illegal manner are all irrelevant. *See Red Zone 12 LLC v. City of Columbus*, 758 F.App'x 508, 513-14 (6th Cir. 2019); *Imbler*, 424 U.S. at 431, 96 S.Ct. 984 (allegations of conspiracy to wrongfully convict plaintiff did not overcome prosecutorial immunity); *Forrester*, 484 U.S. at 227-28, 108 S.Ct. 538 (holding an act "does not become less judicial by virtue of allegations of malice or corruption of motive"); *Ashelman v. Pope*, 793 F.2d 1072, 10771-78 (9th Cir. 1986) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

6. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (applying quasi-judicial immunity where clerks accepted and filed incomplete bankruptcy petition and later refused to accept amended petition); *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (applying immunity where clerk deceived plaintiff regarding the status of supersedeas bond and improperly conducted hearings to assess costs against plaintiff); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979) (applying quasi-judicial immunity where clerk failed to provide notice of court order).

7. Absolute quasi-judicial immunity is "extended ... to court clerks and other nonjudicial officers for purely administrative acts-acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). Where the accused conduct is an integral part of the judicial process, clerks qualify for quasi-judicial immunity unless such conduct was undertaken "in the clear absence of all jurisdiction." *Mullis*, 828 F.2d at 1390. Quasi-judicial immunity nevertheless applies to clerk action that is "a mistake or an act in excess of jurisdiction …, even if it results in 'grave procedural errors.'" *Id.*

8. The act of making decisions following motion practice of a litigant (including finding that a party subject to jurisdiction of the court is a vexatious litigant) before the court is

Law Offices of OLSON CANNON GORMLEY & STOBERSKI A Professional Corporation 9950 West Cheyenne Avenue Las Vegas, Nevada 89129 (702) 384-4012 Telecopier (702) 383-0701

clearly a judicial act. Allegations that there were ex parte communications or that the judicial decisions were the result of bad faith, or a conspiracy do not pierce judicial immunity. Chief Justice Cantil-Sakauye's decisions at issue had to occur while she was inside the courtroom or inside chambers in preparing and finalizing judicial orders. The actions Plaintiff alleges as constitutional transgressions against Chief Justice Cantil-Sakauye center around Plaintiff's case before her in review of the State Bar of California's disciplinary action. This is plainly a case where judicial immunity attaches.

9. The only specific allegation against Jorge Navarrete is that he "illegally conspired to not file, as required, legal pleadings, motions and papers duly submitted by DYDZAK for docket filing with the Clerk's Office of the Supreme Court of California." (Complaint, 31, p. 6.) As the Clerk/Executive Officer of the Supreme Court of California, Defendant Navarrete's duties include the creation and management of uniform record-keeping systems. California Rules of Court, rule 10.1020(c)(7). His alleged conspiracy to not file Plaintiff's papers in the California Supreme Court is indisputably "an integral part of the judicial process." *Mullis*, 828 F.2d at 1390; *see also Sedgwick v. United States*, 265 Fed. Appx. 567, 568 (9th Cir. 2008) (Supreme Court Clerk entitled to absolute quasi-judicial immunity for refusing to file plaintiff's petition for writ of certiorari). The claims against Jorge Navarrete are therefore barred by the doctrine of quasi-judicial immunity.

10. Plaintiff fails to state a valid claim for relief against the California Supreme Court Defendants because they are possess absolute immunity as to all allegations and all claims for relief alleged in the Complaint. The Court therefore also grants the motion to dismiss pursuant to Nevada Rule of Civil Procedure 12(b)(5).

IT IS HEREBY ORDERED that the motion to dismiss is granted in all respects

DATED this 2nd day of ~~May~~ June, 2022.

**Dated this 3rd day of June, 2022**

Nancy L Allf

DISTRICT COURT JUDGE TW

**10A CB8 7A23 4559**
**Nancy Allf**
**District Court Judge**

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

Submitted by:

OLSON CANNON GORMLEY
& STOBERSKI

By: /s/ Thomas D. Dillard, Esq.
THOMAS D. DILLARD, ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for the California Supreme Court Defendants

Approved as to form and content:

By: ______________________
Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
Plaintiff Pro Se

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY& STOBERSKI, and that on the 23rd day of May, 2022, I served a copy of the foregoing **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Administrative Order 14-2, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities to those parties listed on the Court's Master Service List, (or, if necessary, by U.S. Mail, first class, postage pre-paid, or via email), upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
*Plaintiff Pro Se*

Kaufman
An employee of OLSON CANNON GORMLEY & STOBERSKI

# EXHIBIT   B

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL DAVID DYDZAK,
Appellant,
vs.
TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON, A/K/A TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN I. ROTHENBERG; 1ST CENTURY BANK; 1ST CENTURY BACSHARES, INC.; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; AND RICHARD C. TALLMAN,
Respondents.

No. 84868

FILED

SEP 01, 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY [signature]
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is a pro se appeal from a district court order granting a motion to dismiss. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Initial review of the notice of appeal and documents before this court reveals a jurisdictional defect. It appears that the challenged order is not a final judgment appealable under NRAP 3A(b)(1). "[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424,

SUPREME COURT
OF
NEVADA

(O) 1947A

22-27506

426, 996 P.2d 416, 417 (2000). The challenged order grants a motion to dismiss filed by two defendants and does not appear to dismiss the complaint in its entirety. It also appears that appellant's claims against the other defendants remain pending in the district court. And it does not appear that any other statute or court rule allows an appeal from the challenged order. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, as it appears that this court lacks jurisdiction, this court

ORDERS this appeal DISMISSED.

Silver, J.
Silver

Cadish, J.
Cadish

Pickering, J.
Pickering

Supreme Court of Nevada

(O) 1947A

cc: Hon. Nancy L. Allf, District Judge
Daniel David Dydzak
1st Century Bacshares, Inc.
1st Century Bank
A. Wallace Tashima
Alan I. Rothenberg
Barry G. Silverman
Charles Schwab
Donald F. Miles
Edward Ephraim Schiffer
Eric M. George
Ferdinand Francis Fernandez
George H. King
Johnnie B. Rawlinson
Kim McClane Wardlaw
Maxine M. Chesney
Molly C. Dwyer
Peter Lind Shaw
Richard C. Tallman
Ronald M. George
Ronald M. Gould
Sidney R. Thomas
Olson, Cannon, Gormley, & Stoberski
Thomas Layton
William A. Fletcher
William C. Canby
William Dato
Eighth District Court Clerk

THOMAS D. DILLARD, ESQ.
Nevada Bar No. 006270
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Tel: (702) 384-4012 / Fax: (702) 383-0701
TDillard@ocgas.com
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and William Dato,*
*Associate Justice of the California Court of Appeal,*
*Fourth Appellate District, Division One*

*Law Offices of*
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK<br><br>Plaintiff,<br><br>vs.<br><br>TANI CANTIL-SAKAUYE, JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G. SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M. GEORGE ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R. THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY C. DWYER, GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M. GOULD, RICHARD C. TALLMAN, and Does 1 through 50, inclusive,<br>Defendants. | CASE NO.: 2:22-cv-01008-APG-VCF<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER** |

COME NOW Defendants, TANI G. CANTIL-SAKAUYE, Chief Justice of California, JORGE NAVARRETE, Clerk/Executive Officer of the Supreme Court of California ("California Supreme Court Defendants") and WILLIAM DATO, Associate Justice of the California Court of Appeal (Fourth Appellate District, Division One) ("Associate Justice Dato"), by and through their counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm OLSON, CANNON, GORMLEY, & STOBERSKI, and oppose Plaintiff's Motion to Appoint a Special Master [Doc. #53].

This Opposition is made and based upon all the pleadings and papers on file herein, the attached points and authorities, together with any argument that may be introduced at the time of hearing this matter before this Honorable Court.

Dated this 16th day of September, 2022.

OLSON CANNON GORMLEY & STOBERSKI

By: */s/Thomas D. Dillard, Jr.*

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California; and William Dato, Associate Justice of the California Court of Appeal, Fourth Appellate District, Division One*

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial District Court of Nevada on February 3, 2022 simply because "one of the parties resides in Clark County." (Complaint ¶ 5). Plaintiff (himself a California resident) has sued twenty-four Defendants in the case, many of which are current or former California state judicial officers or judges of federal district and appellate courts located in California. The Eighth Judicial District Court of Nevada has already dismissed claims against Tani Cantil-Sakauye, Chief Justice of California, and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California. [Doc. #14 at (Ex. "A") pp. 21-37].[1] Following the removal of this action, Defendant Associate Justice Dato renewed his motion to dismiss (originally filed in state court) the third and eighth cause of actions against him. [Doc. # 14]. Associate Justice Dato seeks dismissal at the pleading stage of this case as all defenses raised by Chief Justice Cantil-Sakauye apply equally to him to warrant his dismissal with prejudice from this Complaint as well. This motion is now fully briefed and is pending with this Honorable Court. [Docs. #31 & #37]. The remaining Defendants have also now filed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docs. #5, #16, #22, #25 #46].

Plaintiff has now, on September 2, 2022, filed two separate motions to stay discovery in this case [Doc. #52] and to appoint a special master [Doc. #53]. The California Supreme Court Defendants and Associate Justice Dato has no opposition to staying discovery pending resolution of the pending motions to dismiss and will file a partial joinder to that motion. Plaintiff, however, has

[1] The Nevada Supreme Court, on September 1, 2022, dismissed Plaintiff's premature appeal of the order dismissing Chief Justice Cantil-Sakauye and Jorge Navarrete due to lack of jurisdiction. (Order Dismissing Appeal in Case No. 84868, attached as Exhibit "A").

failed to present any justification for the expensive appointment of a special master in this case. The matter as it stands now generally turns on the scope of immunity that Plaintiff has filed against several state and federal court jurists. Discovery has yet to commence and there is no indication of any extraordinary discovery issues. Plaintiff simply reiterates his far-flung corruption allegations against Defendants as a basis for appointment of a special master. Plaintiff has abjectly failed to identify extraordinary circumstances warranted the appointment of a special master in the case; therefore, the motion to appoint pursuant to Federal Rule of Civil Procedure 53 should be denied.

## II. LEGAL ARGUMENT

### There are Not Any Circumstances Present in this Case to Warrant the Appointment of a Special Master Pursuant to Federal Rule of Civil Procedure 53

Plaintiff has failed to establish a clear need to appoint a special master to handle any pre-trial or discovery matter in this case in place of the assigned U.S. Magistrate Judge and District Court Judge. Federal Rule of Civil Procedure 53(a), governing the appointment of special masters, states in pertinent part, "[t]he court in which any action is pending may appoint a special master therein." Reference to a master "shall be the exception and not the rule" and shall be made "upon a showing that some exceptional condition requires it." Burlington Northern v. Dep't of Revenue, 934 F.2d 1064, 1071 (9th Cir. 1991). "The use of masters, however, is restricted to situations where they are necessary to aid judges in the performance of specific duties, as they may arise in the progress of a cause." Id. at 1071-72. (internal citations omitted). Courts have found such exceptional circumstances based on "the complexity of [the] litigation" or "problems associated with compliance with the district court order." United States v. Suquamish Indian Tribe, 901 F.2d 772, 775 (9th Cir. 1990); see also Fed. R. Civ. P. 53, Advisory Committee Notes (2003) ("A pretrial master should be appointed only when the need is clear").

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

According to Federal Rule of Civil Procedure 53(a), a court may appoint a master only to "perform duties consented by the parties," hold trial proceedings and make recommendations if there is an "exceptional condition" or "need to perform an accounting or resolve a difficult computation of damages," or "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed.R.Civ.P. 53(a)(1). Payment to a special master is made by the parties or from a fund derived from the action. Fed.R.Civ.P. 53(g)(2) If a court decides to appoint a special master, it "must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master." Fed. R. Civ. P. 53(g)(3).

The Supreme Court has cautioned that "[t]he use of masters is to aid judges in the performance of specific judicial duties, as they may arise in the progress of a cause, ... and not to displace the court." La Buy v. Howes Leather Co., 352 U.S. 249, 256, 77 S.Ct. 309 (1957). The term "exceptional" is not an "elastic term[ ] with the trial court the sole judge of [its] elasticity." Id. at 258. While none of these conditions are present in this case, the Supreme Court still cautioned that calendar congestion, complexity of the case, and great length of time required for trial are not "exceptional" circumstances warranting appointment of a special master under Rule 53(a)(1)(B)(i). Id. at 259.

Plaintiff has failed to present "extraordinary circumstances" justification to warrant the appointment of a special master in this case. Hook v. State of Ariz., 120 F.3d 921, 926 (9th Cir. 1997). Plaintiff has not shown that there are any complex matters, exceptional conditions, or post-trial matters that cannot be effectively and timely addressed by this Court. Plaintiff in fact does not cite to any relevant authority in support of his request for an appointment of a special master. The record is also devoid of any evidence substantiating any allegation listed in Plaintiff's motion. Even if

*Law Offices of*
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

there was some evidentiary basis for Plaintiff's far-flung allegations, none of these issues satisfy the narrow justification of a Rule 53 appointment. There is, to be certain, not a "clear need" here to appoint a special master in a case when all defendants have now filed motions to dismiss (largely based upon immunity from suit) and the discovery phase of the case has yet to even commence. Barnum v. Equifax Information Services, LLC, Case No. 2:16-cv-02866-RFB-NJK, 2018 WL 1245492 *3 (D. Nev., Mar. 9, 2018). Therefore, the Court should deny Plaintiff's motion pursuant to Rule 53 to appoint a special master because there are no circumstances present in this case to support even the consideration of such an expensive and extraordinary request.

## III. CONCLUSION

IN ACCORDANCE WITH THE FOREGOING, the Court should deny Plaintiff's motion for failure to establish a clear need based upon the existence of extraordinary circumstances to justify the appointment of a special master.

Respectfully Submitted this 16th day of September, 2022.

OLSON CANNON GORMLEY & STOBERSKI

By: */s/Thomas D. Dillard, Jr.*
____________________________
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and*
*William Dato, Associate Justice of the California Court*
*of Appeal, Fourth Appellate District, Division One*

*Law Offices of*
**OLSON CANNON ORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY & STOBERSKI, and that on the 16th day of September, 2022, I served a copy of the foregoing, **OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER** in the following manner:

Through the CM/ECF system of the United States District Court for the District of Nevada, upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
ddydzak@yahoo.com
*Plaintiff Pro Se*

Craig R. Anderson, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
smong@maclaw.com
canderson@maclaw.com
*Attorneys for Defendant Judge Donald F. Miles*

Michael Ayers, Esq.
Clark Vellis, Esq.
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. Virginia St., 8th Fl.
Reno, NV 89501
michael.ayers@qpwblaw.com
clark.vellis@qpwblaw.com
*Attorneys for MIDFIRST BANK incorrectly named herein as 1ST CENTURY BANK and/or 1ST CENTURY BANCSHARES, INC.*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
*Defendants in propria persona*

David J. Carroll, Esq.
Eric M. George, Esq.
ELLIS GEORGE CIPOLLONE
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
cubence@egcfirm.com
www.egcfirm.com
*Defendants in propria persona Eric M. George, Ronald M. George, and Alan I. Rothenberg*

Patrick Rose, Esq.
Patrick.Rose@usdoj.gov
Vera Minknova
Vera.Minkova@usdoj.gov
*Assistant United States Attorney for Peter Lind Shaw*

___________*/s/Jane Hollingsworth*________________
An employee of OLSON CANNON GORMLEY & STOBERSKI

# EXHIBIT   A

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL DAVID DYDZAK,
Appellant,
vs.
TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON, A/K/A TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN I. ROTHENBERG; 1ST CENTURY BANK; 1ST CENTURY BACSHARES, INC.; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; AND RICHARD C. TALLMAN,
Respondents.

No. 84868

FILED

SEP 01, 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY [signature]
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is a pro se appeal from a district court order granting a motion to dismiss. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Initial review of the notice of appeal and documents before this court reveals a jurisdictional defect. It appears that the challenged order is not a final judgment appealable under NRAP 3A(b)(1). "[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424,

426, 996 P.2d 416, 417 (2000). The challenged order grants a motion to dismiss filed by two defendants and does not appear to dismiss the complaint in its entirety. It also appears that appellant's claims against the other defendants remain pending in the district court. And it does not appear that any other statute or court rule allows an appeal from the challenged order. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, as it appears that this court lacks jurisdiction, this court

ORDERS this appeal DISMISSED.

_______________, J.
Silver

_______________, J.
Cadish

_______________, J.
Pickering

cc:   Hon. Nancy L. Allf, District Judge
      Daniel David Dydzak
      1st Century Bacshares, Inc.
      1st Century Bank
      A. Wallace Tashima
      Alan I. Rothenberg
      Barry G. Silverman
      Charles Schwab
      Donald F. Miles
      Edward Ephraim Schiffer
      Eric M. George
      Ferdinand Francis Fernandez
      George H. King
      Johnnie B. Rawlinson
      Kim McClane Wardlaw
      Maxine M. Chesney
      Molly C. Dwyer
      Peter Lind Shaw
      Richard C. Tallman
      Ronald M. George
      Ronald M. Gould
      Sidney R. Thomas
      Olson, Cannon, Gormley, & Stoberski
      Thomas Layton
      William A. Fletcher
      William C. Canby
      William Dato
      Eighth District Court Clerk

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 14 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO EXTEND TIME TO DECEMBER 15, 2022, TO FILE OPPOSITION TO MOTION TO DISMISS BY S0-CALLED NINTH CIRCUIT DEFENDANTS AND STAY CASE IN INTERIM PERTAINING THERETO ; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL DAVID DYDZAK IN SUPPORT THEREOF; [PROPOSED ORDER FILED UNDER SEPARATE COVER]**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and applies ex parte for an Order Shortening Time to extend time to and including December 15,

2022, to file and serve opposition papers to Motion to Dismiss by so-called 9th Circuit Defendants. In connection with this Ex Parte Application, the Court should stay rulings and other proceedings until on or about December 15, 2022, in the interests of justice and equity.

This Ex Parte Application is based on this Notice, the attached Memorandum of Points and Authorities and Declaration of Daniel David Dydzak, a showing of good cause, and such other argument and authority as may be considered by this Honorable Court.

This Court has inherent and statutory authority to order Ex Parte relief. Furthermore, the majority of Defendants have raised no objection to said relief.

Dated: September 12, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO ISSUE EX PARTE RELIEF IN THE INTERESTS OF JUSTICE AND EQUITY

Per the attached Declaration of Daniel David Dydzak, there is good cause to stay this case to and including December 15, 2022 and allow him an extension to said date to prepare and file opposition papers to the Motion to Dismiss by the so-called 9th Circuit Defendants' Motion to Dismiss.

This Court has inherent and statutory authority to regulate its own affairs as a federal court. Wayman v. Southhard, 29 U.S. 1 (1825). A federal court has broad discretion to stay an action. Landis v. North American Co., 229 U.S. 248, 255 (1936).

Furthermore, ex parte relief can be granted by the federal courts upon a showing of "good cause." Extensions are allowed under the Local Rules. E.g., LR 1A 7-2, 26-3.

In this case, DYDZAK needs additional time to respond to the Motion to Dismiss by so-called 9th Circuit Defendants. There are complex issues of law and fact that need to be addressed. There are other pending developments in the makeup of the Supreme Court of California which may lend itself to resolution with DYDZAK in the near term and make certain issues/causes of action possibly moot. The appointment of a Special Master has to be considered. There are other personal considerations involving DYDZAK's care of his elderly mother that necessitate the stay and moved for extension. DYDZAK has given ex parte notice to all interested parties or their counsel, and met and conferred with certain of the parties' counsel re: his Ex Parte Application.

## II CONCLUSION

For the reasons set forth herein, and in the interests of justice and equity, appropriate Ex Parte relief should be granted, and an Order Shortening Time pertaining thereto.

[redacted] DYDZAK should be afforded an extension to and including December 15, 2022, to respond to the Ninth Circuit Defendants' Motion to Dismiss and a stay of proceedings should be ordered during this period. There is no discernible prejudice to any of the parties by a short delay.

The relief moved for is warranted and reasonable.

Dated: September 12, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

# DECLARATION OF DANIEL DAVID DYDZAK

I, DANIEL DAVID DYDZAK, declare:

1. I am the Plaintiff in the above-entitled case. The facts herein are known to this Declarant. If called as a witness to same, I could and would competently testify thereto under oath. I am an adult over eighteen years, and a resident of the County of Los Angeles, State of California.

2. I apply Ex Parte for an Application for Order Shortening Time for additional time to and including December 15, 2022, to oppose the 9th Circuit Defendants' Motion to Dismiss and for a stay to and said this date re any rulings or further proceedings. On Thursday, September 8, 2022, I left voicemail messages with all the responding Defendants, or Defendants' counsel or their assistants, or spoke to counsel directly notifying them that I would bring an Ex Parte Application in the Courtroom of the Honorable District Judge, Andrew P. Gordon, on or about September 14, 2022, seeking an Order Shortening Time for an extension to December 15, 2022 and a stay of the case until said date. Most of the parties or their counsel did not object to same. The Assistant U.S. Attorney, Patrick Rose, indicated that he would not oppose a reasonable extension of time for me to respond to his clients' Motion to Dismiss. None of the parties or their counsel indicated to me they would oppose the Ex Parte Application.

3. There is good cause for the ex parte relief requested. I need additional time to respond to, research the Motion to Dismiss by the so-called 9th Circuit Defendants. I need additional time to meet and confer with experienced counsel as best how to respond to same. In addition, the issues presented in this case are such that a special master to make recommendations to this Court would be useful. This is a complicated case because of the issues presented and certain of the participant-Defendants involved. In addition, my 83 year old mother has various physical ailments and medical issues that will necessitate my going to see her in Florida for an extended period of time. She is legally blind and needs assistance in various ways. The extension and stay will also allow me additional

time to explore resolution and possible settlement due to pending developments in the Nevada Supreme Court and the Supreme Court of California. .

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on September 12, 2022, at Marina del Rey, California.

DANIEL DAVID DYDZAK

Declarant

**PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 12, 2022, I served a true and correct copy of the following document or pleading:

PLAINTIFF'S EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO EXTEND TIME TO DECEMBER 15, 2022, TO FILE OPPOSITION TO MOITON TO DISMISS BY SO-CALLED NINTH CIRCUIT DEFENDANTS AND STAY CASE IN INTERIM PERTAINING THERETO; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DANIEL DAVID DYDZAK IN SUPPORT THEREOF; [PROPOSED ORDER FILED UNDER SEPARATE COVER]

[ x ] [BY U.S. MAIL] On this same day, I mailed the following interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

See Attached Service List

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct. Executed on September 12, 2022, at Marina del Rey, California.

JIM LANE

Declarant

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 14 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,
Plaintiff,
v.
TANI CANTIL-SAKAUYE, et al.,
Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**[PROPOSED] EX PARTE ORDER**

Before Hon. Andrew P. Gordon,
U.S. District Judge

GOOD CAUSE APPEARING,

IT IS ORDERED that the Ex Parte Application for Order Shortening Time by Plaintiff, DANIEL DAVID DYDZAK, is granted. Plaintiff is granted to and including December 15, 2022, to file and serve opposition to the Motion to Dismiss by Ninth Circuit Defendants and the action is stayed until December 15, 2022.

Dated: ___________, 2022

______________________________
UNITED STATES DISTRICT JUDGE

# CERTIFICATE/PROOF OF SERVICE

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On September 12, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

[PROPOSED] ORDER

[X] [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ATTACHMENT (SERVICE LIST)

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

Daniel D. Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292

LOS ANGELES
12 SEP 202

FOREVER USA
037720912152219

Lloyd D. George Federal Court house
Clerks' Office (Filing)
U.S. District Court
333 Las Vegas Blvd, South
Las Vegas, Nevada
89101

_____ FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 14 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____________ DEPUTY

US MARSHALS SERVICE

89101-706599

Eric M. George
Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
Email: egeorge@egcfirm.com

Defendants *in propria persona*
Eric M. George, Ronald M. George, and Alan I. Rothenberg

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

Case No. 2:22-cv-01008-APG-VCF

**DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE, AND ALAN I. ROTHENBERG'S OPPOSITION TO:**

**(1) PLAINTIFF'S MOTION TO STAY**

**(2) PLAINTIFF'S MOTION TO APPOINT A SPECIAL MASTER**

Trial Date: None Set

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg (collectively "Attorney Defendants") submit this opposition to Plaintiff Daniel D. Dydzak's motion to stay the action and motion to appoint a special master.

## I. MOTION TO STAY

Attorney Defendants oppose Plaintiff's motion to stay the action to the extent Plaintiff seeks to stay the adjudication of the Attorney Defendants' pending motion to dismiss, which is fully briefed and under submission with the Court.[1]

The district court has "the power to stay proceedings . . . to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). "In order to determine whether a *Landis* stay should be implemented, courts consider: (1) 'the possible damage which may result from the granting of a stay,' (2) 'the hardship or inequity which a party may suffer in being required to go forward,' and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Pamintuan v. Bristol–Myers Squibb Co.*, 2016 WL 4319844, at *1 (N.D. Cal. July 14, 2016) (citations omitted).

None of Plaintiff's reasons for staying the action justify delaying adjudication of the Attorney Defendants' submitted motion to dismiss. Plaintiff claims a need for additional time to oppose the Ninth Circuit Defendants' motion to dismiss, Mot. to Stay at 3, Dkt. No. 52, but that motion has nothing to do with Attorney Defendants' motion. Indeed, the issue raised in the Attorney Defendants' motion—whether this Court has personal jurisdiction over them—is exclusive to them and does not turn on either the merits of the action or whether *other* defendants have adequate jurisdictional ties to Nevada. *See* Reply in Support of Mot. to Dismiss at 1–2, Dkt. No. 28; *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848 (N.D. Cal. 2018). Similarly, while

[1] On July 1, 2022, Attorney Defendants moved to dismiss Plaintiff's complaint based on lack of personal jurisdiction. Dkt. No. 5. That motion is now fully briefed. *See* Dkt. Nos. 24 (opposition), 28 (reply).

Plaintiff vaguely alludes to "pending developments in the Nevada Supreme Court" and "pending developments in the makeup of the Supreme Court of California" as further justification for a stay, Mot. to Stay at 3, Plaintiff does not explain how any such "developments" could possibly affect whether this Court has personal jurisdiction over the Attorney Defendants in this action.

Plaintiff next seeks a stay on the basis of a need to appoint a special master in this matter. *Id.* For the reasons stated below, there is clearly no need for a special master in this action—but even if there were, the question of this Court's jurisdiction over the Attorney Defendants would need to be resolved before it could appoint a master on any issue relating to the Attorney Defendants. *See Baker Indus., Inc. v. Cerberus Ltd.*, 764 F.2d 204, 210 (3d Cir. 1985) (court that lacks jurisdiction over the controversy cannot appoint a Rule 53 master). Finally, Plaintiff's need to care for his mother will not affect the court's ability to adjudicate the Attorney Defendants' motion to dismiss.

For these reasons, the Court should deny Plaintiff's motion to stay insofar as it seeks to delay this Court's adjudication of the Attorney Defendants' pending motion to dismiss.

## II. MOTION TO APPOINT SPECIAL MASTER

Plaintiff argues that the Court should appoint a master under Federal Rule of Civil Procedure 53 to make recommendations to the Court on a laundry list of vague allegations against all of the defendants in this matter. *See* Mot. for Appointment of Special Master at 3–4, Dkt. No. 53. Many of the issues Plaintiff raises—such as defendants impersonating judges, court clerks blocking cellphones, and so on, *id.*—are the same kind of vague and fanciful accusations that he has leveled against numerous defendants in the multiple lawsuits he has filed throughout the years.

