UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>　　　Plaintiff - Appellant,<br><br>v.<br><br>MIDFIRST BANK; WILLIAM S. DATO; ERIC M. GEORGE; RONALD M. GEORGE; DONALD MILES; ALAN I. ROTHENBERG; CHARLES SCHWAB; TANI GORRE CANTIL-SAKAUYE; WILLIAM C. CANBY; MAXINE M. CHESNEY; MOLLY DWYER; FERDINAND FRANCIS FERNANDEZ; WILLIAM FLETCHER; RONALD M. GOULD; GEORGE KING; KIM MCCLANE WARDLAW; JORGE NAVARRETE; JOHNNIE B. RAWLINSON; EDWARD E. SCHIFFER; PETER LIND SHAW; BARRY G. SILVERMAN; RICHARD TALLMAN; WALLACE TASHIMA; SIDNEY R. THOMAS<br><br>　　　Defendants - Appellees. | No. 23-15784, 23-16193<br><br>D.C. No. 2:22-cv-01008-APG-VCF<br>U.S. District Court for Nevada, Las Vegas |

**APPELLEE'S SUPPLEMENTAL EXCERPTS OF RECORD
VOLUME 4 OF 4**

Ari Hoffman
　ahoffman@lewisroca.com
Edwin Barkel
　ebarkel@lewisroca.com
Lewis Roca Rothgerber Christie LLP
201 East Washington Street, Suite 1200
(602) 262-5311
Phoenix, Arizona 85004

Attorneys for Defendant – Appellee Charles Schwab

1 | THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
2 | **OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
3 | Las Vegas, Nevada 89129
Telephone: (702) 384-4012
4 | Facsimile: (702) 383-0701
*Attorneys for Defendants*
5 | *Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive*
6 | *Officer of the Supreme Court of California;*
*and William Dato, Associate Justice of the California Court of Appeal,*
7 | *Fourth Appellate District, Division One*

8

### UNITED STATES DISTRICT COURT

9

### DISTRICT OF NEVADA

10

11 | DANIEL DAVID DYDZAK                                    )
12 |               Plaintiff,                              )      CASE NO.: 2:22-cv-01008-APG-VCF
                                                          )
13 |       vs.                                            )
                                                          )
14 | TANI CANTIL-SAKAUYE, JORGE                            )
NAVARRETE, THOMAS LAYTON, aka TOM                         )
15 | LAYTON, CHARLES SCHWAB, DONALD F.                     )      **DEFENDANT**
MILES, JOHNNIE B. RAWLINSON, BARRY                        )      **ASSOCIATE**
16 | G. SILVERMAN, WILLIAM A. FLETCHER,                    )      **JUSTICE WILLIAM**
PETER LIND SHAW, RONALD M. GEORGE                         )      **DATO'S MOTION**
17 | ERIC M. GEORGE, ALAN I. ROTHENBERG,                   )      **TO DISMISS**
1ST CENTURY BANK, 1ST CENTURY                             )
18 | BANCSHARES, INC., EDWARD EPHRAIM                      )
SCHIFFER, SIDNEY R. THOMAS, WILLIAM                       )
19 | DATO, MAXINE M. CHESNEY, MOLLY C.                     )
DWYER, GEORGE H. KING, A. WALLACE                         )
20 | TASHIMA, FERDINAND FRANCIS                            )
FERNANDEZ, KIM MCCLANE WARDLAW,                           )
21 | WILLIAM C. CANBY, RONALD M. GOULD,                    )
RICHARD C. TALLMAN, and Does 1 through                    )
22 | 50,  inclusive,                                       )
                                                          )
23 |               Defendants.                            )
      _____                )

24

COMES NOW Defendant, WILLIAM DATO, Associate Justice of the California Court of

25 | Appeal (Fourth Appellate District, Division One) ("Associate Justice Dato"), by and through his

26 | counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm OLSON CANNON

27 | GORMLEY& STOBERSKI, pursuant to Nevada Rule of Civil Procedure 12(b)(1) and 12(b)(2)

28

Law Offices of
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

1  move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and lack of personal

2  jurisdiction.[1]

3      Alternatively, moving Defendants, pursuant to Nevada Rule of Civil Procedure 12(b)(5)

4  move to dismiss for failure to state a claim for relief.

5      This Motion is made and based upon all the pleadings and papers on file herein, the

6  attached points and authorities, together with any argument that may be introduced at the time of

7  hearing this matter before this Honorable Court.

8

9      Dated this 12th day of July, 2022.

10

11                          OLSON CANNON GORMLEY & STOBERSKI

12

13

14                  By: _____
                          THOMAS D. DILLARD, JR., ESQ.
15                        Nevada Bar No. 6270
                          9950 W. Cheyenne Avenue
16                        Las Vegas, Nevada 89129
                          *Attorneys for Defendants*
17                        *Tani G. Cantil-Sakauye, Chief Justice of California;*
                          *Jorge Navarrete, Clerk/Executive*
18                        *Officer of the Supreme Court of California;*
                          *and William Dato, Associate Justice of the*
19                        *California Court of Appeal, Fourth Appellate*
                          *District, Division One*

20

21

22

23

24

25

26

27  _____

28  [1] Associate Justice Dato filed this Motion to Dismiss in the Eighth Judicial District Court on
    June 13, 2022 prior to the removal of this action. It is refiled here in this Court to have it on the
    docket and heard in its normal course.

SER 571

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

OLSON CANNON GORMLEY & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

### A.    Nature of the Case

Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial District Court of Nevada on February 3, 2022 simply because "one of the parties resides in Clark County." (Complaint ¶ 5). Plaintiff (himself a California resident) has sued twenty-four Defendants in the case, many of which are current or former California state judicial officers or judges of federal district and appellate courts located in California. The Court has already dismissed claims against Chief Justice Tani Cantil-Sakauye of the California Supreme Court and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California. (Notice of Entry of Order of Dismissal, attached as Exhibit "A"). Defendant Associate Justice Dato moves to dismiss the third and eighth cause of actions against him as all defenses raised by Chief Justice Cantil-Sakauye apply equally to him to warrant his dismissal with prejudice from this Complaint as well.

Plaintiff's third cause of action names various Defendants (including Associate Justice William Dato of the California Court of Appeal, Fourth Appellate District, Division One[2]). Plaintiff claims that he had "improper, unethical and illegal ex parte, extra-judicial communications and contacts with the California Supreme Court Defendants on or about September 11, 2019 and on other [unspecified] occasions." (Complaint ¶39). Plaintiff alleges these vague communications (failing to identify time, place or content of any such communications) somehow affected the outcome of the California Supreme Court Case No. S179850. Plaintiff's seeks therein to collaterally attack the orders issued in California Supreme Court Case No. S179850 denying his requests to overturn his disbarment of 2010. (Register of Action, attached as Exhibit "B").[3]

---

[2]   https://www.courts.ca.gov/35700.htm (judicial bio of Associate Justice Dato)

[3]
https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1932723&doc_no=S179850&request_token=NiIwLSEmPkw8W1BJSCJNSEJJQEA0UDxfJCBOJz9TMCAgCg%3D%3D.  The Register of Action shows the following:

**SER 572**

1    In addition, in his eighth claim for relief, Plaintiff names Chief Justice Cantil-Sakauye

2    and Justice Dato and again alleges unspecified civil rights violations. Plaintiff alleges that these

3    two jurists had improper *ex parte* communications "to cause Plaintiff to be improperly put on the

4    Vexatious Litigant List" for the State of California. (Complaint ¶ 66). Plaintiff alleges this

5    communication took place approximately nine years ago on April 5, 2013. (Complaint ¶ 67).

6    Plaintiff asserts they formed a conspiracy to commit extrinsic fraud on the court in a case that

7    was pending in the Superior Court of California, County of Orange, and "illegally transferred to

8    the San Diego Superior Court from Orange County Superior Court[.]" *Id.* Plaintiff further

9    suggests that Chief Justice Cantil-Sakauye rewarded Justice Dato for the alleged fraudulent act

10   through his subsequent promotion to the Court of Appeal. (Complaint ¶ 68). Plaintiff contends

11   that this communication caused him to be placed on a Vexatious Litigant List inhibiting his

- The California Supreme Court proceeding commenced on January 27, 2010.
- Plaintiff filed a petition for writ of review on April 1, 2010.
- On May 12, 2010, the California Supreme Court denied Plaintiff's petition for writ of review and ordered him disbarred from the practice of law in California.
- On May 24, 2010, Plaintiff filed a petition for writ of certiorari with the U. S. Supreme Court.
- On October 4, 2010, the U. S. Supreme Court denied Plaintiff's petition for writ of certiorari.
- On January 11, 2012, Plaintiff filed a motion in the California Supreme Court to reopen his disciplinary case due to fraud upon the court and reverse and set aside the disbarment order.
- On February 15, 2012, the California Supreme Court denied Plaintiff's motion to reopen his disciplinary case and set aside the disbarment order.
- Six years later, on March 1, 2018, Plaintiff filed a second motion in the California Supreme Court to reopen his disciplinary case and set aside the disbarment order.
- On May 9, 2018, the California Supreme Court denied Plaintiff's second motion to reopen his disciplinary case and set aside the disbarment order.
- From May 14, 2018, and over the next year, Plaintiff filed several more motions to reopen his disciplinary case or for other relief, including a motion for an order to show cause, filed on April 22, 2019.
- **On September 11, 2019, the California Supreme Court denied Plaintiff's motion for an order to show cause and stated "[t]his matter is now final.  The court will no longer consider challenges to petitioner's disbarment."**

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012     Telecopier (702) 383-0701

**SER 573**

1  ability to file cases in the State of California. (Complaint ¶ 67). Plaintiff seeks therein to also

2  invalidate in an action filed in Nevada the judicial determination that he has filed frivolous

3  claims and poses a substantial risk of doing so again.

4  Attached as Exhibit "C" is a vexatious litigant prefiling order entered on April 5, 2013, in

5  *Dydzak v. Dunn* (Superior Court of California, County of San Diego, No. 30-2012-00558031).

6  Also attached as Exhibit "C" is another earlier vexatious litigant prefiling order entered on

7  September 25, 2012, in *Dydzak v. Cantil-Sakauye* (USDC, CD Cal., No. C11-5560-JCC), which

8  prohibits Plaintiff from "initiating any further litigation in this or any other federal court alleging

9  deprivation of rights under 42 U.S.C. § 1983 or Bivens based on his disbarment without the prior

10  authorization from the presiding judge of the U.S. District Court for the Central District of

11  California. . . ." The conclusion that immediately suggests itself is that Plaintiff filed this case in

12  this state court in Nevada to avert the ramifications of his vexatious litigant status in California

13  and attempt to hail the California Supreme Court Defendants into court in Nevada to try to

14  collaterally attack his disbarment and appellate orders affirming his disbarment from the practice

15  of law in California as well as the state and federal orders declaring him a vexatious litigator. As

16  the Court has already concluded when dismissing the claims against Chief Justice Cantil-Sakauye

17  and Clerk Navarrette, the Eighth Judicial District Court of Nevada lacks both subject matter

18  jurisdiction and personal jurisdiction to do so.

19  ## B.   Jurisdictional Allegations

20  Plaintiff identifies himself as a person residing in the County of Los Angeles, California.

21  (Complaint ¶ 2). Plaintiff sued the previously dismissed Defendants Tani Cantil-Sakauye and

22  Jorge Navarrete as individuals residing in San Francisco, California. (Complaint ¶¶ 2-3). Plaintiff

23  also named former California Chief Justice Ronald George and Associate Justice Dato based

24  upon their involvement in California litigation. (Complaint at ¶¶ 11, 18). Plaintiff also brings suit

25  against several other State Bar of California judges and investigators or State Bar attorney panel

26  members, who all apparently have some connection with his disciplinary matter ultimately

27  resolved in California Supreme Court Case No. S17980. (Complaint ¶¶ 4-6, 10, 12-13, 16).  In

28  addition, Plaintiff named as Defendants a total of ten (10) Article III judges from the U.S. Court

OLSON CANNON GORMLEY & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

SER 574

of Appeals for the Ninth Circuit and the U.S. District Court, Northern District of California. He also sued the Ninth Circuit court clerk for her alleged involvement in California federal litigation pertaining to Plaintiff. (Complaint ¶¶ 7-9, 17, 19-25). The remaining two Defendants are a bank in the County of Los Angeles and a State of Delaware corporation. (Complaint ¶¶ 14-15). Plaintiff fails to make clear in the complaint why these companies are sued; however, there is nothing in the complaint indicating that any Defendant took any action in Nevada or did something directed to Nevada.

The only mention of Nevada throughout the entire Complaint is in paragraph 6 indicating that Ninth Circuit Judge Johnnie B. Rawlinson is an individual residing in the City of Las Vegas. (Complaint at ¶ 7). There are no allegations that she performed any judicial or non-judicial act in Nevada, however. It is apparent that Judge Rawlinson's only involvement in the case is as a Ninth Circuit judge assigned to one of Plaintiff's appeals arising from litigation in California and sitting as a judge as an appeals court based in San Francisco, California. The Complaint further alleges no joint action or connection regarding the allegations against Justice Dato as presiding over a matter before him in state court to hose of Judge Rawlinson for her involvement in a federal court matter.

## II.   STANDARDS OF REVIEW FOR A MOTION TO DISMISS

### A.   Standards for Lack of Subject Matter Jurisdiction and Personal Jurisdiction

Subject matter jurisdiction is a question of law that the court reviews de novo. *Ogawa v. Ogawa*, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009). The Nevada Rules of Civil Procedure provide that the defense of lack of jurisdiction over the subject matter may, at the option of the defendant, be made by motion. *See* NRCP 12(b)(1). Nevada Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The district court thus may properly dismiss a complaint when a lack of subject matter jurisdiction is apparent on the face of the complaint. *Rosequist v. Int'l Ass'n of Firefighters Local 1908*, 118 Nev. 444, 448, 49 P.3d 651, 653 (2002), *overruled on other grounds by*, *Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 573

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

n.22, 170 P.3d 989, 995 n.22 (2007). The question of subject matter jurisdiction "'can be raised by the parties at any time ... and cannot be conferred by the parties.'" *Landreth v. Malik*, 127 Nev. 175, 251 P. 3d 163, 166 (2011) (quoting *Swan v. Swan*, 106 Nev. 464, 469, 796 P.2d 221, 224 (1990)).

The plaintiff has the burden of proving subject matter jurisdiction. *See Morrison v. Beach City LLC*, 116 Nev. 34, 36, 991 P.2d 982, 983 (2000). If the movant challenges the existence of subject matter jurisdiction, the pleadings are treated as evidence on the issue. Indeed, in this type of 12(b)(1) motion, the requirement is not unlike that for summary judgment, where the non-moving party cannot rest on the allegations in the complaint, but must present evidence to defeat the motion. *Trentacosta v. Frontier Pacific Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir.1987) (quoting *Charles A. Wright & Arthur R. Miller*, Federal Practice and Procedure § 1363 at 653-54 (1969)); *Nevada v. United States*, 221 F.Supp.2d 1241, 1248 (D. Nev. 2002).

In addition, to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must "make a prima facie showing of personal jurisdiction" by "[producing] some evidence in support of all facts necessary for a finding of personal jurisdiction." *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692, 857 P.2d 740, 743-44 (1993). However, when considering a motion to dismiss for lack of personal jurisdiction, the plaintiff is required to go beyond the pleadings and proffer some competent evidence supporting a finding of personal jurisdiction. *Id.* at 693, 857 P.2d at 744 (explaining that the plaintiff "may not simply rely on the allegations of the complaint to establish personal jurisdiction").

**B.   Standard for Failure to State a Claim for Relief**

When presented with a Nevada Rule of Civil Procedure 12(b)(5) motion to dismiss for failure to state a claim, the district court must view all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *Kourafas v. Basic Food Flavors, Inc.*, 120 Nev. 195, 197, 88 P.3d 822, 823 (2004). Dismissal is appropriate only if it appears "beyond a reasonable doubt" that the plaintiff could prove no set of facts that would entitle her to relief. *Id.* Still, "[t]o survive dismissal, a complaint must still contain some 'set of

SER 576

facts, which, if true, would entitle [the plaintiff] to relief.'" *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). Legal questions are reviewed de novo. *Id.*

Since absolute immunity protects the holder from suit and not merely liability, it should be decided as early as possible. *See Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir.1988); *see also Shmueli v. City of New York*, 424 F.3d 231 (2nd Cir. 2005) (Affirmative defense of absolute immunity should be decided at an early stage and can be raised in a Rule 12(b)(6) motion). Indeed, several U.S. Supreme Court decisions recognize that claims of immunity present issues that are generally appropriately decided as early as possible, in order to "avoid excessive disruption of government." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Because the essence of immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action, that protection is effectively lost if a case is erroneously permitted to go to trial. *See Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit."); *see also State of Nevada v. Second Judicial District Court*, 118 Nev. 609, 615, 55 P.3d 420, 423 (2002) ("Absolute immunity is a broad grant of immunity not just from the imposition of civil damages, but also from the burdens of litigation, generally.").

### C.  Judicial Notice of Court Documents

The district court may consider publicly recorded documents without converting a motion to dismiss to one for summary judgment. *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (stating that a court may consider matters of public record in ruling on a motion to dismiss). In deciding a motion to dismiss, the court is generally limited to only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007). The court may thus take judicial notice of facts that are not subject to reasonable dispute as evidenced by public records outside of the Rule 56 context. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir.1986). This includes taking judicial notice of pleadings, memoranda, and

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

other court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006).

### III. LEGAL ARGUMENT IN SUPPORT OF DISMISSAL FOR LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION

#### A. This Court Lacks Subject Matter Jurisdiction Over This Case Regarding the Review of Attorney Disciplinary Action and a Vexatious Litigant Order Imposed by California Courts.

This Honorable Court lacks subject matter jurisdiction over a case that makes a collateral attack on attorney discipline rendered by the State Bar of California against Plaintiff's attorney license in the State of California. State supreme courts are the ultimate arbiters of attorney behavior for members of the state bar that applies only to attorney discipline occurring in the forum state. Nevada courts lack subject matter jurisdiction seeking to impair or reverse attorney discipline imposed by another State.

While state supreme courts generally oversee an office of attorney regulation that handles the intake, investigation, and some adjudication of disciplinary complaints, each state supreme court is potentially the final decision maker regarding possible sanctions for attorney behavior. In Nevada, Supreme Court Rule 105(3)(b) provides subject matter jurisdiction for the Nevada Supreme Court to automatically review public discipline imposed by a Nevada State Bar hearing panel. To be sure, it provides no subject matter jurisdiction to review public discipline imposed by the State of California. Moreover, there is no enabling statute providing jurisdiction to a district court to review attorney discipline imposed by any state bar, including Nevada.

Further, in *Clark v. State of Washington*, 366 F.2d 678 (9th Cir. 1966), the Ninth Circuit held that a lower federal court has no subject matter jurisdiction to consider a collateral attack on a decision by the Washington Supreme Court to disbar an attorney. The United States Supreme Court subsequently approved that reasoning and result in *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482 n.16, 103 S. Ct. 1303 (1983) ("'[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the

1  Supreme Court of the United States on certiorari to the state court, and not by means of an

2  original action in a lower federal court.' " (quoting *MacKay v. Nesbett*, 412 F.2d 846 (9th Cir.

3  1969)).

4        The lack of jurisdiction for this Court to intervene in a case pertaining to another state

5  tribunal's review of attorney discipline under the guise of a § 1983 action is further illustrated by

6  the fact that the federal courts would have had no subject matter jurisdiction to consider the case

7  even though based on a federal statute. Under the Rooker-Feldman doctrine, lower federal courts

8  are without jurisdiction to consider constitutional claims that are "inextricably intertwined" with

9  questions pending before the state courts. See *Gulla v. North Strabane Township*, 146 F.3d 168

10  (3rd Cir. 1998); *Plyler v. Moore*, 129 F.3d 728 (4th Cir. 1997). Under the Rooker-Feldman

11  doctrine, the lower federal courts lack jurisdiction to review the application of attorney discipline

12  and disbarment rules by a tribunal conducting a judicial or quasi-judicial hearing into the

13  underlying misconduct. *See Patmon v. Michigan Supreme Court*, 224 F.3d 504 (6th Cir. 2000).

14        The same considerations exist here. The state district courts of Nevada do not have

15  jurisdiction to review the decisions of the State Bar of California and the California Courts or to

16  consider a collateral attack on prior decisions. See SCR 105(3)(b). By filing what amounts to

17  nothing more than a collateral challenge to his disbarment and the numerous denials of his

18  attempts to overturn, Plaintiff simply tries to make an end around of the results of federal and

19  state courts located in California for which this court lacks subject matter jurisdiction. The

20  complaint therefore is properly dismissed pursuant to Nevada Rule of Civil Procedure 12(b)(1)

21  for lack of subject matter jurisdiction.

22      **B.**    **Dismissal Is Warranted for Lack of Personal Jurisdiction over**

23            **Defendants Associate Justice William Dato Pursuant to Rule 12(b)(2).**

24        Plaintiff cannot establish personal jurisdiction over Associate Justice Dato to litigate his

25  claims in the Eighth Judicial District Court of Nevada. To survive the motion to dismiss for lack

26  of personal jurisdiction, Plaintiff must "make a prima facie showing of personal jurisdiction" by

27  "[producing] some evidence in support of all facts necessary for a finding of personal

28  jurisdiction." *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692, 857 P.2d 740, 743-44

**SER 579**

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012     Telecopier (702) 383-0701

OLSON CANNON GORMLEY & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

1  (1993). The courts analyze the issues of due process by considering whether personal jurisdiction

2  is either "general or "specific". *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S.

3  408, 414-15, 420, 104 S. Ct. 1868 (1984).

4      Plaintiff has pled no facts in his complaint that would establish this court's personal

5  jurisdiction—general or specific—over Associate Justice Dato, a California resident. Plaintiff

6  does not allege that the injuries he sustained occurred in Nevada, that Associate Justice Dato

7  were served with process in Nevada, or that this case or he has anything at all to do with Nevada.

8  *See Nguyen v. Margines*, 2021 WL 5761766 *2 (D. Nev., Dec. 3, 2021) (dismissing the

9  plaintiffs' suit against California state-court judges seeking damages against them for judgments

10  entered against the plaintiffs in other cases in California due to lack of personal jurisdiction).

11  Therefore, the case should be dismissed against Associate Justice Dato for want of personal

12  jurisdiction pursuant to Rule 12(b)(2) as well.

13        **1.**    **Associate Justice Dato is Not Subject to General Jurisdiction in**

14             **the State of Nevada.**

15      Since Associate Justice Dato has not had continuous and systematic contact in Nevada,

16  this Court lacks general jurisdiction over him, just as it did for the Chief Justice of the California

17  Supreme Court. General jurisdiction exists only where the defendant's activities in the forum

18  state are so substantial or continuous and systematic that it may be deemed present in the forum

19  and hence subject to suit over claims unrelated to its activities here. *Helicopters*, 466 U.S. at 415-

20  16, 104 S. Ct. 1868; *Trump*, 109 Nev. at 699, 857 P.2d at 748. This jurisdiction is permitted

21  where a defendant is held to answer in a forum for causes of action unrelated to his forum

22  activities due to the defendants' pervasive contact with that forum in general. *See Trump*, 109

23  Nev. at 699, 857 P.2d at 748.

24      In this case, Plaintiff's Complaint alleges that Associate Justice Dato, like the California

25  Supreme Court Defendants, is a resident in the State of California and are domiciled in

26  California. The conduct complained of regards his involvement in California litigation arising

27  out of State Bar of California disciplinary action by definition occurred in California as well as a

28  Vexatious Litigant order issued by a California state court. Indeed, a plain reading of Plaintiff's

SER 580

Complaint fails to establish any contacts with the Nevada forum by any of Defendants whatsoever–including Associate Justice Dato. The entirety of the allegations pertain to attorney discipline taken against Plaintiff in the State of California, including his disbarment, and denial of Plaintiff's various complaints and petitions to overturn that discipline as well as a state order declaring Plaintiff a vexatious litigant.

Plaintiff simply brought suit in this forum because he has been declared a vexatious litigant in both state and federal courts in California. Plaintiff impermissibly seeks to avail himself of access to this court in Nevada because one of the many jurists that exercised jurisdiction over his case originating in California still has a home office in Nevada (i.e. the Honorable Judge Johnnie Rawlinson). The fact that Judge Rawlinson formerly was a District Court Judge in the U.S. District Court of Nevada before she was confirmed as an appellate judge of the U.S. Court of Appeals for the Ninth Circuit (based in San Francisco, CA) and may still have an office and/or a residence in Las Vegas clearly does not establish personal jurisdiction for anyone, particularly these moving Defendants. The Complaint is further devoid of any allegations drawing a connection between the judicial conduct of associate Justice Dato in a state court action and that of Judge Rawlinson in a federal appellate case In short, Plaintiff has alleged no set of facts to establish this Court has general jurisdiction over Associate Justice Dato and dismissal is thereby warranted pursuant to Rule 12(b)(2).

> **2.      All Acts Underlying Plaintiff's Allegations Occurred in California, Thus the Court Lacks Specific Jurisdiction over Associate Justice Dato as Well.**

Associate Justice Dato is not subject to specific jurisdiction either because he simply had no contacts at all with the State of Nevada. The Due Process Clause forbids haling a defendant into court that does not have certain minimum contacts with the forum state such that jurisdiction does not offend traditional notions of fair play and substantial justice. *See International Shoe Co. v. State of Washington*, 326 U.S. 310, 316 (1945) (quotation omitted); *Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court*, 131 Nev. 30, 36, 342 P.3d 997, 1001 (2015). The Complaint is devoid of any allegation suggesting Associate Justice Dato, like the California Supreme Court

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

1 Defendants, had any contacts at all with Nevada; therefore, the failure of jurisdiction warrants
2 dismissal of this case in the Eighth District Court of Nevada against him and all California
3 judicial officers.

4 Under Nevada law, Nevada courts have jurisdiction "over a party to a civil action on any
5 basis not inconsistent with the constitution of this state or the Constitution of the United States."
6 NRS 14.065(1); *see also Judas Priest v. District Court*, 104 Nev. 424, 426, 760 P.2d 137, 138
7 (1988); *Trump*, 109 Nev. at 692, 857 P.2d at 744. In other words, Nevada's long arm statute is
8 coextensive with federal due process requirements. Under the United States Constitution, due
9 process requires certain minimum contacts between Defendants and Nevada such that "the
10 maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"
11 *International Shoe*, 326 U.S. at 316 (quotation omitted). The defendant's contacts with the forum
12 state must be such that the defendant "should reasonably anticipate being haled into court there."
13 *World-Wide Volkswagon Corp. v. Woodson*, 444 .S. 286, 297, 100 S. Ct. 559 (1980)). To show
14 specific jurisdiction, which is at issue here, Plaintiff must demonstrate facts showing that the
15 defendants purposefully availed themselves of the privilege of acting in Nevada or caused
16 important consequences here, that the cause of action arises from the defendant's activities in
17 Nevada, and that those activities, or the consequences thereof, have such a substantial connection
18 with Nevada as to make the exercise of jurisdiction over the defendant reasonable. *Consipio*
19 *Holding, BV v. Carlberg*, 128 Nev. 454, 458-59, 282 P.3d 751, 755 (2012).

20 Given this standard and in the absence of general jurisdiction, specific jurisdiction will
21 lie—and not transgress the Due Process Clause—when the plaintiff satisfies a three-part test.

22     (1)    The nonresident defendant must purposefully direct his
23                 activities or consummate some transaction with the forum
24                 or resident thereof; or perform some act by which he
                purposefully avails himself of the privilege of conducting
                activities in the forum, thereby invoking the benefits and
25                 protections of its laws;

26     (2)    the claim must be one which rises out of or relates to the
                defendant's forum-related activities; and

27     (3)    the exercise must comport with fair play and substantial
                justice; i.e., it must be reasonable.

28

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

**SER 582**

OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

*Rutsky & Co. Ins. Services, Inc. v. American Special Risk Ins. Services*, 328 F.3d 1122, 1129 (9th Cir. 2003). Once challenged, the plaintiff bears the burden of establishing personal jurisdiction as to all elements. *See Huffy Corporation v Overlord Industries*, et al., 246 F. Supp. 2d 1093, 1096 (D. Nev. 2003) (citing *Butcher's Union Local No. 498 v. SDC, Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986)) (subsequent citation omitted).

As for the first prong, in order to establish this court has specific jurisdiction over moving Defendants, Plaintiff must "aver facts [which] show the Defendants 'purposefully directed [their] activities toward Nevada, that the claims 'arise out of or related to Defendants' forum-related activities,' and that 'exercise [of jurisdiction] comports with fair play and substantial justice.'" *Huffy Corporation*, 246 F. Supp. 2d at 1099 (quotation omitted). Turning again to the face of the Complaint, nowhere does Plaintiff allege, or even remotely indicate, that Associate Justice Dato "purposefully directed" any activity toward Nevada. The Complaint itself makes clear that this action involves Plaintiff's attempts to obtain judicial review and reversal of his disbarment from practicing law in California and the vexatious litigant pre-filing orders entered against him in state and federal courts in California. Indeed, neither the California Supreme Court Defendants nor any of the other California jurists including Associate Justice Dato had any jurisdiction or ability to perform any legal act in the State of Nevada.

Second, there is nothing to suggest Plaintiff's claims arise out of the activities of any Defendant in Nevada. To the contrary, the activities which give rise to Plaintiff's claims exclusively occurred in California. Other than identifying Judge Rawlinson's alleged personal residence or home State, Nevada is never mentioned in the Complaint whatsoever. Even if Judge Rawlinson's involvement in federal cases pending in the Ninth Circuit somehow implicate Nevada, which they do not, there is still absolutely no Nevada connection to the California Supreme Court Defendants or Associate Justice Dato. Plaintiff, to be sure, does not attribute any conduct by moving Defendant directed toward Nevada; consequently, the second specific jurisdiction element is lacking as well.

The foregoing analysis is dispositive on the third element. Since Associate Justice Dato did not purposefully avail himself of Nevada and there are no forum-related activities alleged,

jurisdiction is *a fortiori* unreasonable. Plaintiff has failed to supply the Court with facts, that if true, would establish specific jurisdiction.  Plaintiff, having a perfect knowledge of all these facts, still seeks to force California judicial officers (including the movant) to defend against his far-flung and specious claims in a state court in Nevada and thus far removed from anything at issue here. Plaintiff is simply trying to burden and harass Associate Justice Dato due to his displeasure due to his disbarment and his protracted efforts to try to reverse that decision, including taking frivolous positions resulting in a finding that he is a vexatious litigant. Plaintiff, however, has abjectly failed to meet his burden with respect to any of the three requirements for the exercise of specific jurisdiction. Consequently, this litigation here should proceed no further here. Nevada Rule of Civil Procedure 12(b)(2) mandates dismissal.

## IV.   IN THE ALTERNATIVE, LEGAL ARGUMENTS IN SUPPORT OF DISMISSAL FOR FAILURE TO STATE A CLAIM FOR RELIEF

### Associate Justice William Dato is Absolutely Immune from all of Plaintiff's Claims for Relief.

Plaintiff failed to state a viable claim against Associate Justice Dato because he possesses absolute immunity for all judicial acts that are not clearly outside of his jurisdiction. It is a matter of well established law that judges are generally immune from suits against them in their individual capacity. *See Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213 (1967) (applying judicial immunity to § 1983 actions); *Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S.Ct. 286 (1991). This absolute immunity is necessary due to the special nature of the judiciary's responsibilities. *See Butz v. Economou*, 438 U.S. 478, 511, 98 S.Ct. 2894 (1978).

"Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 9.  It is also important to note that "[j]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." *Mireles*, 502 U.S. at 11.  In other words, the Court should make this determination as early as possible in the litigation so that the judge may avoid being burdened with the

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**SER 584**

impositions of discovery and trial. *See Saucier v. Katz*, 533 U.S. 191, 200-01, 121 S.Ct. 2151 (2001). Absolute judicial immunity applies not only to suits for damages, but also "to actions for declaratory, injunctive and other equitable relief." *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987).

Given these important public policy considerations, judges possess a "sweeping form of immunity" for all acts performed that relate to the "judicial process." *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20, 96 S.Ct. 984 (1976). Irrespective of the judge's subjective intent, immunity insulates the judge's actions except where done in the clear absence of jurisdiction. See *Stump v. Stackman*, 435 U.S. 349, 359, 98 S.Ct. 1099 (1978). Put differently, this absolute immunity insulates judges from charges or erroneous acts or irregular action, even when it is alleged that such action was driven by malice, bad faith or corruption. *Forrester*, 484 U.S. at 227-28; *see also Mireles*, 502 U.S. at 11. Furthermore, the absolute immunity is not pierced by allegations of judicial authority "flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359. In sum, "the judge is absolutely immune for all judicial acts not performed in the clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991). Allegations of conduct in excess of jurisdiction are thus insufficient, a judge will only forfeit his immunity when he acts in "clear absence of all jurisdiction." *Mullis*, 828 F.2d at 1389. The fact that a judge acts informally, outside the courtroom and without observance of procedural requirements, or engages in *ex parte* communications, does not strip a judge of absolute immunity. *Stump*, 435 at 361–63, 98 S.Ct. at 1107–08; *see also Forrester*, 108 S.Ct. at 544. Nor is judicial immunity lost as a result of improper favor or disfavor to a party. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir.1996).

In the instant case, Plaintiff has alleged that Chief Justice Cantil-Sakauye and Associate Justice Dato in his third cause of action "had improper, unethical and illegal ex parte, extra-judicial communications and contacts". (Complaint ¶ 39). Plaintiff alleges in his eighth cause of action beginning in April of 2013 had "improper ex parte and extrajudicial communications with Defendant [Associate Justice] Dato to cause Plaintiff to be improperly put on a Vexatious

SER 585

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

1  Litigant List." (Complaint ¶ 67). Plaintiff's claims thus clearly pertains to a matter before

2  Associate Justice Dato and his issuance of a judicial order.

3      First, the act of making decisions following motion practice of a litigant (including

4  finding that a party subject to jurisdiction of the court is a vexatious litigant) before the court is

5  clearly a judicial act. Allegations that there were ex parte communications or that the judicial

6  decisions were the result of bad faith or a conspiracy do not pierce judicial immunity. Second,

7  Chief Justice Cantil-Sakauye's and Associate Justice Dato's decisions at issue had to occur while

8  they were inside the courtroom or inside chambers in preparing and finalizing judicial orders.

9  Third, the actions Plaintiff alleges as constitutional transgressions by Chief Justice Cantil-

10  Sakauye and Associate Justice Dato center around Plaintiff's case before them in review of the

11  State Bar of California's disciplinary action and in entering an order that Plaintiff is wont to file

12  frivolous cases. This is plainly a case where immunity attaches to Associate Justice Dato, just as

13  it did to the Supreme Court Justice of the Supreme Court of California. (Exhibit "A").

14      In sum, Plaintiff is simply bringing suit against Associate Justice Dato based on his

15  dissatisfaction in the manner he handled a pending case before him. The allegations against the

16  judge all question his judgment in the judicial process and do not even remotely suggest that he

17  acted in the clear absence of jurisdiction.  Accordingly, the well established doctrine of absolute

18  judicial immunity renders all Section 1983 claims defective regardless of the relief requested and

19  dismissal is warranted pursuant to Rule 12(b)(5) for failure to state a viable claim for relief.

20  **V.    CONCLUSION**

21      IN ACCORDANCE WITH THE FOREGOING, Defendant Associate Justice William

22  Dato moves to dismiss this action against him due to lack of subject matter jurisdiction and lack

23  of personal jurisdiction pursuant to Rules 12(b)(1) and (b)(2). In the alternative, Plaintiff has also

24  failed to state a valid claim for relief as he has not and cannot pierce Associate Justice Dato's

25  absolute immunity. Dismissal is warranted on this independent basis pursuant to Rule 12(b)(5).

26  / / /

27  / / /

28  / / /

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**SER 586**

1  Indeed, the Court's order noticed and entered on June 8, 2022 makes clear that moving

2  Defendant is entitled to dismissal on all respects as the issues previously addressed and those

3  pertinent to the specious claims against Associate Justice Dato are virtually identical.

4

5      Respectfully Submitted this 12th day of July, 2022.

6

7                              OLSON CANNON GORMLEY & STOBERSKI

8

9              By:  _____
                    THOMAS D. DILLARD, JR., ESQ.
10                  Nevada Bar No. 6270
                    9950 W. Cheyenne Avenue
11                  Las Vegas, Nevada 89129
                    *Attorneys for Defendants*
12                  *Tani G. Cantil-Sakauye, Chief Justice of California;*
                    *Jorge Navarrete, Clerk/Executive*
13                  *Officer of the Supreme Court of California;*
                    *and William Dato, Associate Justice of the*
14                  *California Court of Appeal, Fourth Appellate*
                    *District, Division One*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

**SER 587**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

  I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY

& STOBERSKI, and that on the 12th day of July, 2022, I served a copy of the foregoing

**DEFENDANT ASSOCIATE JUSTICE WILLIAM DATO'S MOTION TO DISMISS,** in

the following manner:

  Through the CM/ECF system of the United States District Court for the District of

Nevada, (or, if necessary, by U.S. Mail, first class, postage pre-paid, and/or via email):

upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
ddydzak@yahoo.com
*Plaintiff Pro Se*


Craig R. Anderson, Esq.
Marquis Aurbach Coffing
10001 Park Run Drive
Las Vegas, NV 89145
smong@maclaw.com
canderson@maclaw.com
*Attorneys for Defendant*
*Judge Donald F. Miles*

Michael Ayers, Esq.
Clark Vellis, Esq.
QUINTAIROS, PRIETO, WOOD &
BOYER, P.A.
200 S. Virginia St., 8th Fl.
Reno, NV 89501
michael.ayers@qpwblaw.com
clark.vellis@qpwblaw.com
*Attorneys for MIDFIRST BANK*
*incorrectly named herein as 1ST*
*CENTURY BANK and/or 1ST*
*CENTURY BANCSHARES, INC.*

Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, 30th floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
*Defendants in propria persona*


David J. Carroll, Esq.
Eric M. George, Esq.
ELLIS GEORGE CIPOLLONE
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
cubence@egcfirm.com
www.egcfirm.com
*Defendants in propria persona Eric M.*
*George, Ronald M. George, and Alan I.*
*Rothenberg*


Patrick Rose, Esq.
Patrick.Rose@usdoj.gov
Dionne.White@usdoj.gov
*Assistant United States Attorney for*
*Peter Lind Shaw*




*/s/ Jessica Kaufman*
An employee of OLSON CANNON GORMLEY & STOBERSKI

**SER 588**

# EXHIBIT "A"

Notice of Entry of Order (June 8, 2022)

Electronically Filed
6/8/2022 10:19 AM
Steven D. Grierson
CLERK OF THE COURT

1　THOMAS D. DILLARD, JR., ESQ.
　　Nevada Bar No. 006270
2　**OLSON CANNON GORMLEY & STOBERSKI**
　　9950 West Cheyenne Avenue
3　Las Vegas, Nevada 89129
　　Telephone: (702) 384-4012
4　Facsimile: (702) 383-0701
　　*Attorneys for Defendants*
5　*Tani G. Cantil-Sakauye, Chief Justice of California;*
　　*Jorge Navarrete, Clerk/Executive Officer of*
6　*the Supreme Court of California; and Justice William Dato*

7

8

9

10

                        DISTRICT COURT

                    CLARK COUNTY, NEVADA

                        * * * * *

11　DANIEL DAVID DYDZAK                    )
12　　　　　　Plaintiff,                      )
                                          )      CASE NO.: A-22-847734-C
13                                        )
　　　vs.                                   )      DEPT. NO.: 27
14                                        )
　　TANI CANTIL-SAKAUYE, JORGE            )
15　NAVARRETE, THOMAS LAYTON, aka TOM     )
　　LAYTON, CHARLES SCHWAB, DONALD F.     )
16　MILES, JOHNNIE B. RAWLINSON, BARRY    )
　　G. SILVERMAN, WILLIAM A. FLETCHER,    )
17　PETER LIND SHAW, RONALD M. GEORGE     )
　　ERIC M. GEORGE, ALAN I. ROTHENBERG,   )
18　1ST CENTURY BANK, 1ST CENTURY         )
　　BANCSHARES, INC., EDWARD EPHRAIM      )
19　SCHIFFER, SIDNEY R. THOMAS, WILLIAM   )
　　DATO, MAXINE M. CHESNEY, MOLLY C.     )
20　DWYER, GEORGE H. KING, A. WALLACE     )
　　TASHIMA, FERDINAND FRANCIS            )
21　FERNANDEZ, KIM MCCLANE WARDLAW,       )
　　WILLIAM C. CANBY, RONALD M. GOULD,    )
22　RICHARD C. TALLMAN, and Does 1 through )
　　50,  inclusive,                        )
23                                        )
　　　　　　Defendants.                       )
24　_____ )

25

26　**NOTICE OF ENTRY OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

27　　　　　PLEASE TAKE NOTICE that an ORDER GRANTING DEFENDANTS'

28　/ / /

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

1   MOTION TO DISMISS was entered in the above-entitled matter on the 3rd day of June, 2022; a

2   copy of which is attached hereto.

3        Dated this _____ day of June, 2022.

4

5                                    OLSON CANNON GORMLEY & STOBERSKI

6

7        By: _____
                THOMAS D. DILLARD, JR., ESQ.
8               Nevada Bar No. 6270
                9950 W. Cheyenne Avenue
9               Las Vegas, Nevada 89129
                *Attorneys for Defendants*
10              *Tani G. Cantil-Sakauye, Chief Justice of California;*
                *Jorge Navarrete, Clerk/Executive Officer of*
11              *the Supreme Court of California; and*
                *Justice William Dato*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SER 591

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY & STOBERSKI, and that on the _8ᵗʰ_ day of June, 2022, I served a copy of the foregoing **NOTICE OF ENTRY OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**, in the following manner:

(ELECTRONIC SERVICE) Pursuant to Administrative Order 14-2, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities to those parties listed on the Court's Master Service List, (or, if necessary, by U.S. Mail, first class, postage pre-paid, or via email), upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
*Plaintiff Pro Se*

/Kaufman/
An employee of OLSON CANNON GORMLEY & STOBERSKI

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

SER 592

ELECTRONICALLY SERVED
6/3/2022 11:38 AM

Electronically Filed
06/03/2022 11:38 AM

CLERK OF THE COURT

1   **ORDR**
    THOMAS D. DILLARD, JR., ESQ.
2   Nevada Bar No. 006270
    **OLSON CANNON GORMLEY**
3   **& STOBERSKI**
    9950 West Cheyenne Avenue
4   Las Vegas, Nevada 89129
    Telephone: (702) 384-4012
5   Facsimile: (702) 383-0701
    *Attorneys for Defendants*
6   *Tani G. Cantil-Sakauye, Chief Justice of California;*
    *and Jorge Navarrete, Clerk/Executive Officer of*
7   *the Supreme Court of California*

8

                        **DISTRICT COURT**
9
                    **CLARK COUNTY, NEVADA**
10
                          * * * * *
11
    DANIEL DAVID DYDZAK                    )
12                                         )
              Plaintiff,                   )      CASE NO.: A-22-847734-C
13                                         )
         vs.                               )      DEPT. NO.: 27
14                                         )
    TANI CANTIL-SAKAUYE, JORGE             )
15  NAVARRETE, THOMAS LAYTON, aka TOM      )
    LAYTON, CHARLES SCHWAB, DONALD F.      )
16  MILES, JOHNNIE B. RAWLINSON, BARRY     )
    G. SILVERMAN, WILLIAM A. FLETCHER,     )      **ORDER GRANTING**
17  PETER LIND SHAW, RONALD M. GEORGE      )      **DEFENDANTS'**
    ERIC M. GEORGE, ALAN I. ROTHENBERG,    )      **MOTION TO**
18  1ST CENTURY BANK, 1ST CENTURY          )      **DISMISS**
    BANCSHARES, INC., EDWARD EPHRAIM       )
19  SCHIFFER, SIDNEY R. THOMAS, WILLIAM    )
    DATO, MAXINE M. CHESNEY, MOLLY C.      )
20  DWYER, GEORGE H. KING, A. WALLACE      )
    TASHIMA, FERDINAND FRANCIS             )
21  FERNANDEZ, KIM MCCLANE WARDLAW,        )
    WILLIAM C. CANBY, RONALD M. GOULD,     )
22  RICHARD C. TALLMAN, and Does 1 through )
    50,  inclusive,                        )
23                                         )
              Defendants.                  )
24  ─────────────────────────────────────  )

25      The Court, having considered all papers and pleadings with a hearing scheduled for May

26  11, 2022 and continued and heard on May 18, 2022, hereby grants Defendants Chief Justice Tani

27  G. Cantil-Sakauye's and Clerk Jorge Navarrete's, Clerk/Executive Officer of the Supreme Court

28  of California, (hereinafter "California Supreme Court Defendants")  motion to dismiss Plaintiff's

OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
Law Offices of
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

1  Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and for failure to

2  state a claim for relief.

3  **PROCEDURAL HISTORY**

4  1.   The California Supreme Court Defendants filed their Motion to Dismiss the

5  Complaint on April 6, 2022 pursuant to Nevada Rules of Civil Procedure 12(b)(1) and 12(b)(2)

6  and, alternatively, pursuant to Nevada Rule of Civil Procedure 12(b)(5).

7  2.   Plaintiff Daniel David Dydzak ("Plaintiff") filed his Opposition to the California

8  Supreme Court Defendants' Motion to Dismiss on April 18, 2022.

9  3.   The California Supreme Court Defendants filed their Reply to Plaintiff's

10  Opposition to Dismiss on May 3, 2022.

11  4.   The Court issued a Notice of Hearing on April 7, 2022 for the motion to be heard

12  on May 11, 2022.

13  5.   During the hearing on May 11, 2022, this matter was trailed to the end of the

14  calendar, however, electronic interference prevented the hearing from going forward. The Court

15  Recorder asked the parties if they had two sources of audio connected on-line due to the audio

16  issues. The Court could not hear the parties without a severe echo. Accordingly, the Court

17  ordered the matter continued for one-week and the continuance was noted in the Minutes.

18  6.   The May 11, 2022 minutes further reflected that on May 18, 2022 at 9:00 a.m. the

19  Court will hear the California Supreme Court Defendants' Motion to Dismiss the Complaint.

20  7.   During the subsequent Hearing on May 18, 2022, counsel for the California

21  Supreme Court Defendants personally appeared and the Court called for and obtained no

22  response from Plaintiff.

23  8.   The Court then heard oral argument on the motion to dismiss pursuant to Nevada

24  Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(5).

25  **FINDINGS OF FACT**

26  1.   Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial

27  District Court of Nevada on February 3, 2022 because "one of the parties resides in Clark

28

Page 2 of 14

1  County." (Complaint ¶ 5). Plaintiff identifies this party as Judge Johnnie B. Rawlinson of the

2  U.S. Court of Appeals for the Ninth Circuit.

3       2.     Plaintiff is a California resident and has included twenty-four Defendants in the

4  case caption, many of which are current or former California state judicial officers or judges of

5  federal district and appellate courts located in California.

6       3.     Defendant Tani G. Cantil-Sakauye was at all relevant times serving as the Chief

7  Justice of the Supreme Court of California.

8       4.     Defendant Jorge Navarrete was at all relevant times serving as the

9  Clerk/Executive Officer of the Supreme Court of California.

10       5.     Plaintiff sued Defendant Tani Cantil-Sakauye and Jorge Navarrete as individuals

11  residing in San Francisco, California. (Complaint ¶¶ 2-3). Plaintiff also named former California

12  Chief Justice Ronald George and Associate Justice William Dato of the Fourth Appellate

13  Division of California based upon their involvement in California litigation. (Complaint at ¶¶ 11,

14  18). Plaintiff also brings suit against several other State of California state bar judges and

15  investigators or State Bar attorney panel members, who all allegedly have some connection with

16  his disciplinary matter ultimately resolved in California Supreme Court Case No. S17980.

17  (Complaint ¶¶ 4-6, 10, 12-13, 16). In addition, Plaintiff named as Defendants a total of ten (10)

18  Article III judges from the U.S. Court of Appeals for the Ninth Circuit and the U.S. Northern

19  District of California. He also sued the Ninth Circuit court clerk for his alleged involvement in

20  California federal litigation pertaining to Plaintiff. (Complaint ¶¶ 7-9, 17, 19-25).

21       6.     Plaintiff's claims arise out of his subsequent court challenges to orders issued in

22  California Supreme Court Case No. S179850 denying his requests to overturn his disbarment of

23  2010.

24       7.     Per the registry of action attached as an exhibit to the motion to dismiss, the Court

25  takes judicial notice of certain facts pertaining to the protracted procedural history of Plaintiff's

26

27

28

OLSON CANNON GORMLEY & STOBERSKI
Law Offices of
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

Page 3 of 14

various attempt to challenge and reverse his disbarment.[1] The registry of action establishes the following:

    a.    The California Supreme Court proceeding commenced on January 27, 2010;

    b.    Plaintiff filed a petition for writ of review on April 1, 2010;

    c.    On May 12, 2010, the California Supreme Court denied Plaintiff's petition for writ of review and ordered him disbarred from the practice of law in California;

    d.    On May 24, 2010, Plaintiff filed a petition for writ of certiorari with the U. S. Supreme Court;

    e.    On October 4, 2010, the U. S. Supreme Court denied Plaintiff's petition for writ of certiorari;

    f.    On January 11, 2012, Plaintiff filed a motion in the California Supreme Court to reopen his disciplinary case due to fraud upon the court and reverse and set aside the disbarment order;

    g.    On February 15, 2012, the California Supreme Court denied Plaintiff's motion to reopen his disciplinary case and set aside the disbarment order;

    h.    Six years later, on March 1, 2018, Plaintiff filed a second motion in the California Supreme Court to reopen his disciplinary case and set aside the disbarment order;

    i.    On May 9, 2018, the California Supreme Court denied Plaintiff's second motion to reopen his disciplinary case and set aside the disbarment order;

    j.    From May 14, 2018, and over the next year, Plaintiff filed several more motions to reopen his disciplinary case or for other relief, including a motion for an order to show cause, filed on April 22, 2019; and

---

[1] The district court may consider publicly recorded documents without converting a motion to dismiss to one for summary judgment. *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (stating that a court may consider matters of public record in ruling on a motion to dismiss). This includes taking judicial notice of pleadings, memoranda, and other court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006).

Page 4 of 14

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

k.      On September 11, 2019, the California Supreme Court denied Plaintiff's motion for an order to show cause and stated "[t]his matter is now final.  The court will no longer consider challenges to petitioner's disbarment."

8.      Plaintiff alleges in his first case of action, pursuant to 42 U.S.C. § 1983, that Defendant Chief Justice Tani Cantil-Sakauye issued an illegal order on September 11, 2021 in Case No. S179850 as part of an alleged conspiracy with Defendant Jorge Navarrete who allegedly did not accept further filings by Plaintiff in the case after that order was entered.

9.      Plaintiff's third cause of action names various Defendants who had not made an appearance in the case (including former California Supreme Court Justice Ronald M. George and Associate Justice William Dato of the California Court of Appeal, Fourth Appellate District, Division One).  Plaintiff claims that they had "improper, unethical and illegal ex parte, extra-judicial communications and contacts" with the California Supreme Court Defendants on or about September 11, 2019.  (Complaint ¶39).

10.      In his eighth claim for relief, Plaintiff names Chief Justice Cantil-Sakauye and Associate Justice Dato and again alleges unspecified civil rights violations. Plaintiff alleges that these two jurists had improper *ex parte* communications "to cause Plaintiff to be improperly put on the Vexatious Litigant List" for the State of California. (Complaint ¶ 66). Plaintiff alleges this communication took place approximately nine years ago on April 5, 2013. (Complaint ¶ 67). Plaintiff asserts they formed a conspiracy regarding a pending in the San Diego Superior Court, and it was "illegally transferred" to the Orange County Superior Court." Id. Plaintiff further suggests that Chief Justice Cantil-Sakauye rewarded Associate Justice Data for the alleged fraudulent act by promoting him to the San Diego Court of Appeal. (Complaint ¶ 68).

11.      The Court further takes notice based upon exhibits attached to the motion to dismiss that Plaintiff has been judicially declared a vexatious litigant on two occasions. The Court takes judicial notice of the public documents attached as Exhibit "B" to the motion indicating Plaintiff is a vexatious litigant pursuant to an order entered on April 5, 2013, in *Dydzak v. Dunn* (Superior Court of California, County of San Diego, No. 30-2012-00558031). The Court further takes judicial notice of the public documents attached as Exhibit "C" which is

SER 597

a vexatious litigant order entered on September 25, 2012, in *Dydzak v. Cantil-Sakauye* (USDC, CD Cal., No. C11-5560-JCC). This order prohibits Plaintiff from "initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California."

12.     Plaintiff's claims for relief all seek to impair, invalidate or reverse his disbarment from the practice of law in California.

13.     Plaintiff's claims are based entirely on the Supreme Court of California Defendants' involvement in California litigation arising out of State Bar of California disciplinary action. A plain reading of Plaintiff's Complaint fails to establish any contacts with the Nevada forum by any of Defendants whatsoever. The entirety of the allegations pertain to attorney discipline taken against Plaintiff in the State of California, including his disbarment, and denial of Plaintiff's various complaints and petitions to overturn that discipline.

14.     Plaintiff's Complaint includes no allegation against Chief Justice Cantil-Sakauye that she acted in clear excess of her jurisdiction.

15.     Plaintiff's Complaint includes no allegations that Jorge Navarrete took any action that was not closely related to his clerk duties as part of the judicial process.

## CONCLUSIONS OF LAW

### I.     The Court Lacks Subject Matter Jurisdiction

1.     The plaintiff has the burden of proving subject matter jurisdiction. *See Morrison v. Beach City LLC*, 116 Nev. 34, 36, 991 P.2d 982, 983 (2000). If the movant challenges the existence of subject matter jurisdiction, the pleadings are treated as evidence on the issue. Indeed, in this type of 12(b)(1) motion, the requirement is not unlike that for summary judgment, where the non-moving party cannot rest on the allegations in the complaint but must present evidence to defeat the motion. *Trentacosta v. Frontier Pacific Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 at 653-54 (1969)); *Nevada v. United States*, 221 F.Supp.2d 1241, 1248 (D. Nev. 2002). The question of subject matter jurisdiction "'can be raised by the parties at any time ... and cannot be

Page 6 of 14

SER 598

OLSON CANNON GORMLEY & STOBERSKI
*Law Offices of*
*A Professional Corporation*
*9950 West Cheyenne Avenue*
*Las Vegas, Nevada 89129*
*(702) 384-4012   Telecopier (702) 383-0701*

1   conferred by the parties." *Landreth v. Malik*, 127 Nev. 175, 251 P. 3d 163, 166 (2011) (quoting

2   *Swan v. Swan*, 106 Nev. 464, 469, 796 P.2d 221, 224 (1990)).

3          2.      State supreme courts are the ultimate arbiters of attorney behavior for members of

4   the state bar that applies only to attorney discipline occurring in the forum state.  Nevada courts

5   lack subject matter jurisdiction seeking to impair or reverse attorney discipline imposed by

6   another State. In Nevada, Supreme Court Rule 105(3)(b) provides subject matter jurisdiction for

7   the Nevada Supreme Court to automatically review public discipline imposed by a Nevada State

8   Bar hearing panel.  To be sure, it provides no subject matter jurisdiction to review public

9   discipline imposed by the State of California.

10          3.      By filing what amounts to nothing more than a collateral challenge to his

11   disbarment and the numerous denials of his attempts to overturn, Plaintiff simply tries to make an

12   end around of the results of federal and state courts located in California for which this Court

13   lacks subject matter jurisdiction. The complaint therefore is properly dismissed pursuant to

14   Nevada Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

15   II.       **There is No Personal Jurisdiction over the California Supreme Court Defendants**

16          1.      To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must

17   "make a prima facie showing of personal jurisdiction" by "producing] some evidence in support

18   of all facts necessary for a finding of personal jurisdiction." *Trump v. Eighth Judicial Dist. Court*,

19   109 Nev. 687, 692, 857 P.2d 740, 743-44 (1993). When considering a motion to dismiss for lack

20   of personal jurisdiction, the plaintiff is required to go beyond the pleadings and proffer some

21   competent evidence supporting a finding of personal jurisdiction. *Id.* at 693, 857 P.2d at 744

22   (explaining that the plaintiff "may not simply rely on the allegations of the complaint to establish

23   personal jurisdiction").

24          2.      Plaintiff has pled no facts in his complaint that would establish this court's personal

25   jurisdiction-general or specific-over the California Supreme Court Defendants, all of whom are

26   California residents. Plaintiff does not allege that the injuries he sustained occurred in Nevada,

27   that Defendants were served with process in Nevada, or that this case or Defendants have anything

28   at all to do with Nevada. *See Nguyen v. Margines*, 2021 WL 5761766 *2 (D.  Nev., Dec. 3,

OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

Page 7 of 14

2021) (dismissing the plaintiffs' suit against California state-court judges seeking damages against them for judgments entered against the plaintiffs in other cases in California due to lack of personal jurisdiction).

3.      General jurisdiction exists only where the defendant's activities in the forum state are so substantial or continuous and systematic that it may be deemed present in the forum and hence subject to suit over claims unrelated to its activities here. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S. Ct. 1868 (1984); *Trump*, 109 Nev. at 699, 857 P.2d at 748.

4.      Plaintiff impermissible seeks to avail himself of access to this court in Nevada because one of the many jurists that exercised jurisdiction over his case originating in California still has a home office in Nevada (i.e., the Honorable Judge Johnnie Rawlinson). This allegation clearly does not establish personal jurisdiction for the California Supreme Court Defendants.

5.      To show specific jurisdiction, Plaintiff must demonstrate facts showing that the defendants purposefully availed themselves of the privilege of acting in Nevada or caused important consequences here, that the cause of action arises from the defendant's activities in Nevada, and that those activities, or the consequences thereof, have such a substantial connection with Nevada as to make the exercise of jurisdiction over the defendant reasonable. *Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 458-59, 282 P.3d 751, 755 (2012).

6.      Nowhere does Plaintiff allege, or even remotely indicate, that Chief Justice Cantil-Sakauye or Jorge Navarrete "purposefully directed" any activity toward Nevada. The Complaint itself makes clear that this action involves Plaintiff's attempts to obtain judicial review and reversal of being disbarred as a California lawyer and being declared a vexatious litigant in state and federal courts in California. Indeed, neither the Supreme Court of California Defendants nor any of the other California jurists and California State Bar agents had any jurisdiction or ability to perform any legal act in the State of Nevada.

7.      There is nothing to suggest Plaintiff's claims arise out of the activities of any Defendant in Nevada. To the contrary, the activities which give rise to Plaintiff's claims exclusively occurred in California.  Other than identifying Judge Rawlinson's alleged personal

Page 8 of 14

residence or home State, Nevada is never mentioned in the Complaint whatsoever. Even if Judge Rawlinson's involvement in federal cases pending in the Ninth Circuit somehow implicate Nevada, which they do not, there is still absolutely no Nevada connection to the California Supreme Court Defendants. Plaintiff, to be sure, does not attribute any conduct by the Superior Court Defendants directed toward Nevada.

8.     Plaintiff argues that because one of the many Defendants he named is a one-time Nevada resident that venue is proper in Clark County, Nevada. The clear failing in this singular argument to resist the motion to dismiss is that the California Supreme Court Defendants did not seek dismissal based upon improper venue at all. To be sure, venue and personal jurisdiction are separate requirements. *See State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 821 (Mo. banc 1994) (stating "venue and personal jurisdiction address entirely different concerns and venue is not a prerequisite to personal jurisdiction").

9.     Plaintiff cannot obtain personal jurisdiction over everyone he names in a lawsuit even assuming that there is a personal jurisdiction over one of the other defendants. Moreover, there is no basis to suggest Judge Rawlinson did anything in connection with her involvement in a case pending in the Ninth Circuit Court of Appeals that subjects her to be sued in Nevada.

10.    Plaintiff has failed to show that the California Supreme Court Defendants are subject to general jurisdiction in Nevada or have certain minimum contacts for specific jurisdiction. Therefore, the case is also dismissed for want of personal jurisdiction pursuant to Rule 12(b)(2).

## III.   The Complaint States No Valid Claim for Relief

1.     When presented with a Nevada Rule of Civil Procedure 12(b)(5) motion to dismiss for failure to state a claim, the district court must view all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *Kourafas v. Basic Food Flavors, Inc.*, 120 Nev. 195, 197, 88 P.3d 822, 823 (2004).

2.     Claims of immunity present issues that are generally appropriately decided as early as possible, in order to "avoid excessive disruption of government." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because the essence of immunity is its possessor's entitlement not to have

OLSON CANNON GORMLEY & STOBERSKI
*Law Offices of*
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

Page 9 of 14

1 to answer for his conduct in a civil damages action, that protection is effectively lost if a case is

2 erroneously permitted to go to trial. *See Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct.1789

3 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only

4 unwarranted liability, but unwarranted demands customarily imposed upon those defending a long

5 drawn-out lawsuit."); *see also State of Nevada v. Second Judicial District Court*, 118 Nev. 609,

6 615, 55 P.3d 420, 423 (2002) ("Absolute immunity is a broad grant of immunity not just from the

7 imposition of civil damages, but also from the burdens of litigation, generally.").

8     3.    Judges possess a "sweeping form of immunity" for all acts performed that relate to

9 the "judicial process." *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538 (1988); *Imbler v.*

10 *Pachtman*, 424 U.S. 409, 423 n.20, 96 S.Ct. 984 (1976). Irrespective of the judge's subjective

11 intent, immunity insulates the judge's actions except where done in the clear absence of

12 jurisdiction. *See Stump v. Stackman*, 435 U.S. 349, 359, 98 S.Ct. 1099 (1978). Put differently,

13 this absolute immunity insulates judges from charges or erroneous acts or irregular action, even

14 when it is alleged that such action was driven by malice, bad faith or corruption. *Forrester*, 484

15 U.S. at 227-28; *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286 (1991). Furthermore, the

16 absolute immunity is not pierced by allegations of judicial authority "flawed by the commission of

17 grave procedural errors." *Stump*, 435 U.S. at 359.

18     4.    In addition, allegations of conduct in excess of jurisdiction are thus insufficient, a

19 judge will only forfeit his immunity when he acts in "clear absence of all jurisdiction." *Mullis v.*

20 *U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1389 (9th Cir. 1987). The fact

21 that a judge acts informally, outside the courtroom and without observance of procedural

22 requirements, or engages in ex parte communications, does not strip a judge of absolute

23 immunity. *Stump*, 435 at 361-63, 98 S.Ct. at 1107-08; *see also Forrester*, 108 S.Ct. at 544. Nor is

24 judicial immunity lost as a result of improper favor or disfavor to a party. *Moore v. Brewster*, 96

25 F.3d 1240, 1244 (9th Cir.1996).

26     5.    Absolute judicial immunity thus covers "virtually all acts, regardless of

27 motivation," therefore, "when the underlying activity at issue is covered by absolute immunity, the

28 plaintiff derives no benefit from alleging a conspiracy." *Pinaud v. County of Suffolk*, 52 F.3d

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

Page 10 of 14

1   1139, 1148 (2d Cir. 1995). Plaintiff's allegations and argument regarding improper motive, bad

2   faith, or even acts taken in an unquestionably illegal manner are all irrelevant. *See Red Zone 12*

3   *LLC v. City of Columbus*, 758 F.App'x 508, 513-14 (6th Cir. 2019); *Imbler*, 424 U.S. at 431, 96

4   S.Ct. 984 (allegations of conspiracy to wrongfully convict plaintiff did not overcome prosecutorial

5   immunity); *Forrester*, 484 U.S. at 227-28, 108 S.Ct. 538 (holding an act "does not become less

6   judicial by virtue of allegations of malice or corruption of motive"); *Ashelman v. Pope*, 793 F.2d

7   1072, 10771-78 (9th Cir. 1986) ("'[A] conspiracy between judge and prosecutor to predetermine

8   the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the

9   immunity extended to judges and prosecutors.").

10       6.      "Court clerks have absolute quasi-judicial immunity from damages for civil rights

11   violations when they perform tasks that are an integral part of the judicial process." *Mullis v.*

12   *United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (applying quasi-judicial

13   immunity where clerks accepted and filed incomplete bankruptcy petition and later refused to

14   accept amended petition); *see also Moore v. Brewster*,  96 F.3d 1240, 1244 (9th Cir. 1996)

15   (applying immunity where clerk deceived plaintiff regarding the status of supersedeas bond and

16   improperly conducted hearings to assess costs against plaintiff); Morrison v. Jones, 607F.2d

17   1269, 1273 (9th Cir. 1979) (applying quasi-judicial immunity where clerk failed to provide notice

18   of court order).

19       7.      Absolute quasi-judicial immunity is "extended ... to court clerks and other

20   nonjudicial officers for purely administrative acts-acts  which taken out of context would appear

21   ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*,

22   297 F.3d 940, 952 (9th Cir. 2002). Where the accused conduct is an integral part of the judicial

23   process, clerks qualify for quasi-judicial immunity unless such conduct was undertaken "in the

24   clear absence of all jurisdiction." *Mullis*, 828 F.2d at 1390. Quasi-judicial immunity nevertheless

25   applies to clerk action that is "a mistake or an act in excess of jurisdiction ..., even if it results in

26   'grave procedural errors.'" *Id.*

27       8.      The act of making decisions following motion practice of a litigant (including

28   finding that a party subject to jurisdiction of the court is a vexatious litigant) before the court is

OLSON CANNON GORMLEY & STOBERSKI
*Law Office of*
*A Professional Corporation*
*9950 West Cheyenne Avenue*
*Las Vegas, Nevada 89129*
(702) 384-4012   Telecopier (702) 363-0701

Page 11 of 14

1   clearly a judicial act. Allegations that there were ex parte communications or that the judicial

2   decisions were the result of bad faith, or a conspiracy do not pierce judicial immunity. Chief

3   Justice Cantil-Sakauye's decisions at issue had to occur while she was inside the courtroom or

4   inside chambers in preparing and finalizing judicial orders. The actions Plaintiff alleges as

5   constitutional transgressions against Chief Justice Cantil-Sakauye center around Plaintiff's case

6   before her in review of the State Bar of California's disciplinary action. This is plainly a case

7   where judicial immunity attaches.

8       9.      The only specific allegation against Jorge Navarrete is that he "illegally conspired

9   to not file, as required, legal pleadings, motions and papers duly submitted by DYDZAK for

10  docket filing with the Clerk's Office of the Supreme Court of California." (Complaint, 31, p. 6.)

11  As the Clerk/Executive Officer of the Supreme Court of California, Defendant Navarrete's duties

12  include the creation and management of uniform record-keeping systems. California Rules of

13  Court, rule 10.1020(c)(7). His alleged conspiracy to not file Plaintiff's papers in the California

14  Supreme Court is indisputably "an integral part of the judicial process." *Mullis*, 828 F.2d at 1390;

15  *see also Sedgwick v. United States*, 265 Fed. Appx. 567, 568 (9th Cir. 2008) (Supreme Court

16  Clerk entitled to absolute quasi-judicial immunity for refusing to file plaintiff's petition for writ of

17  certiorari). The claims against Jorge Navarrete are therefore barred by the doctrine of

18  quasi-judicial immunity.

19      10.     Plaintiff fails to state a valid claim for relief against the California Supreme Court

20  Defendants because they are possess absolute immunity as to all allegations and all claims for

21  relief alleged in the Complaint. The Court therefore also grants the motion to dismiss pursuant to

22  Nevada Rule of Civil Procedure 12(b)(5).

23      IT IS HEREBY ORDERED that the motion to dismiss is granted in all respects

24      DATED this __2nd__ day of ~~May~~ **June**, 2022.

25

26      **Dated this 3rd day of June, 2022**

27      *Nancy L. Allf*
        DISTRICT COURT JUDGE                    TW

28      **10A CB8 7A23 4559**
        **Nancy Allf**
        **District Court Judge**
        Page 12 of 14

1

Submitted by:

2

OLSON CANNON GORMLEY

3
& STOBERSKI

4
By: /s/ Thomas D. Dillard, Esq.

5
THOMAS D. DILLARD, ESQ.
Nevada Bar No. 6270

6
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129

7
Attorney for the California Supreme Court Defendants

8
Approved as to form and content:

9

10

By: _____

11
Daniel David Dydzak
4265 Marina City Drive,

12
Suite 407W
Marina del Rey, CA 90292

13
Plaintiff Pro Se

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 13 of 14

SER 605

1

## CERTIFICATE OF SERVICE

2    I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY &

3  STOBERSKI, and that on the _23rd_ day of May, 2022, I served a copy of the foregoing **ORDER**

4  **GRANTING DEFENDANTS' MOTION TO DISMISS**, in the following manner:

5  (ELECTRONIC SERVICE) Pursuant to Administrative Order 14-2, the above-referenced document

6  was electronically filed on the date hereof and served through the Notice of Electronic Filing

7  automatically generated by the Court's facilities to those parties listed on the Court's Master Service

8  List, (or, if necessary, by U.S. Mail, first class, postage pre-paid, or via email), upon the following:

9

10       Daniel David Dydzak
         4265 Marina City Drive,
11       Suite 407W
         Marina del Rey, CA 90292
12       *Plaintiff Pro Se*

13

14       _Kaufman_
         An employee of OLSON CANNON
15       GORMLEY & STOBERSKI

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 14 of 14

**SER 606**

# EXHIBIT "B"

Register of Action

# Appellate Courts Case Information

## Supreme Court

Change court ⌄

## Docket (Register of Actions)

**DYDZAK ON DISCIPLINE**
**Division SF**
**Case Number S179850**

| Date | Description | Notes |
|---|---|---|
| 01/27/2010 | Record of State Bar discipline filed | recommendation: disbarrment. *7 volumes. |
| 04/01/2010 | Petition for writ of review filed | Petitioner: Daniel David Dydzak Attorney: Daniel David Dydzak under CRC 8.25(b) |
| 04/01/2010 | Forma pauperis application filed | |
| 04/20/2010 | Response by State Bar filed | Non-Title Respondent: State Bar of California Attorney: Danielle A. Lee |
| 05/03/2010 | Reply to State Bar response filed | Petitioner: Daniel David Dydzak Attorney: Daniel David Dydzak crc 8.25 (b) |
| 05/12/2010 | Petition for writ of review denied; disbarred | The petition for writ of review is denied. The court orders that Daniel David Dydzak, State Bar Number 121857, is disbarred from the practice of law in California and that his name is stricken from the roll of attorneys. Daniel David Dydzak must also comply with rule 9.20 of the California Rules of Court and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of this order. Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment. |
| 05/21/2010 | Order filed | The order filed on May 12, 2010, is amended as to the State Bar case numbers to read; "S.B.C. Nos. 04-O-14383/06-O-10960." |
| 06/01/2010 | Received: | notice from the Supreme Court of United States, dated May 27, 2010; petition for writ of certiorari was filed May 24, 2010,and placed on the US Supreme Court docket on May 27, 2010, under No. 09-11066. |
| 06/04/2010 | Received: | service copy of notice that petition is filed under US Supreme Court # 09-11066. |

SER 608

| | | |
|---|---|---|
| 07/26/2010 | Note: Mail returned (unable to forward) | states name does not exist; return to sender. |
| 10/07/2010 | Received: | from the Supreme Court of the United States, Office of the Clerk, dated October 4, 2010, a notice that the petition for writ of certiorari filed under case# 09-11066, was denied. |
| 01/11/2012 | Motion filed | by Daniel D. Dydzak, petitioner, to reopen disciplinary case due to fraud upon the court and reverse and set aside void disbarment order.<br><br>(to court for consideration) |
| 01/23/2012 | Received: | Letter and proposed order from petitioner. |
| 01/30/2012 | Received: | Petitioner's request for ruling forthwith on pending motion |
| 02/06/2012 | Received: | Petitioner's second request for ruling on pending motion |
| 02/15/2012 | Received: | Petitioner's Third Request for Ruling Forthwith on Pending Motion |
| 02/15/2012 | Motion denied | The motion to reopen the disciplinary proceeding filed on January 11, 2012 is denied. |
| 02/22/2012 | Note: Mail returned (unable to forward) | Order filed 2/15/12, sent to petitioner. |
| 09/20/2013 | Returned record | to State Bar Court (7 vols.) |
| 03/01/2018 | Motion filed | Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order<br><br>Daniel David Dydzak, Petitioner |
| 03/19/2018 | Received: | Petitioner's Request for Expedited Ruling. |
| 03/19/2018 | Application for relief from default filed | By State Bar of California to file Opposition to Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order. |
| 03/19/2018 | Received: | State Bar's Untimely Opposition to Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order. |
| 03/21/2018 | Letter sent to: | Sean T. Strauss, The State Bar of California, Office of General Counsel<br><br>Dear Mr Strauss:<br><br>The court has considered your application to file your untimely opposition to petitioner's motion to reopen his disciplinay case and reverse, set aside, or vacate unlawful disbarment order. Your application to file the untimely opposition has been denied. (Cal. Rules of Court, rule 8.60(d).)<br><br>The court has directed that your motion be returned to you, and we are returning herewith the original and eight copies of the motion. |
| 05/09/2018 | Motion denied | The motion to reopen disciplinary case and reverse, set aside, or vacate disbarment order is denied. |
| 05/14/2018 | Motion filed | Motion to reverse and set aside void order filed May 9, 2018, and to disqualify Chief Justice Tani Cantil-Sakauye<br><br>Daniel David Dydzak, Petitioner |

| | | |
|---|---|---|
| 05/17/2018 | Motion filed | Petitioner Dydzak's Motion to Reconsider, Reverse and Set Aside Void Order Filed and Dated May 9, 2018; Memorandum of Points and Authorities; Declaration of Daniel David Dydzak in Support Thereof; Exhibit; Request for Oral Argument<br><br>Daniel David Dydzak, Petitioner |
| 05/17/2018 | Received: | Letter dated May 14, 2018, from petitioner Daniel Dydzak |
| 05/21/2018 | Received: | Letter dated May 16, 2018, from petitioner Daniel Dydzak |
| 05/21/2018 | Note: Mail returned (unable to forward) | Order issued on May 9, 2018 to petitioner. |
| 05/24/2018 | Received: | Letter dated May 20, 2018, from petitioner Daniel Dydzak |
| 05/24/2018 | Received: | Letter dated May 21, 2018, from petitioner Daniel Dydzak |
| 06/06/2018 | Filed: | Petitioner's Notice of Non-Opposition by State Bar of California to Petitioner Dydzak's Two Pending Motions |
| 06/06/2018 | Filed: | Petitioner's Request for Expedited Ruling Re: Petitioner Dydzak's Two Pending Motions and Proposed Order |
| 06/06/2018 | Filed: | Petitioner's Request for Judicial Notice; Declaration of Daniel D. Dydzak thereto; Exhibit |
| 06/14/2018 | Received: | Letter dated June 11, 2018, from petitioner Daniel D. Dydzak |
| 06/27/2018 | Motion denied | The request for judicial notice filed June 6, 2018, is granted. The motion to reverse and set aside order and disqualify the Chief Justice, filed May 14, 2018, is denied. The motion to reconsider, reverse, and set aside order, filed May 17, 2018, is denied. |
| 07/02/2018 | Received: | Letter dated June 29, 2018, from petitioner Daniel D. Dydzak. |
| 07/02/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed June 27, 2018 Due to Lack of Proper Quorum and to Disqualify Chief Justice Tani Cantil-Sakauye Based Upon Disqualification Factors and a Showing of Extrinsic Fraud |
| 07/16/2018 | Received: | Letter dated July 13, 2018, from petitioner Daniel D. Dydzak. |
| 07/16/2018 | Filed: | Petitioner Dydzak's Request for Expedited Ruling Re: Motion to Reverse and Set Aside Void Order Filed June 27, 2018, etc. |
| 08/08/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed July 2, 2018, is denied. |
| 08/13/2018 | Received: | Letter dated August 11, 2018, from petitioner Daniel D. Dydzak. |
| 08/13/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed August 8, 2018 Due to Lack of Proper Quorum |
| 08/20/2018 | Received: | Letter dated August 15, 2018, from petitioner Daniel D. Dydzak. |
| 09/12/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed August 13, 2018, is denied. |
| 09/17/2018 | Received: | Letter dated September 15, 2018, from petitioner Daniel D. Dydzak. |
| 09/17/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed September 12, 2018 Due to Lack of Proper Quorum |
| 09/17/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 12, 2018, addressed to the Commission on Judicial Performance. |
| 09/17/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 14, 2018, addressed to the Commission on Judicial Performance. |
| 09/20/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 18, 2018, addressed to the Commission on Judicial Performance. |

SER 610

California Courts - Appellate Court Case Information

| | | |
|---|---|---|
| 09/24/2018 | Note: Mail returned (unable to forward) | Copy of an order issued on September 12, 2018, to Daniel Dydzak. |
| 09/26/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 24, 2018, addressed to the Commission on Judicial Performance. |
| 10/10/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed September 17, 2018, is denied.<br><br>Corrigan, J., was absent and did not participate. |
| 10/19/2018 | Received: | Letter dated October 17, 2018, from petitioner Daniel D. Dydzak. |
| 10/19/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed October 10, 2018 Due to Lack of Proper Quorum |
| 10/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated October 16, 2018, addressed to the Commission on Judicial Performance. |
| 10/23/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated October 15, 2018, addressed to Director of the Commission on Judicial Performance. |
| 10/23/2018 | Received: | Letter dated October 18, 2018, from petitioner Daniel D. Dydzak. |
| 10/29/2018 | Note: Mail returned (unable to forward) | Copy of order issued on October 10, 2018, to Daniel Dydzak. |
| 11/14/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed October 19, 2018, is denied. |
| 11/19/2018 | Motion filed | "Petitioner Dydzak's motion to reverse and set aside void order filed November 14, 2018..." |
| 11/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated November 15, 2018, addressed to the Commission on Judicial Performance. |
| 11/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated November 16, 2018, addressed to the President and other Justices. |
| 11/21/2018 | Motion filed | Petitioner Dydzak's Motion for Order to Show Cause |
| 11/26/2018 | Note: Mail returned (unable to forward) | Copy of order issued on November 14, 2018, to Daniel Dydzak. |
| 11/26/2018 | Received: | Service copy of petitioner Daniel Dydzak's motion for extension of time dated November 19, 2018, addressed to the U.S. Court of Appeals for the Ninth Circuit. |
| 11/26/2018 | Received: | Letter, dated November 23, 2018, from petitioner Daniel D. Dydzak. |
| 12/03/2018 | Received: | Letter dated November 26, 2018, from petitioner Daniel D. Dydzak. |
| 01/23/2019 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed November 19, 2018, and the motion for an order to show cause filed November 21, 2018 are denied. |
| 01/28/2019 | Motion filed | Petitioner Dydzak's Motion for Order to Show Cause |
| 01/28/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated January 23, 2019, addressed to the Commission on Judicial Performance. |
| 01/28/2019 | Received: | Notice of Errata<br><br>Petitioner inadvertently typed the date of November 26, 2018, instead of January 24, 2019, on letter sent to this office pertaining to Petitioner's newly submitted Motion for Order to Show Cause, etc. |
| 01/28/2019 | Motion filed | Petitioner Dydzak's Motion to Vacate, Reverse and Set Aside Void Order of January 23, 2019 |

| Date | Type | Description |
|------|------|-------------|
| 01/28/2019 | Received: | Petitioner Dydzak's Notice of filing proof of service for Order to Show Cause |
| 01/30/2019 | Motion filed | Petitioner Dydzak's Motion to Reverse, Set Aside or Vacate Unlawful Disbarment Order |
| 01/30/2019 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed January 23, 2019, Due to Lack of Proper Quorum |
| 01/31/2019 | Motion filed | Petioner Dydzak's Motion for Oral Argument of Pending Motions |
| 02/01/2019 | Motion filed | Petitioner Dydzak's Motion for Expedited Hearing and Ruling on Pending Motions |
| 02/01/2019 | Note: Mail returned (unable to forward) | Copy of order issued on January 23, 2019, to Daniel Dydzak. |
| 02/19/2019 | Filed: | Petitioner Dydzak's Notice of Non-Opposition to Pending Motions |
| 03/20/2019 | Received: | Letter dated March 16, 2019, from petitioner Daniel D. Dydzak. |
| 04/02/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated March 28, 2019, addressed to the Commission on Judicial Performance. |
| 04/08/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated April 3, 2019, addressed to the Commission on Judicial Performance. |
| 04/08/2019 | Filed: | Letter dated April 4, 2019, from petitioner Daniel D. Dydzak - Second request for expedited ruling on pending motions; non-opposition to said motions by State Bar of California. |
| 04/17/2019 | Order filed | The motion to vacate, reverse and set aside order, request for judicial notice, and the motion for an order to show cause filed January 28, 2019 are denied. The motions for oral argument and for an expedited hearing are denied. |
| 04/22/2019 | Motion filed | Petitioner Dydzak's Letter dated April 20, 2019, and Motion for Order to Show Cause |
| 04/22/2019 | Received: | Service copy of Petitioner Daniel Dydzak's letter dated April 19, 2019, addressed to the Commission on Judicial Performance. |
| 04/22/2019 | Received: | Service copies of Petitioner Daniel Dydzak's two letters dated April 18, 2019, addressed to the Commission on Judicial Performance. |
| 04/25/2019 | Received: | Petitioner's Request for Judicial Notice ; Declaration of Daniel D. Dydzak thereto; Exhibit |
| 04/25/2019 | Received: | Letter dated April 21, 2019, from Daniel Dydzak entitled "Request for Emergency Expedited Ruling on Two Pending Motions". |
| 04/25/2019 | Received: | Letter dated April 21, 2019, from Daniel Dydzak and Disqualification Motion |
| 04/29/2019 | Received: | Service copy of Letter from Daniel Dydzak dated April 23, 2019, and Motion addressed to the Ninth Circuit Court of Appeals |
| 05/02/2019 | Received: | Service copy of letter dated April 29, 2019, from Daniel Dydzak, addressed to the State Bar of California. |
| 05/06/2019 | Received: | Service copy of letter dated May 4, 2019, from Daniel Dydzak addressed to the Commission on Judicial Performance. |
| 05/06/2019 | Received: | Petitioner's Notice of Non-Opposition by State Bar of California to Petitioner Dydzak's Pending Motions |
| 05/06/2019 | Received: | Service copy of letter dated May 2, 2019, from Daniel Dydzak addressed to the Clerk of the Ninth Circuit Court of Appeals and Motion. |
| 05/06/2019 | Received: | Service copy of letter from Daniel Dydzak dated May 4, 2019, addressed to the Commission on Judicial Performance. |
| 05/28/2019 | Received: | Service copy of letter dated May 23, 2019, from Daniel Dydzak addressed to the Office of Disciplinary Counsel Board of Professional Responsibility District of Colombia Court of Appeals. |
| 05/28/2019 | Received: | Petitioner Dydzak's New Motion for Oral Argument of Pending Motions and to Permit Camera Coverage and Media Filming |
| 05/28/2019 | Received: | Petitioner Dydzak's Motion for Leave to Take Videotaped Depositions of Pertinent Material Witnesses |

SER 612

| 05/28/2019 | Received: | Petitioner Dydzak's Motion for Expedited Hearing and Ruling on Pending Motions |
| 05/28/2019 | Received: | Service copy of letter dated May 24, 2019, from Daniel Dydzak addressed to Elaine M. Howle, CPA, California State Auditor. |
| 07/03/2019 | Received: | Letter dated June 30, 2019, from Daniel Dydzak entitled Request for Ruling on Pending Motions at July 10, 2019, Petition Conference. |
| 07/29/2019 | Received: | Letter dated July 25, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at July 31, 2019 Conference". |
| 08/05/2019 | Received: | Letter dated August 1, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 14, 2019 Conference". |
| 08/05/2019 | Received: | Service copy of letter dated August 2, 2019, from Daniel Dydzak addressed to Chief Trial Counsel of the State Bar of California. |
| 08/19/2019 | Received: | Letter dated August 15, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 21, 2019 Conference". |
| 08/26/2019 | Received: | Letter dated August 22, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 28, 2019 Conference". |
| 09/03/2019 | Received: | Letter dated August 29, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at September 11, 2019 Conference". |
| 09/11/2019 | Motion denied | The motion for an order to show cause filed April 22, 2019 is denied. This matter is now final. The court will no longer consider challenges to petitioner's disbarment. |

**Click here** to request automatic e-mail notifications about this case.

Careers  |  Contact Us  |  Accessibility  |  Public Access to Records  |  Terms of Use  |      © 2022 Judicial Council of California
Privacy

SER 613

# EXHIBIT "C"
Vexatious Litigant Prefiling Orders

APR 1 0 2013        **MC-700**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and Address):
(To be completed only if a party is making the motion)
Danielle A. Lee (223678) The State Bar of California
180 Howard St., San Francisco, CA 94105
ATTORNEY FOR (Name): Dunn, Babcock, et al.

TELEPHONE NO.: 415-538-2339
FAX NO.: 415-538-2321
E-MAIL ADDRESS: danielle.lee@calbar.ca.gov

FOR COURT USE ONLY

☐ COURT OF APPEAL,        APPELLATE DISTRICT, DIVISION
☑ SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: Daniel D. Dydzak v.  Joseph Lawrence Dunn et al.

| PREFILING ORDER—VEXATIOUS LITIGANT | CASE NUMBER:<br>30-2012-00558031 |
|---|---|

1. Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:
   Daniel D. Dydzak
   4265 Marina City Drive
   Marina Del Ray, 90292

2. This prefiling order is entered pursuant to a motion made by   ☐ the court   ☑ party (name):
   Defendants Dunn, Babcock, et al.

3. The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at 415-865-4329 or by mail at the address below.

Vexatious Litigant Prefiling Orders
California Judicial Council
Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, California 94102

Date:  APR 0 5 2013

_[signature]_
JUDICIAL OFFICER

WILLIAM S. DATO

CLERK'S CERTIFICATE

The foregoing document, consisting of ___ page(s), is a full, true, and correct copy of the ☐ original ☐ copy on file in this office.

Clerk of the Superior Court

APR 0 8 2013   by _____ .COLAS

Form Adopted for
Mandatory Use
Judicial Council of California
MC-700 [Rev. January 1, 2013]

PREFILING ORDER—VEXATIOUS LITIGANT

Page 1 of 1
Code of Civil Procedure, § 391.7
www.courts.ca.gov

**SER 615**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
Central
330 West Broadway
San Diego, CA 92101

---

**SHORT TITLE:** Daniel D Dydzak vs Joseph Lawrence Dunn

---

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | **CASE NUMBER:**<br>30-2012-00558031 |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the PRE-FILING ORDER VEXATIOUS LITIGANT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 04/08/2013.

Clerk of the Court, by: _L. Ben Nicolas_____, Deputy

JUDICIAL COUNCIL OF CALIFORNIA
455 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

☐ Additional names and address attached.

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**                                 Page: 1

**SER 616**

THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
            CENTRAL DISTRICT OF CALIFORNIA
8                  WESTERN DIVISION

9   DANIEL DAVID DYDZAK,                    CASE NO. C11-5560-JCC

10              Plaintiff,                  ORDER

11        v.

12   TANI CANTIL-SAKAUYE, et al.,

13              Defendant.

14

15        In its order of March 2, 2012, the Court dismissed on its own motion *pro se* Plaintiff

16   Daniel Dydzak's Complaint and ordered Mr. Dydzak to show cause as to why he should not be

17   sanctioned for failure to comply with Federal Rule of Civil Procedure 11(b). (Dkt. No. 16.)

18   Shortly thereafter, this Court issued a second order to show cause, in which it directed Mr.

19   Dydzak to show cause as to (1) why he should not be declared a vexatious litigant, and (2) why

20   he should not be prohibited from initiating further litigation alleging deprivation of rights under

21   42 U.S.C. § 1983 relating to his disbarment without prior authorization. (Dkt. No. 19.) Plaintiff

22   responded to each order to show cause on April 2 and April 5, 2012, respectively. (Dkt. Nos. 31,

23   32.) Having considered Plaintiff's responses and the balance of the record, the Court finds that

24   Plaintiff has failed to show good cause and hereby ORDERS that plaintiff is declared a vexatious

25   litigant and subject to this pre-filing order, as explained below.

26   //

ORDER
PAGE - 1

1    I.      **DISCUSSION**

2            As the Ninth Circuit has recognized, "[f]lagrant abuse of the judicial process cannot be

3    tolerated because it enables one person to preempt the use of judicial time that properly could be

4    used to consider the meritorious claims of other litigants." *See De Long v. Hennessey*, 912 F.2d

5    1144, 1148 (9th Cir. 1990). To combat such abuses, litigation misconduct is sanctionable under

6    this Court's inherent power, C.D. Cal. Local Rule 83-8, and Federal Rule of Civil Procedure 11.

7    In rare circumstances, such sanctions may take the form of a pre-filing order, which limits one's

8    ability to initiate further litigation. *See De Long*, 912 F.2d at 1147 (recognizing "inherent power

9    of federal courts to regulate the activities of abusive litigants"); C.D. Cal. Local Rule 83-8.2

10   (authorizing court to issue "orders as are appropriate to control the conduct of a vexatious

11   litigant"); FED. R. CIV. P. 11(c)(4) (permitting Court to impose sanctions in the form of

12   nonmonetary directives). Before imposing a pre-filing order against a *pro se* litigant, however, a

13   district court must (1) provide the litigant with "adequate notice and a chance to be heard," (2)

14   identify the "cases and motions that support the conclusion that [the litigant's] filings are so

15   numerous or abusive that they should be enjoined," (3) make "substantive findings as to the

16   frivolous or harassing nature of the litigant's actions," and (4) ensure that any pre-filing order is

17   "narrowly tailored to closely fit the specific vice encountered." *Molski v. Evergreen Dynasty

18   Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting *De Long*, 912 F.2d at 1145-48 (internal

19   quotation and citation omitted)). The purpose of these requirements is to ensure that the pre-

20   filing order does not "tread on the litigant's due process right of access to the courts." *Id.* This

21   Court addresses each of these requirements below.

22           **A. Notice and Opportunity to be Heard**

23           In the instant case, the Court finds that Mr. Dydzak was provided with adequate notice

24   and an opportunity to be heard. By its orders dated March 2 and March 7, 2012, this Court

25   directed Mr. Dydzak to show cause as to why he should not be sanctioned for failure to abide by

26   Rule 11(b) and why he should not be declared a vexatious litigant and subject to a pre-filing bar.

ORDER
PAGE - 2

1    (Dkt. Nos. 16, 19.) Mr. Dydzak was given the opportunity to respond, which he did through two

2    separate opposition briefs. (Dkt. Nos. 31, 32.) In his responses to the orders to show cause,

3    Plaintiff also provided the Court with signed declarations in support of his opposition briefs. *Id.*

4    The Court has thoroughly considered each of Mr. Dydzak's responses and supporting materials.

5    Accordingly, Plaintiff was provided notice and afforded an opportunity to respond to the

6    possibility that he would be declared a vexatious litigant and subject to a pre-filing order. *See*

7    *Molski*, 500 F.3d at 1058-59; *cf. Pacific Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d

8    1112, 1118 (9th Cir. 2000) (imposing sanctions against attorney and holding that "[t]he

9    opportunity to brief the issue fully satisfies due process requirements").

10       **B.  Adequate Record**

11              The second requirement is that this Court establish an adequate record of review. *See De*

12    *Long*, 912 F.2d at 1147-48. "An adequate record for review should include a listing of all the

13    cases and motions that led the district court to conclude that a vexatious litigant order was

14    needed." *Id.* at 1147. In this Court's prior order to show cause (Dkt. No. 19), the Court provided

15    a case-by-case and motion-by-motion replay of Mr. Dydzak's litigation history, which it includes

16    in full and supplements below.

17              This is Mr. Dydzak's fourth federal lawsuit challenging his 2008
         disbarment. In the first such case, *Dydzak v. State of California, et al.*, C08-7765-
18       VAP (AGR) (C.D. Cal. 2008) (*Dydzak I*), Mr. Dydzak alleged that individual
19       defendants in separate actions he had been litigating prior to his disbarment had
         exerted improper influence over his state bar proceedings. He sued the State of
20       California, the State Bar Court, and numerous judges and attorneys affiliated with
         the State Bar Court for deprivation of rights under 42 U.S.C. § 1983. On the
21       defendants' motion to dismiss, U.S. Magistrate Judge Alicia Rosenberg
22       recommended that the claims for injunctive and declaratory relief be dismissed
         based on *Younger* abstention, and that the claims for monetary relief be dismissed
23       based on Eleventh Amendment and quasi-judicial immunity. (*Id.*, Dkt. No. 45.)
         U.S. District Judge Virginia Phillips adopted the report and recommendation and
24       granted the motion to dismiss. (*Id.*, Dkt. No. 48.)

25              Following entry of judgment in the matter, Mr. Dydzak filed a motion
26       requesting that Judges Phillips and Rosenberg be disqualified. The motion was
         referred to Judge R. Gary Klausner, who issued an order denying the motion to

ORDER
PAGE - 3

1   disqualify. (*Id.*, Dkt. No. 54.) Mr. Dydzak promptly moved to disqualify Judge
2   Klausner. In an eight-page order, Judge Margaret Morrow denied that motion.
    (*Id.*, Dkt. No. 61.) Following a flurry of rejected motions by Mr. Dydzak,
3   including a motion for reconsideration, a motion to reopen his case, and an
    additional motion to disqualify Judges Phillips and Rosenberg, Mr. Dydzak
4   moved to disqualify all of the judges in the U.S. District Court for the Central
    District of California. (*Id.*, Dkt. No. 95.) That motion was referred to Judge
5   George Wu, who issued yet another thoroughly drafted order denying the motion.
    (*Id.*, Dkt. No. 98.) Judge Wu also referred to Judge Morrow the issue of whether
6   to sanction Mr. Dydzak for his disregard of the prior-issued orders for
    disqualification. Mr. Dydzak appealed the judgment in the matter to the Ninth
7   Circuit, which summarily affirmed. (*Id.*, Dkt. No. 107; CA 09-56325, Dkt. No. 12
    (9th Cir. Nov. 18, 2009).)
8
9         On February 4, 2010, Mr. Dydzak submitted a new application to the court
    to proceed *in forma pauperis*, along with a complaint naming the same defendants
10  named in *Dydzak I*, along with several additional individual defendants. *See*
    *Dydzak v. Remke et al.*, C10-0828-UA-AGR (C.D. Cal. 2010). The proposed
11  complaint recycled the allegations from *Dydzak I*. Judge Audrey Collins denied
    Mr. Dydzak's request to proceed *in forma pauperis* and rejected the complaint,
12  finding that it failed to state a claim, that *res judicata* barred claims that were the
    same as those in *Dydzak I*, and that the claims for injunctive and declaratory relief
13  were barred by *Younger* abstention. (*Id.*, Dkt. No. 2.)
14
15        Ten days later, Mr. Dydzak initiated another lawsuit under 42 U.S.C. §
    1983. *See Dydzak v. Remke, et al.*, C10-1297-AHM-AGR (C.D. Cal. 2010)
16  (*Dydzak II*). He named nearly all of the defendants from *Dydzak I*, along with
    Judges Rosenberg, Phillips, Morrow, Klausner, Wu, and Collins. On Judge Percy
17  Anderson's order to show cause why the claims against the federal judges should
    not be dismissed based on judicial immunity, Mr. Dydzak voluntarily dismissed
18  the claims against the judges, and Judge Anderson discharged the order. Judge
    Gary Feess, the Case Management & Assignment Committee Chair for the
19  Central District, reassigned the case to Judge Phillips pursuant to General Order
    08-05, which requires that when a case is closed and *an identical case is re-filed*,
20  it must be transferred to the originally assigned judge. (*Id.*, Dkt. No. 34.) As Judge
    Phillips was a defendant in *Dydzak II*, she recused herself, and the matter was
21  again reassigned to Judge A. Howard Matz. Judge Matz denied Mr. Dydzak's
22  motion for a preliminary injunction, recounted Mr. Dydzak's multiple legal
    challenges to his disbarment up to that point, and observed that the complaint in
23  the matter was "largely incoherent." (*Id.*, Dkt. No. 41.)
24
25        Mr. Dydzak appealed Judge Matz's order to the Ninth Circuit, but while
    the appeal was pending, Judge Matz granted the State Bar defendants' motion to
26  dismiss. As in *Dydzak I* and the application rejected by Judge Collins, the court
    held that the claims for declaratory and injunctive relief were barred by *Younger*

ORDER
PAGE - 4

**SER 620**

1    abstention and that the claims for monetary relief were barred by the Eleventh
     Amendment. (*Id.*, Dkt. No. 51.) The Ninth Circuit denied Mr. Dydzak's
2    application to proceed *in forma pauperis* "because appellant has failed to show
     that the appeal is not frivolous." (*Id.*, Dkt. Nos. 60, 62; CA 10-56000, Dkt. Nos. 5,
3    7 (9th Cir. 2011).)

4           Before the Ninth Circuit had rendered its order dismissing his appeal, Mr.
     Dydzak had already filed his third lawsuit. *See Dydzak v. George, et al.*, C10-
5    5820-SVW (C.D. Cal. 2010) (*Dydzak III*). He again alleged deprivation of rights
     under § 1983 and again named nearly all of the defendants from *Dydzak I* and *II*,
6    including the federal judge defendants from *Dydzak II*—Klausner, Morrow, Wu,
7    Phillips, Collins, and Rosenberg—despite the fact that Judge Anderson had
     dismissed those claims *with prejudice*. (*See Dydzak II*, Dkt. No. 9.) This time, Mr.
8    Dydzak also sued the California Supreme Court and all seven of its justices
     individually, along with Judges Matz and Feess. (*Dydzak III*, Dkt. No. 1.) He
9    repeated his allegations from *Dydzak I* and *II*, and larded his complaint with
     additional allegations of bias, conspiracy, and duplicity against anyone even
10   peripherally involved in his state bar proceedings.

11          The State Bar of California immediately moved to dismiss the complaint,
12   and the United States moved to appear as *amicus curiae* regarding the issue of
     judicial immunity. Notably, after Judge Stephen Wilson granted the United States
13   leave to appear, Mr. Dydzak voluntarily dismissed the claims against the federal
14   judges "without prejudice." (*Id.*, Dkt. No. 14.) On November 8, 2010, in an 18-
     page order, Judge Wilson dismissed Mr. Dydzak's claims with prejudice because
15   (1) Mr. Dydzak was collaterally estopped from bringing his § 1983 claims against
     the State Bar defendants; (2) the claims against the justices of the California
16   Supreme Court were barred by the doctrine of judicial immunity; and (3) the
17   Eleventh Amendment barred the claims against the remaining state entities. (*Id.*,
     Dkt. No. 16.) Mr. Dydzak moved for reconsideration, which the court denied in
18   another thoroughly drafted order. (*Id.*, Dkt. No. 23.)

19          That did not end the matter for Mr. Dydzak. He again appealed the
20   dismissal of his complaint, and, as he had in *Dydzak I*, moved to disqualify Judge
     Wilson and all judges and magistrate judges of the U.S. District Court for the
21   Central District of California. (*Id.*, Dkt. No. 28.) Ninth Circuit Chief Judge
22   Kozinski designated Robert Whaley, Senior U.S. District Judge for the Eastern
     District of Washington, to adjudicate the motion to disqualify. Judge Whaley
23   denied the motion, noting that Mr. Dydzak's allegations were "based on
     speculation and sources that have not been identified." (*Id.*, Dkt. No. 42.) The
24   Ninth Circuit again denied Mr. Dydzak's application to proceed *in forma pauperis*
25   because "the appeal is frivolous," and it ordered Mr. Dydzak to show cause why
     the judgment should not be summarily affirmed. (*Id.*, Dkt. No. 40; CA 11-55143,
26   Dkt. No. 13 (9th Cir. April 20, 2011).) Following Mr. Dydzak's response to the
     order to show cause, the Ninth Circuit summarily affirmed the district court on

1      July 7, 2011.

2          This brings us to the Complaint recently dismissed by this Court. (Dkt.

3 Nos. 1, 16.) For the fourth time in federal court, Mr. Dydzak alleged deprivation
of rights under § 1983, in a rehash of his previous three complaints. He sued the
California Supreme Court and its justices as individuals despite the prior

4 dismissal of those claims with prejudice. He sued Judges Klausner, Morrow,
Phillips, Collins, and Rosenberg despite the prior dismissal of those claims with

5 prejudice. For good measure, he sued nearly all other judges of the U.S. District

6 Court for the Central District of California, regardless of their involvement in his
prior matters. He also sued Judge Whaley for denying his motion to disqualify the

7 judges of the Central District in *Dydzak III*. The Court spelled out the various
fatal deficiencies in Mr. Dydzak's claims and again dismissed his Complaint, this

8 time *sua sponte*.

9 (Dkt. No. 19.)

10          Immediately following the dismissal of his claims, Mr. Dydzak pushed forward,

11 undeterred by yet another dismissal with prejudice. He filed numerous motions including, among

12 others, a motion for reconsideration (Dkt. No. 27), a motion to disqualify counsel for defendants,

13 (Dkt. No. 25), and expectedly, a motion to disqualify the undersigned. (Dkt. No. 23.) To

14 adjudicate the latter motion to disqualify, Ninth Circuit Chief Judge Kozinski designated Justin

15 L. Quackenbush, Senior U.S. District Judge for the Eastern District of Washington. Plaintiff then

16 challenged that designation in a motion for reconsideration directed to Chief Judge Kozinski.

17 (Dkt. No. 30.) In yet another thorough opinion disposing of Mr. Dydzak's attempt to disqualify

18 a judge who has dismissed his claims, Judge Quackenbush denied the motion to disqualify. (Dkt.

19 No. 33.) In doing so, Judge Quackenbush expressed concern that Mr. Dydzak may have sought

20 to delay or avoid an adverse decision by this Court given that the motion to disqualify was filed

21 shortly after this Court's order dismissing Plaintiff's claims. *Id.* at 10. Additionally, Judge

22 Quackenbush noted that "Plaintiff has requested the disqualification of a presiding judge at least

23 *eight* times under similar circumstances[,]" and explained that Plaintiff's actions appeared to

24 occur "as a matter of course" anytime he was faced with an adverse action. *Id.*

25          In addition to dismissing Plaintiff's claims with prejudice on March 2, 2012, this Court

26 ordered Mr. Dydzak to show cause as to why he should not be sanctioned for failure to comply

ORDER
PAGE - 6

1   with Fed. R. Civ. P. 11(b). (Dkt. No. 16.) Thereafter, on March 7, 2012, this Court issued an

2   additional order in which Plaintiff was directed to show cause as to why he should not be

3   declared a vexatious litigant and barred from initiating future litigation related to his disbarment

4   without prior authorization. (Dkt. No. 19.)

5         Based on the record compiled from the above cases and the current matter, the Court

6   concludes that the record is adequate for review.

7        **C. Frivolous or Harassing Nature of Plaintiff's Actions**

8         Third, the district court is required to make findings as to the frivolous or harassing

9   nature of the litigant's actions. *See Molski*, 500 F.3d at 1059 (citing *De Long*, 912 F.2d at 1148).

10  In making this determination, the Court considers not just the number of filings, but the contents

11  thereof. *Id.* A pre-filing order cannot be based only upon a showing of litigiousness; rather, the

12  plaintiff's claims must be "patently without merit." *Id.* (quoting *Moy v. United States*, 906 F.2d

13  467, 470 (9th Cir. 1990)). In the instant case, the Court finds that there is sufficient basis to

14  conclude that Plaintiff's litigation relating to his 2008 disbarment has been abusive and frivolous.

15        As explained in this Court's prior orders to show cause and order dismissing Plaintiff's

16  complaint (Dkt. Nos. 16, 19), Mr. Dydzak has abused this Court's process by filing multiple

17  meritless lawsuits based on the same claims and consistently filing motions to disqualify any

18  judge who rules against him (as well as countless other judges with whom Plaintiff has had little

19  or no interaction). His claims have consistently lacked a credible factual foundation and, as

20  detailed in this Court's order of March 2, 2012, Plaintiff has displayed an utter disregard for the

21  applicable law and prior rulings of this Court and the Ninth Circuit. (*See* Dkt. No. 16.)

22        Specifically, Mr. Dydzak has initiated four lawsuits in federal court based on his

23  expanding visions of conspiracy regarding his 2008 disbarment. At each stage, Plaintiff's claims

24  have been dismissed; his second, third, and fourth complaints were dismissed *with prejudice*.

25  (*See Dydzak II*, Dkt. No. 9 (dismissing claims against federal judge defendants with prejudice

26  based on judicial immunity); *Dydzak II*, Dkt. No. 51 (dismissing remaining claims without leave

ORDER
PAGE - 7

1  to amend on grounds of *Younger* abstention and the Eleventh Amendment); *Dydzak III*, Dkt. No.

2  16 (dismissing claims with prejudice based on collateral estoppel, judicial immunity, and the

3  Eleventh Amendment); Dkt. No. 16 (dismissing claims based on judicial immunity, *res judicata*,

4  and collateral estoppel); *see also Dydzak v. Remke et al.*, C10-0828-AGR (C.D. Cal. 2010)

5  (denying application to proceed *in forma pauperis* and rejecting complaint based on *res judicata*

6  and *Younger* abstention).) Yet, Mr. Dydzak has taken each dismissal in stride, using it as an

7  excuse to file countless motions to disqualify and to bring a new case based on allegations of the

8  same ever-expanding conspiracy against the same and additional defendants.

9      Additionally, Plaintiff has unsuccessfully appealed the dismissals in each of his three

10  prior cases. The first two appeals were, respectively, barred as untimely (*Dydzak I*, Dkt. No.

11  107)[1], and summarily dismissed for failure to respond to the Court's order (*Dydzak II*, Dkt. Nos.

12  60, 62, 63, 64). The dismissal of Mr. Dydzak's third complaint was summarily affirmed by the

13  Ninth Circuit on the grounds of collateral estoppel, judicial immunity, and the Eleventh

14  Amendment. (*Dydzak III*, Dkt. No. 44.) Further, in denying Mr. Dydzak's application to proceed

15  *in forma pauperis* in his second appeal, the Ninth Circuit explained that "appellant has failed to

16  show that the appeal is not frivolous[,]" and in his third appeal, the Court again noted that "the

17  appeal is frivolous." (*Dydzak II*, Dkt. Nos. 60, 62; *Dydzak III*, Dkt. No. 40.) The Court thus

18  stresses that it is not merely the volume of filings in Mr. Dydzak's litigation history that leads the

19  Court to find that his claims are frivolous. Rather, it is the fact that Mr. Dydzak's claims are

20  recycled from case to case and legally meritless, as demonstrated by the repeated dismissals on

21  the same few grounds.

22      In his responses, Mr. Dydzak fails to persuade this Court that his filings in this case and

23  in prior cases were not, in fact, "patently without merit." In large part, Plaintiff uses his

24

25  _____

26  [1] Mr. Dydzak attempted to appeal the dismissal in *Dydzak I*, but the Ninth Circuit limited the scope of the appeal to the motions to disqualify Judges Phillips, Rosenberg, and Morrow, because Plaintiff did not timely appeal the dismissal. (*Dydzak I*, Dkt. No. 107.) The denials of those motions to disqualify were summarily affirmed. *Id.*

ORDER
PAGE - 8

1   responses as an opportunity to continue making allegations regarding the same overarching

2   conspiracy that has been the subject of his series of lawsuits. Nothing in Plaintiff's responses

3   warrants a finding that there was a basis in fact or law for Plaintiff to continue bringing such

4   claims, especially in light of the prior dismissals. The Court also notes that Mr. Dydzak

5   mischaracterizes the procedural history of his litigation in the Central District of California. To

6   cite a few examples, he argues that in his second lawsuit, Judge Anderson discharged an order to

7   show cause, thereby "showing there was merit to the lawsuit." (Dkt. No. 32, at 9.) As noted

8   above, however, Judge Anderson dismissed the claims at issue (against the federal judge

9   defendants) *with prejudice* after Plaintiff, in response to the Court's order to show cause as to

10  why those claims should not be dismissed based on judicial immunity, voluntarily dismissed

11  those defendants. (*See Dydzak II*, Dkt. No. 9.) As another example, Plaintiff describes the appeal

12  of his third lawsuit by stating that "[t]he Ninth Circuit did not hear the matter, because

13  DYDZAK has learnt that it never grants appeals in pro se civil rights cases." (Dkt. No. 32, at 9-

14  10.) The Ninth Circuit, however, noted that the appeal was frivolous, issued an order to show

15  cause to which Mr. Dydzak responded, and summarily affirmed the district court on the grounds

16  of collateral estoppel, judicial immunity, and the Eleventh Amendment. (*See Dydzak III*, Dkt.

17  Nos. 40, 44.) Such mischaracterizations exemplify Mr. Dydzak's disregard for the prior rulings

18  of this Court and the Ninth Circuit as he blindly presses forward with his litigation efforts.

19       Having considered Mr. Dydzak's filings in each of his prior cases and in the instant

20  matter, the Court finds that Plaintiff is not just litigious. Rather, Plaintiff's repeated attempts to

21  bring the same or similar claims against the same or similar defendants, and his continued

22  motions to disqualify, as described above, lead this Court to find that Mr. Dydzak's conduct has

23  become abusive and that his claims are frivolous.

24  **D. Narrowly Tailored Order**

25       The final factor under *De Long* requires that the pre-filing order must be "narrowly

26  tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. In *Molski*, the

ORDER
PAGE - 9

1   Ninth Circuit held that the pre-filing order at issue was narrowly tailored where, rather than

2   barring the vexatious litigant from filing *any* claims, it instead required the litigant to seek

3   authorization before filing the same types of claims that had been filed vexatiously. 500 F.3d at

4   106. In light of Mr. Dydzak's conduct, the Court finds that the imposition of a pre-filing bar,

5   subject to the conditions stated below, is appropriately limited to Plaintiff's wrongful behavior in

6   accordance with *Molski* and *De Long*.

7   **II.       CONCLUSION**

8           For the foregoing reasons, it is hereby ORDERED that:

9           (1) Plaintiff is declared a vexatious litigant under C.D. Cal. Local Rule 83-8.2 and this

10              Court's inherent authority;

11          (2) Plaintiff is PROHIBITED from initiating any further litigation in this or any other

12              federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on

13              his disbarment without the prior authorization from the presiding judge of the U.S.

14              District Court for the Central District of California; and

15          (3) Plaintiff is REQUIRED to provide security in the amount of $5,000 for each

16              defendant against whom he seeks to proceed with Court authorization in the future.

17          Should Mr. Dydzak wish to file a complaint, he must submit a copy of his proposed

18   complaint, a letter requesting that the complaint be filed, and a copy of this Order, to the Clerk of

19   this Court. The Clerk shall then forward the letter, the complaint, and a copy of this Order to the

20   presiding Judge for a determination whether the complaint should be accepted for filing.

21   //

22   //

23   //

24   //

25   //

26   //

ORDER
PAGE - 10

SER 626

1     DATED this 25th day of September 2012.

2

3

4

5

6

7

John C. Coughenour
UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 11

SER 627

Eric M. George
Ronald M. George
Alan I. Rothenberg
c/o 2121 Avenue of the Stars, Suite 3000
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697
E-Mail: egeorge@egcfirm.com

Defendants *in propria persona*
Eric M. George, Ronald M. George, and Alan I.
Rothenberg

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TANI CANTIL-SAKAUYE, et al.,<br><br>　　　　Defendant. | Case No. 2:22-cv-01008-APG-VCF<br><br>The Hon. Andrew P. Gordon<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE, AND ALAN I. ROTHENBERG'S MOTION TO DISMISS COMPLAINT**<br><br>Trial Date:  None Set |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg hereby request that the Court take judicial notice of the following documents in support of its concurrently filed Motion to Dismiss Plaintiff's Complaint:

1.      Opinion on Review and Order In the Matter of Daniel David Dydzak dated December 3, 2009, Review Department of the State Bar Court, Nos. 04-O-14383; 06-O-10960.  A true and correct copy is attached as **Exhibit A** to the Declaration of Eric M. George.

2.      Order dated September 25, 2012, *Dydzak v. Cantil-Sakauye*, C.D. Cal. Case No. C11-5560-JCC, Dkt. No. 35.  A true and correct copy is attached as **Exhibit B** to the Declaration of Eric M. George.

3.      Prefiling Order—Vexatious Litigant dated April 5, 2013, *Dydzak v. Dunn*, Cal. Super. Ct. Case No. 30-2012-00558031.  A true and correct copy is attached as **Exhibit C** to the Declaration of Eric M. George.

4.      Complaint, *Dydzak v. George*, Case No. 10-cv-05820-SVW, Dkt. No. 1 (C.D. Cal. Aug. 5, 2010).  A true and correct copy is attached as **Exhibit D** to the Declaration of Eric M. George.

5.      California Supreme Court docket, Case No. S179850, entry dated September 11, 2019.  A true and correct copy is attached as **Exhibit E** to the Declaration of Eric M. George.

A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  Fed. R. Evid. 201(c)(2).   Pursuant to Federal Rule of Evidence 201(b), courts may take judicial notice of adjudicative facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  (Fed. R. Evid. 201(b)(2).)

"Courts may take judicial notice of some public records, including the 'records and reports of administrative bodies.'"  *United States v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (quoting *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)).  Courts may also take judicial notice of "court filings and other matters of public record."  *Reyn's Pasta Bella, LLC*

1   *v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006) (citing *Burbank-Glendale-Pasadena*

2   *Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)).  Documents are properly

3   subject to judicial notice when they are readily verifiable.  *Reyn's Pasta Bella*, 442 F.3d at 746 n.6

4   (taking judicial notice of documents filed in a separate litigation in another court even though the

5   documents were filed under seal).

6        Here, Defendants request that the Court take judicial notice of an order issued by the

7   California State Bar Court, a court order in a federal California case, a court order in a California

8   state court case, a complaint in a federal California case, and a copy of the official docket of a

9   California Supreme Court case.  All of these documents are matters of public record: one is a

10  record from an administrative body, the State Bar Court of California, and the others are copies of

11  court files, which are readily verifiable.  Additionally, the documents are being presented to this

12  Court in support of undisputed facts recited in Defendants' Motion.  Therefore, it is proper for this

13  court to take judicial notice of Exhibits A-E in adjudicating Defendants' Motion to Dismiss.

14       Based on the foregoing, Defendants Eric M. George, Ronald M. George, and Alan I.

15  Rothenberg respectfully request that this Court take judicial notice of the documents attached as

16  Exhibits A-E to the Declaration of Eric M. George.

17

18  Date: July 1, 2022

19                                          Respectfully submitted,

20

21

22       By   _____

23            Eric M. George, *in propria persona*
             c/o 2121 Avenue of the Stars, Suite 3000
24            Los Angeles, California 90067
             Tel. (310) 274-7100

25

26

27

28

1    Date: July 1, 2022

2

3

4                                    By      /s/ Alan I. Rothenberg

5                                            Alan I. Rothenberg, *in propria persona*
                                             c/o 2121 Avenue of the Stars, Suite 3000
6                                            Los Angeles, California 90067
                                             Tel. (310) 274-7100
7

8    Date: July 1, 2022

9

10

11                                   By

12                                           Ronald M. George, *in propria persona*
                                             c/o 2121 Avenue of the Stars, Suite 3000
13                                           Los Angeles, California 90067
                                             Tel. (310) 274-7100
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Eric M. George
   Ronald M. George
2  Alan I. Rothenberg
   c/o 2121 Avenue of the Stars, Suite 3000
3  Los Angeles, California 90067
   Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697
   E-Mail: egeorge@egcfirm.com
5
   Defendants *in propria persona*
6  Eric M. George, Ronald M. George, and Alan I.
   Rothenberg
7

8                    UNITED STATES DISTRICT COURT

9                        DISTRICT OF NEVADA

10

11
   DANIEL DAVID DYDZAK,                  Case No. 2:22-cv-01008-APG-VCF
12
            Plaintiff,                   The Hon. Andrew P. Gordon
13
       vs.                               **DEFENDANTS ERIC GEORGE,**
14                                       **RONALD M. GEORGE, AND ALAN I.**
   TANI CANTIL-SAKAUYE, et al.,          **ROTHENBERG'S NOTICE OF MOTION**
15                                       **AND MOTION TO DISMISS**
            Defendant.                   **COMPLAINT**
16
                                         Trial Date:  None Set
17

18

19

20

21

22

23

24

25

26

27

28

1    Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg hereby move for

2 the dismissal of the Complaint filed by Plaintiff Daniel David Dydzak on the basis of lack of

3 personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

4    This Motion is based upon the following Memorandum of Points and Authorities; all

5 pleadings and papers on file in this action; the declarations of Eric George, Ronald George, and

6 Alan Rothenberg; the request for judicial notice and its attached exhibits; and such other matters

7 as may be presented to the court at the time of the hearing, including oral argument.

8

9

10 Date: July 1, 2022

11                              Respectfully submitted,

12

13

14    By    _____

15          Eric M. George, *in propria persona*
          c/o 2121 Avenue of the Stars, Suite 3000
          Los Angeles, California 90067
16          Tel. (310) 274-7100

17

18 Date: July 1, 2022

19

20

21    By    */s/ Alan I. Rothenberg*
          _____

22          Alan I. Rothenberg, *in propria persona*
          c/o 2121 Avenue of the Stars, Suite 3000
          Los Angeles, California 90067
23          Tel. (310) 274-7100

24

25

26

27

28

-2-

1    Date: July 1, 2022

2

3

4                                    By    _____

5                                          Ronald M. George, *in propria persona*
                                           c/o 2121 Avenue of the Stars, Suite 3000
6                                          Los Angeles, California 90067
                                           Tel. (310) 274-7100

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This lawsuit is the latest iteration of a decade-long effort by Plaintiff, a former attorney, to challenge his disbarment in the State of California.  This newest Complaint is once again brought against a host of current and former judges in California's state and federal courts, as well as several California attorneys.  The main difference between this Complaint and Plaintiff's previous unsuccessful efforts to overturn his disbarment is that Plaintiff brings this action in the State of Nevada rather than in California.[1]  As is clear from the few facts alleged in Plaintiff's Complaint, the conduct forming the basis for his claims took place wholly within California: Plaintiff alleges that defendants engaged in various forms of malfeasance related to his disbarment proceedings in California Supreme Court Case No. S179850.  Furthermore, Plaintiff and almost all of the defendants reside or operate in California; only one of the 26 defendants named is alleged to reside in Nevada.[2]

Plaintiff brings this suit in Nevada—based on a single, attenuated connection one of the defendants allegedly has to the State of Nevada—because he is prohibited from making any further attempts to litigate this matter in California.  Plaintiff's ongoing efforts to re-litigate his disbarment, and his conduct throughout the many proceedings, resulted in his being declared a vexatious litigant by both California state and federal courts.  Thus, it appears that the instant lawsuit is Plaintiff's attempt to circumvent the orders of the California courts by re-litigating his disbarment in a different forum.

---

[1] Plaintiff's Complaint was initially filed in the Eighth Judicial District Court of the State of Nevada.  The case was then removed to this United States District Court for the District of Nevada on July 24, 2022.

[2] Two of the defendants, Chief Justice of the California Supreme Court Tani Cantil-Sakauye and Clerk of the California Supreme Court Jorge Navarrete, were dismissed from this case on June 3, 2022.  (*See* Eighth Judicial District Court Order Granting Defs.' Mot. to Dismiss dated June 3, 2022, Dkt. No. 11).  The dismissal was based, in part, on a lack of personal jurisdiction given that they are California residents and that Plaintiff failed to allege any other connection between these defendants and the State of Nevada.  (*Id*. at 7-9.)  A Notice of Appeal of the Order granting their dismissal was filed on June 8, 2022 (Dkt. No. 13.)

SER 635

1    It is clear that this Court lacks jurisdiction over Defendants Eric M. George, Ronald M.

2    George, and Alan I. Rothenberg.  Accordingly, Defendants move under Federal Rule of Civil

3    Procedure 12(b)(2) to dismiss Plaintiff's Complaint.

4    **II.    STATEMENT OF FACTS**

5         **A.    THE PARTIES**

6         Plaintiff is a former California attorney who was disbarred in 2008.  (*See* Request For

7    Judicial Notice (RJN), Exhibit A, Opinion on Review and Order In the Matter of Daniel David

8    Dydzak dated December 3, 2009, Review Department of the State Bar Court, Nos. 04-O-14383;

9    06-O-10960.)  In the ensuing years Plaintiff filed four lawsuits in federal court contesting his

10   disbarment.  (RJN, Exhibit B, Order dated September 25, 2012, *Dydzak v. Cantil-Sakauye*, C.D.

11   Cal. Case No. C11-5560-JCC, Dkt. No. 35 at 3-7.)  Despite having his claims repeatedly

12   dismissed with prejudice, Plaintiff continued to refile his claims against many of the same

13   defendants, including numerous federal judges and all of the justices of the California Supreme

14   Court.  (*Id*. at 5.)  The United States District Court for the Central District of California eventually

15   determined that Plaintiff had "abused [the] Court's process by filing multiple meritless lawsuits

16   based on the same claims and consistently filing motions to disqualify any judge who rules against

17   him (as well as countless other judges with whom Plaintiff has had little or no interaction)."  (*Id*.

18   at 7.)  The court declared Plaintiff a vexatious litigant, prohibiting him from filing in federal court

19   any complaint alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens v. Six Unnamed*

20   *Agents*, 403 U.S. 388 (1971) related to his disbarment without prior authorization from the

21   presiding judge.  (*Id*. at 10.)

22        The following year, Plaintiff was similarly declared a vexatious litigant by order of the

23   California Superior Court.  (RJN, Exhibit C, Prefiling Order—Vexatious Litigant, *Dydzak v.*

24   *Dunn*, Cal. Super. Ct. Case No. 30-2012-00558031, at 1.)  The California court prohibited Plaintiff

25   "from filing any new litigation in the courts of California without approval of the presiding judge

26   of the court in which the action is to be filed."  (*Id*.)

27        Defendants in this action are current and former judges in California state and district

28   courts and the United States Court of Appeals for the Ninth Circuit, current and former attorneys,

SER 636

and a bank and its holding company.  (Compl. ¶¶ 2-25).  Defendant Eric M. George is an attorney at a Los Angeles-based law firm; Defendant Ronald M. George is a former Chief Justice of the California Supreme Court; and Defendant Alan I. Rothenberg is an attorney and Chairman of Defendant 1st Century Bank (collectively "Attorney Defendants").

   **B.   PLAINTIFF'S ALLEGATIONS**

      **1.   Conspiracy Allegations**

      The third cause of action in Plaintiff's Complaint is the only claim brought as to the Attorney Defendants.  Plaintiff alleges that they engaged in a conspiracy to unlawfully interfere with the processes of the court, stating that the Attorney Defendants had "improper, unethical and illegal ex parte, extra-judicial communications and contacts" with the Honorable Tani G. Cantil-Sakauye, current Chief Justice of the California Supreme Court, and Jorge Navarrete, the Clerk/Executive Officer of the California Supreme Court—both of whom were also defendants in this action.  (Compl. ¶¶ 39-40.)  Plaintiff contends that these contacts were intended to affect the outcome of his disbarment challenge, as part of a conspiracy to obstruct justice.  (*Id*. ¶ 39.) Plaintiff claims that he suffered damages as a result of Defendants' alleged actions, and that because the acts "were also done with malice, fraud and oppression" he is entitled to an award of punitive damages against each Defendant in the amount of $10,000,000 jointly and severally. (*Id.* ¶ 40.)

      **2.   Jurisdictional Allegations**

      In his Complaint, Plaintiff states that he resides in the County of Los Angeles, California. (Compl. ¶ 1.)  He alleges that Defendant Eric M. George is a resident of the County of Los Angeles, California (*id*. ¶ 12), that Defendant Ronald M. George is a resident of the County of San Francisco, California (*id*. ¶ 11), and that Defendant Alan I. Rothenberg is a resident of the County of Los Angeles, California (*id*. ¶ 13).

      Plaintiff's only mention of the State of Nevada in his Complaint is his allegation that Defendant and Ninth Circuit Judge Johnnie B. Rawlinson resides in the City of Las Vegas, "State of California [sic]." (*Id*. ¶ 7.)  There are no allegations that any activity that forms the basis for the lawsuit took place in Nevada, nor that Defendants Eric M. George, Ronald M. George, or Alan I.

SER 637

1    Rothenberg reside in Nevada or have any connection at all with the state.

2         Plaintiff filed this action on February 3, 2022, in Nevada state court.  On June 22, 2022,

3    the Attorney Defendants filed a Motion to Dismiss Plaintiff's Complaint in that court.  On June

4    24, 2022, several defendants removed the case to this Court based on the federal officer removal

5    statute, 28 U.S.C. § 1442.  The Attorney Defendants' Motion in the state court was subsequently

6    denied without prejudice upon removal.  *See* Minute Order at 2, ECF No. 3.  Thus, the Attorney

7    Defendants hereby refile their Motion in federal court in accordance with Local Rule 81-1 and this

8    Court's Minute Order dated June 27, 2022.

9    **IV.    LEGAL STANDARDS**

10        Pursuant to Federal Rule of Civil Procedure 12(b)(2), a motion to dismiss should be

11   granted where the Court lacks personal jurisdiction over the defendant.  A court's personal

12   jurisdiction over a defendant, its power to "rend[er] a judgment personally binding him," is based

13   on its "de facto power over the defendant's person." " *Int'l Shoe Co. v. State of Wash.*, 326 U.S.

14   310, 316 (1945).  This power comes either from a defendant's presence within the territory of the

15   forum or certain minimum contacts he has with it.  *Id.*  (internal citations omitted).  Absent such

16   "contacts, ties, or relations" to a state, the Due Process Clause does not permit the courts of that

17   state to issue a binding judgment against a defendant.  *Perkins v. Benguet Consol. Min. Co.*, 342

18   U.S. 437, 447 (1952).

19        "In opposing a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff

20   bears the burden of establishing that jurisdiction is proper."  *Mavrix Photo, Inc. v. Brand*

21   *Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  Where the motion is based on written

22   materials rather than an evidentiary hearing, the plaintiff must make at least a prima facie showing

23   of jurisdictional facts.  *Id.*  The court "may not assume the truth of allegations in a pleading which

24   are contradicted by affidavit."  *Id.*

25   **V.    ARGUMENT**

26        **A.    Plaintiff is a Vexatious Litigant Seeking a New Forum to Re-open His Claims**

27        A passing glace at even the caption of Plaintiff's Complaint reveals that this is nothing

28   more than a frivolous lawsuit intended to harass prominent lawyers and judges in California.  The

**SER 638**

1  defendants include the current and former Chief Justices of the California Supreme Court, ten

2  current and senior judges of the United States Court of Appeals for the Ninth Circuit, an Associate

3  Justice of the California Court of Appeal, and former judges of the United States District Court for

4  the Northern and Central Districts of California.

5         Plaintiff has brought lawsuits against swaths of the legal community over the last ten years,

6  alleging that judges, investigators, lawyers, and clerks were variously involved in a conspiracy

7  surrounding his disbarment.  Indeed, Plaintiff has named Defendant Ronald M. George in multiple

8  other lawsuits involving allegations related to his disbarment.  *See* RJN, Ex. D, Complaint, *Dydzak*

9  *v. George*, Case No. 10-cv-05820-SVW, ECF No. 1 (C.D. Cal. Aug. 5, 2010); *Dydzak v.*

10 *Alexander*, Case No. 2:16-cv-02915-ODW, 2016 WL 3094753 (C.D. Cal. June 1, 2016);[3] *Dydzak*

11 *v. Schwab*, Case No. 16-cv-04799-YGR, 2016 WL 10647201 (N.D. Cal. Nov. 30, 2016); *Dydzak*

12 *v. United States*, Case No. 17-cv-04360-EMC, 2017 WL 4922450 (N.D. Cal. Oct. 31, 2017).  In

13 the most recent of the aforementioned lawsuits, Plaintiff accused Defendants Eric M. George,

14 Ronald M. George, and Alan I. Rothenberg of unlawfully intercepting his telephonic

15 communications and improperly paying to influence local judges and attorneys against him.

16 These claims were disposed of with prejudice.  *Dydzak v. United States*, 2017 WL 4922450, at *9-

17 12.  Despite this disposition, Plaintiff brings the instant lawsuit against these same three

18 defendants, once again alleging they engaged in "improper," "illegal" *ex parte* and extrajudicial

19 communications as part of a conspiracy against him.  (Compl. ¶ 39.)

20        As a result of his prior frivolous and harassing filings relating to his disbarment, Plaintiff

21 has been deemed a vexatious litigant in the California courts.  He is prohibited from filing in the

22 Central District of California any complaint alleging deprivation of rights under 42 U.S.C. § 1983

23 or *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971) as it relates to his disbarment without prior

24 authorization from the presiding judge.  (RJN, Ex. B at 10.)  This restriction was imposed on

25 Plaintiff after he filed four federal lawsuits "replete with frivolous allegations, motions, and

26

27 _____

[3] Defendants are referenced in the *Dydzak v. Alexander* case, although they are not formally

28 named as defendants in that complaint.

SER 639

1  appeals" and which named as defendants "virtually every sitting judge in the Central District of

2  California." *Dydzak v. Alexander*, 2016 WL 3094753, at *2 n. 3.

3      Plaintiff is also prohibited from filing "any new litigation in the courts of California

4  without approval of the presiding judge of the court in which the action is to be filed." (RJN,

5  Exhibit C, at 1.)  The California Supreme Court has underscored this decision by confirming that

6  it will "no longer consider challenges to [Plaintiff's] disbarment." (RJN, Exhibit E, California

7  Supreme Court docket, Case No. S179850, entry dated September 11, 2019.)

8      Thus, it is clear that Plaintiff long ago exhausted his opportunities to challenge his

9  disbarment, has repeatedly attempted to relitigate that challenge in California, and now, having

10  been barred from doing so, is looking to start again in Nevada.

11      **B.    Personal Jurisdiction Does Not Exist as to Any Defendant**

12      Plaintiff cannot establish personal jurisdiction over Defendants Eric M. George, Ronald M.

13  George, or Alan I. Rothenberg.  "Federal courts ordinarily follow state law in determining the

14  bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

15  Personal jurisdiction over a defendant in federal court is considered proper "if it is permitted by a

16  long-arm statute and if the exercise of that jurisdiction does not violate federal due process."

17  *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154-55 (9th Cir. 2006).  Under Nevada's long-arm

18  statute, its courts may exercise personal jurisdiction over out-of-state defendants if consistent with

19  "the Constitution of the United States." (Nev. Rev. Stat. § 14.065.)  Thus, in order to determine

20  whether Nevada may exercise jurisdiction over the Attorney Defendants, the court must determine

21  whether the exercise of such jurisdiction "comports with the limits imposed by federal due

22  process" on the State of Nevada.  *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (quoting *Daimler*,

23  571 U.S. at 125).  Due process requires, if a Defendant is outside the forum state, that "he have

24  certain minimum contacts with [the forum state] such that the maintenance of the suit does not

25  offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co.*, 326 U.S. at 316

26  (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

27      In determining whether exercising personal jurisdiction over a defendant offends due

28  process, courts examine whether general or specific jurisdiction exists under the circumstances.

**SER 640**

1  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984).  Here, neither is

2  applicable because Plaintiff has not and cannot show that Defendants reside in Nevada or have

3  sufficient (or any) contacts there, nor that any of the activity forming the basis of his claims took

4  place in Nevada.  Therefore, Plaintiff's Complaint should be dismissed as to Defendants Eric M.

5  George, Ronald M. George, and Alan I. Rothenberg for want of personal jurisdiction.

6           **i.**       **General Jurisdiction Over Defendants is Improper in this Court**

7          In order for this Court to exercise general personal jurisdiction over a defendant, the

8  defendant must be domiciled in Nevada.  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564

9  U.S. 915, 924 (2011).  If a defendant is not domiciled in Nevada, general personal jurisdiction

10  may also be appropriate where a defendant's contacts with the forum are so "continuous and

11  systematic" that the exercise of jurisdiction over him could be considered "reasonable and just."

12  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984) (citing *Perkins v.*

13  *Benguet Consol. Mining Co.*, 342 U.S. 437, 438, 445 (1952)).  "To determine whether a

14  nonresident defendant's contacts are sufficiently substantial, continuous, and systematic, [the

15  Ninth Circuit] consider[s] their '[l]ongevity, continuity, volume, economic impact, physical

16  presence, and integration into the state's regulatory or economic markets.'"  *CollegeSource, Inc. v.*

17  *AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011) (quoting *Tuazon v. R.J. Reynolds Tobacco*

18  *Co.*, 433 F.3d 1163, 1172 (9th Cir. 2006)).  "The standard for general jurisdiction 'is an exacting

19  standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled

20  into court in the forum state to answer for any of its activities anywhere in the world.'"

21  *CollegeSource*, 653 F.3d at 1074 (internal citations omitted).

22          There is no evidence or even any allegations to support general jurisdiction in Nevada.

23  The Attorney Defendants all reside in California, have never resided in Nevada, and conduct no

24  substantial business at all in Nevada.  (*See* Declaration of Eric M. George in Support of

25  Defendants' Motion to Dismiss Complaint ("E. George Decl.") ¶ 2; Declaration of Ronald M.

26  George in Support of Defendants' Motion to Dismiss Complaint ("R. George Decl.") ¶ 2;

27  Declaration of Alan I. Rothenberg in Support of Defendants' Motion to Dismiss Complaint

28  ("Rothenberg Decl.") ¶ 2, all filed concurrently herewith.)  Plaintiff's Complaint likewise

-10-

**SER 641**

1   confirms that general jurisdiction does not exist.  Plaintiff himself alleges that Eric M. George,

2   Ronald M. George, and Alan I. Rothenberg are residents of the State of California.  (Compl. at ¶¶

3   11-13).  The Complaint makes no mention of these defendants residing in Nevada or having any

4   other contact in Nevada, let alone "substantial" or "continuous and systematic" contacts.

5   Additionally, the alleged conduct that forms the basis of Plaintiff's claims against Defendants took

6   place in California; his allegations concern a California Supreme Court decision affirming the

7   California State Bar's decision to withdraw Plaintiff's license to practice law in California.

8   (Compl. at ¶ 39.)  The only alleged connection that any defendant or this lawsuit has with the State

9   of Nevada is Plaintiff's assertion that another of the defendants, Judge Johnnie Rawlinson, resides

10  there.  (Compl. ¶ 7.)  This single allegation is insufficient to establish personal jurisdiction over

11  Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg.  Thus, general personal

12  jurisdiction over these Defendants has not been established and dismissal is proper under Federal

13  Rule of Civil Procedure 12(b)(2).

14              **ii.       Specific Jurisdiction Over Defendants is Also Improper in this Court**

15          Plaintiff likewise cannot establish specific jurisdiction over any of the Defendants.

16  Specific jurisdiction is appropriate where, although "the defendant's activities are not so pervasive

17  as to subject him to general jurisdiction . . . the nature and quality of the defendant's contacts [with

18  the forum state] in relation to the cause of action" make the court's exercise of jurisdiction fair.

19  *Data Disc, Inc.v. Sys. Tech. Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

20          The test for whether personal jurisdiction is proper over an out-of-state defendant based

21  upon his contacts with the forum state is as follows:

22              (1) [t]he nonresident defendant must do some act or consummate some
              transaction with the forum or perform some act by which he purposefully
23              avails himself of the privilege of conducting activities in the forum, thereby
              invoking the benefits and protections of its laws. (2) the claim must be one
24              which arises out of or results from the defendant's forum-related activities.
              (3) Exercise of jurisdiction must be reasonable.
25

26
    *Data Disc*, 557 F.2d at 1287 (citing *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 789
27
    (9th Cir. 1977)).  "If any of the three requirements is not satisfied, jurisdiction in the forum would
28

SER 642

1    deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d

2    267, 270 (9th Cir. 1995).

3           There are likewise no facts or evidence to establish specific jurisdiction for any of the

4    Attorney Defendants.  First, there is no evidence or even any allegations of any of them

5    purposefully availing themselves of the forum state; in fact, Plaintiff's complaint makes no

6    mention of any activity by any of these defendants that is associated with the State of Nevada at

7    all.  (Compl. ¶¶ 38-40; E. George Decl. ¶ 2; R. George Decl. ¶ 2; Rothenberg Decl. ¶ 2.)  Second,

8    the cause of action (conspiracy to unlawfully interfere with the processes of the court) did not arise

9    from the Attorney Defendants' activities in Nevada.  Rather, it arose from their alleged activity

10   surrounding a California Supreme Court case, which itself concerned a California State Bar

11   decision recommending the withdrawal Plaintiff's license to practice law in California.  The

12   communications that make up the alleged conspiracy are between California-based Defendants

13   and the Chief Justice and Clerk of the California Supreme Court.  Plaintiff makes no other

14   allegations that this cause of action arose from any activities in the forum state.  Finally, because

15   there exist no allegations of activities in the forum state, and Plaintiff's claim does not arise from

16   forum-related activities, it follows that the exercise of jurisdiction over the Attorney Defendants in

17   Nevada would not be reasonable.

18          Thus, Plaintiff has clearly failed to meet any element of the test for specific jurisdiction.  It

19   remains that the only allegation in his Complaint related to the State of Nevada is that Judge

20   Rawlinson resides there.  But as the U.S. Supreme Court has made clear, "considering the

21   'defending parties' together and aggregating their forum contacts in determining whether [a court]

22   had jurisdiction" is "plainly unconstitutional" because the requirements of *International Shoe* must

23   be met as to each defendant.  *Rush v. Savchuk*, 444 U.S. 320, 331-32 (1980) (holding that

24   Minnesota could not exercise jurisdiction over a defendant who had no ties to the state merely

25   because the insurer responsible for defending him did business in that state).  To that end, the

26   Nevada state court has already determined that Judge Rawlinson's alleged connection to Nevada

27   does not itself establish personal jurisdiction over the other defendants in this matter.  (*See* Eighth

28   Judicial District Court of Nevada Order Granting Defendants Chief Justice Cantil-Sakauye and

1  Jorge Navarrete's Motion to Dismiss dated June 2, 2022 at 8-9, ECF No. 1-3.)  Accordingly, there

2  is no basis for specific jurisdiction over Defendants Eric M. George, Ronald M. George, and Alan

3  I. Rothenberg and the claims against them should be dismissed.

4  **VI.**     **CONCLUSION**

5          It is clear based on the content of Plaintiff's Complaint, and his status as a vexatious

6  litigant in California courts, that Plaintiff is merely seeking another forum in which to continue

7  bringing frivolous and harassing claims regarding his disbarment.  Plaintiff has failed to meet his

8  burden of making a prima facie showing that this Court can exercise personal jurisdiction over

9  Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg.  Therefore, in

10  accordance with the foregoing, Defendants respectfully request that the Court dismiss them from

11  the action due to want of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

12

13  Date: July 1, 2022

                                        Respectfully submitted,

14

15

16                                  By  _____

17                                      Eric M. George, *in propria persona*
                                        c/o 2121 Avenue of the Stars, Suite 3000
18                                      Los Angeles, California 90067
                                        Tel. (310) 274-7100
19

20  Date: July 1, 2022

21

22                                  By    */s/ Alan I. Rothenberg*
23                                      Alan I. Rothenberg, *in propria persona*
                                        c/o 2121 Avenue of the Stars, Suite 3000
24                                      Los Angeles, California 90067
                                        Tel. (310) 274-7100
25

26

27

28

                                        -13-

                                                                        **SER 644**

1   Date: July 1, 2022

2

3

4   By _____

5   Ronald M. George, *in propria persona*
    c/o 2121 Avenue of the Stars, Suite 3000

6   Los Angeles, California 90067
    Tel. (310) 274-7100

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Eric M. George
   Ronald M. George
2  Alan I. Rothenberg
   c/o 2121 Avenue of the Stars, Suite 3000
3  Los Angeles, California 90067
   Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697
   E-Mail: egeorge@egcfirm.com
5
   Defendants *in propria persona*
6  Eric M. George, Ronald M. George, and Alan I.
   Rothenberg
7

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10

11
   DANIEL DAVID DYDZAK,                 | Case No. 2:22-cv-01008-APG-VCF
12
              Plaintiff,                | The Hon. Andrew P. Gordon
13
         vs.                            | **DECLARATION OF ERIC M. GEORGE
14                                      | IN SUPPORT OF DEFENDANTS ERIC M.
   TANI CANTIL-SAKAUYE, et al.,         | GEORGE, RONALD M. GEORGE, AND
15                                      | ALAN I ROTHENBERG'S MOTION TO
              Defendant.                | DISMISS COMPLAINT**
16
                                        | Trial Date:  None Set
17

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF ERIC M. GEORGE

2        I, Eric M. George, declare and state as follows:

3        1.       I am an attorney at law admitted to practice in the State of California.  I am

4   representing myself *in propria persona* in this action.  I have firsthand, personal knowledge of the

5   facts set forth below and if called as a witness could competently testify thereto.

6        2.       I reside in the County of Los Angeles, California.  I do not maintain a residence in

7   the State of Nevada, and I have never lived in the State of Nevada.  I am not, nor have I ever been,

8   licensed to practice law in the State of Nevada.  I do not conduct any substantial business in the

9   State of Nevada.  I did not have substantial contact with the State of Nevada at the time of

10  Plaintiff's disbarment, nor have I had such contacts in the intervening years since.  I am unaware

11  of any relationship between the State of Nevada and the facts underlying this lawsuit (with the

12  exception that one of the defendant-judges named in this lawsuit allegedly resides in Nevada).

13  This lawsuit does not arise from any conduct or contact, personal or professional, that I have ever

14  had with the State of Nevada.

15       3.       Attached hereto as **Exhi  it A** is a true and correct copy of the Opinion on Review

16  and Order In the Matter of Daniel David Dydzak dated December 3, 2009, Review Department of

17  the State Bar Court, Nos. 04-O-14383; 06-O-10960.

18       4.       Attached hereto as **Exhi  it B** is a true and correct copy of the Order dated

19  September 25, 2012 in the matter of *Dydzak v. Cantil-Sakauye*, C.D. Cal. Case No. C11-5560-

20  JCC, Dkt. No. 35.

21       5.       Attached hereto as **Exhi  it C** is a true and correct copy of the Prefiling Order—

22  Vexatious Litigant dated April 5, 2013 in the matter of *Dydzak v. Dunn*, Cal. Super. Ct. Case No.

23  30-2012-00558031.

24       6.       Attached hereto as **Exhi  it D** is a true and correct copy of the Complaint in the

25  matter of *Dydzak v. George*, Case No. 10-cv-05820-SVW, Dkt. No. 1 (C.D. Cal. Aug. 5, 2010).

26  / / /

27  / / /

28  / / /

1   7.     Attached hereto as **Exhibit E** is a true and correct copy of the docket for California

2   Supreme Court Case No. S179850.

3   Executed this 1st day of July 2022, at Los Angeles, California.

4   I declare under penalty of perjury under the laws of the United States of America that the

5   foregoing is true and correct.

6

7   _____

8   Eric M. George

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

Opinion on Review and Order In the Matter of Daniel David Dydzak dated December 3, 2009, Review Department of the State Bar Court, Nos. 04-O-14383; 06-O-10960

**PUBLIC MATTER – NOT DESIGNATED FOR PUBLICATION**

**Filed December 3, 2009**

**REVIEW DEPARTMENT OF THE STATE BAR COURT**

| | | |
|---|---|---|
| In the Matter of | ) | Nos**. 04-O-14383; 06-O-10960** |
| | ) | |
| **DANIEL DAVID DYDZAK,** | ) | **OPINION ON REVIEW** |
| | ) | **AND ORDER** |
| A Member of the State Bar. | ) | |
| | ) | |

BY THE COURT:[1]

This is Daniel David Dydzak's fifth disciplinary proceeding in less than 10 years.  In 1998, he was suspended for 30 days for wide-ranging misconduct in five client matters, including failure to:  promptly pay client funds, maintain client trust account funds, communicate with a client, return client files, return unearned fees, and cooperate with the State Bar investigation.  He received a private reproval in 2002 when he neglected to report $3,500 in sanctions for filing a frivolous appeal.  Also in 2002, Dydzak was publicly reproved for failure to show respect for the court by making a scurrilous remark about a judge while leaving the courtroom.  In 2004, he received a one-year stayed suspension and two years' probation for engaging in the unauthorized practice of law (UPL) while on suspension from his first discipline.

In this proceeding, the hearing judge recommended disbarment after finding Dydzak culpable of serious professional misconduct in four separate matters.  Dydzak is appealing, asserting a plethora of procedural, substantive and constitutional issues.[2]

---

[1] Before Remke, P. J., Epstein, J. and Purcell, J.

[2] Dydzak filed no less than 21 pleadings in the Hearing Department, the Review Department and the Supreme Court, all of which were denied.  Those pleadings raised the same

Dydzak's latest misconduct reflects a lack of understanding of his professional responsibilities, even after prior disciplines should have motivated him to reflect upon, and conform to, the ethical parameters of the legal profession.  Upon our de novo review (*In re Morse* (1995) 11 Cal.4th 184, 207), we find clear and convincing evidence supporting the hearing judge's culpability findings, as well as additional culpability and aggravation.  We conclude that Dydzak should be disbarred because additional discipline will not adequately protect the public.

## I.  PROCEDURAL HISTORY

Dydzak was admitted to the practice of law in California on December 17, 1985, and he has been a member of the State Bar of California since then.  On August 11, 2006, the Office of the Chief Trial Counsel of the State Bar of California (State Bar) filed a notice of disciplinary charges (NDC) in case numbers 04-O-14383, 05-O-00017 and 05-O-02000.  On December 27, 2006, it filed another NDC in case number 06-O-10960.  The matters were consolidated, and Dydzak was charged with a combined total of 11 counts of misconduct.  The case was tried on July 24-25, 2007, and submitted on October 25, 2007.  The decision was filed on August 5, 2008.[3]

---

procedural and constitutional issues that he resurrects in this plenary appeal.  Any issues not specifically addressed here have been considered and rejected as moot or without factual and/or legal basis.

[3] Rule 220(b) of the Rules of Procedure of the State Bar of California specifies that the decision should be filed within 90 days of submission, but the rule "is neither mandatory nor jurisdictional, but directory."  (*In the Matter of Petilla* (Review Dept. 2001) 4 Cal. State Bar Ct. Rptr. 231, 246.)  Nevertheless, adherence to the rule is important because it serves the dual purpose of public protection when a respondent is culpable of misconduct and prompt vindication of a respondent's professional reputation when no culpability is found.

SER 651

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A.      CASE NUMBER 04-O-14383**

**1.       LaFlamme Matter**

Thomas LaFlamme hired Dydzak to substitute as his attorney of record in a civil lawsuit that LaFlamme had filed in the Los Angeles County Superior Court.  After Dydzak presented LaFlamme's case, the court granted the defendant's motion for a non-suit as to all causes of action.  On September 23, 2003, the Superior Court judge signed and filed an order directing that judgment be entered in favor of the defendant.

On November 20, 2003, Dydzak filed a notice of appeal with an incomplete Case Information Statement (CIS) in the Court of Appeal.  On January 4, 2004, the Court of Appeal returned the CIS to Dydzak because he failed to attach a copy of the Superior Court's order, and instructed him to file a corrected CIS by February 18, 2004.  Dydzak then filed three separate applications for extensions of time.  In its order granting Dydzak's third request for additional time, the Court of Appeal again directed him to file a completed "Case Information Sheet, with the appealable order" no later than May 6, 2004.

Instead of timely filing the completed CIS as ordered by the Court of Appeal, Dydzak filed a pleading on May 13, 2004, entitled "Plaintiff's/Appellant's Notice of Abandoning Appeal Without Prejudice to Refile New Notice of Appeal Once Judgment is Entered."[4]  He then waited six more months to file a motion for entry of judgment in the Superior Court.[5]  Before Dydzak

---

[4] Dydzak claims that during the entire time he was attempting to perfect LaFlamme's appeal, he was unaware that the Superior Court had filed its order directing entry of judgment on September 23, 2003.  When asked why he did not simply go to the Superior Court to ascertain if the order had been filed or to obtain an endorsed-filed copy of the final order to attach to the CIS, he stated:  "Well, I don't believe . . . that I am required to have such a heavy burden to visit the court file."

[5] It appears that the clerk of the court did not officially enter the judgment in the records until December 8, 2004, after Dydzak filed the motion for entry of judgment.

SER 652

had time to file a second notice of appeal, LaFlamme terminated him on December 30, 2004.  At that point, the filing of LaFlamme's appeal had been delayed for more than a year.

**Count 1 – Failure to Perform Competently (Rules Prof. Conduct, rule 3-110(A))**[6]

Rule 3-110(A) provides that an attorney must "not intentionally, recklessly, or repeatedly fail to perform legal services with competence."  Despite numerous orders of the Court of Appeal requiring him to file a completed CIS "with the appealable order," Dydzak made no effort to do so within the time specified by the Court of Appeal.  His failure to perfect his client's appeal, which languished for more than a year, clearly constitutes a failure to perform with competence.

**2.    The Cofield Matter**

On November 30, 2001, Brad and Maria Cofield, husband and wife, hired Dydzak to file a lawsuit against their former business associates.  The Cofields verbally agreed to a contingency agreement and gave Dydzak $1,500 as a retainer and cost advance with the remaining costs to be deducted from any recovery.  Six months later, on May 30, 2002, Dydzak filed a complaint in the Los Angeles County Superior Court.  On November 27, 2002, he filed a first amended complaint.

A year and a half after the Cofields retained him, Dydzak sent them a letter on June 10, 2003, stating that they needed to sign a contingent fee agreement and to advance an additional $1,000 "to continue on the case, and for both of you to agree in writing that all costs incurred in the case . . . will be paid by both of you."  Dydzak concluded by stating:  "If both of you will not agree to [these two] foregoing [conditions], I respectfully request that you substitute me out of the case.  If not, I will file a motion to withdraw shortly."  The Cofields refused to sign an

---

[6]Unless otherwise indicated, all further references to rules are to these Rules of Professional Conduct of the State Bar.

agreement or pay the additional costs, stating in a letter dated August 4, 2003: "This is not the agreement we made when you took the case." Their letter also criticized Dydzak's handling of the case. Despite his previous statement, Dydzak did not file a motion to withdraw.

Dydzak failed to appear at the Cofields' final status conference on January 8, 2004, at which the Superior Court set a trial date of January 20, 2004, and issued an order to show cause (OSC) why Dydzak should not be sanctioned for his failure to appear. Dydzak had actual notice of the OSC hearing, which was scheduled for the same date as the trial. On January 20, 2004, Dydzak did not appear. The Cofields were present, however, and only then learned from the Superior Court judge that Dydzak had filed a request for dismissal on January 15, 2004. According to Dydzak, the Cofields authorized him to settle and dismiss the case in exchange for a waiver of costs. The Cofields credibly testified that they never gave Dydzak permission to settle or dismiss their lawsuit.[7] They paid subsequent counsel approximately $18,000 to vacate the dismissal of their case. Eventually, the Cofields represented themselves at trial, obtaining a partial verdict in their favor.

**Count 2 – Failure to Perform Competently (Rule 3-110(A))**

Dydzak willfully violated rule 3-110(A) by failing to appear at the final status conference, and by settling and dismissing the Cofields' case without their consent. And he did so without any assurance that the Cofields' interests were protected. Although his settlement and dismissal of the Cofields' case without their authority constitute a failure to perform with competence, as charged in Count 2, this conduct is more appropriately charged in Count 3 as

---

[7] The Cofields' testimony was corroborated by a declaration by Dydzak filed in the Superior Court in support of the motion to vacate the dismissal in which he attested, under penalty of perjury: "This case was dismissed based upon mistake, inadvertence and excusable neglect on my part due to the that that I was under the <u>mistaken</u> impression that my clients, Brad Cofield and Maria Cofield, authorized me to dismiss the case because of their unavailability and their lack of financial resources to prosecute the case through trial. In hindsight, my impression was incorrect. . . ." (Emphasis in the original.)

moral turpitude.  Accordingly, we dismiss this count with prejudice as duplicative.  (*Bates v. State Bar* (1990) 51 Cal.3d 1056, 1060 [duplicate allegations of misconduct serve little, if any, purpose in State Bar proceedings.)

**Count 3 – Moral Turpitude (Business and Professions Code Section 6106)[8]**

The hearing judge found that Dydzak willfully violated section 6106 when he settled and then dismissed the Cofields' case without their consent.  We agree.  The overreaching involved in resolving a lawsuit without the client's approval constitutes a deliberate breach of a fiduciary duty owed to the client and involves moral turpitude per se.  (*In the Matter of Kittrell* (Review Dept. 2000) 4 Cal. State Bar Ct. Rptr. 195, 208.)

**3.     The Sylver Matter**

In 2003, Dydzak represented Marshall Sylver and Sylver Enterprises, Inc. (collectively the Sylver defendants) in a lawsuit in the U. S. District Court for the Central District of California.  Dydzak filed an opposition to the plaintiff's motion to strike the Sylver defendants' pleadings on October 3, 2003, and attached a supporting declaration, attesting under penalty of perjury that he was "duly admitted to practice law before all of the Courts of the State of California."  On October 20, 2003, he appeared at the hearing on the motion to strike.  At the time Dydzak filed the pleadings and appeared at the hearing, he was suspended from the practice of law for failure to pay costs in a prior disciplinary matter.

**Count 4 – Unauthorized Practice of Law/Holding Out as Entitled to Practice (§§ 6068, subd. (a), 6125, and 6126)**

The hearing judge, citing *Benninghoff v. Superior Court* (2006) 136 Cal.App.4th 61, dismissed Count 4 because he found that Dydzak may not be disciplined based on his conduct in federal court either for UPL or for holding himself out under sections 6125 or 6126.  Under the

---

[8] Unless otherwise indicated, all further statutory references are to the Business and Professions Code.  Section 6106 makes the commission "of any act involving moral turpitude, dishonesty or corruption . . . a cause for disbarment or suspension."

SER 655

facts of this case, we agree with the hearing judge that Dydzak may not be disciplined under section 6125, even though he practiced law in the federal court while he was suspended by the State Bar.  (*Surrick v. Killion* (3d Cir. 2006) 449 F.3d 520, 530-531 [suspension from membership from a state bar does not necessarily lead to disqualification from a federal bar]; cf. *In the Matter of Wells* (Review Dept. 2006) 4 Cal. State Bar Ct. Rptr. 896, 902-903 [discipline may be imposed for UPL in federal court when matter involves settlement of state law claims].)

However, section 6126 is broader than section 6125 and prohibits an attorney who is suspended by the State Bar from holding himself out as entitled to practice in California.  We find Dydzak culpable of a violation of section 6126 for representing in his declaration filed in the federal court that he was duly admitted to practice before all California courts.  While we do not seek to restrict or assume jurisdiction over Dydzak's practice before the federal courts, the California Supreme Court may discipline a practitioner for acts committed in federal court that " ' reflect on his integrity and fitness to enjoy the rights and privileges of an attorney' " in California.  (*In the Matter of Gadda* (Review Dept. 2002) 4 Cal. State Bar Ct. Rptr. 416, 420, citations omitted.)  "Barring the [s]tates from disciplining their bar members based on misconduct occurring in federal court would lead to the unacceptable consequence that an attorney could engage in misconduct at will in one federal district without jeopardizing the state-issued license that facilitates the attorney's ability to practice in other federal and state venues."  (*Canatella v. California* (9th Cir. 2005) 404 F.3d 1106, 1110-1111.)  We thus find Dydzak culpable of violating a California Supreme Court order that prohibited him from holding himself out as entitled to practice law in California in violation of section 6126.

**B.   CASE NUMBER 06-O-10960**

**1.   The Thronson Matter**

On March 24, 2003, Frances Thronson retained Dydzak to represent her in a personal injury case against Trader Joe's.  Shortly thereafter, she gave him $250 for fees and costs.  In

SER 656

April 2003, Dydzak told Thronson that he would file a complaint within five to seven days and send her a copy once he had filed it.  Thronson called five or six times during the following weeks, asking Dydzak's assistant for a copy of the complaint.

In May 2003, Dydzak left a voicemail message for Thronson falsely stating that he had filed "papers" against Trader Joe's.  In fact, he did not file the complaint until one year later in May 2004.  In the meantime, he repeatedly evaded Thronson's continued requests for a copy of the complaint and for a status conference, all the while professing that the complaint had been filed.  Finally, Dydzak met with Thronson on May 7, 2004, the date Dydzak actually filed the complaint.  He still did not provide a copy of the complaint, leaving her to believe that he had filed it the previous year as he had assured her.  At the May 7, 2004, meeting, Thronson signed a retainer agreement with Dydzak.

On September 7, 2004, Dydzak failed to appear at a case management conference (CMC) in Thronson's case.  The Superior Court issued an OSC directing Dydzak to file a declaration no later than October 1, 2004, showing why Thronson's case should not be dismissed for his failure to (1) appear at the CMC, (2) file proof of service of the complaint, (3) comply with the California Rules of Court regarding CMCs, and (4) timely prosecute her case.  The court set the OSC hearing for October 7, 2004.  Dydzak filed his declaration in response to the OSC four days late on October 5, 2004, and then failed to appear at the hearing.  As a result, the Superior Court dismissed Thronson's case on October 7, 2004.  Dydzak did not inform Thronson that her case had been dismissed, let alone the reasons for the dismissal.

Dydzak waited more than five months to file a motion to set aside the dismissal, which the Superior Court denied in April 2005.  He then filed a motion for reconsideration, which the court denied in July 2005.  On October 25, 2005, Dydzak filed a notice of appeal and -- more than a year after the dismissal – he finally advised Thronson that her case had been dismissed by

SER 657

the Superior Court.  Even then, he neglected to disclose the reasons for the dismissal.  On

December 8, 2005, the Court of Appeal filed an order dismissing the appeal because Thronson

was in default.

On January 17, 2006, Thronson sent a letter to Dydzak detailing the history of their

association and indicating that she "would be willing to call it quits if [she] received $10,000 in

compensation for a variety of ills.  I could then let the matter go."  Dydzak responded by letter

on January 26, 2006, falsely stating that he had previously advised her of the Court of Appeal's

dismissal.  He further falsely claimed that "I explained to you that the costs [to set aside the

dismissal] were expensive.  You failed to timely remit to me required monies for said appeal,

resulting in the dismissal of the appeal."  Dydzak insisted in his letter that Thronson send him

$800 to cover costs so that he could "pursue the appeal by moving to reinstate same."  He also

stated that he had previously informed Thronson that she "had major difficulties of proof in [her]

case."  Thronson credibly testified that she was never advised about the cost of appeal or that her

case lacked merit.  In his January 26 letter, Dydzak did not advise her that the deadline to seek

reinstatement had already expired on December 23, 2005, or that the Court of Appeal's order

dismissing the appeal was final as of January 16, 2006.

### Count 1 – Failure to Perform Competently (Rule 3-110(A))

Without question, Dydzak willfully violated rule 3-110(A) when he repeatedly failed to

competently perform legal services for Thronson.  His disregard of his fiduciary duty to protect

her interests, as detailed above, was egregious.

### Counts 2, 3, 4 and 5 -- Moral Turpitude (§ 6106)

Dydzak's many misrepresentations to Thronson about the status of her case, as set forth

in Counts 2, 3, 4, and 5, constitute moral turpitude in violation of section 6106.  His statements

involved both affirmative misrepresentations (e.g., his repeated claims that  he had filed the

**SER 658**

complaint against Trader Joe's), and nondisclosures (e.g., his repeated failure to inform Thronson of the dismissals by the Superior Court and the Court of Appeal and the reasons for the dismissals). In finding moral turpitude, " '[n]o distinction can . . . be drawn among concealment, half-truth, and false statement of fact. [Citation.]' [Citation.]" (*In the Matter of Chesnut* (Review Dept. 2000) 4 Cal. State Bar Ct. Rptr. 166, 174.) In the interest of economy, all of Dydzak's misrepresentations could have been properly charged as one count, but we nevertheless find that each violation of section 6106 set forth in counts 2, 3, 4, and 5 was established by clear and convincing evidence.

### Count 6 – Failure to Advise of Significant Developments (§ 6068, subd. (m))

Dydzak willfully violated section 6068, subdivision (m), which requires that attorneys keep their clients advised of significant developments. He failed to timely tell Thronson about the dismissal of her case, the reasons for that dismissal, and the consequences of the dismissal of her appeal. However, the hearing judge correctly gave no additional weight for the violation of section 6068, subdivision (m) because Dydzak's failure to inform Thronson was a basis for establishing culpability for misrepresentation in Counts 2, 3, 4, and 5. Therefore, Count 6 is dismissed as duplicative. (*Bates v. State Bar, supra,* 51 Cal.3d at p. 1060.)

### Count 7 – Failure to Respond to Client's Inquiries (§ 6068, subd. (m))

We find clear and convincing evidence that Dydzak willfully violated section 6068, subdivision (m), which requires attorneys to promptly respond to reasonable client inquiries. He repeatedly failed to promptly respond to numerous reasonable status inquiries from Thronson during a two-and-one-half-year period from May 2003 through June 2006.

### III.  MITIGATING AND AGGRAVATING CIRCUMSTANCES

### A.     MITIGATION

Dydzak bears the burden of proving mitigating circumstances by clear and convincing evidence. (Rules Proc. of State Bar, tit. IV, Stds. for Atty. Sanctions for Prof. Misconduct, std.

SER 659

1.2(e).)[9]  To establish his good character as a mitigating circumstance, Dydzak presented testimony from two former clients. (Std. 1.2(e)(vi).)  He also introduced into evidence declarations from nine individuals (two attorneys, four clients, and Dydzak's mother, brother, and wife).  However, the value of their statements is reduced for lack of specificity that they adequately understood the nature of Dydzak's current wrongdoing and/or the extent of his prior record of discipline.  Therefore, we find this factor is entitled to minimal weight in mitigation.

## B.   AGGRAVATION

The State Bar bears the burden of proving aggravating circumstances by clear and convincing evidence.  (Std. 1.2(b).)

### 1.   Prior Record of Discipline

Dydzak has been previously disciplined four times, which is an extremely serious aggravating circumstance.  It is all the more so because certain aspects of Dydzak's present misconduct echo his prior misconduct, particularly his failure to communicate and his abdication of responsibility to clients.  (Std. 1.2(b)(i).)

### 2.   Multiple Acts

We have found Dydzak culpable of numerous counts of misconduct in four separate matters.  Such multiple acts of misconduct constitute an aggravating circumstance.  (Std. 1.2(b)(ii).)

### 3.   Significant Harm

Dydzak's misconduct caused significant harm in two separate client matters.  The Cofields had to hire two attorneys at a total cost of $18,000 to set aside the dismissal of their case.  Thronson not only lost her cause of action against Trader Joe's, she lost the opportunity to

---

[9] All further references to standards are to this source.

SER 660

be reimbursed approximately $2,800 for her medical expenses, which the insurance company initially offered but which Dydzak told her to reject in favor of filing a lawsuit.  (Std. 1.2(b)(iv).)

### 4.      Dishonesty and Overreaching

The hearing judge was unwilling to consider as aggravation that Dydzak's misconduct was surrounded by bad faith, dishonesty, and concealment under standard 1.2 (b)(iii).  The judge deemed it duplicative of the facts relied upon in establishing Dydzak's culpability for moral turpitude.  We agree.  (See, e.g., *In the Matter of Chesnut, supra,* 4 Cal. State Bar Ct. Rptr. 166, 176.)  However, standard 1.2 (b)(iii) also proscribes overreaching, which we find here as aggravating conduct due to Dydzak's attempt to renegotiate his fee agreement with the Cofields by threatening to withdraw a year and a half after commencing litigation on their behalf.  (*In the Matter of Shalant* (Review Dept. 2005) 4 Cal. State Bar Ct. Rptr. 829, 837-838 [coercive renegotiation of fees after commencement of trial constituted moral turpitude].)

### 5.      Lack of Insight and Remorse

Dydzak fails to demonstrate any remorse for his wrongdoing and instead continues to assert that his clients and others are responsible for his misconduct.  (Std. 1.2(b)(v).)  This is a significant factor in aggravation.  During the past decade, he has been disciplined four times, yet, incredibly, he complains in his brief on appeal that "[p]rior to this proceeding no [State] Bar attorney nor the Enforcement Unit [of the State Bar] ever explained to Dydzak the he could risk disbarment or severe discipline if there were disciplinary proceedings in the future against him."

"The law does not require false penitence.  [Citation.]  But it does require that the respondent accept responsibility for his acts and come to grips with his culpability.  [Citation.]" (*In the Matter of Katz* (Review Dept. 1991) 1 Cal. State Bar Ct. Rptr. 502, 511.)  Dydzak has failed to do this.

**SER 661**

## IV.  DISCUSSION

The purpose of State Bar disciplinary proceedings is not to punish the attorney, but to protect the public, to preserve public confidence in the profession and to maintain the highest possible professional standards for attorneys.  (Std. 1.3; *Chadwick v. State Bar* (1989) 49 Cal.3d 103, 111.)  In determining the appropriate level of discipline, we look to the standards for guidance, although we do not apply them in a talismanic fashion.  (*In the Matter of Van Sickle* (Review Dept. 2006) 4 Cal. State Bar Ct. Rptr. 980, 994.)  We also look to decisional law for additional guidance.  (*Snyder v. State Bar* (1990) 49 Cal.3d 1302, 1310-1311.)

Standard 1.6(a) provides that, when two or more acts of misconduct are found in a single disciplinary proceeding and different sanctions are prescribed for those acts, the recommended sanction is to be the most severe of them.  The most severe standard applicable here is standard 1.7(b), which provides that the degree of discipline for  an attorney with two or more prior records of discipline shall be disbarment unless the most compelling mitigating circumstances clearly predominate.

We recognize that despite the unequivocal language of standard 1.7(b), disbarment has not been imposed in every instance where a respondent has a prior history of two or more disciplines.  But we generally follow standard 1.7(b) where there is a "repeated finding of culpability of the same offense, or continuing misconduct of increasing severity."  (*In the Matter of Trousil* (Review Dept. 1990) 1 Cal. State Bar Ct. Rptr. 229, 241.)

We can find no justification here for a departure from standard 1.7(b).  Dydzak seriously compromised the rights of his clients and engaged in acts of moral turpitude, including making significant misrepresentations to his clients.  His misconduct is extremely serious and threatens the public because it has not only continued unabated during his decade-long involvement with the State Bar disciplinary system, but it has been increasing in severity.

-13-

Case 2:22-cv-01008-APG-VCF   Document 5-1   Filed 07/01/22   Page 18 of 118

The reasons for our disbarment recommendation in *In the Matter of Shalant, supra*, 4 Cal. State Bar Ct. Rptr. at p. 842 apply equally here: "Respondent's extended history of inattention to his fiduciary responsibilities to his clients, together with his failure to learn from his past misdeeds, creates a grave risk that additional harm will result to his clients. Furthermore, respondent's manifest indifference to the consequences of his actions and the absence of any significant mitigation evidence compel [this court] to conclude that . . . . [¶] . . . disbarment [is] necessary to best serve the goals of attorney discipline in this case."  (See also *Morgan v. State Bar* (1990) 51 Cal.3d 598; *In the Matter of Thomson* (Review Dept. 2006) 4 Cal. State Bar Ct. Rptr. 966.)

## V.  RECOMMENDED DISCIPLINE

The court recommends that **DANIEL DAVID DYDZAK** be disbarred from the practice of law in the State of California and that his name be stricken from the roll of attorneys admitted to practice in this state.

## VI.  RULE 9.20 AND COSTS

The court also recommends that Daniel David Dydzak be ordered to comply with the requirements of rule 9.20 of the California Rules of Court and to perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of the Supreme Court order in this proceeding.

The court also recommends that costs be awarded to the State Bar in accordance with section 6086.10, such costs being enforceable both as provided in section 6140.7 and as a money judgment.

## VII.  ORDER OF INACTIVE ENROLLMENT

Because the hearing judge recommended disbarment, he properly ordered that Daniel David Dydzak be involuntarily enrolled as an inactive member of the State Bar as required by

**SER 663**

section 6007, subdivision (c)(4), and Rules of Procedure of the State Bar, rule 220(c).  The

hearing judge's order of involuntary inactive enrollment became effective on August 8, 2008,

and Daniel David Dydzak has remained on involuntary inactive enrollment since that time and

will remain on involuntary inactive enrollment pending final disposition of this proceeding.

SER 664

# Exhibit B

Order dated September 25, 2012, *Dydzak v. Cantil-Sakauye*, C.D. Cal. Case No. C11-5560-JCC, Dkt. No. 35

1    THE HONORABLE JOHN C. COUGHENOUR

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
8                          WESTERN DIVISION

9    DANIEL DAVID DYDZAK,                    CASE NO. C11-5560-JCC

10                 Plaintiff,                ORDER

11        v.

12   TANI CANTIL-SAKAUYE, et al.,

13                 Defendant.

14

15        In its order of March 2, 2012, the Court dismissed on its own motion *pro se* Plaintiff

16   Daniel Dydzak's Complaint and ordered Mr. Dydzak to show cause as to why he should not be

17   sanctioned for failure to comply with Federal Rule of Civil Procedure 11(b). (Dkt. No. 16.)

18   Shortly thereafter, this Court issued a second order to show cause, in which it directed Mr.

19   Dydzak to show cause as to (1) why he should not be declared a vexatious litigant, and (2) why

20   he should not be prohibited from initiating further litigation alleging deprivation of rights under

21   42 U.S.C. § 1983 relating to his disbarment without prior authorization. (Dkt. No. 19.) Plaintiff

22   responded to each order to show cause on April 2 and April 5, 2012, respectively. (Dkt. Nos. 31,

23   32.) Having considered Plaintiff's responses and the balance of the record, the Court finds that

24   Plaintiff has failed to show good cause and hereby ORDERS that plaintiff is declared a vexatious

25   litigant and subject to this pre-filing order, as explained below.

26   //

ORDER
PAGE - 1

**SER 666**

**I.      DISCUSSION**

As the Ninth Circuit has recognized, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). To combat such abuses, litigation misconduct is sanctionable under this Court's inherent power, C.D. Cal. Local Rule 83-8, and Federal Rule of Civil Procedure 11. In rare circumstances, such sanctions may take the form of a pre-filing order, which limits one's ability to initiate further litigation. *See De Long*, 912 F.2d at 1147 (recognizing "inherent power of federal courts to regulate the activities of abusive litigants"); C.D. Cal. Local Rule 83-8.2 (authorizing court to issue "orders as are appropriate to control the conduct of a vexatious litigant"); FED. R. CIV. P. 11(c)(4) (permitting Court to impose sanctions in the form of nonmonetary directives). Before imposing a pre-filing order against a *pro se* litigant, however, a district court must (1) provide the litigant with "adequate notice and a chance to be heard," (2) identify the "cases and motions that support the conclusion that [the litigant's] filings are so numerous or abusive that they should be enjoined," (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) ensure that any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting *De Long*, 912 F.2d at 1145-48 (internal quotation and citation omitted)). The purpose of these requirements is to ensure that the pre-filing order does not "tread on the litigant's due process right of access to the courts." *Id.* This Court addresses each of these requirements below.

**A. Notice and Opportunity to be Heard**

In the instant case, the Court finds that Mr. Dydzak was provided with adequate notice and an opportunity to be heard. By its orders dated March 2 and March 7, 2012, this Court directed Mr. Dydzak to show cause as to why he should not be sanctioned for failure to abide by Rule 11(b) and why he should not be declared a vexatious litigant and subject to a pre-filing bar.

1   (Dkt. Nos. 16, 19.) Mr. Dydzak was given the opportunity to respond, which he did through two

2   separate opposition briefs. (Dkt. Nos. 31, 32.) In his responses to the orders to show cause,

3   Plaintiff also provided the Court with signed declarations in support of his opposition briefs. *Id.*

4   The Court has thoroughly considered each of Mr. Dydzak's responses and supporting materials.

5   Accordingly, Plaintiff was provided notice and afforded an opportunity to respond to the

6   possibility that he would be declared a vexatious litigant and subject to a pre-filing order. *See*

7   *Molski*, 500 F.3d at 1058-59; *cf. Pacific Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d

8   1112, 1118 (9th Cir. 2000) (imposing sanctions against attorney and holding that "[t]he

9   opportunity to brief the issue fully satisfies due process requirements").

10   **B.  Adequate Record**

11   The second requirement is that this Court establish an adequate record of review. *See De*

12   *Long*, 912 F.2d at 1147-48.  "An adequate record for review should include a listing of all the

13   cases and motions that led the district court to conclude that a vexatious litigant order was

14   needed." *Id.* at 1147. In this Court's prior order to show cause (Dkt. No. 19), the Court provided

15   a case-by-case and motion-by-motion replay of Mr. Dydzak's litigation history, which it includes

16   in full and supplements below.

17   This is Mr. Dydzak's fourth federal lawsuit challenging his 2008
18   disbarment. In the first such case, *Dydzak v. State of California, et al.*, C08-7765-
     VAP (AGR) (C.D. Cal. 2008) (*Dydzak I*), Mr. Dydzak alleged that individual
19   defendants in separate actions he had been litigating prior to his disbarment had
     exerted improper influence over his state bar proceedings. He sued the State of
20   California, the State Bar Court, and numerous judges and attorneys affiliated with
     the State Bar Court for deprivation of rights under 42 U.S.C. § 1983. On the
21   defendants' motion to dismiss, U.S. Magistrate Judge Alicia Rosenberg
22   recommended that the claims for injunctive and declaratory relief be dismissed
     based on *Younger* abstention, and that the claims for monetary relief be dismissed
23   based on Eleventh Amendment and quasi-judicial immunity. (*Id.*, Dkt. No. 45.)
     U.S. District Judge Virginia Phillips adopted the report and recommendation and
24   granted the motion to dismiss. (*Id.*, Dkt. No. 48.)

25   Following entry of judgment in the matter, Mr. Dydzak filed a motion
26   requesting that Judges Phillips and Rosenberg be disqualified. The motion was
     referred to Judge R. Gary Klausner, who issued an order denying the motion to

1  disqualify. (*Id.*, Dkt. No. 54.) Mr. Dydzak promptly moved to disqualify Judge
2  Klausner. In an eight-page order, Judge Margaret Morrow denied that motion.
   (*Id.*, Dkt. No. 61.) Following a flurry of rejected motions by Mr. Dydzak,
3  including a motion for reconsideration, a motion to reopen his case, and an
4  additional motion to disqualify Judges Phillips and Rosenberg, Mr. Dydzak
   moved to disqualify all of the judges in the U.S. District Court for the Central
5  District of California. (*Id.*, Dkt. No. 95.) That motion was referred to Judge
   George Wu, who issued yet another thoroughly drafted order denying the motion.
6  (*Id.*, Dkt. No. 98.) Judge Wu also referred to Judge Morrow the issue of whether
   to sanction Mr. Dydzak for his disregard of the prior-issued orders for
7  disqualification. Mr. Dydzak appealed the judgment in the matter to the Ninth
   Circuit, which summarily affirmed. (*Id.*, Dkt. No. 107; CA 09-56325, Dkt. No. 12
8  (9th Cir. Nov. 18, 2009).)

9        On February 4, 2010, Mr. Dydzak submitted a new application to the court
10  to proceed *in forma pauperis*, along with a complaint naming the same defendants
    named in *Dydzak I*, along with several additional individual defendants. *See*
11  *Dydzak v. Remke et al.*, C10-0828-UA-AGR (C.D. Cal. 2010). The proposed
    complaint recycled the allegations from *Dydzak I*. Judge Audrey Collins denied
12  Mr. Dydzak's request to proceed *in forma pauperis* and rejected the complaint,
    finding that it failed to state a claim, that *res judicata* barred claims that were the
13  same as those in *Dydzak I*, and that the claims for injunctive and declaratory relief
    were barred by *Younger* abstention. (*Id.*, Dkt. No. 2.)

14
15        Ten days later, Mr. Dydzak initiated another lawsuit under 42 U.S.C. §
    1983. *See Dydzak v. Remke, et al.*, C10-1297-AHM-AGR (C.D. Cal. 2010)
16  (*Dydzak II*). He named nearly all of the defendants from *Dydzak I*, along with
    Judges Rosenberg, Phillips, Morrow, Klausner, Wu, and Collins. On Judge Percy
17  Anderson's order to show cause why the claims against the federal judges should
    not be dismissed based on judicial immunity, Mr. Dydzak voluntarily dismissed
18  the claims against the judges, and Judge Anderson discharged the order. Judge
    Gary Feess, the Case Management & Assignment Committee Chair for the
19  Central District, reassigned the case to Judge Phillips pursuant to General Order
    08-05, which requires that when a case is closed and *an identical case is re-filed*,
20  it must be transferred to the originally assigned judge. (*Id.*, Dkt. No. 34.) As Judge
    Phillips was a defendant in *Dydzak II*, she recused herself, and the matter was
21  again reassigned to Judge A. Howard Matz. Judge Matz denied Mr. Dydzak's
    motion for a preliminary injunction, recounted Mr. Dydzak's multiple legal
22  challenges to his disbarment up to that point, and observed that the complaint in
    the matter was "largely incoherent." (*Id.*, Dkt. No. 41.)
23
24        Mr. Dydzak appealed Judge Matz's order to the Ninth Circuit, but while
25  the appeal was pending, Judge Matz granted the State Bar defendants' motion to
    dismiss. As in *Dydzak I* and the application rejected by Judge Collins, the court
26  held that the claims for declaratory and injunctive relief were barred by *Younger*

abstention and that the claims for monetary relief were barred by the Eleventh Amendment. (*Id.*, Dkt. No. 51.) The Ninth Circuit denied Mr. Dydzak's application to proceed *in forma pauperis* "because appellant has failed to show that the appeal is not frivolous." (*Id.*, Dkt. Nos. 60, 62; CA 10-56000, Dkt. Nos. 5, 7 (9th Cir. 2011).)

Before the Ninth Circuit had rendered its order dismissing his appeal, Mr. Dydzak had already filed his third lawsuit. *See Dydzak v. George, et al.*, C10-5820-SVW (C.D. Cal. 2010) (*Dydzak III*). He again alleged deprivation of rights under § 1983 and again named nearly all of the defendants from *Dydzak I* and *II*, including the federal judge defendants from *Dydzak II*—Klausner, Morrow, Wu, Phillips, Collins, and Rosenberg—despite the fact that Judge Anderson had dismissed those claims *with prejudice*. (*See Dydzak II*, Dkt. No. 9.) This time, Mr. Dydzak also sued the California Supreme Court and all seven of its justices individually, along with Judges Matz and Feess. (*Dydzak III*, Dkt. No. 1.) He repeated his allegations from *Dydzak I* and *II*, and larded his complaint with additional allegations of bias, conspiracy, and duplicity against anyone even peripherally involved in his state bar proceedings.

The State Bar of California immediately moved to dismiss the complaint, and the United States moved to appear as *amicus curiae* regarding the issue of judicial immunity. Notably, after Judge Stephen Wilson granted the United States leave to appear, Mr. Dydzak voluntarily dismissed the claims against the federal judges "without prejudice." (*Id.*, Dkt. No. 14.) On November 8, 2010, in an 18-page order, Judge Wilson dismissed Mr. Dydzak's claims with prejudice because (1) Mr. Dydzak was collaterally estopped from bringing his § 1983 claims against the State Bar defendants; (2) the claims against the justices of the California Supreme Court were barred by the doctrine of judicial immunity; and (3) the Eleventh Amendment barred the claims against the remaining state entities. (*Id.*, Dkt. No. 16.) Mr. Dydzak moved for reconsideration, which the court denied in another thoroughly drafted order. (*Id.*, Dkt. No. 23.)

That did not end the matter for Mr. Dydzak. He again appealed the dismissal of his complaint, and, as he had in *Dydzak I*, moved to disqualify Judge Wilson and all judges and magistrate judges of the U.S. District Court for the Central District of California. (*Id.*, Dkt. No. 28.) Ninth Circuit Chief Judge Kozinski designated Robert Whaley, Senior U.S. District Judge for the Eastern District of Washington, to adjudicate the motion to disqualify. Judge Whaley denied the motion, noting that Mr. Dydzak's allegations were "based on speculation and sources that have not been identified." (*Id.*, Dkt. No. 42.) The Ninth Circuit again denied Mr. Dydzak's application to proceed *in forma pauperis* because "the appeal is frivolous," and it ordered Mr. Dydzak to show cause why the judgment should not be summarily affirmed. (*Id.*, Dkt. No. 40; CA 11-55143, Dkt. No. 13 (9th Cir. April 20, 2011).) Following Mr. Dydzak's response to the order to show cause, the Ninth Circuit summarily affirmed the district court on

1    July 7, 2011.

2        This brings us to the Complaint recently dismissed by this Court. (Dkt.
     Nos. 1, 16.) For the fourth time in federal court, Mr. Dydzak alleged deprivation
3    of rights under § 1983, in a rehash of his previous three complaints. He sued the
     California Supreme Court and its justices as individuals despite the prior
4    dismissal of those claims with prejudice. He sued Judges Klausner, Morrow,
     Phillips, Collins, and Rosenberg despite the prior dismissal of those claims with
5    prejudice. For good measure, he sued nearly all other judges of the U.S. District
     Court for the Central District of California, regardless of their involvement in his
6    prior matters. He also sued Judge Whaley for denying his motion to disqualify the
     judges of the Central District in *Dydzak III*. The Court spelled out the various
7    fatal deficiencies in Mr. Dydzak's claims and again dismissed his Complaint, this
     time *sua sponte*.
8

9    (Dkt. No. 19.)

10       Immediately following the dismissal of his claims, Mr. Dydzak pushed forward,

11   undeterred by yet another dismissal with prejudice. He filed numerous motions including, among

12   others, a motion for reconsideration (Dkt. No. 27), a motion to disqualify counsel for defendants,

13   (Dkt. No. 25), and expectedly, a motion to disqualify the undersigned. (Dkt. No. 23.) To

14   adjudicate the latter motion to disqualify, Ninth Circuit Chief Judge Kozinski designated Justin

15   L. Quackenbush, Senior U.S. District Judge for the Eastern District of Washington. Plaintiff then

16   challenged that designation in a motion for reconsideration directed to Chief Judge Kozinski.

17   (Dkt. No. 30.)  In yet another thorough opinion disposing of Mr. Dydzak's attempt to disqualify

18   a judge who has dismissed his claims, Judge Quackenbush denied the motion to disqualify. (Dkt.

19   No. 33.) In doing so, Judge Quackenbush expressed concern that Mr. Dydzak may have sought

20   to delay or avoid an adverse decision by this Court given that the motion to disqualify was filed

21   shortly after this Court's order dismissing Plaintiff's claims. *Id.* at 10. Additionally, Judge

22   Quackenbush noted that "Plaintiff has requested the disqualification of a presiding judge at least

23   *eight* times under similar circumstances[,]" and explained that Plaintiff's actions appeared to

24   occur "as a matter of course" anytime he was faced with an adverse action. *Id.*

25       In addition to dismissing Plaintiff's claims with prejudice on March 2, 2012, this Court

26   ordered Mr. Dydzak to show cause as to why he should not be sanctioned for failure to comply

ORDER
PAGE - 6

SER 671

1  with Fed. R. Civ. P. 11(b). (Dkt. No. 16.)  Thereafter, on March 7, 2012, this Court issued an

2  additional order in which Plaintiff was directed to show cause as to why he should not be

3  declared a vexatious litigant and barred from initiating future litigation related to his disbarment

4  without prior authorization. (Dkt. No. 19.)

5         Based on the record compiled from the above cases and the current matter, the Court

6  concludes that the record is adequate for review.

7        **C. Frivolous or Harassing Nature of Plaintiff's Actions**

8         Third, the district court is required to make findings as to the frivolous or harassing

9  nature of the litigant's actions. *See Molski*, 500 F.3d at 1059 (citing *De Long*, 912 F.2d at 1148).

10 In making this determination, the Court considers not just the number of filings, but the contents

11 thereof. *Id.* A pre-filing order cannot be based only upon a showing of litigiousness; rather, the

12 plaintiff's claims must be "patently without merit." *Id.* (quoting *Moy v. United States*, 906 F.2d

13 467, 470 (9th Cir. 1990)). In the instant case, the Court finds that there is sufficient basis to

14 conclude that Plaintiff's litigation relating to his 2008 disbarment has been abusive and frivolous.

15       As explained in this Court's prior orders to show cause and order dismissing Plaintiff's

16 complaint (Dkt. Nos. 16, 19), Mr. Dydzak has abused this Court's process by filing multiple

17 meritless lawsuits based on the same claims and consistently filing motions to disqualify any

18 judge who rules against him (as well as countless other judges with whom Plaintiff has had little

19 or no interaction). His claims have consistently lacked a credible factual foundation and, as

20 detailed in this Court's order of March 2, 2012, Plaintiff has displayed an utter disregard for the

21 applicable law and prior rulings of this Court and the Ninth Circuit. (*See* Dkt. No. 16.)

22       Specifically, Mr. Dydzak has initiated four lawsuits in federal court based on his

23 expanding visions of conspiracy regarding his 2008 disbarment. At each stage, Plaintiff's claims

24 have been dismissed; his second, third, and fourth complaints were dismissed *with prejudice*.

25 (*See Dydzak II*, Dkt. No. 9 (dismissing claims against federal judge defendants with prejudice

26 based on judicial immunity); *Dydzak II*, Dkt. No. 51 (dismissing remaining claims without leave

ORDER
PAGE - 7

**SER 672**

1 to amend on grounds of *Younger* abstention and the Eleventh Amendment); *Dydzak III*, Dkt. No.

2 16 (dismissing claims with prejudice based on collateral estoppel, judicial immunity, and the

3 Eleventh Amendment); Dkt. No. 16 (dismissing claims based on judicial immunity, *res judicata*,

4 and collateral estoppel); *see also Dydzak v. Remke et al.*, C10-0828-AGR (C.D. Cal. 2010)

5 (denying application to proceed *in forma pauperis* and rejecting complaint based on *res judicata*

6 and *Younger* abstention).) Yet, Mr. Dydzak has taken each dismissal in stride, using it as an

7 excuse to file countless motions to disqualify and to bring a new case based on allegations of the

8 same ever-expanding conspiracy against the same and additional defendants.

9       Additionally, Plaintiff has unsuccessfully appealed the dismissals in each of his three

10 prior cases. The first two appeals were, respectively, barred as untimely (*Dydzak I*, Dkt. No.

11 107)[1], and summarily dismissed for failure to respond to the Court's order (*Dydzak II*, Dkt. Nos.

12 60, 62, 63, 64). The dismissal of Mr. Dydzak's third complaint was summarily affirmed by the

13 Ninth Circuit on the grounds of collateral estoppel, judicial immunity, and the Eleventh

14 Amendment. (*Dydzak III*, Dkt. No. 44.) Further, in denying Mr. Dydzak's application to proceed

15 *in forma pauperis* in his second appeal, the Ninth Circuit explained that "appellant has failed to

16 show that the appeal is not frivolous[,]" and in his third appeal, the Court again noted that "the

17 appeal is frivolous." (*Dydzak II*, Dkt. Nos. 60, 62; *Dydzak III*, Dkt. No. 40.)  The Court thus

18 stresses that it is not merely the volume of filings in Mr. Dydzak's litigation history that leads the

19 Court to find that his claims are frivolous. Rather, it is the fact that Mr. Dydzak's claims are

20 recycled from case to case and legally meritless, as demonstrated by the repeated dismissals on

21 the same few grounds.

22       In his responses, Mr. Dydzak fails to persuade this Court that his filings in this case and

23 in prior cases were not, in fact, "patently without merit."  In large part, Plaintiff uses his

24

25 _____

26 [1] Mr. Dydzak attempted to appeal the dismissal in *Dydzak I*, but the Ninth Circuit limited the scope of the appeal to the motions to disqualify Judges Phillips, Rosenberg, and Morrow, because Plaintiff did not timely appeal the dismissal. (*Dydzak I*, Dkt. No. 107.) The denials of those motions to disqualify were summarily affirmed. *Id.*

ORDER
PAGE - 8

**SER 673**

1  responses as an opportunity to continue making allegations regarding the same overarching

2  conspiracy that has been the subject of his series of lawsuits. Nothing in Plaintiff's responses

3  warrants a finding that there was a basis in fact or law for Plaintiff to continue bringing such

4  claims, especially in light of the prior dismissals. The Court also notes that Mr. Dydzak

5  mischaracterizes the procedural history of his litigation in the Central District of California. To

6  cite a few examples, he argues that in his second lawsuit, Judge Anderson discharged an order to

7  show cause, thereby "showing there was merit to the lawsuit." (Dkt. No. 32, at 9.) As noted

8  above, however, Judge Anderson dismissed the claims at issue (against the federal judge

9  defendants) *with prejudice* after Plaintiff, in response to the Court's order to show cause as to

10  why those claims should not be dismissed based on judicial immunity, voluntarily dismissed

11  those defendants. (*See Dydzak II*, Dkt. No. 9.) As another example, Plaintiff describes the appeal

12  of his third lawsuit by stating that "[t]he Ninth Circuit did not hear the matter, because

13  DYDZAK has learnt that it never grants appeals in pro se civil rights cases." (Dkt. No. 32, at 9-

14  10.) The Ninth Circuit, however, noted that the appeal was frivolous, issued an order to show

15  cause to which Mr. Dydzak responded, and summarily affirmed the district court on the grounds

16  of collateral estoppel, judicial immunity, and the Eleventh Amendment. (*See Dydzak III*, Dkt.

17  Nos. 40, 44.) Such mischaracterizations exemplify Mr. Dydzak's disregard for the prior rulings

18  of this Court and the Ninth Circuit as he blindly presses forward with his litigation efforts.

19       Having considered Mr. Dydzak's filings in each of his prior cases and in the instant

20  matter, the Court finds that Plaintiff is not just litigious. Rather, Plaintiff's repeated attempts to

21  bring the same or similar claims against the same or similar defendants, and his continued

22  motions to disqualify, as described above, lead this Court to find that Mr. Dydzak's conduct has

23  become abusive and that his claims are frivolous.

24  **D.  Narrowly Tailored Order**

25       The final factor under *De Long* requires that the pre-filing order must be "narrowly

26  tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. In *Molski*, the

ORDER
PAGE - 9

1 | Ninth Circuit held that the pre-filing order at issue was narrowly tailored where, rather than

2 | barring the vexatious litigant from filing *any* claims, it instead required the litigant to seek

3 | authorization before filing the same types of claims that had been filed vexatiously. 500 F.3d at

4 | 106. In light of Mr. Dydzak's conduct, the Court finds that the imposition of a pre-filing bar,

5 | subject to the conditions stated below, is appropriately limited to Plaintiff's wrongful behavior in

6 | accordance with *Molski* and *De Long*.

7 | **II.    CONCLUSION**

8 |      For the foregoing reasons, it is hereby ORDERED that:

9 |      (1) Plaintiff is declared a vexatious litigant under C.D. Cal. Local Rule 83-8.2 and this

10 |         Court's inherent authority;

11 |      (2) Plaintiff is PROHIBITED from initiating any further litigation in this or any other

12 |         federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on

13 |         his disbarment without the prior authorization from the presiding judge of the U.S.

14 |         District Court for the Central District of California; and

15 |      (3) Plaintiff is REQUIRED to provide security in the amount of $5,000 for each

16 |         defendant against whom he seeks to proceed with Court authorization in the future.

17 |      Should Mr. Dydzak wish to file a complaint, he must submit a copy of his proposed

18 | complaint, a letter requesting that the complaint be filed, and a copy of this Order, to the Clerk of

19 | this Court. The Clerk shall then forward the letter, the complaint, and a copy of this Order to the

20 | presiding Judge for a determination whether the complaint should be accepted for filing.

21 | //

22 | //

23 | //

24 | //

25 | //

26 | //

ORDER
PAGE - 10

1       DATED this 25th day of September 2012.

2

3

4

5

6

7                                                    John C. Coughenour
                                                     UNITED STATES DISTRICT JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
PAGE - 11

**SER 676**

# Exhibit C

Prefiling Order    Vexatious Litigant
dated April 5, 2013, *Dydzak v. Dunn,*
Cal. Super. Ct. Case No. 30-2012-
00558031

RECEIVED

APR 3 0 2013

MC-700

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and Address):
(To be completed only if a party is making the motion)
Danielle A. Lee (223675) The State Bar of California
180 Howard St., San Francisco, CA 94105
ATTORNEY FOR (Name): Dunn, Babcock, et al.

TELEPHONE NO.: 415-538-2339
FAX NO.: 415-538-2321
E-MAIL ADDRESS: danielle.lee@calbar.ca.gov

FOR COURT USE ONLY

☐ COURT OF APPEAL,           APPELLATE DISTRICT, DIVISION
☑ SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 220 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME: Daniel D. Dydzak v.  Joseph Lawrence Dunn et al.

| PREFILING ORDER—VEXATIOUS LITIGANT | CASE NUMBER:<br>30-2012-00558031 |
|---|---|

1.  Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:
    Daniel D. Dydzak
    4265 Marina City Drive
    Marina Del Ray, 90292

2.  This prefiling order is entered pursuant to a motion made by      ☐ the court   ☑ party (name):
                                                          Defendants Dunn, Babcock, et al.

3.  The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new
    litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which
    the action is to be filed.

4.  The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at 415-865-4329 or by mail
    at the address below.

Vexatious Litigant Prefiling Orders
California Judicial Council
Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, California 94102

Date:    APR 0 5 2013

_William S. Dato_ (signature)

JUDICIAL OFFICER

WILLIAM S. DATO

CLERK'S CERTIFICATE

The foregoing document, consisting of ____
page(s), is a full, true, and correct
copy of the ☑ original ☐ copy on file in
this office.

Clerk of the Superior Court
by ____ Date ____ , Deputy ____ SAM. COLAS

APR 0 8 2013

Form Adopted for
Mandatory Use
Judicial Council of California
MC-700 [Rev. January 1, 2013]

PREFILING ORDER—VEXATIOUS LITIGANT

Page 1 of 1
Code of Civil Procedure, § 391.7
www.courts.ca.gov

ENTERED

SER 678

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>Central<br>330 West Broadway<br>San Diego, CA 92101 | |
|---|---|
| **SHORT TITLE:** Daniel D Dydzak vs Joseph Lawrence Dunn | |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**30-2012-00558031** |

I certify that I am not a party to this cause. I certify that a true copy of the PRE-FILING ORDER VEXATIOUS LITIGANT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at <u>San Diego</u>, California, on <u>04/08/2013</u>.

Clerk of the Court, by: _____ , Deputy
L. San Nicolas

JUDICIAL COUNCIL OF CALIFORNIA
455 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

☐ Additional names and address attached.

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**                              Page: 1

**SER 679**

# Exhibit D

Complaint, *Dydzak v. George*, Case No.
10-cv-05820-SVW, Dkt. No. 1 (C.D.
Cal. Aug. 5, 2010)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DANIEL DAVID DYDZAK
PLAINTIFF PRO SE
4265 MARINA CITY DRIVE, SUITE 407W
MARINA DEL REY, CA 90292
TELEPHONE: (310) 867-1289

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

FILED
CLERK, U.S. DISTRICT COURT

AUG _ 5 2010

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

DANIEL DAVID DYDZAK,          )     CASE NO. **CV10 5820** 𝑆𝑉𝑊
                              )
          Plaintiff,          )     COMPLAINT FOR DAMAGES
     vs.                      )     AND EQUITABLE/DECLARATORY
                              )     RELIEF,  TEMPORARY RESTRAINING
                              )     ORDER , PRELIMINARY INJUNCTION
RONALD M. GEORGE, CARLOS R.   )     AND PERMANENT INJUNCTION
MORENO, JOYCE L. KENNARD,     )
KATHRYN MICKLE WERDEGAR,      )     1. DEPRIVATION OF RIGHTS UNDER
MING W. CHIN, MARVIN R. BAXTER, )      COLOR OF STATE LAW
CAROL A. CORRIGAN,  SUPREME   )        (CIVIL RIGHTS ACT, TITLE 42 U.S.C.
COURT OF CALIFORNIA, STATE    )        SECTION 1983)
BAR OF CALIFORNIA,  DONALD    )
F. MILES,  STATE BAR COURT,   )     2.  INTENTIONAL INTERFERENCE
BOARD OF GOVERNORS OF STATE   )         WITH ECONOMIC RELATIONS
BAR OF CALIFORNIA,  JOANN M.  )
REMKE, CATHERINE D. PURCELL,  )     3.  FRAUD
JUDITH EPSTEIN,  RONALD W.    )
STOVITZ,  PATRICE E. McELROY, )
RICHARD A. PLATEL, LUCY       )     DEMAND FOR JURY TRIAL
ARMENDARIZ,  RICHARD A. HONN, )
BERNARD A. BURK,  KENNETH  G. )
HAUSMAN, SEAN M. SELEGUE,     )
HOWARD, RICE, NEMEROSKI,      )
CANADY,  FALK & RABKIN,       )
SCOTT DREXEL,  A. HOWARD MATZ, )
GARY A. FEESS,  R. GARY KLAUSNER, )
MARGARET M. MORROW,  GEORGE   )
H. WU, VIRGINIA A. PHILLIPS, AUDREY )
B. COLLINS,  ALICIA G. ROSENBERG, )
and DOES 1 through 10, Inclusive,  )
          Defendants.         )
_____ )

DYDZAK V. GEORGE                    -1-

COMPLAINT

SER 681



8/5/2010 1:49:36 PM  Receipt #: 143690
          Cashier : KPAGE CLA 1-13
Paid by: DANIEL D. DYDZAK
2:CV10-05820
2010-086900        5 - Civil Filing Fee(1)
Amount :                        $60.00
2:CV10-05820
2010-510000       11 - Special Fund F/F(1)
Amount :                       $190.00
2:CV10-05820
2010-086400       Filing Fee - Special(1)
Amount :                       $100.00
Cash  Payment :                 350.00

COMES NOW Plaintiff Pro Se, DANIEL DAVID DYDZAK, an individual, and alleges as follows:

PRELIMINARY ALLEGATIONS

1. Plaintiff, DANIEL DAVID DYDZAK ("DYDZAK"), is, and at all times herein mentioned was, an adult over eighteen years old and a resident of the County of Los Angeles, State of California.

2. At all times relevant hereto, until on or about May 12, 2010, DYDZAK was a licensed California attorney and member of the State Bar of California. He actively practiced law in the State of California, in both state and federal courts, for over two decades.

3. On or about August 10, 2008, DYDZAK received written notice in the mail that he was placed on inactive status by unlawful, biased, fraudulent and unconstitutional Decision of the California State Bar Court dated August 5, 2008 and effective August 8, 2008. Said Decision recommending the

-2-

DYDZAK V. GEORGE                    COMPLAINT

draconian, unlawful and uncalled for measure of disbarment against DYDZAK was written by State Bar Judge, Defendant DONALD F. MILES ("MILES").

4.    Thereafter, DYDZAK appealed the Decision and filed other post-trial motions in the Review Department of Defendant STATE BAR COURT. In particular, DYDZAK discovered that there were valid and legitimate legal and factual grounds to disqualify State Bar Judge MILES in his matter and set aside MILES' Decision. Notwithstanding same, on or about December 3, 2010, the Review Department, in an Opinion and Order on Review by Defendants, Review Judges, JOANN REMKE, CATHERINE D. PURCELL and JUDITH EPSTEIN, unlawfully, unconstitutionally and wrongfully supported MILES' Decision, recommending DYDZAK's disbarment to the California Supreme Court.

5.    DYDZAK timely filed a Petition for Writ of Review in the California Supreme Court on numerous legal, constitutional and factual grounds, challenging the unlawful and wrongful recommendation of disbarment. On or about May 12, 2010, the Supreme Court of California summarily, unlawfully,

-3-

DYDZAK V. GEORGE                        COMPLAINT

SER 684

illegally, unconstitutionally and against DYDZAK's civil rights denied the Petition, without sufficient and detailed explanation. Said Supreme Court further ordered that DYDZAK be disbarred, removed from the roll of attorneys in the State of California, and pay vague, unconstitutional and unsubstantiated disciplinary costs in excess of $ 15,000. Contrary to the Supremacy Clause of the U.S. Constitution, the Due Process and Equal Protection Clauses of the California Constitution, and other applicable law, DYDZAK was not provided oral argument and written decision on the merits by the highest court in California. Plaintiff is informed and believes, and thereon alleges, that the aforesaid disbarment Order became effective on or about June 11, 2010. As a proximate, direct and legal result of the unlawful actions of the Supreme Court of California, as herein alleged, the aforesaid disbarment Order of the Supreme Court of California was and is, unquestionably, void, voidable, illegal, unconstitutional and against DYDZAK's civil rights.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant, THE STATE BAR OF CALIFORNIA ("BAR"), is, and at

-4-

DYDZAK V. GEORGE                    COMPLAINT

all times herein mentioned was, a public corporation, with two offices in the City of San Francisco and City of Los Angeles, State of California, and responsible for administratively supervising all attorneys licensed in the State of California.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendant, BOARD OF GOVERNORS OF THE STATE BAR OF CALIFORNIA ("BOARD"), is, and at all times herein mentioned was, an entity comprised of individuals who manage, operate, supervise and otherwise direct all activities of Defendant BAR, with two offices in the City of San Francisco and City of Los Angeles, State of California.

8.    Plaintiff is informed and believes, and thereon alleges, that Defendant STATE BAR COURT ("COURT") is, and at all times herein mentioned was, a public corporation duly organized and existing under and by virtue of the laws of the State of California. Upon information and belief, said COURT is, and was at all times relevant hereto, set up to oversee disciplinary matters involving attorneys licensed in the State of California, with a Hearing Department and Review Department in Los Angeles

-5-

DYDZAK V. GEORGE                              COMPLAINT

and San Francisco, California.

9.   Plaintiff is informed and believes, and thereon alleges, that Defendants JOANN M. REMKE, RONALD W. STOVITZ, PATRICE E. McELROY, DONALD F. MILES, RICHARD A. PLATEL, JUDITH EPSTEIN, LUCY ARMENDARIZ, RICHARD A. HONN and CATHERINE D. PURCELL, are, and at all times herein mentioned were, residents of the State of California. Plaintiff is further informed and believes, and thereon alleges, that the aforementioned individual Defendants are, and at all times herein mentioned were, members and judges of Defendant COURT and/or the Review Department thereof and acting or purportedly acting with the authorization, permission and consent of Defendants COURT, BAR, BOARD, STATE OF CALIFORNIA, and the other individual named Defendants, and acting in concert with the said Defendants, and each of them, to commit the unlawful activity and conduct alleged herein.

10.   Plaintiff is informed and believes, and thereon alleges, that the individual Defendants referenced and named herein are, and were at all times herein mentioned, agents,

-6-

DYDZAK V. GEORGE                    COMPLAINT

employees and/or officers of Defendant BAR, STATE OF CALIFORNIA, or the UNITED STATES OF AMERICA.

11.   Plaintiff is informed and believes, and thereon alleges, that Defendant SUPREME COURT OF CALIFORNIA is, and at all times herein mentioned was, a governmental entity or public corporation duly organized and existing under and by virtue of the laws of the State of California.

12.   Plaintiff is informed and believes, and thereon alleges, that Defendants, RONALD M. GEORGE ("GEORGE"), CARLOS R. MORENO ("MORENO"), JOYCE L. KENNARD ("KENNARD"), KATHRYN MICKLE WERDEGAR ("WERDEGAR"), MING W. CHIN ("CHIN"), MARVIN R. BAXTER ("BAXTER") and CAROL A. CORRIGAN ("CORRIGAN") [hereinafter collectively "CALIFORNIA SUPREME COURT JUSTICES"], are, and were at all times herein mentioned, justices and members of the current Supreme Court of California. On or about May 12, 2010, Defendants, CALIFORNIA SUPREME COURT JUSTICES, made the illegal, unconscionable and unconstitutional Order to disbar DYDZAK, as herein alleged and described.

13.   Defendant GEORGE is shortly retiring as Chief Justice

-7-

DYDZAK V. GEORGE                           COMPLAINT

of Defendant SUPREME COURT OF CALIFORNIA, to a large extent under a cloud of misconduct and ethical and judicial violations, due to his wrongful and unlawful actions towards DYDZAK and for other reasons, as hereinafter alleged. Said Defendant GEORGE, in his blatant and unfair cover-up of the misconduct of State Bar Judge MILES and other State Bar officials and State Bar Court judges, has conspired with the other Defendants, MORENO, KENNARD, WERDEGAR, CHIN, BAXTER and CORRIGAN, to deprive DYDZAK of his civil and constitutional rights and earn a living practicing law, to DYDZAK's extreme prejudice.

14.    Plaintiff is informed and believes, and thereon alleges, that Defendants, CALIFORNIA SUPREME COURT JUSTICES, are, and were at all times herein mentioned, residents of the City and County of San Francisco, State of California.

15.    Plaintiff is further informed and believes, and thereon alleges, that Defendants, CALIFORNIA SUPREME COURT JUSTICES, are acting, and at all times herein mentioned were acting, with the authorization, permission and consent of Defendants BAR, BOARD, and the other Defendants herein in doing the unlawful,

-8-

DYDZAK V. GEORGE                    COMPLAINT

unconstitutional and wrongful acts herein alleged.

16.  Plaintiff is informed and believes, and thereon alleges, that Defendants, BERNARD A. BURK, KENNETH G. HAUSMAN, and SEAN M. SELEGUE (collectively "HOWARD RICE ATTORNEYS"), are, and were at all times herein mentioned, attorneys duly licensed by the State Bar of California to practice law in said state.

17.  Plaintiff is informed and believes, and thereon alleges, that Defendants, HOWARD RICE ATTORNEYS, are, and were at all times herein mentioned, residents of the City and County of San Francisco.

18.  Plaintiff is informed and believes, and thereon alleges, that Defendant, HOWARD, RICE, NEMEROSKI, CANADY, FALK & RABKIN ("HOWARD, RICE"), is, and at all times herein mentioned was, an establishment law firm, with numerous Fortune 500 clients, with its head office in the City of San Francisco, State of California.

19.  Plaintiff is unaware of the exact legal status or capacity of HOWARD, RICE, whether it is a professional corporation, limited partnership, an association or other such

-9-

DYDZAK V. GEORGE                          COMPLAINT

legal entity. Plaintiff will seek leave to amend this Complaint
to set forth such exact legal status or capacity of HOWARD, RICE
when same is ascertained, before or at time of trial

20. Plaintiff is informed and believes, and thereon
alleges, that Defendants, A. HOWARD MATZ, GARY A. FEESS, R. GARY
KLAUSNER, MARGARET M. MORROW, GEORGE H. WU, VIRGINIA A.
PHILLIPS, AUDREY B. COLLINS and ALICIA G. ROSENBERG, are, and at
all times herein mentioned were, United States Judges or
Magistrates for the United States District Court of the Central
District of California.

21. Plaintiff is informed and believes, and thereon
alleges, that Defendant SCOTT DREXEL is, and was at all times
herein mentioned, former Chief Trial Counsel of the State Bar of
California. Plaintiff is further informed and believes, and
thereon alleges, that said Defendant is, and was at all times
herein mentioned, a resident of the County of San Francisco,
State of California.

22. Plaintiff is ignorant of the true names and capacities
of Defendants sued herein as DOES 1 through 10, inclusive, and

-10-

DYDZAK V. GEORGE                           COMPLAINT

therefore sues said Defendants by such fictitious names.
Plaintiff will amend this Complaint in order to allege their
true names and capacities when same are ascertained.

23.  Plaintiff is informed and believes, and thereon
alleges, that each of the fictitiously named Defendants is
responsible in some manner for the occurrences herein alleged,
and that Plaintiff's damages herein alleged were proximately
caused by their conduct.

24.  Plaintiff is informed and believes, and upon such
information and belief alleges, that at all times herein
mentioned each of the Defendants was the agent, servant and
employee of each of the remaining Defendants, and, in doing the
acts hereinafter alleged, was acting within the purpose, course
and scope of such agency, service and employment, and with the
permission and consent of each of the other Defendants.

25.  DYDZAK was admitted to the practice of law in the
State of California on December 17, 1985. In or about August,
2006 and January, 2007, the Office of the Chief Trial Counsel
("OCTC") filed Notices of Disciplinary Charges against DYDZAK

- *11* -

DYDZAK V. GEORGE                    COMPLAINT

and DYDZAK filed appropriate responses to same.

26. DYDZAK believed and found out that the alleged charges were politically motivated, because he had filed in the Los Angeles Superior Court on behalf of clients a major lawsuit against a former State Bar President and establishment lawyer, one Alan Rotheriberg. Mr. Rothenberg had political connections with Defendants BAR, BOARD and COURT and knew Defendant DREXEL, the then Chief Trial Counsel, and other members of the Board of Governors. The filing of the NDC charges coincided with DYDZAK's litigating and attempting to settle the case involving Mr. Rothenberg. Rothenberg indeed threatened DYDZAK at the time of his deposition in said litigation that he was "going to get him," referring to his connections with Defendants BAR, BOARD and COURT.

27. DYDZAK is informed and believes, and thereon alleges, that Defendant DREXEl, maliciously, unethically, unprofessionally and in conspiracy with Rothenberg, communicated in person and telephonically with said attorney between in or about August, 2006, and continuing throughout 2007 and 2008,

-12-

DYDZAK V. GEORGE                    COMPLAINT

about pursuing disciplinary charges against DYDZAK, despite the lack of merit to said charges and the weakness of the disciplinary allegations against DYDZAK.

28. In so doing, Defendant DREXEL, to enrich himself, preserve his employment and be influential in the state bar hierarchy, was improperly currying favor with politically connected, establishment attorneys, such as Rothenberg. Such attorneys are well known to contribute monies to the Foundation of the State Bar of California and are and were on the Judicial Council headed by Defendant George as Chief Justice. Rothenberg was previously associated with high-powered L.A. law firms, Latham, Watkins and Manat, Phelps, Rothenberg & Tunney.

29. Plaintiff is informed and believes, and thereon alleges, that Defendant DREXEL's contract of employment as Chief Trial Counsel was several months ago not renewed, in large measure because said Defendant abused his position and was shown through his office to unfairly target practicing attorneys, mostly sole practitioners, on even the most trivial of matters.

30. Plaintiff is informed and believes, and thereon

-13-

DYDZAK V. GEORGE                    COMPLAINT

alleges, that Defendant GEORGE, as a former long-time prosecutor with a conservative, pro-government bent, turned a blind eye to any misconduct by Defendant DREXEL because he met with DREXEL weekly to discuss the administration of the courts in California and state bar matters. Defendant DREXEL was, at all relevant times hereto, either a member of Defendant BOARD and the Judicial Council or closely aligned and involved with and influential in affecting its decisions. Defendant DREXEL's agenda was to increase the size and importance of the bloated, fiscally irresponsible State Bar bureaucracy and his office of enforcement, no matter what ill treatment was meted out to practicing attorneys.

31. DYDZAK contested the alleged disciplinary charges, which he believed did not have merit, were politically motivated and were defensible. Moreover, during Defendant DREXEL's tenure as Chief Trial Counsel, Defendant DREXEL and other state bar attorneys earned reputations as being unfair, unethical and targeting sole practitioners and Plaintiff's attorneys.

32. One of the State Bar attorneys assigned to DYDZAK's

DYDZAK V. GEORGE                    COMPLAINT

disciplinary proceedings, ELI MORTGENSTERN, even advised and admitted to DYDZAK that his hands were tied to resolve the disciplinary matter involving DYDZAK, because he had marching orders to seek disbarment against DYDZAK, no matter how meritless, insubstantial or untenable any client complaint against DYDZAK was.

33. On or about August 5, 2008, Defendant DONALD F. MILES, the State Bar hearing judge in Los Angeles, issued an unfair, unlawful and draconian Decision recommending that DYDZAK be disbarred and placing him on inactive status as of August 8, 2008. Defendant MILES took over 200 days to render said decision, making it improbable to conclude that DYDZAK posed a serious, immediate risk of harm to the public after DYDZAK had practiced law more than twenty years with distinction in the State of California.

34. Shortly after this decision was filed, DYDZAK discovered that Defendant MILES has, and had at all times herein mentioned, an actual bias, prejudice or conflict of interest, or the appearance of same, because DYDZAK was suing on behalf of

-15-

DYDZAK V. GEORGE                    COMPLAINT

his prior client, SHANEL STASZ, in Los Angeles Superior Court MILES' former partner and long-time friend of 17 or more years, Defendant BERNARD A. BURK, a partner/director with Defendant HOWARD, RICE as well as defendants such as Charles Schwab and Charles Schwab & Co., long-time clients of said law firm. Prior to his inactive status, DYDZAK was attorney of record for STASZ in LASC Case Nos. BC383161 and BC383162, which litigation involved major HOWARD, RICE clients and exposed said law firm and its partner, Defendant BURK, to major liability.

35.   In August and September, 2008, accordingly, DYDZAK filed various motions to disqualify Defendant MILES and set aside the State Bar decision. Defendant MILES unethically, unlawfully and improperly ruled on his own disqualification and would not disqualify himself, unlawfully striking the motion from the record. Defendant REMKE, as the presiding judge, improperly delayed ruling, violating DYDZAK's due process and civil rights, and then transferred the disqualification matter to Defendant McELROY. Defendant McELROY, who was the original judge in the proceedings and should not have ruled because of

-16-

DYDZAK V. GEORGE                    COMPLAINT

this conflict of interest or the appearance of same, denied the disqualification motion, without any written reasoning or oral argument. Such unethical and wrongful action was done to protect Defendant MILES, at the expense of DYDZAK's legal career and professional standing.

36. Plaintiff is informed and believes, and thereon alleges, that Defendant McELROY, presently the supervising judge of Defendant COURT, is in another disciplinary case presently under investigation and scrutiny for taking a bribe and spoliation of evidence.

37. Not surprisingly, given the developing legal storm and cover-up to "protect the troops at any cost," Defendant Judges REMKE, STOVITZ and EPSTEIN of the Review Department summarily denied DYDZAK's Petition for Review, focusing primarily on the issue of MILES' disqualification, on or about September 25, 2008. Defendant SUPREME COURT OF CALIFORNIA, unfairly, wrongfully and unethically aiding in the cover-up, denied DYDZAK's interlocutory Petition For Review on or about November 12, 2008, concerning the disqualification of Defendant MILES.

-17-

DYDZAK V. GEORGE                    COMPLAINT

1
2
3   This denial Order patently showed that Defendants, SUPREME COURT
4   OF CALIFORNIA and CALIFORNIA SUPREME COURT JUSTICES, were not
5   interested in upholding the Rule of Law, but instead favored the
6   illegal and biased actions of state bar court judges who they
7   helped appoint and personally knew. Said Order also showed said
8   Defendants cared not one iota about the individual civil and
9   constitutional rights of "politically" targeted and unfairly
10  maligned sole practitioners, such as Plaintiff DYDZAK.
11      38. During the time-frame of the fall of 2008, Defendants,
12  CALIFORNIA SUPREME COURT JUSTICES, including Defendant GEORGE,
13  were well aware that a case involving Defendant HOWARD, RICE,
14  which Defendant SELEGUE was arguing, was before said Court for
15  argument and ruling, to wit, <u>Schatz v. Allan Matkins Leek Gamble</u>
16  <u>& Mallory, LLP.</u> Plaintiff is informed and believes, and thereon
17  alleges, that the ruling in said litigation was reached on
18  January 26, 2009. In derogation and violation of their ethical
19  duties and responsibilities, and raising an undeniable conflict
20  of interest, or the appearance of same, Defendants, CALIFORNIA
21  SUPREME COURT JUSTICES, including Defendant GEORGE, failed to
22  reveal at any time to DYDZAK that their consideration of this
23
24
25                              -18-
26  DYDZAK V. GEORGE              COMPLAINT
27
28

case would or reasonably could prejudice their review and adjudication of his interlocutory writ in or about November, 2008. DYDZAK was making serious allegations about the misconduct of Defendants HOWARD, RICE, BURK and MILES, yet Defendants, CALIFORNIA SUPREME COURT JUSTICES, with bias, illegally and unfairly chose to hear <u>Schatz</u> on the merits and provide written decision and oral argument, while flushing DYDZAK's aforesaid interlocutory writ into the judicial toilet. Denial of said writ sacrificed DYDZAK's legal rights and ability to earn a living, placed him in destitute state, ruined his reputation, and jeopardized his marriage.

39. In the fall of 2008, and at all other times relevant thereto, San Francisco-based Defendant HOWARD, RICE bragged in its marketing that several cases it handles or has worked on are routinely before Defendant SUPREME COURT OF CALIFORNIA Defendant HOWARD, RICE has, and had at all relevant times hereto, a politically correct status and reputation for clients as an influential, establishment law firm which could be called upon to represent their legal interests before Defendant SUPREME COURT OF CALIFORNIA and Defendants, CALIFORNIA SUPREME COURT

DYDZAK V. GEORGE                    COMPLAINT

JUSTICES. It is clear from the illegal cover-up for Defendant MILES, a former clerk with Defendant SUPREME COURT OF CALIFORNIA, that the latter and the justices thereof favor judges and big, well-connected law firms over Plaintiff's attorneys, small law firms and sole practitioners.

40.    Plaintiff is informed and believes, and thereon alleges, that Defendant HOWARD, RICE regularly makes monetary contributions to the California State Bar Foundation and that certain of its partners/directors have been or are appointed members of the Judicial Council headed by Defendant GEORGE. Furthermore, Plaintiff is informed and believes, and thereon alleges, that in the Bay area Defendants, HOWARD RICE ATTORNEYS, and other attorneys employed by Defendant HOWARD, RICE are so socially and in legal circles intimately connected to Defendant GEORGE and the other Associate Justices of Defendant SUPREME COURT OF CALIFORNIA, that this interaction clearly affected, influenced and prejudiced the latter's review of DYDZAK's disciplinary case.

41. In his state bar court case, DYDZAK filed subsequent,

DYDZAK V. GEORGE                              COMPLAINT

1
2
3   numerous and bonafide motions in the Review Department of
4   Defendant COURT and approximately five interlocutory petitions
5   for review before Defendant SUPREME COURT OF CALIFORNIA. These
6   included but were not limited to the issue of disqualifying
7   Defendant MILES and the Review Judges and setting aside his
8   decision of August 5, 2008, as void or voidable due to bias,
9   prejudice or conflict of interest, or the appearance of same.
10  The Supreme Court denied the Writs summarily, not ruling on the
11  merits. The Review Judges, in particular, Defendants REMKE,
12  PURCELL and EPSTEIN, continued to wrongfully and unethically
13  rule on their own disqualification and strike key pleadings and
14  evidence from the state bar record. They willfully perjured
15  themselves by falsely claiming they did not know about being
16  formally investigated by the Judicial Performance Committee of
17  the State of California (which investigation was ongoing at that
18  time), being served with motions, and being sued in federal
19  court by Plaintiff, a case which was dismissed without prejudice
20  on or about January 26, 2010 by the Ninth Circuit Court of
21  Appeals on procedural grounds. A subsequently refiled lawsuit is
22
23
24
25                          -21-
26  DYDZAK V. GEORGE                    COMPLAINT
27
28

now pending before the Ninth Circuit.

42.    In or about October, 2008, DYDZAK found out that two partners/directors with Defendant HOWARD, RICE, Defendants HAUSMAN and SELEGUE, had illegally gained access to Defendant MILES' tainted bar decision and attached it with a sworn and dated Declaration as an Exhibit in one of the Staz LASC cases on or about September 27, 2008. Said attorneys never duly and properly paid for or ordered same from the Clerk's Office of Defendant COURT. Since said decision was not posted on the internet until January or February, 2009, this "smoking gun" factor proved that Defendant MILES and/or agents/employees of Defendant COURT had impermissibly and unlawfully communicated with Defendants SELEGUE, HAUSMAN and other HOWARD, RICE personnel and lawyers about DYDZAK's bar disciplinary proceeding. This evidenced an actual bias, prejudice and/or conflict of interest, or the appearance of same, by Defendant MILES, mandating his disqualification and the setting aside and reversing of his decision dated August 5, 2008.

43. To date, despite demand therefor from DYDZAK, neither

DYDZAK V. GEORGE                    COMPLAINT

Defendants SELEGUE, HAUSMAN nor HOWARD RICE have produced credible evidence that they, or any of them, properly received a copy of MILES' decision lawfully. Plaintiff is informed and believes. and thereon alleges, that Defendant MILES in or about July, August and September, 2008, had improper telephonic communications with Defendants BURK, SELEGUE, HAUSMAN and other HOWARD, RICE personnel concerning and affecting DYDZAK's disciplinary case and the disqualification issues of Defendant MILES thereto. Defendant MILES has failed and refused, and continues to fail and refuse, to produce his telephonic records during this time frame which would prove he did       communicate with the aforesaid individuals.

44.   On or about December 3, 2009, the Review Department of Defendant COURT, despite a flagrant and disturbing pattern of numerous acts of bias, prejudice and conflict of interest (or the appearance of same), and numerous constitutional and civil rights violations by Defendants MILES, REMKE, PURCELL, STOVITZ, EPSTEIN, McELROY and ARMENDARIZ and the other Defendants, as herein alleged, affirmed and modified Defendant MILES' tainted,

23-

DYDZAK V. GEORGE                    COMPLAINT

biased and unlawful decision by issuing an Opinion and Order on Review recommending DYDZAK's disbarment. Defendants REMKE, EPSTEIN and PURCELL had no jurisdiction to issue such an Opinion and Order On Review on the aforesaid date since there was a Writ pending before the California Supreme Court.

45.   On or about January 25, 2010, Charles Nettles, a deputy court clerk with Defendant COURT, and Michelle Cramton, a State Bar Administrator, were directed by Defendants REMKE, PURCELL and EPSTEIN of the Review Department to transmit its unfair, unlawful, and biased recommended decision of disbarment to the California Supreme Court. Upon information and belief, on or about January 27, 2010, Mr. Nettles and Ms. Cramton unlawfully and unconstitutionally served notice of said Transmittal of State Bar Court Recommendation, despite the fact that the Review Judges should have disqualified themselves and DYDZAK had not duly exhausted his post-decision remedies before petitioning Defendant SUPREME COURT OF CALIFORNIA.

46.   On or about January 27, 2010, Defendant BAR, by and through the Office of Chief Trial Counsel, and Mr. Nettles

DYDZAK V. GEORGE                    COMPLAINT

also served by mail a certificate of costs in DYDZAK's state bar
disciplinary case, Case No. 04-0-14383, 06-0-10960. This
included an unconscionable, unlawful, vague, unconstitutional
and excessive "base charge" assessment and other alleged costs
totaling $ 15,209.31 which are being sought against DYDZAK. The
base assessment in question evidences that Defendants COURT, BAR
and BOARD and Defendant JUDGES and employees/agents have a
biased incentive and agenda to prosecute attorneys such as
Plaintiff to reap an unjust windfall for themselves and
perpetuate the Bar bureaucracy. In DYDZAK's disciplinary matter,
the Defendant Judges could and cannot be fair and impartial when
there is, and was at all times herein mentioned, a clear-cut
economic incentive for them to discipline attorneys.

47.  At all times relevant hereto, and continuing to the
present, a series of internet articles at the Leslie Brodie blog
and other easily accessible world-wide web sources have exposed
numerous instances of misconduct and unfortunate judicial
corruption by State Bar Court Judges. For instance, former State
Bar Judge, Defendant STOVITZ,  continued to make rulings as a

DYDZAK V. GEORGE                    COMPLAINT

Judge Pro Tem when he had no judicial mandate to do so from the Supreme Court of California. In another matter, Review Judge EPSTEIN used her influence to obtain a favorable disciplinary resolution for a former associate of her defunct law firm.

48.    Community activist and actor, PERRY F. CARAVELLO, has lodged a formal complaint on or about July 26, 2010, with the Committee on Judicial Performance of the State of California concerning misconduct by Defendant GEORGE. For instance, CARAVELLO alleges that Defendant GEORGE flagrantly and unethically received illegal payments from Los Angeles County of approximately $ 30,000 per annum while he was a Los Angeles Superior Court Judge and did not report such payments on required Form 700. Defendant GEORGE continued to turn a blind eye to said illegal payments when he was appointed to the Supreme Court of California. Such actions resulted in California taxpayers being defrauded of more than $ 300 million dollars over a twenty-year period. This situation has been documented in the well-known case of incarcerated Richard Fine, a disbarred attorney who exposed said bribery and corruption and claims he

DYDZAK V. GEORGE                    COMPLAINT

is being politically persecuted for his stance.

49. Defendants MATZ, FEESS, KLAUSNER, MORROW, PHILLIPS, WU, COLLINS and ROSENBERG, beginning November 25, 2008, and continuing to the present, violated DYDZAK's civil and constitutional rights by conspiring, individually and in concert, to protect the Defendant Judges of the State Bar Court and Review Department, as well as certain bar officials and agents, from liability and a finding that DYDZAK's civil and constitutional rights were violated, as herein alleged. Said federal judges and magistrate engaged, without limitation, in the following unlawful and wrongful conduct:

(i) In federal lawsuits, DYDZAK v. STATE OF CALIFORNIA et al. (CV 08-7765-VAP-AGR), DYDZAK v. REMKE et al. (CV 10-828-UA (AGR)), and DYDZAK v. REMKE et al. (CV 10-1297- AHM(AGRx)) not allowing DYDZAK to prosecute said cases, conduct discovery, grant appropriate declaratory and injunctive relief, and obtain a waiver of the filing fee due to DYDZAK's indigent status in order to protect the State Bar and State Bar Court Defendants named herein, particularly state judges and state officials;

(ii) Falsely claiming that the cases were barred by the

-21-

DYDZAK V. GEORGE                    COMPLAINT

doctrines of federal abstention and quasi-judicial and judicial immunity, in order to protect the State Bar and State Bar Court Defendants named herein, particularly state judges and state officials;

(iii) Unilaterally taking the case of DYDZAK v. REMKE et al. (CV 10-1297) from fair and principled United States District Judge, PERCY ANDERSON, who discharged an OSC and properly ruled that the case was not barred by res judicata and presented triable issues not barred by federal abstention;

(iv) Unilaterally and illegally not allowing principled and fair U.S. District Judge PERCY ANDERSON to issue appropriate declaratory and injunctive relief to DYDZAK by "politically" reassigning Case No. CV 10-1297, by senior judge Defendant FEESS, to U.S. District Judge, Defendant MATZ and Defendant-Magistrate ROSENBERG. The latters' proven track record and biased modus operandi are, and have been at all times herein mentioned, to rule against DYDZAK, no matter what the facts and evidentiary record are, to ensure that he was disbarred to protect the illegal actions and conduct of Defendants herein.

(v) Defendant COLLINS, as chief judge of the United States

28-

DYDZAK V. GEORGE                    COMPLAINT

District Court for the Central District of California,
repeatedly condoning the pattern of misconduct and violation of
DYDZAK's civil and constitutional rights engaged in by certain
federal judges in her judicial district, notably Defendants
PHILLIPS and ROSENBERG; further denying access by DYDZAK to the
Central District Court by illegally denying him a waiver of a
filing fee despite his clearly indigent status on bogus,
deliberately misstated legal grounds.

(vi) Violating DYDZAK's due process and equal protection
rights guaranteed by the 5th and 14TH Amendments, and other
applicable law, so that DYDZAK could not have his day in court,
a trial on the merits, thereby depriving DYDZAK of practicing
law and unfairly and illegally leading to his disbarment at
present.

(vii) Denying DYDZAK oral argument, a trial on the merits
and appropriate injunctive and declaratory relief, because of
their bias, inability and reluctance to rule against any judge
in the California judiciary and uphold the Rule of Law.

(viii) Striking key pleadings from the record, issuing
certain rulings without jurisdiction, not disqualifying

-29-

DYDZAK V. GEORGE                    COMPLAINT

themselves despite a showing of bias or appearance of same, and deliberately misstating the evidentiary record, rulings and pleadings.

(ix) Intentionally delaying and making adverse rulings and not allowing DYDZAK a waiver of the filing fee for Case No. CV 10-828-UA (AGR) to retaliate against DYDZAK for exposing the bias and prejudice of Defendants ROSENBERG and PHILLIPS before the Ninth Circuit Court of Appeals and Associate Justice Stephen Breyer of the United States Supreme Court.

(x) Chief United States District Judge, Defendant COLLINS, willfully and intentionally condoning the unlawful actions of certain Judges of the United States Central District as well as the named Defendants, by on February 11, 2010: (a) falsely ruling in Case No. CV 10-828-UA (AGR) that the case failed to state a claim for relief and that judges and clerks enjoyed immunity; (b) refusing a waiver of the filing fee despite DYDZAK's indigent status against his due process rights.

(xi) Chief United States District Judge Defendant COLLINS willfully and intentionally trying to intimidate DYDZAK by

-30-

DYDZAK V. GEORGE                    COMPLAINT

having an U.S. Marshall contact him telephonically in or about March, 2010. Said Marshall at COLLINS' insistence falsely claimed that DYDZAK had allegedly mistreated federal court staff when he had not. DYDZAK had instead simply exercised his First Amendment Right of Expression when politely talking to said staff.

(xii) The aforesaid federal judges except on one occasion violating the California and U.S. Constitutions, and DYDZAK's civil rights, by repeatedly not allowing DYDZAK to make an evidentiary record through oral argument. So the politics of the sensitive subject matter of this litigation can be hidden from the press and public at large, DYDZAK has been refused without justification oral argument for any dispositive motion before any U.S. District Judge, against his constitutional and civil rights.

50. Beginning on or about August 5, 2008, and continuing to the present, the State Bar and State Bar Judge Defendants, and each of them, violated DYDZAK's civil and constitutional rights, including but not limited to a fair trial and post-trial

31-

DYDZAK V. GEORGE                    COMPLAINT

proceedings, by the following, without limitation:

(i) Defendant MILES and then the Review Judges not setting aside Defendant MILES' decision of August 5, 2008, contrary to the 5th and 14th Amendments and other applicable law, since same is void and/or voidable due to bias, prejudice, conflict of interest or the appearance of same;

(ii) Not providing DYDZAK a fair trial and post-trial proceedings as guaranteed by the 5th and 14th Amendments and other applicable law;

(iii) Not disqualifying Defendant MILES due to his actual prejudice, bias and conflict of interest against DYDZAK or the appearance of same;

(iv) Improperly upholding Defendant MILES' ruling on his own disqualification;

(v) Defendant MILES willfully perjuring himself as a judicial officer in violation of the Canons of Ethics, falsely claiming in his decision that he was not served with disqualification pleadings when he was as required by statute;

(vi) Not reinstating DYDZAK to active status retroactively as a licensed attorney, knowing that his

32

DYDZAK V. GEORGE                    COMPLAINT

constitutional and civil rights have been violated;

(vii) Placing DYDZAK on inactive status without a proper hearing against his civil, constitutional and due process rights;

(viii)   Defendant REMKE improperly ruling as part of the Review Panel even though she was the presiding judge and had an actual or inherent bias, prejudice or conflict of interest or the appearance of same;

(ix) Defendant COURT conspiring among its individual Judges to not disqualify Defendant MILES for political reasons, in order to uphold the purported integrity and reputation of the State Bar Court and the Review Department, when Defendant COURT and its individual judges knew that it was unlawful, unconscionable and against DYDZAK's civil and constitutional rights to do so;

(x)   Defendant BAR and BOARD improperly, "politically" and unlawfully pursuing disciplinary charges against Plaintiff during the time DYDZAK was suing for prior clients former State Bar President, Alan Rothenberg, and the latter's Century City

-33-

DYDZAK V. GEORGE          COMPLAINT

DYDZAK's professional work primarily as a Plaintiff's attorney.

(xiv)   Defendant MILES not disqualifying himself and writing a biased decision against DYDZAK when this judge knew or was aware that DYDZAK represented Shanel Stasz in two pending LASC lawsuits, which exposed his long-time friend and prior partner, Bernard Burk, former law firm, HOWARD, RICE, as well as prominent clients such as Charles Schwab & Co., Charles Schwab and the Hugo Quakenbush Trust and Estate to major multimillion dollar liability.

(xv) Defendant MILES not disqualifying himself and writing a biased decision against DYDZAK when a sworn Declaration from Sean Selegue, Esq. dated September 26, 2008, provides irrefutable evidence of contacts and communications of attorneys SELEGUE and HAUSMAN obtaining key pleadings from Defendant COURT without ordering or paying for same. Defendant SELEGUE had physical possession of the Miles' decision dated August 5, 2008, many months before it was posted on the internet and did not order or pay for same. Defendants SELEGUE and HAUSMAN were intimately familiar with DYDZAK's disciplinary proceedings,

35

DYDZAK V. GEORGE                    COMPLAINT

which shows that this information was provided to them by
Defendant MILES and  agents/employees of Defendant COURT under
his control or supervision.

(xvi) Defendant MILES having an actual conflict of interest,
prejudice or bias, or the appearance of same, and improperly,
unethically and unlawfully ruling on his own disqualification.
The Motion for Disqualification in question was filed on August
15, 2008. Judge MILES illegally ruled on his own
disqualification on August 20, 2008, in derogation of his duties
and responsibilities as a judicial officer.

(xvii) Defendant MILES' very act of ruling on his own
disqualification and unlawfully and unethically striking
DYDZAK's meritorious disqualification motion from the record
shows he had and has an actual bias, prejudice or conflict of
interest, or the appearance of same. Such conduct violated
DYDZAK's civil and constitutional rights as well as Section
106(e)(4) of the State Bar Rules of Procedure, C.C.P. Section
170.1(a)(6) and Canon 3C(1) of California's judicial ethics.

(xviii) Presiding and Review Judge REMKE and Supervising
Judge McELROY unconstitutionally and unlawfully taking more than

36

DYDZAK V. GEORGE                    COMPLAINT

two weeks (until September 5, 2008) to act on the
disqualification issue of Defendant MILES.

(xix) Defendant McELROY violating her judicial duties and
unethically and unlawfully acting in ruling on the
Reconsideration Motion concerning Judge MILES' disqualification
and the striking of his disqualification motion. Defendant
McELROY had an actual and inherent conflict of interest,
prejudice and bias, or the appearance of same, because (1) she
was specifically requested in writing not to rule on same because
she was the original trial judge; and (2) she was the original
trial judge who transferred the case to Judge MILES, and as such
had preconceived conceptions and ideas about DYDZAK and the
MILES' decision which would not allow her to be impartial and
unbiased.

(xx)  On or about September 25, 2008, Review Department
Judges ruling en banc on the disqualification of Defendant
MILES, summarily denying same. This action was biased, violated
DYDZAK's civil rights and was unconstitutional for a number of
reasons: (1) There was an unnecessary and improper 40-day delay

*37*-

DYDZAK V. GEORGE                    COMPLAINT

against due process; (2) The Review Department did not require the State Bar of California to brief the disqualification issue; (3) DYDZAK was not afforded oral argument; (4) The Review Department did not issue a sufficiently detailed decision to explain itself; (5) Presiding Judge REMKE should not have been a member of the Review Department, because of her inherent and actual conflict of interest and bias, or the appearance of same, being both the Presiding Judge and the Review Judge. (6) Judge REMKE should not have ruled on behalf of the Review Department, because of her extensive involvement in the disqualification matter at the hearing department stage.

(xxi)  The Review Petition for Interlocutory Relief re the Disqualification of Defendant MILES  was impermissibly intercepted and reviewed by Supervising Judge McELROY and this delayed the filing thereof.

(xxii)  Judge MILES perjured himself in a court pleading denying the disqualification and striking the disqualification motion by falsely claiming that he was not served with disqualification pleadings, even though his clerks have always accepted all disqualification pleadings for him per statutory



DYDZAK V. GEORGE                    COMPLAINT

1
2
3   requirements and as attested to by Anthony Rogell in sworn
4   Declarations which are part of the record.
5       (xxiii)  The Notice of Disciplinary Charges involving DYDZAK
6   did not properly notify him in writing that he could be placed
7   on inactive status with no Order to Show Cause hearing, a
8   violation of his civil rights and procedural and substantive due
9   process.
10      (xxiv) DYDZAK was denied his right to a fair trial and in
11  post-trial proceedings concerning the disqualification of
12  Defendant MILES and the reversing or setting aside of MILES'
13  decision dated August 5, 2008. Actual bias and the facts
14  surrounding such disqualification mandated recusal of State Bar
15  Judge MILES. The Stasz litigation, the timing of Defendant
16  MILES' decision, his relationship with Bernard Burk, his law
17  firm and their clients, Judge MILES' dishonesty re service and
18  ruling on and striking his own disqualification more than met
19  the state and federal law standard for disqualification.
20
21      (xxv)  Defendant MILES not disqualifying himself and setting
22  aside his decision of August 5, 2008, against DYDZAK, despite
23  knowing about Stasz' litigation (LASC Case Nos. BC383161 and
24
25                          ʒ1-
26  DYDZAK V. GEORGE              COMPLAINT
27
28

1
2
3  BC383162) whereby: (1) his long-time friend and former partner,
4  Bernard Burk, was being sued for millions of dollars in damages
5  and implicating HOWARD, RICE in major malfeasance and
6  corruption; and (2) both cases involving the Estate and/or Trust
7  of Hugo Quakenbush, the latter being the late co-founder of
8  Charles Schwab & Co. and one of the law firm's, Burk's and
9  MILES' long-time clients. MILES' decision was reached on August
10  5, 2008, during the period of service on Burk.

11      (xxvi) DYDZAK being denied procedural and substantive due
12  process and equal protection contrary to his civil rights and
13  the 5th and 14th Amendments by being put on inactive status by
14  Defendants MILES and COURT without a hearing or OSC.

15      (xxvii) Defendant MILES not disclosing at any time prior to
16  his decision of August 5, 2008, his professional relationship
17  and friendship with attorney Bernard Burk.

18      (xxviii) Defendant MILES not disqualifying himself and
19  setting aside his decision of August 5, 2008, against DYDZAK,
20  despite being aware of the STASZ litigation prior to DYDZAK's
21  inactive status and that Bernard Burk, Esq. was displeased STASZ
22
23
24
25                              -40-
26  DYDZAK V. GEORGE                    COMPLAINT
27
28

was pursuing legal claims against Burk and HOWARD, RICE clients.

(xxix)   Upon receiving the original disqualification motion, Defendant MILES improperly did not give that motion to another State Bar Judge to rule upon as required by state bar rules of procedure, the canons of ethics and other applicable law.

(xxx) Defendant MILES not disqualifying himself and setting aside his decision of August 5, 2008, against DYDZAK, despite being a party to a federal lawsuit involving Plaintiff and the subject of a formal investigation of which he is and was aware.

(xxxi) Defendant MILES falsely and perjurously claiming that he was not duly served with disqualification pleadings when Anthony Rogell has provided sworn and dated Declarations that service was effectuated on said judge or his clerk, as required by statute, with regard to all such pleadings.

(xxxii) At all relevant times, Defendants REMKE, EPSTEIN and PURCELL have refused to disqualify themselves in DYDZAK's disciplinary case despite being formally investigated and being parties and sued in a federal lawsuit involving Plaintiff.

(xxxiii)   Defendant MILES showing his bias by leaving out

DYDZAK V. GEORGE                    COMPLAINT

key evidence and exculpatory factors in his decision of August 5, 2008 against DYDZAK, including failing to properly grant a dispositive motion to dismiss the LaFlamme count in the Notice of Disciplinary Charges.

(xxxiv) At all relevant times, Defendants REMKE, EPSTEIN and PURCELL have perjured themselves by falsely claiming they were unaware of being sued in federal court, formally investigated, and served with disqualification and other motions in DYDZAK's disciplinary case.

(xxxv) Defendant MILES and agents and employees of Defendant COURT having unlawful and improper communications and contacts with HOWARD, RICE attorneys, Sean Selegue, Kenneth Hausman and Bernard Burk, concerning DYDZAK's disciplinary case.

(xxxvi) Defendant MILES and agents and employees of Defendant COURT unlawfully and improperly providing information and pleadings to HOWARD RICE attorneys, Sean Selegue, Kenneth Hausman and Bernard Burk, concerning DYDZAK's disciplinary case.

(xxxvii) At all relevant times, Defendants REMKE, EPSTEIN and PURCELL unlawfully striking key motions, including disqualification motions, from the record in DYDZAK's

DYDZAK V. GEORGE                    COMPLAINT

disciplinary case, showing actual bias, prejudice and conflict of interest, or the appearance of same.

(xxxviii) At all relevant times, Defendant ARMENDARIZ wrongfully and unethically refusing to disqualify herself in DYDZAK' disciplinary case, and further wrongfully and unethically striking the disqualification motion concerning herself from the record in DYDZAK's disciplinary case.

(xxxix) On or about February 9, 2009, Defendants and State Bar Review Judges REMKE, EPSTEIN and PURCELL wrongfully "hiding" an Order denying their disqualification in duplicity and conspiracy with Case Administrator, ROSALIE RUIZ. The subject Order was filed on February 9, 2009, but not properly served on DYDZAK. Plaintiff was deliberately left off the service list. The Order with the doctored proof of service was sent to DYDZAK's former counsel, Edward Lear, but not DYDZAK. Only when DYDZAK filed a request for a ruling did he finally obtain the Order with two proofs of service affixed thereto.

(xxxx) At all relevant times, the Review Judges improperly, unlawfully and deliberately did not rule on a second extension request by DYDZAK to pay for the reporter's transcript while

DYDZAK V. GEORGE                    COMPLAINT

subject to disqualification review by the California Supreme
Court. They further unlawfully refused to disqualify themselves
or refer the matter to the California Supreme Court or Judicial
Council.

(xxxxi) In taking the actions herein described, DYDZAK's
civil rights were violated as well as the 5th and 14th Amendments
as well as Article 1, Section 7(a) of the Constitution of the
State of California.

(xxxxii) In taking the actions herein described and not
disqualifying themselves due to their actual bias, prejudice,
conflict of interest, or the appearance of same, Defendants
MILES, ARMENDARIZ, REMKE, STOVITZ, EPSTEIN, McELROY and PURCELL
violated DYDZAK's civil rights.

(xxxxiii) In delaying ruling numerous times on DYDZAK's
motions, as herein alleged, Plaintiff's civil rights were
violated as well as Rule 1013 of the Rules of Procedure of the
State Bar Court.

(xxxxiv) In not deciding and adjudicating matters fairly,
correctly and efficiently, Defendants MILES, ARMENDARIZ, REMKE,
STOVITZ, EPSTEIN, McELROY and PURCELL violated DYDZAK's civil

DYDZAK V. GEORGE                    COMPLAINT

1
2
3   rights as well as Rule 1015 of the <u>Rules of Procedure</u> of the
4   State Bar Court.
5       (xxxxv) In acting unfairly and unlawfully, as herein
6   described, Defendants MILES, ARMENDARIZ, REMKE, STOVITZ, EPSTEIN,
7   McELROY and PURCELL did not perform the duties of their office
8   impartially and diligently. Such conduct violated DYDZAK's civil
9   rights and Canon 3 of the <u>California Code of Judicial Ethics</u>.
10      (xxxxvi)  The unlawful actions of Defendants MILES,
11  ARMENDARIZ, REMKE, EPSTEIN, McELROY and PURCELL, in ruling on
12  their own disqualification and not reinstating DYDZAK, have
13  affected his career, standing in his former profession, his
14  ability to earn a living, his former clients' cases, upcoming
15  court proceedings and appearances, and contributed substantially
16  to the demise of his marriage, now ending in divorce.
17      (xxxxvii) The unlawful non-service of the February 9, 2009
18  Order for over a month violated DYDZAK's civil rights, due
19  process and equal protection, and constituted judicial politics,
20  unfairness and bias towards DYDZAK.
21      (xxxxviii) Placing DYDZAK on inactive status before all
22  appellate remedies were pursued, and without an Order to Show
23
24
25
26  DYDZAK V. GEORGE                    COMPLAINT
27
28

Cause hearing, violated DYDZAK's civil rights as well as <u>Business and Professions Code</u>, Sections 6077©(4) and 6083.

(xxxxix) DYDZAK was unconscionably, unlawfully and unconstitutionally assessed $ 15,209.31 for alleged costs of prosecution in his disciplinary case. Such assessment demonstrates that Defendants COURT, BAR, BOARD, and the Defendant Judges, as well as Defendant Bar officials, employees and agents, have a predisposed economic incentive and bias to pursue disciplinary proceedings against attorneys such as DYDZAK, particularly sole practitioners and Plaintiff's attorneys, because of their pro-government political slant, desire to raise revenue for Defendant BAR, COURT and BOARD, and perpetuate a bloated Bar bureaucracy.

(xxxxx) In inordinately delaying ruling on motions involving his disciplinary case, DYDZAK's civil rights were violated as well as his due process right to reasonable and speedy adjudication contrary to the 5th, 6th and 14th Amendments.

(xxxxxi) At all relevant times, Defendant RUIZ engaged in preparing, dating and signing fraudulent proofs of service on behalf of Defendants COURT, REMKE, EPSTEIN and PURCELL, in order

DYDZAK V. GEORGE                    COMPLAINT

that DYDZAK would not receive pleadings timely and to prejudice his rights.

(xxxxxii) Defendants, COURT, REMKE, PURCELL and EPSTEIN, unlawfully and against procedural and substantive due process, held oral argument in DYDZAK's disciplinary case when they had no jurisdiction to do so, by virtue of their being pending Writs to the California Supreme Court and their being subject to disqualification.

(xxxxxiii) At all relevant times, CHARLENE FOSTER, an employee of Defendant BAR, in conspiracy and duplicity with BAR attorney, Danielle Lee, Esq. perjured herself on a proof of service, so that DYDZAK would be prejudiced in his receipt of opposition papers filed in his prior federal lawsuit.

(xxxxxiv)  In or about December, 2009, and January, 2010, and on other previous occasions, Defendants REMKE, EPSTEIN and PURCELL struck major motions and evidence from the record in DYDZAK's disciplinary case, as well as improperly and unlawfully ruled on their own disqualification, showing their outright bias and hostility towards DYDZAK.

(xxxxxv)  The pattern of delaying ruling by Defendants

DYDZAK V. GEORGE                    COMPLAINT

MILES, REMKE, EPSTEIN, PURCELL, STOVITZ and McELROY, violated
DYDZAK's civil rights and to be reinstated as an active member
of the State Bar of California so that he could earn a living.

(xxxxxvi)  The Orders and decisions of Defendants COURT,
MILES, REMKE, EPSTEIN, PURCELL, STOVITZ and McELROY, demonstrate
bias, prejudice and conflict of interest, or the appearance of
same, to such an extent that they are void or voidable and
violate DYDZAK's constitutional and civil rights.

(xxxxxvii)  The State Bar Rules of Procedure and State Bar
Act violate DYDZAK's constitutional rights, and are
unconstitutional on their face, insofar as the Presiding Judge
has adjudicatory functions over both the Hearing Department and
Review Department. As Presiding Judge, Defendant REMKE received
pleadings, papers, letters and other authority at the Hearing
Department stage concerning the disqualification of Judge MILES.
It was consequently improper and unlawful for her to be a member
of the Review Department in ruling against DYDZAK. Defendant
REMKE had an actual prejudice, conflict of interest or bias, or
the appearance of same, as a direct, proximate and legal result
thereof.

DYDZAK V. GEORGE                    COMPLAINT

(xxxxxviii) At all relevant times, Defendants REMKE, EPSTEIN and PURCELL unlawfully issued Orders and the Opinion on Review and Order on December 3, 2009, when they had no jurisdiction to do so as Writs were pending before the California Supreme Court and had not been adjudicated.

51.   In summarily disbarring DYDZAK, without written decision on the merits and not affording DYDZAK oral argument and briefing, Defendants SUPREME COURT OF CALIFORNIA and CALIFORNIA SUPREME COURT JUSTICES violated DYDZAK's civil and constitutional rights, including but not limited to violating the Supremacy Clause of the U.S. Constitution and the due process and equal protection clauses of the U.S. and California Constitutions. Furthermore, in not disclosing their relationship with HOWARD RICE and SELEGUE, and not respecting the Rule of Law towards DYDZAK, said Defendants, and each of them, unlawfully covered up for the corruption of the California Judiciary and certain State Bar Court and Review Judges, particularly the misconduct and malfeasance of Defendant MILES, as hereinbefore alleged.

DYDZAK V. GEORGE                    COMPLAINT

**FIRST CAUSE OF ACTION**

**(DEPRIVATION OF RIGHTS UNDER COLOR OF STATE LAW)**

**(AGAINST ALL NAMED DEFENDANTS OTHER THAN**

**HOWARD, RICE, BURK, SELEGUE AND HAUSMAN)**

52. Plaintiff refers to and incorporates, as though fully set forth herein, the preceding Preliminary Allegations and Paragraphs of the Complaint, including Paragraphs 1 through 51, inclusive.

53. This is an action for deprivation of constitutional rights under color of state law brought pursuant to the recodification Section 1979 of the Civil Rights Act of 1971, Title 42 United States Code, Section 1983, for remedies for Defendants' deprivation of Plaintiff's civil rights. Through this action, Plaintiff seeks all legal and equitable relief to which he may be entitled, including, but not limited to compensatory and punitive damages, attorney's fees and costs, prejudgment interest, and injunctive relief against the aforementioned Defendants and each of them.

54. Defendants, and each of them, have engaged in the



DYDZAK V. GEORGE                    COMPLAINT

unlawful and wrongful conduct and acts herein alleged, and thereby violated his civil rights.

55. At all times herein mentioned, Plaintiff was, and now is, a resident of Los Angeles County, State of California.

56. At all times herein mentioned, Defendants, and each of them, acted under color of their authority as such in doing all the things herein mentioned and taking the actions herein alleged.

57. In taking the actions herein alleged, Defendants acted, and continue to act, under color of and pursuant to the laws, statutes, ordinances, regulations, customs, and usages of the State of California, the State Bar of California, and the the State Bar Court and pursuant to the official policies and practices of said Defendants.

58. By reason of the aforesaid conduct of Defendants and each of them, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Constitution of the United States and laws enacted thereunder in that the unlawful, wrongful and oppressive conduct herein alleged amounted to an

51-

DYDZAK V. GEORGE                    COMPLAINT

arbitrary, vindictive, malicious and unprofessional intrusion by
Defendants into the security, safety and well-being of
Plaintiff's privacy, person, and livelihood and were not
authorized by law. Furthermore, the herein described civil
rights violations and unlawful and wrongful actions to
Plaintiff's person and livelihood  d deprived Plaintiff of
liberty and property without due process of law, including the
ability to practice law as an active member of the State Bar of
California.

59. Jurisdiction of the subject matter of this action is
established in this Court under Title 28 of the United States
Code, Section 1343.

60. As a direct, legal and proximate result of Defendants'
actions against Plaintiff, as alleged above, Plaintiff has been
harmed in that Plaintiff was injured, subjected to humiliation,
indignity, undue emotional trauma and stress and prevented from
transacting and attending to his normal business and personal
affairs. Plaintiff suffered great physical and mental pain and
suffering, all to his general damage in an amount according to

DYDZAK V. GEORGE

*52-*

COMPLAINT

proof at or before trial.

61. As a direct, legal and proximate result of the Defendants' actions and conduct, Plaintiff has also incurred special damages and medical expenses, in an amount according to proof at or before trial.

62. The above-recited actions of Defendants, and each of them, in depriving Plaintiff of his constitutionally protected rights were done with evil motive and intent, maliciously and with reckless or callous indifference to Plaintiff's rights. Plaintiff is therefore entitled to an award of exemplary or punitive damages, according to proof.

63. Plaintiff is informed and believes, and thereon alleges, that Defendants will continue in their unlawful conduct, unless and until restrained by the Court. If Defendants are not restrained, as specified below, Plaintiff will sustain immediate and irreparable injury, loss, and damage in that Plaintiff will continue to experience and suffer from the fear of additional, unwarranted scrutiny and will continue to suffer humiliation and indignity, as well as great physical and mental

DYDZAK V. GEORGE                    COMPLAINT

SER 733

pain and suffering, resulting from Defendants' ongoing deprivation of his rights, including but not limited to his right to practice law as an active member of the State Bar of California.

64. Plaintiff has duly exhausted state law remedies available to him prior to filing suit, including approximately five Writs of Review to the California Supreme Court which were denied without prejudice and without a hearing on the merits.

65. Therefore, Plaintiff requests the following injunctive relief, equitable relief, declaratory relief and other legal relief against Defendants and each of them, to wit:

1. That it is adjudged and decreed that DYDZAK's constitutional rights and civil rights were violated, and continue to be violated, by Defendants, and each of them, as herein alleged, particularly due to the failure by Defendant MILES, Defendant COURT and the individual Defendant Judges of the State Bar Court and Review Department to disqualify Defendant MILES and set aside his decision of August 5, 2008;

2. That the decision of August 5, 2008, by Defendant

DYDZAK V. GEORGE                    COMPLAINT

1

2

3     MILES recommending DYDZAK's disbarment be set aside as void or

4     voidable based upon violation of DYDZAK's civil and

5     constitutional rights, and based upon DYDZAK's showing of

6     unclean hands, judicial misconduct, government misconduct, bias,

7     prejudice and conflict of interest or the appearance of same, by

8     Defendants and each of them.

9          3.    That the Opinion on Review and Order filed

10    December 3, 2009, by Defendants REMKE, EPSTEIN and PURCELL be

11    set aside as void or voidable based upon violation of DYDZAK's

12    civil and constitutional rights, and based upon DYDZAK's showing

13    of unclean hands, judicial misconduct, government misconduct,

14    bias, prejudice and conflict of interest or the appearance of

15    same, by Defendants and each of them.

16

17          4.    That the Transmittal of State Bar Court

18    Recommendation, imposition of costs and proposed Order to the

19    California Supreme Court recommending DYDZAK's disbarment by

20    Defendant COURT be set aside, stricken or reversed based upon

21    violation of DYDZAK's civil and constitutional rights, and based

22    upon DYDZAK's showing of unclean hands, judicial misconduct,

23

24

25

26    DYDZAK V. GEORGE               COMPLAINT

27

28

government misconduct, bias, prejudice and conflict of interest
or the appearance of same, by Defendants and each of them.

5.   That the Order entered on or about May 12, 2010, or
any other Order by Defendant SUPREME COURT OF CALIFORNIA and
Defendants CALIFORNIA SUPREME COURT JUDGES, disbarring DYDZAK
from the practice of law in California, imposing disciplinary
costs, and striking his name from the roll of attorneys be set
aside, stricken or reversed based upon violation of DYDZAK's
civil and constitutional rights, and based upon DYDZAK's showing
of unclean hands, judicial misconduct, government misconduct,
bias, prejudice and conflict of interest or the appearance of
same, by Defendants and each of them.

6.   That DYDZAK be restored to active status
forthwith and retroactively as of August 5, 2008, as a member of
the State Bar of California due to the aforesaid wrongful and
unlawful conduct and violation of his civil and constitutional
rights;

.   That the State Bar Court and Review Department,
and any of the named Defendant Judges of said Court and Review

DYDZAK V. GEORGE                    COMPLAINT

Department, be prevented, disqualified and enjoined from ruling
on any legal matters involving the discipline of DYDZAK
retroactively, presently and in the future due to their past and
ongoing civil and constitutional rights violations towards him;

7.   That this Court issue appropriate injunctive
relief in the form of a Temporary Restraining Order, Preliminary
Injunction or Permanent Injunction, or whatever similar
equitable relief it believes is appropriate and legal to protect
Plaintiff's civil, legal and constitutional rights;

8.   That this Honorable Court appoint an independent
federal judge or other appropriate body outside the State Bar
Court and Review Department to adjudicate, hear, settle and
resolve any disciplinary matters involving DYDZAK due to the
past and ongoing violation of his civil and constitutional
rights by Defendants and each of them.

9.   That the entire Chief Trial Counsel's Office and
Office of General Counsel of the State Bar of California,
including but not limited to Eli Mortgenstern, Scott Drexel,
Augustus Hernandez, Janet Hunt, Victoria Malloy, and Danielle

DYDZAK V. GEORGE                    COMPLAINT

Lee, be enjoined and disqualified from being involved in any
disciplinary matters involving DYDZAK because of their past and
ongoing violation of DYDZAK's civil and constitutional rights
and clear bias, prejudice, conflict of interest and animosity
towards him, without foundation.

10.    That there be a declaration that Plaintiff's right
to a fair trial and post-trial proceedings were violated along
with other civil, legal and constitutional rights by Defendants
and each of them.

11.    That Defendants MATZ, FEESS, KLAUSNER, MORROW, WU,
PHILLIPS, ROSENBERG and COLLINS be enjoined from hearing and
adjudicating any issue and aspect of the within action due to
their bias, prejudice, and conflict of interest, or the
appearance of same.

12.    That DYDZAK be granted appropriate declaratory relief,
in order to protect his civil and constitutional rights and
remedy the unlawful actions and conduct alleged herein, and
allow him to practice law forthwith in the State of California.

**SECOND CAUSE OF ACTION**

DYDZAK V. GEORGE                    COMPLAINT

**(INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS)**

**(AGAINST DEFENDANTS BURK, SELEGUE AND HAUSMAN)**

66.   Plaintiff refers to and incorporates by reference herein Paragraphs 1 through 65, inclusive, of this Complaint, as though fully set forth herein.

67.   On August 8, 2008, and at all other relevant times hereto, there existed an economic relationship between DYDZAK and SHANEL STASZ by virtue of their attorney-client agreement whereby DYDZAK agreed to represent STASZ in her LASC litigation, as hereinbefore alleged and described.    STASZ agreed that DYDZAK would receive as attorney's fees 1/3 of any gross recovery, either by judgment or settlement, in her LASC litigation.

68. At all times herein mentioned, and continuing to the present, DYDZAK has enjoyed cordial relations with Ms. Stasz, and previously represented her in a number of legal matters while licensed as an attorney. In the past, he has benefited financially from representing Ms. Stasz and received


-59-

DYDZAK V. GEORGE                    COMPLAINT

professional fees.

69.  On or about August 8, 2008, and at all times relevant hereto, Defendants HOWARD, RICE, HAUSMAN, SELEGUE and BURK were well aware of the existence of the economic relationship between DYDZAK and Ms. Stasz. Attorney Burk knew that DYDZAK represented STASZ on a number of legal matters and communicated with DYDZAK on legal issues involving STASZ in or about July, 2008.

70.  In unlawfully communicating with Defendant MILES, and agents and employees of Defendant COURT, about DYDZAK's disciplinary proceedings, and in improperly and illegally gaining access to the MILES' decision directly through contacting MILES, or his agents and employees thereof, Defendants BURK, HAUSMAN and SELEGUE, individually and on behalf of Defendant HOWARD RICE, persuaded and influenced MILES to put DYDZAK on inactive status and recommend his disbarment. This unlawful conduct was done, so that HOWARD RICE clients and Defendant BURK's legal interests could be protected from major liability and expense.

71.  As a direct, legal and proximate result thereof, Plaintiff has sustained general pain and suffering, severe

DYDZAK V. GEORGE                    COMPLAINT

emotional distress and anguish, loss of earnings and earning
capacity, loss of good will and reputation, incurred substantial
loans which has been unable to repay to date, and further
incurred considerable storage and moving costs, all to his
general damage, according to proof at or before trial.

### THIRD CAUSE OF ACTION

### (FRAUD)

### (AGAINST DEFENDANT SELEGUE)

72.   Plaintiff refers to and incorporates, as though fully
set forth herein, Paragraphs 1 through 71, inclusive, of the
Complaint.

73.   In a sworn Declaration dated September 26, 2010, in the
STASZ litigation against Defendant BURK, submitted in connection
with a Motion to Quash Service, Defendant SELEGUE falsely
represented under oath that he obtained access to the MILES'
decision by traveling to Los Angeles, California, to obtain
same.

74. This representation was in fact false, fraudulent and

-b/-

DYDZAK V. GEORGE                    COMPLAINT

misleading. The true facts were that Defendant SELEGUE willfully
perjured himself on this point and thereby committed a felony;
never traveled to Los Angeles to obtain the MILES' decision;
unlawfully and illegally obtained MILES' Decision directly from
MILES and/or an agent or employee of Defendant COURT; tortiously
interfered with the attorney-client relationship between DYDZAK
and STASZ by illegally and unethically communicating with
Defendant MILES; conspired with Defendant MILES and other
members of his law firm to destroy DYDZAK's ability to practice
law and represent STASZ in her LASC cases; influenced and
persuaded MILES in conspiracy with Defendants HAUSMAN and BURK
to have DYDZAK disbarred; had not properly ordered nor paid for
MILES' Decision dated August 5, 2008, affecting DYDZAK; intended
by his dishonest and fraudulent Declaration to gain a tactical
advantage in litigation against STASZ; and intended to
maliciously and permanently injure DYDZAK's career, reputation
and livelihood by the aforesaid actions and by virtue of his
fraudulent and dishonest Declaration.

75. Had DYDZAK known the foregoing on or about September

DYDZAK V. GEORGE                COMPLAINT

26, 2008, or before said date, and had he further known about
the misconduct of Defendants SELEGUE, HAUSMAN and BURK, on or
before September 26, 2008, as herein alleged, he would have
advised STASZ to immediately report. SELEGUE and HOWARD, RICE
to the State Bar of California for ethical and professional
violations, including but not limited to Defendant SELEGUE
committing perjury, a felony and crime of moral turpitude.
DYDZAK further would have moved before Defendant MILES made his
fraudulent and unethical Decision against him for an Order
disqualifying Defendant MILES from making a decision due to the
jurist's prejudice, bias and conflict of interest or the
appearance of same.

76.  As a direct, legal and proximate result of the fraud
perpetrated by Defendant SELEGUE, and the aforementioned false
representation, Plaintiff has suffered general damages, in an
amount not yet ascertained. Plaintiff will seek leave to amend
the Complaint in order to set forth such amount when it is
determined, according to proof.

77.  In taking the actions herein alleged, and making the



DYDZAK V. GEORGE                    COMPLAINT

misrepresentation herein described, Defendant SELEGUE acted
maliciously, oppressively, and fraudulently, in conscious
disregard of Plaintiff's rights. Plaintiff is, therefore,
entitled to an award of exemplary or punitive damages, according
to proof.

WHEREFORE, Plaintiff prays judgment as follows:

ON FIRST CAUSE OF ACTION:

1.    For general damages in the amount of $ 10,000,000;

2.    For special damages and medical expenses, according to
proof;

3.    For punitive damages, according to proof;

4.    For injunctive relief as set forth herein;

5.    For reasonable attorney's fees pursuant to Title 42 of
the United States Code, Section 1988(b);

6.    For costs of suit incurred herein;

7.    For a dismissal of any alleged disciplinary charges
against DYDZAK due to the violation of his civil, legal,
equitable and constitutional rights;

8.    For such other and further relief as the Court deems
just and proper in the premises;

DYDZAK V. GEORGE                    COMPLAINT

9.   Setting aside and declaring void or voidable Defendant MILES' unlawful, unconstitutional, biased, and illegal State Bar Decision dated August 5, 2008 against DYDZAK, and any other unconstitutional, unlawful and illegal rulings, orders, opinions and decisions of the State Bar Court and Review Department referenced herein and pertaining thereto;

10.   Setting aside and declaring void or voidable the unlawful, biased, unconstitutional, and illegal Opinion On Review and Order filed December 3, 2009, by Defendants REMKE, EPSTEIN and PURCELL against DYDZAK, and any other unconstitutional, unlawful and illegal rulings, orders, opinions and decisions of the State Bar Court and Review Department referenced herein and pertaining thereto;

11.   Enjoining, setting aside and declaring void or voidable the transmittal of the State Bar Court Recommendation, Imposition of Costs, and Proposed Order to the California Supreme Court against DYDZAK, as alleged herein;

12.   Setting aside and declaring void or voidable the unlawful, biased, unconstitutional, and illegal Order of the



DYDZAK V. GEORGE                    COMPLAINT

1
2
3  Supreme Court of California entered on or about May 12, 2010,
4  disbarring DYDZAK, assessing unlawful and vague disciplinary
5  costs, and illegally removing him from the roll of attorneys
6  admitted to practice law in the State of California.
7     13.  For any injunctive relief as allowed by Federal Rules
8  of Civil Procedure, Rules 57, 65, and other appropriate Rules
9  therein as well as 42 U.S.C. Section 1983 et seq. ;
10    14.  For appropriate declaratory relief and judgment by
11 virtue of 28 U.S.C. Section 2201 et seq.
12
13   ON SECOND CAUSE OF ACTION
14    1.   For general damages, according to proof;
15    2.   For costs of suit incurred herein;
16    3.   For such other and further relief as ordered by
17 this Honorable Court and warranted in the premises.
18
19   ON THIRD CAUSE OF ACTION
20    1.   For general damages, according to proof;
21    2.   For punitive damages, according to proof;
22    3.   For costs of suit incurred herein;
23
24
25
26 DYDZAK V. GEORGE            COMPLAINT
27
28

1
2
3        4.    For such other and further relief as ordered by this
4    Honorable Court and warranted in the premises.
5
6    Dated: August 4, 2010
7                                DANIEL D. DYDZAK
8                                Plaintiff Pro Se
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26   DYDZAK V. GEORGE              COMPLAINT
27
28

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Stephen V. Wilson and the assigned discovery Magistrate Judge is ___*NoNe*_____.

The case number on all documents filed with the Court should read as follows:

## CV10- 5820 SVW

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
DANIEL DAVID DYDZAK
Plaintiff Pro Se
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292

**FOR OFFICE USE ONLY**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DANIEL DAVID DYDZAK,

PLAINTIFF(S)

v.

RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD, [ATTACHMENT A]

DEFENDANT(S).

CASE NUMBER

CV10 5820 SVW

**SUMMONS**

TO: DEFENDANT(S): RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD, [ATTACHMENT A]

A lawsuit has been filed against you.

Within _21_ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _DANIEL DAVID DYDZAK, IN SE_, whose address is _4265 Marina City Drive, #407W, Marina del Rey, CA 90292_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _8-5-10_   By: _CHRIS SAWYER_
                                 Deputy Clerk
                                 (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                           SUMMONS

**SER 749**

ATTACHMENT A

KATHRYN MICKLE WERDEGAR, MING W. CHIN, MARVIN R. BAXTER, CAROL A. CORRIGAN, SUPREME COURT OF CALIFORNIA, STATE BAR OF CALIFORNIA, DONALD F. MILES, STATE BAR COURT, BOARD OF GOVERNORS OF STATE BAR OF CALIFORNIA, JOANN M. REMKE,  CATHERINE D. PURCELL, JUDITH EPSTEIN, RONALD W. STOVITZ, PATRICE E. McELROY, RICHARD A. PLATEL, LUCY ARMENDARIZ, RICHARD A. HONN, BERNARD A. BURK, KENNETH G. HAUSMAN, SEAN M. SELEGUE, HOWARD, RICE, NEMEROSKI, CANADY,  FALK & RABKIN,  SCOTT DREXEL, A. HOWARD MATZ, GARY A. FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU, VIRGINIA A. PHILLIPS, AUDREY B. COLLINS, ALICIA G. ROSENBERG, and DOES 1 through 10, Inclusive,

CV-127 (09-09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

Name & Address:
DANIEL DAVID DYDZAK
Plaintiff Pro Se
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292

FOR OFFICE USE ONLY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DANIEL DAVID DYDZAK,

PLAINTIFF(S)

v.

RONALD M. GEORGE, CARLOS R. MORENO,
JOYCE L. KENNARD, [ATTACHMENT A]

DEFENDANT(S).

CASE NUMBER

CV10 5820 - $SVU$

SUMMONS

TO: DEFENDANT(S): RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD,
[ATTACHMENT A]

A lawsuit has been filed against you.

Within __60__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _DANIEL DAVID DYDZAK, Pro Se_, whose address is _4265 Marina City Drive, #407W, Marina del Rey, CA 90292_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Dated: __8-5-10__

Clerk, U.S. District Court

By: _____

CHRIS SAWYER

Deputy Clerk

(Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

SER 751

ATTACHMENT A

KATHRYN MICKLE WERDEGAR, MING W. CHIN, MARVIN R. BAXTER, CAROL A. CORRIGAN, SUPREME COURT OF CALIFORNIA, STATE BAR OF CALIFORNIA, DONALD F. MILES, STATE BAR COURT, BOARD OF GOVERNORS OF STATE BAR OF CALIFORNIA, JOANN M. REMKE, CATHERINE D. PURCELL, JUDITH EPSTEIN, RONALD W. STOVITZ, PATRICE E. McELROY, RICHARD A. PLATEL, LUCY ARMENDARIZ, RICHARD A. HONN, BERNARD A. BURK, KENNETH G. HAUSMAN, SEAN M. SELEGUE, HOWARD, RICE, NEMEROSKI, CANADY, FALK & RABKIN, SCOTT DREXEL, A. HOWARD MATZ, GARY A. FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU, VIRGINIA A. PHILLIPS, AUDREY B. COLLINS, ALICIA G. ROSENBERG, and DOES 1 through 10, Inclusive,

CV-127 (09-09)          PLEADING PAGE FOR A SUBSEQUENT DOCUMENT

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☑)
DANIEL DAVID DYDZAK

**DEFENDANTS**
RONALD M. GEORGE, CARLOS R. MORENO, JOYCE L. KENNARD,
[ATTACHMENT A]

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

DANIEL DAVID DYDZAK, PLAINTIFF PRO SE,4265 MARINA CITY
DRIVE, SUITE 407W, MARINA DEL REY, CA 90292
TELEPHONE: (310) 867-1289

Attorneys (If Known)

DANIELLE A. LEE, ESQ.
180 HOWARD STREET, SAN FRANCISCO, CA 94105
TELEPHONE: (415) 538-2339

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑1 | ☑1 | Incorporated or Principal Place of Business in this State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (Place an X in one box only.)

☑1 Original Proceeding  ☐2 Removed from State Court  ☐3 Remanded from Appellate Court  ☐4 Reinstated or Reopened  ☐5 Transferred from another district (specify):  ☐6 Multi-District Litigation  ☐7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 10,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CIVIL RIGHTS ACTION, TITLE 42 U.S.C. SECTION 1983; FRAUD; INTENTIONAL INTERFERENCE WITH ECONOMIC RELATIONS

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)  CIVIL COVER SHEET  Page 1 of 2

**SER 753**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): CV-08-7765-VAP-AGR; CV 10-1297-PA and AHM (AGRx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☑ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff DANIEL DAVID DYDZAK | Los Angeles County, State of California |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Defendant RONALD M. GEORGE | San Francisco County, State of California |
| Defendant CARLOS R. MORENO | San Francisco County, State of California |
| Defendant JOYCE L. KENNARD [Attachment For Other Defendants] | San Francisco County, State of California |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY, STATE OF CALIFORNIA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date August 5, 2010

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

SER 754

ATTACHMENT A

KATHRYN MICKLE WERDEGAR, MING W. CHIN, MARVIN R. BAXTER, CAROL A. CORRIGAN, SUPREME COURT OF CALIFORNIA, STATE BAR OF CALIFORNIA, DONALD F. MILES, STATE BAR COURT, BOARD OF GOVERNORS OF STATE BAR OF CALIFORNIA, JOANN M. REMKE, CATHERINE D. PURCELL, JUDITH EPSTEIN, RONALD W. STOVITZ, PATRICE E. McELROY, RICHARD A. PLATEL, LUCY ARMENDARIZ, RICHARD A. HONN, BERNARD A. BURK, KENNETH G. HAUSMAN, SEAN M. SELEGUE, HOWARD, RICE, NEMEROSKI, CANADY, FALK & RABKIN, SCOTT DREXEL, A. HOWARD MATZ, GARY A. FEESS, R. GARY KLAUSNER, MARGARET M. MORROW, GEORGE H. WU, VIRGINIA A. PHILLIPS, AUDREY B. COLLINS, ALICIA G. ROSENBERG, and DOES 1 through 10, Inclusive,

SER 755

ATTACHMENT FOR OTHER DEFENDANTS

Defendant KATHRYN MICKLE WERDEGAR — San Francisco County, State of California

Defendant MING W. CHIN — San Francisco County, State of California

Defendant MARVIN R. BAXTER — San Francisco County, State of California

Defendant CAROL A. CORRIGAN — San Francisco County, State of California

Defendant SUPREME COURT OF CALIFORNIA — San Francisco County, State of California

Defendant STATE BAR OF CALIFORNIA — San Francisco County, State of California

Defendant DONALD F. MILES — Los Angeles County, State of California

Defendant STATE BAR COURT — Los Angeles County, State of California

Defendant BOARD OF GOVERNORS OF
STATE BAR OF CALIFORNIA — San Francisco County, State of California

Defendant JOANN M. REMKE — Los Angeles County, State of California

Defendant CATHERINE D. PURCELL — Los Angeles County, State of California

Defendant JUDITH EPSTEIN — Los Angeles County, State of California

Defendant RONALD W. STOVITZ — Los Angeles County, State of California

Defendant PATRICE E. McELROY — Los Angeles County, State of California

Defendant RICHARD A. PLATEL — Los Angeles County, State of California

Defendant LUCY ARMENDARIZ — Los Angeles County, State of California

Defendant RICHARD A. HONN — Los Angeles County, State of California

Defendant BERNARD A. BURK — San Francisco County, State of California

Defendant KENNETH G. HAUSMAN — San Francisco County, State of California

Defendant SEAN A. SELEGUE — San Francisco County, State of California

Defendant HOWARD, RICE, NEMEROSKI
CANADY, FALK & RABKIN — San Francisco County, State of California

Defendant SCOTT DREXEL — San Francisco County, State of California

SER 756

ATTACHMENT FOR OTHER DEFENDANTS (Page 2)

| | |
|---|---|
| Defendant A. HOWARD MATZ | Los Angeles County, State of California |
| Defendant GARY A. FEESS | Los Angeles County, State of California |
| Defendant R. GARY KLAUSNER | Los Angeles Count County, State of California |
| Defendant MARGARET M. MORROW | Los Angeles County, State of California |
| Defendant GEORGE H. WU | Los Angeles County, State of California |
| Defendant VIRGINIA A. PHILLIPS | Riverside County, State of California |
| Defendant AUDREY B. COLLINS | Los Angeles County, State of California |
| Defendant ALICIA G. ROSENBERG | Los Angeles County, State of California |

# Exhibit E

California Supreme Court docket, Case No. S179850, entry dated September 11, 2019

# Appellate Courts Case Information



CALIFORNIA COURTS
THE JUDICIAL BRANCH OF CALIFORNIA

Supreme Court



Change court

## Docket (Register of Actions)

**DYDZAK ON DISCIPLINE**
**Division SF**
**Case Number S179850**

| Date | Description | Notes |
|------|-------------|-------|
| 01/27/2010 | Record of State Bar discipline filed | recommendation: disbarment.<br><br>*7 volumes. |
| 04/01/2010 | Petition for writ of review filed | Petitioner: Daniel David Dydzak<br>Attorney: Daniel David Dydzak under CRC 8.25(b) |
| 04/01/2010 | Forma pauperis application filed | |
| 04/20/2010 | Response by State Bar filed | Non-Title Respondent: State Bar of California<br>Attorney: Danielle A. Lee |
| 05/03/2010 | Reply to State Bar response filed | Petitioner: Daniel David Dydzak<br>Attorney: Daniel David Dydzak crc 8.25 (b) |
| 05/12/2010 | Petition for writ of review denied; disbarred | The petition for writ of review is denied.<br>The court orders that Daniel David Dydzak, State Bar Number 121857, is disbarred from the practice of law in California and that his name is stricken from the roll of attorneys.<br>Daniel David Dydzak must also comply with rule 9.20 of the California Rules of Court and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of this order.<br>Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment. |
| 05/21/2010 | Order filed | The order filed on May 12, 2010, is amended as to the State Bar case numbers to read; "S.B.C. Nos. 04-O-14383/06-O-10960." |
| 06/01/2010 | Received: | notice from the Supreme Court of United States, dated May 27, 2010; petition for writ of certiorari was filed May 24, 2010,and placed on the US Supreme Court docket on May 27, 2010, under No. 09-11066. |
| 06/04/2010 | Received: | service copy of notice that petition is filed under US Supreme Court # 09-11066. |
| 07/26/2010 | Note: Mail returned (unable to forward) | states name does not exist; return to sender. |
| 10/07/2010 | Received: | from the Supreme Court of the United States, Office of the Clerk, dated October 4, 2010, a notice that the petition for writ of certiorari filed under case# 09-11066, was denied. |
| 01/11/2012 | Motion filed | by Daniel D. Dydzak, petitioner, to reopen disciplinary case due to fraud upon the court and reverse and set aside void disbarment order.<br><br>(to court for consideration) |
| 01/23/2012 | Received: | Letter and proposed order from petitioner. |
| 01/30/2012 | Received: | Petitioner's request for ruling forthwith on pending motion |
| 02/06/2012 | Received: | Petitioner's second request for ruling on pending motion |
| 02/15/2012 | Received: | Petitioner's Third Request for Ruling Forthwith on Pending Motion |

SER 759

| | | |
|---|---|---|
| 02/15/2012 | Motion denied | The motion to reopen the disciplinary proceeding filed on January 11, 2012 is denied. |
| 02/22/2012 | Note: Mail returned (unable to forward) | Order filed 2/15/12, sent to petitioner. |
| 09/20/2013 | Returned record | to State Bar Court (7 vols.) |
| 03/01/2018 | Motion filed | Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order<br><br>Daniel David Dydzak, Petitioner |
| 03/19/2018 | Received: | Petitioner's Request for Expedited Ruling. |
| 03/19/2018 | Application for relief from default filed | By State Bar of California to file Opposition to Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order. |
| 03/19/2018 | Received: | State Bar's Untimely Opposition to Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order. |
| 03/21/2018 | Letter sent to: | Sean T. Strauss, The State Bar of California, Office of General Counsel<br><br>Dear Mr Strauss:<br><br>The court has considered your application to file your untimely opposition to petitioner's motion to reopen his disciplinary case and reverse, set aside, or vacate unlawful disbarment order. Your application to file the untimely opposition has been denied. (Cal. Rules of Court, rule 8.60(d).)<br><br>The court has directed that your motion be returned to you, and we are returning herewith the original and eight copies of the motion. |
| 05/09/2018 | Motion denied | The motion to reopen disciplinary case and reverse, set aside, or vacate disbarment order is denied. |
| 05/14/2018 | Motion filed | Motion to reverse and set aside void order filed May 9, 2018, and to disqualify Chief Justice Tani Cantil-Sakauye<br><br>Daniel David Dydzak, Petitioner |
| 05/17/2018 | Motion filed | Petitioner Dydzak's Motion to Reconsider, Reverse and Set Aside Void Order Filed and Dated May 9, 2018; Memorandum of Points and Authorities; Declaration of Daniel David Dydzak in Support Thereof; Exhibit; Request for Oral Argument<br><br>Daniel David Dydzak, Petitioner |
| 05/17/2018 | Received: | Letter dated May 14, 2018, from petitioner Daniel Dydzak |
| 05/21/2018 | Received: | Letter dated May 16, 2018, from petitioner Daniel Dydzak |
| 05/21/2018 | Note: Mail returned (unable to forward) | Order issued on May 9, 2018 to petitioner. |
| 05/24/2018 | Received: | Letter dated May 20, 2018, from petitioner Daniel Dydzak |
| 05/24/2018 | Received: | Letter dated May 21, 2018, from petitioner Daniel Dydzak |
| 06/06/2018 | Filed: | Petitioner's Notice of Non-Opposition by State Bar of California to Petitioner Dydzak's Two Pending Motions |
| 06/06/2018 | Filed: | Petitioner's Request for Expedited Ruling Re: Petitioner Dydzak's Two Pending Motions and Proposed Order |
| 06/06/2018 | Filed: | Petitioner's Request for Judicial Notice; Declaration of Daniel D. Dydzak thereto; Exhibit |
| 06/14/2018 | Received: | Letter dated June 11, 2018, from petitioner Daniel D. Dydzak |
| 06/27/2018 | Motion denied | The request for judicial notice filed June 6, 2018, is granted. The motion to reverse and set aside order and disqualify the Chief Justice, filed May 14, 2018, is denied. The motion to reconsider, reverse, and set aside order, filed May 17, 2018, is denied. |
| 07/02/2018 | Received: | Letter dated June 29, 2018, from petitioner Daniel D. Dydzak. |
| 07/02/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed June 27, 2018 Due to Lack of Proper Quorum and to Disqualify Chief Justice Tani Cantil-Sakauye Based Upon Disqualification Factors and a Showing of Extrinsic Fraud |

| 07/16/2018 | Received: | Letter dated July 13, 2018, from petitioner Daniel D. Dydzak. |
|---|---|---|
| 07/16/2018 | Filed: | Petitioner Dydzak's Request for Expedited Ruling Re: Motion to Reverse and Ser Aside Void Order Filed June 27, 2018, etc. |
| 08/08/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed July 2, 2018, is denied. |
| 08/13/2018 | Received: | Letter dated August 11, 2018, from petitioner Daniel D. Dydzak. |
| 08/13/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed August 8, 2018 Due to Lack of Proper Quorum |
| 08/20/2018 | Received: | Letter dated August 15, 2018, from petitioner Daniel D. Dydzak. |
| 09/12/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed August 13, 2018, is denied. |
| 09/17/2018 | Received: | Letter dated September 15, 2018, from petitioner Daniel D. Dydzak. |
| 09/17/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed September 12, 2018 Due to Lack of Proper Quorum |
| 09/17/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 12, 2018, addressed to the Commission on Judicial Performance. |
| 09/17/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 14, 2018, addressed to the Commission on Judicial Performance. |
| 09/20/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 18, 2018, addressed to the Commission on Judicial Performance. |
| 09/24/2018 | Note: Mail returned (unable to forward) | Copy of an order issued on September 12, 2018, to Daniel Dydzak. |
| 09/26/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 24, 2018, addressed to the Commission on Judicial Performance. |
| 10/10/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed September 17, 2018, is denied. Corrigan, J., was absent and did not participate. |
| 10/19/2018 | Received: | Letter dated October 17, 2018, from petitioner Daniel D. Dydzak. |
| 10/19/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed October 10, 2018 Due to Lack of Proper Quorum |
| 10/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated October 16, 2018, addressed to the Commission on Judicial Performance. |
| 10/23/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated October 15, 2018, addressed to Director of the Commission on Judicial Performance. |
| 10/23/2018 | Received: | Letter dated October 18, 2018, from petitioner Daniel D. Dydzak. |
| 10/29/2018 | Note: Mail returned (unable to forward) | Copy of order issued on October 10, 2018, to Daniel Dydzak. |
| 11/14/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed October 19, 2018, is denied. |
| 11/19/2018 | Motion filed | "Petitioner Dydzak's motion to reverse and set aside void order filed November 14, 2018..." |
| 11/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated November 15, 2018, addressed to the Commission on Judicial Performance. |
| 11/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated November 16, 2018, addressed to the President and other Justices. |
| 11/21/2018 | Motion filed | Petitioner Dydzak's Motion for Order to Show Cause |
| 11/26/2018 | Note: Mail returned (unable to forward) | Copy of order issued on November 14, 2018, to Daniel Dydzak. |

SER 761

| 11/26/2018 | Received: | Service copy of petitioner Daniel Dydzak's motion for extension of time dated November 19, 2018, addressed to the U.S. Court of Appeals for the Ninth Circuit. |
| 11/26/2018 | Received: | Letter, dated November 23, 2018, from petitioner Daniel Dydzak. |
| 12/03/2018 | Received: | Letter dated November 26, 2018, from petitioner Daniel D. Dydzak. |
| 01/23/2019 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed November 19, 2018, and the motion for an order to show cause filed November 21, 2018 are denied. |
| 01/28/2019 | Motion filed | Petitioner Dydzak's Motion for Order to Show Cause |
| 01/28/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated January 23, 2019, addressed to the Commission on Judicial Performance. |
| 01/28/2019 | Received: | Notice of Errata<br><br>Petitioner inadvertently typed the date of November 26, 2018, instead of January 24, 2019, on letter sent to this office pertaining to Petitioner's newly submitted Motion for Order to Show Cause, etc. |
| 01/28/2019 | Motion filed | Petitioner Dydzak's Motion to Vacate, Reverse and Set Aside Void Order of January 23, 2019 |
| 01/28/2019 | Received: | Petitioner Dydzak's Notice of filing proof of service for Order to Show Cause |
| 01/30/2019 | Motion filed | Petitioner Dydzak's Motion to Reverse, Set Aside or Vacate Unlawful Disbarment Order |
| 01/30/2019 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed January 23, 2019, Due to Lack of Proper Quorum |
| 01/31/2019 | Motion filed | Petioner Dydzak's Motion for Oral Argument of Pending Motions |
| 02/01/2019 | Motion filed | Petitioner Dydzak's Motion for Expedited Hearing and Ruling on Pending Motions |
| 02/01/2019 | Note: Mail returned (unable to forward) | Copy of order issued on January 23, 2019, to Daniel Dydzak. |
| 02/19/2019 | Filed: | Petitioner Dydzak's Notice of Non-Opposition to Pending Motions |
| 03/20/2019 | Received: | Letter dated March 16, 2019, from petitioner Daniel D. Dydzak. |
| 04/02/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated March 28, 2019, addressed to the Commission on Judicial Performance. |
| 04/08/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated April 3, 2019, addressed to the Commission on Judicial Performance. |
| 04/08/2019 | Filed: | Letter dated April 4, 2019, from petitioner Daniel D. Dydzak - Second request for expedited ruling on pending motions; non-opposition to said motions by State Bar of California. |
| 04/17/2019 | Order filed | The motion to vacate, reverse and set aside order, request for judicial notice, and the motion for an order to show cause filed January 28, 2019 are denied. The motions for oral argument and for an expedited hearing are denied. |
| 04/22/2019 | Motion filed | Petitioner Dydzak's Letter dated April 20, 2019, and Motion for Order to Show Cause |
| 04/22/2019 | Received: | Service copy of Petitioner Daniel Dydzak's letter dated April 19, 2019, addressed to the Commission on Judicial Performance. |
| 04/22/2019 | Received: | Service copies of Petitioner Daniel Dydzak's two letters dated April 18, 2019, addressed to the Commission on Judicial Performance. |
| 04/25/2019 | Received: | Petitioner's Request for Judicial Notice ; Declaration of Daniel D. Dydzak thereto; Exhibit |
| 04/25/2019 | Received: | Letter dated April 21, 2019, from Daniel Dydzak entitled "Request for Emergency Expedited Ruling on Two Pending Motions". |
| 04/25/2019 | Received: | Letter dated April 21, 2019, from Daniel Dydzak and Disqualification Motion |
| 04/29/2019 | Received: | Service copy of Letter from Daniel Dydzak dated April 23, 2019, and Motion addressed to the Ninth Circuit Court of Appeals |
| 05/02/2019 | Received: | Service copy of letter dated April 29, 2019, from Daniel Dydzak, addressed to the State Bar of California. |
| 05/06/2019 | Received: | Service copy of letter dated May 4, 2019, from Daniel Dydzak addressed to the Commission on Judicial Performance. |

| 05/06/2019 | Received: | Petitioner's Notice of Non-Opposition by State Bar of California to Petitioner Dydzak's Pending Motions |
| 05/06/2019 | Received: | Service copy of letter dated May 2, 2019, from Daniel Dydzak addressed to the Clerk of the Ninth Circuit Court of Appeals and Motion. |
| 05/06/2019 | Received: | Service copy of letter from Daniel Dydzak dated May 4, 2019, addressed to the Commission on Judicial Performance. |
| 05/28/2019 | Received: | Service copy of letter dated May 23, 2019, from Daniel Dydzak addressed to the Office of Disciplinary Counsel Board of Professional Responsibility District of Colombia Court of Appeals. |
| 05/28/2019 | Received: | Petitioner Dydzak's New Motion for Oral Argument of Pending Motions and to Permit Camera Coverage and Media Filming |
| 05/28/2019 | Received: | Petitioner Dydzak's Motion for Leave to Take Videotaped Depositions of Pertinent Material Witnesses |
| 05/28/2019 | Received: | Petitioner Dydzak's Motion for Expedited Hearing and Ruling on Pending Motions |
| 05/28/2019 | Received: | Service copy of letter dated May 24, 2019, from Daniel Dydzak addressed to Elaine M. Howle, CPA, California State Auditor. |
| 07/03/2019 | Received: | Letter dated June 30, 2019, from Daniel Dydzak entitled Request for Ruling on Pending Motions at July 10, 2019, Petition Conference. |
| 07/29/2019 | Received: | Letter dated July 25, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at July 31, 2019 Conference". |
| 08/05/2019 | Received: | Letter dated August 1, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 14, 2019 Conference". |
| 08/05/2019 | Received: | Service copy of letter dated August 2, 2019, from Daniel Dydzak addressed to Chief Trial Counsel of the State Bar of California. |
| 08/19/2019 | Received: | Letter dated August 15, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 21, 2019 Conference". |
| 08/26/2019 | Received: | Letter dated August 22, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 28, 2019 Conference". |
| 09/03/2019 | Received: | Letter dated August 29, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at September 11, 2019 Conference". |
| 09/11/2019 | Motion denied | The motion for an order to show cause filed April 22, 2019 is denied. This matter is now final. The court will no longer consider challenges to petitioner's disbarment. |

**Click here** to request automatic e-mail notifications about this case.

SER 763

1   Eric M. George
    Ronald M. George
2   Alan I. Rothenberg
    c/o 2121 Avenue of the Stars, Suite 3000
3   Los Angeles, California 90067
    Telephone: (310) 274-7100
4   Facsimile: (310) 275-5697
    E-Mail: egeorge@egcfirm.com
5
    Defendants *in propria persona*
6   Eric M. George, Ronald M. George, and Alan I.
    Rothenberg
7

8                    UNITED STATES DISTRICT COURT

9                         DISTRICT OF NEVADA

10

11
    DANIEL DAVID DYDZAK,                    Case No. 2:22-cv-01008-APG-VCF
12
              Plaintiff,                    The Hon. Andrew P. Gordon
13
         vs.                               **DECLARATION OF RONALD M.**
14                                         **GEORGE IN SUPPORT OF**
    TANI CANTIL-SAKAUYE, et al.,           **DEFENDANTS ERIC M. GEORGE,**
15                                         **RONALD M. GEORGE, AND ALAN I.**
              Defendant.                   **ROTHENBERG'S MOTION TO DISMISS**
16                                         **COMPLAINT**

17                                         Trial Date:  None Set

18

19

20

21

22

23

24

25

26

27

28

1

## DECLARATION OF RONALD M. GEORGE

2      I, Ronald M. George, declare and state as follows:

3      1.      I am an attorney admitted to practice in the State of California.  I am representing

4   myself *in propria persona* in this action.  I have firsthand, personal knowledge of the facts set

5   forth below and if called as a witness I could competently testify thereto.

6      2.      I reside in the County of Los Angeles, California.  I do not maintain a residence in

7   the State of Nevada, and I have never lived in the State of Nevada.  I am not, nor have I ever been,

8   licensed to practice law in the State of Nevada.  I do not conduct any substantial business in the

9   State of Nevada.  I did not have substantial contact with the State of Nevada at the time of

10   Plaintiff's disbarment, nor have I had such contacts in the intervening years since.  I am unaware

11   of any relationship between the State of Nevada and the facts underlying this lawsuit (with the

12   exception that one of the defendant-judges named in this lawsuit allegedly resides in Nevada).

13   This lawsuit does not arise from any conduct or contact, personal or professional, that I have ever

14   had with the State of Nevada.

15      Executed this 1st day of July 2022, at Los Angeles, California.

16      I declare under penalty of perjury under the laws of the United States of America that the

17   foregoing is true and correct.

18

19                                          _____
                                                Ronald M. George
20

21

22

23

24

25

26

27

28

1  Eric M. George
   Ronald M. George
2  Alan I. Rothenberg
   c/o 2121 Avenue of the Stars, Suite 3000
3  Los Angeles, California 90067
   Telephone: (310) 274-7100
4  Facsimile: (310) 275-5697
   E-Mail: egeorge@egcfirm.com
5
   Defendants *in propria persona*
6  Eric M. George, Ronald M. George, and Alan I.
   Rothenberg
7

8

9              UNITED STATES DISTRICT COURT

10                 DISTRICT OF NEVADA

11

12  DANIEL DAVID DYDZAK,            Case No. 2:22-cv-01008-APG-VCF

13            Plaintiff,            The Hon. Andrew P. Gordon

14       vs.                       **DECLARATION OF ALAN I.
                                    ROTHENBERG IN SUPPORT OF
15  TANI CANTIL-SAKAUYE, et al.,    DEFENDANTS ERIC M. GEORGE,
                                    RONALD M. GEORGE, AND ALAN I.
16            Defendant.            ROTHENBERG'S MOTION TO DISMISS
                                    COMPLAINT**
17
                                    Trial Date:  None Set
18

19

20

21

22

23

24

25

26

27

28

1

<u>**DECLARATION OF ALAN I. ROTHENBERG**</u>

2       I, Alan I. Rothenberg, declare and state as follows:

3       1.     I am an attorney admitted to practice in the State of California.  I am representing

4 myself *in propria persona* in this action.  I have firsthand, personal knowledge of the facts set

5 forth below and if called as a witness I could competently testify thereto.

6       2.     I reside in the County of Los Angeles, California.  I do not maintain a residence in

7 the State of Nevada, and I have never lived in the State of Nevada.  I am not, nor have I ever been,

8 licensed to practice law in the State of Nevada.  I do not conduct any substantial business in the

9 State of Nevada.  I did not have substantial contact with the State of Nevada at the time of

10 Plaintiff's disbarment, nor have I had such contacts in the intervening years since.  I am unaware

11 of any relationship between the State of Nevada and the facts underlying this lawsuit (with the

12 exception that one of the defendant-judges named in this lawsuit allegedly resides in Nevada).

13 This lawsuit does not arise from any conduct or contact, personal or professional, that I have ever

14 had with the State of Nevada.

15       Executed this 1st day of July 2022, at Los Angeles, California.

16       I declare under penalty of perjury under the laws of the United States of America that the

17 foregoing is true and correct.

18

19                    */s/ Alan I. Rothenberg*

20                    Alan I. Rothenberg

21

22

23

24

25

26

27

28

1 | Eric M. George
2 | Ronald M. George
  | Alan I. Rothenberg
3 | c/o 2121 Avenue of the Stars, 30th floor
  | Los Angeles, California 90067
  | Telephone: (310) 274-7100
4 | Facsimile: (310) 275-5697
  | E-Mail: egeorge@egcfirm.com
5 |
  | Defendants *in propria persona*
6 | Eric M. George, Ronald M. George, and Alan I.
  | Rothenberg
7 |

8 | UNITED STATES DISTRICT COURT

9 | DISTRICT OF NEVADA

10 |

11 | DANIEL DAVID DYDZAK,                    Case No. 2:22-cv-01008-APG-VCF

12 |            Plaintiff,                    The Hon. Andrew P. Gordon

13 |       vs.                               **PROOF OF SERVICE**

14 | TANI CANTIL-SAKAUYE, et al.,

15 |            Defendant.

16 |

**SER 768**

1

**PROOF OF SERVICE**

2

**Daniel Dyd  ak vs. Eric George, et al.**
**United States District Court, District of Nevada   Case No. 2 22-cv- 1    -APG-VCF**

3

4      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 S. Figueroa Street, Suite 2000, Los Angeles, CA 90017.

5

6      On July 1, 2022, I served true copies of the following document(s) described as **DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE, AND ALAN I. ROTHENBERG'S NOTICE OF MOTION AND MOTION TO DISMISS  RE   UEST FOR**

7      **JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE, AND ALAN I. ROTHENBERG'S MOTION TO DISMISS COMPLAINT**

8      **DECLARATIONS OF DEFENDANTS ERIC M. GEORGE, RONALD M. GEORGE, AND ALAN I. ROTHENBERG  AND NOTICE OF INTERESTED PARTIES** on the interested

9      parties in this action as follows:

10      **SEE ATTACHED SERVICE LIST**

11      **B   MAIL**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and

12      mailing, following our ordinary business practices.  I am readily familiar with the practice of Ellis George Cipollone O'Brien Annaguey LLP for collecting and processing correspondence for

13      mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with

14      postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at Los Angeles, California.

15

16      **B   E-MAIL OR ELECTRONIC TRANSMISSION**   On July 1, 2022, I caused a copy of the document(s) to be sent from e-mail address cubence@egcfirm.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the

17      transmission, any electronic message or other indication that the transmission was unsuccessful.

18      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

19

20      Executed on July 1, 2022, at Los Angeles, California.

21

22      _____
       Corinne Ubence

23

24

25

26

27

28

**SER 769**

<u>**SERVICE LIST**</u>

**Eric George, et al., adv. Daniel Dyd ak**
**District Court, Clark County Nevada    Case No. A-22-        -C**

| | |
|---|---|
| Daniel D. Dydzak | Plaintiff, in Pro Per |
| 4265 Marina City Drive, Suite 407W | |
| Marina del Rey, CA  90292 | |
| Telephone (310) 867-1289 | |

Thomas D. Dillard Jr., Esq.               Attorneys for Defendants
The Law Offices of Olson Cannon        Tani G. Cantil-Sakauye, Jorge Navarrete, and
     Gormley    Stoberski                William Dato
9950 West Cheyenne Avenue
Las Vegas, NV  89129
Telephone:  (702) 384-4012
Facsimile:  (702) 383-0701
tdillard@ocgas.com

Craig R. Anderson, Esq.                    Attorneys for Defendant
Marquis Aurbach                            Donald F. Miles
10001 Park Run Drive
Las Vegas, NV  89145
Telephone:  (702) 382-0711
Facsimile:  (702) 382-5816
canderson@maclaw.com

Patrick A. Rose                            Attorneys for Defendants
U.S. Attorney's Office                     Edward Ephraim Schiffer, George King, Molly
501 Las Vegal Blvd., South, Suite 1100     Dwyer, Peter Lind Shaw, and Sidney Thomas
Las Vegas, NV  89101
Telephone:  (702) 388-6336
Patrick.rose@usdoj.gov

**SER 770**

1  JASON M. FRIERSON
   United States Attorney
2  District of Nevada
   Nevada Bar Number 7709
3
   PATRICK A. ROSE
4  Assistant United States Attorney
   Nevada Bar Number 5109
5  501 Las Vegas Blvd. So., Suite 1100
   Las Vegas, Nevada 89101
6  (702) 388-6336
   Patrick.Rose@usdoj.gov
7  *Attorneys for Defendants*
   *Dwyer, Shaw, Schiffer, Thomas, King*
8

9              **UNITED STATES DISTRICT COURT**
10                  **DISTRICT OF NEVADA**

11

12  DANIEL DAVID DYDZAK,                    Case No.

13                      Plaintiff,          **Notice of Removal**

14  vs.

15  TANI CANTIL-SAKAUYE, et al.,

16                      Defendants.

17

18         Defendants Molly Dwyer, Peter Shaw, Edward Schiffer, Sidney Thomas, and

19  George King, file this Notice of Removal of the above-captioned action to the United

20  States District Court for the District of Nevada. The grounds for removal are set forth

21  below.

22         This action is being removed to the United States District Court pursuant to 28

23  U.S.C. § 1442(a)(1), (3), which provides, in pertinent part:

24         (a) A civil action or criminal prosecution commenced in a State court and that
           is against any of the following may be removed by them to the district court of
25         the United States for the district and division embracing the place wherein it is
           pending:
26
               (1) The United States or any agency thereof or any officer (or any
27             person acting under that officer) of the United States or of any agency
               thereof, in an official or individual capacity, for or relating to any act
28             under color of such office or on account of any right, title or authority

                                                                              **SER 771**

1
2

      claimed under any Act of Congress for the apprehension or
      punishment of criminals or the collection of the revenue.
      (3) Any officer of the courts of the United States, for or relating to any
      act under color of office or in the performance of his duties.

3  Section 1442(a)(1) provides for a "broad" grant of removal jurisdiction; it is not given a

4  "narrow, grudging interpretation." *Nationwide Investors v. Miller*, 793 F.2d 1044, 1046 (9th

5  Cir. 1986) (citing *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). Under Section

6  1442(a)(1), federal court jurisdiction need not even be apparent from the face of the

7  complaint. *See Jefferson County v. Acker*, 527 U.S. 423 (1999); *Mesa v. California*, 489 U.S. 121

8  (1989). The long-standing purpose of this removal statute is to ensure a federal forum in any

9  case where a federal official is entitled to raise a defense arising out of his official duties.

10  *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir. 1986) (quoting *Arizona v. Manypenny*, 451 U.S.

11  232, 241 (1981)).

12        Plaintiff has commenced this action "against" officers of the United States and/or

13  officers of the courts of the United States within the meaning of 28 U.S.C. § 1442(a)(1), (3).

14  Molly Dwyer is the Clerk of Court for the United States Court of Appeals for the Ninth

15  Circuit ("Ninth Circuit"). Peter Shaw is a former Appellate Commissioner for the Ninth

16  Circuit. Edward Schiffer is a former Career Law Clerk/Staff Attorney for the Ninth Circuit.

17  Sidney Thomas is a United States Circuit Judge with the Ninth Circuit. George King is a

18  former United States District Judge for the Central District of California. Plaintiff complains

19  of actions or omissions of these officers taken in the discharge of their duties on behalf of the

20  United States in general and the courts of the United States in particular.[1] Attached hereto

21  as Exhibits A, B, C, respectively, are copies of the complaint, the only order entered thus far

22  by the state court, and the docket sheet showing other filings thus far in the state court.

23  These removing federal officers have defenses and immunities, including judicial immunity,

24  that they are entitled to raise in a federal forum.

25
26

27
28

---

[1] Plaintiff has named as defendants additional officers of the United States or courts of the United States. The additional federal officers have not been served with process and/or they have pending with the Department of Justice requests for representation.

2

Plaintiff has not effected service of process on these removing federal officers in accordance with applicable rules. *See* Nev. R. Civ. P. 4.3(a)(5) ("Service upon the United States and its agencies, corporations, officers, or employees may be made as provided by Rule 4 of the Federal Rules of Civil Procedure."); Fed. R. Civ. P. 4(i)(1), (2), (3) (requirements for service on United States and its employees/officials); Fed. R. Civ. P. 12(a)(2), (3) (each federal defendant's response to a complaint is due 60 days after service on the U.S. Attorney of process directed to each such defendant). These removing federal officers do not, through this removal, waive any defenses including without limitation lack of service of process.

WHEREFORE, these removing federal officers give notice that the above-captioned action has been removed from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada.

Respectfully submitted this 24th day of June 2022.

JASON M. FRIERSON
United States Attorney

*/s/  Patrick A. Rose*
PATRICK A. ROSE
Assistant United States Attorney

3

**SER 773**

1

## Certificate of Service

2          I hereby certify that on June 24, 2022, I electronically filed and served the foregoing

3   Notice of Removal with the Clerk of the Court for the United States District Court for the

4   District of Nevada using the CM/ECF system and via US Mail to the address below.

5   <u>US Mail</u>

6   Thomas D. Dillard, Esq.
    OLSON CANNON GORMLEY & STOBERSKI

7   9950 West Cheyenne Avenue
    Las Vegas, NV 89129

8   Tel: (702) 384-4012
    Fax: (702) 383-0701

9   TDillard@ocgas.com
    *Attorneys for Defendants Tani G. Cantil-Sakauye,*

10  *Jorge Navarrete, and William Dato*

11
    Craig R. Anderson, Esq.

12  MARQUIS AURBACH
    10001 Park Run Drive

13  Las Vegas, Nevada 89145
    Telephone: (702) 382-0711

14  Facsimile: (702) 382-5816

15  canderson@maclaw.com
    *Attorneys for Defendant Donald F. Miles*

16
    Daniel D. Dydzak

17  4265 Marina City Drive, Suite 407W
    Marina del Rey, CA 90292

18  Telephone (310) 867-1289
    *Plaintiff, in Pro Per*

19

20  Eric M. George
    Ronald M. George

21  Alan I. Rothenberg
    c/o 2121 Avenue of the Stars, 30th floor

22  Los Angeles, California 90067
    Telephone: (310) 274-7100

23  Facsimile: (310) 275-5697
    E-Mail: egeorge@egcfirm.com

24  *Defendants in propria persona*
    *Eric M. George, Ronald M. George, and Alan I.*

25  *Rothenberg*

26                                    */s/ Dionne White*

27                                    Legal Assistant

28

                                      4

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

DANIEL DAVID DYDZAK

**DEFENDANTS**

See attachment

**(b)** County of Residence of First Listed Plaintiff    Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Plaintiff, in Pro Per

Attorneys *(If Known)*

See attachment

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government
      Plaintiff
- [x] 2  U.S. Government
      Defendant
- [ ] 3  Federal Question
      *(U.S. Government Not a Party)*
- [ ] 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | | | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1442(a)(1), (3)
Brief description of cause:
Civil Rights Complaint for Declaratory Relief per 42 USC 1983

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    [ ] Yes    [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
06/24/2022

SIGNATURE OF ATTORNEY OF RECORD
/s/ Patrick A. Rose

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**SER 775**

1

**ATTACHMENT TO CIVIL COVER SHEET**

2

**Plaintiff:**

3

    1.  Daniel D. Dydzak

4

        4265 Marina City Drive, Suite 407W
        Marina del Rey, CA 90292

5

        Telephone (310) 867-1289
        *Plaintiff, in Pro Per*

6

7

**Defendants:**

8

    1.  1st Century Bancshares, Inc.

9

    2.  1st Century Bank

10

    3.  William C Canby

11

    4.  Tani, Cantil-Sakauye

12

13

        Attorneys:    Thomas D. Dillard, Esq.
                      OLSON CANNON GORMLEY & STOBERSKI

14

                      9950 West Cheyenne Avenue
                      Las Vegas, NV 89129

15

                      Tel: (702) 384-4012
                      Fax: (702) 383-0701

16

                      TDillard@ocgas.com

17

    5.  Maxine M Chesney

18

    6.  William Dato

19

    7.  Molly C Dwyer

20

21

        Attorneys:    JASON M. FRIERSON
                      United States Attorney
                      District of Nevada

22

                      Nevada Bar Number 7709

23

                      PATRICK A. ROSE

24

                      Assistant United States Attorney
                      Nevada Bar Number 5109

25

                      501 Las Vegas Blvd. So., Suite 1100
                      Las Vegas, Nevada 89101

26

                      (702) 388-6336
                      Patrick.Rose@usdoj.gov

27

    8.  Ferdinand Francis Fernandez

28

    9.  William A. Fletcher

**SER 776**

1    10. Eric M George

2    11. Ronald M George

3    12. Ronald M Gould

4    13. George H King

5        Attorneys:    JASON M. FRIERSON
6                      United States Attorney
                        District of Nevada
7                      Nevada Bar Number 7709

8                      PATRICK A. ROSE
                      Assistant United States Attorney
9                      Nevada Bar Number 5109
                      501 Las Vegas Blvd. So., Suite 1100
10                    Las Vegas, Nevada 89101
                      (702) 388-6336
11                    Patrick.Rose@usdoj.gov

12    14. Thomas Layton

13    15. Kim McClane Wardlaw

14    16. Donald F Miles

15        Attorneys:    Craig R. Anderson, Esq.
16                      MARQUIS AURBACH
                      10001 Park Run Drive
17                    Las Vegas, Nevada 89145
                      Telephone: (702) 382-0711
18                    Facsimile: (702) 382-5816
19                    canderson@maclaw.com

20    17. Jorge Navarrete

21        Attorneys:    Thomas D. Dillard, Esq.
                      OLSON CANNON GORMLEY & STOBERSKI
22                    9950 West Cheyenne Avenue
                      Las Vegas, NV 89129
23                    Tel: (702) 384-4012
                      Fax: (702) 383-0701
24                    TDillard@ocgas.com

25    18. Johnnie B Rawlinson

26    19. Alan I Rothenberg

27   / / /

28

SER 777

20. Edward Ephraim Schiffer

    Attorneys:    JASON M. FRIERSON
                     United States Attorney
                     District of Nevada
                     Nevada Bar Number 7709

                     PATRICK A. ROSE
                     Assistant United States Attorney
                     Nevada Bar Number 5109
                     501 Las Vegas Blvd. So., Suite 1100
                     Las Vegas, Nevada 89101
                     (702) 388-6336
                     Patrick.Rose@usdoj.gov

21. Charles Schwab

22. Peter Lind Shaw

    Attorneys:    JASON M. FRIERSON
                     United States Attorney
                     District of Nevada
                     Nevada Bar Number 7709

                     PATRICK A. ROSE
                     Assistant United States Attorney
                     Nevada Bar Number 5109
                     501 Las Vegas Blvd. So., Suite 1100
                     Las Vegas, Nevada 89101
                     (702) 388-6336
                     Patrick.Rose@usdoj.gov

23. Barry G. Silverman

24. Richard C Tallman

25. Wallace Tashima

26. Sidney R Thomas

    Attorneys:    JASON M. FRIERSON
                     United States Attorney
                     District of Nevada
                     Nevada Bar Number 7709

                     PATRICK A. ROSE
                     Assistant United States Attorney
                     Nevada Bar Number 5109
                     501 Las Vegas Blvd. So., Suite 1100
                     Las Vegas, Nevada 89101
                     (702) 388-6336
                     Patrick.Rose@usdoj.gov

SER 778

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a)   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

III.   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

V.   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# Exhibit A

Complaint
Case No. A-22-847734-C

**SER 780**

Electronically Filed
2/3/2022 11:58 AM
Steven D. Grierson
CLERK OF THE COURT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DANIEL D. DYDZAK
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289

CASE NO: A-22-847734-C
Department 27

# DISTRICT COURT

## CLARK COUNTY, NEVADA

DANIEL DAVID DYDZAK,

          Plaintiff,

v.

TANI CANTIL-SAKAUYE, JORGE
NAVARRETE, THOMAS LAYTON, aka TOM
LAYTON, CHARLES SCHWAB, DONALD F.
MILES, JOHNNIE B. RAWLINSON, BARRY
G. SILVERMAN, WILLIAM A. FLETCHER,
PETER LIND SHAW, RONALD M. GEORGE,
ERIC M. GEORGE, ALAN I. ROTHENBERG,
1ST CENTURY BANK, 1ST CENTURY
BANCSHARES, INC., EDWARD EPHRAIM
SCHIFFER, SIDNEY R. THOMAS, WILLIAM
DATO, MAXINE M. CHESNEY, MOLLY C.
DWYER, GEORGE H. KING, A. WALLACE
TASHIMA, FERDINAND FRANCIS
FERNANDEZ, KIM MCCLANE WARDLAW,
WILLIAM C. CANBY, RONALD M. GOULD,
RICHARD C. TALLMAN, and DOES 1 through
50, inclusive,

          Defendants.

Case No.
Dept. No.

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF

DEMAND FOR JURY TRIAL

COMPLAINT

COMES NOW Plaintiff, DANIEL D. DYDZAK ("DYDZAK"), and alleges as follows:

### PRELIMINARY ALLEGATIONS

1.   Plaintiff is, and was at all times herein mentioned, an individual over eighteen years old residing in the County of Los Angeles, State of California.

2.   Plaintiff is informed and believes, and thereon alleges, that Defendant TANI CANTIL-SAKAUYE ("CANTIL-SAKAUYE") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

3.   Plaintiff is informed and believes, and thereon alleges, that Defendant JORGE NAVARRETE ("NAVARRETE") is, and was at all times herein mentioned, an individual residing in the County of  San Francisco, State of California.

4.   Plaintiff is informed and believes, and thereon alleges, that Defendant THOMAS LAYTON, aka TOM LAYTON ("LAYTON"), is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.

5.   Plaintiff is informed and believes, and thereon alleges, that Defendant DONALD F. MILES ("MILES") is, and was at all times herein mentioned, an individual residing in Redding, California.

6.   Plaintiff is informed and believes, and thereon alleges, that Defendant CHARLES SCHWAB ("SCHWAB") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

7.   Plaintiff is informed and believes, and thereon alleges, that Defendant JOHNNIE B. RAWLINSON ("RAWLINSON") is, and was at all times herein mentioned, an individual residing

COMPLAINT                                        2

1  in the City of Las Vegas, State of California.

2         8.   Plaintiff is informed and believes, and thereon alleges, that Defendant BARRY G.

3  SILVERMAN ("SILVERMAN") is, and was at all times herein mentioned, an individual residing

4  in the City of  Phoenix, State of Arizona.

5         9.   Plaintiff is informed and believes, and thereon alleges, that Defendant WILLIAM A.

6  FLETCHER ("FLETCHER") is, and was at all times herein mentioned, an individual residing in the

7  County of  San Francisco, State of California.

8

9         10. Plaintiff is informed and believes, and thereon alleges, that Defendant PETER LIND

10 SHAW ("SHAW") is, and was at all times herein mentioned, an individual residing in the County

11 of San Francisco, State of California.

12        11.  Plaintiff is informed and believes, and thereon alleges, that Defendant RONALD M.

13 GEORGE ("GEORGE") is, and was at all times herein mentioned, an individual residing in the

14 County of San Francisco, State of California.

15

16        12.  Plaintiff is informed and believes, and thereon alleges, that Defendant ERIC M.

17 GEORGE  ("E.GEORGE") is, and was at all times herein mentioned, an individual residing in the

18 County of Los Angeles, State of California.

19        13.  Plaintiff is informed and believes, and thereon alleges, that Defendant ALAN I.

20 ROTHENBERG ("ROTHENBERG") is, and was at all times herein mentioned, an individual

21 residing in the County of Los Angeles, State of California.

22        14,  Plaintiff is informed and believes, and thereon alleges, that Defendant 1ST CENTURY

23 BANK ("BANK") is, and was at all times herein mentioned, a legal entity, exact status unknown at

24 this time, located and providing financial services in the County of Los Angeles, State of California.

25 Plaintiff  will amend this Complaint accordingly at or before trial when the exact legal status and

26 COMPLAINT                                    3

27

28

1    identity of Defendant BANK is ascertained.

2    15.    Plaintiff is informed and believes, and thereon alleges, that Defendant 1st CENTURY

3    BANCSHARES, INC. ("BANCSHARES") is, and was at all times herein mentioned, a corporation

4    duly organized and existing under and by virtue of the laws of the State of Delaware, engaged in

5    providing financial and banking services. Upon further information and belief,  Defendant

6    BANCSHARES' business address is, and was at all times relevant hereto, in Wilmington,

7    Delaware. Upon further information and belief, said Defendant is, and was at all times herein

8    mentioned, a holding company for Defendant BANK.

9    16.    Plaintiff is informed and believes, and thereon alleges, that Defendant EDWARD

10    EPHRAIM SCHIFFER ("SCHIFFER") is, and was at all times herein mentioned, an individual

11    residing in the County of San Francisco, State of California.

12    17.    Plaintiff is informed and believes, and thereon alleges, that Defendant SIDNEY R.

13    THOMAS ("THOMAS") is, and was at all times herein mentioned, an individual residing in

14    Billings, Montana.

15    18.    Plaintiff is informed and believes, and thereon alleges, that Defendant WILLIAM

16    DATO ("DATO") is, and was at all times herein mentioned, an individual residing in the County of

17    San Diego, State of California.

18    19.    Plaintiff is informed and believes, and thereon alleges, that Defendant MAXINE M.

19    CHESNEY ("CHESNEY") is, and was at all times herein mentioned, an individual residing in the

20    County of San Francisco, State of California.

21    20.    Plaintiff is informed and believes, and thereon alleges, that Defendant MOLLY C.

22    DWYER ("DWYER") is, and was at all times herein mentioned, an individual residing in the

23    County of San Francisco, State of California.

24    21.    Plaintiff is informed and believes, and thereon alleges, that Defendant A. WALLACE

25    TASHIMA ("TASHIMA") is, and was at all times herein mentioned, an individual residing in the

26

27    COMPLAINT                                4

28

County of Los Angeles, State of California.

22.    Plaintiff is informed and believes, and thereon alleges, that Defendants FERDINAND FRANCIS FERNANDEZ ("FERNANDEZ") and KIM MCLANE WARDLAW ("WARDLAW") are, and were at all times herein mentioned, individuals residing in the County of Los Angeles, State of California.

23.    Plaintiff is informed and believes, and thereon alleges, that Defendant WILLIAM C. CANBY ("CANBY") is, and was at all times herein mentioned, an individual residing in the City of Phoenix, State of Arizona.

24.    Plaintiff is informed and believes, and thereon alleges, that Defendant RONALD M. GOULD ("GOULD") is, and was at all times herein mentioned, an individual residing in the City of Seattle, State of Washington.

25.    Plaintiff is informed and believes, and thereon alleges, that Defendant RICHARD C. TALLMAN ("TALLMAN") is, and was at all times herein mentioned, an individual residing in the City of Seattle, State of Washington.

26.    Plaintiff is unaware at the present time of the identities and capacities of Defendants fictitiously named and designated as DOES 1 through 50, inclusive. Plaintiff alleges that said DOE Defendants, and each of them, are responsible and liable for the wrongful and unlawful acts of the other Defendants and acted in concert with each other. Plaintiff will seek leave to amend this Complaint at or before trial to set forth their true names and capacities when ascertained. DYDZAK is entitled to appropriate monetary and equitable relief against them, according to proof.

27.    Furthermore, Plaintiff alleges that these DOE Defendants have damaged him and otherwise acted illegally and against his civil and constitutional rights, as herein alleged.

## JURISDICTION

28.    Venue is proper in this Court because one of the parties resides in Clark County and committed wrongful acts against Plaintiff in this jurisdiction. Nevada NRS 13.040. Moreover, state courts have concurrent jurisdiction with federal courts to hear federal claims, such as violation of civil rights. Tafflin v. Levitt, 493 U.S. 455 (1990).

COMPLAINT                                          5

**FIRST CAUSE OF ACTION**

**(VIOLATION OF CIVIL RIGHTS)**

**(AGAINST DEFENDANTS CANTIL-SAKAUYE AND NAVARRETE)**

29.  Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 28, inclusive, of the Complaint, and any and all allegations contained therein.

30.  This is a civil rights complaint for declaratory relief, equitable relief and other appropriate relief pursuant to 42 U.S.C. 1983 et seq. Plaintiff's civil rights have been violated, as alleged and described  herein.

31.     On or about September 13, 2019, and continuing to the present, in Case No. S179850, Defendants CANTIL-SAKAUYE and NAVARRETE illegally conspired to not file, as required, legal pleadings, motions and papers duly submitted by DYDZAK for docket filing with the Clerk's Office of the Supreme Court of California. Furthermore, Defendant CANTIL-SAKAUYE issued a fraudulent, perjurous, void  and illegal Order on September 11, 2021 in said case in conspiracy with Defendant NAVARRETE.

32. As state actors employed as officers of the Court in California, Defendants CANTIL-SAKAUYE acted unreasonably and unlawfully so as to violate Plaintiff's constitutional and federally protected rights, as herein alleged and described.

33. As a direct, legal and proximate result of their misconduct and unlawful, wrongful actions, as herein alleged and described. Plaintiff has sustained general damages, including, without limitation, suffering, and continuing to suffer, physical and mental pain and anguish, and severe emotional distress. Plaintiff has also suffered economic losses, according to proof. The exact amount of such general damages is unknown at this time, but will be ascertained and set forth before or at time of trial, according to proof.

34.  Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his civil and constitutional rights have been violated as aforesaid by Defendants CANTIL-SAKAUYE and

COMPLAINT                                               6

1   NAVARRETE. A Temporary Restraining Order (TRO), Preliminary Injunction and Permanent

2   injunction should issue, enjoining said Defendants from continuing to violate Plaintiff's civil and

3   constitutional rights.

4        35.    Plaintiff is also entitled to an award of punitive damages due to a showing of malice,

5   fraud and oppression by said Defendants towards DYDZAK, in the amount of $ 10,000,000.

6

7   **SECOND CAUSE OF ACTION**

8   **(VIOLATION OF WIRETAP ACT, 18 USC 2511)**

9   **(AGAINST DEFENDANT LAYTON)**

10        36.    Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1

11   through 35, inclusive, of the Complaint, and any and all allegations contained therein.

12        37.    On or about September 11, 2019, and continuing to the present, Defendant LAYTON

13   has, upon reasonable information and belief, illegally interfered with and intercepted on a constant

14   basis Plaintiff's wire and electronic communications, including but not limited to telephonic

15   communications and texts with third persons, relayed on his cell phone, 310-867-1289, contrary to

16   the Federal Wiretap Act. Plaintiff is entitled to appropriate equitable relief and to recover from

17   Defendant LAYTON damages, attorney's fees, costs and penalties, as provided for in said Wiretap

18   Act pursuant to 18 USC 2511 and according to proof. LAYTON has, and had at all times relevant

19   hereto, an unsavory reputation, being known as the "bagman" and "fixer" for disgraced, disbarred

20   attorney, Thomas V. Girardi.

21

22   **THIRD CAUSE OF ACTION**

23   **.(CONSPIRACY TO UNLAWFULLY ~~INTERE~~ TO INTERFERE WITH THE PROCESSES OF THE COURT)**

24   **(AGAINST DEFENDANTS SCHWAB, MILES, GEORGE, E.GEORGE, ROTHENBERG,**

25   **BANK, BANCSHARES, DATO)**

26

27   COMPLAINT                    7

28

1    38.    Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1

2 through 37, inclusive, of the Complaint and any and all allegations contained therein.

3

4    39.    Plaintiff is informed and believes, and thereon alleges, that the above-named

5 Defendants had improper, unethical and illegal ex parte, extra-judicial communications and contacts

6 with Defendants CANTIL-SAKAUYE and NAVARRETE on or about September 11, 2019, and on

7 other occasions thereafter, and continuing to the present, to affect the outcome of the California

8 Supreme Court Case No. S179850 and harm DYDZAK, as herein alleged. Such overt acts were done

9 as part of a conspiracy to obstruct justice and interfere with the processes of that Court.

10

11    40.    As a direct, legal and proximate result of such wrongful and illegal acts, Plaintiff has

12 suffered general damages, according to proof. Such acts were also done with malice, fraud and

13 oppression, entitling Plaintiff to an award of punitive damages against said Defendants, and each of

14 them, in the amount of $ 10,000,000, jointly and severally.

15

16            **FOURTH CAUSE OF ACTION**

17            **(VIOLATION OF CIVIL RIGHTS)**

18            **(AGAINST DEFENDANTS DWYER AND THOMAS)**

19

20

21    41.    Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through

22 39, inclusive, of the Complaint, and any and all allegations contained therein.

23

24    42.    This is a civil rights complaint for declaratory relief, equitable relief and other appropriate

25 relief pursuant to 42 U.S.C. 1983 et seq. Plaintiff's civil rights have been violated by Defendant

26 COMPLAINT                                         8

27

28

DWYER illegally blocking, or causing to be blocked, his cell phone number, 310-867-1289, to the San Francisco Clerk's Office of the Ninth Circuit Court of Appeals, telephone number 415-355-8000. This blockage, upon reasonable information and belief, was done with the wrongful, unconstitutional and illegal authorization, consent, knowledge, supervision and ratification of Defendant THOMAS. It was done more than a year ago and continues to the present. Defendants DWYER and THOMAS were put on notice, administratively, and at all times relevant hereto, that DYDZAK's cell phone was unlawfully blocked, against due process, equal protection of laws and his First Amendment right to access to the courts. As of the date of this Complaint, and continuing to the present, Defendants DWYER and THOMAS have not unblocked, or taken steps to unblock, Plaintiff's cell phone to the aforesaid Ninth Circuit number, all to his damage and prejudice and against his civil and constitutional rights.

43.     Federal actors, such as Defendants DWYER and THOMAS, acing under color of federal authority can be sued for violation of civil rights <u>Bivens v. Six Unnamed Agents</u>, 403 U.S. 388 (1971). Since both of them were acting administratively, illegally and in bad faith, said Defendants enjoy no immunity from monetary damages. In this matter, Defendants DWYER and THOMAS, and each of them, acted unreasonably and unlawfully so as to violate Plaintiff's constitutionally and federally protected rights, as herein alleged and described.

44.     As a direct, legal and proximate result of the above-referenced Defendants' misconduct and unlawful, wrongful actions, as herein alleged and described, Plaintiff has sustained general damages, according to proof.

45.     Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his

COMPLAINT                                        9

civil and constitutional rights have been violated as aforesaid by Defendants DWYER and THOMAS. A Temporary Restraining Order (TRO), Preliminary Injunction and Permanent Injunction should issue, enjoining said Defendants from continuing to violate Plaintiff's civil and constitutional rights.

46.     Plaintiff is also entitled to an award of punitive damages due to a showing of malice, fraud and oppression by said Defendants towards DYDZAK, in the amount of $ 10,000,000.

## FIFTH CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS)

## (AGAINST DEFENDANTS CHESNEY, SILVERMAN, FLETCHER AND RAWLINSON)

47.     Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 46, inclusive, of the Complaint, and any and all allegations contained therein.

48.     The above-named Defendants, and each of them, violated Plaintiff's civil rights by the following:

(1)     Defendant CHESNEY violated her oath to be fair and impartial as a federal judge in a case filed in the Northern District of California U.S. District Court, DYDZAK V. USA et al ["NORTHERN DISTRICT CASE"]. She was disqualified in law and fact, subject to disqualification, and has biases and conflicts of interest or the appearance of same. Any and all of her Orders and rulings are therefore void ab initio, including a "fraud upon the court", overbroad and void Pre-filing Order against DYDZAK.

(2)     Defendant CHESNEY had the case illegally transferred to her after having, upon information and belief, improper ex parte and extrajudicial communications and contacts with third

COMPLAINT                                      10

parties and Defendant CANTIL-SAKAUYE and/or agents of said latter Defendant She had an

unethical, preexisting relationship with material witness and party, CANTIL-SAKAUYE.

(3)     As a "senior status" judge, Defendant CHESNEY was not properly, legally assigned to

hear the NORTHERN DISTRICT CASE per statutory requirements under 28 USC Section 294. She

therefore did not have jurisdiction and standing to hear and adjudicate the case, and acted in the

absence of jurisdiction. Mireles v. Waco, 502 U.S. 9 (1991).

(4)     Defendants SILVERMAN, FLETCHER and RAWLINSON, and each of them, acted

unethically, fraudulently and illegally in the appeal of the NORTHERN DISTRICT CASE (18-15673,

9th Cir.) by ruling since said Panel had a "senior status" judge, Defendant SILVERMAN, who was

not properly, legally assigned to the case. 28 USC Section 294.

(5)     Defendants SILVERMAN, FLETCHER and RAWLINSON, and each of them, violated

DYDZAK's civil rights by not ruling on four pending motions in case 18-15673, thereby obstructing

justice.

49.     At all times relevant hereto, and continuing to the present, Defendant THOMAS and

Defendant SCHIFFER, upon reasonable information and belief, knew about the aforesaid wrongful

conduct by Defendants CHESNEY, SILVERMAN, FLETCHER and RAWLINSON and have

acquiesced in the judicial corruption and misconduct at issue.

50.     With respect to the Fifth Cause of Action herein, Plaintiff is not suing Defendants

CHESNEY, SILVERMAN, FLETCHER and RAWLINSON for monetary damages, only appropriate

equitable and declaratory relief. As federal actors, acting under color of federal law, said Defendants,

and each of them, acted unreasonably and unlawfully so as to violate Plaintiff's constitutional and

federally protected rights, as herein alleged and described.

COMPLAINT                                         11

51.     Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his constitutional and civil rights have been violated as aforesaid by the aforementioned Defendants. A TRO, Preliminary Injunction and Permanent Injunction should issue, enjoining said Defendants from continuing to violate Plaintiff's civil and constitutional rights.

## SIXTH CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS)

## (AGAINST DEFENDANTS SHAW, SCHIFFER, CANBY, GOULD AND TALLMAN)

52.     Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 51, inclusive, of the Complaint and any and all allegations contained therein.

53.     The above-named Defendants, and each of them, violated Plaintiff's civil rights by the following:

(1)    In the Ninth Circuit case, 10-80193, In re DANIEL DAVID DYDZAK, Esq., Defendant SHAW misrepresented to DYDZAK, at all times relevant hereto, that he could make rulings and conduct an evidentiary hearing in a judicial capacity. This was a false misrepresentation and extrinsic fraud or "fraud upon the court." The Judicial Council of the United States confirmed to DYDZAK that Defendant SHAW is an inactive attorney and not a qualified federal judge. At present, and at all times relevant hereto, Defendant SHAW is and was not an Article III Judge. Thus, any and all rulings and Orders by Defendant SHAW in Case No. 10-80193 are, and were at all times herein mentioned, void ab initio and should be reversed and set aside.

(2) Defendant SCHIFFER, as a federally licensed attorney who assisted Defendant SHAW

COMPLAINT                                   12

1   in the aforesaid 9th Circuit case is, and was aware at all times herein mentioned, that Defendant SHAW

2   is not a proper federal judge but has perpetuated with Defendant SHAW that fraud upon the court.

3       (3)    Upon information and belief, Defendants SHAW and SCHIFFER have been "bribed" by

4   financial incentives and illicit payments by Defendant SCHWAB to harm DYDZAK and prepare

5   rulings against him. At the very least, these Defendants have financial conflicts of interest or the

6   appearance of same.

7       (4)    Defendants CANBY, GOULD and TALLMAN acted unethically, fraudulently and

8

9   illegally by doing rulings and Orders adverse to DYDZAK in Case No. 10-80193 without a proper

10  and legal three-judge quorum, as required by 28 USC Section 46©. Furthermore, they violated the

11  statutory requirements of 28 USC Section 294, because Defendant CANBY could not act as a "senior

12  status" judge on the case, as he was not duly appointed pertaining thereto. As well, Defendants

13  CANBY, GOULD and TALLMAN perpetrated a "fraud upon the court" by using Defendant SHAW

14  as a purported judicial officer or judge when he is not a proper Article III Judge but simply an inactive

15  attorney. At all times relevant hereto, and continuing to the present, Defendants CANBY, GOULD,

16  TALLMAN, SHAW and SCHIFFER knew, or reasonably should have known, they the Panel was

17

18  irregular and unlawful. They all further knew that Defendant SHAW is not a proper judge or judicial

19  officer. Upon further information and believe, all of these Defendants had biases and conflicts of

20  interest, or the appearance of same, towards Plaintiff.

21      (5)    At all times relevant hereto, and continuing to the present, Defendants CANBY,

22  GOULD, TALLMAN, SHAW and SCHIFFER are acting illegally and obstructing justice by there

23  not being rulings in the Ninth Circuit on pending motions filed in or about 2016 and 2017. Defendant

24

25  COMPLAINT                              13

26

27

28

THOMAS is, and was at all times herein mentioned, aware of this situation but, administratively, does nothing about the aforesaid unlawful and fraudulent conduct. The Rule of Law means nothing to these Defendants. The fair and proper administration of justice means nothing to these Defendants.

54.    Defendants CANBY, GOULD and TALLMAN are being sued in the Sixth Cause of Action for only equitable and declaratory relief. Plaintiff is not seeking monetary damages against any of these Defendants with regard to the Sixth Count of this Complaint.

55.    Defendants SHAW and SCHIFFER are being sued in the Sixth Cause of Action for monetary damages, equitable and declaratory relief. As federal actors illegally acting under color of authority, they do not have absolute immunity from damages but only quasi-judicial immunity. They can be personally sued for damages because their illegal conduct offends constitutional norms and they did not, and continue to not, act reasonably and fairly towards DYDZAK. Harlow v. Fitzgerald, 457 U.S. 800 (1982). Their tortious conduct is, and was at all times herein mentioned, unpardonable and flagrantly illegal and offensive. Their conduct is criminal as well, because they have acted, and are continuing to act, to obstruct justice in harming and injuring DYDZAK. They should be held in civil and criminal contempt. Defendants CANBY, GOULD, TALLMAN and THOMAS' willing acquiescence in this criminal and civil wrongdoing is, and was at all times herein mentioned, actionable and unconscionable.

56.    The above-named Defendants, and each of them, as federal actors, acted unreasonably and unlawfully, so as to violate Plaintiff's constitutional and federally protected rights, as herein alleged and described.

57.    As a direct, legal and proximate result of the above-referenced Defendants' misconduct and unlawful, wrongful actions, as herein alleged and described, Plaintiff has sustained

COMPLAINT                              14

general damages, according to proof, with respect to Defendants SHAW and SCHIFFER. With regard to all of the named Defendants herein, Plaintiff is entitled to appropriate equitable and declaratory relief, including a TRO, Preliminary Injunction and Permanent Injunction, against them.

58.    With regard to Defendants SHAW and SCHIFFER, they acted with malice, fraud and oppression towards DYDZAK. An award of punitive damages is therefore warranted against them in the amount of $ 10,000,000.

### SEVENTH CAUSE OF ACTION

### (VIOLATION OF CIVIL RIGHTS)

### (AGAINST DEFENDANTS KING, FERNANDEZ, TASHIMA AND WARDLAW)

59.    Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 58, inclusive, of the Complaint, and any and all allegations contained therein.

60.    As federal actors, the above-named Defendants acted under color of authority to violate DYDZAK's civil and constitutional rights in IN RE DANIEL DAVID DYDZAK in the County of Los Angeles, State of California, on or about February 11, 2013, on other relevant dates, and continuing to the present.

61.    The following wrongful actions were committed by these Defendants, without limitation:

(1)  In a case in the federal District Count in Los Angeles, California (D.C. No. 2:10-mc-00270-GHK), Defendant KING had, upon information and belief, improper ex parte communications and contacts to affect the outcome of this case. Defendant KING further has, and had at all times

COMPLAINT                                  15

herein mentioned, biases and conflicts of interest, or the appearance of same, towards DYDZAK, including but not limited to taking bribes or financial incentives from Defendant SCHWAB.

(2)     Defendant KING denied as a jurist DYDZAK a fair and impartial process in the aforementioned case, and would not provide him an evidentiary hearing to contest certain disciplinary proceedings affecting DYDZAK. Same is, and was at all times herein mentioned, against, without limitation, substantive and procedural due process, equal protection of laws, and proper First Amendment access to the courts.

(3)     Upon information and belief, Defendant KING had improper, unethical and unlawful communications with Defendants GEORGE and CANTIL-SAKAUYE, so as to fraudulently and maliciously do rulings adverse to DYDZAK.

(4)     As a result of the foregoing, Defendant KING's rulings and Orders adverse to DYDZAK are, and were at all times herein mentioned, void ab initio.

(5)     In the appeal of the aforesaid District Court case, 9th Circuit Case No. 11-56028, Defendants FERNANDEZ, TASHIMA and WARDLAW, individually and as jurists, acted unlawfully and unconstitutionally towards Plaintiff by doing rulings and Orders adverse to him. In particular, they acted and are acting without a proper legal quorum as "senior status" Defendant FERNANDEZ was not duly appointed to rule in the case. Further, they have, and had at all times herein mentioned, biases and conflicts of interest, or the appearance of same towards Plaintiff, and they are willingly, unethically refusing to rule on pending motions. In particular, Defendant WARDLAW was wrongfully bribed by Defendant SCHWAB to harm DYDZAK, or has and had financial conflicts of interest involving Defendant SCHWAB or his business entities. Upon further information and belief, Defendant TASHIMA has and had financial conflicts of interest, making

COMPLAINT                                    16

1    monies from the State Bar of California who dislikes DYDZAK for exposing its corruption and

2    judicial corruption. These Defendants, upon further information and belief, have been involved in

3    ongoing improper and unethical ex parte and extrajudicial communications with Defendants

4    ROTHENBERG, GEORGE, E.GEORGE, and CANTIL-SAKAUYE to harm and injure DYDZAK.

5        62.    Egregiously, and against DYDZAK's civil and constitutional rights, Defendants

6    FERNANDEZ, WARDLAW and TASHIMA continue to not disqualify themselves in the aforesaid

7    appeal despite an illegal panel. Upon information and belief, they further are involved in an illegal

8    cover-up of not having the Ninth Circuit Court of Appeals rule in this appeal on pending, valid

9    
10   motions filed on April 1, 2016, and January 28, 2020.  This ongoing unlawful failure to rule and

11   obstruct justice is known, administratively, to Defendant THOMAS and Defendant SCHIFFER. who

12   have taken no steps to remedy the wrongful situation.

13       63.    Defendants KING, FERNANDEZ, WARDLAW and TASHIMA are not being sued

14   in this Seventh Cause of Action for monetary damages but only appropriate equitable and declaratory

15   relief declaring that DYDZAK's civil and constitutional rights have been violated. Due to the illegal

16   conduct of said Defendants, a TRO, Preliminary Injunction and Permanent Injunction should issue as

17   well to protect Plaintiff's civil and constitutional rights, according to proof.

18   
19   
20                        **EIGHTH CAUSE OF ACTION**

21                        **(VIOLATION OF CIVIL RIGHTS)**

22            **(AGAINST DEFENDANTS DATO AND CANTIL-SAKAUYE)**

23   
24   
25       64.    Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1

26                                17

27   
28

through 63, inclusive, of the Complaint and any and all allegations contained therein.

65.     This is a civil rights complaint pursuant to 42 U.S.C. 1983 et seq. where appropriate declaratory and equitable relief is sought. Plaintiff's civil rights have been violated, as herein alleged.

66.     Defendant DATO is not being sued in this 8th count for monetary damages, only appropriate declaratory and equitable relief. Since Defendant CANTIL-SAKAUYE is acting in an administrative capacity as head of the Judicial Council of California, she can be sued in this cause of action for damages and equitable and declaratory relief for violating Plaintiff's civil and constitutional rights.

67.     Upon information and belief, on April 5, 2013, and continuing to the present Defendant CANTIL-SAKAUYE had improper ex parte and extrajudicial communications with Defendant DATO to cause Plaintiff to be improperly put on a Vexatious Litigant List or Pre-filing List with respect to Plaintiff's being able to file any legal cases in the State of California. Defendant DATO had no jurisdiction to act and acted in the absence of jurisdiction because of his illegal and improper contacts and communications with Defendant CANTIL-SAKAUYE. He thereby conspired with Defendant CANTIL-SAKAUYE to commit extrinsic fraud or a "fraud upon the court" in a case illegally transferred to the San Diego Superior Court from Orange County Superior Court involving DYDZAK. There were no San Diego based Defendants warranting the case being heard in that judicial territory or jurisdiction.

68.     Upon further information and belief, Defendant DATO was rewarded by Defendant CANTIL-SAKAUYE for the aforesaid extrinsic fraud by his being subsequently promoted to the San Diego Court of Appeal as a jurist. She also used her influence as well in his being appointed as a member serving on the California Commission On Judicial Performance. She did so in order that he

18

could protect her history of judicial corruption and malfeasance towards Plaintiff and others.

69.     State actors, such as Defendants DATO and CANTIL-SAKAUYE, acting under color of state authority, can be sued for violation of civil rights. DYDZAK is being unfairly denied access to the California courts due to the wrongful and unlawful acts of the aforesaid Defendants.

70.     Plaintiff is entitled to an award of general damages, according to proof, against Defendant CANTIL-SAKAUYE. Because of her malice, fraud and oppression towards him, Plaintiff is also entitled to an award of punitive damages in the amount of $ 10,000,000.

71.     Appropriate equitable and declaratory relief should be granted against these Defendants and the issuance of appropriate injunctive relief, according to proof.


WHEREFORE, Plaintiff prays judgment as follows:

1.  For appropriate equitable, declaratory and injunctive relief, as prayed and according to proof;

2.  For punitive damages, as prayed and according to proof;

3.  For reasonable attorney's fees, according to proof;

4.  For costs of suit incurred hereinl and

5.  For such other and further relief as the Court deems proper and just in the premises.


Dated: November 28, 2021

DANIEL DAVID DYDZAK

Plaintiff

19

SER 799

# Exhibit B

Order Granting Defendants' Motion to
Dismiss
Case No. A-22-847734-C

Electronically Filed
06/03/2022 11:38 AM

*[signature]*

CLERK OF THE COURT

**ORDR**
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
**OLSON CANNON GORMLEY
& STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile:  (702) 383-0701
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*and Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California*

### DISTRICT COURT

### CLARK COUNTY, NEVADA

* * * * *

| | |
|---|---|
| DANIEL DAVID DYDZAK | ) |
| | ) |
| Plaintiff, | ) CASE NO.: A-22-847734-C |
| | ) |
| vs. | ) DEPT. NO.: 27 |
| | ) |
| TANI CANTIL-SAKAUYE, JORGE | ) |
| NAVARRETE, THOMAS LAYTON, aka TOM | ) |
| LAYTON, CHARLES SCHWAB, DONALD F. | ) |
| MILES, JOHNNIE B. RAWLINSON, BARRY | ) **ORDER GRANTING** |
| G. SILVERMAN, WILLIAM A. FLETCHER, | ) **DEFENDANTS'** |
| PETER LIND SHAW, RONALD M. GEORGE | ) **MOTION TO** |
| ERIC M. GEORGE, ALAN I. ROTHENBERG, | ) **DISMISS** |
| 1ST CENTURY BANK, 1ST CENTURY | ) |
| BANCSHARES, INC., EDWARD EPHRAIM | ) |
| SCHIFFER, SIDNEY R. THOMAS, WILLIAM | ) |
| DATO, MAXINE M. CHESNEY, MOLLY C. | ) |
| DWYER, GEORGE H. KING, A. WALLACE | ) |
| TASHIMA, FERDINAND FRANCIS | ) |
| FERNANDEZ, KIM MCCLANE WARDLAW, | ) |
| WILLIAM C. CANBY, RONALD M. GOULD, | ) |
| RICHARD C. TALLMAN, and Does 1 through | ) |
| 50,  inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The Court, having considered all papers and pleadings with a hearing scheduled for May

11, 2022 and continued and heard on May 18, 2022, hereby grants Defendants Chief Justice Tani

G. Cantil-Sakauye's and Clerk Jorge Navarrete's, Clerk/Executive Officer of the Supreme Court

of California, (hereinafter "California Supreme Court Defendants")  motion to dismiss Plaintiff's

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and for failure to state a claim for relief.

## PROCEDURAL HISTORY

1.      The California Supreme Court Defendants filed their Motion to Dismiss the Complaint on April 6, 2022 pursuant to Nevada Rules of Civil Procedure 12(b)(1) and 12(b)(2) and, alternatively, pursuant to Nevada Rule of Civil Procedure 12(b)(5).

2.      Plaintiff Daniel David Dydzak ("Plaintiff") filed his Opposition to the California Supreme Court Defendants' Motion to Dismiss on April 18, 2022.

3.      The California Supreme Court Defendants filed their Reply to Plaintiff's Opposition to Dismiss on May 3, 2022.

4.      The Court issued a Notice of Hearing on April 7, 2022 for the motion to be heard on May 11, 2022.

5.      During the hearing on May 11, 2022, this matter was trailed to the end of the calendar, however, electronic interference prevented the hearing from going forward. The Court Recorder asked the parties if they had two sources of audio connected on-line due to the audio issues. The Court could not hear the parties without a severe echo. Accordingly, the Court ordered the matter continued for one-week and the continuance was noted in the Minutes.

6.      The May 11, 2022 minutes further reflected that on May 18, 2022 at 9:00 a.m. the Court will hear the California Supreme Court Defendants' Motion to Dismiss the Complaint.

7.      During the subsequent Hearing on May 18, 2022, counsel for the California Supreme Court Defendants personally appeared and the Court called for and obtained no response from Plaintiff.

8.      The Court then heard oral argument on the motion to dismiss pursuant to Nevada Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(5).

## FINDINGS OF FACT

1.      Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial District Court of Nevada on February 3, 2022 because "one of the parties resides in Clark

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

SER 802

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

County." (Complaint ¶ 5). Plaintiff identifies this party as Judge Johnnie B. Rawlinson of the U.S. Court of Appeals for the Ninth Circuit.

2.      Plaintiff is a California resident and has included twenty-four Defendants in the case caption, many of which are current or former California state judicial officers or judges of federal district and appellate courts located in California.

3.      Defendant Tani G. Cantil-Sakauye was at all relevant times serving as the Chief Justice of the Supreme Court of California.

4.      Defendant Jorge Navarrete was at all relevant times serving as the Clerk/Executive Officer of the Supreme Court of California.

5.      Plaintiff sued Defendant Tani Cantil-Sakauye and Jorge Navarrete as individuals residing in San Francisco, California. (Complaint ¶¶ 2-3). Plaintiff also named former California Chief Justice Ronald George and Associate Justice William Dato of the Fourth Appellate Division of California based upon their involvement in California litigation. (Complaint at ¶¶ 11, 18). Plaintiff also brings suit against several other State of California state bar judges and investigators or State Bar attorney panel members, who all allegedly have some connection with his disciplinary matter ultimately resolved in California Supreme Court Case No.  S17980. (Complaint ¶¶ 4-6, 10, 12-13, 16).  In addition, Plaintiff named as Defendants a total of ten (10) Article III judges from the U.S. Court of Appeals for the Ninth Circuit and the U.S. Northern District of California.  He also sued the Ninth Circuit court clerk for his alleged involvement in California federal litigation pertaining to Plaintiff. (Complaint ¶¶ 7-9, 17, 19-25).

6.      Plaintiff's claims arise out of his subsequent court challenges to orders issued in California Supreme Court Case No. S179850 denying his requests to overturn his disbarment of 2010.

7.      Per the registry of action attached as an exhibit to the motion to dismiss, the Court takes judicial notice of certain facts pertaining to the protracted procedural history of Plaintiff's

SER 803

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

various attempt to challenge and reverse his disbarment.[1] The registry of action establishes the following:

a.   The California Supreme Court proceeding commenced on January 27, 2010;

b.   Plaintiff filed a petition for writ of review on April 1, 2010;

c.   On May 12, 2010, the California Supreme Court denied Plaintiff's petition for writ of review and ordered him disbarred from the practice of law in California;

d.   On May 24, 2010, Plaintiff filed a petition for writ of certiorari with the U. S. Supreme Court;

e.   On October 4, 2010, the U. S. Supreme Court denied Plaintiff's petition for writ of certiorari;

f.   On January 11, 2012, Plaintiff filed a motion in the California Supreme Court to reopen his disciplinary case due to fraud upon the court and reverse and set aside the disbarment order;

g.   On February 15, 2012, the California Supreme Court denied Plaintiff's motion to reopen his disciplinary case and set aside the disbarment order;

h.   Six years later, on March 1, 2018, Plaintiff filed a second motion in the California Supreme Court to reopen his disciplinary case and set aside the disbarment order;

i.   On May 9, 2018, the California Supreme Court denied Plaintiff's second motion to reopen his disciplinary case and set aside the disbarment order;

j.   From May 14, 2018, and over the next year, Plaintiff filed several more motions to reopen his disciplinary case or for other relief, including a motion for an order to show cause, filed on April 22, 2019; and

---

[1] The district court may consider publicly recorded documents without converting a motion to dismiss to one for summary judgment. *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (stating that a court may consider matters of public record in ruling on a motion to dismiss). This includes taking judicial notice of pleadings, memoranda, and other court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006).

SER 804

k.      On September 11, 2019, the California Supreme Court denied Plaintiff's motion for an order to show cause and stated "[t]his matter is now final.  The court will no longer consider challenges to petitioner's disbarment."

8.      Plaintiff alleges in his first case of action, pursuant to 42 U.S.C. § 1983, that Defendant Chief Justice Tani Cantil-Sakauye issued an illegal order on September 11, 2021 in Case No. S179850 as part of an alleged conspiracy with Defendant Jorge Navarrete who allegedly did not accept further filings by Plaintiff in the case after that order was entered.

9.      Plaintiff's third cause of action names various Defendants who had not made an appearance in the case (including former California Supreme Court Justice Ronald M.  George and Associate Justice William Dato of the California Court of Appeal, Fourth Appellate District, Division One).  Plaintiff claims that they had "improper, unethical and illegal ex parte, extra-judicial communications and contacts" with the California Supreme Court Defendants on or about September 11, 2019.  (Complaint ¶39).

10.     In his eighth claim for relief, Plaintiff names Chief Justice Cantil-Sakauye and Associate Justice Dato and again alleges unspecified civil rights violations. Plaintiff alleges that these two jurists had improper *ex parte* communications "to cause Plaintiff to be improperly put on the Vexatious Litigant List" for the State of California. (Complaint ¶ 66). Plaintiff alleges this communication took place approximately nine years ago on April 5, 2013. (Complaint ¶ 67). Plaintiff asserts they formed a conspiracy regarding a pending in the San Diego Superior Court, and it was "illegally transferred" to the Orange County Superior Court." Id. Plaintiff further suggests that Chief Justice Cantil-Sakauye rewarded Associate Justice Data for the alleged fraudulent act by promoting him to the San Diego Court of Appeal. (Complaint ¶ 68).

11.     The Court further takes notice based upon exhibits attached to the motion to dismiss that Plaintiff has been judicially declared a vexatious litigant on two occasions. The Court takes judicial notice of the public documents attached as Exhibit "B" to the motion indicating Plaintiff is a vexatious litigant pursuant to an order entered on April 5, 2013, in *Dydzak v. Dunn* (Superior Court of California, County of San Diego, No. 30-2012-00558031). The Court further takes judicial notice of the public documents attached as Exhibit "C" which is

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada  89129
(702) 384-4012    Telecopier (702) 383-0701

SER 805

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

a vexatious litigant order entered on September 25, 2012, in *Dydzak v. Cantil-Sakauye* (USDC, CD Cal., No. C11-5560-JCC). This order prohibits Plaintiff from "initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California."

12.     Plaintiff's claims for relief all seek to impair, invalidate or reverse his disbarment from the practice of law in California.

13.     Plaintiff's claims are based entirely on the Supreme Court of California Defendants' involvement in California litigation arising out of State Bar of California disciplinary action. A plain reading of Plaintiff's Complaint fails to establish any contacts with the Nevada forum by any of Defendants whatsoever. The entirety of the allegations pertain to attorney discipline taken against Plaintiff in the State of California, including his disbarment, and denial of Plaintiff's various complaints and petitions to overturn that discipline.

14.     Plaintiff's Complaint includes no allegation against Chief Justice Cantil-Sakauye that she acted in clear excess of her jurisdiction.

15.     Plaintiff's Complaint includes no allegations that Jorge Navarrete took any action that was not closely related to his clerk duties as part of the judicial process.

## CONCLUSIONS OF LAW

### I.     The Court Lacks Subject Matter Jurisdiction

1.     The plaintiff has the burden of proving subject matter jurisdiction. *See Morrison v. Beach City LLC*, 116 Nev. 34, 36, 991 P.2d 982, 983 (2000). If the movant challenges the existence of subject matter jurisdiction, the pleadings are treated as evidence on the issue. Indeed, in this type of 12(b)(1) motion, the requirement is not unlike that for summary judgment, where the non-moving party cannot rest on the allegations in the complaint but must present evidence to defeat the motion. *Trentacosta v. Frontier Pacific Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 at 653-54 (1969)); *Nevada v. United States*, 221 F.Supp.2d 1241, 1248 (D. Nev. 2002). The question of subject matter jurisdiction "'can be raised by the parties at any time ... and cannot be

SER 806

conferred by the parties.'" *Landreth v. Malik*, 127 Nev. 175, 251 P. 3d 163, 166 (2011) (quoting *Swan v. Swan*, 106 Nev. 464, 469, 796 P.2d 221, 224 (1990)).

2.      State supreme courts are the ultimate arbiters of attorney behavior for members of the state bar that applies only to attorney discipline occurring in the forum state.  Nevada courts lack subject matter jurisdiction seeking to impair or reverse attorney discipline imposed by another State. In Nevada, Supreme Court Rule 105(3)(b) provides subject matter jurisdiction for the Nevada Supreme Court to automatically review public discipline imposed by a Nevada State Bar hearing panel.  To be sure, it provides no subject matter jurisdiction to review public discipline imposed by the State of California.

3.      By filing what amounts to nothing more than a collateral challenge to his disbarment and the numerous denials of his attempts to overturn, Plaintiff simply tries to make an end around of the results of federal and state courts located in California for which this Court lacks subject matter jurisdiction. The complaint therefore is properly dismissed pursuant to Nevada Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**II.      There is No Personal Jurisdiction over the California Supreme Court Defendants**

1.      To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must "make a prima facie showing of personal jurisdiction" by "producing] some evidence in support of all facts necessary for a finding of personal jurisdiction." *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692, 857 P.2d 740, 743-44 (1993). When considering a motion to dismiss for lack of personal jurisdiction, the plaintiff is required to go beyond the pleadings and proffer some competent evidence supporting a finding of personal jurisdiction.  *Id.* at 693, 857 P.2d at 744 (explaining that the plaintiff "may not simply rely on the allegations of the complaint to establish personal jurisdiction").

2.      Plaintiff has pled no facts in his complaint that would establish this court's personal jurisdiction-general or specific-over the California Supreme Court Defendants, all of whom are California residents. Plaintiff does not allege that the injuries he sustained occurred in Nevada, that Defendants were served with process in Nevada, or that this case or Defendants have anything at all to do with Nevada. *See Nguyen v. Margines*, 2021 WL 5761766 *2 (D. Nev., Dec. 3,

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

SER 807

2021) (dismissing the plaintiffs' suit against California state-court judges seeking damages against them for judgments entered against the plaintiffs in other cases in California due to lack of personal jurisdiction).

3.     General jurisdiction exists only where the defendant's activities in the forum state are so substantial or continuous and systematic that it may be deemed present in the forum and hence subject to suit over claims unrelated to its activities here. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S. Ct. 1868 (1984); *Trump*, 109 Nev. at 699, 857 P.2d at 748.

4.     Plaintiff impermissible seeks to avail himself of access to this court in Nevada because one of the many jurists that exercised jurisdiction over his case originating in California still has a home office in Nevada (i.e., the Honorable Judge Johnnie Rawlinson). This allegation clearly does not establish personal jurisdiction for the California Supreme Court Defendants.

5.     To show specific jurisdiction, Plaintiff must demonstrate facts showing that the defendants purposefully availed themselves of the privilege of acting in Nevada or caused important consequences here, that the cause of action arises from the defendant's activities in Nevada, and that those activities, or the consequences thereof, have such a substantial connection with Nevada as to make the exercise of jurisdiction over the defendant reasonable. *Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 458-59, 282 P.3d 751, 755 (2012).

6.     Nowhere does Plaintiff allege, or even remotely indicate, that Chief Justice Cantil-Sakauye or Jorge Navarrete "purposefully directed" any activity toward Nevada. The Complaint itself makes clear that this action involves Plaintiff's attempts to obtain judicial review and reversal of being disbarred as a California lawyer and being declared a vexatious litigant in state and federal courts in California. Indeed, neither the Supreme Court of California Defendants nor any of the other California jurists and California State Bar agents had any jurisdiction or ability to perform any legal act in the State of Nevada.

7.     There is nothing to suggest Plaintiff's claims arise out of the activities of any Defendant in Nevada. To the contrary, the activities which give rise to Plaintiff's claims exclusively occurred in California. Other than identifying Judge Rawlinson's alleged personal

*Law Offices of*
**OLSON CANNON GORMLEY & STOBERSKI**
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012    Telecopier (702) 383-0701

**SER 808**

residence or home State, Nevada is never mentioned in the Complaint whatsoever. Even if Judge Rawlinson's involvement in federal cases pending in the Ninth Circuit somehow implicate Nevada, which they do not, there is still absolutely no Nevada connection to the California Supreme Court Defendants. Plaintiff, to be sure, does not attribute any conduct by the Superior Court Defendants directed toward Nevada.

8. Plaintiff argues that because one of the many Defendants he named is a one-time Nevada resident that venue is proper in Clark County, Nevada. The clear failing in this singular argument to resist the motion to dismiss is that the California Supreme Court Defendants did not seek dismissal based upon improper venue at all. To be sure, venue and personal jurisdiction are separate requirements. *See State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 821 (Mo. banc 1994) (stating "venue and personal jurisdiction address entirely different concerns and venue is not a prerequisite to personal jurisdiction").

9. Plaintiff cannot obtain personal jurisdiction over everyone he names in a lawsuit even assuming that there is a personal jurisdiction over one of the other defendants. Moreover, there is no basis to suggest Judge Rawlinson did anything in connection with her involvement in a case pending in the Ninth Circuit Court of Appeals that subjects her to be sued in Nevada.

10. Plaintiff has failed to show that the California Supreme Court Defendants are subject to general jurisdiction in Nevada or have certain minimum contacts for specific jurisdiction. Therefore, the case is also dismissed for want of personal jurisdiction pursuant to Rule 12(b)(2).

### III.   The Complaint States No Valid Claim for Relief

1. When presented with a Nevada Rule of Civil Procedure 12(b)(5) motion to dismiss for failure to state a claim, the district court must view all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *Kourafas v. Basic Food Flavors, Inc.*, 120 Nev. 195, 197, 88 P.3d 822, 823 (2004).

2. Claims of immunity present issues that are generally appropriately decided as early as possible, in order to "avoid excessive disruption of government." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because the essence of immunity is its possessor's entitlement not to have

to answer for his conduct in a civil damages action, that protection is effectively lost if a case is erroneously permitted to go to trial. *See Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit."); *see also State of Nevada v. Second Judicial District Court*, 118 Nev. 609, 615, 55 P.3d 420, 423 (2002) ("Absolute immunity is a broad grant of immunity not just from the imposition of civil damages, but also from the burdens of litigation, generally.").

3.      Judges possess a "sweeping form of immunity" for all acts performed that relate to the "judicial process." *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20, 96 S.Ct. 984 (1976).  Irrespective of the judge's subjective intent, immunity insulates the judge's actions except where done in the clear absence of jurisdiction. *See Stump v. Stackman*, 435 U.S. 349, 359, 98 S.Ct. 1099 (1978).  Put differently, this absolute immunity insulates judges from charges or erroneous acts or irregular action, even when it is alleged that such action was driven by malice, bad faith or corruption. *Forrester*, 484 U.S. at 227-28; *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286 (1991). Furthermore, the absolute immunity is not pierced by allegations of judicial authority "flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

4.      In addition, allegations of conduct in excess of jurisdiction are thus insufficient, a judge will only forfeit his immunity when he acts in "clear absence of all jurisdiction." *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1389 (9th Cir. 1987). The fact that a judge acts informally, outside the courtroom and without observance of procedural requirements, or engages in ex parte communications, does not strip a judge of absolute immunity. *Stump*, 435 at 361-63, 98 S.Ct. at 1107-08; *see also Forrester*, 108 S.Ct. at 544. Nor is judicial immunity lost as a result of improper favor or disfavor to a party. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir.1996).

5.      Absolute judicial immunity thus covers "virtually all acts, regardless of motivation," therefore, "when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." *Pinaud v. County of Suffolk*, 52 F.3d

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

1139, 1148 (2d Cir. 1995). Plaintiff's allegations and argument regarding improper motive, bad faith, or even acts taken in an unquestionably illegal manner are all irrelevant. *See Red Zone 12 LLC v. City of Columbus*, 758 F.App'x 508, 513-14 (6th Cir. 2019); *Imbler*, 424 U.S. at 431, 96 S.Ct. 984 (allegations of conspiracy to wrongfully convict plaintiff did not overcome prosecutorial immunity); *Forrester*, 484 U.S. at 227-28, 108 S.Ct. 538 (holding an act "does not become less judicial by virtue of allegations of malice or corruption of motive"); *Ashelman v. Pope*, 793 F.2d 1072, 10771-78 (9th Cir. 1986) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

6.      "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (applying quasi-judicial immunity where clerks accepted and filed incomplete bankruptcy petition and later refused to accept amended petition); *see also Moore v. Brewster*,  96 F.3d 1240, 1244 (9th Cir. 1996) (applying immunity where clerk deceived plaintiff regarding the status of supersedeas bond and improperly conducted hearings to assess costs against plaintiff); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979) (applying quasi-judicial immunity where clerk failed to provide notice of court order).

7.      Absolute quasi-judicial immunity is "extended ... to court clerks and other nonjudicial officers for purely administrative acts-acts  which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). Where the accused conduct is an integral part of the judicial process, clerks qualify for quasi-judicial immunity unless such conduct was undertaken "in the clear absence of all jurisdiction." *Mullis*, 828 F.2d at 1390. Quasi-judicial immunity nevertheless applies to clerk action that is "a mistake or an act in excess of jurisdiction …, even if it results in 'grave procedural errors.'" *Id.*

8.      The act of making decisions following motion practice of a litigant (including finding that a party subject to jurisdiction of the court is a vexatious litigant) before the court is

SER 811

clearly a judicial act. Allegations that there were ex parte communications or that the judicial decisions were the result of bad faith, or a conspiracy do not pierce judicial immunity. Chief Justice Cantil-Sakauye's decisions at issue had to occur while she was inside the courtroom or inside chambers in preparing and finalizing judicial orders. The actions Plaintiff alleges as constitutional transgressions against Chief Justice Cantil-Sakauye center around Plaintiff's case before her in review of the State Bar of California's disciplinary action. This is plainly a case where judicial immunity attaches.

9.      The only specific allegation against Jorge Navarrete is that he "illegally conspired to not file, as required, legal pleadings, motions and papers duly submitted by DYDZAK for docket filing with the Clerk's Office of the Supreme Court of California." (Complaint, 31, p. 6.) As the Clerk/Executive Officer of the Supreme Court of California, Defendant Navarrete's duties include the creation and management of uniform record-keeping systems. California Rules of Court, rule 10.1020(c)(7). His alleged conspiracy to not file Plaintiff's papers in the California Supreme Court is indisputably "an integral part of the judicial process." *Mullis*, 828 F.2d at 1390; *see also Sedgwick v. United States*, 265 Fed. Appx. 567, 568 (9th Cir. 2008) (Supreme Court Clerk entitled to absolute quasi-judicial immunity for refusing to file plaintiff's petition for writ of certiorari). The claims against Jorge Navarrete are therefore barred by the doctrine of quasi-judicial immunity.

10.      Plaintiff fails to state a valid claim for relief against the California Supreme Court Defendants because they are possess absolute immunity as to all allegations and all claims for relief alleged in the Complaint. The Court therefore also grants the motion to dismiss pursuant to Nevada Rule of Civil Procedure 12(b)(5).

IT IS HEREBY ORDERED that the motion to dismiss is granted in all respects

DATED this ___2nd___ day of M~~ay~~ June, 2022.

Dated this 3rd day of June, 2022

*Nancy L Allf*
DISTRICT COURT JUDGE                    TW

10A CB8 7A23 4559
Nancy Allf
District Court Judge

SER 812

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012   Telecopier (702) 383-0701

Submitted by:

OLSON CANNON GORMLEY
& STOBERSKI

By: /s/ Thomas D. Dillard, Esq.
THOMAS D. DILLARD, ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for the California Supreme Court Defendants

Approved as to form and content:

By: _____
Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
Plaintiff Pro Se

**SER 813**

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY&

STOBERSKI, and that on the _____ day of May, 2022, I served a copy of the foregoing **ORDER**

**GRANTING DEFENDANTS' MOTION TO DISMISS,** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Administrative Order 14-2, the above-referenced document

was electronically filed on the date hereof and served through the Notice of Electronic Filing

automatically generated by the Court's facilities to those parties listed on the Court's Master Service

List, (or, if necessary, by U.S. Mail, first class, postage pre-paid, or via email), upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
*Plaintiff Pro Se*

_____
An employee of OLSON CANNON
GORMLEY & STOBERSKI

**SER 814**

**CSERV**

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| Daniel Dydzak, Plaintiff(s) | CASE NO: A-22-847734-C |
| vs. | DEPT. NO.  Department 27 |
| Tani Cantil-Sakauye, Defendant(s) | |

**<u>AUTOMATED CERTIFICATE OF SERVICE</u>**

This automated certificate of service was generated by the Eighth Judicial District Court. The foregoing Order Granting Motion was served via the court's electronic eFile system to all recipients registered for e-Service on the above entitled case as listed below:

Service Date: 6/3/2022

| | |
|---|---|
| Tom Dillard | tdillard@ocgas.com |
| Linda Roth | lroth@ocgas.com |
| Daniel Dydzak | ddydzak@yahoo.com |
| Jessica Kaufman | jkaufman@ocgas.com |
| Thomas Dillard | TDillard@ocgas.com |

**SER 815**

# Exhibit C

## Docket Sheet
## Case No. A-22-847734-C

# REGISTER OF ACTIONS
## CASE NO. A-22-847734-C

| Daniel Dydzak, Plaintiff(s) vs. Tani Cantil-Sakauye, Defendant(s) | § § § § § § § | Case Type: | **Other Tort** |
|---|---|---|---|
| | | Date Filed: | **02/03/2022** |
| | | Location: | **Department 27** |
| | | Cross-Reference Case Number: | **A847734** |
| | | Supreme Court No.: | **84868** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | **1st Century Bancshares, Inc.** | |
| Defendant | **1st Century Bank** | |
| Defendant | **Canby, William C** | |
| Defendant | **Cantil-Sakauye, Tani** | Thomas D. Dillard Jr<br>*Retained*<br>7023844012(W) |
| Defendant | **Chesney, Maxine M** | |
| Defendant | **Dato, William** | |
| Defendant | **Dwyer, Molly C** | |
| Defendant | **Fernandez, Ferdinand Francis** | |
| Defendant | **Fletcher, William A.** | |
| Defendant | **George, Eric M** | |
| Defendant | **George, Ronald M** | |
| Defendant | **Gould, Ronald M** | |
| Defendant | **King, George H** | |
| Defendant | **Layton, Thomas** | |
| Defendant | **McClane Wardlaw, Kim** | |
| Defendant | **Miles, Donald F** | Craig R. Anderson<br>*Retained*<br>702-382-0711(W) |
| Defendant | **Navarrete, Jorge** | Thomas D. Dillard Jr<br>*Retained*<br>7023844012(W) |
| Defendant | **Rawlinson, Johnnie B** | |
| Defendant | **Rothenberg, Alan I** | |
| Defendant | **Schiffer, Edward Ephraim** | |

**SER 817**

| Defendant | Schwab, Charles | |
| --- | --- | --- |
| Defendant | Shaw, Peter Lind | |
| Defendant | Silverman, Barry G. | |
| Defendant | Tallman, Richard C | |
| Defendant | Tashima, A. Wallace | |
| Defendant | Thomas, Sidney R | |
| Plaintiff | Dydzak, Daniel David | Pro Se |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
| --- | --- |
| 02/03/2022 | **Complaint With Jury Demand**    Doc ID# 1 |
| | *[1] Complaint for Damages And Equitable Relief Demand For Jury Trial* |
| 02/10/2022 | **Summons Electronically Issued - Service Pending**    Doc ID# 2 |
| | *[2] Summons - Civil* |
| 04/06/2022 | **Initial Appearance Fee Disclosure**    Doc ID# 3 |
| | *[3] Defendants Chief Justice Tani G. Cantil-Sakauye's and Jorge Navarrete's Initial Appearance Fee Disclosure* |
| 04/06/2022 | **Motion to Dismiss**    Doc ID# 4 |
| | *[4] Defendants Chief Justice Tani G. Cantil-Sakauye's and Jorge Navarrete's Motion to Dismiss Complaint* |
| 04/07/2022 | **Clerk's Notice of Hearing**    Doc ID# 5 |
| | *[5] Notice of Hearing* |
| 04/11/2022 | **Filing Fee Remittance**    Doc ID# 6 |
| | *[6] Filing Fee Remittance* |
| 04/18/2022 | **Opposition to Motion**    Doc ID# 7 |
| | *[7] Plaintiff's Opposition And Response To Untimely Motion To Dismiss By Defendants Tani Cantil -Sakauye And Jorge Navarrete; Memorandum Of Points And Authorities ThereTo; Exhibits; Notice Of Errata* |
| 05/03/2022 | **Reply to Opposition**    Doc ID# 8 |
| | *[8] Defendants Chief Justice Tani G. Cantil-Sakauye's and Jorge Navarrete's Reply to Plaintiff's Opposition to the Motion to Dismiss* |
| 05/11/2022 | **Motion to Dismiss**   (10:00 AM) (Judicial Officer Bonaventure, Joseph T.) |
| | **05/11/2022, 05/18/2022** |
| | *Defendants Chief Justice Tani G. Cantil-Sakauye's and Jorge Navarrete's Motion to Dismiss Complaint* |
| | [Parties Present] |
| | [Minutes] |
| | Result: Matter Continued |
| 05/12/2022 | **Notice**    Doc ID# 9 |
| | *[9] Notice of Intent to Appear by Communication Equipment* |
| 06/02/2022 | **Objection**    Doc ID# 10 |
| | *[10] Plaintiff's Objection to Proposed Dismissal Order Re: Defendants Tani Cantil-Sakauye and Jorge Navarrete; Request That Same Not Be Filed and Entered and Stricken* |
| 06/03/2022 | **Order Granting Motion**    Doc ID# 11 |
| | *[11] Order Granting Motion to Dismiss* |
| 06/08/2022 | **Notice of Entry of Order**    Doc ID# 12 |
| | *[12] Notice of Entry of Order Granting Defendants' Motion to Dismiss* |
| 06/08/2022 | **Notice of Appeal**    Doc ID# 13 |
| | *[13] Notice of Appeal* |
| 06/10/2022 | **Case Appeal Statement**    Doc ID# 14 |
| | *[14] Case Appeal Statement* |
| 06/13/2022 | **Motion to Dismiss**    Doc ID# 15 |
| | *[15] Defendant Associate Justice William Dato's Motion to Dismiss* |
| 06/14/2022 | **Clerk's Notice of Hearing**    Doc ID# 16 |
| | *[16] Notice of Hearing* |
| 06/20/2022 | **Motion to Dismiss**    Doc ID# 17 |
| | *[17] Defendant Donald F. Miles' Motion to Dismiss Complaint* |
| 06/20/2022 | **Initial Appearance Fee Disclosure**    Doc ID# 18 |
| | *[18] Defendant Donald Miles' Initial Appearance Fee Disclosure* |
| 06/22/2022 | **Motion to Dismiss**    Doc ID# 19 |
| | *[19] Motion to Dismiss Complaint* |
| 06/22/2022 | **Declaration**    Doc ID# 20 |
| | *[20] Declaration of Eric M. George* |
| 06/22/2022 | **Declaration**    Doc ID# 21 |
| | *[21] Declaration of Ronald M. George* |
| 06/22/2022 | **Declaration**    Doc ID# 22 |
| | *[22] Declaration of Alan I. Rothenberg in Support of Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Motion to Dismiss Complaint* |
| 06/22/2022 | **Request for Judicial Notice**    Doc ID# 23 |
| | *[23] Request for Judicial Notice in Support of Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Motion to Dismiss Complaint* |
| 06/22/2022 | **Proof of Service**    Doc ID# 24 |

*[24] Proof of Service of Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Motion to Dismiss; Request for Judicial Notice in Support of Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Motion to Dismiss Complaint; and Declarations of Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg*

07/19/2022 | **Motion to Associate Counsel** (3:00 AM) (Judicial Officer Allf, Nancy)
*Defendant Associate Justice William Dato's Motion to Dismiss*

---

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Defendant** Cantil-Sakauye, Tani | | | |
| | Total Financial Assessment | | | 253.00 |
| | Total Payments and Credits | | | 253.00 |
| | **Balance Due as of 06/24/2022** | | | **0.00** |
| 04/12/2022 | Transaction Assessment | | | 253.00 |
| 04/12/2022 | Efile Payment | Receipt # 2022-21782-CCCLK | Cantil-Sakauye, Tani | (253.00) |
| | | | | |
| | **Defendant** George, Eric M | | | |
| | Total Financial Assessment | | | 669.00 |
| | Total Payments and Credits | | | 669.00 |
| | **Balance Due as of 06/24/2022** | | | **0.00** |
| 06/22/2022 | Transaction Assessment | | | 669.00 |
| 06/22/2022 | Efile Payment | Receipt # 2022-35389-CCCLK | George, Eric M | (669.00) |
| | | | | |
| | **Defendant** Miles, Donald F | | | |
| | Total Financial Assessment | | | 226.50 |
| | Total Payments and Credits | | | 226.50 |
| | **Balance Due as of 06/24/2022** | | | **0.00** |
| 06/20/2022 | Transaction Assessment | | | 226.50 |
| 06/20/2022 | Efile Payment | Receipt # 2022-34677-CCCLK | Miles, Donald F | (226.50) |
| | | | | |
| | **Plaintiff** Dydzak, Daniel David | | | |
| | Total Financial Assessment | | | 270.00 |
| | Total Payments and Credits | | | 270.00 |
| | **Balance Due as of 06/24/2022** | | | **0.00** |
| 02/03/2022 | Transaction Assessment | | | 270.00 |
| 02/03/2022 | Efile Payment | Receipt # 2022-06837-CCCLK | Dydzak, Daniel David | (270.00) |

1
2
3
4
5

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

FILED ____   ____ RECEIVED
____ ENTERED   ____ SERVED ON
COUNSEL/PARTIES OF RECORD

AUG 3 0 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ RG DEPUTY

6
7
8
9

# UNITED STATES DISTRICT COURT

## FOR DISTRICT OF NEVADA

10
11
12
13
14
15
16
17
18
19

No. 2:22-cv-01008-APG-VCF

DANIEL DAVID DYDZAK,

      Plaintiff,

      v.

TANI CANTIL-SAKAUYE, et al.,

      Defendants.

**NOTICE OF APPEAL**

20
21
22
23
24
25
26
27
28

    TO THIS HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF
RECORD:

    NOTICE IS HEREBY GIVEN that Plaintiff, DANIEL DAVID DYDZAK
("DYDZAK"), appeals to the Ninth Circuit Court of Appeals from the Order Directing
Entry of Judgment and Judgment filed and dated August 4, 2023 (Docket Entries 96 and
97).

DYDZAK V. CANTIL-SAKAUYE

**SER 820**

Dated: August 28, 2023

DANIEL DAVID DYDZAK

Plaintiff

1

## CERTIFICATE/PROOF OF SERVICE

2

3       I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to

4    the within above-entitled action, that I am employed in the County of Los Angeles, State of

5    California, and that my business address is  4265 Marina City Drive, Ste 407W, Marina del Rey,

6    CA 90292.

7       On August 28, 2023, I served a true and correct copy of the following document or pleading

8    on the interested parties or their counsel of record:

9

10   NOTICE OF APPEAL

11

12       [X]   [BY U.S. MAIL] On this same day,  I mailed the interested parties or their

13   counsel of record the above-described document or pleading by regular United States mail to their

14   respective service or mailing addresses.

15

16   OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

17   9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

18   LAS VEGAS, NEVADA 89129                   LAS VEGAS, NEVADA 89145

19   QUINTAIROS, PRIETO, WOOD & BOYER, P.A.    PATRICK A. ROSE, ESQ.

20   200 S. VIRGINIA ST., 8TH FL.             U.S. ATTORNEY OFFICE

21   RENO, NEVADA 89501                        501 LAS VEGAS BLVD. SO.

22                                            SUITE 1100

23                                            LAS VEGAS, NEVADA 89101

24

25

26

27

28

DYDZAK V. CANTIL-SAKAUYE          3

1   ERIC M. GEORGE                      LEWIS ROCA

2   RONALD M. GEORGE                    3993 HOWARD HUGHES PARKWAY

3   ALAN I. ROTHENBERG                  STE 600

4   c/o 2121 AVENUE OF THE STARS   LAS VEGAS, NEVADA 89161

5   30TH FLOOR

6   LOS ANGELES, CA 90067

7

8   HINSHAW & CULBERTSON, LLP

9   350 SOUTH GRAND AVE., STE 3600

10   LOS ANGELES, CA 90071

11

12          I declare under penalty of perjury under the laws of the United States of America that the

13   foregoing is true and correct, and that this Declaration was executed on August 28, 2023.

14   at  Los Angeles, California.

15

16

17   _____

18   JIM LANE

19   Declarant

20

21

22

23

24

25

26

27

28

Daniel David Dydzak
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289
Email: ddydzak@yahoo.com

✓ FILED
___ ENTERED
COUNSEL/PARTIES OF RECORD
MAY 1 5 2023
CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>Plaintiff,<br><br>v.<br><br>TANI CANTIL-SAKAUYE, et al.,<br><br>Defendants. | **Case No. 2:22-cv-01008-APG-VCF**<br><br>**NOTICE OF APPEAL**<br><br>Before Hon. Andrew P. Gordon,<br>U.S. District Judge |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that Plaintiff, DANIEL DAVID DYDZAK, hereby appeals to the Ninth Circuit Court of Appeals from the Judgment filed and entered in this action on April 18, 2023, in favor of Defendant JOHNNIE RAWLINSON and against said Plaintiff.

DYDZAK V. CANTIL-SAKAUYE                    JUDGMENT

1

2    Dated: May 12, 2023

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

DANIEL DAVID DYDZAK

Plaintiff

DYDZAK V. CANTIL-SAKAUYE      2      JUDGMENT

SER 825

1
2

**CERTIFICATE/PROOF OF SERVICE**

3          I, JIM LANE, hereby declare that I am over the age of eighteen years and am not a party to

4   the within above-entitled action, that I am employed in the County of Los Angeles, State of

5   California, and that my business address is  4265 Marina City Drive, Suite 407W, Marina del

6   Rey, CA 90292.

7          On May 12, 2023, I served a true and correct copy of the following document or pleading

8   on the interested parties or their counsel of record:

9   NOTICE OF APPEAL

10
11          [X]   [BY U.S. MAIL] On this same day,  I mailed the interested parties or their

12   counsel of record the above-described document or pleading by regular United States mail to their

13   respective service or mailing addresses.

14
15   OLSON CANNON GORMLEY & STOBERSKI          MARQUIS AURBACH

16   9950 WEST CHEYENE AVENUE                  10001 PARK RUN DRIVE

17   LAS VEGAS, NEVADA 89129                   LAS VEGAS, NEVADA 89145

18   QUINTAIROS, PRIETO, WOOD & BOYER, P.A.    PATRICK A. ROSE, ESQ.

19   200 S. VIRGINIA ST., 8TH FL.             U.S. ATTORNEY OFFICE

20   RENO, NEVADA 89501                        501 LAS VEGAS BLVD. SO.

21                                            SUITE 1100

22                                            LAS VEGAS, NEVADA 89101

23
24
25
26
27
28

PROOF OF SERVICE                          3

| | |
|---|---|
| 1 | ERIC M. GEORGE |
| 2 | RONALD M. GEORGE |
| 3 | ALAN I. ROTHENBERG |
| 4 | c/o 2121 AVENUE OF THE STARS |
| 5 | 30TH FLOOR |
| 6 | LOS ANGELES, CA 90067 |

LEWIS ROCA

3993 HOWARD HUGHES PARKWAY

STE 600

LAS VEGAS, NEVADA 89161

HINSHAW & CULBERTSON, LLP

350 SOUTH GRAND AVE., STE 3600

LOS ANGELES, CA 90071

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on May 12 , 2023, at  Los Angeles, California.

JIM LANE

Declarant

PROOF OF SERVICE                                         4

SER 827

DANIEL DAVID DYDZAK
4265 MARINA CITY DRIVE, SUITE 407W
MARINA DEL REY, CA 90292
Telephone: (310) 867-1289



Clerk's Office (Civil Filing)
Lloyd D. George Courthouse
333 S. Las Vegas Blvd.
Las Vegas, Nevada 89101

May 12, 2023

RE:  DANIEL DAVID DYDZAK V. TANI CANTIL-SAKAUYE ET AL.;
     CASE NO. 2:22-cv-01008-APG-VCF

Dear Clerk:

Please file FORTHWITH the enclosed Notice of Appeal. I will pay the filing fee for same or obtain the fee waiver later. Thank you.

Very truly yours,

DANIEL DAVID DYDZAK
Plaintiff-Appellant

Encl.



David D. Dugdale OC.
4265 Marina City Dr.
Marina City, CA 90292

COUNSEL/PARTIES OF RECORD

SERVED ON
U.S. MARSHALS

RECEIVED
ENTERED

MAY 15 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

LOS AN
12 MA

Lloyd D. George Courthouse
333 S. Las Vegas Blvd.
Las Vegas, Nevada 89101

89101-706599

**United States District Court**
**District of Nevada (Las Vegas)**
**CIVIL DOCKET FOR CASE #: 2:22-cv-01008-APG-VCF**

Dydzak v. Cantil-Sakauye et al                                          Date Filed: 06/24/2022
Assigned to: Judge Andrew P. Gordon                                     Date Terminated: 04/18/2023
Referred to: Magistrate Judge Cam Ferenbach                             Jury Demand: Plaintiff
                                                                        Nature of Suit: 440 Civil Rights: Other
  Case in other court:    Ninth Circuit, Court of Appeals, 22-16717                Jurisdiction: U.S. Government Defendant

                Ninth Circuit, 23-15784

                Ninth Circuit, 23-16122

                Ninth Circuit Court of Appeals, 23-16193

Cause: 28:1442 Petition for Removal

**Plaintiff**

**Daniel David Dydzak**                          represented by     **Daniel David Dydzak**
                                                                    4265 Marina City Drive Suite 407W
                                                                    Marina del Rey, CA 90292
                                                                    310-867-1289
                                                                    PRO SE

V.

**Defendant**

**Tani Cantil-Sakauye**                          represented by     **Thomas D Dillard**
*TERMINATED: 09/29/2022*                                            Olson, Cannon, Gormley, Angulo & Stoberski
                                                                    9950 West Cheyenne Avenue
                                                                    Las Vegas, NV 89129
                                                                    (702) 384-4012
                                                                    Fax: (702) 383-0701
                                                                    Email: tdillard@ocgas.com
                                                                    *LEAD ATTORNEY*
                                                                    *ATTORNEY TO BE NOTICED*

**Defendant**

**MidFirst Bank**
*TERMINATED: 10/07/2022*

represented by    **Clark V Vellis**
Quintairos, Prieto, Wood & Boyer, P.A.
200 South Virginia Street
8th Floor
Reno, NV 89501
United Sta
775-322-4697
Fax: 775-322-4698
Email: clark.vellis@qpwblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael R. Ayers**
Quintairos, Prieto, Wood & Boyer, P.A.
3740 Lakeside Drive
Ste Suit 202
Reno, NV 89509
775-322-4697
Fax: 775-322-4698
Email: michael.ayers@qpwblaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A.S. Newman**
Maynard Nexsen LLP
10100 Santa Monica Boulevard
Ste 550
Los Angeles, CA 90067
310-596-4500
Email: mnewman@maynardnexsen.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Canby**

represented by    **Patrick A Rose**
U.S. Attorney's Office
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, NV 89101
702-388-6336
Email: Patrick.Rose@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Maxine Chesney**

represented by    **Patrick A Rose**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Dato**
*TERMINATED: 10/07/2022*

represented by    **Thomas D Dillard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Molly Dwyer**

represented by    **Patrick A Rose**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ferdinand Francis Fernandez**

represented by    **Patrick A Rose**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**William Fletcher**

represented by **Patrick A Rose**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Eric George**
2121 Avenue of the Stars
Suite 3000
Los Angeles, CA 90067
*TERMINATED: 10/07/2022*

represented by **Eric M George**
Ellis George Cipollone O'Brien Annaguey LLP
2121 Avenue of the Stars
Ste 30th Floor
Los Angeles, CA 90067
310-274-7100
Fax: 310-275-5697
Email: egeorge@ellisgeorge.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ronald George**
*TERMINATED: 10/07/2022*

represented by **Eric M George**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ronald Gould**

represented by **Patrick A Rose**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**George King**

represented by **Patrick A Rose**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas Layton**
*TERMINATED: 10/18/2022*

**Defendant**

**Kim McClane Wardlaw**

represented by **Patrick A Rose**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donald Miles**
*TERMINATED: 10/07/2022*

represented by **Craig R. Anderson**
Marquis & Aurbach
10001 Park Run Drive
Las Vegas, NV 89145
702-382-0711
Fax: 702-382-5816
Email: canderson@maclaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jorge Navarrete**
*TERMINATED: 09/29/2022*

represented by **Thomas D Dillard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Johnnie Rawlinson**                                    represented by    **Patrick A Rose**
                                                                           (See above for address)
                                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Alan I Rothenberg**                                    represented by    **Eric M George**
2121 Avenue of the Stars, Suite 3000                                       (See above for address)
Los Angeles, CA 90067                                                      *ATTORNEY TO BE NOTICED*
*TERMINATED: 10/07/2022*

**Defendant**

**Edward Ephraim Schiffer**                              represented by    **Patrick A Rose**
                                                                           (See above for address)
                                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Charles Schwab**                                       represented by    **Brian Douglas Blakley**
*TERMINATED: 10/07/2022*                                                   Lewis Roca Rothgerber, LLP
                                                                           3993 Howard Hughes Pkwy., Ste 600
                                                                           Las Vegas, NV 89169
                                                                           702-474-2687
                                                                           Email: BBlakley@lrrc.com
                                                                           *LEAD ATTORNEY*
                                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Peter Lind Shaw**                                      represented by    **Patrick A Rose**
                                                                           (See above for address)
                                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Barry Silverman**                                      represented by    **Patrick A Rose**
                                                                           (See above for address)
                                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Richard Tallman**                                      represented by    **Patrick A Rose**
                                                                           (See above for address)
                                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Wallace Tashima**                                      represented by    **Patrick A Rose**
                                                                           (See above for address)
                                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Sidney Thomas**                                        represented by    **Patrick A Rose**
                                                                           (See above for address)
                                                                           *ATTORNEY TO BE NOTICED*

| # | Docket Text | Date Filed |
|---|---|---|
| 1 | PETITION FOR REMOVAL from Eighth Judicial District Court, Case Number A-22-847734-C, by Edward Ephraim Schiffer, Peter Lind Shaw, Sidney Thomas, George King, Molly Dwyer. Proof of service due by 5/4/2022. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C) (Rose, Patrick) NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 06/24/2022) | 06/24/2022 |

| # | Docket Text | Date Filed |
|---|---|---|
| | Attorney update in case: Attorney Thomas D Dillard for Tani Cantil-Sakauye, William Dato, and Jorge Navarrete. Craig R. Anderson for Donald Miles. (DRS) (Entered: 06/27/2022) | 06/27/2022 |
| | Case randomly assigned to Judge Andrew P. Gordon and Magistrate Judge Cam Ferenbach. (DRS) (Entered: 06/27/2022) | 06/27/2022 |
| 2 | STANDING ORDER. This case has been assigned to the Honorable Andrew P. Gordon. Judge Gordon's Chambers Practices, which are posted on the U.S. District Court, District of Nevada public website, may also be accessed directly via this hyperlink: www.nvd.uscourts.gov. (Copies have been distributed pursuant to the NEF - DRS) (Entered: 06/27/2022) | 06/27/2022 |
| 3 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 6/27/2022. Statement regarding removed action is due by 7/12/2022. Joint Status Report regarding removed action is due by 7/27/2022. (Copies have been distributed pursuant to the NEF - DRS) (Entered: 06/27/2022) | 06/27/2022 |
| 4 | MOTION to Extend Time (First Request) to Respond to Plaintiffs Complaint re 1 Petition for Removal,, by Defendants Molly Dwyer, George King, Edward Ephraim Schiffer, Peter Lind Shaw, Sidney Thomas. (Rose, Patrick) (Entered: 07/01/2022) | 07/01/2022 |
| 5 | MOTION to Dismiss by Defendants Eric George, Ronald George, Alan I Rothenberg.. Responses due by 7/15/2022. Discovery Plan/Scheduling Order due by 8/15/2022. (Attachments: # 1 Declaration, # 2 Declaration, # 3 Declaration, # 4 Certificate of Service)(HAM) NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/05/2022) | 07/01/2022 |
| 6 | CERTIFICATE of Interested Parties by Eric George, Ronald George, Alan I Rothenberg that identifies all parties that have an interest in the outcome of this case. (HAM) (Entered: 07/05/2022) | 07/01/2022 |
| 7 | Consent for Electronic Service of Documents by Defendant Eric George. (HAM) (Entered: 07/05/2022) | 07/01/2022 |
| 8 | REQUEST for Judicial Notice re 5 Motion to Dismiss,, by Defendants Eric George, Ronald George, Alan I Rothenberg. (HAM) (Entered: 07/05/2022) | 07/01/2022 |
| 9 | First STIPULATION FOR EXTENSION OF TIME (First Request) for Defendant MidFirst Bank to Respond to Plaintiff's Complaint by Defendants 1st Century Bancshares, Inc., 1st Century Bank. by Defendants 1st Century Bancshares, Inc., 1st Century Bank. (Ayers, Michael) (extend) (answer) (Entered: 07/05/2022) | 07/05/2022 |
| 10 | ORDER Granting 9 Stipulation for Extension of Time. 1st Century Bank answer due 7/20/2022. Signed by Magistrate Judge Cam Ferenbach on 7/5/2022. (Copies have been distributed pursuant to the NEF - JQC) (Entered: 07/06/2022) | 07/05/2022 |
| 11 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 7/6/2022. Regarding the Requirements of Klingele v. Eikenberry and Rand v. Rowland as to 5 Motion to Dismiss,,. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 07/06/2022) | 07/06/2022 |
| 12 | STATEMENT REGARDING REMOVAL by Defendants Molly Dwyer, George King, Edward Ephraim Schiffer, Peter Lind Shaw, Sidney Thomas.. (Rose, Patrick) (Entered: 07/12/2022) | 07/12/2022 |
| 13 | CERTIFICATE OF SERVICE for 3 Minute Order Removal Case, by Defendants Molly Dwyer, George King, Edward Ephraim Schiffer, Peter Lind Shaw, Sidney Thomas.. (Rose, Patrick) (Entered: 07/12/2022) | 07/12/2022 |
| 14 | MOTION to Dismiss by Defendant William Dato. by Defendant William Dato. Responses due by 7/26/2022. Discovery Plan/Scheduling Order due by 8/26/2022. (Dillard, Thomas) NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/12/2022) | 07/12/2022 |
| 15 | CERTIFICATE of Interested Parties by Tani Cantil-Sakauye, William Dato, Jorge Navarrete. There are no known interested parties other than those participating in the case. (Dillard, Thomas) (Entered: 07/12/2022) | 07/12/2022 |
| 16 | MOTION to Dismiss by Defendant Donald Miles. by Defendant Donald Miles. Responses due by 7/26/2022. Discovery Plan/Scheduling Order due by 8/26/2022. (Anderson, Craig) NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/12/2022) | 07/12/2022 |
| 17 | CERTIFICATE of Interested Parties by Donald Miles. There are no known interested parties other than those participating in the case (Anderson, Craig) (Entered: 07/12/2022) | 07/12/2022 |
| 18 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 7/12/2022. Regarding the Requirements of Klingele v. Eikenberry and Rand v. Rowland as to 14 Motion to Dismiss, 16 Motion to Dismiss,. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 07/12/2022) | 07/12/2022 |
| 19 | Non-Opposition to 4 Motion to Extend/Shorten Time by Plaintiff Daniel David Dydzak. Replies due by 7/21/2022. (HAM) (Entered: 07/14/2022) | 07/14/2022 |

SER 834

| # | Docket Text | Date Filed |
|---|---|---|
| 20 | ORDER granting 4 Motion to Extend Time Re: 1 Petition for Removal. Molly Dwyer answer due 8/30/2022; George King answer due 8/30/2022; Edward Ephraim Schiffer answer due 8/30/2022; Peter Lind Shaw answer due 8/30/2022; Sidney Thomas answer due 8/30/2022. Signed by Magistrate Judge Cam Ferenbach on 7/14/2022. (Copies have been distributed pursuant to the NEF - HAM) (Entered: 07/14/2022) | 07/14/2022 |
| 21 | CERTIFICATE of Interested Parties by 1st Century Bancshares, Inc., 1st Century Bank that identifies all parties that have an interest in the outcome of this case. Corporate Parent Midfirst Bank for 1st Century Bancshares, Inc., 1st Century Bank added.. (Ayers, Michael) (Entered: 07/20/2022) | 07/20/2022 |
| 22 | MOTION to Dismiss 1 Petition for Removal,, by Defendants 1st Century Bancshares, Inc., 1st Century Bank. Responses due by 8/3/2022. Discovery Plan/Scheduling Order due by 9/3/2022. (Attachments: # 1 Exhibit Dydzak v. United States, 2018 U.S. Dist. LEXIS 44805, (N.D. Cal. Mar. 19, 2018), # 2 Exhibit Dydzak v. United States, 2018 U.S. Dist. LEXIS 44842 (N.D.Cal. 2018), # 3 Exhibit Vexatious Litigant List)(Ayers, Michael) NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/20/2022) | 07/20/2022 |
| 23 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 7/20/2022. Regarding the Requirements of Klingele v. Eikenberry and Rand v. Rowland as to 22 Motion to Dismiss,,. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 07/20/2022) | 07/20/2022 |
| 24 | RESPONSE to 5 MOTION to Dismiss by Defendants Eric George, Ronald George, Alan I Rothenberg.. 22 Motion to Dismiss by Plaintiff Daniel David Dydzak. Replies due by 7/27/2022. (HAM) Modified docket relationship on 8/4/2022. Document is a response to #5 not #22. (LE). (Entered: 07/20/2022) | 07/20/2022 |
| 25 | MOTION to Dismiss by Defendant Charles Schwab. Responses due by 8/8/2022. Discovery Plan/Scheduling Order due by 9/8/2022. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit)(Blakley, Brian) NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 07/25/2022) | 07/25/2022 |
| 26 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 7/26/2022. Regarding the Requirements of Klingele v. Eikenberry and Rand v. Rowland as to 25 Motion to Dismiss. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF - SLD) (Entered: 07/26/2022) | 07/26/2022 |
| 27 | ERRATA to 25 Motion to Dismiss, by Defendant Charles Schwab.. (Attachments: # 1 Supplement, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Blakley, Brian) (Entered: 07/26/2022) | 07/26/2022 |
| 28 | REPLY to Response to 5 Motion to Dismiss,, by Defendants Eric George, Ronald George, Alan I Rothenberg. (Attachments: # 1 Supplement Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Supplemental Request for Judicial Notice in Support of Motion to Dismiss Complaint, # 2 Exhibit A to Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Supplemental Request for Judicial Notice in Support of Motion to Dismiss Complaint, # 3 Exhibit B to Defendants Eric M. George, Ronald M. George, and Alan I. Rothenberg's Supplemental Request for Judicial Notice in Support of Motion to Dismiss Complaint) (George, Eric) (Entered: 07/27/2022) | 07/27/2022 |
| 29 | Joint STATUS REPORT by Defendants Molly Dwyer, George King, Edward Ephraim Schiffer, Peter Lind Shaw, Sidney Thomas.. (Rose, Patrick) (Entered: 07/27/2022) | 07/27/2022 |
| 30 | MOTION/VERIFIED PETITION for Permission to Practice Pro Hac Vice by Michael A.S. Newman and DESIGNATION of Local Counsel Michael R. Ayers (Filing fee $ 250 receipt number ANVDC-6993424) by Defendants 1st Century Bancshares, Inc., 1st Century Bank. (Ayers, Michael) (Entered: 08/01/2022) | 08/01/2022 |
| 31 | RESPONSE to 14 Motion to Dismiss, by Plaintiff Daniel David Dydzak. Replies due by 8/8/2022. (HAM) (Entered: 08/02/2022) | 08/01/2022 |
| 32 | RESPONSE to 16 Motion to Dismiss, by Plaintiff Daniel David Dydzak. Replies due by 8/8/2022. (HAM) (Entered: 08/02/2022) | 08/01/2022 |
| 33 | ORDER granting 30 Verified Petition for Permission to Practice Pro Hac Vice by Michael A.S. Newman and DESIGNATION of Local Counsel Michael R. Ayers. Signed by Judge Andrew P. Gordon on 8/2/2022. Any Attorney not yet registered with the Court's e-filing system shall register on the PACER website www.pacer.gov(Copies have been distributed pursuant to the NEF - HAM) (Entered: 08/02/2022) | 08/02/2022 |
| 34 | REQUEST for Judicial Notice by Plaintiff Daniel David Dydzak. (HAM) (Entered: 08/03/2022) | 08/03/2022 |
| 35 | NOTICE of Docket Correction to 24 Response, : QC Modified docket relationship on 8/4/2022. Document is a response to ECF No. 5 Motion to Dismiss. (no image attached) (LE) (Entered: 08/04/2022) | 08/04/2022 |
| 36 | REPLY to Response to 16 Motion to Dismiss, by Defendant Donald Miles. (Anderson, Craig) (Entered: 08/08/2022) | 08/08/2022 |
| 37 | REPLY to Response to 14 Motion to Dismiss, by Defendant William Dato. (Dillard, Thomas) (Entered: 08/08/2022) | 08/08/2022 |
| 38 | CERTIFICATE OF SERVICE for 22 Motion to Dismiss,, by Defendants 1st Century Bancshares, Inc., 1st Century Bank.. (Ayers, Michael) (Entered: 08/09/2022) | 08/09/2022 |

| # | Docket Text | Date Filed |
|---|---|---|
| 39 | NOTICE re 31 , 32 Responses by Daniel David Dydzak. (HAM) (Entered: 08/10/2022) | 08/10/2022 |
| 40 | ORDER. It is ordered that plaintiff Daniel Dydzak's request to extend time (ECF No. 39 ) is GRANTED. The time for Dydzak to file responses to the motions to dismiss filed by defendants 1st Century Bank and 1st Century Bancshares, Inc. (ECF No. 22 ) and defendant Charles Schwab (ECF No. 25 ) is extended to August 25, 2022. It is further ordered that defendants 1st Century Bank and 1st Century Bancshares, Inc., which claims they have been incorrectly named in this action, shall file a motion to change the caption to accurately reflect the correctly named defendant by August 19, 2022. Signed by Judge Andrew P. Gordon on 8/11/2022. (Copies have been distributed pursuant to the NEF - HAM) (Entered: 08/11/2022) | 08/11/2022 |
| 41 | RESPONSE to 22 Motion to Dismiss by Plaintiff Daniel David Dydzak. Replies due by 8/18/2022. (TRW) (Entered: 08/11/2022) | 08/11/2022 |
| 42 | NOTICE by Daniel David Dydzak re Missing Opposition re 41 Response to 22 Motion to Dismiss. (HAM) (Entered: 08/12/2022) | 08/11/2022 |
| 43 | REPLY to Response to 22 Motion to Dismiss,, by Defendants 1st Century Bancshares, Inc., 1st Century Bank. (Ayers, Michael) (Entered: 08/16/2022) | 08/16/2022 |
| 44 | MOTION to Correct 40 Order,,, Set/Reset Deadlines & Hearings,, by Defendants 1st Century Bancshares, Inc., 1st Century Bank. Responses due by 8/30/2022. (Attachments: # 1 Declaration Declaration of Bryon Linkous)(Ayers, Michael) (pleading) (Entered: 08/16/2022) | 08/16/2022 |
| 45 | RESPONSE to 25 Motion to Dismiss, by Plaintiff Daniel David Dydzak. Replies due by 9/1/2022. (HAM) (Entered: 08/25/2022) | 08/25/2022 |
| 46 | MOTION to Dismiss by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Sidney Thomas, Kim McClane Wardlaw. Responses due by 9/13/2022. (Rose, Patrick) (Entered: 08/30/2022) | 08/30/2022 |
| 47 | ORDER granting 44 Motion to change caption. MidFirst Bank will be a named defendant in place of 1st Century Bank and 1st Century Bancshares, Inc. Signed by Magistrate Judge Cam Ferenbach on 8/31/2022. (Copies have been distributed pursuant to the NEF - HAM) (Entered: 08/31/2022) | 08/31/2022 |
| 48 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 8/31/2022. Regarding the Requirements of Klingele v. Eikenberry and Rand v. Rowland as to 46 Motion to Dismiss,. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF - EDS) (Entered: 08/31/2022) | 08/31/2022 |
| 49 | REPLY to Response to 25 Motion to Dismiss, by Defendant Charles Schwab. (Blakley, Brian) (Entered: 09/01/2022) | 09/01/2022 |
| 50 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Andrew P. Gordon on 9/2/2022. Regarding the Requirements of Klingele v. Eikenberry and Rand v. Rowland as to 14 Motion to Dismiss, 16 Motion to Dismiss, 46 Motion to Dismiss, 25 Motion to Dismiss, 5 Motion to Dismiss, 22 Motion to Dismiss. Opposition due 14 days from the date of this Minute Order, and reply due seven 7 days after the filing of the opposition. (Copies have been distributed pursuant to the NEF - HAM) (Entered: 09/02/2022) | 09/02/2022 |
| 51 | LETTER to Chief Judge Du from Daniel Dydzak. (HAM) (Entered: 09/02/2022) | 09/02/2022 |
| 52 | MOTION to Stay Case by Plaintiff Daniel David Dydzak. Responses due by 9/16/2022. (HAM) (Entered: 09/02/2022) | 09/02/2022 |
| 53 | MOTION to Appoint Special Master by Plaintiff Daniel David Dydzak. Responses due by 9/16/2022. (HAM) (Entered: 09/02/2022) | 09/02/2022 |
| 54 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendant Charles Schwab. Replies due by 9/19/2022. (Attachments: # 1 Exhibit 1)(Blakley, Brian) (Entered: 09/12/2022) | 09/12/2022 |
| 55 | RESPONSE to 53 Motion to Appoint Special Master by Defendant Charles Schwab. Replies due by 9/19/2022. (Blakley, Brian) (Entered: 09/12/2022) | 09/12/2022 |
| 56 | RESPONSE to 53 Motion to Appoint Special Master by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Sidney Thomas, Kim McClane Wardlaw. Replies due by 9/20/2022. (Rose, Patrick) (Entered: 09/13/2022) | 09/13/2022 |
| 57 | JOINDER to 55 Response to 53 Motion to Appoint Special Master by Defendant Donald Miles. (Anderson, Craig) Modified to link back to underlying motion on 9/15/2022 (EDS). (Entered: 09/13/2022) | 09/13/2022 |
| 58 | JOINDER to 56 Response to 53 Motion to Appoint Special Master by Defendant Donald Miles. (Anderson, Craig) Modified to link back to underlying motion on 9/15/2022 (EDS). (Entered: 09/13/2022) | 09/13/2022 |
| 59 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendant Donald Miles. Replies due by 9/21/2022. (Anderson, Craig) (Entered: 09/14/2022) | 09/14/2022 |
| 60 | RESPONSE to 52 Motion to Stay Case or Discovery, 53 Motion to Appoint Special Master by Defendants Eric George, Ronald George, Alan I Rothenberg. Replies due by 9/21/2022. (George, Eric) (Entered: 09/14/2022) | 09/14/2022 |
| 61 | EX PARTE MOTION for Extension of Time (First Request) to file Response re 46 Motion to Dismiss by Plaintiff Daniel David Dydzak. (TRW) (answer) (Entered: 09/14/2022) | 09/14/2022 |

SER 836

| # | Docket Text | Date Filed |
|---|---|---|
| 62 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Sidney Thomas, Kim McClane Wardlaw. Replies due by 9/21/2022. (Rose, Patrick) (Entered: 09/14/2022) | 09/14/2022 |
| 63 | NOTICE of intent to dismiss pursuant to FRCP 4(m). The * Petition for Removal* in this action was filed on* 6/24/2022.* To date no proper proof of service has been filed as to*Thomas Layton and Wallace Tashima.* FRCP 4(m) dismissal deadline set for 10/15/2022. (EDS) (Entered: 09/15/2022) | 09/15/2022 |
| 64 | MOTION to Stay Discovery re 46 Motion to Dismiss, by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Sidney Thomas, Kim McClane Wardlaw. Responses due by 9/29/2022. (Rose, Patrick) (Entered: 09/15/2022) | 09/15/2022 |
| 65 | ERROR: Document terminated - wrong event used. Attorney refiled document. See ECF 67 . JOINDER to 52 Motion to Stay Case or Discovery by Defendants Tani Cantil-Sakauye, William Dato, Jorge Navarrete. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Dillard, Thomas) Modified on 9/16/2022 (SLD). (Entered: 09/16/2022) | 09/16/2022 |
| 66 | RESPONSE to 53 Motion to Appoint Special Master by Defendants Tani Cantil-Sakauye, William Dato, Jorge Navarrete. Replies due by 9/23/2022. (Attachments: # 1 Exhibit A)(Dillard, Thomas) (Entered: 09/16/2022) | 09/16/2022 |
| 67 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendants Tani Cantil-Sakauye, William Dato, Jorge Navarrete. Replies due by 9/23/2022. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Dillard, Thomas) (Entered: 09/16/2022) | 09/16/2022 |
| 68 | RESPONSE to 53 Motion to Appoint Special Master by Defendant MidFirst Bank. Replies due by 9/23/2022. (Ayers, Michael) (Entered: 09/16/2022) | 09/16/2022 |
| 69 | RESPONSE to 52 Motion to Stay Case or Discovery by Defendant MidFirst Bank. Replies due by 9/23/2022. (Ayers, Michael) (Entered: 09/16/2022) | 09/16/2022 |
| 70 | REPLY to 69 Response to 64 Motion to Stay Case or Discovery, by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/20/2022) | 09/19/2022 |
| 71 | REPLY to 68 Response to 53 Motion to Appoint Special Master by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/20/2022) | 09/19/2022 |
| 72 | REPLY to 66 Response to 53 Motion to Appoint Special Master by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/21/2022) | 09/21/2022 |
| 73 | REPLY to 57 , 58 Joinders re 53 Motion to Appoint Special Master by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/21/2022) | 09/21/2022 |
| 74 | REPLY to 60 Response to 52 Motion to Stay Case or Discovery and 53 Motion to Appoint Special Master by Plaintiff Daniel David Dydzak. (TRW) (Entered: 09/22/2022) | 09/22/2022 |
| 75 | RESPONSE to 69 Response to 52 Motion to Stay Case or Discovery by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/26/2022) | 09/26/2022 |
| 76 | REPLY to 75 Response to 64 Motion to Stay Case or Discovery, by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/26/2022) | 09/26/2022 |
| 77 | REPLY to 75 Response to 64 Motion to Stay Case or Discovery, by Plaintiff Daniel David Dydzak. (HAM) (Entered: 09/26/2022) | 09/26/2022 |
| 78 | MOTION to Extend Time (First Request) to Respond to Plaintiffs Complaint re 1 Petition for Removal,, by Defendant Wallace Tashima. Responses due by 10/11/2022. (Rose, Patrick) (answer) (Entered: 09/27/2022) | 09/27/2022 |
| 79 | ORDER Denying 53 Motion to Appoint Special Master and Granting 61 Ex Parte Motion to Extend Time (First Request). Responses re 46 Motion to Dismiss due by 12/15/2022. IT IS FURTHER ORDERED that Dydzaks Motion to Stay Case (ECF No. 52 ) is GRANTED in part. Discovery is stayed until Judge Gordon resolves the pending Motions to Dismiss. However, the Motion is denied to the extent it seeks to stay rulings on fully briefed Motions to Dismiss. IT IS FURTHER ORDERED that the federal defendants Motion to Stay Discovery (ECF No. 64 ) is GRANTED. Discovery is stayed until resolution of the pending Motions to Dismiss. Signed by Judge Andrew P. Gordon on 9/30/2022. (Copies have been distributed pursuant to the NEF - TRW) (Entered: 09/30/2022) | 09/30/2022 |
| 80 | ORDER Granting 5 Motion to Dismiss, 14 Motion to Dismiss, 16 Motion to Dismiss, 22 Motion to Dismiss, and 25 Motion to Dismiss. Signed by Judge Andrew P. Gordon on 10/7/2022. (Copies have been distributed pursuant to the NEF - TRW) (Entered: 10/07/2022) | 10/07/2022 |
| 81 | JOINDER to 46 Motion to Dismiss, by Defendant Wallace Tashima.. (Rose, Patrick) (Entered: 10/07/2022) | 10/07/2022 |
| 82 | RESPONSE to 78 Motion to Extend Time by Plaintiff Daniel David Dydzak. Replies due by 10/18/2022. (HAM) (Entered: 10/11/2022) | 10/11/2022 |
| 83 | ORDER. It is ordered that Plaintiff Daniel Dydzak's claim against defendant Thomas Layton is DISMISSED without prejudice for failure to timely and properly serve. Signed by Judge Andrew P. Gordon on 10/18/2022. (Copies have been distributed pursuant to the NEF - HAM) (Entered: 10/18/2022) | 10/18/2022 |

SER 837

| # | Docket Text | Date Filed |
|---|---|---|
| 84 | ORDER granting 78 Motion to Extend Time Re: 1 Petition for Removal, Wallace Tashima answer due 10/31/2022. Signed by Magistrate Judge Cam Ferenbach on 10/28/2022. (Copies have been distributed pursuant to the NEF - HAM) (Entered: 10/28/2022) | 10/28/2022 |
| 85 | NOTICE OF APPEAL as to 80 Order on Motion to Dismiss, by Plaintiff Daniel David Dydzak. E-mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. Filing fee not paid. (HAM) (Entered: 11/01/2022) | 11/01/2022 |
| 86 | USCA ORDER for Time Schedule as to 85 Notice of Appeal filed by Daniel David Dydzak. USCA Case Number 22-16717. (Copies have been distributed pursuant to the NEF - TRW) (Entered: 11/07/2022) | 11/03/2022 |
| 87 | RESPONSE to 46 Motion to Dismiss, by Plaintiff Daniel David Dydzak. Replies due by 12/22/2022. (HAM) (Entered: 12/15/2022) | 12/15/2022 |
| 88 | REPLY to Response to 46 Motion to Dismiss, by Defendants William Canby, Maxine Chesney, Molly Dwyer, Ferdinand Francis Fernandez, William Fletcher, Ronald Gould, George King, Johnnie Rawlinson, Edward Ephraim Schiffer, Peter Lind Shaw, Barry Silverman, Richard Tallman, Wallace Tashima, Sidney Thomas, Kim McClane Wardlaw. (Rose, Patrick) (Entered: 12/22/2022) | 12/22/2022 |
| 89 | ORDER of USCA, Ninth Circuit, as to 85 Notice of Appeal filed by Daniel David Dydzak. Appeal is DISMISSED for lack of jurisdiction. (Copies have been distributed pursuant to the NEF - TRW) (Entered: 01/27/2023) | 01/27/2023 |
| 90 | MANDATE of USCA, Ninth Circuit, as to 89 USCA Order re 85 Notice of Appeal filed by Daniel David Dydzak. Appeal is DISMISSED for lack of jurisdiction. (Copies have been distributed pursuant to the NEF - TRW) (Entered: 03/21/2023) | 03/21/2023 |
| 91 | ORDER. It Is Therefore Ordered that the motion to dismiss defendants William Canby, Ferdinand Fernandez, William Fletcher, Ronald Gould, Barry Silverman, Richard Tallman, Sidney Thomas, Kim Wardlaw, Maxine Chesney, Molly Dwyer, George King, Edward Schiffer, Peter Shaw, and A. Wallace Tashima EF Nos. 46 , 81 is GRANTED. It Is Further Ordered. that the motion to dismiss defendant Johnnie Rawlinson is GRANTED with prejudice. The clerk of the court is instructed to enter judgment in favor of defendant Johnnie Rawlinson and against plaintiff Daniel Dydzak. Because there are no outstanding claims or parties, the clerk of the court is instructed to close this case. See order for further details. Signed by Judge Andrew P. Gordon on 4/17/2023. (Copies have been distributed pursuant to the NEF - LOE) (Entered: 04/18/2023) | 04/17/2023 |
| 92 | JUDGMENT in favor of Johnnie Rawlinson against Daniel David Dydzak. Signed by Clerk of Court Debra K. Kempi on 4/18/2023. (Copies have been distributed pursuant to the NEF - LOE) (Entered: 04/18/2023) | 04/18/2023 |
| 93 | NOTICE OF APPEAL as to 91 Order on Motion to Dismiss,,,,,,, by Plaintiff Daniel David Dydzak. Filing fee $ 505 (DUE). E-mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. (JQC) (Entered: 05/15/2023) | 05/15/2023 |
| 94 | PROPOSED Judgment by Plaintiff Daniel David Dydzak. (ALZ) (Entered: 05/16/2023) | 05/16/2023 |
| 95 | USCA ORDER for Time Schedule as to 93 Notice of Appeal filed by Daniel David Dydzak. USCA Case Number 23-15784. (Copies have been distributed pursuant to the NEF - JQC) (Entered: 05/25/2023) | 05/23/2023 |
| 96 | ORDER. I THEREFORE ORDER the clerk of court to enter judgment as follows:Defendants Tani G. Cantil-Sakauye and Jorge Navarrete are dismissed without prejudicefor lack of subject matter jurisdiction and lack of personal jurisdiction.1Defendants Eric George, Ronald George, Alan Rothenberg, William Dato, Donald Miles,MidFirst Bank, Charles Schwab, William Canby, Ferdinand Fernandez, William Fletcher,Ronald Gould, Barry Silverman, Richard Tallman, Sidney Thomas, Kim Wardlaw, MaxineChesney, Molly Dwyer, George King, Edward Schiffer, Peter Shaw, and A. Wallace Tashima are dismissed without prejudice for lack of personal jurisdiction. Defendant Thomas Layton isdismissed without prejudice for failure to timely serve. Signed by Judge Andrew P. Gordon on 8/4/2023. (Copies have been distributed pursuant to the NEF - CT) (Entered: 08/04/2023) | 08/04/2023 |
| 97 | JUDGMENT in favor of MidFirst Bank, Alan I Rothenberg, Barry Silverman, Charles Schwab, Donald Miles, Edward Ephraim Schiffer, Eric George, Ferdinand Francis Fernandez, George King, Jorge Navarrete, Kim McClane Wardlaw, Maxine Chesney, Molly Dwyer, Peter Lind Shaw, Richard Tallman, Ronald George, Ronald Gould, Sidney Thomas, Tani Cantil-Sakauye, Thomas Layton, Wallace Tashima, William Canby, William Dato, William Fletcher against Daniel David Dydzak. Signed by Clerk of Court Debra K. Kempi on 8/4/2023. (Copies have been distributed pursuant to the NEF - CT) (Entered: 08/04/2023) | 08/04/2023 |
| 98 | NOTICE OF APPEAL by Plaintiff Daniel David Dydzak. Filing fee $ 505 - due. E-mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. (AMMi) (Entered: 08/18/2023) | 08/14/2023 |
| 99 | USCA ORDER for Time Schedule as to 98 Notice of Appeal filed by Daniel David Dydzak. USCA Case Number 23-16122. (Copies have been distributed pursuant to the NEF - JQC) (Entered: 08/24/2023) | 08/23/2023 |
| 100 | NOTICE OF APPEAL by Plaintiff Daniel David Dydzak. Filing fee $ 505 - due. E-mail notice (NEF) sent to the US Court of Appeals, Ninth Circuit. (AMMi) (Entered: 09/01/2023) | 08/30/2023 |
| 101 | RECEIPT of Payment: $ 505.00, receipt number 5502. (JQC) (Entered: 09/05/2023) | 09/05/2023 |
| 102 | USCA ORDER for Time Schedule as to 100 Notice of Appeal filed by Daniel David Dydzak. USCA Case Number 23-16193. (Copies have been distributed pursuant to the NEF - AMMi) (Entered: 10/13/2023) | 09/19/2023 |
| 103 | ORDER of USCA, Ninth Circuit, as to 100 Notice of Appeal filed by Daniel David Dydzak. This appeal is dismissed for failure to prosecute. This order served on the district court shall, 21 days after the date of the order, act as the mandate of this court. (Copies have been distributed pursuant to the NEF - ALZ) (Entered: 11/27/2023) | 11/27/2023 |

| # | Docket Text | Date Filed |
|---|---|---|
| 105 | RECEIPT of Payment: $ 605, receipt number 8242 (AMMi - Ad hoc: COA) (Entered: 04/10/2024) | 03/04/2024 |
| 104 | ORDER of USCA, Ninth Circuit, as to 100 Notice of Appeal filed by Daniel David Dydzak. On January 3, 2024, this court ordered appellant to pay the fees for appeal No. 23-16193 and file a consolidated opening brief by February 29, 2024. The order warned that failure to do so would result in dismissal of the appeal(s). Appellant filed a consolidated opening brief on March 1, 2024, but has not paid the overdue fees. As a consequence, appeal No. 23-16193 is dismissed. See 9th Cir. R. 42-1. This order will be served on the district court, and in 21 days, will become the mandate of this court for appeal No. 23-16193. A motion to reinstate appeal No. 23-16193 will not be entertained absent proof that fees have been paid. Appeal No. 23-15784 remains pending. The answering brief is due May 15, 2024 and needs to address only the portions of the opening brief that relate to appeal No. 23-15784. The optional reply brief is due within 21 days of service of the answering brief. (Copies have been distributed pursuant to the NEF - RJDG) (Entered: 04/05/2024) | 04/04/2024 |