**No. 23-15784, 23-16193 (Consolidated)**

---

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

---

DANIEL DAVID DYDZAK,
Plaintiff - Appellant,

vs.

TANI CANTIL-SAKAUYE, ET AL.,
Defendants - Appellees,

---

**Appeal**

On Appeal from the United States District Court
for the District of Nevada
No. 2:22-cv-01008-APG-VCF

---

**TANI CANTIL-SAKAUYE, JORGE NAVARRETE, and WILLIAM DATO'S SUPPLEMENTAL EXCERPTS OF RECORD**

---

THOMAS D. DILLARD, JR., ESQ.
OLSON, CANNON, GORMLEY & STOBERSKI
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 (phone)
(702) 383-0701 (fax)
tdillard@ocgas.com
Attorney for Defendants/Appellees
TANI CANTIL-SAKAU, JORGE
NAVARRETE and WILLIAM DATO

Electronically Filed
2/3/2022 11:58 AM
Steven D. Grierson
CLERK OF THE COURT

DANIEL DAVID DYDZAK
Plaintiff
4265 Marina City Drive, Suite 407W
Marina del Rey, CA 90292
Telephone: (310) 867-1289

CASE NO: A-22-847734-C
Department 27

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>Plaintiff,<br><br>v.<br><br>TANI CANTIL-SAKAUYE, JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G. SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M. GEORGE, ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R. THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY C. DWYER, GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M. GOULD, RICHARD C. TALLMAN, and DOES 1 through 50, inclusive,<br><br>Defendants. | **Case No.**<br>**Dept. No.**<br><br>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT

COMES NOW Plaintiff, DANIEL D. DYDZAK ("DYDZAK"), and alleges as follows:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff is, and was at all times herein mentioned, an individual over eighteen years old residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant TANI CANTIL-SAKAUYE ("CANTIL-SAKAUYE") is, and at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant JORGE NAVARRETE ("NAVARRETE") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant THOMAS LAYTON, aka TOM LAYTON ("LAYTON"), is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant DONALD F. MILES ("MILES") is, and was at all times herein mentioned, an individual residing in Redding, California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant CHARLES SCHWAB ("SCHWAB") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant JOHNNIE B. RAWLINSON ("RAWLINSON") is, and was at all times herein mentioned, an individual residing

in the City of Las Vegas, State of California.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant BARRY G. SILVERMAN ("SILVERMAN") is, and was at all times herein mentioned, an individual residing in the City of Phoenix, State of Arizona.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant WILLIAM A. FLETCHER ("FLETCHER") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant PETER LIND SHAW ("SHAW") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant RONALD M. GEORGE ("GEORGE") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant ERIC M. GEORGE ("E.GEORGE") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant ALAN I. ROTHENBERG ("ROTHENBERG") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.

14, Plaintiff is informed and believes, and thereon alleges, that Defendant 1ST CENTURY BANK ("BANK") is, and was at all times herein mentioned, a legal entity, exact status unknown at this time, located and providing financial services in the County of Los Angeles, State of California. Plaintiff will amend this Complaint accordingly at or before trial when the exact legal status and

identity of Defendant BANK is ascertained.

15. Plaintiff is informed and believes, and thereon alleges, that Defendant 1st CENTURY BANCSHARES, INC. ("BANCSHARES") is, and was at all times herein mentioned, a corporation duly organized and existing under and by virtue of the laws of the State of Delaware, engaged in providing financial and banking services. Upon further information and belief, Defendant BANCSHARES' business address is, and was at all times relevant hereto, in Wilmington, Delaware. Upon further information and belief, said Defendant is, and was at all times herein mentioned, a holding company for Defendant BANK.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant EDWARD EPHRAIM SCHIFFER ("SCHIFFER") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

17. Plaintiff is informed and believes, and thereon alleges, that Defendant SIDNEY R. THOMAS ("THOMAS") is, and was at all times herein mentioned, an individual residing in Billings, Montana.

18. Plaintiff is informed and believes, and thereon alleges, that Defendant WILLIAM DATO ("DATO") is, and was at all times herein mentioned, an individual residing in the County of San Diego, State of California.

19. Plaintiff is informed and believes, and thereon alleges, that Defendant MAXINE M. CHESNEY ("CHESNEY") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

20. Plaintiff is informed and believes, and thereon alleges, that Defendant MOLLY C. DWYER ("DWYER") is, and was at all times herein mentioned, an individual residing in the County of San Francisco, State of California.

21. Plaintiff is informed and believes, and thereon alleges, that Defendant A. WALLACE TASHIMA ("TASHIMA") is, and was at all times herein mentioned, an individual residing in the

County of Los Angeles, State of California.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants FERDINAND FRANCIS FERNANDEZ ("FERNANDEZ") and KIM MCLANE WARDLAW ("WARDLAW") are, and were at all times herein mentioned, individuals residing in the County of Los Angeles, State of California.

23. Plaintiff is informed and believes, and thereon alleges, that Defendant WILLIAM C. CANBY ("CANBY") is, and was at all times herein mentioned, an individual residing in the City of Phoenix, State of Arizona.

24. Plaintiff is informed and believes, and thereon alleges, that Defendant RONALD M. GOULD ("GOULD") is, and was at all times herein mentioned, an individual residing in the City of Seattle, State of Washington.

25. Plaintiff is informed and believes, and thereon alleges, that Defendant RICHARD C. TALLMAN ("TALLMAN") is, and was at all times herein mentioned, an individual residing in the City of Seattle, State of Washington.

26. Plaintiff is unaware at the present time of the identities and capacities of Defendants factiously named and designated as DOES 1 through 50, inclusive. Plaintiff alleges that said DOE Defendants, and each of them, are responsible and liable for the wrongful and unlawful acts of the other Defendants and acted in concert with each other. Plaintiff will seek leave to amend this Complaint at or before trial to set forth their true names and capacities when ascertained. DYDZAK is entitled to appropriate monetary and equitable relief against them, according to proof.

27. Furthermore, Plaintiff alleges that these DOE Defendants have damaged him and otherwise acted illegally and against his civil and constitutional rights, as herein alleged.

**JURISDICTION**

28. Venue is proper in this Court because one of the parties resides in Clark County and committed wrongful acts against Plaintiff in this jurisdiction. Nevada NRS 13.040. Moreover, state courts have concurrent jurisdiction with federal courts to hear federal claims, such as violation of civil rights. Tafflin v. Levitt, 493 U.S. 455 (1990).

FIRST CAUSE OF ACTION

(VIOLATION OF CIVIL RIGHTS)

(AGAINST DEFENDANTS CANTIL-SAKAUYE AND NAVARRETE)

29. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 28, inclusive, of the Complaint, and any and all allegations contained therein.

30. This is a civil rights complaint for declaratory relief, equitable relief and other appropriate relief pursuant to 42 U.S.C. 1983 et seq. Plaintiff's civil rights have been violated, as alleged and described herein.

31. On or about September 13, 2019, and continuing to the present, in Case No. S179850, Defendants CANTIL-SAKAUYE and NAVARRETE illegally conspired to not file, as required, legal pleadings, motions and papers duly submitted by DYDZAK for docket filing with the Clerk's Office of the Supreme Court of California. Furthermore, Defendant CANTIL-SAKAUYE issued a fraudulent, perjurous, void and illegal Order on September 11, 2021 in said case in conspiracy with Defendant NAVARRETE.

32. As state actors employed as officers of the Court in California, Defendants CANTIL-SAKAUYE acted unreasonably and unlawfully so as to violate Plaintiff's constitutional and federally protected rights, as herein alleged and described.

33. As a direct, legal and proximate result of their misconduct and unlawful, wrongful actions, as herein alleged and described. Plaintiff has sustained general damages, including, without limitation, suffering, and continuing to suffer, physical and mental pain and anguish, and severe emotional distress. Plaintiff has also suffered economic losses, according to proof. The exact amount of such general damages is unknown at this time, but will be ascertained and set forth before or at time of trial, according to proof.

34. Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his civil and constitutional rights have been violated as aforesaid by Defendants CANTIL-SAKAUYE and

NAVARRETE. A Temporary Restraining Order (TRO), Preliminary Injunction and Permanent injunction should issue, enjoining said Defendants from continuing to violate Plaintiff's civil and constitutional rights.

35. Plaintiff is also entitled to an award of punitive damages due to a showing of malice, fraud and oppression by said Defendants towards DYDZAK, in the amount of $ 10,000,000.

**SECOND CAUSE OF ACTION**

**(VIOLATION OF WIRETAP ACT, 18 USC 2511)**

**(AGAINST DEFENDANT LAYTON)**

36. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 35, inclusive, of the Complaint, and any and all allegations contained therein.

37. On or about September 11, 2019, and continuing to the present, Defendant LAYTON has, upon reasonable information and belief, illegally interfered with and intercepted on a constant basis Plaintiff's wire and electronic communications, including but not limited to telephonic communications and texts with third persons, relayed on his cell phone, 310-867-1289, contrary to the Federal Wiretap Act. Plaintiff is entitled to appropriate equitable relief and to recover from Defendant LAYTON damages, attorney's fees, costs and penalties, as provided for in said Wiretap Act pursuant to 18 USC 2511 and according to proof. LAYTON has, and had at all times relevant hereto, an unsavory reputation, being known as the "bagman" and "fixer" for disgraced, disbarred attorney, Thomas V. Girardi.

**THIRD CAUSE OF ACTION**

**.(CONSPIRACY TO UNLAWFULL~~Y INTERE~~ TO INTERFERE WITH THE PROCESSES OF THE COURT)**

**(AGAINST DEFENDANTS SCHWAB, MILES, GEORGE, E.GEORGE, ROTHENBERG, BANK, BANCSHARES, DATO)**

38. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 37, inclusive, of the Complaint and any and all allegations contained therein.

39. Plaintiff is informed and believes, and thereon alleges, that the above-named Defendants had improper, unethical and illegal ex parte, extra-judicial communications and contacts with Defendants CANTIL-SAKAUYE and NAVARRETE on or about September 11, 2019, and on other occasions thereafter, and continuing to the present, to affect the outcome of the California Supreme Court Case No. S179850 and harm DYDZAK, as herein alleged. Such overt acts were done as part of a conspiracy to obstruct justice and interfere with the processes of that Court.

40. As a direct, legal and proximate result of such wrongful and illegal acts, Plaintiff has suffered general damages, according to proof. Such acts were also done with malice, fraud and oppression, entitling Plaintiff to an award of punitive damages against said Defendants, and each of them, in the amount of $ 10,000,000, jointly and severally.

**FOURTH CAUSE OF ACTION**

**(VIOLATION OF CIVIL RIGHTS)**

**(AGAINST DEFENDANTS DWYER AND THOMAS)**

41. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 39, inclusive, of the Complaint, and any and all allegations contained therein.

42. This is a civil rights complaint for declaratory relief, equitable relief and other appropriate relief pursuant to 42 U.S.C. 1983 et seq. Plaintiff's civil rights have been violated by Defendant

DWYER illegally blocking, or causing to be blocked, his cell phone number, 310-867-1289, to the San Francisco Clerk's Office of the Ninth Circuit Court of Appeals, telephone number 415-355-8000. This blockage, upon reasonable information and belief, was done with the wrongful, unconstitutional and illegal authorization, consent, knowledge, supervision and ratification of Defendant THOMAS. It was done more than a year ago and continues to the present. Defendants DWYER and THOMAS were put on notice, administratively, and at all times relevant hereto, that DYDZAK's cell phone was unlawfully blocked, against due process, equal protection of laws and his First Amendment right to access to the courts. As of the date of this Complaint, and continuing to the present, Defendants DWYER and THOMAS have not unblocked, or taken steps to unblock, Plaintiff's cell phone to the aforesaid Ninth Circuit number, all to his damage and prejudice and against his civil and constitutional rights.

43. Federal actors, such as Defendants DWYER and THOMAS, acing under color of federal authority can be sued for violation of civil rights Bivens v. Six Unnamed Agents, 403 U.S. 388 (1971). Since both of them were acting administratively, illegally and in bad faith, said Defendants enjoy no immunity from monetary damages. In this matter, Defendants DWYER and THOMAS, and each of them, acted unreasonably and unlawfully so as to violate Plaintiff's constitutionally and federally protected rights, as herein alleged and described.

44. As a direct, legal and proximate result of the above-referenced Defendants' misconduct and unlawful, wrongful actions, as herein alleged and described, Plaintiff has sustained general damages, according to proof.

45. Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his

civil and constitutional rights have been violated as aforesaid by Defendants DWYER and THOMAS. A Temporary Restraining Order (TRO), Preliminary Injunction and Permanent Injunction should issue, enjoining said Defendants from continuing to violate Plaintiff's civil and constitutional rights.

46. Plaintiff is also entitled to an award of punitive damages due to a showing of malice, fraud and oppression by said Defendants towards DYDZAK, in the amount of $ 10,000,000.

## FIFTH CAUSE OF ACTION

## (VIOLATION OF CIVIL RIGHTS)

## (AGAINST DEFENDANTS CHESNEY, SILVERMAN, FLETCHER AND RAWLINSON)

47. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 46, inclusive, of the Complaint, and any and all allegations contained therein.

48. The above-named Defendants, and each of them, violated Plaintiff's civil rights by the following:

(1) Defendant CHESNEY violated her oath to be fair and impartial as a federal judge in a case filed in the Northern District of California U.S. District Court, DYDZAK V. USA et al ["NORTHERN DISTRICT CASE"]. She was disqualified in law and fact, subject to disqualification, and has biases and conflicts of interest or the appearance of same. Any and all of her Orders and rulings are therefore void ab initio, including a "fraud upon the court", overbroad and void Pre-filing Order against DYDZAK.

(2) Defendant CHESNEY had the case illegally transferred to her after having, upon information and belief, improper ex parte and extrajudicial communications and contacts with third

parties and Defendant CANTIL-SAKAUYE and/or agents of said latter Defendant She had an unethical, preexisting relationship with material witness and party, CANTIL-SAKAUYE.

(3) As a "senior status" judge, Defendant CHESNEY was not properly, legally assigned to hear the NORTHERN DISTRICT CASE per statutory requirements under 28 USC Section 294. She therefore did not have jurisdiction and standing to hear and adjudicate the case, and acted in the absence of jurisdiction. Mireles v. Waco, 502 U.S. 9 (1991).

(4) Defendants SILVERMAN, FLETCHER and RAWLINSON, and each of them, acted unethically, fraudulently and illegally in the appeal of the NORTHERN DISTRICT CASE (18-15673, 9th Cir.) by ruling since said Panel had a "senior status" judge, Defendant SILVERMAN, who was not properly, legally assigned to the case. 28 USC Section 294.

(5) Defendants SILVERMAN, FLETCHER and RAWLINSON, and each of them, violated DYDZAK's civil rights by not ruling on four pending motions in case 18-15673, thereby obstructing justice.

49. At all times relevant hereto, and continuing to the present, Defendant THOMAS and Defendant SCHIFFER, upon reasonable information and belief, knew about the aforesaid wrongful conduct by Defendants CHESNEY, SILVERMAN, FLETCHER and RAWLINSON and have acquiesced in the judicial corruption and misconduct at issue.

50. With respect to the Fifth Cause of Action herein, Plaintiff is not suing Defendants CHESNEY, SILVERMAN, FLETCHER and RAWLINSON for monetary damages, only appropriate equitable and declaratory relief. As federal actors, acting under color of federal law, said Defendants, and each of them, acted unreasonably and unlawfully so as to violate Plaintiff's constitutional and federally protected rights, as herein alleged and described.

51. Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his constitutional and civil rights have been violated as aforesaid by the aforementioned Defendants. A TRO, Preliminary Injunction and Permanent Injunction should issue, enjoining said Defendants from continuing to violate Plaintiff's civil and constitutional rights.

**SIXTH CAUSE OF ACTION**

**(VIOLATION OF CIVIL RIGHTS)**

**(AGAINST DEFENDANTS SHAW, SCHIFFER, CANBY, GOULD AND TALLMAN)**

52. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 51, inclusive, of the Complaint and any and all allegations contained therein.