With respect to the Attorney Defendants, Plaintiff suggests that this Court should appoint a master to "make recommendations pertaining to" them allegedly engaging in "tax fraud, money-laundering, criminal conversion and mail fraud." *Id.* These accusations are wholly unsupported and facially absurd, and nothing in Rule 53 warrants appointment of a master to address them. As an initial matter, this Court lacks personal jurisdiction over the Attorney Defendants and thus necessarily lacks jurisdiction to appoint a master to review any issue relating to them. *See Baker Indus.*, 764 F.2d at 210 (court that lacks jurisdiction over the controversy cannot appoint a Rule 53

special master). Furthermore, in any event, Rule 53 does not contemplate the appointment of a master to address such issues. Absent consent of the parties, the court may appoint a pretrial master only if the pretrial issues "cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(B), (a)(1)(C). "A pretrial master should be appointed only when the need is clear." Fed. R. Civ. P. 53 advisory committee's notes. Even in matters involving complex issues of fact or law, appointments of masters are "the exception and not the rule." *Bartlett-Collins Co. v. Surinam Nav. Co.*, 381 F.2d 546, 550 (10th Cir. 1967).

There is no need to appoint a master here. Plaintiff makes no showing that this Court or a magistrate judge would be unable to timely address any issue that action properly raises. Moreover, aside from the frivolity of Plaintiff's accusations, those accusations are entirely collateral to Plaintiff's complaint allegations against the Attorney Defendants. In the only cause of action Plaintiff asserts against the Attorney Defendants, Plaintiff alleges that they engaged in *ex parte* communications with California Chief Justice Cantil-Sakauye and Court Clerk Navarrette (presumably in connection with his disbarment proceedings). Compl. ¶ 39. Yet Plaintiff claims a need to appoint a master to conduct what amounts to a quasi-criminal investigation of the Attorney Defendants on issues such as fraud and money laundering. Plaintiff draws no connection between the complaint and these accusations, and there is none—besides Plaintiff's unfounded perception that the entire judicial system is engaged in a vast conspiracy against him. There is no need to appoint a master to address accusations that are not even encompassed by the pleadings.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

The Attorney Defendants respectfully request that the Court deny the motion to appoint a special master.

DATED: September 14, 2022 Respectfully submitted,

By: /s/ Eric M. George
Eric M. George, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

DATED: September 14, 2022

By: /s/ Alan I. Rothenberg
Alan I. Rothenberg, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

DATED: September 14, 2022

By: /s/ Ronald M. George
Ronald M. George, *in propria persona*
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Tel. (310) 274-7100

**PROOF OF SERVICE**

**Eric George, et al., adv. Daniel Dydzak**
**United States District Court, District of Nevada – Case No. 2:22-cv-01008-APG-VCF**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa Street, Suite 2000, Los Angeles, CA 90017.

On September 14, 2022, I served true copies of the following document(s) described as **DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE, AND ALAN I. ROTHENBERG'S OPPOSITION TO:** on the interested parties in this action as follows:

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289

Plaintiff, in Pro Per

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ellis George Cipollone O'Brien Annaguey LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 14, 2022, at Los Angeles, California.

Corinne Ubence

**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com

*Attorneys for Defendant Donald F. Miles*

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON a/k/a TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN L. ROTHENBERG; MIDFIRST BANK; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:22-cv-01008-APG-VCF

**DEFENDANT DONALD F. MILES' PARTIAL OBJECTION TO PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS, TO AND INCLUDING, DECEMBER 14, 2022 (ECF NO. 52)**

Defendant, Donald F. Miles ("Defendant Miles"), by and through his attorney of record, Marquis Aurbach, hereby files his Partial Objection to Plaintiff's Motion for Stay of Proceedings, to and including, December 14, 2022. (ECF No. 52). This Partial Objection is made and based upon the Memorandum of Points & Authorities attached hereto, the pleadings and papers on file herein, and any oral argument allowed by counsel at the time of hearing.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**MEMORANDUM OF POINTS & AUTHORITIES**

Defendant Miles does not object to Plaintiff's request for stay as far as it involves discovery. However, Defendant Miles does object to any stay prohibiting the Court from ruling on his Motion to Dismiss. Plaintiff's Motion for Stay makes no mention of a need to stay the Court's ruling on Defendant Miles' Motion to Dismiss. Defendant Miles' motion is fully briefed and may be ruled upon by this Court without any further action by the Plaintiff.

Dated this 14th day of September, 2022.

MARQUIS AURBACH

By *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney for Defendant*
*Donald F. Miles*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT DONALD F. MILES' PARTIAL OBJECTION TO PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS, TO AND INCLUDING, DECEMBER 14, 2022 (ECF NO. 52)** was submitted electronically for filing and/or service with the United States District Court on the 14th day of September, 2022. Electronic service of the foregoing document shall be made in accordance with the CM/ECF-Service List.

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to:

Daniel David Dydzak
4265 Marina City Drive, Ste. 407W
Marina del Rey, CA 90292
Plaintiff Pro Per

*s/Sherri Mong*
an employee of Marquis Aurbach

**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com

*Attorneys for Defendant Donald F. Miles*

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON a/k/a TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN L. ROTHENBERG; MIDFIRST BANK; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:22-cv-01008-APG-VCF

**DEFENDANT DONALD F. MILES' JOINDER TO NINTH CIRCUIT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER. (ECF NO. 56)**

Defendant, Donald F. Miles, by and through his attorney of record, Marquis Aurbach, hereby files his Joinder to Ninth Circuit Defendants' Opposition to Plaintiff's Motion for

/ / /

/ / /

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Appointment of Special Master. (ECF No. 56)

Dated this 13th day of September, 2022.

MARQUIS AURBACH

By *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney for Defendant*
*Donald F. Miles*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT DONALD F. MILES' JOINDER TO NINTH CIRCUIT DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER. (ECF NO. 56)** was submitted electronically for filing and/or service with the United States District Court on the 13th day of September, 2022. Electronic service of the foregoing document shall be made in accordance with the CM/ECF-Service List.

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to:

Daniel David Dydzak
4265 Marina City Drive, Ste. 407W
Marina del Rey, CA 90292
Plaintiff Pro Per

*s/Sherri Mong*
an employee of Marquis Aurbach

**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com

*Attorneys for Defendant Donald F. Miles*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON a/k/a TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN L. ROTHENBERG; MIDFIRST BANK; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:22-cv-01008-APG-VCF

**DEFENDANT DONALD F. MILES' JOINDER TO DEFENDANT CHARLES SCHWAB'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER. (ECF NO. 55)**

Defendant, Donald F. Miles, by and through his attorney of record, Marquis Aurbach, hereby files his Joinder to Defendant Charles Schwab's Response to Plaintiff's Motion for

/ / /

/ / /

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

Appointment of Special Master. (ECF No. 55)

Dated this 13th day of September, 2022.

MARQUIS AURBACH

By *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney for Defendant*
*Donald F. Miles*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT DONALD F. MILES' JOINDER TO DEFENDANT CHARLES SCHWAB'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER. (ECF NO. 55)** was submitted electronically for filing and/or service with the United States District Court on the 13th day of September, 2022. Electronic service of the foregoing document shall be made in accordance with the CM/ECF-Service List.

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to:

Daniel David Dydzak
4265 Marina City Drive, Ste. 407W
Marina del Rey, CA 90292
Plaintiff Pro Per

*s/Sherri Mong*
an employee of Marquis Aurbach

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar Number 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Patrick.Rose@usdoj.gov
*Attorneys for the Ninth Circuit Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

Case No. 2:22-cv-01008-APG-VCF

**Opposition to Motion for Appointment of Special Master**

The Ninth Circuit Defendants submit this opposition to Plaintiff Dydzak's motion for appointment of special master (ECF No. 53) ("Motion").[1]

## Points and Authorities

"Appointment of a special master must be 'the exception and not the rule,' and should occur only upon a showing of clear need". *Barnum v. Equifax Info. Servs., LLC*, No.

[1] The Ninth Circuit Defendants are Ninth Circuit Judge William Canby, Ninth Circuit Judge Ferdinand Fernandez, Ninth Circuit Judge William Fletcher, Ninth Circuit Judge Ronald Gould, Ninth Circuit Judge Johnnie Rawlinson, Ninth Circuit Judge Barry Silverman, Ninth Circuit Judge Richard Tallman, Ninth Circuit Judge Sidney Thomas, Ninth Circuit Judge Kim Wardlaw, U.S. District Judge Maxine Chesney (for the Northern District of California), Ninth Circuit Clerk of Court Molly Dwyer, former U.S. District Judge George King (for the Central District of California), former Ninth Circuit Career Law Clerk/Staff Attorney Edward Schiffer, and former Ninth Circuit Appellate Commissioner Peter Shaw.

2:16-cv-02866-RFB-NJK, 2018 WL 1245492, at *3 (D. Nev. Mar. 9, 2018) (quoting *Burlington Northern R. Co. v. Dept. of Revenue of State of Wash.*, 934 F.2d 1064, 1071 (9th Cir. 1991) and citing Fed. R. Civ. P. 53, Advisory Committee Notes (2003)). District courts may appoint a special master to address pretrial matters that cannot be handled effectively by the judges assigned to the case. *Id.*

Several groups of defendants have filed motions to dismiss this case, which "is the latest in a long line of cases brought by Daniel D. Dydzak since his disbarment by the California Bar in 2010." *Dydzak v. United States*, No. 3:17-cv-04360-EMC, 2017 WL 4922450, at *1 (N.D. Cal. Oct. 31, 2017), *aff'd*, No. 17-17401, 2018 WL 2539464, at *1 (9th Cir. Apr. 24, 2018) (dismissing "appeal as frivolous"). Some groups of defendants have common grounds for their motions to dismiss, e.g., lack of personal jurisdiction, judicial immunity, the bar of prefiling vexatious litigant orders entered against Dydzak. Additional grounds in the Ninth Circuit Defendant's motion to dismiss include the lack of a cognizable, plausible *Bivens* claim here, and a time-bar as to the two putative *Bivens* claims for damages.[2] Judges routinely issue orders that address the merits of dispositive motions. Nothing about this case satisfies the exceptional circumstances of a clear need to address matters that cannot be effectively handled by the judges assigned to this case. Plaintiff "has not made a sufficient showing that appointment of a special master is warranted here," and the Court, therefore, should deny Dydzak's Motion. *Barnum*, 2018 WL 1245492, at *3.

Respectfully submitted this 13th day of September 2022.

JASON M. FRIERSON
United States Attorney

*/s/ Patrick A. Rose*
PATRICK A. ROSE
Assistant United States Attorney

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (the Court implied from the Constitution a cause of action for damages arising from federal law enforcement agents' alleged violation of Mr. Biven's Fourth Amendment rights against unreasonable search and seizure).

**Certificate of Service**

I hereby certify that on September 13, 2022, I electronically filed and served the foregoing Opposition to Motion for Appointment of Special Master with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system and also served a copy via US Mail to the persons below.

US Mail

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Ronald M. George, and,*
*Alan I. Rothenberg*

*/s/ Vera Minkova*
Paralegal Specialist

Brian D. Blakley, Esq.
Nevada Bar No. 13074
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Email: BBlakley@lewisroca.com

*Attorney for Defendant Charles Schwab*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON a/k/a TOM LAYTON, CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN L. ROTHENBERG; MIDFIRST BANK; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:22-CV-01008-APG-VCF

**DEFENDANT CHARLES SCHWAB'S RESPONSE TO PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

There is no reason to appoint a special master as to Defendant Charles Schwab ("Schwab"), and indeed, the Court has no authority to do so. Plaintiff's Motion for Appointment of Special Master ("Motion") is just the latest of Plaintiff's repeated attempts to interfere with the functioning of the judicial system and revive his meritless claims. This Court should deny Plaintiff's Motion, and his associated Motion for Stay of Proceedings ("Stay Motion") (ECF No.

LEWIS ROCA
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

52), at least as to Schwab.[1] It should proceed with a ruling on Schwab's pending Motion to Dismiss (MTD, ECF No. 27-1) without regard for any ruling this Court issues on the Motion or the Stay Motion as to the "9th Circuit Defendants"[2] or any other Defendants.

## II. LEGAL ARGUMENT

Reference to special masters are "'the exception and not the rule', and 'save in matters of account and of difficult computation of damages, … shall be made only upon a showing that some exceptional condition requires it.'" *Burlington N. R. Co. v. Dep't of Revenue of State of Wash.*, 934 F.2d 1064, 1071 (9th Cir. 1991) (internal citations omitted). As a result, courts strictly apply Federal Rule of Civil Procedure 53 "to require a showing of exceptional conditions to justify the appointment." *Id.*

Rule 53(a) governs the requirements to appoint a special master. It states in relevant part: "Unless a statute provides otherwise, a court may appoint a master only to: (A) perform duties consented to by the parties; (B) hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by: (i) some exceptional condition; or (ii) the need to perform an accounting or resolve a difficult computation of damages; or (C) address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53.

None of the limited conditions which can justify the appointment of a special master under Rule 53(a) apply to Schwab in this case. Plaintiff points to no statute justifying the appointment of a special master. Schwab does not consent to the appointment of a special master, nor has Plaintiff provided any evidence that any other party has given such consent. Furthermore, appointing a special master for trial proceedings or findings of fact would be premature as to Schwab, given that Schwab's Motion to Dismiss has been fully briefed and remains pending.

[1] Plaintiff's Stay Motion is addressed in greater detail in Schwab's concurrently filed Response to the same.

[2] In his Stay Motion, Plaintiff refers to the "Motion to Dismiss by the so-called 9th Circuit Defendants" (Stay Motion, ECF No. 52 at p. 2). Plaintiff identified this motion as "Document 46 on PACER" which corresponds with the Motion to Dismiss filed by Defendants Canby, Chesney, Dwyer, Fernandez, Fletcher, Gould, King, Rawlinson, Schiffer, Shaw, Silverman, Tallman, Thomas and Wardlaw. Id. (MTD, ECF No. 46). Schwab therefore also refers to these Defendants as the "9th Circuit Defendants."

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
LEWIS ROCA

LEWIS ROCA
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

Even if Plaintiff could establish that appointing a special master was appropriate at this early stage to hold trial proceedings or determine findings of fact, Plaintiff cannot identify any exceptional conditions or difficult damages calculations in this case. Finally, Plaintiff has established no reason why the pretrial matters currently before the Court "cannot be effectively and timely addressed" by this Court, given that Plaintiff has not even made his own initial disclosures under Rule 26, discovery has not yet commenced, and neither Schwab, nor any other defendant, has filed, and is not yet required to file an answer.

Furthermore, Plaintiff's Motion is primarily addressed towards the 9th Circuit Defendants rather than Schwab. His accompanying Stay Motion addresses only claims against the 9th Circuit Defendants, and does not mention Schwab at all. (Stay Motion, ECF No. 52 at p. 4) ("DYDZAK also believes that the present Motion to Dismiss by so-called 9th Circuit Defendants may necessitate the appointment of a special master.") Indeed, the only reference to Schwab in the instant Motion is Plaintiff's request that a special master make recommendations pertaining to, among other points, "[t]he issue of Defendant SCHWAB giving, upon information and belief, improper incentives and bribes to various parties to harm Dydzak." (Special Master Motion, ECF No. 53 at p. 3). As explained in greater detail in Schwab's Motion to Dismiss, and reply in support of said motion, these specious allegations, are mere repetitions of those in Plaintiff's Complaint, and would not even meet a liberal notice pleading standard, much less the "showing of exceptional circumstances" required by Rule 53 to justify the appointment of a special master as to Schwab. *See e.g.*, (MTD, ECF No. 27-1 at p. 2-3, 12-15); (Reply ISO MTD, ECF No. 49 at p. 5-7). Plaintiff does not explain what these alleged "improper incentives and bribes" are, what "various parties" they were allegedly given to, how these unknown parties allegedly harmed Dydzak, or why Schwab would have any reason to engage in such a scheme.[3] Nor does the qualifier "upon information and belief" transform these baseless allegations into the "showing of

[3] Plaintiff has previously made similar allegations against Schwab in a number of other cases, including *Dydzak v. Schwarzenegger*, Case No. 12-8759 (C.D. Cal. 2012); *Dydzak v. Schwab*, Case No. 4:16-cv-4799-YGR (N.D. Cal. Nov. 30, 2016) and *Dydzak v. United States*, Case No. 17-cv-04360-EMC (N.D. Cal. Oct. 31, 2017). He failed to substantiate these specious allegations in those cases (all of which were dismissed) and after ten years of frivolous litigation, remains unable to do so in this case.

exceptional circumstances" required by Rule 53. Even if Plaintiff's allegations about the other Defendants were sufficiently pled, they would not justify appointing a special master as to Schwab.

Furthermore, even if Plaintiff's had sufficiently pled his allegations regarding Schwab, they still would not justify the appointment of a special master as to Schwab. Because these allegations against Schwab merely reassert those in Plaintiff's Complaint, they are subject to Schwab's pending Motion to Dismiss. (MTD, ECF No. 27-1). This Court, like every other federal district court, regularly deals with such motion to dismiss, assesses the sufficiency of pleading at the motion to dismiss stage, and determines whether a plaintiff has failed to state a claim for relief. As to Schwab, the issues are simple and can be decided on the pleadings by this Court acting within its inherent and statutory authority during the normal course of its business. Indeed, Plaintiff himself affirmatively states that, "[t]his Court has inherent and statutory authority to regulate its own affairs as a federal court." (Special Master Motion, ECF No. 53 at p. 3) (citing *Wayman v. Southhard*, 29 U.S. 1 (1825)). There is no need for a special master to usurp this Court's authority or to interfere with its daily processes, procedures and inherent powers.

Plaintiff's attempt to enlist a special master at this stage seeks to upend the procedural process under the civil rules of procedure. It is unclear what other reason Plaintiff could have to request a Special Master,[4] save perhaps to add another defendant to his inevitable future frivolous suits. Nor does Plaintiff explain what his proposed special master would actually do as to Schwab other than "make recommendations… without limitations" on "various matters before the court" including the unfounded bribery allegation directed against Schwab, which, after 10 years of litigation, is still founded on nothing more than "information and belief." (Special Master Motion, ECF No. 53 at p. 3). Plaintiff cannot sidestep Schwab's pending Motion to Dismiss simply by

[4] Plaintiff's request that a special master be appointed to address the purported blocking of his cell phone number is a red herring. Firstly, on or about January 1, 2017, in *Dydzak v. Alexander*, 2:16-cv-02915-ODW, Docket No. 29 (C.D. Cal. June 1, 2016), the Ninth Circuit Court of Appeals prohibited Plaintiff from communicating with the court except in writing, due in part to Plaintiff's designation as a vexatious litigant. Second, as evidenced by the pleadings filed in this case, Plaintiff has not been denied access to the Court. At most, he has been denied the ability to do so via his cell phone pursuant to a duly authorized order issued in a prior case. Finally, Schwab objects to Plaintiff's ex parte communications with the Court. *See e.g.*, (Letter, ECF No. 51); (Special Master Motion, ECF No. 53 at p. 8, 11).

LEWIS ROCA
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

repeating his allegations here. Plaintiff further appears to request that this Court appoint a special master over Schwab to rule on discovery issues before Schwab has, or more importantly, is even required to file an answer. Plaintiff's Motion for Appointment of a Special Master as to Schwab is simply a thinly veiled end around the rules of civil procedure to keep a claim that is unsupported in fact, and otherwise dead-on-arrival, alive.

Rule 53 and its comments specifically caution against appointing special masters in cases like this one. "A pretrial master should be appointed only when the need is clear. Direct judicial performance of judicial functions may be particularly important in cases that involve important public issues or many parties. At the extreme, a broad delegation of pretrial responsibility… can run afoul of Article III."[5] Fed. R. Civ. P. 53 advisory committee's note to 2003 amendment. This case unquestionably involves many parties, necessitating direct judicial performance of judicial functions by this Court. And as previously discussed, Plaintiff seeks a broad delegation of pretrial responsibility, literally "without limitation" (Special Master Motion, ECF No. 53 at p. 3), which risks running afoul of Article III and divesting this Court of its constitutional authority and responsibilities.

Other factors weigh against appointing a special master as to Schwab. For example, Rule 53(a)(3) specifically states that, "[i]n appointing a master, the court must consider the fairness of imposing the likely expenses on the parties and must protect against unreasonable expense or delay." Appointing a special master in this case as to Schwab would cause Schwab unreasonable delay. Indeed, Plaintiff has already attempted to use his Motion as a justification to stay this case. (Stay Motion, ECF No. 52 at p. 5) ("The possible future appointment of a special master makes the issuance of a stay warranted as well.") Given that Schwab's Motion to Dismiss is fully briefed, any delay in ruling on it stemming from the appointment of a special master is unjustified and unreasonable. Likewise, any unnecessary expense Schwab incurs as a result of appointing a

[5] It should be noted that Plaintiff has previously pointed to Article III as a basis to challenge previous rulings against him, and to bring suit against judicial officials who have issued rulings he found unfavorable. *See e.g.*, (Compl., ECF No. 1-2 at 12). Given Plaintiff's history of vexatious litigation, Plaintiff may employ similar tactics to challenge any unfavorable recommendations issued by a special master or by this Court should it appoint one. Conversely, if Plaintiff's concerns about Article III are genuine, they support the argument that this Motion should be denied as to Schwab.

LEWIS ROCA
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

special master, including any compensation payment under Rule 53(g) would be unreasonable. Accordingly, even if a special master is appointed as to any other Defendants, it should not postpone this Court's ruling on Schwab's Motion to Dismiss, nor should Schwab have to pay any compensation for the special master.

Other than a bare citation to Rule 53(b), the sole authority Plaintiff cites to justify the appointment of a special master is *In re United States Department of Defense*, 848 F .2d 232, 236 (D.C. Cir. 1988) (Special Master Motion, ECF No. 53 at p. 3). He uses that case in support of the proposition that "[a] special master is needed in this case to make recommendations to the District Judge as to the disposition of various matters before the court." *Id*. Yet that case supports the opposite conclusion. *In re U.S. Dep't of Def.*, 848 F.2d 232, 236 (D.C. Cir. 1988). The "*DOD*" court emphasized that the case before it "feature[d] a very special set of circumstances which meet the 'exceptional condition' test of Rule 53." *Id*. (emphasis added). Among these special set of circumstances were the fact that the case involved "a FOIA claim with… a massive collection of 14,000 pages" and that to review those documents would require numerous court clerks to undergo a time-consuming process of obtaining special security clearances. *Id*. Most notably, the *DOD* court found that the lower court's appointment of a special master was appropriate in large part because the lower court judge "carefully cabined the master's authority. He expressly forbade the master from making any recommendations…" *Id*. By contrast, Plaintiff requests that a proposed special master be entitled to make recommendations literally "without limitation." (Special Master Motion, ECF No. 53 at p. 3). Because there has not yet been a ruling on Schwab's fully briefed Motion to Dismiss, there are as yet no discoverable documents for the court to review, much less 14,000 documents requiring special security clearance the motion for a special master should be denied. And to the extent the pleadings in this case thus far appear voluminous, it is solely because of Plaintiff's history of vexatious litigation, which cannot serve as grounds for granting his Motion.

## III. CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Appointment of a Special Master should be denied as to Schwab. If this Court grants this Motion or Plaintiff's Stay Motion as to any other

Defendants, it should not allow either to delay its ruling on Schwab's pending Motion to Dismiss, nor should Schwab be required to pay any compensation for a special master.

Dated this 12th day of September, 2022.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: */s Brian Blakley*
Brian D. Blakley
Nevada Bar No. 13074
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
E-mail: BBlakley@LewisRoca.com

*Attorney for Charles Schwab*

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
LEWIS ROCA

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
LEWIS ROCA

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 12, 2022, a true and exact copy of the foregoing has been served upon all parties via CM/ECF.

US Mail

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Ronald M. George, and,*
*Alan I. Rothenberg*

/s/ Rebecca J. Contla
An employee of Lewis Roca Rothgerber Christie LLP

Brian D. Blakley, Esq.
Nevada Bar No. 13074
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Email: BBlakley@lewisroca.com

*Attorney for Defendant Charles Schwab*

LEWIS ROCA
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON a/k/a TOM LAYTON, CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN L. ROTHENBERG; MIDFIRST BANK; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN and DOES 1 through 50, inclusive,

Defendants.

Case No. 2:22-CV-01008-APG-VCF

**DEFENDANT CHARLES SCHWAB'S RESPONSE TO PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS TO AND INCLUDING DECEMBER 14, 2022**

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff's Motion for Stay should be summarily denied as to Defendant Charles Schwab ("Schwab"), and the Court should proceed with a ruling on Schwab's pending Motion to Dismiss

/ / /

/ / /

/ / /

(MTD, ECF No. 27-1) without regard to its ruling on a stay as to the "9th Circuit Defendants."[1],[2] Plaintiff's Motion for Stay is directed almost exclusively at the 9th Circuit Defendants, and makes no mention of, or even allusion to, Plaintiff's claims against Schwab or a stay of rulings on Schwab's Motion to Dismiss. For example, Plaintiff alleges that he "needs additional time to respond to the Motion to Dismiss by the so-called 9th Circuit Defendants." (Stay Motion, ECF No. 52 at p. 3). He also claims that he "believes that the present Motion to Dismiss by so-called 9th Circuit Defendants may necessitate the appointment of a special master…" *Id*. *See also Id*. at 2. Plaintiff's Motion for Appointment of Special Master (Special Master Motion, ECF No. 53) is addressed in greater detail in Schwab's concurrently filed Response to the same, but there is no basis for granting said Motion as to Schwab. Therefore, even if a special master is appointed as to any other Defendants, it does not justify a stay as to Schwab.

None of the other reasons Plaintiff cites to grant a stay apply to Schwab. Schwab's Motion to Dismiss has been fully briefed and may be ruled upon this court without any further action by Plaintiff. (MTD, ECF No. 27-1). *See also* (Reply ISO MTD, ECF No. 49). Therefore, Plaintiff's need to care for his mother, for example, does not affect this court's ability to rule on Schwab's Motion to Dismiss. (Stay Motion, ECF No. 52 at p. 3, 5). Nor do Plaintiff's oblique references to unspecified "pending developments" in the Supreme Court of California or the Nevada Supreme Court and corresponding references to potential "resolution," "settlement," or "moot[ness]" justify postponing a ruling on Schwab's Motion to Dismiss. *Id*. Schwab is unaware of any matters pending in the Supreme Court of California or Nevada that impact this case. Further, given Plaintiff's history of vexatious litigation, these "developments" (whatever they are) are unlikely to stem the tide of frivolous lawsuits. Indeed, Plaintiff's appeal from the dismissals with prejudice

[1] Plaintiff refers to the "Motion to Dismiss by the so-called 9th Circuit Defendants (Stay Motion, ECF No. 52 at p. 2). Plaintiff identified this motion as "Document 46 on PACER" which corresponds with the Motion to Dismiss filed by Defendants Canby, Chesney, Dwyer, Fernandez, Fletcher, Gould, King, Rawlinson, Schiffer, Shaw, Silverman, Tallman, Thomas and Wardlaw. (MTD, ECF No. 46). Schwab therefore also refers to these Defendants as the "9th Circuit Defendants."

[2] Plaintiff separately contacted counsel for Schwab to request to delay a ruling on his MTD by voluntarily stipulating to the stay at issue here. Schwab respectfully declined for the reasons set forth here.