53. The above-named Defendants, and each of them, violated Plaintiff's civil rights by the following:

(1) In the Ninth Circuit case, 10-80193, In re DANIEL DAVID DYDZAK, Esq., Defendant SHAW misrepresented to DYDZAK, at all times relevant hereto, that he could make rulings and conduct an evidentiary hearing in a judicial capacity. This was a false misrepresentation and extrinsic fraud or "fraud upon the court." The Judicial Council of the United States confirmed to DYDZAK that Defendant SHAW is an inactive attorney and not a qualified federal judge. At present, and at all times relevant hereto, Defendant SHAW is and was not an Article III Judge. Thus, any and all rulings and Orders by Defendant SHAW in Case No. 10-80193 are, and were at all times herein mentioned, void ab initio and should be reversed and set aside.

(2) Defendant SCHIFFER, as a federally licensed attorney who assisted Defendant SHAW

in the aforesaid 9th Circuit case, is, and was aware at all times herein mentioned, that Defendant SHAW is not a proper federal judge but has perpetuated with Defendant SHAW that fraud upon the court.

(3) Upon information and belief, Defendants SHAW and SCHIFFER have been "bribed" by financial incentives and illicit payments by Defendant SCHWAB to harm DYDZAK and prepare rulings against him. At the very least, these Defendants have financial conflicts of interest or the appearance of same.

(4) Defendants CANBY, GOULD and TALLMAN acted unethically, fraudulently and illegally by doing rulings and Orders adverse to DYDZAK in Case No. 10-80193 without a proper and legal three-judge quorum, as required by 28 USC Section 46©. Furthermore, they violated the statutory requirements of 28 USC Section 294, because Defendant CANBY could not act as a "senior status" judge on the case, as he was not duly appointed pertaining thereto. As well, Defendants CANBY, GOULD and TALLMAN perpetrated a "fraud upon the court" by using Defendant SHAW as a purported judicial officer or judge when he is not a proper Article III Judge but simply an inactive attorney. At all times relevant hereto, and continuing to the present, Defendants CANBY, GOULD, TALLMAN, SHAW and SCHIFFER knew, or reasonably should have known, they the Panel was irregular and unlawful. They all further knew that Defendant SHAW is not a proper judge or judicial officer. Upon further information and believe, all of these Defendants had biases and conflicts of interest, or the appearance of same, towards Plaintiff.

(5) At all times relevant hereto, and continuing to the present, Defendants CANBY, GOULD, TALLMAN, SHAW and SCHIFFER are acting illegally and obstructing justice by there not being rulings in the Ninth Circuit on pending motions filed in or about 2016 and 2017. Defendant

THOMAS is, and was at all times herein mentioned, aware of this situation but, administratively, does nothing about the aforesaid unlawful and fraudulent conduct. The Rule of Law means nothing to these Defendants. The fair and proper administration of justice means nothing to these Defendants.

54. Defendants CANBY, GOULD and TALLMAN are being sued in the Sixth Cause of Action for only equitable and declaratory relief. Plaintiff is not seeking monetary damages against any of these Defendants with regard to the Sixth Count of this Complaint.

55. Defendants SHAW and SCHIFFER are being sued in the Sixth Cause of Action for monetary damages, equitable and declaratory relief. As federal actors illegally acting under color of authority, they do not have absolute immunity from damages but only quasi-judicial immunity. They can be personally sued for damages because their illegal conduct offends constitutional norms and they did not, and continue to not, act reasonably and fairly towards DYDZAK. Harlow v. Fitzgerald, 457 U.S. 800 (1982). Their tortious conduct is, and was at all times herein mentioned, unpardonable and flagrantly illegal and offensive. Their conduct is criminal as well, because they have acted, and are continuing to act, to obstruct justice in harming and injuring DYDZAK. They should be held in civil and criminal contempt. Defendants CANBY, GOULD, TALLMAN and THOMAS' willing acquiescence in this criminal and civil wrongdoing is, and was at all times herein mentioned, actionable and unconscionable.

56. The above-named Defendants, and each of them, as federal actors, acted unreasonably and unlawfully, so as to violate Plaintiff's constitutional and federally protected rights, as herein alleged and described.

57. As a direct, legal and proximate result of the above-referenced Defendants' misconduct and unlawful, wrongful actions, as herein alleged and described, Plaintiff has sustained

general damages, according to proof, with respect to Defendants SHAW and SCHIFFER. With regard to all of the named Defendants herein, Plaintiff is entitled to appropriate equitable and declaratory relief, including a TRO, Preliminary Injunction and Permanent Injunction, against them.

58. With regard to Defendants SHAW and SCHIFFER, they acted with malice, fraud and oppression towards DYDZAK. An award of punitive damages is therefore warranted against them in the amount of $ 10,000,000.

**SEVENTH CAUSE OF ACTION**

**(VIOLATION OF CIVIL RIGHTS)**

**(AGAINST DEFENDANTS KING, FERNANDEZ, TASHIMA AND WARDLAW)**

59. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1 through 58, inclusive, of the Complaint, and any and all allegations contained therein.

60. As federal actors, the above-named Defendants acted under color of authority to violate DYDZAK's civil and constitutional rights in IN RE DANIEL DAVID DYDZAK in the County of Los Angeles, State of California, on or about February 11, 2013, on other relevant dates, and continuing to the present.

61. The following wrongful actions were committed by these Defendants, without limitation:

(1) In a case in the federal District Count in Los Angeles, California (D.C. No. 2:10-mc-00270-GHK), Defendant KING had, upon information and belief, improper ex parte communications and contacts to affect the outcome of this case. Defendant KING further has, and had at all times

herein mentioned, biases and conflicts of interest, or the appearance of same, towards DYDZAK, including but not limited to taking bribes or financial incentives from Defendant SCHWAB.

(2) Defendant KING denied as a jurist DYDZAK a fair and impartial process in the aforementioned case, and would not provide him an evidentiary hearing to contest certain disciplinary proceedings affecting DYDZAK. Same is, and was at all times herein mentioned, against, without limitation, substantive and procedural due process, equal protection of laws, and proper First Amendment access to the courts.

(3) Upon information and belief, Defendant KING had improper, unethical and unlawful communications with Defendants GEORGE and CANTIL-SAKAUYE, so as to fraudulently and maliciously do rulings adverse to DYDZAK.

(4) As a result of the foregoing, Defendant KING's rulings and Orders adverse to DYDZAK are, and were at all times herein mentioned, void ab initio.

(5) In the appeal of the aforesaid District Court case, 9th Circuit Case No. 11-56028, Defendants FERNANDEZ, TASHIMA and WARDLAW, individually and as jurists, acted unlawfully and unconstitutionally towards Plaintiff by doing rulings and Orders adverse to him. In particular, they acted and are acting without a proper legal quorum as "senior status" Defendant FERNANDEZ was not duly appointed to rule in the case. Further, they have, and had at all times herein mentioned, biases and conflicts of interest, or the appearance of same towards Plaintiff, and they are willingly, unethically refusing to rule on pending motions. In particular, Defendant WARDLAW was wrongfully bribed by Defendant SCHWAB to harm DYDZAK, or has and had financial conflicts of interest involving Defendant SCHWAB or his business entities. Upon further information and belief, Defendant TASHIMA has and had financial conflicts of interest, making

monies from the State Bar of California ~~who~~ which DR dislikes DYDZAK for exposing its corruption and judicial corruption. These Defendants, upon further information and belief, have been involved in ongoing improper and unethical ex parte and extrajudicial communications with Defendants ROTHENBERG, GEORGE, E.GEORGE, and CANTIL-SAKAUYE to harm and injure DYDZAK.

62. Egregiously, and against DYDZAK's civil and constitutional rights, Defendants FERNANDEZ, WARDLAW and TASHIMA continue to not disqualify themselves in the aforesaid appeal despite an illegal panel. Upon information and belief, they further are involved in an illegal cover-up of not having the Ninth Circuit Court of Appeals rule in this appeal on pending, valid motions filed on April 1, 2016, and January 28, 2020. This ongoing unlawful failure to rule and obstruct justice is known, administratively, to Defendant THOMAS and Defendant SCHIFFER. who have taken no steps to remedy the wrongful situation.

63. Defendants KING, FERNANDEZ, WARDLAW and TASHIMA are not being sued in this Seventh Cause of Action for monetary damages but only appropriate equitable and declaratory relief declaring that DYDZAK's civil and constitutional rights have been violated. Due to the illegal conduct of said Defendants, a TRO, Preliminary Injunction and Permanent Injunction should issue as well to protect Plaintiff's civil and constitutional rights, according to proof.

**EIGHTH CAUSE OF ACTION**

**(VIOLATION OF CIVIL RIGHTS)**

**(AGAINST DEFENDANTS DATO AND CANTIL-SAKAUYE)**

64. Plaintiff refers to and incorporates, as though fully set forth herein, Paragraphs 1

through 63, inclusive, of the Complaint and any and all allegations contained therein.

65. This is a civil rights complaint pursuant to 42 U.S.C. 1983 et seq. where appropriate declaratory and equitable relief is sought. Plaintiff's civil rights have been violated, as herein alleged.

66. Defendant DATO is not being sued in this 8th count for monetary damages, only appropriate declaratory and equitable relief. Since Defendant CANTIL-SAKAUYE is acting in an administrative capacity as head of the Judicial Council of California, she can be sued in this cause of action for damages and equitable and declaratory relief for violating Plaintiff's civil and constitutional rights.

67. Upon information and belief, on April 5, 2013, and continuing to the present Defendant CANTIL-SAKAUYE had improper ex parte and extrajudicial communications with Defendant DATO to cause Plaintiff to be improperly put on a Vexatious Litigant List or Pre-filing List with respect to Plaintiff's being able to file any legal cases in the State of California. Defendant DATO had no jurisdiction to act and acted in the absence of jurisdiction because of his illegal and improper contacts and communications with Defendant CANTIL-SAKAUYE. He thereby conspired with Defendant CANTIL-SAKAUYE to commit extrinsic fraud or a "fraud upon the court" in a case illegally transferred to the San Diego Superior Court from Orange County Superior Court involving DYDZAK. There were no San Diego based Defendants warranting the case being heard in that judicial territory or jurisdiction.

68. Upon further information and belief, Defendant DATO was rewarded by Defendant CANTIL-SAKAUYE for the aforesaid extrinsic fraud by his being subsequently promoted to the San Diego Court of Appeal as a jurist. She also used her influence as well in his being appointed as a member serving on the California Commission On Judicial Performance. She did so in order that he

could protect her history of judicial corruption and malfeasance towards Plaintiff and others.

69. State actors, such as Defendants DATO and CANTIL-SAKAUYE, acting under color of state authority, can be sued for violation of civil rights. DYDZAK is being unfairly denied access to the California courts due to the wrongful and unlawful acts of the aforesaid Defendants.

70. Plaintiff is entitled to an award of general damages, according to proof, against Defendant CANTIL-SAKAUYE. Because of her malice, fraud and oppression towards him, Plaintiff is also entitled to an award of punitive damages in the amount of $ 10,000,000.

71. Appropriate equitable and declaratory relief should be granted against these Defendants and the issuance of appropriate injunctive relief, according to proof.

WHEREFORE, Plaintiff prays judgment as follows:



1. For appropriate equitable, declaratory and injunctive relief, as prayed and according to proof;
2. For punitive damages, as prayed and according to proof;
3. For reasonable attorney's fees, according to proof;
4. For costs of suit incurred hereinl and
5. For such other and further relief as the Court deems proper and just in the premises.

Dated: November 28, 2021

DANIEL DAVID DYDZAK
Plaintiff

Electronically Filed
4/6/2022 1:36 PM
Steven D. Grierson
CLERK OF THE COURT

**MTD**

THOMAS D. DILLARD, ESQ.
Nevada Bar No. 006270
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, NV 89129
Tel: (702) 384-4012 / Fax: (702) 383-0701
TDillard@ocgas.com
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

DANIEL DAVID DYDZAK

Plaintiff,

vs.

TANI CANTIL-SAKAUYE, JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G. SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M. GEORGE ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R. THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY C. DWYER, GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M. GOULD, RICHARD C. TALLMAN, and Does 1 through 50, inclusive,

Defendants.

CASE NO.: A-22-847734-C
DEPT. NO.: 27

**DEFENDANTS CHIEF JUSTICE TANI G. CANTIL-SAKAUYE'S AND JORGE NAVARRETE'S MOTION TO DISMISS COMPLAINT**

**Hearing Requested**

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

COME NOW Defendants[1], TANI G. CANTIL-SAKAUYE, Chief Justice of California, and JORGE NAVARRETE, Clerk/Executive Officer of the Supreme Court of California, by and through its counsel of record, THOMAS D. DILLARD, JR., ESQ., of the law firm OLSON CANNON GORMLEY& STOBERSKI, pursuant to Nevada Rule of Civil Procedure 12(b)(1) and 12(b)(2) move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and lack of personal jurisdiction.

Alternatively, moving Defendants, pursuant to Nevada Rule of Civil Procedure 12(b)(5) move to dismiss for failure to state a claim for relief.

This Motion is made and based upon all the pleadings and papers on file herein, the attached points and authorities, together with any argument that may be introduced at the time of hearing this matter before this Honorable Court.

Dated this 6th day of April, 2022.

OLSON CANNON GORMLEY
& STOBERSKI

By: [signature]
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California, and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California*

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

[1] Former California Chief Justice Ronald M. George and Associate Justice William Dato of the California Court of Appeal, Fourth Appellate District, Division One, are also named as defendants. As neither has been served, to the undersigned counsel's knowledge, this motion is brought only on behalf of Chief Justice Tani G. Cantil-Sakauye and Clerk/Executive Officer Jorge Navarrete.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

### A. Nature of the Case

Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial District Court of Nevada on February 3, 2022 simply because "one of the parties resides in Clark County." (Complaint ¶ 5). Plaintiff's claims apparently arise out of his dissatisfaction with orders issued in California Supreme Court Case No. S179850 denying his requests to overturn his disbarment of 2010. (Register of Action, attached as Exhibit "A").[2] Plaintiff (himself a California resident) has sued

---

[2]https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1932723&doc_no=S179850&request_token=NiIwLSEmPkw8W1BJSCJNSEJJQEA0UDxfJCBOJz9TMCAgCg%3D%3D. The Register of Action shows the following:

- The California Supreme Court proceeding commenced on January 27, 2010.
- Plaintiff filed a petition for writ of review on April 1, 2010.
- On May 12, 2010, the California Supreme Court denied Plaintiff's petition for writ of review and ordered him disbarred from the practice of law in California.
- On May 24, 2010, Plaintiff filed a petition for writ of certiorari with the U. S. Supreme Court.
- On October 4, 2010, the U. S. Supreme Court denied Plaintiff's petition for writ of certiorari.
- On January 11, 2012, Plaintiff filed a motion in the California Supreme Court to reopen his disciplinary case due to fraud upon the court and reverse and set aside the disbarment order.
- On February 15, 2012, the California Supreme Court denied Plaintiff's motion to reopen his disciplinary case and set aside the disbarment order.
- Six years later, on March 1, 2018, Plaintiff filed a second motion in the California Supreme Court to reopen his disciplinary case and set aside the disbarment order.
- On May 9, 2018, the California Supreme Court denied Plaintiff's second motion to reopen his disciplinary case and set aside the disbarment order.
- From May 14, 2018, and over the next year, Plaintiff filed several more motions to reopen his disciplinary case or for other relief, including a motion for an order to show cause, filed on April 22, 2019.
- **On September 11, 2019, the California Supreme Court denied Plaintiff's motion for an order to show cause and stated "[t]his matter is now final. The court will no longer consider challenges to petitioner's disbarment."**

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

twenty-four Defendants in the case, many of which are current or former California state judicial officers or judges of federal district and appellate courts located in California.

Plaintiff alleges in his first case of action, pursuant to 42 U.S.C. § 1983, that Defendant Chief Justice Tani Cantil-Sakauye of the California Supreme Court issued an illegal order on September 11, 2021[3] in Case No. S179850 as part of a conspiracy with Defendant Jorge Navarrete (the Clerk/Executive Officer of the Supreme Court of California) (collectively "California Supreme Court Defendants").[4] Plaintiff makes naked assertions and formulaic conclusions of law that the California Supreme Court Defendants entered the order as part of some far-flung conspiratorial objective to violate Plaintiff's unspecified federal rights.

Plaintiff's third cause of action names various Defendants (including former California Supreme Court Justice Ronald M. George[5] and Associate Justice William Dato of the California Court of Appeal, Fourth Appellate District, Division One[6]). Plaintiff claims that they had "improper, unethical and illegal ex parte, extra-judicial communications and contacts with the California Supreme Court Defendants on or about September 11, 2019. (Complaint ¶39). Plaintiff has yet to serve these California Defendants, however.