LEWIS ROCA
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

LEWIS ROCA
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

entered by the Eighth Judicial District Court, Clark County has been dismissed for lack of jurisdiction. (Order Dismissing Appeal attached as Exhibit 1). Accordingly, to the extent this Court grants a stay as to any other Defendants, it should not do so as to Schwab, nor should it allow such a stay to justify delaying its ruling on Schwab's pending Motion to Dismiss.

Dated this 12th day of September, 2022.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: *<u>/s Brian Blakley</u>*

Brian D. Blakley
Nevada Bar No. 13074
993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
E-mail: BBlakley@LewisRoca.com

*Attorney for Charles Schwab*

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
LEWIS ROCA

**CERTIFICATE OF SERVICE**

I hereby certify that, on September 12, 2022, a true and exact copy of the foregoing has been served upon all parties via CM/ECF.

US Mail

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Ronald M. George, and,*
*Alan I. Rothenberg*

/s/ Rebecca J. Contla
An employee of Lewis Roca Rothgerber Christie LLP

# Exhibit 1

Exhibit 1

IN THE SUPREME COURT OF THE STATE OF NEVADA

DANIEL DAVID DYDZAK,
Appellant,
vs.
TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON, A/K/A TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN I. ROTHENBERG; 1ST CENTURY BANK; 1ST CENTURY BACSHARES, INC.; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; AND RICHARD C. TALLMAN,
Respondents.

No. 84868

FILED

SEP 01 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY [signature]
DEPUTY CLERK

*ORDER DISMISSING APPEAL*

This is a pro se appeal from a district court order granting a motion to dismiss. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. Initial review of the notice of appeal and documents before this court reveals a jurisdictional defect. It appears that the challenged order is not a final judgment appealable under NRAP 3A(b)(1). "[A] final judgment is one that disposes of all the issues presented in the case, and leaves nothing for the future consideration of the court, except for post-judgment issues such as attorney's fees and costs." *Lee v. GNLV Corp.*, 116 Nev. 424,

22-27506

426, 996 P.2d 416, 417 (2000). The challenged order grants a motion to dismiss filed by two defendants and does not appear to dismiss the complaint in its entirety. It also appears that appellant's claims against the other defendants remain pending in the district court. And it does not appear that any other statute or court rule allows an appeal from the challenged order. *See Brown v. MHC Stagecoach, LLC*, 129 Nev. 343, 345, 301 P.3d 850, 851 (2013) (this court "may only consider appeals authorized by statute or court rule"). Accordingly, as it appears that this court lacks jurisdiction, this court

ORDERS this appeal DISMISSED.

_______________, J.
Silver

_______________, J.
Cadish

_______________, J.
Pickering

cc: Hon. Nancy L. Allf, District Judge
Daniel David Dydzak
1st Century Bacshares, Inc.
1st Century Bank
A. Wallace Tashima
Alan I. Rothenberg
Barry G. Silverman
Charles Schwab
Donald F. Miles
Edward Ephraim Schiffer
Eric M. George
Ferdinand Francis Fernandez
George H. King
Johnnie B. Rawlinson
Kim McClane Wardlaw
Maxine M. Chesney
Molly C. Dwyer
Peter Lind Shaw
Richard C. Tallman
Ronald M. George
Ronald M. Gould
Sidney R. Thomas
Olson, Cannon, Gormley, & Stoberski
Thomas Layton
William A. Fletcher
William C. Canby
William Dato
Eighth District Court Clerk

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 2 - 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES THERETO; DECLARATION OF DANIEL DAVID DYDZAK IN SUPPORT THEREOF**

**Hearing Requested**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and moves for appointment of a Special Master before the Court makes any dispositive rulings on the various Motions to Dismiss pending before this Honorable Court. Said Special Master is needed in order that he/she can provide guidance and input on various

issues of law and fact before this Honorable federal Court.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities and Declaration of Daniel David Dydzak, and such other argument and authority as may be presented at the hearing of said Motion.

Dated: August 31, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

**MEMORANDUM OF POINTS AND AUTHORITIES**

I

**THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO APPOINT A SPECIAL MASTER IN THE INTERESTS OF JUSTICE AND EQUITY**

This Court has inherent and statutory authority to regulate its own affairs as a federal court. Wayman v, Southhard, 29 U.S. 1 (1825). A federal court has broad discretion to stay an action. Landis v. North American Co., 229 U.S. 248, 255 (1936).

A special master is needed in this case to make recommendations to the District Judge as to the disposition of various matters before the court. Fed.R.Civ.P. 53(b); In re United States Department of Defense, 848 F.2d 232, 236 (D.C. Cir. 1988).

Among issues that a Special Master should be called upon to make recommendations pertaining thereto, without limitation:

(1) The issue of Defendant SHAW impersonating a judge against DYDZAK's civil rights and thereby harming him.

(2) The issue of the illegal blocking of DYDZAK's cell phone by the Clerk of the Ninth Circuit Court of Appeals, Defendant DWYER,

(3) The issue of the disqualification or possible disqualification of the U.S. Attorney's Office in this case.

(4) The issue of Defendant SCHWAB giving, upon information and belief, improper financial incentives and bribes to various parties to harm DYDZAK.

(5) The failure and obstruction of justice by various 9th Circuit Defendants in not ruling on motions pending before that Court, against DYDZAK's civil rights,

(6) The tax fraud, money-laundering, criminal conversion and mail fraud by Defendants ROTHENBERG and Defendant GEORGES to harm DYDZAK.

(7) The issue of Defendant KING not providing DYDZAK a required evidentiary hearing pertaining to DYDZAK's status as a federally licensed attorney in the

Central District of California, against Plaintiff's civil rights and applicable law.

## II CONCLUSION

For the reasons set forth herein, and in the interests of justice and equity, the Motion to Appoint a Special Master should be granted.

Dated: August 31, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

DECLARATION OF DANIEL DAVID DYDZAK

I, DANIEL DAVID DYDZAK, declare:

1. I am the Plaintiff in the above-entitled case. The facts herein are known to this Declarant. If called as a witness to same, I could and would competently testify thereto under oath. I am an adult over eighteen years, and a resident of the County of Los Angeles, State of California.

2. The appointment of a special master is warranted under the circumstances, as set forth in the within Motion.

3. My cell phone, 310-867-1289, is being blocked in various federal courts. I have relayed this violation of my civil and constitutional rights to appropriate persons, per true and correct copies of correspondence and emails collectively marked and attached hereto as Exhibit 1 and incorporated by reference herein.

4. An issue that a Special Master should consider is whether or not the U.S. Attorney's Office in Nevada should cease representation of various parties and disqualify themselves.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 31, 2022, at Marina del Rey, California.

DANIEL DAVID DYDZAK
Declarant

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On August 31, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S MOTION FOR APPOINTMENT OF SPECIAL MASTER; MEMORANDUM OF POINTS AND AUTHORITIES THERETO; DECLARATION OF DANIEL DAVID DYDZAK IN SUPPORT THEREOF

[X] [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 31, 2022, at Los Angeles, California.

Jim Lane

JIM LANE
Declarant

DANIEL DAVID DYDZAK
4265 MARINA CITY DRIVE, SUITE 407W
MARINA DEL REY, CA 90292
TELEPHONE: (310) 867-1289

Hon. Miranda M. Du
Chief Judge
United States District Court (Nevada)
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

August 31, 2022

VIA U.S. MAIL

RE: ADMINISTRATIVE COMPLAINT RE: ILLEGAL BLOCKING OF MY CELL PHONE (310) 867-1289 TO TELEPHONE NUMBERS OF YOUR COURT BUILDING AND OTHER FEDERAL NEVADA COURT BUILDINGS; REQUEST FOR INVESTIGATION AND REMOVAL OF THE ILLEGAL BLOCKING

Dear Chief Judge Du:

I am the Plaintiff in pending federal litigation in your courthouse, DYDZAK V. CANTIL-SAKAUYE et al. (2:22-cv-01008). There is, and was at all times relevant hereto, an illegal blocking of my aforesaid cell phone, upon reasonable information and belief, and same was done and/or ratified illegally by former Chief 9th Circuit Judge Sidney Thomas and other federal agents without an OSC to me. This illegal activity is being illegally condoned and continued, upon reasonable information and belief, by the present Chief Judge of the 9th Circuit, Mary H. Murguia. Could you as Chief Judge take steps to investigate and remove the unlawful blockage which violates applicable state and federal law and violates my civil and constitutional rights, including my First Amendment access to the courts and equal protection and due process of laws? Thank you for your anticipated prompt attention to this urgent matter.

This letter is in no manner to be construed as an illegal ex parte communication, but is a bonafide administrative complaint re: compliance with the Rule of Law in the federal courts. However, it may at some point be attached as an Exhibit to a pertinent pleading in the future, if warranted, in a court of competent jurisdiction in order to protect my legal and constitutional rights. At the present time, the Ninth Circuit is apparently illegally blocking my cell phone number as well, despite my complaining about it.

This administrative complaint is also being brought to the attention of the Chief Justice of the U.S. Supreme Court and Chief Circuit Judge Murguia.

Respectfully,

[signature]

DANIEL D. DYDZAK

cc: Chief Justice Roberts, U.S. Supreme Court; Chief Judge Murguia, 9th Circuit Court of Appeals

EXHIBIT 1

DYDZAK V. CANTIL- SAKAUYE ET AL.

From: Daniel Dydzak (ddydzak@yahoo.com)

To: patrick.rose@usdoj.gov

Date: Tuesday, August 30, 2022 at 08:42 PM PDT

Dear Mr. Rose:

I understand that you are an advocate. However, certain of your clients, upon information and belief, have engaged in conduct that not only violates my civil rights but is or could be construed as criminal (e.g., blocking my phone illegally against applicable law; using an attorney falsely impersonating a judge), So it is quite disingenuous to bring your clients' motion to dismiss when my rights are being egregiously violated.

I have just found out that my phone is illegally blocked to the Nevada U.S. District Court which improperly originated with Judge Chen of the San Francisco federal court and was then condoned and ratified by various Ninth Circuit judges, including but not limited to your client, Circuit Judge Thomas. There was never an OSC before blocking my phone. This is yet another example of certain federal judges violating the law and not observing the Rule of Law.

You and your office should do an investigation into the illegal blocking. Please govern yourself accordingly. It raises an actual or potential issue that you are a material witness to criminal conduct. As an officer of the Court, and an Assistant U.S. Attorney, you are not allowed to tolerate criminal activity at the federal level.

Very truly yours,

DANIEL D. DYDZAK
Plaintiff

DYDZAK V. CANTIL-SAKAUYE ET AL.

From:  Daniel Dydzak (ddydzak@yahoo.com)

To:     patrick.rose@usdoj.gov

Date   Wednesday, August 31, 2022 at 04:44 AM PDT


Dear Mr. Rose:

It came to my attention yesterday that my cell phone, 310-867-1289, is being illegally blocked, upon reasonable information and belief, in all federal Nevada courthouse telephone numbers. I am bringing this illegal activity to the attention of the Chief Judge of the Nevada federal court and the Chief Justice of the United States and the Chief 9th Circuit Judge.

Your office's Motion to Dismiss apparently does not address the illegal blockage of my phone by the Ninth Circuit Clerk and Defendant THOMAS while he was Chief Judge for a long time of that Circuit. This is illegal. Defendant Schiffer has acknowledged to me that he was "behind" the blockage of my phone. The aforementioned misconduct is a violation of my civil rights and criminal.

Please advise if the U.S. Attorney's Office in Nevada is going to investigate the illegal blockage of my phone. This is against applicable federal and state law as well as criminal in nature. I am being denied due process of law, equal protection and my First Amendment right of access to the courts. Should the U.S. Attorney's Office in Nevada not investigate this criminal conduct, this would appear to make you and the present U.S. Attorney in Las Vegas, Nevada compromised, complicit in criminal activity, and grounds for your disqualification and your office. That is one reason a special master is needed. Please respond to this email FORTHWITH. Please explain your position on this illegal blocking forthwith in writing.

Very truly yours,

DANIEL D. DYDZAK
Plaintiff



Daniel D. Dydzak
4265 Marina City Dr.
#407W
Marina Del Rey, CA 90292

LOS ANGELES
31 AUG 2022

FOREVER USA 037720831154951
FOREVER USA 037720831154951

XRAYED US MARSHALS SERVICE

Clerk Office (Civil Filing)
United States District Court
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

FILED
ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD

SEP 2 - 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
DEPUTY

89101-707323

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 2 - 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS TO AND INCLUDING DECEMBER 14, 2022; MEMORANDUM OF POINTS AND AUTHORITIES THERETO; DECLARATION OF DANIEL DAVID DYDZAK IN SUPPORT THEREOF**

**Hearing Requested**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and moves for a stay of the proceedings in this case, to and including December 14, 2022.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities and Declaration of Daniel David Dydzak, and such other argument and

authority as may be presented at the hearing of said Motion.

This Court has inherent and statutory authority to issue the requested stay. In connection with this stay motion, DYDZAK moves that his opposition pleadings and papers to the Motion to Dismiss by so-called 9th Circuit Defendants (Document 46 on PACER) be extended to December 15, 2022. The responsive pleadings to same are presently due September 13, 2022.

Dated: August 30, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## THIS HONORABLE COURT HAS INHERENT AND STATUTORY AUTHORITY TO STAY THE ACTION TO AND INCLUDING DECEMBER 14, 2022, IN THE INTERESTS OF JUSTICE AND EQUITY

Per the attached Declaration of Daniel David Dydzak, there is good cause to stay this case to and including December 14, 2022.

This Court has inherent and statutory authority to regulate its own affairs as a federal court. Wayman v, Southhard, 29 U.S. 1 (1825). A federal court has broad discretion to stay an action. Landis v. North American Co., 229 U.S. 248, 255 (1936). Stays are, for example, often granted where there is a pending arbitration. U.S.C. Section 3.

In this case, DYDZAK needs additional time to respond to the Motion to Dismiss by so-called 9th Circuit Defendants. There are complex issues of law and fact that need to be addressed. In addition, there are pending developments in the Nevada Supreme Court which may or may not dictate whether DYDZAK pursues this case and to what extent. There are other pending developments in the makeup of the Supreme Court of California which may lend itself to resolution with DYDZAK in the near term and make certain issues/causes of action possibly moot. DYDZAK also believes that the present Motion to Dismiss by so-called 9th Circuit Defendants may necessitate the appointment of a special master and he will be filing a motion for such special master in the near term. There are other personal considerations involving DYDZAK's care of his elderly mother that necessitate the stay.

## V CONCLUSION

For the reasons set forth herein, and in the interests of justice and equity, the

Motion to Stay the Case until December 14, 2022, should be granted. The deadline to file and serve opposition papers to the 9th Circuit Defendants' Motion to Dismiss should be extended to and including December 15, 2022, in connection with a stay Order.

The relief moved for is warranted and reasonable.

Dated: Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

DECLARATION OF DANIEL DAVID DYDZAK

I, DANIEL DAVID DYDZAK, declare:

1. I am the Plaintiff in the above-entitled case. The facts herein are known to this Declarant. If called as a witness to same, I could and would competently testify thereto under oath. I am an adult over eighteen years, and a resident of the County of Los Angeles, State of California.

2. I move for a stay to and including December 14, 2022, based upon good cause as follows. I need additional time to respond to, research the recently filed Motion to Dismiss by the so-called 9th Circuit Defendants. I need additional time to meet and confer with experienced counsel as best how to respond to same. In addition, the issues presented in this case are such I will be filing shortly a motion for special master to make recommendations to this Court that would be useful. This is a complicated case because of the issues presented and certain of the participant-Defendants involved. In addition, my 83 year old mother has various physical ailments and medical issues that will necessitate my going to see her in Florida for an extended period of time. She is legally blind and needs assistance in various ways. The stay will also allow me additional time to explore resolution and possible settlement due to pending developments in the Nevada Supreme Court and the Supreme Court of California. The stay should be granted to and including December 14, 2022, and the deadline to file opposition papers to the 9th Circuit Defendants' Motion to Dismiss extended to December 15, 2022. The possible future appointment of a special master makes the issuance of a stay warranted as well.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 30, 2022, at Marina del Rey, California.

DANIEL DAVID DYDZAK
Declarant

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On August 30, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S MOTION FOR STAY OF PROCEEDINGS TO AND INCLUDING DECEMBER 14, 2022; MEMORANDUM OF POINTS AND AUTHORITIES THERETO; DECLARATION OF DANIEL DAVID DYDZAK IN SUPPORT THEREOF

[X] [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 30, 2022, at Los Angeles, California.

Jim Lane

JIM LANE
Declarant



Daniel D. Dydzak
4265 Marina City Drive
#407W
Marina del Rey CA 90292
FOREVER USA
037720830164419
FILED
RECEIVED
ENTERED
SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 2 - 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:
DEPUTY
Clerk's Office (Civil Filing)
U.S. District Court | District of Nevada
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada
89101
8910185346

DANIEL DAVID DYDZAK
4265 MARINA CITY DRIVE, SUITE 407W
MARINA DEL REY, CA 90292
TELEPHONE: (310) 867-1289

___ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 2 - 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ___ DEPUTY

Hon. Miranda M. Du
Chief Judge
United States District Court (Nevada)
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101

August 31, 2022

VIA U.S. MAIL

RE: ADMINISTRATIVE COMPLAINT RE: ILLEGAL BLOCKING OF MY CELL PHONE (310) 867-1289 TO TELEPHONE NUMBERS OF YOUR COURT BUILDING AND OTHER FEDERAL NEVADA COURT BUILDINGS; REQUEST FOR INVESTIGATION AND REMOVAL OF THE ILLEGAL BLOCKING

Dear Chief Judge Du:

I am the Plaintiff in pending federal litigation in your courthouse, DYDZAK V. CANTIL-SAKAUYE et al. (2:22-cv-01008). There is, and was at all times relevant hereto, an illegal blocking of my aforesaid cell phone, upon reasonable information and belief, and same was done and/or ratified illegally by former Chief 9th Circuit Judge Sidney Thomas and other federal agents without an OSC to me. This illegal activity is being illegally condoned and continued, upon reasonable information and belief, by the present Chief Judge of the 9th Circuit, Mary H. Murguia. Could you as Chief Judge take steps to investigate and remove the unlawful blockage which violates applicable state and federal law and violates my civil and constitutional rights, including my First Amendment access to the courts and equal protection and due process of laws? Thank you for your anticipated prompt attention to this urgent matter.

This letter is in no manner to be construed as an illegal ex parte communication, but is a bonafide administrative complaint re: compliance with the Rule of Law in the federal courts. However, it may at some point be attached as an Exhibit to a pertinent pleading in the future, if warranted, in a court of competent jurisdiction in order to protect my legal and constitutional rights. At the present time, the Ninth Circuit is apparently illegally blocking my cell phone number as well, despite my complaining about it.

This administrative complaint is also being brought to the attention of the Chief Justice of the U.S. Supreme Court and Chief Circuit Judge Murguia.

Respectfully,

DANIEL D. DYDZAK

cc: Chief Justice Roberts, U.S. Supreme Court; Chief Judge Murguia, 9th Circuit Court of Appeals

LOS ANGELES CA 900
31 AUG 2022PM 8 L
FOREVER
USA
Hon. Miranda M. Du
Chief Judge
United States District Court (Nevada)
Lloyd D. George Federal Courthouse
333 Las Vegas Blvd. South
Las Vegas, Nevada 89101
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
SEP 2 2022
US DISTRICT COURT
DISTRICT OF NEVADA
DEPUTY
89101-706599

JASON M. FRIERSON
United States Attorney
District of Nevada
Nevada Bar Number 7709

PATRICK A. ROSE
Assistant United States Attorney
Nevada Bar Number 5109
501 Las Vegas Blvd. So., Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Patrick.Rose@usdoj.gov
*Attorneys for the Ninth Circuit Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br>Plaintiff,<br>vs.<br>TANI CANTIL-SAKAUYE, et al.,<br>Defendants. | Case No. 2:22-cv-01008-APG-VCF<br>**Motion to Dismiss** |

Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (6), the following defendants move for an order dismissing them, as well as the fourth through seventh causes of action asserted against them: Ninth Circuit Judge William Canby; Ninth Circuit Judge Ferdinand Fernandez; Ninth Circuit Judge William Fletcher; Ninth Circuit Judge Ronald Gould; Ninth Circuit Judge Johnnie Rawlinson; Ninth Circuit Judge Barry Silverman; Ninth Circuit Judge Richard Tallman; Ninth Circuit Judge Sidney Thomas; Ninth Circuit Judge Kim Wardlaw; U.S. District Judge Maxine Chesney (for the Northern District of California); Ninth Circuit Clerk of Court Molly Dwyer; former U.S. District Judge George King (for the Central District of California); former Ninth Circuit Career Law Clerk/Staff Attorney Edward Schiffer; and former Ninth Circuit Appellate Commissioner Peter Shaw (collectively "Ninth Circuit Defendants").

Plaintiff's putative *Bivens* claims against the Ninth Circuit Defendants suffer from numerous fatal deficiencies including the following: this Court lacks personal jurisdiction over all but one Ninth Circuit Defendant; the claims are barred by claim preclusion, the statute of limitations, and/or vexatious litigant prefiling orders entered against Plaintiff; Plaintiff fails to allege plausible *Bivens* claims for relief; and the Ninth Circuit Defendants have judicial or quasi-judicial immunity.[1] And to the extent Plaintiff seeks injunctive relief—which is impermissible under *Bivens* anyway—this Court lacks subject matter jurisdiction to enjoin or order mandamus against the judges and staff of the Ninth Circuit, as well as the judge of a sister district court.

## I. Introduction

### A. Some of Plaintiff Dydzak's Litigation History

"This is the latest in a long line of cases brought by Daniel D. Dydzak since his disbarment by the California Bar in 2010." *Dydzak v. United States*, No. 3:17-cv-04360-EMC, 2017 WL 4922450, at *1 (N.D. Cal. Oct. 31, 2017), *aff'd*, No. 17-17401, 2018 WL 2539464, at *1 (9th Cir. Apr. 24, 2018) (dismissing "appeal as frivolous"). Dydzak's history includes a reciprocal disbarment proceeding in the Central District of California, case No. 2:10-mc-00270-GHK, which is referenced in the instant complaint's seventh cause of action, and a reciprocal disbarment proceeding in the Ninth Circuit, case No. 10-80193, which is referenced in the instant's complaint's sixth cause of action. *See* Compl. ¶¶ 53(1), (4), 61(1), ECF No. 1-2.[2] Dydzak unsuccessfully appealed and sought writs of certiorari, as applicable, for the reciprocal orders of disbarment. *See* No. 11-56028, ECF No. 4-1 (affirming order of

---

[1] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (the Court implied from the Constitution a cause of action for damages arising from federal law enforcement agents' alleged violation of Mr. Biven's Fourth Amendment rights against unreasonable search and seizure).

[2] Courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (citation omitted). Courts may also take judicial notice of information on government websites. *See Eagle SPE NV 1, Inc. v. S. Highlands Dev. Corp.*, 36 F. Supp. 3d 981, 985 (D. Nev. 2014) (citations omitted).

reciprocal disbarment entered in No. 2:10-mc-00270-GHK), ECF No. 11 (the United States Supreme Court dismissed the petition for writ of certiorari and noted that the "petitioner has repeatedly abused this Court's process"); No. 10-80193, ECF No. 49 (the United States Supreme Court denied the petition for writ of certiorari on December 12, 2011).

Dydzak's litigation history also includes court orders finding him to be a vexatious litigant. In September 2012, the Central District of California declared Dydzak a vexatious litigant, prohibiting him "from initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California," and requiring that he "provide security in the amount of $5,000 for each defendant against whom he seeks to proceed with Court authorization in the future." *Dydzak v. Cantil-Sakauye*, No. C11-5560-JCC, 2012 U.S. Dist. LEXIS 191396, at *19 (C.D. Cal. Sept. 25, 2012), *aff'd*, *Dydzak v. Cantil-Sakauye*, 603 F. App'x 622, 623 (9th Cir. 2015) ("The district court did not abuse its discretion by entering a pre-filing order against Dydzak after providing him notice and an opportunity to be heard, developing an adequate record for review, making substantive findings regarding his frivolous litigation history, and tailoring the restriction narrowly.").

In March 2018, the Northern District of California declared Dydzak a vexatious litigant, prohibiting him "from initiating any further litigation in this or any other federal court raising any claim based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate, without prior authorization from the federal court in which he seeks to initiate such litigation," and requiring that he "provide security in the amount of $5,000 for each defendant against whom he seeks to proceed with court authorization in the future." *Dydzak v. United States*, No. 17-cv-04360-MMC, 2018 U.S. Dist. LEXIS 44842, at *5 (N.D. Cal. Mar. 19, 2018).

**B. The Instant Causes of Action (Fourth through Seventh) Against the Ninth Circuit Defendants.**

In his fourth cause of action, Dydzak invokes *Bivens* and a First Amendment right of access to the courts. He alleges that Clerk Dwyer blocked his cell phone number from calling the Ninth Circuit and that Judge Thomas ratified such action. Compl. ¶¶ 42–43, ECF No. 1-2. Dydzak requests damages and equitable (including injunctive) relief. Compl. ¶¶ 44–46.[3]

In his fifth cause of action, Dydzak fails to identify a constitutional right that was allegedly violated. He alleges that Judge Chesney violated her oath to be a fair and impartial federal judge, lacked jurisdiction to adjudicate a case, and had *ex parte* communications with unidentified third parties and with (already-dismissed) Defendant Tani Cantil-Sakauye. Compl. ¶ 48(1)–(3); *see also* ECF No. 1-3 (state court order granting motion to dismiss by California Supreme Court Chief Justice Tani Cantil-Sakauye). Dydzak alleges that Judges Silverman, Fletcher, and Rawlinson violated Dydzak's civil rights by not ruling on four motions in case no. 18-15673. Compl. ¶ 48(5). Dydzak requests equitable (including injunctive) relief. Compl. ¶¶ 50–51.

In his sixth cause of action, Dydzak fails to identify a constitutional right that was allegedly violated. He alleges that former Appellate Commissioner Shaw misrepresented that Shaw could make rulings and conduct an evidentiary hearing in a judicial capacity and that any orders issued by Shaw in case No. 10-80193 were and are void. Compl. ¶ 53(1). Dydzak further alleges that former Staff Attorney Schiffer assisted Shaw, and that Shaw and Schiffer were bribed by Defendant Schwab or that such defendants have actual or apparent financial conflicts of interest. Compl. ¶ 53(3). Dydzak also alleges that Judges Canby,

---

[3] Dydzak also invokes 42 U.S.C. § 1983, Compl. ¶ 42, but Section "1983 does not provide a cause of action for actions taken under color of *federal law*." *Whitehorn v. F.C.C.*, 235 F. Supp. 2d 1092, 1099 (D. Nev. 2002) (citations omitted); *see also Corey v. McNamara*, 409 F. Supp. 2d 1225, 1226-27 (D. Nev. 2006) (federal "employees are acting under federal law and are, therefore, not covered by Section 1983.").

Gould, and Tallman acted unethically, fraudulently, and illegally by issuing rulings adverse to Dydzak. Compl. ¶ 53(4)–(5). Dydzak requests equitable (including injunctive) relief against Judges Canby, Gould, and Tallman, Compl. ¶ 54, while he requests damages and equitable (including injunctive) relief against former Appellate Commissioner Shaw and former Staff Attorney Schiffer, ¶¶ 55, 57–58.