In his eighth claim for relief, Plaintiff names Chief Justice Cantil-Sakauye and Justice Dato and again alleges unspecified civil rights violations. Plaintiff alleges that these two jurists had improper ex parte communications "to cause Plaintiff to be improperly put on the Vexatious Litigant

---

[3] As footnote 1 shows, the final California Supreme Court order in Case No. S179850 was entered on September 11, *2019*.

[4] https://www.courts.ca.gov/2664.htm (judicial bio of Chief Justice Cantil-Sakauye); https://newsroom.courts.ca.gov/news/jorge-e-navarrete-appointed-first-latino-court-administrator-and-clerk-supreme-court

[5] https://www.courts.ca.gov/5763.htm (judicial bio of former Chief Justice George)

[6] https://www.courts.ca.gov/35700.htm (judicial bio of Associate Justice Dato)



Dato SER024

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

List" for the State of California. (Complaint ¶ 66). Plaintiff alleges this communication took place approximately nine years ago on April 5, 2013. (Complaint ¶ 67). Plaintiff asserts they formed a conspiracy to commit extrinsic fraud on the court in a case that was pending in the Superior Court of California, County of Orange, and "illegally transferred to the San Diego Superior Court from Orange County Superior Court[.]" Id. Plaintiff further suggests that Chief Justice Cantil-Sakauye rewarded Justice Dato for the alleged fraudulent act through his subsequent promotion to the Court of Appeal. (Complaint ¶ 68).

As is evident from the complaint, Plaintiff is not only a disbarred California attorney but he also is a declared vexatious litigant. Attached as Exhibit "B" is a vexatious litigant prefiling order entered on April 5, 2013, in *Dydzak v. Dunn* (Superior Court of California, County of San Diego, No. 30-2012-00558031). Also attached as Exhibit "C" is an earlier vexatious litigant prefiling order entered on September 25, 2012, in *Dydzak v. Cantil-Sakauye* (USDC, CD Cal., No. C11-5560-JCC), which prohibits Plaintiff from "initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California. . . ." The conclusion that immediately suggests itself is that Plaintiff filed this case in this state court in Nevada to avert the ramifications of his vexatious litigant status in California and attempt to hail the California Supreme Court Defendants into court in Nevada to try to collaterally attack his disbarment and appellate orders affirming his disbarment from the practice of law in California. The court lacks both subject matter jurisdiction and personal jurisdiction to do so.

**B. Jurisdictional Allegations**

Plaintiff identifies himself as a person residing in the County of Los Angeles, California. (Complaint ¶ 2). Plaintiff sued Defendant Tani Cantil-Sakauye and Jorge Navarrete as individuals residing in San Francisco, California. (Complaint ¶¶ 2-3). Plaintiff also named former California

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

Chief Justice Ronald George and Justice Dato based upon their involvement in California litigation. (Complaint at ¶¶ 11, 18). Plaintiff also brings suit against several other State Bar of California judges and investigators or State Bar attorney panel members, who all apparently have some connection with his disciplinary matter ultimately resolved in California Supreme Court Case No. S17980. (Complaint ¶¶ 4-6, 10, 12-13, 16). In addition, Plaintiff named as Defendants a total of ten (10) Article III judges from the U.S. Court of Appeals for the Ninth Circuit and the U.S. District Court, Northern District of California. He also sued the Ninth Circuit court clerk for her alleged involvement in California federal litigation pertaining to Plaintiff. (Complaint ¶¶ 7-9, 17, 19-25). The remaining two Defendants are a bank in the County of Los Angeles and a State of Delaware corporation. (Complaint ¶¶ 14-15). Plaintiff fails to make clear in the complaint why these companies are sued; however, there is nothing in the complaint indicating that any Defendant took any action in Nevada or did something directed to Nevada.

The only mention of Nevada throughout the entire Complaint is in paragraph 6 indicating that Ninth Circuit Judge Johnnie B. Rawlinson is an individual residing in the City of Las Vegas. (Complaint at ¶ 7). There are no allegations that she performed any judicial or non-judicial act in Nevada, however. It is apparent that Judge Rawlinson's only involvement in the case is as a Ninth Circuit judge assigned to one of Plaintiff's appeals arising from litigation in California and sitting as a judge as an appeals court based in San Francisco, California.

## II. STANDARDS OF REVIEW FOR A MOTION TO DISMISS

### A. Standards for Lack of Subject Matter Jurisdiction and Personal Jurisdiction

Subject matter jurisdiction is a question of law that the court reviews *de novo*. Ogawa v. Ogawa, 125 Nev. 660, 667, 221 P.3d 699, 704 (2009). The Nevada Rules of Civil Procedure provide that the defense of lack of jurisdiction over the subject matter may, at the option of the defendant, be





*Law Offices of* OLSON CANNON ORMLEY & STOBERSKI 9950 West Cheyenne Avenue Las Vegas, Nevada 89129

made by motion. See NRCP 12(b)(1). Nevada Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." The district court thus may properly dismiss a complaint when a lack of subject matter jurisdiction is apparent on the face of the complaint. Rosequist v. Int'l Ass'n of Firefighters Local 1908, 118 Nev. 444, 448, 49 P.3d 651, 653 (2002), overruled on other grounds by Allstate Ins. Co. v. Thorpe, 123 Nev. 565, 573 n.22, 170 P.3d 989, 995 n.22 (2007). The question of subject matter jurisdiction "'can be raised by the parties at any time ... and cannot be conferred by the parties.'" Landreth v. Malik, 127 Nev. 175, 251 P. 3d 163, 166 (2011) (quoting Swan v. Swan, 106 Nev. 464, 469, 796 P.2d 221, 224 (1990)).

The plaintiff has the burden of proving subject matter jurisdiction. See Morrison v. Beach City LLC, 116 Nev. 34, 36, 991 P.2d 982, 983 (2000). If the movant challenges the existence of subject matter jurisdiction, the pleadings are treated as evidence on the issue. Indeed, in this type of 12(b)(1) motion, the requirement is not unlike that for summary judgment, where the non-moving party cannot rest on the allegations in the complaint, but must present evidence to defeat the motion. Trentacosta v. Frontier Pacific Aircraft Indus., Inc., 813 F.2d 1553, 1558 (9th Cir.1987) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 at 653-54 (1969)); Nevada v. U.S., 221 F.Supp.2d 1241, 1248 (D.Nev. 2002).

In addition, to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must "make a prima facie showing of personal jurisdiction" by "[producing] some evidence in support of all facts necessary for a finding of personal jurisdiction." Trump v. Eighth Judicial Dist. Court, 109 Nev. 687, 692, 857 P.2d 740, 743-44 (1993). However, when considering a motion to dismiss for lack of personal jurisdiction, the plaintiff is required to go beyond the pleadings and proffer some competent evidence supporting a finding of personal jurisdiction. Id. at 693, 857 P.2d at 744

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129



Dato SER027

(explaining that the plaintiff "may not simply rely on the allegations of the complaint to establish personal jurisdiction").

**B. Standard for Failure to State a Claim for Relief**

When presented with a Nevada Rule of Civil Procedure 12(b)(5) motion to dismiss for failure to state a claim, the district court must view all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. Kourafas v. Basic Food Flavors, Inc., 120 Nev. 195, 197, 88 P.3d 822, 823 (2004). Dismissal is appropriate only if it appears "beyond a reasonable doubt" that the plaintiff could prove no set of facts that would entitle her to relief. Id. Still, "[t]o survive dismissal, a complaint must still contain some 'set of facts, which, if true, would entitle [the plaintiff] to relief.'" Buzz Stew, LLC v. City of N. Las Vegas, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). Legal questions are reviewed *de novo*. Id.

Since absolute immunity protects the holder from suit and not merely liability, it should be decided as early as possible. See Criss v. City of Kent, 867 F.2d 259, 261 (6th Cir.1988); see also Shmueli v. City of New York, 424 F.3d 231 (2nd Cir. 2005) (Affirmative defense of absolute immunity should be decided at an early stage and can be raised in a Rule 12(b)(6) motion). Indeed, several U.S. Supreme Court decisions recognize that claims of immunity present issues that are generally appropriately decided as early as possible, in order to "avoid excessive disruption of government." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Because the essence of immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action, that protection is effectively lost if a case is erroneously permitted to go to trial. See Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit."); see also State of Nevada v. Second Judicial District Court,

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

118 Nev. 609, 615, 55 P.3d 420, 423 (2002) ("Absolute immunity is a broad grant of immunity not just from the imposition of civil damages, but also from the burdens of litigation, generally.").

### C. Judicial Notice of Court Documents

The district court may consider publicly recorded documents without converting a motion to dismiss to one for summary judgment. Breliant v. Preferred Equities Corp., 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (stating that a court may consider matters of public record in ruling on a motion to dismiss). In deciding a motion to dismiss, the court is generally limited to only "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Swartz v. KPMG, LLP, 476 F.3d 756, 763 (9th Cir.2007). The court may thus take judicial notice of facts that are not subject to reasonable dispute as evidenced by public records outside of the Rule 56 context. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir.1986). This includes taking judicial notice of pleadings, memoranda, and other court filings. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746, n.6 (9th Cir. 2006).

## III. LEGAL ARGUMENT IN SUPPORT OF DISMISSAL FOR LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION

### A. This Court Lacks Subject Matter Jurisdiction Over This Case Regarding the Review of Attorney Disciplinary Action Imposed in California and the California Courts' Refusal to Overturn that Discipline.

This Honorable Court lacks subject matter jurisdiction over a case that makes a collateral attack on attorney discipline rendered by the State Bar of California against Plaintiff's attorney license in the State of California. State supreme courts are the ultimate arbiters of attorney behavior for members of the state bar that applies only to attorney discipline occurring in the forum state. Nevada courts lack subject matter jurisdiction seeking to impair or reverse attorney discipline imposed by another State.

*Law Offices of*
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

While state supreme courts generally oversee an office of attorney regulation that handles the intake, investigation, and some adjudication of disciplinary complaints, each state supreme court is potentially the final decision maker regarding possible sanctions for attorney behavior. In Nevada, Supreme Court Rule 105(3)(b) provides subject matter jurisdiction for the Nevada Supreme Court to automatically review public discipline imposed by a Nevada State Bar hearing panel. To be sure, it provides no subject matter jurisdiction to review public discipline imposed by the State of California. Moreover, there is no enabling statute providing jurisdiction to a district court to review attorney discipline imposed by any state bar, including Nevada.

Further, in Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966), the Ninth Circuit held that a lower federal court has no subject matter jurisdiction to consider a collateral attack on a decision by the Washington Supreme Court to disbar an attorney. The United States Supreme Court subsequently approved that reasoning and result in Dist. of Columbia Ct. of App. v. Feldman, 460 U.S. 462, 482 n.16, 103 S. Ct. 1303 (1983) (" '[O]rders of a state court relating to the admission, discipline, and disbarment of members of its bar may be reviewed only by the Supreme Court of the United States on certiorari to the state court, and not by means of an original action in a lower federal court.' " (quoting MacKay v. Nesbett, 412 F.2d 846 (9th Cir. 1969)).

The lack of jurisdiction for this Court to intervene in a case pertaining to another state tribunal's review of attorney discipline under the guise of a § 1983 action is further illustrated by the fact that the federal courts would have had no subject matter jurisdiction to consider the case even though based on a federal statute. Under the *Rooker-Feldman* doctrine, lower federal courts are without jurisdiction to consider constitutional claims that are "inextricably intertwined" with questions pending before the state courts. See Gulla v. North Strabane Township, 146 F.3d 168 (3rd Cir. 1998); Plyler v. Moore, 129 F.3d 728 (4th Cir. 1997). Under the *Rooker-Feldman* doctrine, the lower federal courts lack jurisdiction to review the application of attorney discipline and disbarment

*Law Offices of*
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

rules by a tribunal conducting a judicial or quasi-judicial hearing into the underlying misconduct. See Patmon v. Michigan Supreme Court, 224 F.3d 504 (6th Cir. 2000).

The same considerations exist here. The state district courts of Nevada do not have jurisdiction to review the decisions of the State Bar of California and the California Courts or to consider a collateral attack on prior decisions. See SCR 105(3)(b). By filing what amounts to nothing more than a collateral challenge to his disbarment and the numerous denials of his attempts to overturn, Plaintiff simply tries to make an end around of the results of federal and state courts located in California for which this court lacks subject matter jurisdiction. The complaint therefore is properly dismissed pursuant to Nevada Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**B. Dismissal Is Warranted for Lack of Personal Jurisdiction over Defendants Chief Justice Tani Cantil-Sakauye and Jorge Navarrete Pursuant to Rule 12(b)(2).**

Plaintiff cannot establish personal jurisdiction over the California Supreme Court Defendants to litigate his claims in the Eighth Judicial District Court of Nevada. To survive the motion to dismiss for lack of personal jurisdiction, Plaintiff must "make a prima facie showing of personal jurisdiction" by "[producing] some evidence in support of all facts necessary for a finding of personal jurisdiction." Trump v. Eighth Judicial Dist. Court, 109 Nev. 687, 692, 857 P.2d 740, 743-44 (1993). The courts analyze the issues of due process by considering whether personal jurisdiction is either "general or "specific". See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15, 420, 104 S. Ct. 1868 (1984).

Plaintiff has pled no facts in his complaint that would establish this court's personal jurisdiction—general or specific—over the California Supreme Court Defendants, all of whom are California residents. Plaintiff does not allege that the injuries he sustained occurred in Nevada, that Defendants were served with process in Nevada, or that this case or Defendants have anything at all

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

to do with Nevada. See Nguyen v. Margines, 2021 WL 5761766 *2 (D. Nev., Dec. 3, 2021) (dismissing the plaintiffs' suit against California state-court judges seeking damages against them for judgments entered against the plaintiffs in other cases in California due to lack of personal jurisdiction). Therefore, the case should be dismissed for want of personal jurisdiction pursuant to Rule 12(b)(2) as well.

**1. Moving Defendants are Not Subject to General Jurisdiction in the State of Nevada.**

Since the California Supreme Court Defendants have not had continuous and systematic contact in Nevada, this Court lacks general jurisdiction over them. General jurisdiction exists only where the defendant's activities in the forum state are so substantial or continuous and systematic that it may be deemed present in the forum and hence subject to suit over claims unrelated to its activities here. Helicopters, 466 U.S. at 415-16, 104 S. Ct. 1868; Trump, 109 Nev. at 699, 857 P.2d at 748. This jurisdiction is permitted where a defendant is held to answer in a forum for causes of action unrelated to his forum activities due to the defendants' pervasive contact with that forum in general. See Trump, 109 Nev. at 699, 857 P.2d at 748.

In this case, Plaintiff's Complaint makes all too clear that both Chief Justice Cantil-Sakauye and Jorge Navarrete are residents in the State of California and are domiciled in California. The conduct complained of regarding involvement in California litigation arising out of State Bar of California disciplinary action by definition occurred in California. Indeed, a plain reading of Plaintiff's Complaint fails to establish any contacts with the Nevada forum by any of Defendants whatsoever. The entirety of the allegations pertain to attorney discipline taken against Plaintiff in the State of California, including his disbarment, and denial of Plaintiff's various complaints and petitions to overturn that discipline.

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129



Dato SER032

Plaintiff simply brought suit in this forum because he has been declared a vexatious litigant in both state and federal courts in California. Plaintiff impermissibly seeks to avail himself of access to this court in Nevada because one of the many jurists that exercised jurisdiction over his case originating in California still has a home office in Nevada (i.e. the Honorable Judge Johnnie Rawlinson). The fact that Judge Rawlinson formerly was a District Court Judge in the U.S. District Court of Nevada before she was confirmed as an appellate judge of the U.S. Court of Appeals for the Ninth Circuit (based in San Francisco, CA) and may still have an office and/or a residence in Las Vegas clearly does not establish personal jurisdiction for anyone, particularly these moving Defendants. In short, Plaintiff has alleged no set of facts to establish this Court has general jurisdiction over these Defendants and dismissal is thereby warranted pursuant to Rule 12(b)(2).