In his seventh cause of action, Dydzak alleges that former Judge King had *ex parte* communications with unidentified persons in case No. 2:10-mc-00270-GHK [a reciprocal disbarment proceeding in the Central District of California]. Compl. ¶ 61(1). Dydzak alleges that King denied Dydzak a fair and impartial process, which was against substantive and procedural due process, equal protection of the laws, and First Amendment access to the courts, and for which King's rulings were void. Compl. ¶ 61(1)–(4). In the appeal of Judge King's ruling(s), Judges Fernandez, Tashima, and Wardlaw allegedly acted unlawfully and unconstitutionally by issuing orders adverse to Dydzak. Comp. ¶ 61(5). And Dydzak again alleges bribes, financial conflicts of interest, and/or *ex parte* communications. Compl. ¶ 61(5), 62. Dydzak requests equitable (including injunctive) relief. Compl. ¶ 63.

## II. Points and Authorities

### A. This Court Lacks Personal Jurisdiction over Most of the Ninth Circuit Defendants.

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Arandell Corp. v. Xcel Energy, Inc.* (*In re W. States Wholesale Nat'l Gas Antitrust Litig.*), 605 F. Supp. 2d 1118, 1130 (D. Nev. 2009) (citing *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). To meet this burden, a plaintiff must demonstrate that personal jurisdiction over a defendant is (1) permitted under the applicable state's long-arm statute and (2) the exercise of jurisdiction does not violate federal due process. *Id.* (citing *Pebble Beach Co.,* 453 F.3d at 1154); *see also Sciara v. Campbell*, No. 2:18-cv-01700-DJA, 2019 WL 8128162, at *2 (D. Nev. Sept. 27, 2019) (Federal courts have personal jurisdiction over defendants to the same extent as the state courts in the state in which the federal district court is located.)

(citation omitted), *aff'd in part, rev'd in part*, 840 Fed. App'x 920 (9th Cir. 2020). Where a state has a long-arm statute providing its courts with jurisdiction to the fullest extent permitted by the due process clause, as Nevada does, a court need only address federal due process standards. *Sciara*, 2019 WL 8128162, at *2 (citing *Arbella Mut. Ins. Co. v. Eighth Jud. Dist. Ct.*, 134 P.3d 710, 712 (Nev. 2006)); NRS 14.065.

Due process requires that a defendant be present within the state or have certain minimum contacts with the state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (citations omitted). A defendant's conduct and connection with the forum must be such that the defendant should reasonably anticipate being haled into court there. *Sciara,* 2019 WL 8128162, at *2 (citing *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990)). Courts typically assess whether a defendant is essentially present in the state so as to be subject to general personal jurisdiction or has sufficient minimum contacts with the state so as to be subject to specific personal jurisdiction; for the latter, the litigation must arise from the defendant's contacts with the forum. *See Arandell Corp.,* 605 F. Supp. 2d at 1131; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415–16 (1984). The requirements for personal jurisdiction must be established as to each defendant. *See Walden v. Fiore*, 571 U.S. 277, 286 (2014) (citing *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)); *Zeiger v. WellPet LLC*, 304 F. Supp. 3d 837, 848 (N.D. Cal. 2018).

**1. General personal jurisdiction.**

To establish general personal jurisdiction, the plaintiff must demonstrate the defendant has sufficient contacts to constitute the kind of continuous and systematic general business contacts that approximate physical presence. *Arandell Corp.*, 605 F. Supp. 2d at 1131 (citations omitted); *see also Sciara*, 2019 WL 8128162, at *4–6 (affiliations with the forum state must be so "continuous and systematic" as to render defendant essentially "at home" in the forum) (citation omitted). "[A] defendant whose contacts are substantial, continuous, and systematic is subject to a court's general jurisdiction even if the suit

concerns matters not arising out of his contacts with the forum." *Arandell Corp*., 605 F. Supp. 2d at 1131 (alteration in original) (citations omitted).

With one exception, Dydzak alleges that every Ninth Circuit Defendant resides outside of Nevada, in a city in California. *See* Compl. ¶¶ 7–10, 16–17, 19–25.[4] The Ninth Circuit's website provides similar information. *See* https://www.ca9.uscourts.gov/judicial-council/judges-seniority-list/ (last visited August 29, 2022) (listing the city in which each Ninth Circuit judge maintains chambers). Thus, Dydzak's allegations, along with judicially-noticeable information, indicate that no Ninth Circuit Defendant (other than Judge Rawlinson) is present in Nevada so as to be subject to general personal jurisdiction in Nevada.

**2. Specific personal jurisdiction.**

The Ninth Circuit has established a three-prong test for analyzing specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "The plaintiff bears the burden of satisfying the first two prongs of the test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* (citations omitted).

Under the first prong, the phrase "purposeful availment" is often used as a shorthand phrase for either of two circumstances: the defendant purposefully availed herself of contracting in or doing business in the forum in contract-type cases; or, in tort cases, the

[4] Dydzak alleges that Judge Rawlinson resides in the City of Las Vegas, State of California [sic]. Compl. ¶ 7.

defendant purposefully directed her actions at the forum, such as distributing goods to the forum or committing an intentional act, expressly aimed at the forum, and causing harm that the defendant knows is likely to be suffered in the forum state. *Calder v. Jones*, 465 U.S. 783, 789 (1984). In *Walden v. Fiore*, 571 U.S. 277 (2014), the Supreme Court found no specific jurisdiction in Nevada over a deputized DEA agent who searched a Nevada–bound couple at a Georgia airport, seized property, and drafted an allegedly false, probable cause affidavit to support a forfeiture action in Georgia. *Id*. at 279–80. The Supreme Court held that "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." *Id*. at 291. The Court found that defendant's actions in Georgia "did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections." *Id*. at 289. "Petitioner's [Defendant's] relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Id*. at 291.

Here, Dydzak alleges no facts showing that any Ninth Circuit Defendant directed activities toward Nevada. Dydzak does not even allege that he has connections with Nevada, rendering any argument for specific jurisdiction here weaker than in *Walden*, 571 U.S. 277. Dydzak is a California resident, he complains of orders, actions, or omissions that arose from or are related to cases that originated in California, and all Ninth Circuit Defendants (except Judge Rawlinson) reside and/or maintain chambers outside Nevada. Thus, Dydzak's allegations fail to establish the necessary "'relationship among the defendant, the forum, and the litigation'" to establish specific personal jurisdiction. *Id*. at 291 (quoting *Calder*, 465 U.S. at 788).

**B. The Fourth Cause of Action Is Barred By Claim Preclusion.**

Claim preclusion prohibits lawsuits on any claims that were raised or could have been raised in a prior action. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citation omitted). Claim preclusion applies when there is (1) an identity of claims, (2) a

final judgment on the merits, and (3) identity or privity between parties. *Id.* (citation and internal quotation marks omitted).

In the fourth cause of action, Dydzak alleges that Clerk Dwyer blocked Dydzak's phone number from calling the Ninth Circuit's Clerk's Office in San Francisco, and such act was authorized, ratified, etc. by Judge Thomas. Compl. ¶ 42. Dydzak previously sued Dwyer and Thomas for such alleged conduct. *See Dydzak*, 2017 WL 4922450, at *6. Thus, there is an identity of claims and parties.

"The phrase 'final judgment on the merits' is often used interchangeably with 'dismissal with prejudice.'" *Stewart*, 297 F.3d at 956 (citations omitted). The Northern District of California dismissed Dydzak's phone-blocking claim with prejudice (on the grounds of judicial immunity and quasi-judicial immunity). *See Dydzak*, 2017 WL 4922450, at *6–8. Therefore, the instant fourth cause of action (for alleged blocking of phone) is barred by claim preclusion and should be dismissed.

**C. The Fourth and Sixth Causes of Action Are Time-Barred.**

The applicable statute of limitations for a *Bivens* claim is the forum state's statute of limitations for personal injury actions. *Schwarz v. Meinberg*, 761 F. App'x 732, 735 (9th Cir. 2019) (citing *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) and *Van Strum v. Lawn*, 940 F.2d 406, 410 (9th Cir. 1991)). In Nevada, the limitations period for a personal injury action is two years. *Scrase v. Forever Resorts*, No. 2:12-cv-00983-KJD-PAL, 2013 WL 3198339, at *4 (D. Nev. June 21, 2013) ("Even if Plaintiff could state a *Bivens* claim, it would be barred by the two-year statute of limitations.") (applying NRS 11.190(4)(e)).[5] "A *Bivens* claim accrues when the plaintiff knows or has reason to know of the injury." *W. Ctr. For Journalism v. Cederquist*, 235 F.3d 1153, 1156 (9th Cir. 2000).

In the fourth cause of action, Dydzak alleges the Clerk Dwyer blocked Dydzak's phone number from calling the Ninth Circuit's Clerk's Office in San Francisco, and such act

[5] California also has a two-year limitations period for personal injury actions. *Schwarz*, 761 F. App'x at 735 (citing Cal. Code Civ. P. § 335.1).

was authorized, ratified, etc. by Judge Thomas. Compl. ¶ 42. As already reasoned by a sister district court, the alleged blockage of the phone was based on a Ninth Circuit order, dated January 17, 2017, prohibiting Dydzak from communicating with the Ninth Circuit except in writing. *Dydzak*, 2017 WL 4922450, at *3, *6, *8 (referencing ECF No. 29 in *Dydzak v. Alexander*, 2:16-cv-02915-ODW (C.D. Cal.) [also ECF No. 9 in No. 16-55813 (9th Cir.)]). The January 17, 2017, prohibition order was the last order filed by a Ninth Circuit Defendant in case nos. 16-55813 and 2:16-cv-02915-ODW. Therefore, the instant complaint's fourth cause of action is time-barred as a putative *Bivens* claim and should be dismissed.

In the sixth cause of action, Dydzak complains of filings in case No. 10-80193, which began in 2010 as a reciprocal disbarment proceeding in the Ninth Circuit. *See* No. 10-80193 (9th Cir.), ECF No. 3. The last order filed by a Ninth Circuit Defendant in such case was in 2012 (and Dydzak made subsequent filings during 2016–2017). Because all filings in No. 10-80193 (9th Cir.) predate the instant lawsuit by more than two years, the instant complaint's sixth cause of action is time-barred as a putative *Bivens* claim and should be dismissed.

**D. Dydzak Fails to Assert *Bivens* Claims for Damages in the Fifth and Seventh Causes of Action.**

In *Bivens*, the Supreme Court authorized a damages action against federal officials for alleged violations of the Fourth Amendment. *Egbert v. Boule*, ____ U.S. ___, 142 S. Ct. 1793, 1799 (2022); *see also Ministerio Roca Solida v. McKelvey*, 820 F.3d 1090, 1094 (9th Cir. 2016) (In *Bivens*, the Supreme Court held that "'petitioner is entitled to recover *money damages* for any injuries he has suffered as a result of the agents' violation of the [Fourth] Amendment.'") (emphasis and alteration in original) (quoting *Bivens*, 403 U.S. at 397).

Equitable relief, including declaratory and injunctive relief, is not available as a *Bivens* remedy. *See Ministerio Roca Solida*, 820 F.3d at 1093-96. By definition, *Bivens* suits are individual capacity suits and thus cannot enjoin official government action. *Id*. at 1094. In his fifth and seventh causes of action, Dydzak disavows monetary damages; he seeks equitable including injunctive relief. *See* Compl. ¶¶ 50-51, 63. Therefore, the fifth and

seventh causes of action fail to establish a cognizable *Bivens* claim and should be dismissed. *See Ministerio*, 820 F.3d at 1096 ("McKelvey's motion to dismiss [the *Bivens* claim for injunctive relief] for failure to state a claim should have been granted.").

And to the extent that Dydzak's claims could be construed as seeking injunctive relief against a Ninth Circuit Defendant in his or her official capacity, Dydzak has not established the subject matter jurisdiction, authority, or grounds for this Court to enjoin the judges or staff of the Ninth Circuit or the judge of a sister district court. *Cf. In re Sussex*, 781 F.3d 1065, 1070 (9th Cir. 2015) ("A writ of mandamus is an extraordinary or drastic remedy, used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.") (internal quotation marks and citation omitted); *Stafne v. Zilly*, 337 F. Supp. 3d 1079, 1091 (W.D. Wash. 2018) (district court lacked jurisdiction to issue what is essentially a writ of mandamus to another district court judge or to the Ninth Circuit; otherwise, it would permit a "horizontal appeal" from one district court to another or a "reverse review" of a ruling of the court of appeals) (citing *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1392–93 (9th Cir. 1987)), *aff'd*, 820 F. App'x 594 (9th Cir. 2020); *see also Shull v. Univ. of Queensland*, No. 2:18-cv-01781-APG-BNW, 2019 WL 4345979, at *2 (D. Nev. Sept. 12, 2019) (plaintiff failed to allege the likelihood of a future constitutional violation, as well as the specific injunctive relief he seeks).

**E. The Sixth and Seventh Causes of Action Are Barred by the Vexatious Litigant Prefiling Orders.**

"A litigant 'is not permitted to hopscotch from court to court because she does not like the rulings she has received.'" *O'Neil v. New York*, No. 2:21-cv-00036-KJD-NJK, 2021 WL 1555040, at *4 (D. Nev. Mar. 24, 2021) (citations omitted), *report and recommendation adopted*, 2021 WL 1554323, (D. Nev. Apr. 20, 2021). "More specifically, a vexatious litigant cannot circumvent a prefiling order issued in one district by filing similar cases in another district." *Id.* (citations omitted). Courts have not abandoned these principles or the intent of prefiling orders when a litigant hops to state court to commence an otherwise enjoined

action. *See, e.g., Whitehead v. Twentieth Century Fox Film Corp*., No. CIV.A. 05-1462 GK, 2005 WL 3275905, (D.D.C. Aug. 29, 2005) (finding that experienced *pro se* plaintiff commenced action in state court to evade an order enjoining plaintiff from commencing certain actions in federal district court); *Jemzura v. Mikoll*, No. 99-CV-710, 2001 WL 1217227, (N.D.N.Y. Sept. 4, 2001) (finding that state court action was subject to an order enjoining plaintiffs from commencing certain actions in federal district court).

Dydzak is subject to two vexatious litigant prefiling orders that prohibit him from initiating further litigation "alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California[,]" *Dydzak*, 2012 U.S. Dist. LEXIS 191396, at *19, *aff'd*, 603 F. App'x 622, and from "raising any claim based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate," *Dydzak*, 2018 U.S. Dist. LEXIS 44842, at *5. Dydzak complains, in his sixth cause of action, of filings, acts, and omissions in or related to Ninth Circuit case No. 10-80193, which was a reciprocal disbarment proceeding. *See* No. 10-80193 (9th Cir.), ECF No. 3. Therefore, Dydzak's sixth cause of action is subject to the prefiling orders and should be dismissed.

Similarly, Dydzak complains, in his seventh cause of action, of filings, acts, or omissions in or related to case No. 2:10-mc-00270-GHK, which was also a reciprocal disbarment proceeding, and case No. 11-56028, which was Dydzak's unsuccessful appeal to the Ninth Circuit of the district court's disbarment order. *See* No. 2:10-mc-00270-GHK (C.D. Cal.), ECF No. 1; No. 11-56028 (9th Cir.). Therefore, the seventh cause of action is subject to the prefiling orders and should be dismissed.

**F. The Factual Allegations Fail to Establish Cognizable, Plausible *Bivens* Claims Against the Ninth Circuit Defendants.**

To state a plausible claim for relief, the complaint's factual content must allow the court to draw the reasonable inference that the defendant is liable for the factual misconduct alleged. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp v. Twombly*, 550

U.S. 544, 556 (2007)). An inference of the mere possibility of misconduct is insufficient; indeed, where a complaint pleads facts that are just consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* (citing *Twombly*, 550 U.S. at 557). It is not enough for a plaintiff to use labels, conclusions, naked assertions, or a formulaic recitation of the elements of a cause of action, for while a court accepts the factual allegations in a complaint as true, it does not accept as true legal conclusions. *See id.* at 678-9. Allegations that constitutional rights were violated are conclusory and part of a formulaic recitation. *Compare id.* at 666 (noting that respondent claimed "he was deprived of various constitutional protections") *with id*. at 687 (holding that respondent "fail[ed] to plead sufficient facts to state a claim for purposeful and unlawful [unconstitutional] discrimination against petitioners"); *see also Montoya v. Smith*, No. 2:16-cv-00032-JAD-VCF, 2016 WL 3511185, at *5–6 (D. Nev. June 27, 2016) (dismissing Sheriff who allegedly "'encouraged,'" "'allowed,'" and was "'a moving force [behind] and/or proximate cause' of the constitutional violations.") (alteration in original).

**1. This case presents a starkly different context than the three in which the Supreme Court authorized a *Bivens*-type claim for an alleged violation of a constitutional right.**

After the *Bivens* case for an alleged Fourth Amendment violation, the Supreme Court authorized constitutional damages claims in just two additional contexts: a Fifth Amendment, sex-discrimination claim by a congressional staffer; and an Eighth Amendment, inadequate-care claim by a federal prisoner. *See Egbert*, 142 S. Ct. at 1802 (citing *Davis v. Passman*, 442 U.S. 228, 234 (1979) and *Carlson v. Green*, 446 U.S. 14 (1980)). For the past 42 years, the Supreme Court has consistently declined to extend the *Bivens* cause of action to any new contexts beyond the original three. *See id*. at 1799, 1802; *see also Zigler v. Abassi*, __ U.S. __, 137 S. Ct. 1843, 1857 (2017) ("[T]he Court has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity.'").

Therefore, the "'first question a court must ask in a case like this one is whether the claim arises in a new *Bivens* context, i.e., whether the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court.'" *Vega v. United States*, 881 F.3d

1146, 1153 (9th Cir. 2018) (quoting *Ziglar*, 137 S. Ct. at 1864). While the following is not an exhaustive list,

> [a] case might differ in a meaningful way because of the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the function of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Ziglar*, 137 S. Ct. at 1861. "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Hernandez v. Mesa*, ___ U.S. ___, 140 S. Ct. 735, 743 (2020) (declining to extend *Bivens* remedy to new context of cross-border shooting allegedly in violation of the Fourth Amendment); *see also Egbert*, 142 S. Ct. 1793 (declining to extend *Bivens* remedy to new context of Fourth Amendment, excessive force claim against Border Patrol agent); *Ziglar*, 137 S. Ct. at 1857 (collecting cases in which the Court rejected *Bivens* remedy in suits alleging race discrimination, violations of procedural and substantive due process, and violation of Eighth Amendment).

As recounted in the Introduction, *supra*, Dydzak asserts the following claims: a claim for violation of a First Amendment, right of access to the courts based on the alleged blocking of his cell phone number (fourth cause of action); a claim that judges were unfair, had *ex parte* communications, and failed to rule on motions (fifth cause of action); a claim that court staff misrepresented their authority, received bribes, and/or had financial conflicts of interest, as well as that appellate judges acted unethically, fraudulently, and illegally by issuing rulings adverse to Dydzak (sixth cause of action); and an additional claim that judges had *ex parte* communications, were unfair, and violated the rights of access to courts and procedural and substantive due process by issuing orders adverse to Dydzak (seventh cause of action). These "claims bear little resemblance to the three *Bivens* claims the [Supreme] Court has approved in the past[.]" *Ziglar*, 137 S. Ct. at 1860; *see also id.* at 1864 ("even a modest extension is an extension"). Because this case presents a different context than the three past *Bivens* cases, this Court must next ask whether any special factors

indicate that the Court should not extend the *Bivens* remedy to this new context. *Id*. at 1857, 1860; *see also Egbert*, 142 S. Ct. at 1803.

**2. This Court should not extend *Bivens* to the new context of this case.**

An alternative remedial structure is a sufficient, though not necessary, reason to decline to extend *Bivens* to a new context. *See Egbert*, 142 S. Ct. at 1804; *Zigler*, 137 S. Ct. at 1862–63; *Wilkie v. Robbins*, 551 U.S. 537, 550, 554 (2007). Alternate remedies need not provide the same relief as *Bivens*, e.g., damages. *See Egbert*, 142 S. Ct. at 1806–7 (rejecting *Bivens* where plaintiff had available an administrative grievance procedure, which triggered an agency investigation of the officer's conduct); *Abassi*, 137 S. Ct. at 1862–63 (rejecting *Bivens* where plaintiff had available injunctive relief and possibly a writ of habeas corpus); *Bush v. Lucas*, 462 U.S. 367, 378 (1983) (rejecting *Bivens* where plaintiff had available the alternative remedies in the Civil Service Reform Act); *W. Radio Serv. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123–25 (9th Cir. 2009) (rejecting *Bivens* where plaintiff had available the Administrative Procedures Act, which did not authorize the remedy of damages).

As already indicated by the authorities above, administrative remedies and judicial review are alternatives that foreclose the *Bivens* damages remedy, *see Rote v. Comm. on Jud. Conduct & Disability of Jud. Conf. of United States*, 577 F. Supp. 3d 1106, 1138 (D. Or. 2021) (special factors included "(1) Plaintiff's ability to appeal the underlying legal decisions that he claims were improperly influenced by the federal judges, which serves as an alternative remedial structure to a new *Bivens* claim; and (2) the fact that the legislative branch is best positioned to determine federal employees' exposure to monetary damages for constitutional torts, which raises separation of powers concerns."); *Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001) (rejecting *Bivens* claim for equitable relief where "earlier proceedings had provided adequate remedial process through appellate review or an extraordinary writ, thereby precluding equitable relief in the subsequent civil rights case.")

Dydzak has had available, and pursued over many years, administrative remedies and court processes including appeals and petitions for writs of certiorari to the U.S. Supreme Court. *See* Introduction, *supra; see also* Def. Dato's Mot. Dism. at 3–4 n.3, ECF

No. 14; Def. Mile's Mot. Dism. at 3–4, ECF No. 16. Indeed, he has so over-pursued already-adjudicated matters that more than one court has declared him a vexatious litigant and prohibited him from initiating further litigation "alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment . . .", *Dydzak*, 2012 U.S. Dist. LEXIS 191396, at *19, *aff'd*, 603 F. App'x 622, or "raising any claim based on, arising out of, or related to his disbarment or alleging that orders entered in lawsuits previously filed by him related to the same were rigged, fixed, or otherwise unlawful or illegitimate," *Dydzak*, 2018 U.S. Dist. LEXIS 44842, at *5. Dydzak has filed this lawsuit, as well as others, purportedly to address alleged errors and conduct in or related to prior proceedings and lawsuits. This Court lacks subject matter jurisdiction for such a collateral attack. *See Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 n. 16 (1983) ("[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.'") (citation omitted); *Stafne*, 337 F. Supp. 3d at 1091 ("[T]his Court lacks subject matter jurisdiction (and all other authority) to overturn a decision of the Ninth Circuit or any district court entered in a separate lawsuit.") (citing *Mullis*, 828 F.2d at 1393 n.19).

The policy reasons behind judicial immunity, discussed below, also counsel against recognizing a *Bivens* cause of action in a context like this.

**G. The Ninth Circuit Defendants Have Judicial Immunity or Quasi-Judicial Immunity.**

"'Judges are absolutely immune from civil liability for damages arising out of their judicial acts.'" *Dydzak*, 2017 WL 4922450, at *6 (quoting *Mullis*, 828 F.2d at 1388). And court staff have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Mullis*, 828 F.2d at 1390. "The judicial or quasi-judicial immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996), *superseded by*

*statute on other grounds*, (citing *Mullis*, 828 F.2d at 1394). The doctrine of judicial immunity serves to "discourage[e] collateral attacks, and thereby help[s] to establish appellate procedures as the standard system for correcting judicial error." *Forrester v. White*, 484 U.S. 219, 225 (1988). Judicial immunity also "reflects the long-standing general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Moulton v. City of Sparks*, No. 3:09-cv-00016-BES-VPC, 2009 WL 2407362, at *2 (D. Nev. July 28, 2009) (internal quotation marks and citation omitted). Moreover, despite the unfairness to litigants that sometimes results, the doctrine of judicial immunity is thought to be in the best interests of the proper administration of justice. *Id.* (citations omitted).

Therefore, a "'judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.'" *Id*. (quoting *Mullis*, 828 F.2d at 1388). Judicial immunity applies to virtually any action taken by a judge in his or her judicial capacity, "'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Moore,* 96 F.3d at 1244 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985)).

Judicial immunity can only be overcome in two circumstances: (1) where the judge acts outside his or her judicial capacity; or (2) where the judge acts in the "complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). As to the first circumstance, courts do not look at each particular alleged act in a vacuum; rather, courts must look to the nature and function of the act and its relation to those normally performed by judges. *Stafne*, 337 F. Supp. 3d at 1093–94 (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)); *see also Moore*, 96 F.3d at 1243–44 (9th Cir. 1996) (judicial immunity is not lost by allegations that a judge conspired with one party to rule against another party, even though such a conspiracy would be clearly improper) (citing *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (*en banc*)). Dydzak alleges, in the fourth through seventh causes of action, acts or omissions by the Ninth Circuit Defendants that took place in the contexts of prior legal proceedings. He

does not allege acts or omissions of the Ninth Circuit Defendants that were divorced from their roles and duties as judges and court staff. Accordingly, even if erroneous, the alleged acts or omissions against the Ninth Circuit Defendants are subject to judicial and quasi-judicial immunity.

As to the second circumstance, the "complete absence of all jurisdiction," means more than simply exceeding jurisdiction or authority. *See Mireles*, 502 U.S. at 13 ("If Judge Mireles authorized and ratified the police officers' use of excessive force, he acted in excess of his authority. But such an action—taken in the very aid of the judge's jurisdiction over a matter before him—cannot be said to have been taken in the absence of jurisdiction."); *Pinnacle Minerals Corp. v. Whitehead*, 357 F. Supp. 3d 1053, 1059 (D. Nev. 2019) (plaintiff's argument, steeped in technicality, between "in excess of jurisdiction" and "in complete absence of all jurisdiction" failed to establish the latter). As explained by the Ninth Circuit,

> where a judge has a 'colorable authority' for asserting jurisdiction, she has not acted in the 'clear absence of all jurisdiction.' Likewise, when a judge 'misinterpret[s] a statute and erroneously exercise[s] jurisdiction[,]' she is not acting in the clear absence of jurisdiction.

*Wright-Bolton v. Andress-Tobiasson*, 696 Fed. App'x 258, 259 (9th Cir. 2017) (quoting *Crooks v. Maynard*, 913 F.2d 699, 701 (9th Cir. 1990) and *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)) (alterations in original); *see also Stafne,* 337 F. Supp. 3d at 1095 ("the challenged conduct must be 'manifestly or palpably beyond the judge's authority'") (quoting *Bud Antle, Inc. v. Barbosa*, 106 F.3d 406 (9th Cir. 1996)). Dydzak's allegations that jurisdiction was lacking in some instances because of the involvement of senior judges, Compl. ¶ 48(3)–(4), is insufficient to defeat judicial immunity. *See Stafne,* 337 F. Supp. 3d at 1096–7 (rejecting plaintiff's argument about senior judges and holding that judicial immunity applied). Dydzak has not pled facts plausibly establishing the complete absence of all jurisdiction for an act or omission, by a Ninth Circuit Defendant, that amounted to the violation of a constitutional right.