**2. All Acts Underlying Plaintiff's Allegations Occurred in California, Thus the Court Lacks Specific Jurisdiction over the California Supreme Court Defendants as Well.**

Chief Justice Cantil-Sakauye and Jorge Navarrete are not subject to specific jurisdiction either because they simply have no contacts at all with the State of Nevada. The Due Process Clause forbids haling a defendant into court that does not have certain minimum contacts with the forum state such that jurisdiction does not offend traditional notions of fair play and substantial justice. See International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945) (quotation omitted); Fulbright & Jaworski LLP v. Eighth Judicial Dist. Court, 131 Nev. 30, 36, 342 P.3d 997, 1001 (2015). The Complaint is devoid of any allegation suggesting these Defendants have any contacts at all with Nevada; therefore, the failure of jurisdiction warrants dismissal of this case in the Eighth District Court of Nevada.

Under Nevada law, Nevada courts have jurisdiction "over a party to a civil action on any basis not inconsistent with the constitution of this state or the Constitution of the United States." NRS

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

14.065(1); see also Judas Priest v. District Court, 104 Nev. 424, 426, 760 P.2d 137, 138 (1988); Trump, 109 Nev. at 692, 857 P.2d at 744. In other words, Nevada's long arm statute is coextensive with federal due process requirements. Under the United States Constitution, due process requires certain minimum contacts between Defendants and Nevada such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" International Shoe, 326 U.S. at 316 (quotation omitted). The defendant's contacts with the forum state must be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagon Corp. v. Woodson, 444 .S. 286, 297, 100 S. Ct. 559 (1980)). To show specific jurisdiction, which is at issue here, Plaintiff must demonstrate facts showing that the defendants purposefully availed themselves of the privilege of acting in Nevada or caused important consequences here, that the cause of action arises from the defendant's activities in Nevada, and that those activities, or the consequences thereof, have such a substantial connection with Nevada as to make the exercise of jurisdiction over the defendant reasonable. Consipio Holding, BV v. Carlberg, 128 Nev. 454, 458-59, 282 P.3d 751, 755 (2012).

Given this standard and in the absence of general jurisdiction, specific jurisdiction will lie—and not transgress the Due Process Clause—when the plaintiff satisfies a three-part test.

> (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which rises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise must comport with fair play and substantial justice; i.e., it must be reasonable.

Rutsky & Co. Ins. Services, Inc. v. American Special Risk Ins. Services, 328 F.3d 1122, 1129 (9th Cir. 2003). Once challenged, the plaintiff bears the burden of establishing personal jurisdiction as to





Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

all elements. <u>See</u> <u>Huffy Corporation v Overlord Industries, et al</u>., 246 F. Supp. 2d 1093, 1096 (D. Nev. 2003)(*citing* <u>Butcher's Union Local No. 498 v. SDC, Inv., Inc</u>., 788 F.2d 535, 538 (9th Cir. 1986))(subsequent citation omitted).

As for the first prong, in order to establish this court has specific jurisdiction over moving Defendants, Plaintiff must "aver facts [which] show the Defendants 'purposefully directed [their] activities toward Nevada, that the claims 'arise out of or related to Defendants' forum-related activities,' and that 'exercise [of jurisdiction] comports with fair play and substantial justice.'" <u>Huffy Corporation</u>, 246 F. Supp. 2d at 1099 (quotation omitted). Turning again to the face of the Complaint, nowhere does Plaintiff allege, or even remotely indicate, that Chief Justice Cantil-Sakauye or Jorge Navarrete "purposefully directed" any activity toward Nevada. The Complaint itself makes clear that this action involves Plaintiff's attempts to obtain judicial review and reversal of his disbarment from practicing law in California and the vexatious litigant pre-filng orders entered against him in state and federal courts in California. Indeed, neither the California Supreme Court Defendants nor any of the other California jurists and California State Bar agents had any jurisdiction or ability to perform any legal act in the State of Nevada.

Second, there is nothing to suggest Plaintiff's claims arise out of the activities of any Defendant in Nevada. To the contrary, the activities which give rise to Plaintiff's claims exclusively occurred in California. Other than identifying Judge Rawlinson's alleged personal residence or home State, Nevada is never mentioned in the Complaint whatsoever. Even if Judge Rawlinson's involvement in federal cases pending in the Ninth Circuit somehow implicate Nevada, which they do not, there is still absolutely no Nevada connection to the California Supreme Court Defendants. Plaintiff, to be sure, does not attribute any conduct by the California Supreme Court Defendants directed toward Nevada; consequently, the second specific jurisdiction element is lacking as well.

*Law Offices of*
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

The foregoing analysis is dispositive on the third element. Since Defendants Chief Justice Cantil-Sakauye and Jorge Navarrete did not purposefully avail themselves of Nevada and there are no forum-related activities alleged, jurisdiction is *a fortiori* unreasonable. Plaintiff has failed to supply the Court with facts, that if true, would establish specific jurisdiction. Plaintiff, having a perfect knowledge of all these facts, still seeks to force these Defendants to defend against his far-flung and specious claims in a state court in Nevada and far removed from anything at issue here. Plaintiff is simply trying to burden and harass these Defendants due to his displeasure due to his disbarment and his protracted efforts to try to reverse that decision. Plaintiff, however, has abjectly failed to meet his burden with respect to any of the three requirements for the exercise of specific jurisdiction. Consequently, this litigation here should proceed no further here. Nevada Rule of Civil Procedure 12(b)(2) mandates dismissal.

## IV. IN THE ALTERNATIVE, LEGAL ARGUMENTS IN SUPPORT OF DISMISSAL FOR FAILURE TO STATE A CLAIM FOR RELIEF

### A. Chief Justice Cantil-Sakauye is Absolutely Immune from all of Plaintiff's Claims for Relief.

Plaintiff failed to state a viable claim against Chief Justice Cantil-Sakauye because she possesses absolute immunity for all judicial acts that are not clearly outside of her jurisdiction. It is a matter of well established law that judges are generally immune from suits against them in their individual capacity. See Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967) (applying judicial immunity to § 1983 actions); Mireles v. Waco, 502 U.S. 9, 9-10, 112 S.Ct. 286 (1991). This absolute immunity is necessary due to the special nature of the judiciary's responsibilities. See Butz v. Economou, 438 U.S. 478, 511, 98 S.Ct. 2894 (1978).

"Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising authority vested in him, shall be free to act upon his own convictions, without



Dato SER036

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

apprehension of personal consequences to himself.'" Mireles, 502 U.S. at 9. It is also important to note that "[j]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." Mireles, 502 U.S. at 11. In other words, the Court should make this determination as early as possible in the litigation so that the judge may avoid being burdened with the impositions of discovery and trial. See Saucier v. Katz, 533 U.S. 191, 200-01, 121 S.Ct. 2151 (2001). Absolute judicial immunity applies not only to suits for damages, but also "to actions for declaratory, injunctive and other equitable relief." Mullis v. U.S. Bankruptcy Court for the District of Nevada, 828 F.2d 1385, 1394 (9th Cir. 1987).

Given these important public policy considerations, judges possess a "sweeping form of immunity" for all acts performed that relate to the "judicial process." Forrester v. White, 484 U.S. 219, 225, 108 S.Ct. 538 (1988); Imbler v. Pachtman, 424 U.S. 409, 423 n.20, 96 S.Ct. 984 (1976). Irrespective of the judge's subjective intent, immunity insulates the judge's actions except where done in the clear absence of jurisdiction. See Stump v. Stackman, 435 U.S. 349, 359, 98 S.Ct. 1099 (1978). Put differently, this absolute immunity insulates judges from charges or erroneous acts or irregular action, even when it is alleged that such action was driven by malice, bad faith or corruption. Forrester, 484 U.S. at 227-28; see also Mireles, 502 U.S. at 11. Furthermore, the absolute immunity is not pierced by allegations of judicial authority "flawed by the commission of grave procedural errors." Stump, 435 U.S. at 359. In sum, "the judge is absolutely immune for all judicial acts not performed in the clear absence of all jurisdiction, however erroneous the act and however evil the motive." Mitchell v. McBryde, 944 F.2d 229, 230 (5th Cir. 1991). Allegations of conduct in excess of jurisdiction are thus insufficient, a judge will only forfeit his immunity when he acts in "clear absence of all jurisdiction." Mullis, 828 F.2d at 1389. The fact that a judge acts informally, outside the courtroom and without observance of procedural requirements, or engages in ex parte communications, does not strip a judge of absolute immunity. Stump, 435 at 361–63, 98

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

S.Ct. at 1107–08; see also Forrester, 108 S.Ct. at 544. Nor is judicial immunity lost as a result of improper favor or disfavor to a party. Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir.1996).

In the instant case, Plaintiff has alleged that Chief Justice Cantil-Sakauye "illegally conspired to not file . . . legal pleadings, motions and papers submitted by" Plaintiff and "issued a fraudulent . . . and illegal Order on September 11, 2021" in conspiracy with the clerk/executive officer of the Supreme Court of California. (Complaint ¶ 31). Plaintiff also alleges that the Chief Justice beginning in April of 2013 had "improper ex parte and extrajudicial communications with Defendant [Associate Justice] Dato to cause Plaintiff to be improperly put on a Vexatious Litigant List." (Complaint ¶ 67).

First, the act of making decisions following motion practice of a litigant (including finding that a party subject to jurisdiction of the court is a vexatious litigant) before the court is clearly a judicial act. Allegations that there were ex parte communications or that the judicial decisions were the result of bad faith or a conspiracy do not pierce judicial immunity. Second, Chief Justice Cantil-Sakauye's decisions at issue had to occur while she was inside the courtroom or inside chambers in preparing and finalizing judicial orders. Third, the actions Plaintiff alleges as constitutional transgressions by Chief Justice Cantil-Sakauye center around Plaintiff's case before her in review of the State Bar of California's disciplinary action. This is plainly a case where immunity attaches.

In sum, Plaintiff is simply bringing suit against Chief Justice Cantil-Sakauye based on his dissatisfaction in the manner she handled a pending case before her. The allegations against the judge all question her judgment in the judicial process and do not even remotely suggest that she acted in the clear absence of jurisdiction. Accordingly, the well established doctrine of absolute judicial immunity renders all Section 1983 claims defective and dismissal is warranted pursuant to Rule 12(b)(5) for failure to state a viable claim for relief.

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

### B. Jorge Navarrete, As the Clerk/Executive Officer of the California Supreme Court, Is Entitled to Absolute Quasi-Judicial Immunity.

Since the allegations against Clerk/Executive Officer Navarrete involve his performance of acts in the Supreme Court of California that are an integral part of the judicial process, he is entitled to quasi-judicial immunity per well established law and to be dismissed from this case with prejudice. Applying the same rationale as set forth in section IV(a) supra, a court clerk and court administrator enjoys absolute quasi-judicial immunity when he performs a judicial act. Court administrators have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. In re Castillo, 297 F.3d 940, 952 (9th Cir. 2002) (court clerks and other non-judicial officers enjoy absolute quasi-judicial immunity "for purely administrative acts - acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function."); see also Moore v. Brewster, 96 F.3d 1240, 1244 (9th Cir. 1996) (court clerk has absolute quasi judicial immunity even if allegations true that he deceived litigant regarding the status of a bond and improperly conducted hearing to assess costs); Mullis, 828 F.2d at 1390 (9th Cir. 1987) (court clerks have absolute quasi-judicial immunity for allegedly failing to give proper notice and making improper filing decisions).

Judicial immunity is extended to "certain others who perform functions closely associated with the judicial process." Duvall v. County of Kitsap, 260 F.3d 1124, 1133 -1134 (9th Cir. 2001). "When judicial immunity is extended to officials other than judges, it is because their judgments are 'functional[ly] comparab[le]' to those of judges-that is, because they, too, 'exercise discretionary judgment' as part of their function." Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436, 113 S. Ct. 2167 (1993); see also Greater Los Angeles Council on Deafness v. Zolin, 812 F.2d 1103, 1108 (9th Cir. 1987) (holding that "the lynchpin of both the judicial and quasi-judicial immunities" is that the acts in question are "an integral part of the judicial process" ). Court administrators thus possess

Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129



Dato SER039

quasi-judicial immunity when carrying out valid court orders. Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000) (extending quasi-judicial immunity to court administrator who released information at judge's order); Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992) (holding that the clerk who refused to accept filing of complaint at the direction of the judge was entitled to quasi-judicial immunity). Enforcing or executing a court order is intrinsically associated with a judicial process. See Bush v. Rauch, 38 F.3d 842, 847 (6th Cir. 1994) (court administrator is entitled to quasi-judicial immunity for carrying out order to prepare an assessment for juvenile placement).

The doctrine of absolute immunity ensures judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, "vindictive or ill-founded damage suits brought on account of actions taken in the exercise of their official responsibilities." Smith v. Losee, 485 F.2d 334, 342 (10th Cir. 1973). The concern for the integrity of the judicial process that underlies the absolute immunity of judges is reflected in the extension of absolute immunity to "certain others who perform functions closely associated with the judicial process." Moore, 96 F.3d at 1244 (citations omitted). The courts have justified the extension of immunity to judicial officers because as agents of the court, they often become a "lightning rod for harassing litigation." Ashbrook v. Hoffman, 617 F.2d 760, 772 (7th Cir. 1980). Thus, the very narrow exception to absolute immunity of acts "clearly in excess of jurisdiction" applies with equal force to alleged unconstitutional conduct of a court administrator.

Plaintiff here has alleged Clerk/Executive Officer Navarrete transgressed his constitutional rights by not filing legal papers submitted by Plaintiff and issuing a final order of September 11, 2021[7] closing a case before the Supreme Court of California. (Complaint ¶ 31). Plaintiff has not

[7] See footnote 2, supra.





Law Offices of
OLSON CANNON ORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

alleged that Clerk/Executive Officer Navarrete acted outside of his discretion, outside the scope of his duties, or contrary to the direction of a judicial officer. Indeed, Plaintiff claims that his actions were at the direction of Chief Justice Cantil-Sakauye as part of a conspiracy.

Therefore, Defendant Navarrete is also clothed with absolute quasi-judicial immunity for Plaintiff's claims against him. The complained of conduct involve court administrator functions that are an integral part of the judicial process and not clearly in excess of jurisdiction. Plaintiff's first and only claim for relief against Defendant Navarrete, Clerk/Executive Officer of the Supreme Court of California, hence fails to state a claim for relief and cannot resist this motion to dismiss.

## V. CONCLUSION

IN ACCORDANCE WITH THE FOREGOING, the California Supreme Court Defendants move to dismiss this action against them due to lack of subject matter jurisdiction and lack of personal jurisdiction pursuant to Rules 12(b)(1) and (b)(2). In the alternative, Plaintiff has also failed to state a valid claim for relief as he has not and cannot pierce moving Defendants absolute immunity. Dismissal is warranted on this independent basis pursuant to Rule 12(b)(5).

Respectfully Submitted this 6th day of April, 2022.