And again, it is in or related to past legal proceedings that Dydzak alleges his civil rights were violated. As the alleged acts or omissions by present or former Ninth Circuit

staff were "closely associated with the judicial process," Clerk Dwyer, former Staff Attorney Schiffer, and former Appellate Commissioner Shaw have quasi-judicial immunity. *Shahroki v. Throne*, No. 2:22-cv-00001-JAD-NJK, 2022 WL 2080090, at *1, *3 (D. Nev. June 9, 2022) (dismissing law clerk and judicial assistant on quasi-judicial immunity grounds); *see also Mullis*, 828 F.2d at 1386, 1390 (dismissing bankruptcy court clerk and two deputy clerks on quasi-judicial immunity grounds for alleged acts or omissions that included not filing an amended petition); *Godwin v. Senior Garden Aparts.*, No. 2:17-cv-02178-MMD-DJA, 2017 WL 7260930, at *1, *3 (D. Nev. Dec. 10, 2020) (dismissing court clerks and law clerks on quasi-judicial immunity grounds for various alleged acts or omissions in prior legal proceedings).

## III. Conclusion

Dismissal of the Ninth Circuit Defendants, along with the fourth through seventh causes of action asserted against them, is warranted on the following grounds: this Court lacks personal jurisdiction over all Ninth Circuit Defendants except Judge Rawlinson; the causes of action are barred by claim preclusion, the statute of limitations, and/or vexatious litigant prefiling orders entered against Plaintiff; Plaintiff fails to allege cognizable, plausible *Bivens* claims for damages for a constitutional violation by the Ninth Circuit Defendants; the Ninth Circuit Defendants have judicial or quasi-judicial immunity for their alleged acts or omissions related to prior legal proceedings; and this Court lacks subject matter jurisdiction to enjoin or order mandamus against the judges and staff of the Ninth Circuit, as well as the judge of a sister district court.

Respectfully submitted this 30th day of August 2022.

JASON M. FRIERSON
United States Attorney

*/s/ Patrick A. Rose*
PATRICK A. ROSE
Assistant United States Attorney

**Certificate of Service**

I hereby certify that on August 30, 2022, I electronically filed and served the foregoing Motion to Dismiss with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system and also served a copy via US Mail to the persons below.

US Mail

Daniel D. Dydzak
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone (310) 867-1289
*Plaintiff, in Pro Per*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com
*Defendants in propria persona*
*Ronald M. George, and,*
*Alan I. Rothenberg*

*/s/ Vera Minkova*
Paralegal Specialist

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
AUG 25 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br>Plaintiff,<br>v.<br>TANI CANTIL-SAKAUYE, et al.,<br>Defendants. | **Case No. 2:22-cv-01008-APG-VCF**<br>**Assigned to Hon. Andrew P. Gordon**<br><br>**PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT SCHWAB; MEMORANDUM OF POINTS AND AUTHORITIES; OPPOSITION AND RESPONSE TO REQUEST FOR JUDICIAL NOTICE**<br><br>**Hearing Requested** |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and opposes and responds to the meritless and unsupportable Motion to Dismiss Plaintiff's Complaint by Defendant CHARLES SCHWAB ("SCHWAB"). It is to be noted that

DYDZAK was never served via email or mail with Defendant SCHWAB's pleadings and therefore had to retrieve same from PACER.

Plaintiff further responds to the Request for Judicial Notice.

Dated: August 22, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS SUBJECT MATTER AND PERSONAL JURISDICTION OVER DEFENDANT SCHWAB

Plaintiff is the one bringing the lawsuit. He elects the venue when there is a proper jurisdictional basis therefor. There are several Defendants in this case, residing in various jurisdictions such as Nevada, California, Arizona and Washington.

In this case, Defendant RAWLINSON is, and was at all times relevant to this litigation, a resident of the State of Nevada (Paragraph 7 of the Complaint). This lawsuit was properly and jurisdictionally filed in Clark County, Nevada. Venue is proper in Las Vegas, Nevada, because venue exists where any of the defendants reside. NRS 13.040. Thereafter, the case was removed by certain Defendants.

Defendant RAWLINSON, with various other federal Defendants, was served with process the day after President's Day by an adult over eighteen years old. Various other federal Defendants were served on other dates. The Attorney General of the United States and local Nevada U.S. Attorney have also been served with the lawsuit materials via certified mail. It is anticipated that Defendant RAWILSON, with other federal Defendants, will respond shortly to the lawsuit through the Attorney General of the United States, Department of Justice.

There is proper subject matter jurisdiction in this case, because the Fifth Cause of Action for Violation of Civil Rights includes Defendant RAWLINSON, residing in Clark County, Nevada (Paragraphs 47-51 of the Complaint). The Nevada Court had concurrent jurisdiction to hear federal claims (Paragraph 28 of the Complaint). Tafflin v. Levitt, 493 U.S. 455 (1990). Thereafter, the case was removed by certain Defendants to federal court.

Under Nevada law, the district courts have original jurisdiction over all matters excluded from the jurisdiction of the justice and municipal courts and appellate jurisdiction in cases arising from these courts. Morrison v. Beach City LLC, 991 P.2d 982

(2000).

Certain federal Defendants were entitled to remove the case to federal court under diversity of citizenship grounds.

Defendant SCHWAB alleges he does not belong as a party to the lawsuit, because he allegedly has no connection to the State of Nevada. This is inaccurate. Defendant RAWLINSON, a Nevada based Defendant, was part of an illegally constituted Appellate panel in the Ninth Circuit involving a case emanating from the U.S. District Court of the Northern District of California wherein Defendant SCHWAB is a party-defendant. And Plaintiff can elect his forum when there are many parties from different states. The CA Northern District case was appealed (still pending) to the 9th Circuit and Defendant RAWLINSON is involved therein in said appeal, establishing the Nevada jurisdictional basis.

Defendant SCHWAB has minimum contacts with the State of Nevada, so that maintenance of the suit against him does not offend traditional notions of fair play and substantial justice. International Shoe v. Washington, 326 U.S. 310 (1945). Said Defendant did tortious acts towards DYDZAK having foreseeability liability, producing consequences in the State of Nevada. Hess v. Pawlowski, 274 U.S. 352 (1927).

The "minimum contacts" doctrine recognizes the power of the sovereign state of Nevada to exercise jurisdiction where a sufficient connection exists with a nonresident. I.e., commonly referred to as a "long-arm" statute. Nevada has a long-arm statute, and it is interpreted broadly to reach the outer limits of federal constitutional due process. See Welburn v. Eighth Jud. Dist. Ct. of State, 806 P.2d 1045 (1991).

II

**THE COMPLAINT MORE THAN SUFFICIENTLY ALLEGES A CAUSE OF ACTION AGAINST DEFENDANT SCHWAB**

The Third Cause of Action for Conspiracy to Unlawfully Interfere with the Processes of the Court is more than sufficiently pled to withstand this Motion to Dismiss. Therefore, the Motion to Dismiss should be denied with prejudice as to the moving

Defendant. Or leave to amend should be granted to Plaintiff.

No-one is above the Rule of Law, not even the President of the United States. See U.S. v. Nixon, 418 U.S. 683 (1974). This Court has to do the right thing, give DYDZAK his day in court and allow him to pursue his more than sufficiently alleged causes of action.

The Due Process Clause, guaranteed by the 5th and 14th Amendments, requires that there be fairness in state proceedings and activities related thereto. This is a cornerstone of the American judicial system. This federal District Court cannot ignore tainted state proceedings and state actor misconduct. Nor can it ignore illegal actions by Defendant SCHWAB as a private party.

The law favors a trial on the merits.

The moving papers offer no persuasive authority why his lawsuit should not be allowed to proceed. Certainly, DYDZAK has a right of redress in this case. As Chief Justice Marshall stated in Marbury v. Madison, 5 U.S. 137 (18, 03): "The Government of the United States has been emphatically termed a government of laws and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of vested legal rights."

The Motion to Dismiss does NOT adequately address at all why DYDZAK cannot sue moving Defendant in the Third Cause of Action. This count is adequately pled. DYDZAK has alleged the requisite elements for a conspiracy to commit the underlying tort. E.g., conspiracy to commit violation of civil rights, 42 USC 1985; CA CACI No. 3600 (CA Jury Instructions); Pettitt v. Levy (1972) 28 Cal.App.3d 484, 491.

Plaintiff has already sufficiently stated causes of action through "notice" pleading—a short and plain statement of the claim showing Plaintiff is entitled to relief, See Fed.R.Civ.P. 8(a)(2).

III

**THIS LAWSUIT IS NOT IN BAD FAITH NOR FRIVOLOUS; THEREFORE, THIS COURT, EXERCISING ITS INDEPENDENT JURISDICTION AND**

**AUTHORITY, SHOULD NOT CONSIDER UNLAWFUL, "RIGGED" PREFILING ORDERS EMANATING FROM OTHER COURTS**

As to Defendant SCHWAB, the cause of action against him is not attacking directly or indirectly DYDZAK's illegal state disbarment. The tainted, "fraud upon the court" and illegal vexatious litigant Order by Defendant DATO in the California courts is being sued upon in the operative Complaint and has no bearing on the validity of DYDZAK's claims in this lawsuit against Defendant SCHWAB.

As stated in other opposition papers in the record, with regard to the federal Coughenour pre-filing Order, this Order is subject to numerous pending appeal motions in the Ninth Circuit Court of Appeals, which have not been deliberately ruled upon for years. The purported Coughenour "political" Order is not final and still being appealed in the 9th Circuit Court of Appeals.

An Order that is not final should not been given any weight or collateral estoppel effect. Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982).

Moreover, a Nevada Court has independent jurisdiction over whether a litigant is vexatious. NRS 155.165; Jones v. State ex rel. Dept. of Motor Vehicles & Public Safety, 121 Nev. 44, 110 P.3d 30 (2005). Clearly, this lawsuit has merit and should be allowed to proceed. Likewise, this federal lawsuit is not frivolous and should be allowed to proceed.

This lawsuit is not contesting Plaintiff's illegal disbarment in the State of California. The Cause of Action against Defendant SCHWAB is sufficiently pled and no pre-filing Order applies to the new claims against him and other Defendants that have NEVER been litigated before ON THE MERITS. DYDZAK has a right of redress to the Courts, not to be "politically" shut down. Doing unwarranted and uncalled for alleged "character assassination" allegations against DYDZAK serves no useful purpose at the pleading stage.

With regard to the tainted, extrinsic fraud and unlawful Order of Defendant CHESNEY filed on or about March 19, 2018, said Order is overbroad, not final and subject to pending appeal.

The CA Northern District case, DYDZAK V. USA, was illegally transferred to Defendant CHESNEY. Defendant CHESNEY was a "senior status" judge and could not act (and was not duly authorized to act) because the case was illegally transferred to her. She was neither properly statutorily appointed by the Judicial Council of the United States, the Chief Justice of the United States Supreme Court, or the presiding Chief Judge of the 9th Circuit to rule upon DYDZAK's case as a senior status judge. This was in contravention of 28 USC 294. Therefore, Defendant CHESNEY acted in the absence of jurisdiction and with bias. See 28 USC 455 and Mireles v. Waco, 502 U.S. 9 (1991). Upon information and belief, she had biases and conflicts of interest, or the appearance of same, and a preexisting biased relationship with Defendant CANTIL-SAKAUYE and ex parte communications/contacts with the latter. See Paras. 48-51 of the Complaint, Fifth Cause of Action.

In view of the foregoing, this Court should disregard any and all unlawful pre-filing Orders. DYDZAK should not be prejudiced at the pleading stage by Defendant SCHWAB attempting to avail himself of illegal, irregular, void and tainted Orders. For this federal court to do so would be perpetuating and condoning unlawful actions, Orders and proceedings.

With respect to the Request for Judicial Notice, the pleadings proffered are not relevant to the new claims asserted in this lawsuit against Defendant SCHWAB. The Request for Judicial Notice should be denied with prejudice.

At the pleading stage, the allegations of the Complaint are liberally construed and regarded as true. See F.R.Evidence, Rule 201.

## IV **DEFENDANT SCHWAB WAS PROPERLY AND TIMELY SERVED WITH PROCESS**

Defendant SCHWAB was very late in responding to this lawsuit, and default/default judgment could have been sought against him in Nevada state court and subsequently in this federal court. A registered process server was told specifically by a Schwab

representative/agent to serve him at CT Corp. when service was first attempted at his long-time downtown San Francisco office. Several of Schwab's long time attorneys at Arnold and Porter in San Francisco and Washington, D.C., including the managing partner, were also repeatedly advised that he was in default. Defendant SCHWAB never made any attempt to bring a timely motion to quash service, in either federal or state court. Defendant SCHWAB was also notified in writing by Plaintiff that he was in default and would be defaulted if he did not respond to the lawsuit.

Furthermore, of note, Defendant SCHWAB does not provide any sworn Declaration or Affidavit that he was not served. DYDZAK is more than willing to provide the proof of service on Defendant SCHWAB if the Court so requires and requests.

In any event, Defendant SCHWAB has waived the service argument by failing to timely respond in Nevada District Court and subsequently in this federal court. As the Court is well aware, again, as a courtesy, Plaintiff advised Defendant SCHWAB and his agents/counsel several times he was in default and that default and default judgment would be sought if he failed to file an Answer or responsive pleading. Given the untimeliness of Defendant SCHWAB's "entry" into this case, his deliberate tardiness in responding should not be rewarded by the granting of this motion.

Unfortunately, Defendant SCHWAB's gamesmanship had his experienced Nevada counsel NEVER serve DYDZAK with any of their moving papers and pleadings. This is patently an unethical and illegal game of hide and seek by Defendant SCHWAB, to attempt to win at any cost. At the pleading stage, DYDZAK's averments and allegations are taken as true. His case against Defendant SCHWAB should be allowed to proceed.

## V **CONCLUSION**

For the reasons set forth herein, and in the interests of justice and equity, the Motion to Dismiss Plaintiff's Complaint by Defendant SCHWAB should be denied with prejudice. Said Defendant should be ordered to answer forthwith. The Request for Judicial Notice is not relevant at the pleading stage, since the averments and allegations are taken

and presumed to be true, pending discovery. Leave to amend should be liberally granted, if the Court so requires same. See F.R.C.P. , Rule 15.

This federal court has jurisdiction over ancillary or supplemental claims over Defendant SCHWAB in addition to the federal causes of action.

Dated: August 22, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On August 23, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT SCHWAB; MEMORANDUM OF POINTS AND AUTHORITIES; OPPOSITION AND RESPONSE TO REQUEST FOR JUDICIAL NOTICE

[X] [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o 2121 AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

LEWIS ROCA
3993 HOWARD HUGHES PARKWAY
STE 600
LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP
350 SOUTH GRAND AVE., STE 3600
LOS ANGELES, CA 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 23, 2022, at Los Angeles, California.

Jim Lane

JIM LANE
Declarant

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
Michael Ayers, Esq. (NV Bar No. 10851)
michael.ayers@qpwblaw.com
Clark Vellis, Esq. (NV Bar No. 5533)
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
Telephone: 775-322-4697
Facsimile: 775-322-4698

Michael A.S. Newman (admitted *pro hac vice*)
mnewman@hinshawlaw.com
HINSHAW & CULBERTSON LLP
350 South Grand Ave., Suite 3600
Los Angeles, CA 90071-3476
Telephone: 213-680-2800
Facsimile: 213-614-7399

*Attorneys for Defendant MIDFIRST BANK (incorrectly named as 1ST CENTURY BANK and/or 1ST CENTURY BANCSHARES INC.)*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL SAKAIJYE; JORGE NAVARRETE; THOMAS LAYTON, aka TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINGSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN I. ROTHENBERG; 1ST CENTURY BANK; 1ST CENTURY BANCSHARES, INC; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS, WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN; and DOES 1 through 50, inclusive,

Defendants.

Case No.: 2:22-cv-01008-APG-VCG

**REPLY TO OPPOSITION TO MOTION TO DISMISS OF DEFENDANT MIDFIRST BANK**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

As should now be clear, this action should be dismissed with prejudice as to MidFirst.[1]

First, Dydzak has articulated no bases for disregarding March 19, 2018 order from the Northern District of California prohibiting him from pursuing any suit in federal court "arising out of, or related to his disbarment" without leave of court. His self-serving and unsupported claims against Judge Chesney, his defunct appeal to the Ninth Circuit, and his insubstantial procedural claims are not enough.

Second, Dydzak's totally implausible allegations of conspiracy against MidFirst do not even come close to satisfying the pleading standards under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Dydzak presents no argument on this score, other than to assert platitudes and assert (without support) that he has alleged enough. Not nearly.

Third, Dydzak cannot establish subject matter jurisdiction, nor has he established personal jurisdiction over MidFirst. Again, Dydzak's response – that Judge Rawlinson's residency in Nevada somehow confers jurisdiction over MidFirst – is unsupported and incorrect.

Each of these are sufficient reasons to dismiss this action. The Complaint should be dismissed without leave to amend as against MidFirst.

### II. LEGAL ARGUMENT

#### A. PLAINTIFF IS BARRED FROM PURSUING THIS ACTION BY COURT ORDER

As discussed at length in the opening brief, the Northern District of California has issued an order ("Order") specifically prohibiting Dydzak from initiating any further litigation in "this or any other federal court" arising from or related to his disbarment without court approval. Dydzak is specifically barred from pursing litigation in any "federal court raising any claim based on, arising out of, or related to his disbarment" without "prior authorization from the

[1] Dydzak erroneously refers to MidFirst Bank as "Midland Bank" throughout his opposition.

federal court in which he seeks to initiate such litigation." *Dydzak v. United States*, 2018 U.S. Dist. LEXIS 44842, *5 (N.D. Cal. 2018); **Exhibit 2** to Opening Brief. This lawsuit, centering on alleged conspiracies pertaining to Dydzak's disbarment proceedings (*see* California Supreme Court, Case No. S179850) falls squarely within the parameters of the Northern District of California's injunction. Nowhere in his Complaint, or in his opposition brief, does Dydzak allege that he has received prior authorization from the federal court.

Again, as discussed in the opening brief, where a district court issues an order barring a plaintiff from pursuing litigation in any federal court, that ruling is binding outside of the district where it was issued. *Justice v. Luna*, 2016 U.S. Dist. LEXIS 164557, *2-3 (E.D. Cal. 2016) (dismissing action by vexatious litigant where another district issued vexatious litigant order prohibiting plaintiff "from filing any new civil actions in any federal court of the United States, without first obtaining leave of that court"). This is true even where another party removed the action to federal court. *Dantzler v. United States EEOC*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011); *see Whitehead v. Twentieth Century Fox Film Corp*., 2005 U.S. Dist. LEXIS 18893, 2005 WL 3275905, at *1 (D.D.C. Aug. 29, 2005) (dismissing the plaintiff's claim that was filed in state court to avoid a prior injunction issued in federal court, thereby violating the "intent and spirit" of the injunctive order); *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993); *see also*, *Jemzura v. Mikoll*, 2001 U.S. Dist. LEXIS 13550 (N.D.N.Y. 2001); *Dantzler v. United States EEOC*, 810 F. Supp. 2d 312, 319 (D.D.C. 2011).

Dydzak neither discusses nor distinguishes MidFirst's cases. Dydzak presents no on-point authority to explain how or why the Order does not bar this lawsuit, presenting instead a series of arguments that clearly have no validity.

First, Dydzak argues that "[t]his lawsuit is not contesting Dydzak's illegal disbarment in the State of California." [ECF No. 41, Opp'n at p. 6]. But the Order prohibits more than just lawsuits contesting the disbarment; it applies to "any claim based on, arising out of, or related to his disbarment." The Third Cause of Action against MidFirst alleges it (and others) had "improper, unethical, and illegal ex parte, extra-judicial communications and contacts with

Defendant CANTIL-SAKAUYE and NAVARETTE . . . to affect the outcome of the California Supreme Court Case No. S179850." [ECF No. 1-2, Comp., ¶ 39]. Case No. S179850, of course, is the action wherein Dydzak sought to set aside and reverse his California disbarment. Therefore, it is beyond question that the instant action both arises out of and relates to Dydzak's disbarment.

Second, Dydzak argues that the matter was "illegally" transferred to Judge Chesney, who issued the Order. In particular, mirroring the bare allegations in paragraph 48(3) of the Complaint, Dydzak argues that Judge Chesney was not properly appointed as a judge, apparently because she was a "senior status" judge at the time. Dydzak cites to 28 U.S.C. § 294, but that section specifically states that a senior status judge may be designated to perform such judicial duties as he or she is willing and able to undertake. Section 294(c). Dydzak presents neither argument nor evidence to support the idea that Judge Chesney's appointment violated any law.

Third, Dydzak presents no procedural basis for what amounts to a collateral attack on a judicial order. While Dydzak did appeal this ruling, his assertion that the appeal is still pending is manifestly untrue. Dydzak's Exhibit 1, the Pacer Docket for Ninth Circuit Case 18-15673 shows, on October 21, 2019, after Dydzak failed to file his opening brief, his seventh request for extension was denied. [ECF No. 41, Opp'n, Ex. 1, p. 13, Dkt. 24]. Thereafter the Ninth Circuit ordered "[n]o further filings will be entertained in this closed case. DISMISSED." [*Id.*] All seven filings that Dydzak attempted to make following this are followed by the words: "**Deficiencies: Mandate issued, no further filings per 10/21/2019 order**." [*Id*]. Dydzak cannot unilaterally reopen a closed Ninth Circuit case simply by filing documents under that case number. Otherwise, any litigant could prevent an appellate order from becoming final simply by persisting in papering the record with documents. ***There is no pending appeal***. Judge Chesney's order is final, binding, and prevents this case from proceeding.

Fourth, even if Dydzak could somehow get past this insurmountable procedural bar, his mere unsupported and self-serving allegation "on information and belief" that Judge Chesney (like every jurist who has ruled on cases he was involved in) "had biases and conflicts of interest"

would not be enough. [*See* ECF No. 1-2, Compl., ¶ 48]. Such allegations would, like all other allegations in the Complaint, be subject to the *Iqbal*/*Twombly*[2] analysis, requiring "facial plausibility" in the form of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Such factual contentions must "nudge [the allegations] across the line from conceivable to plausible . . . ." *Twombly*, 550 U.S. at 570. Dydzak presents absolutely no facts or allegations to render such assertions even faintly plausible. *Cf., Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *Banks v. ACS Educ*., 638 Fed. Appx. 587, 590 (9th Cir. 2016) (denying motion for reconsideration based on unsupported allegations of judicial bias).

Finally, Dydzak asserts that MidFirst "knows full well that Defendant CHESNEY is being sued" by Dydzak. [ECF No. 41, Opp'n at p. 7:12-13]. So what? The mere fact that Dydzak has sued Judge Chesney (together with a trove of other jurists, including the Chief Justice of the California Supreme Court) does nothing to alter the validity of the Order. Otherwise, any litigant could halt a judicial order merely by suing the judge that issued it. Such is not the law. *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) (holding "[a] judge is not disqualified by a litigant's suit or threatened suit against him"); *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) ("[s]uch an easy method for obtaining disqualification should not be encouraged or allowed"). Likewise, the Order is not negated merely because Dydzak has sued Judge Chesney.

In short, the Order in final, is binding, and bars the entirety of the claim against MidFirst.

### B. PLAINTIFF HAS FAILED TO ASSERT CLAIMS FOR WHICH RELIEF CAN BE GRANTED

As discussed at length in the opening brief, in considering a Rule 12(b)(6) motion to dismiss, a complaint "must plead 'enough facts to state a claim to relief that is plausible on its

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

face.'" *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroftl*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than sheer possibility that a defendant acted unlawfully." *Id.* A claim that is possible but is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

The sole claim against MidFirst (Third Cause of Action) is for "Conspiracy to Interfere with the Processes of the Court." An actionable civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intend to accomplish an unlawful objective for the purpose of harming another, and damage results from the act or acts." *Consol. Generator-Nevada v. Cummins Engine Co*., 114 Nev. 1304, 1311 (1998). As explained in *Dydzak v. United States*, 2017 U.S. Dist. LEXIS 180458, *11 (N.D. Cal. 2017), "it is not sufficient to merely allege a conspiracy." *Id.*; *see also Rozario v. Richards*, 2015 U.S. Dist. LEXIS 190466, *16 (C.D. Cal. 2015) ("inconceivable conjecture does not pass the *Iqbal-Twombly* threshold and cannot support a claim for civil conspiracy."); *Little v. Washington*, 2012 U.S. Dist. LEXIS 47120, *6 (W.D. Wash. 2012) (dismissing complaint that "does not contain specific factual allegations from which the court could conclude that Defendants entered into a civil conspiracy").

Here, Dydzak simply asserts without more that he is "informed and believes" that MidFirst and other defendants "had improper, unethical and illegal ex parte, extra-judicial communications and contacts with Defendants CANTIL-SAKAUYE and NAVARRETTE on or about September 11, 2019, and on other occasions thereafter, and continuing to the present, to affect the outcome of the California Supreme Case No. S179850 and harm Dydzak." [ECF No. 1-2, Compl., ¶ 39]. Dydzak does not explain exactly what these *ex parte* communications were, how they happened, why they happened, what they resulted in, or any of the other details needed to make this "highly implausible, vague, and conclusory" allegation of conspiracy plausible. Again, Dydzak must allege sufficient facts to "nudge" his claim "across the line from

conceivable to plausible" or his case "must be dismissed." *Twombly*, 550 U.S. at 570. Dydzak's bare claims are not even close to being plausible.

Dydzak has no real response to this other than to utter a series of platitudes (*see* ECF No. 41, Opposition at page 5), such as the fact that no one is above the law, that due process is protected by the Constitution, and so on. Dydzak argues, without distinguishing or discussing the cases cited by MidFirst, that he has pled enough facts to make this extraordinarily improbable scenario plausible. He has not, and does not even come close to satisfying the standards of *Iqbal* and *Twombly*. Thus, even if this claim were not barred by prior Order of a Court, Dydzak's claim against MidFirst would still fail.

**C. PLAINTIFF FAILS TO ESTABLISH SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT, OR PERSONAL JURISDICTION OVER MIDFIRST**

As discussed at length in briefs filed by other parties in this matter (*see e.g*., Dato's Motion to Dismiss, ECF No. 14, at pages 9-10), this Court has no subject matter jurisdiction over this suit, which is little more than an attempt to relitigate Dydzak's California disbarment in Nevada. As discussed in *Clark v. State of Washington,* 366 F. 2d 678 (9th Cir. 1966), a lower federal court has no subject matter jurisdiction to consider a collateral attack of a decision by a state court to disbar an attorney. *See also*, *Dist. Of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 n. 16 (1983). Likewise, under the Rooker-Feldman doctrine, lower federal courts are without jurisdiction to consider constitutional claims that are "inextricably intertwined" with questions pending before the state courts. *Gulda v. North Strabane Township*, 146 F.3d 168 (3d Cir. 1998); *Plyler v. Moore*, 129 F. 3d 728 (4th Cir. 1997). As this entire action is nothing more than a collateral attack on the California disbarment of Dydzak, this Court has no jurisdiction over the subject matter of this action.

Dydzak also has not established personal jurisdiction over MidFirst. As discussed in the opening brief, jurisdiction depends upon the three-prong minimum contacts test, which must satisfy all three of the following: (a) the non-resident defendant must purposefully directed its

activities to the forum, (b) plaintiff's claims must have arisen out of or relate to the defendants' forum-related activities, and (c) the exercise of jurisdiction must be reasonable. *Jardine v. Yamada & Sons, Inc.*, 2022 U.S. Dist. LEXIS 118339, *4 (D. Nev. July 1, 2022). Nothing in this case is alleged to have arisen out of any activity by MidFirst in Nevada. Indeed, this case has nothing to do with Nevada; the allegations, such as they are, are that MidFirst (and many others) had *ex parte* contacts with ***California*** judges pertaining to a ***California*** action (i.e., California Supreme Court Case No. S179850). *See Jardine*, *supra* at *5 ("[m]ere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden"). As such, the Complaint establishes no basis for personal jurisdiction over MidFirst.