OLSON CANNON GORMLEY
& STOBERSKI

By: [signature]

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California*





*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

## CERTIFICATE OF SERVICE

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY & STOBERSKI, and that on the 6th day of April, 2022, I served a copy of the foregoing, **DEFENDANTS CHIEF JUSTICE TANI G. CANTIL-SAKAUYE'S AND JORGE NAVARRETE'S MOTION TO DISMISS COMPLAINT,** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Administrative Order 14-2, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities to those parties listed on the Court's Master Service List, (or, if necessary, by U.S. Mail, first class, postage pre-paid, or via email), upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
*Plaintiff in Pro Se*

Kayman

An employee of OLSON CANNON GORMLEY & STOBERSKI

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129

# EXHIBIT “A”
## Register of Action

# Appellate Courts Case Information

## Supreme Court

Change court

## Docket (Register of Actions)

**DYDZAK ON DISCIPLINE**
**Division SF**
**Case Number S179850**

| Date | Description | Notes |
| --- | --- | --- |
| 01/27/2010 | Record of State Bar discipline filed | recommendation: disbarrment.<br><br>*7 volumes. |
| 04/01/2010 | Petition for writ of review filed | Petitioner: Daniel David Dydzak<br>Attorney: Daniel David Dydzak under CRC 8.25(b) |
| 04/01/2010 | Forma pauperis application filed | |
| 04/20/2010 | Response by State Bar filed | Non-Title Respondent: State Bar of California<br>Attorney: Danielle A. Lee |
| 05/03/2010 | Reply to State Bar response filed | Petitioner: Daniel David Dydzak<br>Attorney: Daniel David Dydzak crc 8.25 (b) |
| 05/12/2010 | Petition for writ of review denied; disbarred | The petition for writ of review is denied.<br>The court orders that Daniel David Dydzak, State Bar Number 121857, is disbarred from the practice of law in California and that his name is stricken from the roll of attorneys.<br>Daniel David Dydzak must also comply with rule 9.20 of the California Rules of Court and perform the acts specified in subdivisions (a) and (c) of that rule within 30 and 40 calendar days, respectively, after the effective date of this order.<br>Costs are awarded to the State Bar in accordance with Business and Professions Code section 6086.10 and are enforceable both as provided in Business and Professions Code section 6140.7 and as a money judgment. |
| 05/21/2010 | Order filed | The order filed on May 12, 2010, is amended as to the State Bar case numbers to read; "S.B.C. Nos. 04-O-14383/06-O-10960." |
| 06/01/2010 | Received: | notice from the Supreme Court of United States, dated May 27, 2010; petition for writ of certiorari was filed May 24, 2010,and placed on the US Supreme Court docket on May 27, 2010, under No. 09-11066. |
| 06/04/2010 | Received: | service copy of notice that petition is filed under US Supreme Court # 09-11066. |

| | | |
|---|---|---|
| 07/26/2010 | Note: Mail returned (unable to forward) | states name does not exist; return to sender. |
| 10/07/2010 | Received: | from the Supreme Court of the United States, Office of the Clerk, dated October 4, 2010, a notice that the petition for writ of certiorari filed under case# 09-11066, was denied. |
| 01/11/2012 | Motion filed | by Daniel D. Dydzak, petitioner, to reopen disciplinary case due to fraud upon the court and reverse and set aside void disbarment order.<br><br>(to court for consideration) |
| 01/23/2012 | Received: | Letter and proposed order from petitioner. |
| 01/30/2012 | Received: | Petitioner's request for ruling forthwith on pending motion |
| 02/06/2012 | Received: | Petitioner's second request for ruling on pending motion |
| 02/15/2012 | Received: | Petitioner's Third Request for Ruling Forthwith on Pending Motion |
| 02/15/2012 | Motion denied | The motion to reopen the disciplinary proceeding filed on January 11, 2012 is denied. |
| 02/22/2012 | Note: Mail returned (unable to forward) | Order filed 2/15/12, sent to petitioner. |
| 09/20/2013 | Returned record | to State Bar Court (7 vols.) |
| 03/01/2018 | Motion filed | Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order<br><br>Daniel David Dydzak, Petitioner |
| 03/19/2018 | Received: | Petitioner's Request for Expedited Ruling. |
| 03/19/2018 | Application for relief from default filed | By State Bar of California to file Opposition to Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order. |
| 03/19/2018 | Received: | State Bar's Untimely Opposition to Motion to Reopen Disciplinary Case and Reverse, Set Aside or Vacate Unlawful Disbarment Order. |
| 03/21/2018 | Letter sent to: | Sean T. Strauss, The State Bar of California, Office of General Counsel<br><br>Dear Mr Strauss:<br><br>The court has considered your application to file your untimely opposition to petitioner's motion to reopen his disciplinay case and reverse, set aside, or vacate unlawful disbarment order. Your application to file the untimely opposition has been denied. (Cal. Rules of Court, rule 8.60(d).)<br><br>The court has directed that your motion be returned to you, and we are returning herewith the original and eight copies of the motion. |
| 05/09/2018 | Motion denied | The motion to reopen disciplinary case and reverse, set aside, or vacate disbarment order is denied. |
| 05/14/2018 | Motion filed | Motion to reverse and set aside void order filed May 9, 2018, and to disqualify Chief Justice Tani Cantil-Sakauye<br><br>Daniel David Dydzak, Petitioner |

| | | |
|---|---|---|
| 05/17/2018 | Motion filed | Petitoner Dydzak's Motion to Reconsider, Reverse and Set Aside Void Order Filed and Dated May 9, 2018; Memorandum of Points and Authorities; Declaration of Daniel David Dydzak in Support Thereof; Exhibit; Request for Oral Argument<br><br>Daniel David Dydzak, Petitioner |
| 05/17/2018 | Received: | Letter dated May 14, 2018, from petitioner Daniel Dydzak |
| 05/21/2018 | Received: | Letter dated May 16, 2018, from petitioner Daniel Dydzak |
| 05/21/2018 | Note: Mail returned (unable to forward) | Order issued on May 9, 2018 to petitioner. |
| 05/24/2018 | Received: | Letter dated May 20, 2018, from petitioner Daniel Dydzak |
| 05/24/2018 | Received: | Letter dated May 21, 2018, from petitioner Daniel Dydzak |
| 06/06/2018 | Filed: | Petitioner's Notice of Non-Opposition by State Bar of California to Petitioner Dydzak's Two Pending Motions |
| 06/06/2018 | Filed: | Petitioner's Request for Expedited Ruling Re: Petitioner Dydzak's Two Pending Motions and Proposed Order |
| 06/06/2018 | Filed: | Petitioner's Request for Judicial Notice; Declaration of Daniel D. Dydzak thereto; Exhibit |
| 06/14/2018 | Received: | Letter dated June 11, 2018, from petitioner Daniel D. Dydzak |
| 06/27/2018 | Motion denied | The request for judicial notice filed June 6, 2018, is granted. The motion to reverse and set aside order and disqualify the Chief Justice, filed May 14, 2018, is denied. The motion to reconsider, reverse, and set aside order, filed May 17, 2018, is denied. |
| 07/02/2018 | Received: | Letter dated June 29, 2018, from petitioner Daniel D. Dydzak. |
| 07/02/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed June 27, 2018 Due to Lack of Proper Quorum and to Disqualify Chief Justice Tani Cantil-Sakauye Based Upon Disqualification Factors and a Showing of Extrinsic Fraud |
| 07/16/2018 | Received: | Letter dated July 13, 2018, from petitioner Daniel D. Dydzak. |
| 07/16/2018 | Filed: | Petitioner Dydzak's Request for Expedited Ruling Re: Motion to Reverse and Ser Aside Void Order Filed June 27, 2018, etc. |
| 08/08/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed July 2, 2018, is denied. |
| 08/13/2018 | Received: | Letter dated August 11, 2018, from petitioner Daniel D. Dydzak. |
| 08/13/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed August 8, 2018 Due to Lack of Proper Quorum |
| 08/20/2018 | Received: | Letter dated August 15, 2018, from petitioner Daniel D. Dydzak. |
| 09/12/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed August 13, 2018, is denied. |
| 09/17/2018 | Received: | Letter dated September 15, 2018, from petitioner Daniel D. Dydzak. |
| 09/17/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed September 12, 2018 Due to Lack of Proper Quorum |
| 09/17/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 12, 2018, addressed to the Commission on Judicial Performance. |
| 09/17/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 14, 2018, addressed to the Commission on Judicial Performance. |
| 09/20/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 18, 2018, addressed to the Commission on Judicial Performance. |

| | | |
|---|---|---|
| 09/24/2018 | Note: Mail returned (unable to forward) | Copy of an order issued on September 12, 2018, to Daniel Dydzak. |
| 09/26/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated September 24, 2018, addressed to the Commission on Judicial Performance. |
| 10/10/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed September 17, 2018, is denied.<br><br>Corrigan, J., was absent and did not participate. |
| 10/19/2018 | Received: | Letter dated October 17, 2018, from petitioner Daniel D. Dydzak. |
| 10/19/2018 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed October 10, 2018 Due to Lack of Proper Quorum |
| 10/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated October 16, 2018, addressed to the Commission on Judicial Performance. |
| 10/23/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated October 15, 2018, addressed to Director of the Commission on Judicial Performance. |
| 10/23/2018 | Received: | Letter dated October 18, 2018, from petitioner Daniel D. Dydzak. |
| 10/29/2018 | Note: Mail returned (unable to forward) | Copy of order issued on October 10, 2018, to Daniel Dydzak. |
| 11/14/2018 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed October 19, 2018, is denied. |
| 11/19/2018 | Motion filed | "Petitioner Dydzak's motion to reverse and set aside void order filed November 14, 2018..." |
| 11/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated November 15, 2018, addressed to the Commission on Judicial Performance. |
| 11/19/2018 | Received: | Service copy of letter from petitioner Daniel Dydzak dated November 16, 2018, addressed to the President and other Justices. |
| 11/21/2018 | Motion filed | Petitioner Dydzak's Motion for Order to Show Cause |
| 11/26/2018 | Note: Mail returned (unable to forward) | Copy of order issued on November 14, 2018, to Daniel Dydzak. |
| 11/26/2018 | Received: | Service copy of petitioner Daniel Dydzak's motion for extension of time dated November 19, 2018, addressed to the U.S. Court of Appeals for the Ninth Circuit. |
| 11/26/2018 | Received: | Letter, dated November 23, 2018, from petitioner Daniel Dydzak. |
| 12/03/2018 | Received: | Letter dated November 26, 2018, from petitioner Daniel D. Dydzak. |
| 01/23/2019 | Motion denied | The motion to reverse and set aside order and disqualify the Chief Justice, filed November 19, 2018, and the motion for an order to show cause filed November 21, 2018 are denied. |
| 01/28/2019 | Motion filed | Petitioner Dydzak's Motion for Order to Show Cause |
| 01/28/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated January 23, 2019, addressed to the Commission on Judicial Performance. |
| 01/28/2019 | Received: | Notice of Errata<br><br>Petitioner inadvertently typed the date of November 26, 2018, instead of January 24, 2019, on letter sent to this office pertaining to Petitioner's newly submitted Motion for Order to Show Cause, etc. |
| 01/28/2019 | Motion filed | Petitioner Dydzak's Motion to Vacate, Reverse and Set Aside Void Order of January 23, 2019 |

| | | |
|---|---|---|
| 01/28/2019 | Received: | Petitioner Dydzak's Notice of filing proof of service for Order to Show Cause |
| 01/30/2019 | Motion filed | Petitioner Dydzak's Motion to Reverse, Set Aside or Vacate Unlawful Disbarment Order |
| 01/30/2019 | Motion filed | Petitioner Dydzak's Motion to Reverse and Set Aside Void Order Filed January 23, 2019, Due to Lack of Proper Quorum |
| 01/31/2019 | Motion filed | Petioner Dydzak's Motion for Oral Argument of Pending Motions |
| 02/01/2019 | Motion filed | Petitioner Dydzak's Motion for Expedited Hearing and Ruling on Pending Motions |
| 02/01/2019 | Note: Mail returned (unable to forward) | Copy of order issued on January 23, 2019, to Daniel Dydzak. |
| 02/19/2019 | Filed: | Petitioner Dydzak's Notice of Non-Opposition to Pending Motions |
| 03/20/2019 | Received: | Letter dated March 16, 2019, from petitioner Daniel D. Dydzak. |
| 04/02/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated March 28, 2019, addressed to the Commission on Judicial Performance. |
| 04/08/2019 | Received: | Service copy of letter from petitioner Daniel Dydzak dated April 3, 2019, addressed to the Commission on Judicial Performance. |
| 04/08/2019 | Filed: | Letter dated April 4, 2019, from petitioner Daniel D. Dydzak - Second request for expedited ruling on pending motions; non-opposition to said motions by State Bar of California. |
| 04/17/2019 | Order filed | The motion to vacate, reverse and set aside order, request for judicial notice, and the motion for an order to show cause filed January 28, 2019 are denied. The motions for oral argument and for an expedited hearing are denied. |
| 04/22/2019 | Motion filed | Petitioner Dydzak's Letter dated April 20, 2019, and Motion for Order to Show Cause |
| 04/22/2019 | Received: | Service copy of Petitioner Daniel Dydzak's letter dated April 19, 2019, addressed to the Commission on Judicial Performance. |
| 04/22/2019 | Received: | Service copies of Petitioner Daniel Dydzak's two letters dated April 18, 2019, addressed to the Commission on Judicial Performance. |
| 04/25/2019 | Received: | Petitioner's Request for Judicial Notice ; Declaration of Daniel D. Dydzak thereto; Exhibit |
| 04/25/2019 | Received: | Letter dated April 21, 2019, from Daniel Dydzak entitled "Request for Emergency Expedited Ruling on Two Pending Motions". |
| 04/25/2019 | Received: | Letter dated April 21, 2019, from Daniel Dydzak and Disqualification Motion |
| 04/29/2019 | Received: | Service copy of Letter from Daniel Dydzak dated April 23, 2019, and Motion addressed to the Ninth Circuit Court of Appeals |
| 05/02/2019 | Received: | Service copy of letter dated April 29, 2019, from Daniel Dydzak, addressed to the State Bar of California. |
| 05/06/2019 | Received: | Service copy of letter dated May 4, 2019, from Daniel Dydzak addressed to the Commission on Judicial Performance. |
| 05/06/2019 | Received: | Petitioner's Notice of Non-Opposition by State Bar of California to Petitioner Dydzak's Pending Motions |
| 05/06/2019 | Received: | Service copy of letter dated May 2, 2019, from Daniel Dydzak addressed to the Clerk of the Ninth Circuit Court of Appeals and Motion. |
| 05/06/2019 | Received: | Service copy of letter from Daniel Dydzak dated May 4, 2019, addressed to the Commission on Judicial Performance. |
| 05/28/2019 | Received: | Service copy of letter dated May 23, 2019, from Daniel Dydzak addressed to the Office of Disciplinary Counsel Board of Professional Responsibility District of Colombia Court of Appeals. |
| 05/28/2019 | Received: | Petitioner Dydzak's New Motion for Oral Argument of Pending Motions and to Permit Camera Coverage and Media Filming |
| 05/28/2019 | Received: | Petitioner Dydzak's Motion for Leave to Take Videotaped Depositions of Pertinent Material Witnesses |

| | | |
|---|---|---|
| 05/28/2019 | Received: | Petitioner Dydzak's Motion for Expedited Hearing and Ruling on Pending Motions |
| 05/28/2019 | Received: | Service copy of letter dated May 24, 2019, from Daniel Dydzak addressed to Elaine M. Howle, CPA, California State Auditor. |
| 07/03/2019 | Received: | Letter dated June 30, 2019, from Daniel Dydzak entitled Request for Ruling on Pending Motions at July 10, 2019, Petition Conference. |
| 07/29/2019 | Received: | Letter dated July 25, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at July 31, 2019 Conference". |
| 08/05/2019 | Received: | Letter dated August 1, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 14, 2019 Conference". |
| 08/05/2019 | Received: | Service copy of letter dated August 2, 2019, from Daniel Dydzak addressed to Chief Trial Counsel of the State Bar of California. |
| 08/19/2019 | Received: | Letter dated August 15, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 21, 2019 Conference". |
| 08/26/2019 | Received: | Letter dated August 22, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at August 28, 2019 Conference". |
| 09/03/2019 | Received: | Letter dated August 29, 2019, from petitioner Daniel Dydzak entitled, "Request for Ruling on Pending Motions at September 11, 2019 Conference". |
| 09/11/2019 | Motion denied | The motion for an order to show cause filed April 22, 2019 is denied. This matter is now final. The court will no longer consider challenges to petitioner's disbarment. |

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy

© 2022 Judicial Council of California

# EXHIBIT "B"

## Vexatious Litigant Order

(April 5, 2013)

RECEIVED

APR 10 2013

MC-700

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and Address): (To be completed only if a party is making the motion) Danielle A. Lee (223675) The State Bar of California 180 Howard St., San Francisco, CA 94105 ATTORNEY FOR (Name): Dunn, Babcock, et al. TELEPHONE NO.: 415-538-2339 FAX NO.: 415-538-2321 E-MAIL ADDRESS: danielle.lee@calbar.ca.gov | FOR COURT USE ONLY |
| --- | --- |
| ☐ COURT OF APPEAL, APPELLATE DISTRICT, DIVISION ☑ SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego STREET ADDRESS: 220 W. Broadway MAILING ADDRESS: CITY AND ZIP CODE: San Diego, CA 92101 BRANCH NAME: Central Division | |
| CASE NAME: Daniel D. Dydzak v. Joseph Lawrence Dunn et al. | |
| **PREFILING ORDER—VEXATIOUS LITIGANT** | CASE NUMBER: 30-2012-00558031 |

1. Name and address of each plaintiff or cross-complainant or other party subject to this prefiling order:
   Daniel D. Dydzak
   4265 Marina City Drive
   Marina Del Ray, 90292

2. This prefiling order is entered pursuant to a motion made by ☐ the court ☑ party (name): Defendants Dunn, Babcock, et al.

3. The person or persons identified in item 1, unless represented by an attorney, are prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed.