Dydzak's response to this to assert that Defendant Judge Rawlinson is a resident of the State of Nevada, that Judge Rawlison was part of the Ninth Circuit panel that ruled on a Northern District of California case wherein MidFirst (or its predecessor entities) were named as parties, and that MidFirst therefore "does have a connection to the State of Nevada." None of this comes even close to satisfying the factors discussed above, as addressed in *Jardine v. Yamada & Sons, Inc*. In fact, this Court has no jurisdiction, likewise requiring dismissal.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

For the foregoing reasons, MidFirst's Motion to Dismiss should be sustained. Leave to amend should be denied, since amendment would be futile. *Bryant v. BNSF Ry.*, 725 Fed. Appx. 572, 573 (9th Cir. 2018) ("The district court properly dismissed without leave to amend because amendment would have been futile").

Dated this 16th day of August, 2022.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

By: *[/s/ Michael Ayers]*
Michael Ayers, Esq.
(NV Bar No. 10851)
michael.ayers@qpwblaw.com
Clark Vellis, Esq.
(NV Bar No. 5533)
clark.vellis@qpwblaw.com
200 S. Virginia Street, 8th Floor
Reno, Nevada 89501
Telephone: 775-322-4697
Facsimile: 775-322-4698
*Attorneys for Defendant MIDFIRST BANK (incorrectly named as 1ST CENTURY BANK and/or 1ST CENTURY BANCSHARES INC.)*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF System and through that service, a copy was sent with e-notice to all parties, and a copy as mailed, via U.S. Mail, postage prepaid, to all parties without e-notice.

Dated: August 16, 2022

*/s/ Christine L. Miller*
An Employee of QUINTAIROS, PRIETO, WOOD & BOYER, P.A.

REPLY RE MOTION TO DISMISS OF MIDFIRST BANK - P a g e | 10
1052658\311374087.v1
SER 256

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
**OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
Tdillard@ocgas.com
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive*
*Officer of the Supreme Court of California;*
*and William Dato, Associate Justice of the California Court of Appeal,*
*Fourth Appellate District, Division One*

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK

Plaintiff,

vs.

TANI CANTIL-SAKAUYE, JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G. SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M. GEORGE ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R. THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY C. DWYER, GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M. GOULD, RICHARD C. TALLMAN, and Does 1 through 50, inclusive,

Defendants.

CASE NO.: 2:22-cv-01008-APG-VCF

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASSOCIATE JUSTICE WILLIAM DATO'S MOTION TO DISMISS**

COMES NOW Defendant, WILLIAM DATO, Associate Justice of the California Court of Appeal (Fourth Appellate District, Division One) ("Associate Justice Dato"), by and through his counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm OLSON, CANNON, GORMLEY, & STOBERSKI, and replies to Plaintiff's Opposition to Associate Justice Dato's motion to dismiss [Doc. #31].

This Reply is made and based upon all the pleadings and papers on file herein, the attached points and authorities, together with any argument that may be introduced at the time of hearing this matter before this Honorable Court.

Dated this 8th day of August, 2022.

OLSON CANNON GORMLEY & STOBERSKI

By: [signature]
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California; and William Dato, Associate Justice of the California Court of Appeal, Fourth Appellate District, Division One*

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

As explained in Associate Justice Dato's motion to dismiss, this civil action is barred by lack of subject matter and personal jurisdiction, and also by absolute judicial immunity. Plaintiff's opposition to the motion to dismiss adopts the very same approach he has taken in his Complaint and is largely a carbon copy of oppositions he has filed to other motions. Plaintiff repeats the same untenable legal conclusions regarding subject matter jurisdiction, personal jurisdiction and validity of claims and demands that they be given full effect. Plaintiff makes legal assertions in conclusory terms, devoid of either narrative detail or cogent legal support, and blanket statements that jurisdiction lies in all respects with this Court and for Associate Justice Dato. Plaintiff just briefly addresses the jurisdictional defects of his Complaint in section I of his opposition at pages 3-5. His feeble attempt to satisfy his burden to establish jurisdiction does not cite to specific averments in his Complaint, relies upon no relevant authority and simply amounts to a demand to ratify an *ipse dixit* assertion. Accordingly, Plaintiff's opposition raises no colorable jurisdictional rebuttal and thus serves only to underscore the jurisdictional defects in the Complaint.

Plaintiff additionally asserts there is no immunity for his claims apparently because his grandiose conspiracy claims trump all defenses (a legal assertion that is completely opposite of well-established and controlling law). Plaintiff's arguments in his opposition are baseless and appear to be a reiteration of his serial filings in the California courts that twice resulted in a finding that he is a vexatious litigant. Plaintiff fails to rebut the absolute immunity applicable to judicial officers. Plaintiff merely reiterates that he has made far flung allegations of an ambiguous conspiratorial objective involving Associate Justice Dato and that he and all the other California state and federal jurists that had occasion to hear his claims entertained and adjudicated them with a malicious motive. The case law is clear that these allegations to not pierce judicial immunity. Plaintiff has therefore failed to state a viable claim for relief even if there was jurisdiction over the subject matter of this suit and personal jurisdiction in Nevada for

this movant. Associate Justice Dato therefore urges this Court to grant the motion to dismiss in all respects and bring this frivolous suit to an end.

## II. LEGAL ARGUMENT IN SUPPORT OF DISMISSAL FOR LACK OF JURISDICTION.

### A. This Court Lacks Subject Matter Jurisdiction Seeking Review of Claims Derived from His Disbarment From the Practice of Law in the State of California.

Plaintiff argues that there is subject matter jurisdiction because he is the master of his own suit and he has elected to file it in Clark County, Nevada. (Opp. p. 3, lines 7-9). Despite Plaintiff's assertion, he has not satisfied his burden of demonstrating the existence of subject matter jurisdiction. Morrison v. Beach City LLC, 116 Nev. 34, 36, 991 P.2d 982, 983 (2000) ("The burden of proving the jurisdictional requirement is properly placed on the plaintiff").

Plaintiff cites to Nevada's statute pertaining vexatious litigants as a basis for subject matter jurisdiction. This statute has nothing to do with collaterally attacking attorney discipline from another state or a vexatious litigant order issued in a separate jurisdiction. NRS 155.165 obviously provides no subject matter jurisdiction shelter for Plaintiff's lawsuit.

Regardless of the title Plaintiff affixes to his claims, Plaintiff clearly calls upon U.S. District Court of Nevada to entertain a collateral attack on the propriety of his disbarment by the California Supreme Court and his protracted history of unsuccessful petitions and cases filed in California state and federal courts to overturn that disciplinary action. Plaintiff has cited no law and has not provided a cogent argument to establish that this Honorable Court has subject matter jurisdiction over this peculiar case. Plaintiff also ignores all the legal authorities in the motion to dismiss and the arguments based upon those authorities on pages 9-10. [#14]. He has not actually opposed those points and authorities in any specific respect. The only argument that can be derived from his response is that the legal authorities in Nevada and other jurisdictions along with SCR 105(3)(b) do not apply to his claims because he has sued pursuant to 42 U.S.C. Section 1983. Nonetheless, Plaintiff still clearly asks this Court to review and overturn a disbarment order by the Supreme Court of California. The fact that he claims that the discipline and subsequent refusal to overturn his disbarment is of a constitutional magnitude is inconsequential.

Law Offices of OLSON CANNON GORMLEY & STOBERSKI A Professional Corporation 9950 West Cheyenne Avenue Las Vegas, Nevada 89129 (702) 384-4012 Telecopier (702) 383-0701

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

Associate Justice Dato's motion to dismiss establishes that this Court lacks subject matter jurisdiction, and Plaintiff's opposition on this jurisdictional issue lacks merit. The case should therefore be dismissed from this Honorable Court pursuant to Federal Rule of Civil Procedure 12(b)(1) without any further debate.

**B. Associate Justice Dato is Not Subject to Personal Jurisdiction in Nevada.**

Plaintiff acknowledges that he brought suit in Nevada for no other reason that one of the many different Ninth Circuit Court of Appeal jurists who has in the past denied him his requested relief on matters involving his disbarment in California has a home office in Nevada. (Opp [#31] at p. 3: lines 14-19; p. 4: lines 17-26). Based upon that admission, Plaintiff then argues that because one of the many Defendants he named is a one-time Nevada resident that venue is proper in Clark County, Nevada. The clear failing in this singular argument to resist the motion to dismiss is that Associate Justice Dato did not seek dismissal based upon improper venue at all. To be sure, venue and personal jurisdiction are separate requirements. See State ex rel. DePaul Health Center v. Mummert, 870 S.W.2d 820, 821 (Mo. banc 1994) (stating "venue and personal jurisdiction address entirely different concerns and venue is not a prerequisite to personal jurisdiction").

Moreover, Plaintiff cannot obtain personal jurisdiction over everyone he names in a lawsuit even assuming that there is a personal jurisdiction over one of the other defendants. Plaintiff cites no law for his position and does not even suggest that Associate Justice Dato performed any act in, or directed towards, Nevada to establish personal jurisdiction. He of course had nothing whatsoever to do with the orders of Judge Johnnie Rawlinson of the Ninth Circuit or where her home office is located. Plaintiff argues that he is somehow intertwined with Judge Rawlinson's involvement in an assigned panel of the Ninth Circuit to his federal appeal. Plaintiff's Complaint and his Opposition are barren of any narrative making any cogent connection between Associate Judge Dato's involvement in Plaintiff's state litigation to Judge Rawlinson's Ninth Circuit order. What is more, there is nothing at about Plaintiff's protracted litigation history in California to challenge his disbarment (whether in the state or the federal

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

systems) that connects any judicial officer (who has issued decisions in those cases) to the jurisdiction of Nevada.

Plaintiff's opposition does nothing more than topple a straw man argument about venue and disregards the comprehensive points and authorities set forth on pages 10-15. [#14]. Plaintiff in so doing has failed to meet his burden of establishing personal jurisdiction over Associate Justice Dato. Dismissal is definitely warranted because there is no personal jurisdiction over Associate Justice Dato. Plaintiff abjectly fails to even try to argue that he is subject to either general jurisdiction here or specific jurisdiction. He has thus conceded that there is no personal jurisdiction, and yet he adamantly maintains that the motion should be denied because he demands justice. As Plaintiff noted in his brief, no one is above the law, including controlling law regarding the necessary Nevada connection for personal jurisdiction. Plaintiff fell well short of making even a colorable argument in support of a finding of personal jurisdiction over any of the California Defendants – including Associate Justice Dato. The Complaint cannot thus resist dismissal due to complete lack of personal jurisdiction pursuant to Rule 12(b)(2).

## III. LEGAL ARGUMENT IN SUPPORT OF DISMISSAL FOR FAILURE TO STATE A CLAIM FOR RELIEF

### Associate Justice Dato Enjoys Absolute Immunity from this Suit

Plaintiff's Complaint and his Opposition is barren of any factual allegations to pierce Associate Justice Dato's absolute immunity from suit. Plaintiff just argues that his naked allegations regarding fraud, discrimination and that Defendants formed a conspiratorial objective to violate his rights ought to be enough to withstand a motion to dismiss. But such allegations of conspiracy by a judicial officer do not overcome absolute judicial immunity. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) ("even where a party alleges that a judge conspired with another party, as here, such allegations do not pierce the immunity").

Plaintiff has not satisfied the general pleading requirement that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). "A pleading that offers 'labels and conclusions' or 'a

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Complaint is bereft of any facts, as opposed to conclusory assertions, that Associate Justice Dato undertook any act or omission that was outside of his role as a judicial officer of the Supreme Court of California. See Rose v. Bartle, 871 F.2d 331, 345 (3d Cir. 1989) ("The mere invocation of the catch-word [like ministerial] ... cannot suffice ... to forestall dismissal on immunity grounds."). Plaintiff's contention that a judicial officer's entry of an order declaring him to be a vexatious litigant is unprotected by immunity is without merit. The case law makes clear that for a judge's entry of an order declaring a litigant to be a vexatious litigant is a judicial act well within the ambit of his jurisdiction.

In an effort to fill the gap from formulaic recitations to state a plausible claim, Plaintiff still relies upon what amounts to a conclusory conspiracy claim to avoid having to identify allegations in the Complaint indicating Associate Justice Dato acted in the clear absence of jurisdiction. This is not a novel approach to cover pleading infirmities this way and has been addressed by numerous courts and uniformly found to be lacking to state a plausible conspiracy claim and to overcome immunity.[1]

The requirements for pleading a conspiracy are indeed even higher "where the state officials allegedly involved in the conspiracy are immune from suit." Sooner Prods. Co. v. McBride, 708 F.2d 510, 512 (10th Cir. 1983) (noting that "mere conclusory allegations with no

---

[1] "To state a claim for a conspiracy . . . , the plaintiff must state specific facts to support the existence of a claimed conspiracy." Burns v. County of King, 883 F.2d 819, 821 (9th Cir. 1989). "[A]n agreement or 'meeting of the minds' must be shown." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988) ("Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds."). Diffuse and expansive allegations are insufficient unless amplified by specific instances of misconduct. See Dwares v. City of New York, 985 F.2d 94, 99 (2d Cir. 1993); Shearin v. EF. Hutton Group, 885 F.2d 1162, 1166 (3d Cir. 1989) (stating the plaintiff must "address the period of the conspiracy, the object of the conspiracy, and the certain actions of the alleged conspirators taken to achieve that purpose"). To be sure, conclusory allegations of conspiracy involving a state officer is insufficient to support a § 1983 claim. Simmons v. Sacramento Cty. Sup. Court, 318 F.3d 1156, 1161 (9th Cir. 2003).

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action"). A § 1983 plaintiff must provide sufficient factual averments to support the plausible inference that some prearranged plan or joint action existed between the conspirators to engage in all the conspiratorial activities and to obtain an unconstitutional objective. Id. Accordingly, a plaintiff's "undifferentiated contention that 'defendants' infringed [their] rights" will not suffice; rather, "it is incumbent upon . . . plaintiff[s] to 'identify specific actions taken by particular defendants'" in order to make out a viable § 1983 conspiracy claim. Pahls v. Thomas, 718 F.3d 1210, 1226 (10th Cir. 2013); see also Albrecht v. Hamilton, 223 Fed.Appx. 122, 124-25 (3d Cir. 2007) ("[The plaintiff] . . . "fails to plead even 'basic facts' in support of his allegation that the prosecutor worked 'in collusion' with the defendants . . . nor does he allege any facts from which we can infer that the prosecution shared the defendants' motivation to deprive him of his constitutional rights. Rather, the complaint contains only a general averment of conspiracy amounting to nothing more than a conclusion of law."). The factual allegations purporting to state a claim and skirt the immunity defense must focus specifically on the conduct of the individual alleged to have caused the plaintiff's injury as opposed to imprecise conspiracy claims. Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 2005). Further, allegations that a judge conspired to violate a person's civil rights do not overcome judicial immunity. Imbler v. Pachtman, 424 U.S. 409, 431, 96 S.Ct. 984 (1976) (allegations of conspiracy to wrongfully convict plaintiff did not overcome prosecutorial immunity); Ashelman v. Pope, 793 F.2d 1072, 10771-78 (9th Cir. 1986) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."). Absolute immunity insulates state actors, like judges and prosecutors, from charges or erroneous acts or irregular action, even when it is alleged that such action was driven by malice, bad faith, or corruption. Forrester v. White, 484 U.S. 219, 227-28, 108 S.Ct. 538 (1988) (holding an act "does not become less judicial by virtue of allegations of malice or corruption of motive"); Moore v. Brewster, supra, 96 F.3d 1240 at 1244 (allegations that a judge conspired with another party do not pierce absolute judicial immunity). Absolute immunity covers "virtually all acts, regardless of motivation," therefore,

"when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." Pinaud v. County of Suffolk, 52 F.3d 1139, 1148 (2d Cir. 1995). Plaintiff's allegations and argument regarding improper motive, bad faith, or even acts taken in an unquestionably illegal manner are all irrelevant. See Red Zone 12 LLC v. City of Columbus, 758 F.App'x 508, 513-14 (6th Cir. 2019); Ashelman, 793 F.2d at 1078 ("[A] conspiracy . . . to predetermine the outcome . . . does not pierce the immunity").

Plaintiff next contends that he seeks extraordinary relief in some unspecified form in his Complaint and that judicial immunity attaches to only his claims for monetary relief. He cites no source for this legal assertion because there is no good law that supports his argument. Judicial immunity is an immunity from suit, not the award of damages, and applies to bar suits for declaratory and injunctive relief. Mireles v. Waco, 502 U.S. 9, 11 (1991); Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); see also Mullis v. United States Bankruptcy Court for the Dist. of Nev., 828 F.2d 1385, 1394 (9th Cir. 1987) (finding absolute judicial immunity to apply in Bivens action as well as seeking of declaratory and injunctive relief); Shahroki v. Throne, Case No.2:22-cv-00001-JAD-NJK, 2022 WL 2080090 *3 & n.22 (D. Nev., June 9, 2022) (stating judicial "immunity applies to civil actions for damages as well as declaratory or equitable relief").

Section 1983 currently provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. In 1996, Congress enacted the Federal Courts Improvement Act ("FCIA"), which amended § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000); see also Roth v. King, 449 F.3d 1272, 1286-1287 (D.C. Cir. 2006) (concluding that the district court erred in concluding that appellees might be able to obtain injunctive relief against individuals acting in a judicial capacity, in light of the changes to Federal Courts Improvement Act); Montero v. Travis, 171 F.3d 757, 761 (2d Cir. 1999) ("Absolute immunity

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

bars not only Montero's § 1983 claim for damages but also his claim for injunctive relief"); Azubuko v. Ashley, 443 F.3d 302 (3rd Cir. 2006) (doctrine of judicial immunity applies even when plaintiff seeks declaratory relief, unless plaintiff alleges that a declaratory judgment was violated or declaratory relief is not available).

Thus, § 1983 itself grants "judicial immunity from suit for injunctive relief for acts taken in a judicial capacity." Wolfe v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004); Craig v. Villicana, 676 Fed. Appx. 716 (9th Cir. 2017) (holding that judicial immunity extends to declaratory and other equitable relief). Plaintiff has made no showing or allegations that the exception to judicial immunity from suit for injunctive relief—namely, violation of a declaratory decree or the unavailability of declaratory relief—applies, nor is there any indication that plaintiff could make such a showing. As a result, Plaintiff's claim for injunctive relief does not fall within the narrow set of circumstances set forth in § 1983 and states no valid claim for relief. See Just Network, Inc. v. Craighead Cnty., 931 F.3d 753, 763 (8th Cir. 2019).

Finally, Plaintiff's argument that there was extrinsic fraud also fails as a matter of law to pierce Associate Justice Dato' absolute judicial immunity. Plaintiff's claim that there was discriminatory conduct and clear bias is of no consequence either. Plaintiff's allegations that the "wrongful acts . . . [were done] in cahoots" other Defendants also fail to state a valid claim. Finally, Plaintiff's blanket assertion that allegations are not judicial in nature are insufficient as a matter of law to withstand dismissal based upon absolute immunity. The jurisdictionally defective claims fail to state any facts stating a valid cause of action.

The Complaint should therefore also be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff has not made any allegation against Associate Justice Dato outside of his judicial function or in clear excess of his judicial authority. The immunity applies regardless of Plaintiff's naked assertions that there was a conspiracy or a fraudulent or corrupt motive underlying the performance of judicial acts. In accordance with the state court order providing immunity to the Chief Justice of the California Supreme Court, immunity from suit also applies to all of Plaintiff's claims for relief, regardless of the remedy sought, against Associate Justice Dato.

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

## IV. CONCLUSION

IN ACCORDANCE WITH THE FOREGOING, the Court should dismiss Associate Justice Dato, because this Court lacks subject matter jurisdiction on the claims and lacks personal jurisdiction over him. Alternatively, the Court should dismiss all claims with prejudice for failure to state a claim because Associate Justice Dato is immune from suit.

Respectfully Submitted this 8th day of August, 2022.

OLSON CANNON GORMLEY & STOBERSKI

By: [signature]

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California; and William Dato, Associate Justice of the California Court of Appeal, Fourth Appellate District, Division One*

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY & STOBERSKI, and that on the 8th day of August, 2022, I served a copy of the foregoing **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT ASSOCIATE JUSTICE WILLIAM DATO'S MOTION TO DISMISS,** in the following manner:

Through the CM/ECF system of the United States District Court for the District of Nevada, (or, if necessary, by U.S. Mail, first class, postage pre-paid, and/or via email): upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
ddydzak@yahoo.com
*Plaintiff Pro Se*

Craig R. Anderson, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
smong@maclaw.com
canderson@maclaw.com
*Attorneys for Defendant Judge Donald F. Miles*

Michael Ayers, Esq.
Clark Vellis, Esq.
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. Virginia St., 8th Fl.
Reno, NV 89501
michael.ayers@qpwblaw.com
clark.vellis@qpwblaw.com
*Attorneys for MIDFIRST BANK incorrectly named herein as 1ST CENTURY BANK and/or 1ST CENTURY BANCSHARES, INC.*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
*Defendants in propria persona*

David J. Carroll, Esq.
Eric M. George, Esq.
ELLIS GEORGE CIPOLLONE
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
cubence@egcfirm.com
www.egcfirm.com
*Defendants in propria persona Eric M. George, Ronald M. George, and Alan I. Rothenberg*

Patrick Rose, Esq.
Patrick.Rose@usdoj.gov
Dionne.White@usdoj.gov
*Assistant United States Attorney for Peter Lind Shaw*

*/s/ Jessica Kaufman*
An employee of OLSON CANNON GORMLEY & STOBERSKI

**Marquis Aurbach**
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
canderson@maclaw.com

*Attorneys for Defendant Donald F. Miles*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>Plaintiff,<br><br>vs.<br><br>TANI CANTIL-SAKAUYE; JORGE NAVARRETE; THOMAS LAYTON a/k/a TOM LAYTON; CHARLES SCHWAB; DONALD F. MILES; JOHNNIE B. RAWLINSON; BARRY G. SILVERMAN; WILLIAM A. FLETCHER; PETER LIND SHAW; RONALD M. GEORGE; ERIC M. GEORGE; ALAN L. ROTHENBERG; 1ST CENTURY BANK; 1ST CENTURY BANCSHARES, INC.; EDWARD EPHRAIM SCHIFFER; SIDNEY R. THOMAS; WILLIAM DATO; MAXINE M. CHESNEY; MOLLY C. DWYER; GEORGE H. KING; A. WALLACE TASHIMA; FERDINAND FRANCIS FERNANDEZ; KIM MCCLANE WARDLAW; WILLIAM C. CANBY; RONALD M. GOULD; RICHARD C. TALLMAN and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:22-cv-01008-APG-VCF |

**DEFENDANT DONALD F. MILES' RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

Defendant Donald F. Miles ("Retired-Judge Miles"), by and through his attorneys of record, Marquis Aurbach, hereby submits his Response to Plaintiff's Opposition to Motion to Dismiss (ECF No. 16) in the above-entitled action. This Response is made and based on the attached Memorandum of Points and Authorities and all pleadings and papers on file herein.

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This Reply supports Retired-Judge Miles' Motion to Dismiss ("Motion") which requests that this Court: (1) dismiss Plaintiff Daniel David Dydzak's ("Plaintiff") complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as Nevada lacks subject matter jurisdiction to evaluate attorney discipline imposed by the California Supreme Court; and (2) dismiss Plaintiff's complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2), as Plaintiff has pled no facts that would establish this Court's personal jurisdiction – general or specific – over Retired-Judge Miles.

## II. LEGAL ARGUMENT

Plaintiff's response, brings forth a plethora of arguments, couched in colorful adjectives, pertaining to points apart from the Motion at hand. In the interest of judicial economy, this Reply solely focuses on issues relevant to the underlying Motion. Nevertheless, Plaintiff's claim against Retired-Judge Miles should be dismissed because this Court does not have jurisdiction to hear the claim.

### A. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(1), THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE

Plaintiff's complaint names Retired-Judge Miles, but not the Honorable Judge Johnny Rawlinson ("Judge Rawlinson"), in the third cause of action alleging a conspiracy affecting the affirmation of Plaintiff's disbarment by the California Supreme Court. Next, Plaintiff alleges in his opposition that Nevada has proper subject matter jurisdiction because Plaintiff's fifth Cause of Action implicates Judge Rawlinson, a resident of the State of Nevada. How Plaintiff connects the two causes of action is unclear. However, even if the two claims could somehow be intertwined, Plaintiff's claim against Retired-Judge Miles still fails.

This Court does not have subject matter jurisdiction over Retired-Judge Miles. In a similar case, the Ninth Circuit has held that a lower federal court does not have subject matter jurisdiction to consider Washington State Supreme Court's decision to disbar an attorney. *Clark*

*v. State of Washington*, 366 F.2d 678 (9th Cir. 1996). Thus, here, Plaintiff's disbarment may not be reviewed by means of an original action in a lower federal court. *Dist. Of Columbia Ct. of App. V. Feldman*, 460 U.S. 462, 482 N.16 (1983). Moreover, Nevada Supreme Court Rule 105(3)(b) authorizes the Nevada Supreme Court with the power to review discipline imposed by the Nevada State Bar. Nevada Supreme Court Rule 105(3)(b) does not give the Nevada Supreme Court subject matter jurisdiction over hearing attorney discipline decided by the California Supreme Court. *See also Clark v. State of Washington*, 366 F.2d 678 (9th Cir. 1996). Therefore, this court cannot consider attorney discipline decided by the California Supreme Court.

This claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1), as neither the State of Nevada nor a lower federal court has subject matter jurisdiction over this claim regarding discipline imposed by the California Supreme Court.

**B. PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(2), THIS COURT LACKS PERSONAL JURISDICTION OVER RETIRED-JUDGE MILES**

Plaintiff, a California resident, has not pled facts in his complaint nor produced evidence in his opposition that would establish this Court's personal jurisdiction – general or specific – over Retired-Judge Miles, a California resident. *See Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 (1984). Plaintiff also does not allege the injuries he sustained occurred in Nevada or that Retired-Judge Miles has any ties to Nevada. *See Nguyen v. Margines*, 2021 WL 5761766 *2 (D. Nev. Dec. 3, 2021) (dismissing the plaintiff's suit against California State-Court Judges seeking damages against them for judgments entered against the plaintiffs in other cases in California due to lack of personal jurisdiction.) Thus, pursuant to Federal Rule of Civil Procedure 12(b)(2), the claim against Retired-Judge Miles should be dismissed for want of personal jurisdiction.

**1. <u>The State of Nevada does not have general jurisdiction over Retired-Judge Miles</u>**

Plaintiff's response alleges that minimum contacts have implicated Retired-Judge Miles to be tried in the State of Nevada. Plaintiff also alleges Retired-judge Miles actively participated in harming Plaintiff in Nevada but does not produce evidence of said minimum contacts or how

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

the claimed harm was inflicted.

Notwithstanding Plaintiff's statements in his opposition, Plaintiff agrees that Retired-Judge Miles is a resident of, domiciled in and that the conduct complained of occurred in California. All of these facts support Retired-Judge Miles's lack of continuous and systematic contact in Nevada. A lack of such activity runs contrary to long established precedent regarding a defendant's activities in the forum state, which must be so continuous and systematic that said defendant may be deemed present in the forum and hence subject to suit over claims unrelated to its activities here. *Helicopteros*, 466 U.S. at 415-16; *Trump v Eighth Judicial Dist. Ct.*, 109 Nev. 687, 699 (1993). Moreover, Plaintiff's allegations regarding Judge Rawlinson possibly residing in Las Vegas, Nevada do not establish personal jurisdiction over Retired-Judge Miles.