4. The clerk is ordered to provide a copy of this order to the California Judicial Council by fax at 415-865-4329 or by mail at the address below.

Vexatious Litigant Prefiling Orders
California Judicial Council
Administrative Office of the Courts
455 Golden Gate Avenue
San Francisco, California 94102

Date: APR 05 2013

[signature]

JUDICIAL OFFICER

WILLIAM S. DATO

CLERK'S CERTIFICATE

The foregoing document, consisting of 1 page(s), is a full, true, and correct copy of the ☐ original ☐ copy on file in this office.

Clerk of the Superior Court

4/8/13 by [signature], SAN... COLAS

Date Deputy

APR 08 2013

Form Adopted for Mandatory Use
Judicial Council of California
MC-700 [Rev. January 1, 2013]

PREFILING ORDER—VEXATIOUS LITIGANT



Code of Civil Procedure, § 391.7
www.courts.ca.gov

ENTERED

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

Central
330 West Broadway
San Diego, CA 92101

**SHORT TITLE:** Daniel D Dydzak vs Joseph Lawrence Dunn

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: **30-2012-00558031** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the PRE-FILING ORDER VEXATIOUS LITIGANT was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at San Diego, California, on 04/08/2013.

Clerk of the Court, by: L. San Nicolas, Deputy

JUDICIAL COUNCIL OF CALIFORNIA
455 GOLDEN GATE AVENUE
SAN FRANCISCO, CA 94102

☐ Additional names and address attached.

# EXHIBIT "C"

## Vexatious Litigant Order

(September 25, 2012)

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| DANIEL DAVID DYDZAK,<br><br>Plaintiff,<br><br>v.<br><br>TANI CANTIL-SAKAUYE, et al.,<br><br>Defendant. | CASE NO. C11-5560-JCC<br><br>ORDER |

In its order of March 2, 2012, the Court dismissed on its own motion *pro se* Plaintiff Daniel Dydzak's Complaint and ordered Mr. Dydzak to show cause as to why he should not be sanctioned for failure to comply with Federal Rule of Civil Procedure 11(b). (Dkt. No. 16.) Shortly thereafter, this Court issued a second order to show cause, in which it directed Mr. Dydzak to show cause as to (1) why he should not be declared a vexatious litigant, and (2) why he should not be prohibited from initiating further litigation alleging deprivation of rights under 42 U.S.C. § 1983 relating to his disbarment without prior authorization. (Dkt. No. 19.) Plaintiff responded to each order to show cause on April 2 and April 5, 2012, respectively. (Dkt. Nos. 31, 32.) Having considered Plaintiff's responses and the balance of the record, the Court finds that Plaintiff has failed to show good cause and hereby ORDERS that plaintiff is declared a vexatious litigant and subject to this pre-filing order, as explained below.

//

## I. DISCUSSION

As the Ninth Circuit has recognized, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *See De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990). To combat such abuses, litigation misconduct is sanctionable under this Court's inherent power, C.D. Cal. Local Rule 83-8, and Federal Rule of Civil Procedure 11. In rare circumstances, such sanctions may take the form of a pre-filing order, which limits one's ability to initiate further litigation. *See De Long*, 912 F.2d at 1147 (recognizing "inherent power of federal courts to regulate the activities of abusive litigants"); C.D. Cal. Local Rule 83-8.2 (authorizing court to issue "orders as are appropriate to control the conduct of a vexatious litigant"); FED. R. CIV. P. 11(c)(4) (permitting Court to impose sanctions in the form of nonmonetary directives). Before imposing a pre-filing order against a *pro se* litigant, however, a district court must (1) provide the litigant with "adequate notice and a chance to be heard," (2) identify the "cases and motions that support the conclusion that [the litigant's] filings are so numerous or abusive that they should be enjoined," (3) make "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) ensure that any pre-filing order is "narrowly tailored to closely fit the specific vice encountered." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (quoting *De Long*, 912 F.2d at 1145-48 (internal quotation and citation omitted)). The purpose of these requirements is to ensure that the pre-filing order does not "tread on the litigant's due process right of access to the courts." *Id.* This Court addresses each of these requirements below.

### A. Notice and Opportunity to be Heard

In the instant case, the Court finds that Mr. Dydzak was provided with adequate notice and an opportunity to be heard. By its orders dated March 2 and March 7, 2012, this Court directed Mr. Dydzak to show cause as to why he should not be sanctioned for failure to abide by Rule 11(b) and why he should not be declared a vexatious litigant and subject to a pre-filing bar.

(Dkt. Nos. 16, 19.) Mr. Dydzak was given the opportunity to respond, which he did through two separate opposition briefs. (Dkt. Nos. 31, 32.) In his responses to the orders to show cause, Plaintiff also provided the Court with signed declarations in support of his opposition briefs. *Id.* The Court has thoroughly considered each of Mr. Dydzak's responses and supporting materials. Accordingly, Plaintiff was provided notice and afforded an opportunity to respond to the possibility that he would be declared a vexatious litigant and subject to a pre-filing order. *See Molski*, 500 F.3d at 1058-59; *cf. Pacific Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (imposing sanctions against attorney and holding that "[t]he opportunity to brief the issue fully satisfies due process requirements").

**B. Adequate Record**

The second requirement is that this Court establish an adequate record of review. *See De Long*, 912 F.2d at 1147-48. "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *Id.* at 1147. In this Court's prior order to show cause (Dkt. No. 19), the Court provided a case-by-case and motion-by-motion replay of Mr. Dydzak's litigation history, which it includes in full and supplements below.

> This is Mr. Dydzak's fourth federal lawsuit challenging his 2008 disbarment. In the first such case, *Dydzak v. State of California, et al.*, C08-7765-VAP (AGR) (C.D. Cal. 2008) (*Dydzak I*), Mr. Dydzak alleged that individual defendants in separate actions he had been litigating prior to his disbarment had exerted improper influence over his state bar proceedings. He sued the State of California, the State Bar Court, and numerous judges and attorneys affiliated with the State Bar Court for deprivation of rights under 42 U.S.C. § 1983. On the defendants' motion to dismiss, U.S. Magistrate Judge Alicia Rosenberg recommended that the claims for injunctive and declaratory relief be dismissed based on *Younger* abstention, and that the claims for monetary relief be dismissed based on Eleventh Amendment and quasi-judicial immunity. (*Id.*, Dkt. No. 45.) U.S. District Judge Virginia Phillips adopted the report and recommendation and granted the motion to dismiss. (*Id.*, Dkt. No. 48.)
>
> Following entry of judgment in the matter, Mr. Dydzak filed a motion requesting that Judges Phillips and Rosenberg be disqualified. The motion was referred to Judge R. Gary Klausner, who issued an order denying the motion to

disqualify. (*Id.*, Dkt. No. 54.) Mr. Dydzak promptly moved to disqualify Judge Klausner. In an eight-page order, Judge Margaret Morrow denied that motion. (*Id.*, Dkt. No. 61.) Following a flurry of rejected motions by Mr. Dydzak, including a motion for reconsideration, a motion to reopen his case, and an additional motion to disqualify Judges Phillips and Rosenberg, Mr. Dydzak moved to disqualify all of the judges in the U.S. District Court for the Central District of California. (*Id.*, Dkt. No. 95.) That motion was referred to Judge George Wu, who issued yet another thoroughly drafted order denying the motion. (*Id.*, Dkt. No. 98.) Judge Wu also referred to Judge Morrow the issue of whether to sanction Mr. Dydzak for his disregard of the prior-issued orders for disqualification. Mr. Dydzak appealed the judgment in the matter to the Ninth Circuit, which summarily affirmed. (*Id.*, Dkt. No. 107; CA 09-56325, Dkt. No. 12 (9th Cir. Nov. 18, 2009).)

On February 4, 2010, Mr. Dydzak submitted a new application to the court to proceed *in forma pauperis*, along with a complaint naming the same defendants named in *Dydzak I*, along with several additional individual defendants. *See Dydzak v. Remke et al.*, C10-0828-UA-AGR (C.D. Cal. 2010). The proposed complaint recycled the allegations from *Dydzak I.* Judge Audrey Collins denied Mr. Dydzak's request to proceed *in forma pauperis* and rejected the complaint, finding that it failed to state a claim, that *res judicata* barred claims that were the same as those in *Dydzak I*, and that the claims for injunctive and declaratory relief were barred by *Younger* abstention. (*Id.*, Dkt. No. 2.)

Ten days later, Mr. Dydzak initiated another lawsuit under 42 U.S.C. § 1983. *See Dydzak v. Remke, et al.*, C10-1297-AHM-AGR (C.D. Cal. 2010) (*Dydzak II*). He named nearly all of the defendants from *Dydzak I*, along with Judges Rosenberg, Phillips, Morrow, Klausner, Wu, and Collins. On Judge Percy Anderson's order to show cause why the claims against the federal judges should not be dismissed based on judicial immunity, Mr. Dydzak voluntarily dismissed the claims against the judges, and Judge Anderson discharged the order. Judge Gary Feess, the Case Management & Assignment Committee Chair for the Central District, reassigned the case to Judge Phillips pursuant to General Order 08-05, which requires that when a case is closed and *an identical case is re-filed*, it must be transferred to the originally assigned judge. (*Id.*, Dkt. No. 34.) As Judge Phillips was a defendant in *Dydzak II*, she recused herself, and the matter was again reassigned to Judge A. Howard Matz. Judge Matz denied Mr. Dydzak's motion for a preliminary injunction, recounted Mr. Dydzak's multiple legal challenges to his disbarment up to that point, and observed that the complaint in the matter was "largely incoherent." (*Id.*, Dkt. No. 41.)

Mr. Dydzak appealed Judge Matz's order to the Ninth Circuit, but while the appeal was pending, Judge Matz granted the State Bar defendants' motion to dismiss. As in *Dydzak I* and the application rejected by Judge Collins, the court held that the claims for declaratory and injunctive relief were barred by *Younger*

abstention and that the claims for monetary relief were barred by the Eleventh Amendment. (*Id.*, Dkt. No. 51.) The Ninth Circuit denied Mr. Dydzak's application to proceed *in forma pauperis* "because appellant has failed to show that the appeal is not frivolous." (*Id.*, Dkt. Nos. 60, 62; CA 10-56000, Dkt. Nos. 5, 7 (9th Cir. 2011).)

Before the Ninth Circuit had rendered its order dismissing his appeal, Mr. Dydzak had already filed his third lawsuit. *See Dydzak v. George, et al.*, C10-5820-SVW (C.D. Cal. 2010) (*Dydzak III*). He again alleged deprivation of rights under § 1983 and again named nearly all of the defendants from *Dydzak I* and *II*, including the federal judge defendants from *Dydzak II*—Klausner, Morrow, Wu, Phillips, Collins, and Rosenberg—despite the fact that Judge Anderson had dismissed those claims *with prejudice*. (*See Dydzak II*, Dkt. No. 9.) This time, Mr. Dydzak also sued the California Supreme Court and all seven of its justices individually, along with Judges Matz and Feess. (*Dydzak III*, Dkt. No. 1.) He repeated his allegations from *Dydzak I* and *II*, and larded his complaint with additional allegations of bias, conspiracy, and duplicity against anyone even peripherally involved in his state bar proceedings.

The State Bar of California immediately moved to dismiss the complaint, and the United States moved to appear as *amicus curiae* regarding the issue of judicial immunity. Notably, after Judge Stephen Wilson granted the United States leave to appear, Mr. Dydzak voluntarily dismissed the claims against the federal judges "without prejudice." (*Id.*, Dkt. No. 14.) On November 8, 2010, in an 18-page order, Judge Wilson dismissed Mr. Dydzak's claims with prejudice because (1) Mr. Dydzak was collaterally estopped from bringing his § 1983 claims against the State Bar defendants; (2) the claims against the justices of the California Supreme Court were barred by the doctrine of judicial immunity; and (3) the Eleventh Amendment barred the claims against the remaining state entities. (*Id.*, Dkt. No. 16.) Mr. Dydzak moved for reconsideration, which the court denied in another thoroughly drafted order. (*Id.*, Dkt. No. 23.)

That did not end the matter for Mr. Dydzak. He again appealed the dismissal of his complaint, and, as he had in *Dydzak I*, moved to disqualify Judge Wilson and all judges and magistrate judges of the U.S. District Court for the Central District of California. (*Id.*, Dkt. No. 28.) Ninth Circuit Chief Judge Kozinski designated Robert Whaley, Senior U.S. District Judge for the Eastern District of Washington, to adjudicate the motion to disqualify. Judge Whaley denied the motion, noting that Mr. Dydzak's allegations were "based on speculation and sources that have not been identified." (*Id.*, Dkt. No. 42.) The Ninth Circuit again denied Mr. Dydzak's application to proceed *in forma pauperis* because "the appeal is frivolous," and it ordered Mr. Dydzak to show cause why the judgment should not be summarily affirmed. (*Id.*, Dkt. No. 40; CA 11-55143, Dkt. No. 13 (9th Cir. April 20, 2011).) Following Mr. Dydzak's response to the order to show cause, the Ninth Circuit summarily affirmed the district court on

> July 7, 2011.
>
> This brings us to the Complaint recently dismissed by this Court. (Dkt. Nos. 1, 16.) For the fourth time in federal court, Mr. Dydzak alleged deprivation of rights under § 1983, in a rehash of his previous three complaints. He sued the California Supreme Court and its justices as individuals despite the prior dismissal of those claims with prejudice. He sued Judges Klausner, Morrow, Phillips, Collins, and Rosenberg despite the prior dismissal of those claims with prejudice. For good measure, he sued nearly all other judges of the U.S. District Court for the Central District of California, regardless of their involvement in his prior matters. He also sued Judge Whaley for denying his motion to disqualify the judges of the Central District in *Dydzak III*. The Court spelled out the various fatal deficiencies in Mr. Dydzak's claims and again dismissed his Complaint, this time *sua sponte*.

(Dkt. No. 19.)

Immediately following the dismissal of his claims, Mr. Dydzak pushed forward, undeterred by yet another dismissal with prejudice. He filed numerous motions including, among others, a motion for reconsideration (Dkt. No. 27), a motion to disqualify counsel for defendants, (Dkt. No. 25), and expectedly, a motion to disqualify the undersigned. (Dkt. No. 23.) To adjudicate the latter motion to disqualify, Ninth Circuit Chief Judge Kozinski designated Justin L. Quackenbush, Senior U.S. District Judge for the Eastern District of Washington. Plaintiff then challenged that designation in a motion for reconsideration directed to Chief Judge Kozinski. (Dkt. No. 30.) In yet another thorough opinion disposing of Mr. Dydzak's attempt to disqualify a judge who has dismissed his claims, Judge Quackenbush denied the motion to disqualify. (Dkt. No. 33.) In doing so, Judge Quackenbush expressed concern that Mr. Dydzak may have sought to delay or avoid an adverse decision by this Court given that the motion to disqualify was filed shortly after this Court's order dismissing Plaintiff's claims. *Id.* at 10. Additionally, Judge Quackenbush noted that "Plaintiff has requested the disqualification of a presiding judge at least *eight* times under similar circumstances[,]" and explained that Plaintiff's actions appeared to occur "as a matter of course" anytime he was faced with an adverse action. *Id.*

In addition to dismissing Plaintiff's claims with prejudice on March 2, 2012, this Court ordered Mr. Dydzak to show cause as to why he should not be sanctioned for failure to comply

with Fed. R. Civ. P. 11(b). (Dkt. No. 16.) Thereafter, on March 7, 2012, this Court issued an additional order in which Plaintiff was directed to show cause as to why he should not be declared a vexatious litigant and barred from initiating future litigation related to his disbarment without prior authorization. (Dkt. No. 19.)

Based on the record compiled from the above cases and the current matter, the Court concludes that the record is adequate for review.

**C. Frivolous or Harassing Nature of Plaintiff's Actions**

Third, the district court is required to make findings as to the frivolous or harassing nature of the litigant's actions. *See Molski*, 500 F.3d at 1059 (citing *De Long*, 912 F.2d at 1148). In making this determination, the Court considers not just the number of filings, but the contents thereof. *Id.* A pre-filing order cannot be based only upon a showing of litigiousness; rather, the plaintiff's claims must be "patently without merit." *Id.* (quoting *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990)). In the instant case, the Court finds that there is sufficient basis to conclude that Plaintiff's litigation relating to his 2008 disbarment has been abusive and frivolous.