Plaintiff's claim against Retired-Judge Miles should be dismissed for lack of general jurisdiction. Plaintiff does not present evidence supporting that Retired-Judge Miles has any activity in Nevada, let alone activities so substantial he could be deemed present in Nevada.

**2. The State of Nevada does not have specific jurisdiction over Retired-Judge Miles**

Plaintiff asserts Retired-Judge Miles' minimum contacts with the State of Nevada stem from his alleged tortious acts towards Plaintiff, which produced foreseeable consequences in Nevada. Plaintiff produces no facts to explain what these acts or consequences are or how these alleged acts or consequences occurred, or how Retired-Judge Miles is liable. More importantly, Plaintiff does not state how these acts or consequences are connected to Nevada. Plaintiff does not present evidence that Retired-Judge Miles purposefully directed activity towards, availed himself of Nevada, nor does Plaintiff show how this claim arises out of Nevada. *Rutsky & Co. Ins. Services, Inc. v American Special Risk Ins. Services*, 328 F.3d 1122, 1129 (9th Cir. 2003). Thus, Plaintiff has not established facts sufficient to establish personal jurisdiction. *See Huffy Corp. v. Overlord Industries*, et al, 46 F. Supp. 2d 1093, 1096 (D. Nev. 2003).

Plaintiff's claim against Retired-Judge Miles should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because Plaintiff has failed to supply the Court with any facts that would establish personal jurisdiction.

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

**III. CONCLUSION**

Based on the above, the claims against Retired-Judge Miles should be dismissed due to lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and (2).

Dated this 8th day of August, 2022.

MARQUIS AURBACH

By *s/Craig R. Anderson*
Craig R. Anderson, Esq.
Nevada Bar No. 6882
10001 Park Run Drive
Las Vegas, Nevada 89145
*Attorney for Defendant Donald F. Miles*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **DEFENDANT DONALD F. MILES' RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT** was submitted electronically for filing and/or service with the United States District Court on the 8th day of August, 2022. Electronic service of the foregoing document shall be made in accordance with the CM/ECF-Service List.

I further certify that I served a copy of this document by mailing a true and correct copy thereof, postage prepaid, addressed to: N/A

*s/Sherri Mong*
an employee of Marquis Aurbach

FILED RECEIVED
ENTERED SERVED ON
COUNSEL/PARTIES OF RECORD
AUG 0 3 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: DEPUTY

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; EXHIBIT 1**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and requests judicial notice of the docket of Ninth Circuit Case No. 12-56960, DYDZAK v. CANTIL-SAKAUYE et al., Rule 201, Federal Rules of Evidence. A true and correct copy of the docket is marked and attached hereto as Exhibit 1 and incorporated by reference herein.

Contrary to what Defendants RONALD M. GEORGE, ERIC M. GEORGE and

ALAN I. ROTHENBERG FALSELY assert in Reply Briefs, this appeal is PENDING. The "Coughenour" Order is marked by "fraud upon the court" and NOT final. It should not be given any weight by this Court as the Order is under appeal, marked by extrinsic fraud, and not final It is illegal and against due process, equal protection, the First Amendment right of access to the courts, and other constitutional protections for the Ninth Circuit, with an illegal panel, to rule that "No further filings will be entertained in this closed case." This is canard language put in to prejudice pro se litigants, and created, upon information and belief, by former staff attorney Schiffer and illegal commissioner Shaw. Any federal judge knows that a void order can be reversed and set aside at any time. Moreover, the aforesaid language is against the unanimous seminal holding of the U.S. Supreme Court that a party can file documents and pleadings to make a complete record and aid in his prosecution or defense of a case. Holt v. Virginia, 381 U.S. 131 (1965).

Defendants SCHIFFER and SHAW no longer work for the Ninth Circuit, and engaged in unlawful actions against DYDZAK, as alleged in the lawsuit. Defendant CANTIL-SAKAUYE has announced her imminent departure from the CA Supreme Court and is on appeal before the Supreme Court of Nevada with Defendant NAVARRETE. Defendants CANTIL-SAKAUYE and NAVARRETE violated DYDZAK's civil rights and unlawfully interfered with the processes of the Court. The present causes of action in the operative Complaint before this Honorable federal Court have not been litigated on the merits and are clearly not res judicata or subject to collateral estoppel.

Exhibit 1 demonstrates, without question, that the Coughenour Order is not a final order but on PENDING appeal. See PACER nos. 42-91.

Dated: August 1, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

**Court of Appeals Docket #:** 12-56960
**Nature of Suit:** 2440 Other Civil Rights
Daniel Dydzak v. Tani Cantil-Sakauye, et al
**Appeal From:** U.S. District Court for Central California, Los Angeles
**Fee Status:** IFP

**Docketed:** 10/26/2012
**Termed:** 05/18/2015

**Case Type Information:**
1) civil
2) united states
3) null

**Originating Court Information:**
**District:** 0973-2 : 2:11-cv-05560-JCC
**Court Reporter:** Blanca Carvajal, Manager
**Trial Judge:** John C. Coughenour, Senior District Judge
**Date Filed:** 07/06/2011

| Date Order/Judgment: | Date Order/Judgment EOD: | Date NOA Filed: | Date Rec'd COA: |
|---|---|---|---|
| 09/26/2012 | 09/28/2012 | 10/23/2012 | 10/25/2012 |

**Prior Cases:**

| Case | Date Filed | Date Disposed | Disposition |
|---|---|---|---|
| 02-55325 | 02/25/2002 | 02/12/2003 | Affirmed - Memorandum |
| 03-55216 | 02/05/2003 | 02/28/2005 | Affirmed - Opinion |
| 09-56325 | 08/20/2009 | 11/18/2009 | Affirmed - Judge Order |
| 10-55772 | 05/17/2010 | 08/10/2010 | Dismissed - Judge Order |
| 10-56000 | 06/23/2010 | 03/22/2011 | Rule 42-1 Dismissal - Clerk Order |
| 10-80193 | 09/28/2010 | 06/24/2011 | Affirmed - Judge Order |
| 11-55143 | 01/24/2011 | 07/07/2011 | Affirmed - Judge Order |

**Current Cases:**

| | Lead | Member | Start | End |
|---|---|---|---|---|
| Related | | | | |
| | 10-55772 | 10-56000 | 06/23/2010 | |
| | 10-56000 | 11-55143 | 01/24/2011 | |
| | 10-80193 | 11-55143 | 01/24/2011 | |
| | 10-80193 | 11-56028 | 06/17/2011 | |
| | 11-55143 | 11-56028 | 06/17/2011 | |
| | 11-56028 | 12-56960 | 10/26/2012 | |
| | 11-56028 | 12-57106 | 11/20/2012 | |

DANIEL DAVID DYDZAK
Plaintiff - Appellant,

Daniel David Dydzak
Direct: 310-867-1289
[NTC Pro Se]
Suite 407W
4265 Marina City Dr.
Marina Del Rey, CA 90292

v.

TANI GORRE CANTIL-SAKAUYE
Defendant - Appellee,

JOYCE L. KENNARD
Defendant - Appellee,

MARVIN R. BAXTER
Defendant - Appellee,

KATHRYN M. WERDEGAR
Defendant - Appellee,

MING W. CHIN
Defendant - Appellee,

CAROL A. CORRIGAN

Exhibit / 3

Defendant - Appellee,

RONALD M. GEORGE
                Defendant - Appellee,

CALIFORNIA SUPREME COURT
                Defendant - Appellee,

SCOTT J. DREXEL
                Defendant - Appellee,

BETH JAY
                Defendant - Appellee,

JOANN REMKE
                Defendant - Appellee,

PERCY ANDERSON, Judge
                Defendant - Appellee,

CORMAC J. CARNEY, Judge
                Defendant - Appellee,

DAVID O. CARTER
                Defendant - Appellee,

AUDREY B. COLLINS, Judge
                Defendant - Appellee,

VALERIE BAKER FAIRBANK, Judge
                Defendant - Appellee,

GARY A. FEESS, Judge
                Defendant - Appellee,

DALE S. FISCHER, Judge
                Defendant - Appellee,

DOLLY M. GEE, Judge
                Defendant - Appellee,

ANDREW J. GUILFORD, Judge
                Defendant - Appellee,

PHILIP S. GUTIERREZ, Judge
                Defendant - Appellee,

TERRY J. HATTER, Jr., Judge
                Defendant - Appellee,

ROBERT J. KELLEHER, Judge
                Defendant - Appellee,

WILLIAM D. KELLER, Judge
                Defendant - Appellee,

GEORGE H. KING, Judge
                Defendant - Appellee,

R. GARY KLAUSNER, Judge
                Defendant - Appellee,

JOHN A. KRONSTADT, Judge
                Defendant - Appellee,

J. SPENCER LETTS, Judge
                Defendant - Appellee,

CONSUELO B. MARSHALL, Judge
Defendant - Appellee,

ALVIN HOWARD MATZ, Judge
Defendant - Appellee,

MARGARET M. MORROW, Judge
Defendant - Appellee,

JACQUELINE H. NGUYEN, Judge
Defendant - Appellee,

S. JAMES OTERO, Judge
Defendant - Appellee,

MARIANA R. PFAELZER, Judge
Defendant - Appellee,

VIRGINIA A. PHILLIPS, Judge
Defendant - Appellee,

DEAN D. PREGERSON, Judge
Defendant - Appellee,

MANUEL L. REAL, Administrative Law Judge, Judge
Defendant - Appellee,

JAMES V. SELNA, Judge
Defendant - Appellee,

CHRISTINA A. SNYDER, Judge
Defendant - Appellee,

ALICEMARIE H. STOTLER, Administrative Law Judge, Judge
Defendant - Appellee,

ROBERT J. TIMLIN, Judge
Defendant - Appellee,

JOSEPHINE L. STATON, Judge
Defendant - Appellee,

JOHN F. WALTER, Judge
Defendant - Appellee,

STEPHEN V. WILSON, Judge
Defendant - Appellee,

OTIS D. WRIGHT II, Judge
Defendant - Appellee,

ALICIA G. ROSENBERG, Magistrate Judge
Defendant - Appellee,

ROBERT H. WHATLEY
Defendant - Appellee,

DANIEL DAVID DYDZAK,

Plaintiff - Appellant,

v.

TANI GORRE CANTIL-SAKAUYE; JOYCE L. KENNARD; MARVIN R. BAXTER; KATHRYN M. WERDEGAR; MING W. CHIN; CAROL A. CORRIGAN; RONALD M. GEORGE; CALIFORNIA SUPREME COURT; SCOTT J. DREXEL; BETH JAY; JOANN REMKE; PERCY ANDERSON, Judge; CORMAC J. CARNEY, Judge; DAVID O. CARTER; AUDREY B. COLLINS, Judge; VALERIE BAKER FAIRBANK, Judge; GARY A. FEESS, Judge; DALE S. FISCHER, Judge; DOLLY M. GEE, Judge; ANDREW J. GUILFORD, Judge; PHILIP S. GUTIERREZ, Judge; TERRY J. HATTER, Jr., Judge; ROBERT J. KELLEHER, Judge; WILLIAM D. KELLER, Judge; GEORGE H. KING, Judge; R. GARY KLAUSNER, Judge; JOHN A. KRONSTADT, Judge; J. SPENCER LETTS, Judge; CONSUELO B. MARSHALL, Judge; ALVIN HOWARD MATZ, Judge; MARGARET M. MORROW, Judge; JACQUELINE H. NGUYEN, Judge; S. JAMES OTERO, Judge; MARIANA R. PFAELZER, Judge; VIRGINIA A. PHILLIPS, Judge; DEAN D. PREGERSON, Judge; MANUEL L. REAL, Administrative Law Judge, Judge; JAMES V. SELNA, Judge; CHRISTINA A. SNYDER, Judge; ALICEMARIE H. STOTLER, Administrative Law Judge, Judge; ROBERT J. TIMLIN, Judge; JOSEPHINE L. STATON, Judge; JOHN F. WALTER, Judge; STEPHEN V. WILSON, Judge; OTIS D. WRIGHT II, Judge; ALICIA G. ROSENBERG, Magistrate Judge; ROBERT H. WHATLEY,

Defendants - Appellees.

| | | |
|---|---|---|
| 10/26/2012 | 1 27 pg, 224.41 KB | DOCKETED CAUSE AND ENTERED APPEARANCES OF APPELLANT IN PRO SE AND NO APPEARANCE FOR APPELLEES. SEND MQ: No. The schedule is set as follows: Fee due from Appellant Daniel David Dydzak on 10/23/2012. Transcript ordered by 11/23/2012. Transcript due 02/21/2013. Appellant Daniel David Dydzak opening brief due 04/02/2013. [8378108] (BG) [Entered: 10/26/2012 01:09 PM] |
| 10/31/2012 | 2 2 pg, 98.1 KB | Filed clerk order (Deputy Clerk: CKP): A review of the district court docket reflects that appellant has not paid the docketing and filing fees for this appeal. Within 21 days from the date of entry of this order, appellant shall: (1) file a motion with this court to proceed in forma pauperis; (2) pay $455.00 to the district court as the docketing and filing fees for this appeal and provide proof of payment to this court; or (3) otherwise show cause why the appeal should not be dismissed for failure to prosecute. If appellant fails to comply with this order, the appeal will be dismissed automatically by the Clerk under Ninth Circuit Rule 42-1. [8382381] (CKP) [Entered: 10/31/2012 09:03 AM] |
| 11/13/2012 | 3 19 pg, 512.72 KB | Filed Appellant Daniel David Dydzak motion for leave to appeal in forma pauperis; memorandum of points and authorities; declaration of Daniel D. Dydzak thereto; exhibits. Served on 11/09/2012. [8400696] (RL) [Entered: 11/14/2012 10:33 AM] |
| 01/11/2013 | 4 1 pg, 31.81 KB | Filed order (Appellate Commissioner): The motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status. The previously established briefing schedule remains in effect. (MOATT) [8471602] (SAM) [Entered: 01/11/2013 04:13 PM] |
| 01/11/2013 | 5 | Fee status changed ( [Case Number 12-56960: IFP] ). [8471603] (SAM) [Entered: 01/11/2013 04:13 PM] |
| 03/27/2013 | 6 12 pg, 328.92 KB | Filed Appellant Daniel David Dydzak emergency motion for stay of proceedings or, in the alternative, 90-day continuance to file opening brief based upon good cause; declaration of Daniel D. Dydzak thereto; exhibit; request for judicial notice. Served on 03/24/2013. [8566964] (RL) [Entered: 03/27/2013 04:45 PM] |
| 03/28/2013 | 7 1 pg, 101.92 KB | Filed clerk order (Deputy Clerk: GS): The appellant's motion to extend time to file appellant opening brief until 07/01/2013 is granted. Appellant Daniel David Dydzak opening brief due 07/01/2013. As there is no appearance by the appellees, this case shall be deemed ready for calendaring upon the filing of the opening brief. [8568470] (GS) [Entered: 03/28/2013 02:47 PM] |
| 07/01/2013 | 8 12 pg, 330.52 KB | Filed Appellant Daniel David Dydzak motion for transfer of appeal to different Circuit than Ninth Circuit, stay of proceedings or, in the alternative, extension of time to November 15, 2013, to file opening brief; memorandum of points and authorities; declaration of Daniel D. Dydzak thereto; exhibit. Served on 06/27/2013. [8689305] (RL) [Entered: 07/02/2013 01:38 PM] |
| 07/12/2013 | 9 1 pg, 42.28 KB | Filed order (Appellate Commissioner): Appellant's motion for an extension of time to file the opening brief is granted. The opening brief is now due November 15, 2013. Because appellant is proceeding without counsel, the excerpts of record requirement is waived. See 9th Cir. R. 30-1.2. Because there is no appearance by appellee, briefing will be completed upon the filing of the opening brief. Appellant's alternative requests to transfer this appeal to a court of appeals other than the Ninth Circuit, or to stay this appeal pending the disposition of his petition for writ of certiorari in appeal No. 12-57105, Dydzak v. Schwarzenegger, are denied. (MOATT) [8702456] (SAM) [Entered: 07/12/2013 04:25 PM] |
| 11/13/2013 | 10 6 pg, 205.03 KB | Filed Appellant Daniel David Dydzak motion to transfer appeal to different circuit courtr, motion to stay further action., to extend time to file appellant opening brief until 02/18/2014. Served on 11/07/2013. [8859933] (CW) [Entered: 11/13/2013 08:31 AM] |
| 12/06/2013 | 11 1 pg, 44.57 KB | Filed order (Appellate Commissioner): Appellant's motion for an extension of time to file the opening brief is granted. The opening brief is now due February 18, 2014. Because appellant is proceeding without counsel, the excerpts of record requirement is waived. See 9th Cir. R. 30-1.2. Because there is no appearance by appellees, briefing will be completed upon the filing of the opening brief. Appellant's alternative requests to transfer this appeal to a court of appeals other than the Ninth Circuit, or to stay this appeal pending the disposition of his petitions for writ of certiorari in Dydzak v. Schwarzenegger and Dydzak v. Central District of California (U.S. Supreme Court Nos. 13-5330, 13-7046), are denied. (MOATT) [8891433] (WL) [Entered: 12/06/2013 07:18 AM] |
| 02/19/2014 | 12 8 pg, 240.23 KB | Filed Appellant Daniel David Dydzak new motion for transfer of appeal to different circuit than Nith Circuit, stay of proceedings or, in the alternative, extension of time to May 25, 2014 to file opening brief; memorandum of points and authorities; declaration of Daniel D. Dydzak thereto . Served on 02/14/2014. [8984410] (RL) [Entered: 02/19/2014 07:32 PM] |
| 03/04/2014 | 13 2 pg, 44.69 KB | Filed order (Appellate Commissioner): Appellant's motion for an extension of time to file the opening brief is granted. The opening brief is now due May 27, 2014. Because appellant is proceeding without counsel, the excerpts of record requirement is waived. See 9th Cir. R. 30-1.2. Because there is no appearance by appellees, briefing will be completed upon the filing of the opening brief. No further requests for extensions of time will be entertained. If the opening brief is not filed by May 27, 2014, this appeal will be dismissed by the Clerk for failure to prosecute. See 9th Cir. R. 42-1. Appellant's alternative requests to transfer this appeal to a court of appeals other than the Ninth Circuit, or to stay this appeal pending the disposition of his proceeding in Dydzak v. U.S. Dist. Ct. for the Central Dist. of California (U.S. Supreme Court No. 13-7046), are denied. (MOATT) [9000262] (WL) [Entered: 03/04/2014 07:47 AM] |

| | | |
|---|---|---|
| 03/20/2014 | 14<br>11 pg, 304.79 KB | Filed Appellant Daniel David Dydzak motion to reverse and modify order of March 4, 2014 by appellate commissioner Peter L. Shaw; memorandum of points and authorities; declaration of Daniel D. Dydzak thereto; exhibit. Deficiencies: None. Served on 03/13/2014. [9024880] (RL) [Entered: 03/20/2014 03:43 PM] |
| 04/08/2014 | 15<br>2 pg, 41.78 KB | Filed order (ALFRED T. GOODWIN and WILLIAM C. CANBY) Appellant's March 20, 2014 "motion to reverse and modify order of March 4, 2014" is construed as a motion for reconsideration of the Appellate Commissioner's March 4, 2014 order. The motion for reconsideration is denied. See 9th Cir. R. 27-10. Appellant's request to transfer this appeal to a court of appeals other than the Ninth Circuit, contained in the March 20, 2014 filing, is denied. Appellant's opening brief remains due May 27, 2014. Because appellant is proceeding without counsel, the excerpts of record requirement is waived. See 9th Cir. R. 30-1.2. Because there is no appearance by appellees, briefing will be [9048738] (WL) [Entered: 04/08/2014 10:54 AM] |
| 04/21/2014 | 16<br>12 pg, 338.54 KB | Filed Appellant Daniel David Dydzak motion to reverse and set aside void and unlawful April 8, 2014 order; memoransum of points and authorities; Declaration of Daniel D. Dydzak thereto; exhibit. Deficiencies: None. Served on 04/17/2014. [9065850] (JFF) [Entered: 04/21/2014 01:55 PM] |
| 05/12/2014 | 17<br>6 pg, 150.98 KB | Filed Appellant Daniel David Dydzak motion to expedite ruling. Deficiencies: None. Served on 05/08/2014. [9092893] (JFF) [Entered: 05/13/2014 10:36 AM] |
| 05/23/2014 | 18<br>20 pg, 667.9 KB | Filed original and 7 copies of Appellant Daniel David Dydzak (Informal: Yes) opening brief of 12 pages. Served on 05/21/2014. [9109769] (TLH) [Entered: 05/27/2014 03:28 PM] |
| 05/23/2014 | 19<br>5 pg, 123.84 KB | Filed Appellant Daniel David Dydzak motion to stay appeal and order settlement conference; memorandum of ponts and authorities; Declaration of Daniel D. Dydzak. Deficiencies: None. Served on 05/21/2014. [9110578] (JFF) [Entered: 05/28/2014 10:32 AM] |
| 06/03/2014 | 20<br>2 pg, 42.03 KB | Filed order (ALFRED T. GOODWIN and WILLIAM C. CANBY) Appellant's May 12, 2014 "motion to expedite ruling" on the April 21, 2014 motion is denied. Appellant's April 21, 2014 "motion to reverse and set aside void and unlawful April 8, 2014 order" is construed as a motion for reconsideration of the April 8, 2014 order, which denied reconsideration of the Appellate Commissioner's March 4, 2014 order and denied appellant's request to transfer this appeal to a court of appeals other than the Ninth Circuit. The motion for reconsideration is denied. See 9th Cir. R. 27-10. Appellant's May 23, 2014 "motion to stay appeal and order settlement conference" is denied. Appellant's requests for a transfer of this appeal to a court of appeals other than the Ninth Circuit, contained in his April 21, 2014 and May 12, 2014 motions, are denied. No motions for reconsideration, clarification, or modification of these denials shall be entertained. The opening brief has been filed. Because there is no appearance by appellees, briefing is now completed. [9118447] (WL) [Entered: 06/03/2014 02:59 PM] |
| 01/26/2015 | 21<br>13 pg, 440.62 KB | Filed Appellant Daniel David Dydzak notice that settlement discussion have not resolved this case request for oral argument and published openion on the merits; declaration of Daniel David Dydzak. Deficiencies: None. Served on 01/21/2015. [9397053] (JFF) [Entered: 01/27/2015 10:21 AM] |
| 03/02/2015 | 22<br>9 pg, 256.15 KB | Filed Appellant Daniel David Dydzak motion to expedite case. Deficiencies: None. Served on 02/27/2015. [9445179] (JFF) [Entered: 03/04/2015 01:21 PM] |
| 03/16/2015 | 23<br>9 pg, 252.7 KB | Filed Appellant Daniel David Dydzak motion to expedite case. Deficiencies: None. Served on 02/27/2015. [9463363] (JFF) [Entered: 03/19/2015 09:49 AM] |
| 05/11/2015 | 24<br>2 pg, 30.9 KB | Filed Appellant Daniel David Dydzak letter dated 04/25/2015 re: Circuit rule 27-12 and 34.3. Paper filing deficiency: None. [9538235] (JFF) [Entered: 05/14/2015 03:27 PM] |
| 05/18/2015 | 25<br>8 pg, 202.59 KB | FILED MEMORANDUM (EDWARD LEAVY, CONSUELO M. CALLAHAN and MILAN D. SMITH, JR.) AFFIRMED. FILED AND ENTERED JUDGMENT. [9540588] (Buccinio, Gabriela) [Entered: 05/18/2015 10:24 AM] |
| 05/26/2015 | 26<br>76 pg, 3.73 MB | Filed Appellant Daniel David Dydzak motion to reverse and set aside void and unlawful memorandum. Deficiencies: None. Served on 05/22/2015. [9552562] (JFF) [Entered: 05/28/2015 10:27 AM] |
| 05/29/2015 | 27<br>20 pg, 661.97 KB | Filed Appellant Daniel David Dydzak motion to transfer appeal, to stay proceedings. Deficiencies: None. Served on 05/26/2015. [9556355] (JFF) [Entered: 06/01/2015 10:46 AM] |
| 06/01/2015 | 28<br>16 pg, 624.01 KB | Filed Appellant Daniel David Dydzak motion to reconsider. Deficiencies: None. Served on 05/27/2015. [9557976] (JFF) [Entered: 06/02/2015 09:39 AM] |
| 06/05/2015 | 29<br>11 pg, 362.71 KB | Filed Appellant Daniel David Dydzak supplemental motion to reverse and set aside void and unlawful memorandum. Deficiencies: None. Served on 05/22/2015. [9564843] (JFF) [Entered: 06/08/2015 11:30 AM] |
| 06/09/2015 | 30<br>10 pg, 306.68 KB | Filed Appellant Daniel David Dydzak motion to expedite hearing of transfer/stay motion and other pending motions. Deficiencies: None. Served on 06/04/2015. [9569269] (JFF) [Entered: 06/10/2015 01:54 PM] |
| 06/29/2015 | 31 | Filed Appellant Daniel David Dydzak letter dated 06/26/2015 re: Request ruling on pending motions.. |