As explained in this Court's prior orders to show cause and order dismissing Plaintiff's complaint (Dkt. Nos. 16, 19), Mr. Dydzak has abused this Court's process by filing multiple meritless lawsuits based on the same claims and consistently filing motions to disqualify any judge who rules against him (as well as countless other judges with whom Plaintiff has had little or no interaction). His claims have consistently lacked a credible factual foundation and, as detailed in this Court's order of March 2, 2012, Plaintiff has displayed an utter disregard for the applicable law and prior rulings of this Court and the Ninth Circuit. (*See* Dkt. No. 16.)

Specifically, Mr. Dydzak has initiated four lawsuits in federal court based on his expanding visions of conspiracy regarding his 2008 disbarment. At each stage, Plaintiff's claims have been dismissed; his second, third, and fourth complaints were dismissed *with prejudice*. (*See Dydzak II*, Dkt. No. 9 (dismissing claims against federal judge defendants with prejudice based on judicial immunity); *Dydzak II*, Dkt. No. 51 (dismissing remaining claims without leave

to amend on grounds of *Younger* abstention and the Eleventh Amendment); *Dydzak III*, Dkt. No. 16 (dismissing claims with prejudice based on collateral estoppel, judicial immunity, and the Eleventh Amendment); Dkt. No. 16 (dismissing claims based on judicial immunity, *res judicata*, and collateral estoppel); *see also Dydzak v. Remke et al.*, C10-0828-AGR (C.D. Cal. 2010) (denying application to proceed *in forma pauperis* and rejecting complaint based on *res judicata* and *Younger* abstention).) Yet, Mr. Dydzak has taken each dismissal in stride, using it as an excuse to file countless motions to disqualify and to bring a new case based on allegations of the same ever-expanding conspiracy against the same and additional defendants.

Additionally, Plaintiff has unsuccessfully appealed the dismissals in each of his three prior cases. The first two appeals were, respectively, barred as untimely (*Dydzak I*, Dkt. No. 107)[1], and summarily dismissed for failure to respond to the Court's order (*Dydzak II*, Dkt. Nos. 60, 62, 63, 64). The dismissal of Mr. Dydzak's third complaint was summarily affirmed by the Ninth Circuit on the grounds of collateral estoppel, judicial immunity, and the Eleventh Amendment. (*Dydzak III*, Dkt. No. 44.) Further, in denying Mr. Dydzak's application to proceed *in forma pauperis* in his second appeal, the Ninth Circuit explained that "appellant has failed to show that the appeal is not frivolous[,]" and in his third appeal, the Court again noted that "the appeal is frivolous." (*Dydzak II*, Dkt. Nos. 60, 62; *Dydzak III*, Dkt. No. 40.) The Court thus stresses that it is not merely the volume of filings in Mr. Dydzak's litigation history that leads the Court to find that his claims are frivolous. Rather, it is the fact that Mr. Dydzak's claims are recycled from case to case and legally meritless, as demonstrated by the repeated dismissals on the same few grounds.

In his responses, Mr. Dydzak fails to persuade this Court that his filings in this case and in prior cases were not, in fact, "patently without merit." In large part, Plaintiff uses his

---

[1] Mr. Dydzak attempted to appeal the dismissal in *Dydzak I*, but the Ninth Circuit limited the scope of the appeal to the motions to disqualify Judges Phillips, Rosenberg, and Morrow, because Plaintiff did not timely appeal the dismissal. (*Dydzak I*, Dkt. No. 107.) The denials of those motions to disqualify were summarily affirmed. *Id.*

responses as an opportunity to continue making allegations regarding the same overarching conspiracy that has been the subject of his series of lawsuits. Nothing in Plaintiff's responses warrants a finding that there was a basis in fact or law for Plaintiff to continue bringing such claims, especially in light of the prior dismissals. The Court also notes that Mr. Dydzak mischaracterizes the procedural history of his litigation in the Central District of California. To cite a few examples, he argues that in his second lawsuit, Judge Anderson discharged an order to show cause, thereby "showing there was merit to the lawsuit." (Dkt. No. 32, at 9.) As noted above, however, Judge Anderson dismissed the claims at issue (against the federal judge defendants) *with prejudice* after Plaintiff, in response to the Court's order to show cause as to why those claims should not be dismissed based on judicial immunity, voluntarily dismissed those defendants. (*See Dydzak II*, Dkt. No. 9.) As another example, Plaintiff describes the appeal of his third lawsuit by stating that "[t]he Ninth Circuit did not hear the matter, because DYDZAK has learnt that it never grants appeals in pro se civil rights cases." (Dkt. No. 32, at 9-10.) The Ninth Circuit, however, noted that the appeal was frivolous, issued an order to show cause to which Mr. Dydzak responded, and summarily affirmed the district court on the grounds of collateral estoppel, judicial immunity, and the Eleventh Amendment. (*See Dydzak III*, Dkt. Nos. 40, 44.) Such mischaracterizations exemplify Mr. Dydzak's disregard for the prior rulings of this Court and the Ninth Circuit as he blindly presses forward with his litigation efforts.

Having considered Mr. Dydzak's filings in each of his prior cases and in the instant matter, the Court finds that Plaintiff is not just litigious. Rather, Plaintiff's repeated attempts to bring the same or similar claims against the same or similar defendants, and his continued motions to disqualify, as described above, lead this Court to find that Mr. Dydzak's conduct has become abusive and that his claims are frivolous.

**D. Narrowly Tailored Order**

The final factor under *De Long* requires that the pre-filing order must be "narrowly tailored to the vexatious litigant's wrongful behavior." *Molski*, 500 F.3d at 1061. In *Molski*, the

Ninth Circuit held that the pre-filing order at issue was narrowly tailored where, rather than barring the vexatious litigant from filing *any* claims, it instead required the litigant to seek authorization before filing the same types of claims that had been filed vexatiously. 500 F.3d at 106. In light of Mr. Dydzak's conduct, the Court finds that the imposition of a pre-filing bar, subject to the conditions stated below, is appropriately limited to Plaintiff's wrongful behavior in accordance with *Molski* and *De Long*.

## II. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) Plaintiff is declared a vexatious litigant under C.D. Cal. Local Rule 83-8.2 and this Court's inherent authority;

(2) Plaintiff is PROHIBITED from initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California; and

(3) Plaintiff is REQUIRED to provide security in the amount of $5,000 for each defendant against whom he seeks to proceed with Court authorization in the future.

Should Mr. Dydzak wish to file a complaint, he must submit a copy of his proposed complaint, a letter requesting that the complaint be filed, and a copy of this Order, to the Clerk of this Court. The Clerk shall then forward the letter, the complaint, and a copy of this Order to the presiding Judge for a determination whether the complaint should be accepted for filing.

//

//

//

//

//

//

DATED this 25th day of September 2012.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

Electronically Filed
6/8/2022 10:19 AM
Steven D. Grierson
CLERK OF THE COURT

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
**OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California;*
*Jorge Navarrete, Clerk/Executive Officer of*
*the Supreme Court of California; and Justice William Dato*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * * * *

DANIEL DAVID DYDZAK

Plaintiff,

vs.

TANI CANTIL-SAKAUYE, JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G. SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M. GEORGE ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R. THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY C. DWYER, GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M. GOULD, RICHARD C. TALLMAN, and Does 1 through 50, inclusive,

Defendants.

CASE NO.: A-22-847734-C

DEPT. NO.: 27

**NOTICE OF ENTRY OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

PLEASE TAKE NOTICE that an ORDER GRANTING DEFENDANTS'

/ / /

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

MOTION TO DISMISS was entered in the above-entitled matter on the 3rd day of June, 2022; a copy of which is attached hereto.

Dated this 8 day of June, 2022.

OLSON CANNON GORMLEY & STOBERSKI

By: [signature]
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California; and Justice William Dato*

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY & STOBERSKI, and that on the 8th day of June, 2022, I served a copy of the foregoing **NOTICE OF ENTRY OF ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Administrative Order 14-2, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities to those parties listed on the Court's Master Service List, (or, if necessary, by U.S. Mail, first class, postage pre-paid, or via email), upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
*Plaintiff Pro Se*

/s/ Kaufman
An employee of OLSON CANNON GORMLEY & STOBERSKI

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

ELECTRONICALLY SERVED
6/3/2022 11:38 AM

Electronically Filed
06/03/2022 11:38 AM



CLERK OF THE COURT

**ORDR**

THOMAS D. DILLARD, JR., ESQ.
Nevada Bar No. 006270
**OLSON CANNON GORMLEY & STOBERSKI**
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
Telephone: (702) 384-4012
Facsimile: (702) 383-0701
*Attorneys for Defendants*
*Tani G. Cantil-Sakauye, Chief Justice of California; and Jorge Navarrete, Clerk/Executive Officer of the Supreme Court of California*

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

* * * * *

DANIEL DAVID DYDZAK,

Plaintiff,

vs.

TANI CANTIL-SAKAUYE, JORGE NAVARRETE, THOMAS LAYTON, aka TOM LAYTON, CHARLES SCHWAB, DONALD F. MILES, JOHNNIE B. RAWLINSON, BARRY G. SILVERMAN, WILLIAM A. FLETCHER, PETER LIND SHAW, RONALD M. GEORGE ERIC M. GEORGE, ALAN I. ROTHENBERG, 1ST CENTURY BANK, 1ST CENTURY BANCSHARES, INC., EDWARD EPHRAIM SCHIFFER, SIDNEY R. THOMAS, WILLIAM DATO, MAXINE M. CHESNEY, MOLLY C. DWYER, GEORGE H. KING, A. WALLACE TASHIMA, FERDINAND FRANCIS FERNANDEZ, KIM MCCLANE WARDLAW, WILLIAM C. CANBY, RONALD M. GOULD, RICHARD C. TALLMAN, and Does 1 through 50, inclusive,

Defendants.

CASE NO.: A-22-847734-C

DEPT. NO.: 27

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

The Court, having considered all papers and pleadings with a hearing scheduled for May 11, 2022 and continued and heard on May 18, 2022, hereby grants Defendants Chief Justice Tani G. Cantil-Sakauye's and Clerk Jorge Navarrete's, Clerk/Executive Officer of the Supreme Court of California, (hereinafter "California Supreme Court Defendants") motion to dismiss Plaintiff's

Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction and for failure to state a claim for relief.

**PROCEDURAL HISTORY**

1. The California Supreme Court Defendants filed their Motion to Dismiss the Complaint on April 6, 2022 pursuant to Nevada Rules of Civil Procedure 12(b)(1) and 12(b)(2) and, alternatively, pursuant to Nevada Rule of Civil Procedure 12(b)(5).

2. Plaintiff Daniel David Dydzak ("Plaintiff") filed his Opposition to the California Supreme Court Defendants' Motion to Dismiss on April 18, 2022.

3. The California Supreme Court Defendants filed their Reply to Plaintiff's Opposition to Dismiss on May 3, 2022.

4. The Court issued a Notice of Hearing on April 7, 2022 for the motion to be heard on May 11, 2022.

5. During the hearing on May 11, 2022, this matter was trailed to the end of the calendar, however, electronic interference prevented the hearing from going forward. The Court Recorder asked the parties if they had two sources of audio connected on-line due to the audio issues. The Court could not hear the parties without a severe echo. Accordingly, the Court ordered the matter continued for one-week and the continuance was noted in the Minutes.

6. The May 11, 2022 minutes further reflected that on May 18, 2022 at 9:00 a.m. the Court will hear the California Supreme Court Defendants' Motion to Dismiss the Complaint.

7. During the subsequent Hearing on May 18, 2022, counsel for the California Supreme Court Defendants personally appeared and the Court called for and obtained no response from Plaintiff.

8. The Court then heard oral argument on the motion to dismiss pursuant to Nevada Rules of Civil Procedure 12(b)(1), 12(b)(2) and 12(b)(5).

**FINDINGS OF FACT**

1. Plaintiff is a disbarred California attorney who filed suit in the Eighth Judicial District Court of Nevada on February 3, 2022 because "one of the parties resides in Clark

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

County." (Complaint ¶ 5). Plaintiff identifies this party as Judge Johnnie B. Rawlinson of the U.S. Court of Appeals for the Ninth Circuit.

2. Plaintiff is a California resident and has included twenty-four Defendants in the case caption, many of which are current or former California state judicial officers or judges of federal district and appellate courts located in California.

3. Defendant Tani G. Cantil-Sakauye was at all relevant times serving as the Chief Justice of the Supreme Court of California.

4. Defendant Jorge Navarrete was at all relevant times serving as the Clerk/Executive Officer of the Supreme Court of California.

5. Plaintiff sued Defendant Tani Cantil-Sakauye and Jorge Navarrete as individuals residing in San Francisco, California. (Complaint ¶¶ 2-3). Plaintiff also named former California Chief Justice Ronald George and Associate Justice William Dato of the Fourth Appellate Division of California based upon their involvement in California litigation. (Complaint at ¶¶ 11, 18). Plaintiff also brings suit against several other State of California state bar judges and investigators or State Bar attorney panel members, who all allegedly have some connection with his disciplinary matter ultimately resolved in California Supreme Court Case No. S17980. (Complaint ¶¶ 4-6, 10, 12-13, 16). In addition, Plaintiff named as Defendants a total of ten (10) Article III judges from the U.S. Court of Appeals for the Ninth Circuit and the U.S. Northern District of California. He also sued the Ninth Circuit court clerk for his alleged involvement in California federal litigation pertaining to Plaintiff. (Complaint ¶¶ 7-9, 17, 19-25).

6. Plaintiff's claims arise out of his subsequent court challenges to orders issued in California Supreme Court Case No. S179850 denying his requests to overturn his disbarment of 2010.

7. Per the registry of action attached as an exhibit to the motion to dismiss, the Court takes judicial notice of certain facts pertaining to the protracted procedural history of Plaintiff's

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

various attempt to challenge and reverse his disbarment.[1] The registry of action establishes the following:

a. The California Supreme Court proceeding commenced on January 27, 2010;

b. Plaintiff filed a petition for writ of review on April 1, 2010;

c. On May 12, 2010, the California Supreme Court denied Plaintiff's petition for writ of review and ordered him disbarred from the practice of law in California;

d. On May 24, 2010, Plaintiff filed a petition for writ of certiorari with the U. S. Supreme Court;

e. On October 4, 2010, the U. S. Supreme Court denied Plaintiff's petition for writ of certiorari;

f. On January 11, 2012, Plaintiff filed a motion in the California Supreme Court to reopen his disciplinary case due to fraud upon the court and reverse and set aside the disbarment order;

g. On February 15, 2012, the California Supreme Court denied Plaintiff's motion to reopen his disciplinary case and set aside the disbarment order;

h. Six years later, on March 1, 2018, Plaintiff filed a second motion in the California Supreme Court to reopen his disciplinary case and set aside the disbarment order;

i. On May 9, 2018, the California Supreme Court denied Plaintiff's second motion to reopen his disciplinary case and set aside the disbarment order;

j. From May 14, 2018, and over the next year, Plaintiff filed several more motions to reopen his disciplinary case or for other relief, including a motion for an order to show cause, filed on April 22, 2019; and

---

[1] The district court may consider publicly recorded documents without converting a motion to dismiss to one for summary judgment. *Breliant v. Preferred Equities Corp.*, 109 Nev. 842, 847, 858 P.2d 1258, 1261 (1993) (stating that a court may consider matters of public record in ruling on a motion to dismiss). This includes taking judicial notice of pleadings, memoranda, and other court filings. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006).

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

k. On September 11, 2019, the California Supreme Court denied Plaintiff's motion for an order to show cause and stated "[t]his matter is now final. The court will no longer consider challenges to petitioner's disbarment."

8. Plaintiff alleges in his first case of action, pursuant to 42 U.S.C. § 1983, that Defendant Chief Justice Tani Cantil-Sakauye issued an illegal order on September 11, 2021 in Case No. S179850 as part of an alleged conspiracy with Defendant Jorge Navarrete who allegedly did not accept further filings by Plaintiff in the case after that order was entered.

9. Plaintiff's third cause of action names various Defendants who had not made an appearance in the case (including former California Supreme Court Justice Ronald M. George and Associate Justice William Dato of the California Court of Appeal, Fourth Appellate District, Division One). Plaintiff claims that they had "improper, unethical and illegal ex parte, extra-judicial communications and contacts" with the California Supreme Court Defendants on or about September 11, 2019. (Complaint ¶39).