| | | |
|---|---|---|
| | 6 pg, 209.81 KB | Paper filing deficiency: None. [9595530] (Walker, Synitha) [Entered: 07/01/2015 12:25 PM] |
| 07/06/2015 | 32<br>14 pg, 406.91 KB | Filed Appellant Daniel David Dydzak motion to expedite hearing of transfer/stay motion and other pending motions. Deficiencies: None. Served on 07/03/2015. [9601705] (JFF) [Entered: 07/07/2015 03:56 PM] |
| 07/13/2015 | 33<br>2 pg, 79.27 KB | Filed Appellant Daniel David Dydzak letter dated 07/10/2015 re: request ruling. Paper filing deficiency: None. [9609140] (JFF) [Entered: 07/14/2015 10:01 AM] |
| 07/16/2015 | 34<br>11 pg, 320.45 KB | Filed Appellant Daniel David Dydzak motion to expedite hearing of transfer/stay motion and other pending motions. Deficiencies: None. Served on 07/13/2015. [9613696] (JFF) [Entered: 07/17/2015 11:17 AM] |
| 07/28/2015 | 35<br>1 pg, 58.33 KB | Filed Appellant Daniel David Dydzak letter dated 07/23/2015 re: pending motions. Paper filing deficiency: None. [9627196] (JFF) [Entered: 07/29/2015 02:28 PM] |
| 08/03/2015 | 36<br>9 pg, 251.74 KB | Filed Appellant Daniel David Dydzak fourth motion to expedite hearing of transfer/stay motion and other pending motions. Deficiencies: None. Served on 07/29/2015. [9633701] (JFF) [Entered: 08/04/2015 10:35 AM] |
| 08/11/2015 | 37<br>10 pg, 286.09 KB | Filed Appellant Daniel David Dydzak motion for order to show causeand fifth motion to expedite hearing of transfer and other pending motions; memorandum of points and authorities in support thereof; declaration of Daniel D. Dydzak. Deficiencies: None. Served on 08/07/2015. [9643440] (JFF) [Entered: 08/11/2015 04:12 PM] |
| 08/12/2015 | 38<br>1 pg, 31.93 KB | Filed order (EDWARD LEAVY, CONSUELO M. CALLAHAN and MILAN D. SMITH, JR.) We treat Dydzak's motion for reconsideration, filed on June 1, 2015, as a petition for panel rehearing, and deny the petition. All remaining motions are also denied. No further filings will be entertained in this closed case. [9644721] (MS) [Entered: 08/12/2015 02:26 PM] |
| 08/17/2015 | 39<br>2 pg, 86.42 KB | Filed Appellant Daniel David Dydzak letter dated 08/10/2015 re: could the court expedite ruling (nan per 8/12/15 order). Paper filing deficiency: None. [9649720] (JFF) [Entered: 08/17/2015 03:06 PM] |
| 08/21/2015 | 40<br>1 pg, 185.05 KB | MANDATE ISSUED. (EL, CMC and MDS) [9656064] (RL) [Entered: 08/21/2015 12:18 PM] |
| 08/21/2015 | 42<br>16 pg, 406.23 KB | Filed Appellant Daniel David Dydzak motion to reverse and set aside void and unlawful August 12, 2015 order. Deficiencies: nan per 8/12/15 order. Served on 08/17/2015. [9659188] (JFF) [Entered: 08/25/2015 10:20 AM] |
| 08/24/2015 | 41<br>3 pg, 192.57 KB | Filed Appellant Daniel David Dydzak letter dated 08/20/2015 re: part of record. Paper filing deficiency: nan per 8/12/15 order. [9659179] (JFF) [Entered: 08/25/2015 10:18 AM] |
| 08/26/2015 | 43<br>1 pg, 40.68 KB | Filed Appellant Daniel David Dydzak letter dated 08/17/2015 re: acting witout jurisdiction. Paper filing deficiency: : nan per 8/12/15 order [9661233] (JFF) [Entered: 08/26/2015 10:54 AM] |
| 08/26/2015 | 44<br>27 pg, 787.19 KB | Filed Appellant Daniel David Dydzak motion to compel clerk of Ninth Circuit. Deficiencies: nan per 8/12/15 order. Served on 08/24/2015. [9663448] (JFF) [Entered: 08/28/2015 10:21 AM] |
| 08/27/2015 | 45<br>3 pg, 132.48 KB | Filed Appellant Daniel David Dydzak letter dated 08/24/2015 re: request investigation. Paper filing deficiency:nan per 8/12/15 order [9664980] (JFF) [Entered: 08/28/2015 04:31 PM] |
| 08/28/2015 | 47<br>12 pg, 354.08 KB | Filed Appellant Daniel David Dydzak motion to strike or set aside/reverse void and unlawful mandate. Deficiencies: None. Served on 08/26/2015. [9669192] (JFF) [Entered: 09/02/2015 10:04 AM] |
| 09/01/2015 | 46<br>3 pg, 193.59 KB | Filed Appellant Daniel David Dydzak letter dated 08/20/2015 re: correspondence be made part of the record. Paper filing deficiency: None. [9669175] (JFF) [Entered: 09/02/2015 09:59 AM] |
| 09/04/2015 | 48<br>68 pg, 1.03 MB | Filed Appellant Daniel David Dydzak letters and miscellaneous motions dated 08/17/2015, 08/20/2015 and 08/24/2015 [9673492] (Buccinio, Gabriela) [Entered: 09/04/2015 04:11 PM] |
| 09/04/2015 | 49<br>1 pg, 58.99 KB | Filed Appellant Daniel David Dydzak letter dated 09/01/2015 re: Filed documents. Paper filing deficiency: nan per 8/12/15 order [9675048] (JFF) [Entered: 09/08/2015 03:18 PM] |
| 09/08/2015 | 50<br>10 pg, 312.35 KB | Filed Appellant Daniel David Dydzak motion to expedite case. Deficiencies: nan per 8/12/15 order . Served on 09/04/2015. [9678243] (JFF) [Entered: 09/10/2015 01:51 PM] |
| 09/14/2015 | 51<br>10 pg, 309.08 KB | Filed Appellant Daniel David Dydzak motion for order to show cause. Deficiencies: nan per 8/12/15 order .Served on 08/07/2015. [9682131] (JFF) [Entered: 09/14/2015 03:50 PM] |
| 09/16/2015 | 52<br>1 pg, 53.86 KB | Filed Appellant Daniel David Dydzak letter dated 09/12/2015 re: questions on pending motions( nan per 8/12/2015). Paper filing deficiency: None. [9685724] (JFF) [Entered: 09/16/2015 04:04 PM] |
| 09/25/2015 | 53<br>10 pg, 304.04 KB | Filed Appellant Daniel David Dydzak second motion to expedite case. Deficiencies: nan per 8/12/15. Served on 09/18/2015. [9698255] (JFF) [Entered: 09/28/2015 11:21 AM] |
| 09/28/2015 | 55<br>2 pg, 69.8 KB | Filed letter dated 09/24/2015 re: pleading on pacer. Paper filing deficiency: nan per 8/12/15 [9701454] (JFF) [Entered: 09/30/2015 09:30 AM] |

| Date | # | Docket Text |
|---|---|---|
| 09/29/2015 | 54 1 pg, 59.11 KB | Filed Appellant Daniel David Dydzak letter dated 09/25/2015 re: pleading on pacer. Paper filing deficiency: nan per 8/12/15 [9701447] (JFF) [Entered: 09/30/2015 09:28 AM] |
| 09/30/2015 | 56 13 pg, 367.65 KB | Filed Appellant Daniel David Dydzak third motion to expedite case. Deficiencies: nan per 8/12/15 Served on 09/28/2015. [9703493] (JFF) [Entered: 10/01/2015 10:02 AM] |
| 10/06/2015 | 57 1 pg, 57.27 KB | Filed Appellant Daniel David Dydzak letter dated 10/03/2015 re: motion to expedite case deficiency: nan per 8/12/15 [9711632] (JFF) [Entered: 10/08/2015 10:40 AM] |
| 10/08/2015 | 58 1 pg, 64.09 KB | Filed Appellant Daniel David Dydzak letter dated 10/05/2015 re: ex parte comunication. Paper filing deficiency: nan per 8/12/15 [9716151] (JFF) [Entered: 10/13/2015 01:33 PM] |
| 10/23/2015 | 59 11 pg, 364.36 KB | Filed Appellant Daniel David Dydzak fourth motion to expedite case. Deficiencies: nan per 8/12/15 .Served on 10/20/2015. [9733037] (JFF) [Entered: 10/26/2015 03:32 PM] |
| 10/27/2015 | 60 2 pg, 75.85 KB | Filed Appellant Daniel David Dydzak letter dated 10/24/2015 re: copy of ltr. Paper filing deficiency: nan per 8/12/15 . [9735490] (JFF) [Entered: 10/28/2015 09:22 AM] |
| 10/27/2015 | 61 2 pg, 94.18 KB | Filed Appellant Daniel David Dydzak letter dated 10/21/2015 re: review of pacer. Paper filing deficiency: None. [9735497] (JFF) [Entered: 10/28/2015 09:25 AM] |
| 10/29/2015 | 62 1 pg, 28 KB | Filed Appellant Daniel David Dydzak letter dated 10/26/2015 re: review of pacer. Paper filing deficiency:nan per 8/12/15 . [9738595] (JFF) [Entered: 10/29/2015 04:21 PM] |
| 11/02/2015 | 63 2 pg, 23.59 KB | Filed Appellant Daniel David Dydzak letter dated 10/30/2015 re: carry out an investigation. Paper filing deficiency: Paper filing deficiency:nan per 8/12/15 [9743673] (JFF) [Entered: 11/03/2015 04:03 PM] |
| 11/05/2015 | 64 2 pg, 75.7 KB | Copy of letter received from Appellant Daniel David Dydzak deficiency:nan per 8/12/15 [9747840] (JFF) [Entered: 11/06/2015 01:45 PM] |
| 11/05/2015 | 65 33 pg, 2.98 MB | Filed Appellant Daniel David Dydzak letter dated 10/21/2015 re: pending motion. Paper filing deficiency: No further filings per 08/12/2015order. [9747888] (JFF) [Entered: 11/06/2015 02:02 PM] |
| 11/05/2015 | 66 2 pg, 90.03 KB | Copy of letter received from Appellant Daniel David Dydzak areas of inquiry. deficiency: No further filings per 08/12/2015 order.[9747920] (JFF) [Entered: 11/06/2015 02:15 PM] |
| 11/23/2015 | 67 9 pg, 255.8 KB | Filed Appellant Daniel David Dydzak fifth motion to expedite. Deficiencies: No further filings per 08/12/2015 order. Served on 11/18/2015. [9770655] (JFF) [Entered: 11/25/2015 10:32 AM] |
| 12/07/2015 | 68 2 pg, 73.66 KB | Filed Appellant Daniel David Dydzak letter dated 12/04/2015 re: no rulling on pending motion. Paper filing deficiency: No further filings per 8/12/15 order. [9784421] (JFF) [Entered: 12/08/2015 03:22 PM] |
| 12/15/2015 | 69 2 pg, 36.49 KB | Filed Appellant Daniel David Dydzak letter dated 12/10/2015 re: Pending motions. Paper filing deficiency: No further filings per 12/07/2015 order. [9796555] (JFF) [Entered: 12/17/2015 10:56 AM] |
| 12/15/2015 | 70 15 pg, 158.4 KB | Filed Appellant Daniel David Dydzak sixth motion to expedite. Deficiencies: No further filings per 8/12/2015 order. Served on 12/07/2015. [9796576] (JFF) [Entered: 12/17/2015 11:00 AM] |
| 12/21/2015 | 71 1 pg, 38.96 KB | Filed Appellant Daniel David Dydzak letter dated 12/17/2015 re: to confirm telephonic voice message. Paper filing deficiency: No further filings per 8/12/2015 order [9802096] (JFF) [Entered: 12/22/2015 11:34 AM] |
| 12/21/2015 | 72 2 pg, 77.99 KB | Filed Appellant Daniel David Dydzak letter dated 12/16/2015 re: review of pacer. Paper filing deficiency: No further filings per 8/12/2015 order. [9802123] (JFF) [Entered: 12/22/2015 11:42 AM] |
| 12/21/2015 | 73 1 pg, 58.45 KB | Filed Appellant Daniel David Dydzak letter dated 12/17/2015 re: to confirm telephonic voice message. Paper filing deficiency: No further filings per 8/12/2015 order. [9802152] (JFF) [Entered: 12/22/2015 11:48 AM] |
| 12/30/2015 | 74 27 pg, 846.34 KB | Filed Appellant Daniel David Dydzak motion to take judicial notice. Deficiencies: No further filings per 8/12/2015 order. Served on 12/24/2015. [9810887] [Edited 12/30/2015 by JFF] (JFF) [Entered: 12/30/2015 04:38 PM] |
| 01/04/2016 | 75 2 pg, 70.01 KB | Filed Appellant Daniel David Dydzak letter dated 12/29/2015 re: no ruling. Paper filing deficiency: No further filings per 8/12/2015 order. [9815701] (JFF) [Entered: 01/05/2016 02:17 PM] |
| 01/19/2016 | 76 2 pg, 28.45 KB | Filed Appellant Daniel David Dydzak letter dated 01/12/2016 re: pending motion. Paper filing deficiency: No further filings per 8/12/2015 order. [98337-[Edited 01/20/2016 by JFF] (JFF) [Entered: 01/20/2016 01:57 PM] |
| 01/19/2016 | 77 15 pg, 161.62 KB | Filed Appellant Daniel David Dydzak seventh motion to expedite. Deficiencies: No further filings per 8/12/2015 order. Served on 01/12/2016. [9834977] (JFF) [Entered: 01/21/2016 10:44 AM] |
| 01/28/2016 | 78 2 pg, 18.74 KB | Filed Appellant Daniel David Dydzak letter dated 01/24/2016 re: no ruling. Paper filing deficiency: No further filings per 8/12/2015 order. [9847356] (JFF) [Entered: 01/29/2016 02:50 PM] |
| 02/08/2016 | 80 | Filed Appellant Daniel David Dydzak letter dated 02/01/2016 re: request ruling. Paper filing deficiency: No |

| | | |
|---|---|---|
| | 2 pg, 68.97 KB | further filings per 8/12/2016 order. [9860833] (JFF) [Entered: 02/10/2016 10:25 AM] |
| 02/09/2016 | 79<br>14 pg, 161.47 KB | Filed Appellant Daniel David Dydzak motion to compel. Deficiencies: No further filings per 08/12/2015 order. Served on 02/05/2016. [9860822] (JFF) [Entered: 02/10/2016 10:21 AM] |
| 02/12/2016 | 81<br>8 pg, 96.15 KB | Filed Appellant Daniel David Dydzak motion to take judicial notice of. Deficiencies: No further filings per 08/12/2015 order. Served on 02/07/2016. [9866301] (JFF) [Entered: 02/16/2016 02:52 PM] |
| 02/22/2016 | 82<br>2 pg, 82.58 KB | Filed Appellant Daniel David Dydzak letter dated 02/18/2016 re: no rulling on pending motions. Paper filing deficiency: No further filings per 08/12/2015 order. [9874510]-[Edited 02/23/2016 by JFF] (JFF) [Entered: 02/23/2016 10:42 AM] |
| 02/25/2016 | 83<br>11 pg, 79.53 KB | Filed Appellant Daniel David Dydzak eighth motion to expedite. Deficiencies: No further filings per 08/12/2015 . Served on 02/22/2016. [9880017]-[Edited 03/07/2016 by JFF] (JFF) [Entered: 02/26/2016 11:23 AM] |
| 03/04/2016 | 84<br>2 pg, 22.77 KB | Filed Appellant Daniel David Dydzak letter dated 02/27/2016 re: docket entry#83. Paper filing deficiency: No further filings per 08/12/2015 order. [9892438] (JFF) [Entered: 03/07/2016 04:06 PM] |
| 03/08/2016 | 85<br>12 pg, 83.37 KB | Filed Appellant Daniel David Dydzak ninth motion to expedite. Deficiencies: No further filings per 08/12/2015 order. Served on 03/02/2016. [9896259] (JFF) [Entered: 03/09/2016 04:11 PM] |
| 03/10/2016 | 86<br>2 pg, 21.89 KB | Filed Appellant Daniel David Dydzak letter dated 03/04/2016 re: 02/27/2016 letter. Paper filing deficiency: No further filings per 08/12/2015 order. [9897759] (JFF) [Entered: 03/10/2016 03:32 PM] |
| 03/11/2016 | 87<br>2 pg, 29.01 KB | Filed Appellant Daniel David Dydzak letter dated 03/07/2016 re: variouse conversations with clerks office. Paper filing deficiency: No further filings per 08/12/2015 order. [9900753] (JFF) [Entered: 03/14/2016 01:38 PM] |
| 03/15/2016 | 88<br>2 pg, 64.99 KB | Filed Appellant Daniel David Dydzak letter dated 03/12/2016 re: no rullings on pending motions. Paper filing deficiency: No further filings per 08/12/2015 order. [9903447] (JFF) [Entered: 03/16/2016 09:44 AM] |
| 04/01/2016 | 89<br>2 pg, 26.17 KB | Filed Appellant Daniel David Dydzak letter dated 03/29/2016 re: ongoing violation. Paper filing deficiency: None. [9925544] (JFF) [Entered: 04/04/2016 10:35 AM] |
| 04/05/2016 | 90<br>12 pg, 113.24 KB | Filed Appellant Daniel David Dydzak tenth motion to expedite. Deficiencies: No further filings per 08/12/2015 order. Served on 03/29/2016. [9929924] (JFF) [Entered: 04/06/2016 02:22 PM] |
| 04/19/2016 | 91<br>1 pg, 23.89 KB | Filed Appellant Daniel David Dydzak letter dated 04/14/2016 re: telephonic conversations today with senior staff attorney Edward Schiffer re: the lack of ruling on pending matters before the 9th Circuit. Paper filing deficiency: No further filings per 08/12/2015 order. [9948535] (JFF) [Entered: 04/21/2016 01:55 PM] |

11

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On August 1, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; EXHIBIT 1

[X] [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on August 1, 2022, at Los Angeles, California.

Jim Lane

JIM LANE
Declarant

Dowel D. Dydzak
4265 Marina City Dr.
#407W
Marina del Rey, CA 90292

FOREVER

0377208011160207

___ FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

XRAYED U.S. MARSHALS SERVICE

AUG 03 2022

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

Clerk, U.S. District Court
District of Nevada
Lloyd D. George U.S.
333 Las Vegas
Rm. 1334
Las Vegas, Nevada

89101$7069 C075

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

____ FILED ____ RECEIVED
____ ENTERED ____ SERVED ON
COUNSEL/PARTIES OF RECORD
AUG - 1 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: ____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL DAVID DYDZAK,

Plaintiff,

v.

TANI CANTIL-SAKAUYE, et al.,

Defendants.

**Case No. 2:22-cv-01008-APG-VCF**

**PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT DONALD F. MILES; MEMORANDUM OF POINTS AND AUTHORITIES THERETO**

**Hearing Requested**

Before Hon. Andrew P. Gordon, U.S. District Judge

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), and opposes and responds to the unsupportable Motion to Dismiss Plaintiff's Complaint by Defendant DONALD F. MILES ("MILES").

It is to be noted that Defendants CANTIL-SAKAUYE and NAVARRETE are pending parties under appeal before the Nevada Supreme Court or Nevada Court of

Appeal. It has recently been announced in the press that Defendant CANTIL-SAKAUYE is "retiring" in the near term as Chief Justice of the Supreme Court of California.

A cause of action is stated against Defendant MILES.

Of further note in opposition is the following:

(1) This lawsuit is not contesting DYDZAK's illegal disbarment in the State of California. The Complaint avers new causes of action and claims that have never been litigated on the merits.

(2) The history, legal identity and apparatus of the State Bar of California is irrelevant to the cause of action against Defendant MILES.

(3) Defendant MILES is being sued in this lawsuit in an individual basis. He enjoys no immunity from suit under either federal or state law. He has not been an administrative hearing officer of the California State Bar Court for numerous years and is apparently retired. He is presently, upon information and belief, an inactive California attorney.

(4) The judicial notice asked for is not relevant to the Third Cause of Action against Defendant MILES.

Dated: July 27, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK
Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

I

## THIS HONORABLE COURT HAS SUBJECT MATTER AND PERSONALJURISDICTION OVER DEFENDANT MILES

Plaintiff is the one bringing the lawsuit. He elects the venue when there is a proper jurisdictional basis therefor. There are several Defendants in this case, residing in various jurisdictions such as Nevada, California, Arizona and Washington.

In this case, Defendant RAWLINSON is, and was at all times relevant to this litigation, a resident of the State of Nevada (Paragraph 7 of the Complaint). This lawsuit was properly and jurisdictionally filed in Clark County, Nevada. Venue is proper in Las Vegas, Nevada, because venue exists where any of the defendants reside. NRS 13.040.

There is proper subject matter jurisdiction in this case, because the Fifth Cause of Action for Violation of Civil Rights includes Defendant RAWLINSON, residing in Clark County, Nevada (Paragraphs 47-51 of the Complaint). The Nevada Court where this case was originally filed before it was removed has concurrent jurisdiction to hear federal claims (Paragraph 28 of the Complaint). Tafflin v. Levitt, 493 U.S. 455 (1990). As well, the gravamen of allegations against Defendant RAWLINSON implicate in lower court proceedings Defendants being sued in this lawsuit. There are therefore minimum contacts.

Under Nevada law, the district courts have original jurisdiction over all matters excluded from the jurisdiction of the justice and municipal courts and appellate jurisdiction in cases arising from these courts. Morrison v. Beach City LLC, 991 P.2d 982 (2000). This federal court has jurisdiction to hear this case because of diversity of citizenship and federal questions presented. The U.S. District Court in Nevada further has supplemental or ancillary jurisdiction to hear related state claims. Removal was appropriate where certain of the Defendants moved for same.

Defendant RAWLINSON was served with process the day after President's day. This was done by an adult over eighteen years old at the Ninth Circuit's address in

Pasadena, California. The lawsuit as well has been provided via certified mail to the local Nevada U.S. Attorney and the Attorney General of the United States in Washington, D.C.

Defendant RAWLINSON and other Defendants represented by Mr. Rose have been afforded additional time to responsively plead by this Court.

As pointed out in Plaintiff's opposition papers to the GEORGES' and ROTHENBERG's Motion to Dismiss, the wrongful, illegal, harsh and fraudulent conduct DYDZAK alleges in this lawsuit against state actors such as Defendant MILES, while new claims, emanate directly and indirectly from actions earlier taken in the Northern District of California federal court. One of the Defendants in that litigation was Defendant CANTIL-SAKAUYE, and there is no question she has acted with Defendant MILES and other Defendants, as alleged, to harm DYDZAK. This then led to unlawful conduct by Defendant RAWLINSON and others, as alleged in this lawsuit. The claims presented in this case have never been tried on the merits to final conclusion or informal resolution. They are therefore not barred by res judicata or collateral estoppel. There are minimum contacts implicating Defendant MILES and his conspiracy with others, such as Defendant CANTIL-SAKAUYE, to harm DYDZAK in no uncertain terms. This lawsuit is not challenging in any manner DYDZAK's illegal California disbarment.

The torts committed by Defendant MILES are more than adequately pled at the pleading stage. Purported outside evidence has no relevance at the pleading stage. The allegations, as pled, are taken as true for pleading purposes. Defendant MILES knows the tortious conduct Nevada-based RAWLINSON did with others. He is an active participant-Defendant in harming DYDZAK in Nevada and elsewhere. DYDZAK has and had a right to elect his forum in the State of Nevada. Regrettable as it is to say, it is doubtful, given the "politics" of DYDZAK's situation at play in this case that he could get a fair shake in the California state courts with the causes of action alleged herein before this federal court. DYDZAK trusts that this Honorable federal District Court will treat him fairly and give him his day in court on the merits.

Given the foregoing, Defendant MILES has minimum contacts with the State of Nevada, so that maintenance of the suit against him does not offend traditional notions of

fair play and substantial justice. International Shoe v. Washington, 326 U.S. 310 (1945). Defendant MILES did tortious acts towards DYDZAK having foreseeability liability, producing consequences in the State of Nevada. Hess v. Pawlowski, 274 U.S. 352 (1927).

The "minimum contacts" doctrine recognizes the power of the sovereign state of Nevada to exercise jurisdiction where a sufficient connection exists with a nonresident. I.e., commonly referred to as a "long-arm" statute. Nevada has a long-arm statute, and is interpreted broadly to reach the outer limits of federal constitutional due process. See Welburn v. Eighth Jud. Dist. Ct. of State, 806 P.2d 1045 (1991).

A recent case in the news, Johnny Depp v. Amber Heard, was tried in Virginia. Counsel for Heard contended that the matter did not belong in Virginia but in another state jurisdiction. The trial judge ruled that the case could stay in Virginia as there were minimum contacts. This is the same situation with Defendant MILES.

II

**THE COMPLAINT MORE THAN SUFFICIENTLY ALLEGES A CAUSE OF ACTION AGAINST DEFENDANT MILES**

The Third Cause of Action for Conspiracy to Unlawfully Interfere with the Processes of the Court is more than sufficiently pled with respect to Defendant MILES. Therefore, the Motion to Dismiss should be denied with prejudice as to him. Or leave to amend should be granted.

At page 5, lines 16-21 of Plaintiff's opposition papers to the GEORGES' Motion to Dismiss, authority is cited why the conspiracy count is sufficiently pled. Same is incorporated by reference herein with regard to Defendant MILES.

With respect to the third count, Defendant MILES can be sued for damages. He was not acting in a judicial function or capacity but as an individual. Illegal ex parte contacts and communications are not allowed. Same is actionable.

No-one is above the Rule of Law, not even the President of the United States. See U.S. v. Nixon, 418 U.S. 683 (1974). This Court has to do the right thing, give

DYDZAK his day in court and allow him to pursue his more than sufficiently alleged causes of action.

The Due Process Clause, guaranteed by the 5th and 14th Amendments, requires that there be fairness in state proceedings and activities related thereto. This is a cornerstone of the American judicial system. This U.S. District Court cannot ignore tainted state proceedings and state actor misconduct as well as wrongful and unlawful conduct by Defendant MILES. The law favors a trial on the merits.

The moving papers offer no persuasive authority why his lawsuit should not be allowed to proceed. DYDZAK has standing to pursue remedies for illegal actions by the subject state actors and Defendant MILES.

This federal District Court has jurisdiction to adjudicate this case fully on the merits against Defendant MILES. This Court has the power to declare laws and improper state decisions unconstitutional. See, for example, Gibson v. Chouteau, 80 U.S. (13 Wall.) 92 (1872).

And certainly DYDZAK has a right of redress in this case. As Chief Justice Marshall stated in Marbury v. Madison, 5 U.S. 137 (1803): "The Government of the United States has been emphatically termed a government of laws and not of men. It will certainly cease to deserve this high appellation if the laws furnish no remedy for the violation of vested legal rights."

The Motion to Dismiss does NOT adequately address at all why DYDZAK cannot sue Defendant MILES in his individual capacity. The moving papers offer no persuasive authority why the conspiracy count is not adequately pled.

Plaintiff has already sufficiently stated causes of action through "notice" pleading—a short and plain statement of the claim showing Plaintiff is entitled to relief, See Fed.R.Civ.P. 8(a)(2).

As stated in other pleadings, this lawsuit is not in bad faith nor frivolous.

## III **CONCLUSION**

For the reasons set forth herein, and in the interests of justice and equity, the

Motion to Dismiss Plaintiff's Complaint should be denied with prejudice. Defendant MILES should be ordered to answer forthwith. The averments and allegations of the Complaint are taken and presumed to be true, pending discovery. Leave to amend should be liberally granted, if the Court so requires same. See, for instance, Rule 15(a), 16(b) NRCP; Rule 15 F.R.C.P. Bringing up irrelevant purported evidence or distorted matters is of no consequence at the pleading stage. Engaging in purported character assassination is irrelevant.

Dated: July 27, 2022

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

**CERTIFICATE/PROOF OF SERVICE**

I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the County of Los Angeles, State of California, and that my business address is 4265 Marina City Drive, Suite 407W, Marina del Rey, CA 90292.

On July 28, 2022, I served a true and correct copy of the following document or pleading on the interested parties or their counsel of record:

PLAINTIFF'S OPPOSITION AND RESPONSE TO MOTION TO DISMISS BY DEFENDANT DONALD F. MILES; MEMORANDUM OF POINTS AND AUTHORITIES THERETO

[X] [BY U.S. MAIL] On this same day, I mailed the interested parties or their counsel of record the above-described document or pleading by regular United States mail to their respective service or mailing addresses.

OLSON CANNON GORMLEY & STOBERSKI
9950 WEST CHEYENE AVENUE
LAS VEGAS, NEVADA 89129

MARQUIS AURBACH
10001 PARK RUN DRIVE
LAS VEGAS, NEVADA 89145

QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
200 S. VIRGINIA ST., 8TH FL.
RENO, NEVADA 89501

PATRICK A. ROSE, ESQ.
U.S. ATTORNEY OFFICE
501 LAS VEGAS BLVD. SO.
SUITE 1100
LAS VEGAS, NEVADA 89101

ERIC M. GEORGE
RONALD M. GEORGE
ALAN I. ROTHENBERG
c/o AVENUE OF THE STARS
30TH FLOOR
LOS ANGELES, CA 90067

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on July 28, 2022, at Los Angeles, California.

Jim Lane

JIM LANE
Declarant



ENTERED
RECEIVED
SERVED ON
COUNSEL/PARTIES OF RECORD
AUG - 1 2022
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:
DEPUTY