10. In his eighth claim for relief, Plaintiff names Chief Justice Cantil-Sakauye and Associate Justice Dato and again alleges unspecified civil rights violations. Plaintiff alleges that these two jurists had improper *ex parte* communications "to cause Plaintiff to be improperly put on the Vexatious Litigant List" for the State of California. (Complaint ¶ 66). Plaintiff alleges this communication took place approximately nine years ago on April 5, 2013. (Complaint ¶ 67). Plaintiff asserts they formed a conspiracy regarding a pending in the San Diego Superior Court, and it was "illegally transferred" to the Orange County Superior Court." Id. Plaintiff further suggests that Chief Justice Cantil-Sakauye rewarded Associate Justice Data for the alleged fraudulent act by promoting him to the San Diego Court of Appeal. (Complaint ¶ 68).

11. The Court further takes notice based upon exhibits attached to the motion to dismiss that Plaintiff has been judicially declared a vexatious litigant on two occasions. The Court takes judicial notice of the public documents attached as Exhibit "B" to the motion indicating Plaintiff is a vexatious litigant pursuant to an order entered on April 5, 2013, in *Dydzak v. Dunn* (Superior Court of California, County of San Diego, No. 30-2012-00558031). The Court further takes judicial notice of the public documents attached as Exhibit "C" which is

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

a vexatious litigant order entered on September 25, 2012, in *Dydzak v. Cantil-Sakauye* (USDC, CD Cal., No. C11-5560-JCC). This order prohibits Plaintiff from "initiating any further litigation in this or any other federal court alleging deprivation of rights under 42 U.S.C. § 1983 or *Bivens* based on his disbarment without the prior authorization from the presiding judge of the U.S. District Court for the Central District of California."

12. Plaintiff's claims for relief all seek to impair, invalidate or reverse his disbarment from the practice of law in California.

13. Plaintiff's claims are based entirely on the Supreme Court of California Defendants' involvement in California litigation arising out of State Bar of California disciplinary action. A plain reading of Plaintiff's Complaint fails to establish any contacts with the Nevada forum by any of Defendants whatsoever. The entirety of the allegations pertain to attorney discipline taken against Plaintiff in the State of California, including his disbarment, and denial of Plaintiff's various complaints and petitions to overturn that discipline.

14. Plaintiff's Complaint includes no allegation against Chief Justice Cantil-Sakauye that she acted in clear excess of her jurisdiction.

15. Plaintiff's Complaint includes no allegations that Jorge Navarrete took any action that was not closely related to his clerk duties as part of the judicial process.

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

## CONCLUSIONS OF LAW

### I. The Court Lacks Subject Matter Jurisdiction

1. The plaintiff has the burden of proving subject matter jurisdiction. *See Morrison v. Beach City LLC*, 116 Nev. 34, 36, 991 P.2d 982, 983 (2000). If the movant challenges the existence of subject matter jurisdiction, the pleadings are treated as evidence on the issue. Indeed, in this type of 12(b)(1) motion, the requirement is not unlike that for summary judgment, where the non-moving party cannot rest on the allegations in the complaint but must present evidence to defeat the motion. *Trentacosta v. Frontier Pacific Aircraft Indus., Inc.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1363 at 653-54 (1969)); *Nevada v. United States*, 221 F.Supp.2d 1241, 1248 (D. Nev. 2002). The question of subject matter jurisdiction "'can be raised by the parties at any time ... and cannot be

conferred by the parties."' *Landreth v. Malik*, 127 Nev. 175, 251 P. 3d 163, 166 (2011) (quoting *Swan v. Swan*, 106 Nev. 464, 469, 796 P.2d 221, 224 (1990)).

2. State supreme courts are the ultimate arbiters of attorney behavior for members of the state bar that applies only to attorney discipline occurring in the forum state. Nevada courts lack subject matter jurisdiction seeking to impair or reverse attorney discipline imposed by another State. In Nevada, Supreme Court Rule 105(3)(b) provides subject matter jurisdiction for the Nevada Supreme Court to automatically review public discipline imposed by a Nevada State Bar hearing panel. To be sure, it provides no subject matter jurisdiction to review public discipline imposed by the State of California.

3. By filing what amounts to nothing more than a collateral challenge to his disbarment and the numerous denials of his attempts to overturn, Plaintiff simply tries to make an end around of the results of federal and state courts located in California for which this Court lacks subject matter jurisdiction. The complaint therefore is properly dismissed pursuant to Nevada Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**II. There is No Personal Jurisdiction over the California Supreme Court Defendants**

1. To survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must "make a prima facie showing of personal jurisdiction" by "producing] some evidence in support of all facts necessary for a finding of personal jurisdiction." *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692, 857 P.2d 740, 743-44 (1993). When considering a motion to dismiss for lack of personal jurisdiction, the plaintiff is required to go beyond the pleadings and proffer some competent evidence supporting a finding of personal jurisdiction. *Id.* at 693, 857 P.2d at 744 (explaining that the plaintiff "may not simply rely on the allegations of the complaint to establish personal jurisdiction").

2. Plaintiff has pled no facts in his complaint that would establish this court's personal jurisdiction-general or specific-over the California Supreme Court Defendants, all of whom are California residents. Plaintiff does not allege that the injuries he sustained occurred in Nevada, that Defendants were served with process in Nevada, or that this case or Defendants have anything at all to do with Nevada. *See Nguyen v. Margines*, 2021 WL 5761766 *2 (D. Nev., Dec. 3,

2021) (dismissing the plaintiffs' suit against California state-court judges seeking damages against them for judgments entered against the plaintiffs in other cases in California due to lack of personal jurisdiction).

3. General jurisdiction exists only where the defendant's activities in the forum state are so substantial or continuous and systematic that it may be deemed present in the forum and hence subject to suit over claims unrelated to its activities here. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16, 104 S. Ct. 1868 (1984); *Trump*, 109 Nev. at 699, 857 P.2d at 748.

4. Plaintiff impermissible seeks to avail himself of access to this court in Nevada because one of the many jurists that exercised jurisdiction over his case originating in California still has a home office in Nevada (i.e., the Honorable Judge Johnnie Rawlinson). This allegation clearly does not establish personal jurisdiction for the California Supreme Court Defendants.

5. To show specific jurisdiction, Plaintiff must demonstrate facts showing that the defendants purposefully availed themselves of the privilege of acting in Nevada or caused important consequences here, that the cause of action arises from the defendant's activities in Nevada, and that those activities, or the consequences thereof, have such a substantial connection with Nevada as to make the exercise of jurisdiction over the defendant reasonable. *Consipio Holding, BV v. Carlberg*, 128 Nev. 454, 458-59, 282 P.3d 751, 755 (2012).

6. Nowhere does Plaintiff allege, or even remotely indicate, that Chief Justice Cantil-Sakauye or Jorge Navarrete "purposefully directed" any activity toward Nevada. The Complaint itself makes clear that this action involves Plaintiff's attempts to obtain judicial review and reversal of being disbarred as a California lawyer and being declared a vexatious litigant in state and federal courts in California. Indeed, neither the Supreme Court of California Defendants nor any of the other California jurists and California State Bar agents had any jurisdiction or ability to perform any legal act in the State of Nevada.

7. There is nothing to suggest Plaintiff's claims arise out of the activities of any Defendant in Nevada. To the contrary, the activities which give rise to Plaintiff's claims exclusively occurred in California. Other than identifying Judge Rawlinson's alleged personal

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

residence or home State, Nevada is never mentioned in the Complaint whatsoever. Even if Judge Rawlinson's involvement in federal cases pending in the Ninth Circuit somehow implicate Nevada, which they do not, there is still absolutely no Nevada connection to the California Supreme Court Defendants. Plaintiff, to be sure, does not attribute any conduct by the Superior Court Defendants directed toward Nevada.

8. Plaintiff argues that because one of the many Defendants he named is a one-time Nevada resident that venue is proper in Clark County, Nevada. The clear failing in this singular argument to resist the motion to dismiss is that the California Supreme Court Defendants did not seek dismissal based upon improper venue at all. To be sure, venue and personal jurisdiction are separate requirements. *See State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 821 (Mo. banc 1994) (stating "venue and personal jurisdiction address entirely different concerns and venue is not a prerequisite to personal jurisdiction").

9. Plaintiff cannot obtain personal jurisdiction over everyone he names in a lawsuit even assuming that there is a personal jurisdiction over one of the other defendants. Moreover, there is no basis to suggest Judge Rawlinson did anything in connection with her involvement in a case pending in the Ninth Circuit Court of Appeals that subjects her to be sued in Nevada.

10. Plaintiff has failed to show that the California Supreme Court Defendants are subject to general jurisdiction in Nevada or have certain minimum contacts for specific jurisdiction. Therefore, the case is also dismissed for want of personal jurisdiction pursuant to Rule 12(b)(2).

## III. The Complaint States No Valid Claim for Relief

1. When presented with a Nevada Rule of Civil Procedure 12(b)(5) motion to dismiss for failure to state a claim, the district court must view all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *Kourafas v. Basic Food Flavors, Inc.*, 120 Nev. 195, 197, 88 P.3d 822, 823 (2004).

2. Claims of immunity present issues that are generally appropriately decided as early as possible, in order to "avoid excessive disruption of government." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Because the essence of immunity is its possessor's entitlement not to have

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

to answer for his conduct in a civil damages action, that protection is effectively lost if a case is erroneously permitted to go to trial. *See Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit."); *see also State of Nevada v. Second Judicial District Court*, 118 Nev. 609, 615, 55 P.3d 420, 423 (2002) ("Absolute immunity is a broad grant of immunity not just from the imposition of civil damages, but also from the burdens of litigation, generally.").

3. Judges possess a "sweeping form of immunity" for all acts performed that relate to the "judicial process." *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538 (1988); *Imbler v. Pachtman*, 424 U.S. 409, 423 n.20, 96 S.Ct. 984 (1976). Irrespective of the judge's subjective intent, immunity insulates the judge's actions except where done in the clear absence of jurisdiction. *See Stump v. Stackman*, 435 U.S. 349, 359, 98 S.Ct. 1099 (1978). Put differently, this absolute immunity insulates judges from charges or erroneous acts or irregular action, even when it is alleged that such action was driven by malice, bad faith or corruption. *Forrester*, 484 U.S. at 227-28; *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S.Ct. 286 (1991). Furthermore, the absolute immunity is not pierced by allegations of judicial authority "flawed by the commission of grave procedural errors." *Stump*, 435 U.S. at 359.

4. In addition, allegations of conduct in excess of jurisdiction are thus insufficient, a judge will only forfeit his immunity when he acts in "clear absence of all jurisdiction." *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1389 (9th Cir. 1987). The fact that a judge acts informally, outside the courtroom and without observance of procedural requirements, or engages in ex parte communications, does not strip a judge of absolute immunity. *Stump*, 435 at 361-63, 98 S.Ct. at 1107-08; *see also Forrester*, 108 S.Ct. at 544. Nor is judicial immunity lost as a result of improper favor or disfavor to a party. *Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir.1996).

5. Absolute judicial immunity thus covers "virtually all acts, regardless of motivation," therefore, "when the underlying activity at issue is covered by absolute immunity, the plaintiff derives no benefit from alleging a conspiracy." *Pinaud v. County of Suffolk*, 52 F.3d

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

1139, 1148 (2d Cir. 1995). Plaintiff's allegations and argument regarding improper motive, bad faith, or even acts taken in an unquestionably illegal manner are all irrelevant. *See Red Zone 12 LLC v. City of Columbus*, 758 F.App'x 508, 513-14 (6th Cir. 2019); *Imbler*, 424 U.S. at 431, 96 S.Ct. 984 (allegations of conspiracy to wrongfully convict plaintiff did not overcome prosecutorial immunity); *Forrester*, 484 U.S. at 227-28, 108 S.Ct. 538 (holding an act "does not become less judicial by virtue of allegations of malice or corruption of motive"); *Ashelman v. Pope*, 793 F.2d 1072, 10771-78 (9th Cir. 1986) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

6. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1390 (9th Cir. 1987) (applying quasi-judicial immunity where clerks accepted and filed incomplete bankruptcy petition and later refused to accept amended petition); *see also Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996) (applying immunity where clerk deceived plaintiff regarding the status of supersedeas bond and improperly conducted hearings to assess costs against plaintiff); Morrison v. Jones, 607 F.2d 1269, 1273 (9th Cir. 1979) (applying quasi-judicial immunity where clerk failed to provide notice of court order).

7. Absolute quasi-judicial immunity is "extended ... to court clerks and other nonjudicial officers for purely administrative acts-acts which taken out of context would appear ministerial, but when viewed in context are actually a part of the judicial function." *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002). Where the accused conduct is an integral part of the judicial process, clerks qualify for quasi-judicial immunity unless such conduct was undertaken "in the clear absence of all jurisdiction." *Mullis*, 828 F.2d at 1390. Quasi-judicial immunity nevertheless applies to clerk action that is "a mistake or an act in excess of jurisdiction ..., even if it results in 'grave procedural errors.'" *Id.*

8. The act of making decisions following motion practice of a litigant (including finding that a party subject to jurisdiction of the court is a vexatious litigant) before the court is

*Law Offices of*
OLSON CANNON GORMLEY & STOBERSKI
*A Professional Corporation*
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

clearly a judicial act. Allegations that there were ex parte communications or that the judicial decisions were the result of bad faith, or a conspiracy do not pierce judicial immunity. Chief Justice Cantil-Sakauye's decisions at issue had to occur while she was inside the courtroom or inside chambers in preparing and finalizing judicial orders. The actions Plaintiff alleges as constitutional transgressions against Chief Justice Cantil-Sakauye center around Plaintiff's case before her in review of the State Bar of California's disciplinary action. This is plainly a case where judicial immunity attaches.

9. The only specific allegation against Jorge Navarrete is that he "illegally conspired to not file, as required, legal pleadings, motions and papers duly submitted by DYDZAK for docket filing with the Clerk's Office of the Supreme Court of California." (Complaint, 31, p. 6.) As the Clerk/Executive Officer of the Supreme Court of California, Defendant Navarrete's duties include the creation and management of uniform record-keeping systems. California Rules of Court, rule 10.1020(c)(7). His alleged conspiracy to not file Plaintiff's papers in the California Supreme Court is indisputably "an integral part of the judicial process." *Mullis*, 828 F.2d at 1390; *see also Sedgwick v. United States*, 265 Fed. Appx. 567, 568 (9th Cir. 2008) (Supreme Court Clerk entitled to absolute quasi-judicial immunity for refusing to file plaintiff's petition for writ of certiorari). The claims against Jorge Navarrete are therefore barred by the doctrine of quasi-judicial immunity.

10. Plaintiff fails to state a valid claim for relief against the California Supreme Court Defendants because they are possess absolute immunity as to all allegations and all claims for relief alleged in the Complaint. The Court therefore also grants the motion to dismiss pursuant to Nevada Rule of Civil Procedure 12(b)(5).

IT IS HEREBY ORDERED that the motion to dismiss is granted in all respects

DATED this 2nd day of ~~May~~ June, 2022.

**Dated this 3rd day of June, 2022**

Nancy L Allf

DISTRICT COURT JUDGE

TW

**10A CB8 7A23 4559**
**Nancy Allf**
**District Court Judge**

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

Submitted by:

OLSON CANNON GORMLEY
& STOBERSKI

By: /s/ Thomas D. Dillard, Esq.
THOMAS D. DILLARD, ESQ.
Nevada Bar No. 6270
9950 W. Cheyenne Avenue
Las Vegas, Nevada 89129
Attorney for the California Supreme Court Defendants

Approved as to form and content:

By: ______________________
Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
Plaintiff Pro Se

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701



Dato SER080

Law Offices of
OLSON CANNON GORMLEY & STOBERSKI
A Professional Corporation
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012 Telecopier (702) 383-0701

**CERTIFICATE OF SERVICE**

I hereby certify that I am employed in the law offices of OLSON CANNON GORMLEY& STOBERSKI, and that on the 23rd day of May, 2022, I served a copy of the foregoing **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Administrative Order 14-2, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by the Court's facilities to those parties listed on the Court's Master Service List, (or, if necessary, by U.S. Mail, first class, postage pre-paid, or via email), upon the following:

Daniel David Dydzak
4265 Marina City Drive,
Suite 407W
Marina del Rey, CA 90292
*Plaintiff Pro Se*

Kaufman
An employee of OLSON CANNON GORMLEY & STOBERSKI